# Morris James LLP

Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

July 18, 2019

**VIA CM/ECF & HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Court for District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19
Wilmington, DE 19801-3555

> RE:   ***Cirba Inc. (d/b/a Densify), et al. v. VMware, Inc.,***
> ***C.A. No. 19-742-LPS***

Dear Judge Stark:

Densify has worked with VMware since late May in an effort to enter a stipulated protective order. The parties have resolved their differences on all terms of the protective order except for printouts of excerpts of the parties' source code. Densify has requested two printouts, but VMware will only agree to a single printout of the portions of code each party requests. (*See* paragraphs 48, 50 and 51 of Densify's proposed Protective Order, attached hereto.)

We regret the need to bring this to the Court, but until this issue is resolved, VMware has refused to provide a hard copy printout of source code excerpts Densify requested, despite the expedited discovery ordered by the Court, which closed yesterday.[1] VMware has refused to provide even a single copy of the printouts of its source code until the Court entered a stipulated protective order. Densify respectfully submits that VMware's refusal to provide even a single printed copy of the select portions of source code Densify has requested has been unreasonable and prejudicial.

Densify requests more than one printout of the requested portions of source code because it has technical attorneys working out of multiple offices on the east and west coasts (Washington, D.C., New York, and Silicon Valley). The draft protective order does not allow an electronic copy of the printed excerpts, which would mean the single copy needs to be physically transported across the country each time a different attorney needs to review it. Additionally, Densify's technical expert, Dr. Madisetti, is a professor at Georgia Institute of Technology in Atlanta, Georgia. Dr. Madisetti's review of the excerpts requires another transport of a single physical copy to a different part of the country.

Limiting source code printouts to a single copy requires unnecessary expense, travel,

---

[1]     The Default Standard for Access to Source Code does not allow source code to be printed or copied without the agreement of the producing party or order of the Court.

The Honorable Leonard P. Stark
July 18, 2019
Page 2



delay, and burden. While it may be *possible* to use only one printout across multiple offices, doing so would be expensive, burdensome, and time-consuming, particularly in the context of expedited discovery, with the preliminary injunction hearing in less than three weeks.  Densify has also agreed to numerous other restrictions on how source code is handled, including for example:

- no electronic copies,

- default printing limits of 15 contiguous pages or 100 total pages of a file,

- limited access to source code subject to a prosecution bar,

- prior written notification to VMware before inspection of source code,

- restricted notetaking relating to source code,

- visual monitoring during inspection of source code,

- maintaining a log of all persons inspecting source code, and

- maintaining printed source code in a secure and locked area.

The combination of the highly restrictive conditions Densify has already agreed to with only permitting a single printed copy is unreasonable and prejudicial to Densify's ability to conduct discovery.  This is particularly true because Densify now has been denied the ability to meaningfully use source code to prove its case at the preliminary injunction hearing by being denied even a single printout during discovery.  This prejudice is something Densify plans to raise at the hearing to the extent it is relevant to the arguments presented.[2]

Densify fully understands concerns about unauthorized access to sensitive source code, as it has already made its own source code available for inspection in this case.  Densify, a software company with sophisticated and highly proprietary products, safeguards and values its source code just as much any other litigant and has agreed to a number of protective measures for the printouts in this case.  While Densify is willing to agree to source code provisions that are reasonable and customary, one printout is not customary in the District of Delaware, nor is the withholding of printouts.  For example:

---

[2]     i.e., this prejudice need not be addressed here, but Densify wants to be clear that it intends to raise the issue at the appropriate time.

The Honorable Leonard P. Stark
July 18, 2019
Page 3



| Case Caption | Case Number | Source Code Printouts[3] |
|---|---|---|
| *Citrix Systems, Inc. v. Workspot, Inc.* | DED-1-18-cv-00588-LPS | Receiving party allowed to make additional paper copies if such additional copies are . . . necessary for the preparation of its case. |
| *Align Technology, Inc. v. 3Shape AS, et al* | DED-1-17-cv-01646-LPS | Producing party will print only one copy; receiving party permitted to make up to four (4) additional hard copies for use as working copies. |
| *3G Licensing, SA et al v. BlackBerry Limited et al* | DED-1-17-cv-00082-LPS | Receiving party may print or copy source code if limited to extent reasonably necessary; language suggests multiple copies: "any copies of printed source code." |
| *Princeton Digital Image Corporation v. Amazon.Com Inc.* | DED-1-13-cv-00237-LPS | Receiving party may make copies of source code printouts; silent on number of printouts from producing party. |

Even VMware has been party to protective orders permitting multiple copies of source code printouts in litigation in the District of Delaware:

| Case Caption | Case Number | Source Code Printouts |
|---|---|---|
| *Route1 Inc. v. AirWatch LLC.* | DED-1-17-cv-00331- KAJ | Language suggests more than one paper copy of the source code printouts; may request what is "reasonably necessary." |
| *Parallel Iron LLC v. T-Mobile USA Inc.* | DED-1-13-cv-00307-RGA | Receiving party may make two additional copies of source code printouts. |

For all of these reasons, Densify believes it is reasonable to request that the parties' stipulated protective order allow two printouts of source code. We had hoped the parties could work cooperatively to resolve this issue by agreement, particularly during expedited discovery. However, given the late date and Densify's desire to enter a protective order as soon as possible, we seek immediate resolution. To that end, we respectfully request a Court Order instructing the parties to file a stipulated protective order that allows two source code printouts.

---

[3]        Densify will submit PDF copies of each protective order, should the Court so desire.



The Honorable Leonard P. Stark
July 18, 2019
Page 4

Respectfully,

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (#3726)
kdorsney@morrisjames.com

cc: All counsel of record (via CM/ECF and electronic mail)

# ATTACHMENT   1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. D/B/A DENSIFY and CIRBA IP, INC., | Civil Action No. |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| VMWARE, INC., | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs Cirba Inc. (d/b/a Densify) and Cirba IP, Inc. (collectively "Densify") and Defendant VMware, Inc. ("VMware") expect discovery in the above-captioned action, including any appeals therefrom (this "Litigation"), to encompass certain information that may constitute proprietary, confidential, commercially sensitive, trade secrets, and/or other confidential research, development, business, or commercial information.  If such information is disclosed or disseminated in an unprotected manner, it may cause substantial harm to Plaintiffs, Defendant, and/or nonparties, including loss of competitive advantage, loss of existing business, and loss of business opportunities.  Accordingly, the Parties, by and between their representative counsel, have stipulated and agreed, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to the approval of the Court, that the following Stipulated Protective Order (the "Protective Order") shall govern the handling of Discovery Material in the Litigation.

## DEFINITIONS

1.      "**Affiliate**" means any Third Party that directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, a Party to this

1

Litigation.

2. "**CHALLENGING PARTY**" means a Party or Third Party that challenges the

designation of information or items under this Protective Order.

3. "**CONFIDENTIAL**" means information that constitutes, contains, reveals, or

reflects trade secrets or other confidential research, development, business, or commercial

information within the meaning of Fed. R. Civ. P. 26(c), including but not limited to: including

material which reflects or contains any of the following: (i) confidential, proprietary, or

commercially sensitive information; (ii) any information which is not generally known and which

the Producing Party would not normally reveal to Third Parties or would cause Third Parties to

maintain in confidence; or (iii) confidential information of a Third Party that the Producing Party

is bound by a separate confidentiality agreement or court order to maintain in confidence and that

the Producing Party is permitted to produce in this Litigation, including scientific and technical

information; financial, budgeting and/or accounting information; information about existing and

potential customers; marketing and other business strategies, decisions, or negotiations; personnel

compensation, evaluations, and other employment information; and includes such confidential and

proprietary information about a Third Party, including parents, subsidiaries, and/or other Affiliates.

Provisions of this Protective Order relating to CONFIDENTIAL information shall be understood

to encompass any information derived from, as well as testimony and oral conversation related to,

CONFIDENTIAL information, and all copies, excerpts, and summaries thereof.

4. "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" means highly

sensitive CONFIDENTIAL information or items, disclosure of which to another Party or Third

Party would create a substantial risk of serious harm that could not be avoided by less restrictive

means.  Such information or items may include, for example:

(a)      information concerning proposed or actual research and development, whether or not such research and development has resulted in a commercial product that has been disclosed to the public;

(b)      business, marketing, or strategic proposals or plans; customer, vendor, and employee lists, whether targeted or actual; and

(c)      financial information, such as that related to expenses, costs, pricing, sales, or profits;

(d)      highly sensitive design, development, technical, or manufacturing information;

(e)      licensing agreements and communications; and

(f)      alleged trade secrets, i.e., information, including a formula, pattern, compilation, program, device, method, technique, or process, that

      i.      derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and

      ii.      is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

5.      "**HIGHLY CONFIDENTIAL – SOURCE CODE**" means highly sensitive Highly Confidential Attorney's Only native source code (including computer code, comments on code and revision histories, "include" files, make files, link files, and other human-readable files used in the generation, building, or compiling of software or firmware), algorithms, pseudocode, or descriptions of such code, files, algorithms, or pseudocode that are substantially equivalent to the actual code, disclosure of which to another Party or Third Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

6.      "**CONFIDENTIAL Discovery Material**" means Discovery Material that a Producing Party designates as CONFIDENTIAL pursuant to the terms of this Protective Order. "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY Discovery Material**" means Discovery Material that a Producing Party designates as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the terms of this Protective Order. "**HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material**" means Discovery Material that a Producing Party designates as "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.      "**DESIGNATING PARTY**" means a Party or Third Party designating Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

8.      "**Discovery Material**" means all documents, testimony, pleadings, exhibits, and all other material or information produced or disclosed in this Litigation, including disclosures, contentions, responses to requests for production of documents and/or things, answers to interrogatories, responses to requests for admissions, documents and things made available for inspection, deposition testimony, expert testimony and reports, and all other disclosures made and discovery taken pursuant to the Federal Rules of Civil Procedure and any order of this Court, including Third Party discovery pursuant to Rule 45, matters in evidence, and any other information hereafter furnished, directly or indirectly, by or on behalf of any Party, Third Party, or witness in connection with this Litigation.  This Protective Order and its protections shall apply to all Discovery Material.

9.      "**Expert**" means a person with specialized knowledge or experience in a matter pertinent to this Litigation, including any associates or analysts working under the supervision of the Expert, with disclosure only to the extent necessary to perform such work, who has been

retained by a Party or its Outside Counsel to serve as an expert witness or as a consultant in this Litigation who, at the time of retention, is not an officer, director, or employee of a Party or an Affiliate and is not anticipated to become an officer, director, or employee of a Party or an Affiliate. Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

10.     "**Designated In-house Counsel**" means an attorney who is an employee of a Party or an Affiliate to whom disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material is reasonably necessary for the purposes of this litigation.

11.     "**Outside Counsel**" means any attorney from a law firm that has made a formal appearance as counsel of record for a Party in this Litigation and who is not an employee of a Party or an Affiliate.

12.     "**Party**" means any party to this Litigation, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

13.     "**Densify**" means Cirba Inc. (d/b/a Densify) and Cirba IP, Inc.

14.     "**VMware**" means VMware, Inc.

15.     "**Producing Party**" means any Party or any Third Party who produces or otherwise discloses, whether through formal or informal means, Discovery Material in this Litigation.

16.     "**Professional Vendor**" means a person or entity that provides litigation support services (e.g., photocopying, audio or video recording, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium; jury consulting including mock jurors, mock trial coordination) and their employees and subcontractors.

17.     "**Protective Order**" means this Stipulated Protective Order.

5

18.     "**Protected Material**" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

19.     "**Receiving Party**" means any Party that receives Discovery Material produced or otherwise disclosed by any Producing Party.

20.     "**Third Party**" means a person or entity that is not a Party.

## SCOPE

21.     The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; or (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall require a separate agreement or order.

## DURATION

22.     Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise

6

in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Litigation, with or without prejudice, and (2) final judgment after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## DESIGNATION

23.    Any Producing Party may designate Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE in accordance with this Protective Order if such party in good faith believes that such Discovery Material contains CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE information.

24.    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), designation in conformity with this Protective Order requires that the Producing Party affix the legend CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE to each page that contains protected material, or include the designation CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE in the metadata produced with any native-format electronic documents, or, if not practicable, as otherwise agreed by the Parties.

25.    A Party or Third Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY, except any source code made available for inspection shall be deemed HIGHLY CONFIDENTIAL – SOURCE CODE during the inspection and before the designation.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend (CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material, or, if not practicable, as otherwise agreed by the Parties.  There will be no waiver of confidentiality, or any privilege or immunity, by the inspection of Discovery Material before it is copied and marked pursuant to this Protective Order.  Inspection of Discovery Material by any Party shall be conducted by persons eligible under Paragraphs 37, 38, and 44 below.

26.     Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of information that is subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.  Each such redaction, regardless of size, shall be clearly labeled "Redacted – Privileged."  This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.  The parties will separately agree to provisions for clawing back privileged documents and for preparing privilege logs.

27.     Information revealed during a deposition upon oral or written examination under Fed. R. Civ. P. 30 shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY for thirty (30) days (as calculated by Fed. R. Civ. P. 6) following receipt of the final transcript by Outside Counsel for the Producing Party, but not thereafter unless, before the thirty (30) day period

has expired, Outside Counsel for the Producing Party notifies Outside Counsel for the Receiving Party in writing that the Discovery Material set forth in the transcript is CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE.  Counsel for any Party or Third Party also may designate the transcript or portions thereof to be CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material during the deposition.  The appropriate legend described in Paragraph 24 shall be placed on the front of any deposition transcript (and, if recorded, any copies of the recording) containing CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material.

28.     Any pleading, brief, declaration, affidavit, expert report, or other filing that contains, describes, or discusses CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material shall be filed under seal pursuant to the requirements of D. Del. LR 5.1.3 and the Court's CM/ECF procedures.  The filing Party must include on the cover page of the brief or other filing a descriptive legend in substantially the following format or another suitable legend: "CONFIDENTIAL – FILED UNDER SEAL," "HIGHLY CONFIDENTIAL (ATTORNEYS' EYES ONLY) – FILED UNDER SEAL," "HIGHLY CONFIDENTIAL (SOURCE CODE) – FILED UNDER SEAL."  Outside Counsel for the Party filing papers containing, describing, or discussing CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material shall be responsible for providing appropriately redacted copies of the filed document to the Court in accordance with Paragraph (G)(1) of the United States District

Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means, Revised May, 2019.  If the filing contains the CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material of a party who did not file the document, within three (3) days from the date of a filing made under seal, Outside Counsel for the filing Party or filing Third Party shall deliver to Outside Counsel for the non-filing Party or Parties a proposed public version of the under seal filing, which shall include the filing Party's proposed redactions of any CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material.  Within three (3) days after receipt of the proposed public version, Outside Counsel for the non-filing Party shall provide any additional redactions it believes appropriate.  Redacted versions of papers filed under seal may be made publicly available provided that (a) all CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material is redacted; and (b) such redacted versions are clearly marked "Public Version," and clearly identify each place where information or exhibits have been redacted or deleted.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

29.     Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

30.     The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To

avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring in-person or telephonically within seven (7) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

31.     If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion, or otherwise invoke the Court's discovery dispute resolution process, challenging a confidentiality designation within fourteen (14) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.

32.     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### ACCESS TO AND USE OF PROTECTED MATERIAL

33.     CONFIDENTIAL   Discovery   Material,   HIGHLY   CONFIDENTIAL   –

ATTORNEYS' EYES ONLY Discovery Material, and HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material produced by a Party or Third Party may be used by the Receiving Party only for purposes of this Litigation.  Nothing in this Protective Order precludes a Producing Party from using or disseminating its own Discovery Material, including CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material, for purposes other than this Litigation.

34.     At the deposition of any fact witness, unless agreed to by the Producing Party, such witness may be shown CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material only if the witness is a current employee of the Producing Party or the CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material reveals on its face that the witness authored the Discovery Material or received the Discovery Material in the ordinary course of business and outside the context of this Litigation.

35.     At the deposition of any corporate representative designated pursuant to Fed. R. Civ. P. 30(b)(6) to testify on behalf of a Party on a particular topic or subject area, unless agreed to by the Producing Party, such witness may be shown CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material only if the Producing Party is the Party being deposed pursuant to Fed. R. Civ. P. 30(b)(6) or the CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material reveals on its face that an employee or

agent of the Party being deposed pursuant to Fed. R. Civ. P. 30(b)(6) authored the Discovery Material or received the Discovery Material in the ordinary course of business and outside the context of this Litigation.

36.     Third parties may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY deposition transcripts of their witnesses and any Discovery Material they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as Parties and any such CONFIDENTIAL Discovery Material shall be treated by the Parties in the same manner as the CONFIDENTIAL Discovery Material produced by a Party. Third Parties shall have the same rights and obligations under this Protective Order as parties and may move the Court to enforce the provisions of this Protective Order.

## <u>DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL</u>

37.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, CONFIDENTIAL Discovery Material may be disclosed by the Receiving Party only to the following persons:

(a)     The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation, including in-house counsel, paralegals, eDiscovery teams, and secretarial staff;

(b)     Any Outside Counsel;

(c)     Any insurers of the Receiving Party to whom disclosure is reasonably necessary for the purposes of this Litigation who have been identified to the Producing Party and who agree to be bound by this Protective Order;

(d)     Support personnel for Outside Counsel, such as law clerks, paralegals, secretaries, and clerical staff, assisting with this Litigation under the supervision of Outside Counsel;

(e)      Analysts, scientific advisors, and patent agents regularly employed by Outside Counsel so long as they are subject to the same restrictions as Outside Counsel;

(f)      Contract attorneys retained by a Party's Outside Counsel for the sole purpose of assisting with document review in this Litigation and who shall be subject to the same restrictions as Outside Counsel;

(g)      Any Expert who is expressly retained by any Outside Counsel to assist in this Litigation, with disclosure only to the extent necessary to perform such work, who have signed the "Acknowledgement and Declaration to be Bound" attached as Exhibit A and as to whom the procedures set forth in Paragraph 40 have been followed;

(h)      Support personnel for Experts, such as secretaries and clerical staff, assisting with this Litigation under the supervision of an Expert;

(i)      Any interpreter, court reporter, or other shorthand reporter or typist who is translating, recording, or transcribing documents or testimony in connection with this Litigation;

(j)      Professional Vendors;

(k)      Personnel of the Court and all appropriate courts of appellate jurisdiction; and

(l)      Any other person with the prior written consent of the Producing Party or by order of this Court.

38.      Unless otherwise directed by the Court or authorized in writing by the Producing Party, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material may be disclosed by the Receiving Party only to the following persons, who shall be subject to the limitations set forth in the Section of this Order entitled "Prosecution Bar":

(a)      Any Outside Counsel;

(b)      Up to two (2) individuals who have been identified to the Producing Party as a

14

Party's Designated In-House Counsel prior to receiving HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material and who agree to be bound by this Protective Order;

(c)     Any insurers of the Receiving Party to whom disclosure is reasonably necessary for the purposes of this Litigation, who have been identified to the Producing Party and who agree to be bound by this Protective Order, and as to whom the procedures in paragraph 41 have been followed prior to receiving HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material;

(d)     Support personnel for Outside Counsel, such as law clerks, paralegals, secretaries, and clerical staff, assisting with this Litigation under the supervision of Outside Counsel;

(e)     Analysts, scientific advisors, and patent agents regularly employed by Outside Counsel so long as they are subject to the same restrictions as Outside Counsel;

(f)     Contract attorneys retained by a Party's Outside Counsel for the sole purpose of assisting with document review in this Litigation and who shall be subject to the same restrictions as Outside Counsel;

(g)     Any Expert who is expressly retained by any Outside Counsel to assist in this Litigation, including any associates or analysts working under the supervision of the Expert, with disclosure only to the extent necessary to perform such work, who have signed the "Acknowledgement and Declaration to be Bound" attached as Exhibit A and as to whom the procedures set forth in Paragraph 40 have been followed;

(h)     Support personnel for Experts, such as secretaries and clerical staff, assisting with this Litigation under the supervision of an Expert;

(i)     Any interpreter, court reporter, or other shorthand reporter or typist who is

15

translating, recording, or transcribing documents or testimony in connection with this Litigation;

(j)      Professional Vendors;

(k)      Personnel of the Court and all appropriate courts of appellate jurisdiction; and

(l)      Any other person requested with the prior written consent of the Producing Party or by order of this Court who has signed the "Acknowledgement and Declaration to be Bound" attached as Exhibit A.

39.      CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material shall not be disclosed to persons described in Paragraph 37(c), (g), (h), or (l) or Paragraph 38(c), (g), (h), or (l) unless and until such person has executed an acknowledgement in the form attached as Exhibit A.  Either Outside Counsel or Designated In-House Counsel must maintain a copy of the executed Exhibit A for each such person during the Litigation and for one year thereafter.

40.      Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, before a Party can disclose to an Expert described above in Paragraphs 37(g) and 38(g) any information or item of the Producing Party that has been designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE, Outside Counsel for the Receiving Party: (a) shall serve a notice on the Producing Party identifying such individual by name and including an up-to-date curriculum vitae ("CV") or equivalent resume disclosing the individual's employment history, past or present relationship with any of the Parties and Affiliates, an identification of the individual's employment and consulting relationships for the past five (5) years (to the extent such information is not disclosed on the individual's curriculum vitae), all cases in which the individual has testified in a deposition or a trial in the past five (5) years, an indication of whether Outside Counsel for the Receiving

16

Party intends to show the individual HIGHLY CONFIDENTIAL – SOURCE CODE or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, and an executed acknowledgment from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto; and (b) shall abide by the provisions of Paragraph 41. The Party must also serve the individual's executed "Acknowledgement and Declaration to be Bound" attached as Exhibit A.

41.     If a Producing Party objects to the proposed disclosure to such individual within five (5) days of disclosure, the Parties shall meet and confer in-person or telephonically in good faith within three (3) days from receipt of the timely written objection to resolve the concerns giving rise to the objection. Any such objection must set forth in detail the grounds on which it is based. If the Parties are unable to reach agreement regarding such disclosure, the objecting Party will have five (5) days from the date of the meet and confer to seek relief from the Court. The burden shall be on the objecting Party to demonstrate to the Court why such individual should not be permitted to receive CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material under the Protective Order. CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material shall not be disclosed to such individual pending the Court's resolution of the dispute. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. The foregoing time periods may be extended or shortened by agreement of the Parties or ordered by the Court.

42.     The recipient of any CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material that is provided under this Protective

Order (including any copies or excerpts made thereof) shall maintain such Discovery Material in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such Discovery Material. The recipient of CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material produced in electronic form shall maintain such Discovery Material on a secure, password-protected computer, drive, or server with access restricted to persons authorized under Paragraphs 37, 38, and 44, respectively.

## **SOURCE CODE**

43.     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as HIGHLY CONFIDENTIAL – SOURCE CODE if it comprises or includes confidential, proprietary, or trade secret source code.

44.     Discovery Material designated as HIGHLY CONFIDENTIAL – SOURCE CODE shall be subject to all of the protections afforded to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material, and may be disclosed only to the following persons, who shall be subject to the limitations set forth in the Section of this Order entitled "Prosecution Bar":

(a)     the Receiving Party's Outside Counsel in this Litigation, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Litigation;

(b)     Support personnel for Outside Counsel, such as law clerks, paralegals, secretaries, and clerical staff, assisting with this Litigation under the supervision of Outside Counsel, with disclosure only to the extent necessary to perform such work;

(c)     Experts who are expressly retained by the Receiving Party's Outside Counsel to

assist in this Litigation, including any associates or analysts working under the supervision of the Expert, with disclosure only to the extent necessary to perform such work, who have signed the "Acknowledgement and Declaration to be Bound" attached as Exhibit A and as to whom the procedures set forth in Paragraphs 40 and 41 have been followed;

(d)      Support personnel for Experts, such as secretaries and clerical staff, assisting with this Litigation under the supervision of an Expert, with disclosure only to the extent necessary to perform such work;

(e)      Any interpreter, court reporter, or other shorthand reporter or typist who is translating, recording, or transcribing documents or testimony in connection with this Litigation;

(f)      Personnel of the Court and all appropriate courts of appellate jurisdiction; and

(g)      Any other person requested with the prior written consent of the Producing Party or by order of this Court who has signed the "Acknowledgement and Declaration to be Bound" attached as Exhibit A.

45.      The Receiving Party shall identify in writing to the Producing Party any individual who will be conducting the inspection or will be present during the inspection of the source code at least 48 hours prior to the first time any such individual is inspecting the source code and at least 24 hours prior to any subsequent times.

46.      An electronic copy of source code or executable code (collectively, "Source Code") shall be made available for inspection on two stand-alone computers.  Any Source Code produced in discovery shall be made available for inspection, in its native form and native directory structure as organized and kept in the ordinary course of business allowing it to be reasonably reviewed and searched, during normal business hours (9:00 a.m. to 5:00 p.m. local time, Monday-Friday, excluding holidays) or at other mutually agreeable times, at a mutually agreed upon location.  The

Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code in any way, including copying by handwriting or onto any recordable media or recordable device. Except as otherwise provided herein, no electronic devices, including cellular phones, PDAs, cameras, and voice recorders, will be permitted in the secure location.  The Receiving Party's Source Code reviewers will be entitled to take notes relating to the Source Code, such as directories/filenames into the notes, but not verbatim copies of the source code itself.  Such notes will be treated the same as original printouts.

47.     The stand-alone, secured computers shall run a reasonably current version of the Microsoft Windows operating system in a secured, climate-controlled (reasonable temperature and humidity level) room without Internet access or network access to other computers (the "Source Code Computer").  The Source Code Computer shall have at least one screen with resolution of no less than 1920 x 1200, a mouse and keyboard.  If requested by the Receiving Party, the Producing Party shall load any reasonable software analysis tools provided by the Receiving Party (provided that installation or use of such software does not violate other provisions of this Protective Order), including: Grep, Understand, Visual Slick Edit, Source-Navigator, PowerGrep, ExamDiff Pro, Beyond Compare, Araxis Merge, Adobe Reader, Microsoft Office Viewer(s), Notepad++, and/or Cygwin, provided that the Receiving Party provide the Producing Party with at least four (4) days' notice prior to the intended use of public software tools, or four (4) days after provision of license(s) to any non-public software to the Producing Party.  The Receiving Party and its experts may need to utilize certain automated forensic tools as part of the Source Code review procedure.  Such tools may be used to compare Source Code. The Parties will work together to agree on acceptable forensic tools and procedures.  The Receiving Party is responsible for complying with any licensing terms for such software analysis and forensic tools, including

paying for any Third-Party costs or fees associated with providing those tools.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

48.     The Receiving Party may request paper copies of portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically in the first instance. In the event that the Receiving Party believes there is a need to print more than fifteen (15) contiguous pages of a file, or more than a total of 100 printed pages of a file, the burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.   A "page" for the purposes of this limitation will be defined as an 8.5 x 11" sheet of paper with 12-point font. The Producing Party shall provide all such source code in paper form on watermarked paper including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  Counsel for the Producing Party shall provide one copytwo copies of such original printouts to counsel for the Receiving Party within two (2) business days of being notified that such original printouts have been made absent an objection by the Producing Party that the production exceeds the page limits set forth in this Protective Order.  The Producing Party may challenge the amount of Source Code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section "CHALLENGING CONFIDENTIALITY DESIGNATIONS" whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

49.     The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form.  Outside Counsel for the Receiving Party shall maintain any printed portions of the Source Code in a secured, locked area.  The Receiving Party shall not create any copy without the Producing Party's consent, including handwritten, electronic, or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.

50.     Notwithstanding the foregoing, an Expert reviewing the Source Code may make hand-written notes identifying the portions of the Source Code for which the Receiving Party may request a paper copyies.  To the greatest extent practicable, such notes will consist only of references to file names, line numbers, function names, or other information that does not consist of the actual contents of the source code.

51.     For depositions involving source code, the Receiving Party may bring the copiesy of printed source code.  In the event a Source Code Computer is needed for the deposition, at least five (5) days before the date of the deposition, the Receiving Party shall notify the Producing Party about its wishes to use a Source Code Computer at the deposition.  The Receiving Party shall make available the Source Code Computer after such a request.  Source code may not be shown to anyone at a deposition who is not authorized to access the code under this Protective Order, and it shall not be attached or made an exhibit to the deposition transcript.  To the greatest extent practicable, references to source code during a deposition or in submissions to the Court shall be to file names, line numbers, function names, or other information that does not reveal the actual contents of the source code.

52.     Nothing in this Protective Order shall be construed as a representation or admission that source code is properly discoverable in this action, or to obligate any Party to produce any

22

source code. The Source Code provisions included herein are the minimum restrictions on source code production and are without waiver to the inclusion of additional limitations once the scope of source code discovery is clarified.

## PRODUCING A THIRD PARTY'S PROTECTED MATERIALS IN THIS LITIGATION

53.     In the event that a Party is required, by a valid discovery request, to produce a Third Party's confidential information in its possession, and the Party is subject to an agreement restricting the ability to produce the Third Party's confidential information, then the Party shall:

   (a) promptly notify in writing the requesting Party and the Third Party that some or all of the information requested is subject to a confidentiality agreement with a Third Party;

   (b) promptly provide the Third Party with a copy of the Protective Order and the relevant discovery request(s); and

   (c) promptly make the information requested available for inspection by the Third Party.

54.     If the Third Party fails to seek a protective order or other relief from this Court within 14 days of receiving the notice and accompanying information, the Third Party's confidential information responsive to the discovery request shall be produced, with an appropriate confidentiality designation. If the Third Party timely seeks a protective order, the Third Party's confidential information responsive to the discovery request shall not be produced before a determination by the Court.  Absent a Court order to the contrary, the Third Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## PROSECUTION BAR

55.     Absent written consent from the Producing Party, any Outside Counsel, or any other person who reviews HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or

HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material of another Party, shall not be involved directly or indirectly (including communicating or advising) in the prosecution of patents or patent applications relating to technologies disclosed in U.S. Patent Nos. 8,209,687 and 8,793,679, i.e., optimizing  virtual machines across multiple physical machines in data centers before any foreign or domestic agency, including the United States Patent and Trademark Office on behalf of a patentee.  The purpose of this prosecution bar is to prohibit and prevent any person affiliated with a Receiving Party from using HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material of a Producing Party to influence the drafting or amendment of the claims of any existing or future patent so that the patents read on the Producing Party's past, present, or future products.

56.     To avoid any doubt, "prosecution" as used in this section does not include representing a Party challenging a patent before a domestic or foreign agency (including, but not limited to, any post-grant proceedings).  Nor does "prosecution" as used in this section include representing a patent-holder in a reissue protest, supplemental examination proceeding, post-grant review, *ex parte* reexamination, or *inter partes* review, so long as the proceeding is not initiated by the patent-holder itself for any of its own patents, and so long as the individuals involved in the representation have no involvement in and do not advise regarding drafting, editing, or approving claim language.  This Prosecution Bar shall begin when access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material is first received by the affected individual and shall end one (1) year after access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material has ended for the affected individual.

## EXPORT CONTROL

57.     Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

58.     The Parties are not currently aware of any legal restrictions or other limitations implicated by the provision of this Protective Order making source code and certain potential deponents available in Canada (as opposed to the United States).  If the parties learn of any such legal restrictions or other limitations that would impede VMware's ability to use such evidence in this Litigation as if it had been provided, taken, or otherwise obtained in the United States, Densify agrees to waive any such restrictions or limitations that are waivable and, as part of this Protective Order, the Court accepts such waiver.  To the extent the parties learn of any non-waivable restrictions or limitations that would impede VMware's ability to use such evidence in this Litigation as if it had been provided, taken, or otherwise obtained in the United States, Densify agrees to make such evidence available in the United States.  The parties also agree that nothing in this Protective Order constitutes a concession by Densify or VMware that its source code is relevant or discoverable in this Litigation.

## EXPERT DISCOVERY

59.     In accordance with Federal Rule of Civil Procedure 26(b), communications and exchanges between counsel and Experts (including testifying Experts), including those made in preparing drafts of expert reports and declarations, are not discoverable unless the Expert relies on any such communication to support his or her opinion.  In addition, draft expert reports and

declarations are not discoverable.  Communications and exchanges between counsel and non-testifying Expert witnesses are not discoverable.  Notes made by Experts for purposes of this Litigation are not discoverable.  Neither Party shall seek non-discoverable Expert communications, exchanges, notes, or draft reports or declarations.

## NO WAIVER OF PRIVILEGE BY VIRTUE OF INADVERTENT DISCLOSURE

60.     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection will not waive the applicable privilege and/or protection, including in this Litigation or in any other federal or state proceeding. This provision constitutes an Order under Federal Rule of Evidence 502(d). Upon discovery of the inadvertent production of Discovery Material over which a privilege or protection is claimed, a Producing Party may promptly request the return of such inadvertently produced Discovery Material.  Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, the Receiving Party shall immediately destroy or return such Discovery Material and all copies to the Producing Party and certify compliance.

## FAILURE TO DESIGNATE

61.     The failure by a Producing Party to designate Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE shall not be a waiver of such designation provided that the Producing Party that fails to make such designation informs the Receiving Party that such Discovery Material is CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE promptly after the failure to designate first became known to the Producing Party.  The failure by a Producing Party to designate

Discovery Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE shall not preclude a Party from seeking relief from the Court at a later date requesting imposition of such designation or challenging the propriety thereof.  The Producing Party shall reproduce the Discovery Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Party. Upon receiving the Discovery Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy all Discovery Material that was not designated properly and certify compliance.

62.     In the event of disclosure of CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material to any person not authorized to such access under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately inform Outside Counsel for the Party whose CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.  The Party responsible for improperly disclosing such CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## RETURN/DESTRUCTION OF MATERIALS

63.     Not later than seventy-five (75) days (as calculated by Fed. R. Civ. P. 6) after the

27

final deposition of this Litigation as defined in the Section of this Order entitled "DURATION", all CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material, including all copies thereof, shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party, except that each Outside Counsel may retain their emails and any attachments relating to this case, and one (1) archival copy of all papers filed with the Court, expert reports, discovery responses, transcripts of testimony and exhibits, correspondence, mediation briefs, and their own work product containing such Discovery Material, and provided that such Outside Counsel and their respective employees shall not disclose any Party's CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,  or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Protective Order and shall maintain the safeguards set forth in Paragraph 33.  Not later than ninety (90) days (as calculated by Fed. R. Civ. P. 6) after the termination of this Litigation, the Party receiving any CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material shall certify in writing that all such material has been returned or destroyed.

## **MISCELLANEOUS PROVISIONS**

64.     This Protective Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Protective Order is not believed by any Party to be adequate.  Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

65.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery, and except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

66.     If at any time CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,  or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material of a Producing Party is subpoenaed from a Receiving Party or is the subject of a discovery request directed to a Receiving Party in any proceeding before any court or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written and email notice pursuant to the provisions of Paragraph 69 and shall provide the Producing Party with an opportunity to object to the production of such materials. If the Producing Party does not seek a protective order within fifteen (15) days (as calculated by Fed. R. Civ. P. 6) of the date written notice is given, the Receiving Party to whom the subpoena or other request is directed may produce, on or after the date set for production in the subpoena or other request, but not prior to the end of the fifteen (15) day notice period, such material in response thereto, under a protective order with confidentiality provisions equal to or more restrictive than those of this Protective Order.

67.     Other Proceedings.  By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have the opportunity to appear and be heard

on whether that information should be disclosed.

68.     Outside Counsel shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Protective Order to receive CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material.

69.     All notices during this Litigation required by this Protective Order are to be made by email to a Party's Outside Counsel (including, if available, to Outside Counsel's service distribution email address designated for this Litigation), and all notices subsequent to the termination of Litigation are to be made by email and U.S. mail to a Party's Outside Counsel and the office of the Party's general counsel, if known.  The date by which a Party receiving notice shall respond or otherwise take action shall be computed from the date of service as calculated by Fed. R. Civ. P. 5.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by Outside Counsel for the Producing Party.

70.     Nothing in this Protective Order shall bar or otherwise restrict any Outside Counsel from rendering advice to his or her client with respect to this Litigation and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL,HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material produced or exchanged in this Litigation: provided, however, that in rendering such advice and in otherwise communicating with a person not permitted access to CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY

CONFIDENTIAL – SOURCE CODE Discovery Material under this Protective Order, the Outside Counsel shall not disclose the contents of CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material produced by any other Party or Third Party.

71.     Execution of this Protective Order shall not constitute a waiver of the right of any Party to claim in this Litigation or otherwise that any document, communication, or any portion thereof (a) is privileged or otherwise non-discoverable or (b) is not admissible in evidence in this Litigation or any other proceeding.

72.     Each person who receives CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

73.     This Protective Order may be amended by the agreement of Outside Counsel for the Parties in the form of a written Stipulated Amended Protective Order signed by each Party's Outside Counsel and filed with the Court for approval.  The Court retains the right to allow disclosure of any subject or CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material covered by this Protective Order or to modify or vacate this Protective Order at any time in the interest of justice.

74.     Neither the termination of this Litigation nor the termination of employment of any person with access to any CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material shall relieve any individual from the obligation of maintaining the confidentiality of such information in

accordance with this Protective Order. The Court shall retain jurisdiction to enforce the terms of the Protective Order after final termination of this Litigation.

Dated: July__, 2019

Respectfully submitted,

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (#3726)
kdorsney@morrisjames.com
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Tel: (302) 888-6800
Fax: (302) 571-1750

Sarah O. Jorgensen
sjorgensen@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Tel: (650) 623-1403
Fax: (650) 623-1449

Christine E. Lehman
clehman@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
1615 M Street, NW, Suite 300
Washington, DC 20036
Tel: (202) 894-7311
Fax: (650) 623-1449

Jaime Cardenas-Navia
jcardenas-navia@reichmanjorgensen.com
Wesley L. White
wwhite@reichmanjorgensen.com
REICHMAN JORGENSEN LLP
100 Park Avenue, Suite 1600
New York, NY 10017
Tel: (646) 921-1474
Fax: (650) 623-1449

Courtland L. Reichman
creichman@reichmanjorgensen.com
Shawna Ballard
sballard@reichmanjorgensen.com
Jennifer P. Estremera
jestremera@reichmanjorgensen.com
Phillip Lee
plee@reichmanjorgensen.com
Joachim B. Steinberg
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan
mflanigan@reichmanjorgensen.com
Kate Falkenstien
kfalkenstien@reichmangjorgensen.com
REICHMAN JORGENSEN LLP
303 Twin Dolphin Drive, Suite 600
Redwood Shores, CA 94065
Tel: (650) 623-1401
Fax: (650) 623-1449

*Attorneys for Plaintiffs Cirba Inc.*
*(d/b/a Densify) and Cirba IP, Inc.*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CIRBA INC. D/B/A DENSIFY and CIRBA IP, INC.,<br><br>       Plaintiffs,<br><br>  v.<br><br>VMWARE, INC.,<br><br>       Defendant. | Civil Action No. 1:19-cv-00742-LPS<br><br><br>JURY TRIAL DEMANDED |

**ACKNOWLEDGEMENT AND DECLARATION TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Delaware on _____ [date] in the above-captioned Litigation.

I have received and carefully read the Protective Order in this Litigation and understand its provisions. Specifically, I understand that I am obligated, under order of the Court, to hold in confidence and not to disclose the contents of anything marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," except as permitted by the Protective Order.  According to the restrictions of Section ("ACCESS TO AND USE OF PROTECTED MATERIAL") of the Protective Order, I will use Discovery Material, including CONFIDENTIAL Discovery Material, HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Discovery Material, or HIGHLY CONFIDENTIAL – SOURCE CODE Discovery Material, or information derived therefrom,

34

solely for purposes relating to the above-captioned Litigation. I will never use such Discovery Material or information derived therefrom, directly or indirectly, in competition with the Producing Party nor will I permit others to do so.  I will not knowingly provide strategic or operation consulting for companies that directly compete with a Party in the relevant area relating to technologies disclosed in U.S. Patent Nos. 8,209,687 and 8,793,679, i.e., optimizing virtual machines across multiple physical machines in data centers, such as Apptio / Fitted Cloud / Cloudability,  Cloudamize, CloudCheckr, Densify / Cirba, DivvyCloud, Flexera / Rightscale, HPE Consumption Explorer / Cloud Cruiser, Metricly, Microsoft Azure Cost Management / Cloudyn, Nutanix Beam, Opsani, ParkMyCloud, Spotinst, Turbonomic, and VMware / CloudHealth, for one (1) year after my access to Discovery Material ends.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Litigation. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Respectfully submitted,

Date:

Signature