# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CIRBA INC. D/B/A DENSIFY
and CIRBA IP, INC.,

                Plaintiffs,

    v.

VMWARE, INC.,

                Defendant.

C. A. 19-742-LPS

**JURY TRIAL DEMANDED**

## [PROPOSED] SCHEDULING ORDER

This 6th day of ~~August,~~ September 2019, the Court having conducted a Case Management

Conference/ Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) and

Judge Stark's Revised Procedures for Managing Patent Cases (which is posted at

http://www.ded.uscourts.gov; see Chambers, Judge Leonard P. Stark, Patent Cases) on August

__, 2019, and the parties having determined after discussion that the matter cannot be resolved at

this juncture by settlement, voluntary mediation, or binding arbitration;

    IT IS HEREBY ORDERED that:

    1.    Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard. Unless

otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to

Federal Rule of Civil Procedure 26(a)(1) on or before **August 16, 2019**. If they have not already

done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery

of Electronically Stored Information ("ESI") (which is posted at http://www.ded.uscourts.gov; see

Other Resources, Default Standards for Discovery, and is incorporated herein by reference).

    2.    Start of Discovery. A party may seek discovery from any source in accordance with

1

the Federal Rules of Civil Procedure and this Court's Local Rules.

      3.    [**VMware proposes**: <u>Deadline to Answer & Counterclaim</u>. By **August 20, 2019**, Defendant shall answer Plaintiff's complaint and assert any counterclaims. By **September 19, 16 2019**, Plaintiff shall answer any counterclaims asserted by Defendant, pursuant to Federal Rule of Civil Procedure 12(a)(1)(B).]

      4.    <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before [~~Densify proposes: August 30, 2019~~] [~~VMware proposes: September 13, 2019~~]. *September 20, 2019.*

      5.    <u>Papers Filed Under Seal</u>. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

      Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

      6.    <u>Courtesy Copies</u>. Other than with respect to "discovery matters," which are governed by paragraph 9(g), and the final pretrial order, which is governed by paragraph 22, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of

any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7.   ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

8.   Disclosures. Absent agreement among the parties, and approval of the Court:

a.   By [Densify proposes: August 19, 2019] [VMware proposes: August 20, 2019], Plaintiff[1] shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

b.   [Densify proposes: By August 16, 2019, Defendant shall produce all source code related to the accused products.]

c.   By August 26, 2019, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

d.   By September 6, 2019, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

_____

[1] [VMware proposes: References to "Plaintiff" and "Defendant" in this Section refer to "Counterclaim Plaintiff" and "Counterclaim Defendant," respectively.]

[Handwritten margin note: LPS To the extent they have not all yet been completed, the parties shall work together to complete all of steps (a) – (d) by September 16, 2019.]

e.      By **September 19, 2019**, Defendant shall produce its initial invalidity

contentions for each asserted claim, as well as the known related invalidating

references.

f.      By **October 28, 2019**, Plaintiff shall provide final infringement

contentions.

g.      By **November 4, 2019**, Defendant shall provide final invalidity

contentions.

9.      <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery

set forth in Local Rule 26.1 shall be strictly observed.

a.      <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that

it will be completed on or before **November 6, 2019**.

b.      <u>Document Production</u>.

i.      Document production shall be substantially complete by **October 4,**

**2019**.

ii.     <u>Time to Respond</u>. Notwithstanding Federal Rule of Civil Procedure

34, the parties must serve their answers and objections to any requests for

production no later than **fourteen (14) days** after being served with the

requests.

c.      <u>Requests for Admission</u>.

i.      A maximum of **twenty (20)** requests for admission are permitted for

each side (not including requests for authentication of documents).

ii.     <u>Time to Respond</u>. Notwithstanding Federal Rule of Civil Procedure

36, the parties must serve their answers and objections to any requests for

4

admission no later than **fourteen (14) days** after being served with the requests.

    d.    <u>Interrogatories</u>.

        i.    A maximum of **twenty-five (25)** interrogatories, including contention interrogatories, are permitted for each side (excluding interrogatories proffered during expedited discovery pursuant to Plaintiff's Motion for Preliminary Injunction).

        ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

        iii.    <u>Time to Respond</u>. Notwithstanding Federal Rule of Civil Procedure 33, the parties must serve their answers and objections to any interrogatories no later than **fourteen (14) days** after being served with the interrogatories.

    e.    <u>Depositions</u>.

        i.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of **seventy (70) hours [~~VMware proposes~~ and 10 depositions, excluding depositions during expedited discovery]** of taking testimony by deposition upon oral examination.

        ii.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court

must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

f.      Disclosure.

i.      Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **November 8, 2019**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **November 27, 2019**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii.      Expert Report Supplementation. The parties agree they will not permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

iii.      Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for motions *in limine* set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection

with briefing of case dispositive motions.

    iv.    <u>Expert Discovery Deadline</u>. All expert discovery in this case shall be completed by **December 13, 2019**.

g.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

    i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

    ii.    Should counsel find, after good faith efforts – including verbal communication among Delaware and Lead Counsel for all parties to the dispute – that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Stark:

The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____

Delaware Counsel:_____

Lead Counsel:_____

The disputes requiring judicial attention are listed below:

7

[provide here a non-argumentative
list of disputes requiring judicial
attention]

iii.     On a date to be set by separate order, generally not less than forty-

eight ( 48) hours prior to the conference, the party seeking relief shall file with

the Court a letter, not to exceed three (3) pages, outlining the issues in dispute

and its position on those issues. On a date to be set by separate order, but

generally not less than twenty-four (24) hours prior to the conference, any

party opposing the application for relief may file a letter, not to exceed three

(3) pages, outlining that party's reasons for its opposition.

iv.     Each party shall submit two (2) courtesy copies of its discovery

letter and any attachments.

v.     Should the Court find further briefing necessary upon conclusion of

the telephone conference, the Court will order it. Alternatively, the Court may

choose to resolve the dispute prior to the telephone conference and will, in

that event, cancel the conference.

10.     <u>Motions to Amend</u>.

a.     Any motion to amend (including a motion for leave to amend) a pleading

shall NOT be accompanied by an opening brief but shall, instead, be accompanied

by a letter, not to exceed three (3) pages, describing the basis for the requested

relief, and shall attach the proposed amended pleading as well as a "blackline"

comparison to the prior pleading.

b.     Within seven (7) days after the filing of a motion in compliance with this

Order, any party opposing such a motion shall file a responsive letter, not to

8

exceed five (5) pages.

    c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

11.    <u>Motions to Strike</u>.

    a.    Any motion to strike any pleading or other document shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

    b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

    c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

12.    <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than thirty (30) minutes. The tutorial should focus on the technology in issue and should not be used for argument. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than five ( 5) pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs

are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

13.   <u>Claim Construction Issue Identification</u>. On **September 21, 2019**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **September 27, 2019**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

14.   <u>Claim Construction Briefing</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on **October 4, 2019**. The parties' answering/responsive briefs shall be contemporaneously submitted on **October 18, 2019**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitations for initial (opening) and responsive (answering) briefs.

15.   <u>Hearing on Claim Construction</u>. Beginning at _____ .m. on **October 25, 2019, or** ~~another date convenient for the Court,~~ the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the

10

hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

16.     Interim Status Report(s). On **September 11, 2019** and **October 16, 2019**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

17.     Supplementation. Absent agreement among the parties, and approval of the Court, no later than **October 18, 2019**, the parties must finally supplement, *inter alia,* the identification of all accused products and of all invalidity references.

18.     **[Densify proposes:** Case Dispositive Motions. Any party that wishes to file case dispositive motions shall seek leave from the Court according to the following letter briefing process:

a.      Any motion for leave to file a dispositive motion shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief.

b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed three (3) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion for leave to file a dispositive motion.

c.      Should the Court find further briefing necessary upon conclusion of the

11

telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.]

19.     [**VMware proposes:** Case Dispositive Motions. Absent agreement of the parties or leave of the Court, all case dispositive motions (excluding *Daubert* motions), an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **November 26, 2019**. Any party opposing such a motion shall file a responsive brief on or before **December 11, 2019**. The moving party may file a reply brief on or before **December 19, 2019**.]

20.     Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

[**VMware proposes**:

a.    Any motion shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief.

b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed three (3) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion.

c.    Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.]

21.    Pretrial Conference. On **January 3, 2020**, the Court will hold a pretrial

conference in Court with counsel beginning at 11:00 a.m. Unless otherwise ordered by the Court, the

parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of

Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed

final pretrial order with the information required by the form of Revised Final Pretrial Order-

Patent, which can be found on the Court's website (www.ded.uscourts.gov), on or before

**December 23, 2019**. Unless otherwise ordered by the Court, the parties shall comply with the

timeframes set forth in Local Rule 16.3(d)(l)-(3) for the preparation of the joint proposed final

pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final

pretrial order and all attachments.

As noted in the Revised Final Pretrial Order- Patent, the parties shall include in their joint

proposed final pretrial order, among other things:

a.    a request for a specific number of ***hours*** for their trial presentations, as

well as a requested number of days, based on the assumption that in a typical jury

trial day (in which there is not jury selection, jury instruction, or deliberations),

there will be 5 ½ to 6 ½ hours of trial time, and in a typical bench trial day there

will be 6 to 7 hours of trial time;

b.    their position as to whether the Court should allow objections to efforts to

impeach a witness with prior testimony, including objections based on lack of

completeness and/or lack of inconsistency;

c.    their position as to whether the Court should rule at trial on objections to

expert testimony as beyond the scope of prior expert disclosures, taking time from

13

the parties' trial presentation to argue and decide such objections, or defer ruling

on all such objections unless renewed in writing following trial, subject to the

proviso that a party prevailing on such a post-trial objection will be entitled to

have all of its costs associated with a new trial paid for by the party that elicited

the improper expert testimony at the earlier trial; and

     d.    their position as to how to make motions for judgment as a matter of law,

whether it be immediately at the appropriate point during trial or at a subsequent

break, whether the jury should be in or out of the courtroom, and whether such

motions may be supplemented in writing.

     22.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine*

requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall

be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine*

request and any response shall contain the authorities relied upon; each *in limine* request may be

supported by a maximum of three (3) pages of argument and may be opposed by a maximum of

three (3) pages of argument, and the side making the *in limine* request may add a maximum of

one (1) additional page in reply in support of its request. If more than one party is supporting or

opposing an *in limine* request, such support or opposition shall be combined in a single three (3)

page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered

by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise

permitted by the Court.

     23.    Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be

tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire,

(ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three

14

11104762/1

(3) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in WordPerfect or Microsoft Word format, which may be submitted by e-mail to Judge Stark's staff. *(10-day jury trial)*

24.   Trial. This matter is scheduled for a [Densify proposes: 7 day] [VMware proposes, including an allocation for its anticipated counterclaims: 11 day] jury trial beginning at 9:30a.m. on **January** [13 16], **2020**, with the subsequent trial days beginning at 9:00a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases, *which may correspond to less than the trial days.*

25.   Judgment on Verdict and Post-Trial Status Report. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

26.   Post-Trial Motions. Unless otherwise ordered by the Court, all *SIDES* are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____

UNITED STATES DISTRICT JUDGE

15