## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and CIRBA IP, INC., | C.A. No.19-742-LPS |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| VMWARE, INC., | |
| Defendant. | |

## [VMWARE'S PROPOSED] VERDICT FORM

## INFRINGEMENT

## Infringement of U.S. Patent No. 8,209,687

**Question No. 1:**

Have Plaintiffs proven by a preponderance of the evidence that VMware has literally

infringed the following claims of the '687 patent?

*"Yes" is a finding for Plaintiffs.  "No" is a finding for VMware.*

| | |
|---|---|
| Claim 3 | Yes _____     No _____ |
| Claim 7 | Yes _____     No _____ |

***Proceed to the next page.***

1

**Question No. 2:**

Have Plaintiffs proven by a preponderance of the evidence that VMware has actively induced third parties to literally infringe the following claims of the '687 patent?

*"Yes" is a finding for Plaintiffs.   "No" is a finding for VMware.*

| | |
|---|---|
| Claim 3 | Yes _____      No _____ |
| Claim 7 | Yes _____      No _____ |

**If you answered "NO" to the preceding Question, skip to Question No. 4.**

**Question No. 3:**

*Answer this question only if you answered "YES" to the preceding Question.*

If you answered "Yes" to Question No. 2, what is the date on which VMware first induced third parties to literally infringe the '687 patent?

Answer: _____

**Proceed to the next page.**

**Infringement of U.S. Patent No. 9,654,367**

**Question No. 4:**

Do you find that the Plaintiffs have proven by a preponderance of the evidence that

VMware has literally infringed the following claims of the '367 patent?

*"Yes" is a finding for Plaintiffs.  "No" is a finding for VMware.*

| Claim 1 | Yes _____  No _____ |
|---------|---------------------------|
| Claim 2 | Yes _____  No _____ |
| Claim 4 | Yes _____  No _____ |
| Claim 5 | Yes _____  No _____ |
| Claim 9 | Yes _____  No _____ |
| Claim 11 | Yes _____  No _____ |

| Claim 13 | Yes _____  No _____ |
|----------|---------------------------|
| Claim 15 | Yes _____  No _____ |
| Claim 16 | Yes _____  No _____ |
| Claim 17 | Yes _____  No _____ |
| Claim 19 | Yes _____  No _____ |

*Proceed to the next page.*

**Question No. 5:**

Do you find that the Plaintiffs have proven by a preponderance of the evidence that VMware has actively induced third parties to literally infringe the following claims of the '367 patent?

*"Yes" is a finding for Plaintiffs.   "No" is a finding for VMware.*

| Claim 1 | Yes _____ No _____ |
|---------|--------------------------|
| Claim 2 | Yes _____ No _____ |
| Claim 4 | Yes _____ No _____ |
| Claim 5 | Yes _____ No _____ |
| Claim 9 | Yes _____ No _____ |
| Claim 11 | Yes _____ No _____ |

| Claim 13 | Yes _____ No _____ |
|----------|--------------------------|
| Claim 15 | Yes _____ No _____ |
| Claim 16 | Yes _____ No _____ |
| Claim 17 | Yes _____ No _____ |
| Claim 19 | Yes _____ No _____ |

***If you answered "NO" to the preceding Question, skip to Question No. 7.***

**Question No. 6:**

*Answer this question only if you answered "YES" to the preceding Question.*

If you answered "Yes" to Question No. 5, what is the date on which VMware first induced third parties to literally infringe the '367 patent?

Answer: _____

***Proceed to the next page.***

**INVALIDITY**

**Invalidity of U.S. Patent No. 8,209,687**

**Question No. 7:**

Has VMware proven by clear and convincing evidence that the following claims of the

'687 patent are invalid as anticipated by prior art?

*"Yes" is a finding for VMware.  "No" is a finding for Plaintiffs.*

| Claim 3 | Yes _____    No _____ |
|---------|----------------------------|
| Claim 7 | Yes _____    No _____ |

**Question No. 8:**

Has VMware proven by clear and convincing evidence that the following claims of the

'687 patent are invalid because the claimed subject matter would have been obvious to a person

of ordinary skill in the art at the time of the claimed invention?

*"Yes" is a finding for VMware.  "No" is a finding for Plaintiffs.*

| Claim 3 | Yes _____    No _____ |
|---------|----------------------------|
| Claim 7 | Yes _____    No _____ |

*Proceed to the next page.*

**Question No. 9:**

Has VMware proven by clear and convincing evidence that the following claims of the '687 patent do not contain specific improvements to computer technology and only involve activities that were well-understood, routine, and conventional as of August 31, 2007?

*"Yes" is a finding for VMware.  "No" is a finding for Plaintiffs.*

| | |
|---|---|
| Claim 3 | Yes _____      No _____ |
| Claim 7 | Yes _____      No _____ |

**Invalidity of U.S. Patent No. 9,654,367**

**Question No. 10:**

Has VMware proven by clear and convincing evidence that the following claims of the '367 patent are invalid as anticipated by prior art?

*"Yes" is a finding for VMware.  "No" is a finding for Plaintiffs.*

| | | | | |
|---|---|---|---|---|
| Claim 1 | Yes _____ No _____ | | Claim 13 | Yes _____ No _____ |
| Claim 2 | Yes _____ No _____ | | Claim 15 | Yes _____ No _____ |
| Claim 4 | Yes _____ No _____ | | Claim 16 | Yes _____ No _____ |
| Claim 5 | Yes _____ No _____ | | Claim 17 | Yes _____ No _____ |
| Claim 9 | Yes _____ No _____ | | Claim 19 | Yes _____ No _____ |
| Claim 11 | Yes _____ No _____ | | | |

*Proceed to the next page.*

**Question No. 11:**

Has VMware proven by clear and convincing evidence that the following claims of the '367 patent are invalid because the claimed subject matter would have been obvious to a person of ordinary skill in the art at the time of the claimed invention?

*"Yes" is a finding for VMware.  "No" is a finding for Plaintiffs.*

| Claim 1 | Yes _____  No _____ | | Claim 13 | Yes _____  No _____ |
|---|---|---|---|---|
| Claim 2 | Yes _____  No _____ | | Claim 15 | Yes _____  No _____ |
| Claim 4 | Yes _____  No _____ | | Claim 16 | Yes _____  No _____ |
| Claim 5 | Yes _____  No _____ | | Claim 17 | Yes _____  No _____ |
| Claim 9 | Yes _____  No _____ | | Claim 19 | Yes _____  No _____ |
| Claim 11 | Yes _____  No _____ | | | |

*Proceed to the next page.*

**Question No. 12:**

Has VMware proven by clear and convincing evidence that the following claims of the '367 patent do not contain specific improvements to computer technology and only involve activities that were well-understood, routine, and conventional as of August 16, 2011?

*"Yes" is a finding for VMware.  "No" is a finding for Plaintiffs.*

| | | | | |
|---|---|---|---|---|
| Claim 1 | Yes _____  No _____ | | Claim 13 | Yes _____  No _____ |
| Claim 2 | Yes _____  No _____ | | Claim 15 | Yes _____  No _____ |
| Claim 4 | Yes _____  No _____ | | Claim 16 | Yes _____  No _____ |
| Claim 5 | Yes _____  No _____ | | Claim 17 | Yes _____  No _____ |
| Claim 9 | Yes _____  No _____ | | Claim 19 | Yes _____  No _____ |
| Claim 11 | Yes _____  No _____ | | | |

*Proceed to the next page.*

**Question No. 13:**

Has VMware proven by clear and convincing evidence that the following claims of the

'367 patent are invalid for failure to comply with the written description requirement?

*"Yes" is a finding for VMware.  "No" is a finding for Plaintiffs.*

| | | | | |
|---|---|---|---|---|
| Claim 1 | Yes _____   No _____ | | Claim 13 | Yes _____   No _____ |
| Claim 2 | Yes _____   No _____ | | Claim 15 | Yes _____   No _____ |
| Claim 4 | Yes _____   No _____ | | Claim 16 | Yes _____   No _____ |
| Claim 5 | Yes _____   No _____ | | Claim 17 | Yes _____   No _____ |
| Claim 9 | Yes _____   No _____ | | Claim 19 | Yes _____   No _____ |
| Claim 11 | Yes _____   No _____ | | | |

***Proceed to the next page.***

## **PROTECTABILITY OF ASSERTED MARKS**

**Question No. 14:**

Have Plaintiffs proven by a preponderance of the evidence that each of the following

words is inherently distinctive?

*"Yes" is a finding for Plaintiffs.   "No" is a finding for VMware.*

| | |
|---|---|
| Densify | Yes _____  No _____ |
| Densifying | Yes _____  No _____ |
| Densification | Yes _____  No _____ |

***If you answered "NO" to the Question above for any of the words, proceed to the next Question as it relates to that word(s) only.  If you answered "YES" for all of the words, skip to Question No. 16.***

*Proceed to the next page.*

**Question No. 15:**

Have Plaintiffs proven by a preponderance of the evidence that each of the following words is at least descriptive and achieved secondary meaning in the marketplace as an indication of source for Plaintiffs prior to the earliest date that VMware publicly used that word?

*"Yes" is a finding for Plaintiffs.   "No" is a finding for VMware.*

| | |
|---|---|
| Densify | Yes _____<br><br>No _____ |
| Densifying | Yes _____<br><br>No _____ |
| Densification | Yes _____<br><br>No _____ |

***If you answered "YES" to the Question above for any of the words, proceed to the next Question as it relates to that word(s) only.  If you answered "NO" for any of the words in response to Question No. 14 AND this Question, you need not address any more Questions pertaining to that word(s).  If you answered "NO" for all of the words in response to Question No. 14 AND this Question, skip to Question No. 22.***

*Proceed to the next page.*

**Question No. 16:**

Have Plaintiffs proven by a preponderance of the evidence that Plaintiffs use each of the following words to indicate the source of their goods, placing the words on their products or on their labels or containers, or if that is not practical, on documents associated with the goods or their sale?

*"Yes" is a finding for Plaintiffs.  "No" is a finding for VMware.*

| Densify | Yes _____ |
| | No _____ |
| Densifying | Yes _____ |
| | No _____ |
| Densification | Yes _____ |
| | No _____ |

***If you answered "YES" to the Question above for any of these word(s), proceed to the next Question as it relates to that word(s) only.  If you answered "NO" for any of these word(s) , you need not address any more Questions pertaining to that word(s).  If you answered "NO" for all of the words in response to this Question, skip to Question No. 22.***

*Proceed to the next page.*

## TRADEMARK INFRINGEMENT (IF APPLICABLE)

*Answer these questions only for any claimed marks that you found are protectable (by a "YES" answer to Question No. 16 and either Question No. 14 OR 15). If you have not found that any asserted mark is protectable, skip to Question No. 22.*

## False Designation of Origin (Infringement of Unregistered Trademark)

**Question No. 17:**

Have Plaintiffs proven by a preponderance of the evidence that VMware committed false designation of origin/infringement of an unregistered mark through its use of the following words?

*"Yes" is a finding for Plaintiffs. "No" is a finding for VMware.*

| | |
|---|---|
| Densify | Yes _____<br><br>No _____ |
| Densifying | Yes _____<br><br>No _____ |
| Densification | Yes _____<br><br>No _____ |

*Proceed to the next page.*

13

**Delaware Deceptive Trade Practices Act**

**Question No. 18:**

Have Plaintiffs proven by a preponderance of the evidence that VMware engaged in a

deceptive trade practice through its use of the following words?

*"Yes" is a finding for Plaintiffs.   "No" is a finding for VMware.*

| | |
|---|---|
| Densify | Yes _____<br><br>No _____ |
| Densifying | Yes _____<br><br>No _____ |
| Densification | Yes _____<br><br>No _____ |

***If you answered "YES" for any of the words in this Question, proceed to Question No. 19.  If you answered "NO" for all of the words in response to Question No. 17 AND this Question, skip to Question No. 22.***

***Proceed to the next page.***

## Intentional Infringement

**Question No. 19:**

*Answer this question only if you answered "YES" to Question No. 17.*

If you have found that VMware committed false designation of origin/trademark infringement, have Plaintiffs proven by a preponderance of the evidence that VMware acted intentionally, knowing it was an infringement or act of false designation of origin?

*Check one:*

| | |
|---|---|
| _____ | Yes |
| _____ | No |

*"Yes" is a finding for Plaintiffs.   "No" is a finding for VMware.*

## Diversion of Sales

**Question No. 20**

*Answer this question only if you answered "YES" to Question No. 17.*

If you have found that VMware committed false designation of origin/trademark infringement, have Plaintiffs proven by a preponderance of the evidence that VMware's false designation of origin or trademark infringement caused a diversion of sales from Plaintiffs to VMware?

*Check one:*

| | |
|---|---|
| _____ | Yes |
| _____ | No |

*"Yes" is a finding for Plaintiffs.   "No" is a finding for VMware.*

**Fair Use of Trademarks**

**Question No. 21:**

> *Answer this question only for any asserted mark for which you have answered "YES" to Question No. 17 OR 18.*

Has VMware proven by a preponderance of the evidence that its use of the following words is a fair use?

| | |
|---|---|
| Densify | Yes _____<br><br>No _____ |
| Densifying | Yes _____<br><br>No _____ |
| Densification | Yes _____<br><br>No _____ |

> *"Yes" is a finding for VMware.  "No" is a finding for Plaintiffs.*

**If you answered "YES" for all of the words in response to this Question, you need not address any more questions pertaining to Plaintiffs' trademark claims.**

*Proceed to the next page.*

**DAMAGES (IF APPLICABLE)**

***The '687 Patent***

*Answer these Questions only if you have found that at least one claim of the '687 patent is infringed (by a "YES" answer to either Question Nos. 1 OR 2) and that the same claim is not invalid (that is, you gave a "NO" answer to all of Question Nos. 7, 8 AND 9).  If you have not found that any '687 patent claim is both infringed and not invalid, skip to Question No. 24.*

**Question No. 22:**

If you have found that VMware infringed at least one valid claim of the '687 patent, what is the dollar amount Plaintiffs have proven by a preponderance of evidence that they are entitled to as a reasonable royalty regarding Distributed Resource Scheduler (DRS) or products that interoperate with DRS?

*Answer in dollars and cents.*

Answer: _____

**Question No. 23:**

If you have found that VMware infringed at least one valid claim of the '687 patent, what is the dollar amount Plaintiffs have proven by a preponderance of evidence that they are entitled to as a reasonable royalty regarding vRealize Operations Manager (vROps), version 7.0 and greater or products that interoperate with vROps version 7.0 and greater?

*Answer in dollars and cents.*

Answer: _____

***Proceed to the next page.***

### *The '367 Patent*

*Answer these Questions only if you have found that at least one claim of the '367 patent is infringed (by a "YES" answer to either Question Nos. 4 OR 5) and that the same claim is not invalid (that is, you gave a "NO" answer to all of Question Nos. 10, 11, 12 AND 13).  If you have not found that any claim is both infringed and not invalid, skip to Question No. 25.*

**Question No. 24:**

If you have found that VMware infringed at least one valid claim of the '367 patent, what is the dollar amount Plaintiffs have proven by a preponderance of the evidence that they are entitled to as a reasonable royalty regarding vRealize Operations Manager (vROps), version 6.2 and greater, or products that interoperate with vROps version 6.2 and greater?

*Answer in dollars and cents.*

Answer: _____

**Proceed to the next page.**

### *Trademark Claims*

*Answer these questions only for any asserted mark that you have found that is protectable (by a "YES" answer to Question No. 16 and either Question No. 14 OR 15), infringed (by a "YES" answer to either Question No. 17) and not a fair use (that is, you gave a "NO" answer to Question No. 21). If you have not found that any asserted marks is both protectable, infringed, and not a fair use, skip to Question No. 27.*

**Question No. 25:**

If you have found that VMware committed false designation of origin/trademark infringement of an unregistered mark, what is the dollar amount of damages in the United States the Plaintiffs have proven by a preponderance of evidence?

*Answer in dollars and cents.*

Answer: _____

**Question No. 26:**

If you have found that VMware committed false designation of origin/trademark infringement of an unregistered mark, what is the dollar amount of damages in the state of Delaware the Plaintiffs have proven by a preponderance of evidence?

*Answer in dollars and cents.*

Answer: _____

**Proceed to the next page.**

**WILLFULNESS (IF APPLICABLE)**

**Question No. 27:**

>*Answer this question only if you have found that at least one claim of the '687 patent is infringed (by a "YES" answer to either Question Nos. 1 OR 2) and that the same claim is not invalid (that is, you gave a "NO" answer to all of Question Nos. 7, 8 AND 9). If you have not found that any '687 patent claim is both infringed and not invalid, skip to Question No. 28.*

If you have found that VMware infringed at least one claim of the '687 patent, have Plaintiffs proven by a preponderance of the evidence that VMware's infringement of the '687 patent was willful?

*"Yes" is a finding for Plaintiffs. "No" is a finding for VMware.*

>*Check one:*

| | |
|---|---|
| _____ | Yes (Willful) |
| _____ | No (Not Willful) |

***Proceed to the next page.***

**Question No. 28:**

*Answer this question only if you have found that at least one claim of the '367 patent is infringed (by a "YES" answer to either Question Nos. 4 OR 5) and that the same claim is not invalid (that is, you gave a "NO" answer to all of Question Nos. 10, 11, 12 AND 13). If you have not found that any claim is both infringed and not invalid, skip this question.*

If you have found that VMware infringed at least one claim of the '367 patent, have Plaintiffs proven by a preponderance of the evidence that VMware's infringement of the '367 patent was willful?

*"Yes" is a finding for Plaintiffs.   "No" is a finding for VMware.*

*Check one:*

| | |
|---|---|
| _____ | Yes (Willful) |
| _____ | No (Not Willful) |

**_ANSWER NO FURTHER QUESTIONS._**

## <u>CERTIFICATE OF SERVICE</u>

I, Robert M. Vrana, hereby certify that on December 30, 2019, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Kenneth L. Dorsney, Esquire
> Morris James LLP
> 500 Delaware Avenue, Suite 1500
> Wilmington, DE 19801
> *kdorsney@morrisjames.com*
>
> *Attorney for Plaintiffs/Counter-Defendants*

I further certify that on December 30, 2019**,** I caused the foregoing document to be served via electronic mail upon the above-listed counsel and on the following:

> Courtland L. Reichman, Esquire
> Shawna L. Ballard, Esquire
> Jennifer Estremera, Esquire
> Michael G. Flanigan, Esquire
> Joachim B. Steinberg, Esquire
> Kate Falkenstien, Esquire
> Ariel C. Green, Esquire
> Reichman Jorgensen LLP
> 100 Marine Parkway, Suite 300
> Redwood Shores, CA 94065
>
> Sarah O. Jorgensen, Esquire
> Reichman Jorgensen LLP
> 1201 West Peachtree Street, Suite 2300
> Atlanta, GA 30309
>
> Christine E. Lehman, Esquire
> Reichman Jorgensen LLP
> 818 Connecticut Ave., N.W., Suite 850
> Washington, DC 20006

Jaime F. Cardenas-Navia, Esquire
Wesley Lanier White, Esquire
Khue V. Hoang, Esquire
Reichman Jorgensen LLP
100 Park Avenue, Suite 1600
New York, NY 10017

*RJ_densify@reichmanjorgensen.com*

Gary J. Toman, Esquire
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
*gtoman@wwhgd.com*

Peter J. Ayers, Esquire
Law Office of Peter J. Ayers, PLLC
2200 Bowman Avenue
Austin, TX 78703
*peter@ayersiplaw.com*

*Attorneys for Plaintiffs/Counter-Defendants*

Dated:  December 30, 2019                    YOUNG CONAWAY STARGATT &
                                             TAYLOR, LLP

                                             */s/ Robert M. Vrana*
                                             Anne Shea Gaza (No. 4093)
                                             Robert M. Vrana (No. 5666)
                                             Samantha G. Wilson (No. 5816)
                                             Rodney Square
                                             1000 N. King Street
                                             Wilmington, Delaware 19801
                                             *agaza@ycst.com*
                                             *rvrana@ycst.com*
                                             *swilson@ycst.com*

                                             *Attorneys for VMware, Inc.*