IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIRBA INC. (d/b/a DENSIFY and CIRBA IP, INC., | : : : | |
| Plaintiffs, | : : | |
| v. | : : | C.A. No. 19-742-LPS |
| VMware, INC., | : : : | |
| Defendant. | : : | |

### MEMORANDUM ORDER

Having reviewed the proposed final pretrial order (D.I. 439, 440) ("PTO"), filed by Plaintiffs Cirba Inc. and Cirba IP, Inc. (hereinafter collectively referred to as "Cirba," "Densify," or "Plaintiffs") and Defendant VMware, Inc. ("VMware" or "Defendant"),[1] IT IS HEREBY ORDERED that:

1. Densify's motion *in limine* ("MIL") No. 1, seeking to preclude VMware from calling its Chief Executive Officer, Pat Gelsinger, as a live witness at the forthcoming jury trial, is DENIED. There have been important, material changes in circumstances since the time VMware represented that Gelsinger would not be a witness at trial: the Court overruled VMware's vehement objection to producing Gelsinger for a deposition, denied VMware's subsequent motion for reconsideration, and ordered Gelsinger to appear for a deposition, which he did, and "now, with its exhibits and deposition designations, [Densify] *itself* [has] decided to

---

[1]Also pending before the Court are numerous other disputes and motions, including those relating to claim construction, summary judgment, and *Daubert*. The Court will address those issues, by separate orders or otherwise, before, during, or subsequent to tomorrow's pretrial conference ("PTC").

1

put Mr. Gelsinger's testimony at issue" (PTO Ex. 11A Def. Br. at 1). The Court is not persuaded that Plaintiffs – who are seeking hundreds of millions of dollars in damages from Defendant in a public, jury trial – would be "severely prejudiced" and "subject to ambush" if Defendant's CEO (despite previously purporting to be too busy for a deposition) is now available to appear at trial. (PTO Ex. 11A Pl. Br. at 3) Any prejudice to Densify is further reduced because, if Gelsinger testifies live at trial, Densify may (subject to the Federal Rules of Evidence ("F.R.E.") and the Court's procedures) play the Gelsinger deposition testimony and may also cross-examine him.

2. Densify's MIL No. 2, to preclude VMware from relying on what Densify incorrectly characterizes as "summary charts" of telemetry data whose admissibility is governed by F.R.E. 1006, is DENIED. The Court agrees with VMware: "[The] telemetry data is not survey data. It is not questioning or polling customers; it is merely reporting data that was collected contemporaneously as part of VMware's regular course of business." (PTO Ex. 11B Def. Br. at 1; *see also id.* at 2 ("VMware collects all telemetry data in the ordinary course of business, and it produced all relevant data to Cirba as output from the telemetry database in repsonse to VMware's disclosed queries.")) Densify has repeatedly (and now again) failed to persuade the Court that VMware has not adequately produced its telemetry data. Just as the Court previously found no basis to exclude VMware's telemetry data as a discovery sanction (*see, e.g.*, Dec. 17, 2019 Hearing Tr. at 65-68), the Court is not persuaded that VMware's challenged trial exhibits are inadmissible summaries (to the contrary, the exhibits appear to summarize what has been produced) or that the risk of unfair prejudice or jury confusion substantially outweighs the probative value of such data. The data is important evidence of the amount of use of the allegedly-infringing functionality, which is highly probative of damages.

Densify's concerns about the unrepresentativeness of the data can be argued and tried to the jury. Nor does the Court believe that VMware is seeking to offer improper lay opinion; instead, it appears that VMware intends to offer Mr. Prathuri (whom Densify has deposed) to provide factual testimony within his experience regularly using the telemetry data in the regular course of business.

3. Densify's MIL No. 3, to exclude testimony of Carl Waldspurger which VMware contends supports its § 102(g) defense, is DENIED. The Court disagrees with Densify's contention that VMware has failed to produce any evidence of corroboration. (*See, e.g.*, PTO Ex. 11C Def. Br. at 2-3) (citing evidence)[2] Densify's motion is more akin to a motion for summary judgment, as it contends that there is not sufficient evidence from which a reasonable jury could find corroboration. But Densify did not seek to file a motion for summary judgment and it will have an opportunity at trial to move for judgment as a matter of law should it believe that VMware has failed to present sufficient evidence. Densify's Rule 403 arguments are all based on the premise (which the Court at this time is not accepting) that VMware cannot sustain its burden on its § 102(g) defense. Moreover, VMware timely disclosed that Waldspurger had pertinent evidence and Densify has deposed him. (*See, e.g.*, D.I. 386 at 2-3)

4. The parties shall be prepared to address VMware's MIL No. 1, to exclude evidence and argument of VMware's and Densify's revenue and profits, at the PTC tomorrow.

5. VMware's MIL No. 2, relating to VMware's modification of an accused product during this litigation to eliminate an allegedly-infringing functionality, is GRANTED to the

---

[2]The Court does not address Densify's request (raised only in its reply brief) to exclude one of VMware's documents as having been untimely produced under "highly suspicious circumstances." (PTO Ex. 11C Rep. Br. at 1)

3

extent that Densify will not be permitted to argue that VMware's actions are probative of culpability for infringement or willful infringement.³ F.R.E. 407 provides: "When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: . . . culpable conduct . . . . But the Court may admit this evidence for another purpose, such as impeachment . . . ." *See, e.g., Johns Hopkins Univ. v. Alcon Labs. Inc.*, 2018 WL 4178159, at *19 (D. Del. Aug. 30, 2018) (finding Rule 407 applies in patent cases to remedial measures actually taken); *Deflecto, LLC v. Dundas Jafine Inc.*, 2015 WL 9413148, at *2 (W.D. Mo. Dec. 22, 2015) (same). Densify may make other, proper arguments from the evidence, including arguments relating to impeachment or damages.

6. VMware's MIL No. 3, to exclude evidence or argument related to pre-suit knowledge of the asserted patents and willful infringement, is DENIED. The parties' 2015 non-disclosure agreement ("NDA") only precludes the parties from using as evidence "the disclosure of the patents, the patent applications, or any related Confidential Information" that was exchanged "***in connection with*** Recipient's due diligence analysis" in 2015. (PTO Ex. 11F Def. Br. at 1) (emphasis added) VMware vastly overreads its rights under the NDA, citing it as a basis to exclude all evidence of its pre-suit knowledge of the asserted patents and all evidence of how VMware responded to what was disclosed to it pursuant to the NDA (including, for example, VMware internal discussions). VMware's citations to other cases – including *IBM*

---

³VMware seems to intend its motion to be directed only to argument, and not to the admissibility of evidence. VMware's briefing is somewhat confusing on this point (*see, e.g.*, PTO Ex. 11E Def. Br. at 2) ("It would be unfair, highly prejudicial, and against established public policy if Cirba were permitted to present ***evidence*** or argument concerning VMware's removal of the dashboard to show infringement or willfulness.") (emphasis added)), and Densify understandably reads the motion as being directed to evidence as well as argument.

4

*Corp. v. Groupon, Inc.*, C.A. No. 16-122-LPS D.I. 314 at 2-3 (D. Del. June 15, 2018) (enforcing very different agreement providing that party would "not seek to enhance . . . damages by asserting willful patent infringement") – and reliance on F.R.E. 403 are unavailing (as the probative value of acquisition discussion evidence is not substantially outweighed by the risk of unfair prejudice). To the extent VMware is also seeking exclusion of all evidence and argument relating to willful and indirect infringement (based on the view that Densify lacks sufficient evidence to prevail on these claims), VMware's motion is akin to an untimely and unpermitted summary judgment motion and/or a premature motion for judgment as a matter of law.

Having identified additional disputes in the PTO, IT IS FURTHER ORDERED that:

7. The Court will permit Plaintiffs to refer to themselves collectively as "Densify," and may itself at times refer to Plaintiffs collectively as "Densify," as Plaintiffs request. One Plaintiff, Cirba Inc., does business as Densify. While the other Plaintiff, Cirba IP, Inc., does not do business as Densify, for simplicity it will frequently be necessary for the Court, counsel, and witnesses to refer to Plaintiffs collectively, and the Court finds that "Densify" is a reasonable and appropriate shorthand term. As the asserted marks at issue in Plaintiffs' trademark infringement claim are variants of the word "Densify," the Court will (if requested) include in its instructions to the jury an instruction to the effect that there are two Plaintiffs, only one of which uses the name "Densify" in doing business, and that the jury should not attach evidentiary weight to the use at trial, for simplification, of the name "Densify" to refer to the two Plaintiffs collectively.

8. The parties shall be prepared to discuss at the PTC tomorrow all objections and disputes as to which witnesses will or may be called at trial. (*See, e.g.*, PTO ¶¶ 15, 16)

9. The parties shall be prepared to discuss at the PTC VMware's proposal that once

cross-examination of a witness is concluded and the witness is passed for re-direct examination, the offering party may discuss with the witness his or her testimony on re-direct examination. (*See* PTO ¶ 15)

10. The Court ADOPTS VMware's proposal on the disputed issue at PTO ¶ 26, and will allow objections to impeachment with prior testimony for incompleteness and/or lack of inconsistency. Nonetheless, the parties are advised that, in the Court's experience, such objections are rarely sustained.

11. The Court ADOPTS Densify's proposal on the disputed issue at PTO ¶ 33 (supplementation of exhibit list may only be with party approval or leave of the Court, on good cause shown).

12. The Court ADOPTS VMware's proposal on the disputed issue at PTO p. 25 n.10 and ¶ 35 (Rule 1006 exhibits will be produced at least one day in advance of anticipated use, timing for objections).

13. With respect to the dispute at PTO ¶¶ 63, 75, 80, the Court ADOPTS VMware's position and will not permit the presentation of any evidence that pertains only to Plaintiffs' request for a permanent injunction. Introduction of such evidence substantially risks being unfairly prejudicial to VMware and could confuse the jury, risks that are not warranted given the complete lack of probative value of evidence that pertains solely to an issue the jury will not be asked to decide.

14. The parties shall be prepared to discuss at the PTC their request for 18 hours per side for trial (*see* PTO ¶ 66), particularly given that the Court continues to believe that no more than 14-17 hours per side are required to allow each side to fully and fairly present its case. (*See*

D.I. 406)

15. With respect to the dispute at PTO ¶ 67, no written submissions relating to motions for judgment as a matter of law will be permitted until after trial.

16. With respect to the dispute at PTO ¶ 68, the Court ADOPTS Densify's position and will consider, if necessary, any dispute as to the standing of one of the two Plaintiffs only after trial.

17. VMware will not be permitted to present its patent eligibility defense to the jury (*see* PTO ¶ 74), as the Court has already ruled on and found no merit to that defense (*see* D.I. 137).

18. The parties' "Additional Matters" (PTO ¶¶ 69-88) identify what might accurately be characterized as up to dozens more motions. Time permitting, the parties may raise any of those issues (if still ripe after the Court's recent rulings, and if judicial assistance is truly believed to be required) at the PTC.

January 6, 2020
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE