IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIRBA INC. (d/b/a DENSIFY and CIRBA IP, INC., | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 19-742-LPS |
| VMware, INC., | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Pending before the Court are *Daubert* motions filed by Plaintiffs Cirba Inc. and Cirba IP, Inc. (hereinafter collectively referred to as "Cirba," "Densify," or "Plaintiffs") and Defendant VMware, Inc. ("VMware" or "Defendant"). (*See* D.I. 411, 414, 415, 416) Having considered the parties' briefs and related filings, IT IS HEREBY ORDERED that Densify's motion (D.I. 411) is DENIED, VMware's motion regarding Mr. Bergman (D.I. 414) is DENIED, and VMware's motion regarding Mr. Mayfield (D.I. 416) is GRANTED.[1]

1.  Densify's motion to exclude certain expert testimony of VMware's damages expert, Mr. Paul K. Meyer, is DENIED. Densify's motion is premised on its contention that the

---

[1] Federal Rule of Evidence 702 creates a "gatekeeping role for the [trial] judge" to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). There are three distinct requirements for admissible expert testimony: (1) the expert must be qualified; (2) the opinion must be reliable; and (3) the opinion must relate to the facts. *See generally Elcock v. Kmart Corp.*, 233 F.3d 734, 741-46 (3d Cir. 2000). Hence, expert testimony is admissible if it "is based on sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d). Rule 702 embodies a "liberal policy of admissibility." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) (internal citations omitted). Motions to exclude evidence are committed to the Court's discretion. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 749 (3d Cir. 1994).

1

telemetry data on which Mr. Meyer relies is "survey data" and that related PowerPoint documents on which Mr. Meyer relies amount to "summaries." (D.I. 412 at 1-11) The Court disagrees with these characterizations. Instead, the telemetry underlying Mr. Meyer's opinions is reporting data collected in the regular course of VMware's business. (D.I. 435 at 2-8; *see also* D.I. 460 at 2-3) Densify's criticisms go to the weight, not admissibility, of Mr. Meyer's testimony. (D.I. 435 at 11-12)

2. Densify's motion to exclude certain expert testimony of VMware's trademark expert, Dr. Tuan Pham, is DENIED. Dr. Pham has relevant and adequate qualifications and experience to support his opinions, including his study of business consumers. Dr. Pham's reliance on public data does not render his opinions legally impermissible under *Daubert*. *See, e.g., In re Wellbutrin XL Antitrust Litig.*, 308 F.R.D. 134, 144-45 (E.D. Pa. 2015) (expert qualified based on education, experience, and analysis of publicly available pharmaceutical data). Contrary to Densify's view, the Court is persuaded that Dr. Pham's opinions will not invade the province of the jury but will, instead, provide the jury with helpful analysis to consider in making its ultimate determination.

3. The parties shall be prepared to address at the pretrial conference ("PTC") today VMware's motion to exclude certain expert testimony of Densify's technical expert, Dr. Vijay Madisetti.

4. VMware's motion to exclude certain expert testimony of Densify's damages expert, Mr. Jim Bergman, is DENIED. VMware attacks Mr. Bergman's opinions on four grounds, each of which fails to persuade the Court to grant the requested relief.

First, the Court finds that VMware's arguments regarding whether Mr. Bergman's calculations properly account for actual infringing use go to weight, not admissibility. The Court

2

is persuaded that Mr. Bergman may reasonably be found to have accounted for actual infringing use in his royalty rate analysis. (D.I. 437 at 7-9) VMware's arguments regarding when Mr. Bergman should have accounted for actual infringing use, and the correlation between any such use and actual sales, are directed to the sufficiency of the evidence, which is not an issue for resolution at this stage. Further, the Court disagrees with VMware that Mr. Bergman's damages calculation is not limited to the period during which VMware could be liable for induced infringement under § 271(b). (D.I. 417 at 11-12) As Densify argues in its opposition brief (D.I. 437 at 10), the time at which damages for indirect infringement began to accrue is an issue for the jury to resolve.

Second, Mr. Bergman's opinions are properly grounded in the facts of the case and not, as VMware argues, based on an arbitrary rule of thumb like those condemned by the Federal Circuit. (D.I. 417 at 13-14) Some degree of approximation in expert testimony is permitted. *See, e.g., Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1328 (Fed. Cir. 2014) ("[W]e have never required absolute precision in this task."). Mr. Bergman establishes a logical methodology to arrive at his DRS apportionment number. VMware's arguments to the contrary go to the weight, not admissibility, of the evidence.

Third, the Court disagrees with VMware that "Mr. Bergman's calculation is based exclusively on anecdotal circumstances involving a single customer using statements in a single e-mail." (D.I. 417 at 14) Rather, Mr. Bergman considered a number of factors in his analysis, including but not limited to the email referenced by VMware. (D.I. 437 at 13-16) He did focus on one customer as part of his analysis – explaining why he did so – and, in articulating his reasons, further illustrated that his opinions are appropriately tied to the facts of this case. Here, unlike in *AVM Technologies, LLC v. Intel Corp.*, 927 F. Supp. 2d 139 (D. Del. 2013), which

3

VMware cites, (i) Mr. Bergman considers patent license agreements that might have more accurately reflected the value of the '367 patent; (ii) he relies on a customer and not a settling defendant; and (iii) his reliance on that customer is only a part of his broader, multi-factor analysis (which is rooted in, for example, VMware's own documents and information). (D.I. 437 at 15-16)

Fourth, the Court disagrees with VMware's view that Third Circuit law, including *A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 166 F.3d 197 (3d Cir. 1999), renders Mr. Bergman's trademark damages opinion excludable. (D.I. 417 at 16-17) In *A&H*, the Third Circuit noted the "atypical[ity]" of royalties in trademark cases; although it held that the royalties awarded by the district court in that case were unwarranted based on bad faith, prior licensing, or any "other justification," it went on to state that "we need not speculate whether circumstances other than bad faith or a prior licensing agreement would authorize such an award." *Id.* at 208-09. In the instant case, as explained in *Koninkijke Philips Electronics N.V. v. Hunt Control Systems, Inc.*, 2016 WL 3545529 (D.N.J. June 29, 2016), cited by Densify, non-license-based royalties may be available because *A&H* only addressed two circumstances, and because Densify does allege bad faith.

5. VMware's motion to exclude certain expert testimony by Densify's trademark expert, Mr. Vincent Mayfield, is GRANTED. While the Court does not agree with VMware that Mr. Mayfield's opinions are improper expert testimony (D.I. 417 at 17-19), it does agree with VMware that Mr. Mayfield lacks the qualifications to offer such opinions (*id.* at 19-20). Mr. Mayfield's qualifications rest largely on his significant experience as an IT professional. (D.I. 437 at 20) While practical experience can be grounds for qualifying an expert under *Daubert* (*see, e.g., Santos v. Posadas De Puerto Rico Assocs., Inc.*, 452 F.3d 59, 64 (1st Cir. 2006)), a

4

qualified expert must provide some reliable methodology or principles by which he formed his opinion. Mr. Mayfield has not done so here.

6. The parties shall be prepared to address at the PTC today any remaining *Daubert*-related issues not already resolved by this Order, as well as the pending claim construction/summary judgment issues.

7. VMware's motion for leave to file an additional motion *in limine* (D.I. 450) is DENIED. The Court rarely permits additional such motions and sees no reason to deviate from that practice here.

January 7, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE