# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and CIRBA IP, INC., | C.A. No. 19-742-LPS |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | ██████████████ |
| VMWARE, INC., | |
| Defendant. | |

## [PROPOSED] FINAL PRETRIAL ORDER – VOLUME 1 (EXHIBITS 1-10)

**Plaintiffs' Counsel:**

Christine E. Lehman (*pro hac vice*)
Reichman Jorgensen LLP
818 Connecticut Ave NW, Suite 850
Washington, DC 20006
(202) 894-7310
clehman@reichmanjorgensen.com

Khue V. Hoang (*pro hac vice*)
Wesley L. White (*pro hac vice*)
Reichman Jorgensen LLP
100 Park Avenue, Suite 1600
New York, NY 10017
(212) 381-1965
khoang@reichmanjorgensen.com
wwhite@reichmanjorgensen.com

Gary J. Toman (*pro hac vice*)
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
(404) 876-2700
gtoman@wwhgd.com

Kenneth L. Dorsney (#3726)
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

Courtland L. Reichman (*pro hac vice*)
Shawna Ballard (*pro hac vice*)
Jennifer P. Estremera (*pro hac vice*)
Kate Falkenstien (*pro hac vice*)
Ariel C. Green (*pro hac vice*)
Reichman Jorgensen LLP
100 Marine Parkway, Suite 300
Redwood Shores, California 94065
(650) 623-1401
creichman@reichmanjorgensen.com
sballard@reichmanjorgsensen.com
jestremera@reichmanjorgensen.com
kfalkenstien@reichmanjorgensen.com
agreen@reichmanjorgensen.com

*Attorneys for Cirba Inc.*
*(d/b/a Densify) and Cirba IP, Inc.*

**Defendant's Counsel:**

Arturo J. Gonzalez
Michael A. Jacobs
Richard S. J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
agonzalez@mofo.com
mjacobs@mofo.com
rhung@mofo.com

Bita Rahebi
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
brahebi@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202-5638
(303) 592-2204
sllewellyn@mofo.com

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for VMware, Inc.*

The Court has scheduled for January 7, 2020, a final pretrial conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on Plaintiffs Cirba Inc.'s (d/b/a Densify) and Cirba IP, Inc.'s (collectively, [**Densify's proposal**: "Densify" or] "Cirba" or "Plaintiffs") claims and Defendant VMware, Inc.'s ("VMware" or "Defendant") affirmative defenses and declaratory judgment counterclaims of non-infringement and invalidity.[1]  Pursuant to District of Delaware Local Rule 16.3 and the Court's Scheduling Order (D.I. 174), as amended (D.I. 298), the parties hereby submit for the Court's approval this proposed Joint Final Pretrial Order governing the jury trial of C.A. No. 19-742-LPS, which is scheduled to begin on January 13, 2020.

## I.    NATURE OF THE CASE

1.    This is a civil action.  It involves a lawsuit between two companies, one referred to in this lawsuit as "Densify" or "Cirba," which is Cirba Inc. (d/b/a/ Densify) and Cirba IP, Inc., together.  [**Densify's Proposal:** Densify[2] has] [**VMware's Proposal**[3]**:** Plaintiffs have] filed this

---

[1] By Oral Order dated October 15, 2019 (D.I. 225), the Court severed VMware, Inc.'s patent infringement counterclaims and directed the parties to submit a proposed scheduling order for the severed counterclaims on December 13, 2019.  Accordingly, the parties have not included in this submission their positions with respect to VMware, Inc.'s patent infringement counterclaims.

[2] VMware objects to Plaintiffs' request that the Court refer to Cirba Inc. and Cirba IP, Inc. collectively as "Densify" when addressing the jury.  It is inaccurate to refer to both Plaintiffs as "Densify" when only Cirba Inc. does business under the name "Densify."  Nor do Plaintiffs have a registered trademark to the name "Densify."  It would be confusing and prejudicial to refer to Plaintiffs as "Densify" when the asserted marks at issue (which VMware contests that Plaintiffs are entitled to) are variants of the words "Densify" and include "Densify," "Densifying," and "Densification."  To avoid such factual inaccuracy, confusion, and prejudice, VMware proposes that Plaintiffs shall be referred to collectively as "Cirba" or "Plaintiffs" in any document that the Court reads or presents to the jury, such as a Statement of the Case, Jury Instructions, or Verdict Form.  To be clear, VMware does not object to the Court referring to Plaintiffs by their company names, as reflected in the case caption.  For the sake of brevity, VMware will not reiterate this objection for every instance of Plaintiffs referring to themselves as Densify below, but VMware considers this objection to be standing thought this Pretrial Order.

[3] Densify disagrees that Defendant has any right to object to Densify's company name being read to the jury and requests that the Court refer to Plaintiffs as Densify throughout.  Further, Densify

lawsuit against VMware asserting claims of patent infringement, trademark infringement, and other trademark-related claims, which are the subject of this trial. VMware denies liability for those claims.

2.      There are two [**Densify's Proposal:** Densify] patents at issue against VMware in this trial: (1) U.S. Patent No. 8,209,687 ("the '687 patent") and (2) U.S. Patent No. 9,654,367 ("the '367 patent").

3.      [**Densify Proposes:** The trademark at issue is primarily the company's name, Densify, as well as forms thereof, including "DENSIFY," "DENSIFICATION," and "DENSIFYING" (collectively, the "Densify Trademarks").] [**VMware Proposes:** The trademark claims at issue relate to the terms "densify," "densification," and "densifying." (collectively, the "Asserted Marks.[4]")]

## II.    JURISDICTION

4.      Densify seeks damages and injunctive relief in this action arising under the patent laws of the United States, Title 35, United States Code, unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), deceptive trade practices under Delaware Code Title 6 § 2532, and common law trademark infringement.

5.      The jurisdiction of the Court is based on 28 U.S.C. §§ 1331 and 1338, 15 U.S.C. § 1121, and 28 U.S.C. § 1367(a).  VMware has challenged Cirba Inc.'s standing to sue VMware

---

disagrees with VMware's position that there is factual inaccuracy or prejudice to VMware in using the name Densify.  In fact, the opposite is true, and it would be inaccurate and prejudicial to Densify *not* to refer to them by the name Densify.

[4] VMware contests that Plaintiffs own the rights, title, and interests in the asserted marks, and it would be factually inaccurate, prejudicial, and confusing to refer to these terms as "Densify Trademarks" before the jury.  VMware proposes that these unregistered asserted marks be referred to as the "Asserted Marks."

for infringement of the patents asserted in this action.  Cirba Inc.'s position is that it has standing, and that challenge to standing on the eve of trial has no basis.

6.       Neither party contests that, for purposes of Cirba's claims against VMware in the action, the Court has personal jurisdiction over VMware.

## III.   FACTS

### A.   <u>Uncontested Facts</u>

7.       The parties' Joint Statement of Uncontested Facts is attached as **Exhibit 1**. The facts in Exhibit 1 are not disputed, or have been stipulated to by the parties for purposes of trial.

8.       Any party, with prior notice to all other parties, may read any or all of the uncontested facts to the jury or the Court, and will be charged for the time used to do so.

### B.   <u>Contested Facts</u>

9.       Plaintiffs' statement of the facts in issue that it contends remain to be litigated, including brief statements of what it intends to prove in support of its claims and defenses is attached as **Exhibit 2**.

10.      Defendant's statement of the facts in issue that it contends remains to be litigated, including brief statements of what it intends to provide in support of its claims and defenses is attached as **Exhibit 3**.

11.      If this Court determines that any issue identified in the statements of facts in issue is more properly considered an issue of law, it should be so considered.

## IV.   ISSUES OF LAW

12.      Plaintiffs' statement of the legal issues that remain to be litigated in this case and its citation of authorities relied upon is attached at **Exhibit 4**.

13.     Defendant's statement of the issues of law which it contends remain to be litigated, and its citation of authorities relied upon, is attached as **Exhibit 5**.

14.     If this Court determines that any issue identified in the statements of the issues of law is more properly considered an issue of fact, it should be so considered.

## V.     WITNESSES

15.     Any witness not listed will be precluded from testifying, absent good cause shown.  Such good cause shall include, but is not limited to, testimony required to authenticate any documents subject to an authenticity objection.  Subject to the notice requirements addressed herein, the listing of a witness on a party's witness list does not require that party to call that witness to testify [**Densify's Proposal:** unless listed as a "will call" witness], and does not necessarily mean that the listing party has the power to compel the live testimony of that witness. In the absence of an alternative agreement between the parties, fact witnesses will be sequestered pursuant to Rule 615 of the Federal Rules of Evidence provided, however, the parties will not be required to exclude an officer or employee designated as the party's representative.  Any such agreement is not intended to abrogate or alter D. Del. LR 43.1.  [**VMware's Proposal:** For clarity, in keeping with  Local Rule 43.1, once cross examination of a witness is concluded and the witness is passed for re-direct examination, the offering party may discuss with the witness his or her testimony on re-direct examination.]

16.     By 6:00 pm ET two calendar days before a witness will be called to testify live, the name of the witness will be identified by email to opposing counsel, and, if multiple witnesses are thereby identified, the expected order of presentation.

Also, unless the parties reach an alternative agreement, the order of the presentation of evidence will follow the burden of proof, i.e.:

Phase I:      Plaintiffs' case-in-chief on infringement and damages

Phase II:     Defendant's response on infringement and damages, and case-in-chief on patent invalidity and trademark fair use

Phase III:    Plaintiffs' rebuttal on infringement and damages, and response on patent invalidity and trademark fair use

Phase IV:     Defendant's rebuttal on patent invalidity and trademark fair use

## A.   <u>List of Witnesses Plaintiffs Expect to Call</u>

Densify identifies the following witnesses whom it will or may call live or by prior testimony at trial, depending on the witness's availability.  Densify reserves the right to call additional witnesses necessitated by the Court's pretrial or trial rulings or in response to VMware's trial witnesses.

**i.**   <u>Expert witnesses</u>

**a.**   Below are the expert witnesses Densify will call as live witnesses at trial, along with a disclosure of the precise subject matter on which it will ask the Court to recognize each witness's expertise:

**(1)**   Prof. Vijay Madisetti[5]

**(a)** Dr. Madisetti is a technical expert with expertise in virtualization technology. Dr. Madisetti will testify consistent with his expert reports, which may include testimony regarding issues of infringement of the '687 and '367 patents, Densify's practice of the patents, subject matter eligibility, enforcement, and validity of the '687 and '367 patents, and how terms not construed by the Court, and the terms in the Court's claim construction, are understood by one of ordinary skill in the art.  This testimony may

---

[5] Dr. Madisetti has a conflict due to a trial in another federal court during the trial in this case. He is available at the beginning of this trial, and counsel for Densify is continuing to work with Dr. Madisetti and counsel in the other case to determine his availability for the remainder of this trial.  Counsel for Densify would like to address this issue at the Pretrial Conference.

also include the state of the prior art, persons of ordinary skill in the art, and their

knowledge at the time of the invention. Dr. Madisetti may also rebut any opinions

offered by Dr. Nieh, Dr. Waldspurger, Mr. Pham, or Mr. Meyer on matters within his

areas of expertise, including the benefits and importance of the patents, usage, location,

etc.

i) **VMware objects** to the extent that Cirba intends to offer Dr. Madisetti's

opinions on "how terms not construed by the Court, and the terms in the Court's

claim construction, are understood by one of ordinary skill in the art." Such

opinions should not be presented to the jury as they are untimely claim

construction, and claim construction is a matter of law for the Court, not the

jury, to decide. VMware objects that Dr. Madisetti's opinions are not relevant

and are unduly prejudicial and confusing for the jury as his opinions are

inconsistent with the claim language and the Court's claim construction.

VMware objects to Dr. Madisetti's testimony to the extent such testimony is

objectionable under one or more of Fed R. Evid. 702, 703, 611, 401, 402, 403,

and/or is otherwise improper under applicable rules of evidence. VMware

objects to Dr. Madisetti's testimony to the extent his testimony is related to any

evidentiary issues (including, but not limited to, motions *in limine*) raised by

VMware in the parties' proposed Pretrial Order. VMware objects to the extent

Dr. Madiestti intends to "rebut" the testimony of Carl Waldspurger, who will be

offering factual testimony, not expert opinions. VMware objects to the extent

Dr. Madisetti intends to offer opinions that were not fully disclosed in his expert

reports. For example, as noted in VMware's *Daubert* motion, Dr. Madisetti

brought 17 pages of additional "technical notes" to his December 27 deposition that had not been previously produced, even though the deadline for expert reports and supporting materials was weeks earlier.  The 17 pages of extremely late disclosed "technical notes" and any testimony pertaining to those notes should be disallowed at trial.  VMware has filed a *Daubert* motion to exclude improper opinions by Dr. Madisetti in keeping with the pretrial schedule as ordered by the Court.  VMware objects to Dr. Madisetti's opinions to the extent they are inconsistent with the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702.

**(2)**    Jim Bergman

**(a)** Mr. Bergman is an economics and financial expert with expertise in evaluating damages with respect to intellectual property disputes.   Mr. Bergman will testify consistent with his expert report, including any supplements or corrections thereto, which will include testimony regarding damages for Plaintiffs' claims, damages measurements, applicable damage frameworks and reasonable royalty analyses and facts, factors and matters relevant to Mr. Bergman's opinions regarding damages, damage measurements, applicable damage frameworks and reasonable royalty analyses.  Mr. Bergman may also rebut any opinions offered by Dr. Nieh, Mr. Meyer, or Mr. Pham on matters within his areas of expertise.

**i)** **VMware objects** to the extent Mr. Bergman intends to offer opinions that were not fully disclosed in his expert reports.  VMware objects to Mr. Bergman's testimony to the extent such testimony is objectionable under one or more of

Fed R. Evid. 702, 703, 611, 401, 402, 403, and/or is otherwise improper under applicable rules of evidence. VMware objects to Mr. Bergman's testimony to the extent his testimony is related to any evidentiary issues (including, but not limited to, motions *in limine*) raised by VMware in the parties' proposed Pretrial Order.  VMware objects to the extent that Mr. Bergman purports to instruct the jury on the law.  VMware has filed a *Daubert* motion to exclude improper opinions by Mr. Bergman in keeping with the pretrial schedule as ordered by the Court.  VMware objects to Mr. Bergman's opinions to the extent they are inconsistent with the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702.

**(3)**    Vincent Mayfield

**(a)** Mr. Mayfield is an expert in the software design and implementation industry, including virtual machine infrastructure. He has over 28 years of professional experience designing, implementing, and consulting on software and hardware solutions for private enterprises. Mr. Mayfield will testify as to the contents of his expert report, including the extent to which the words "densify," "densification," and "densifying" are not commonly used with the field, the strength of Densify's brand, and other issues in rebuttal to Dr. Pham.  To the extent Dr. Pham is permitted to testify as to whether these words are descriptive or generic, Mr. Mayfield will rebut this testimony.

   **i)** **VMware objects** to the extent that Mr. Mayfield intends to offer opinions that were not fully disclosed in his expert reports.  VMware objects to Mr. Mayfield's testimony to the extent such testimony is objectionable under one or more of Fed. R. Evid. 702, 703, 611, 401, 402, 403, and/or is otherwise

improper under the applicable rules of evidence.  VMware has moved to exclude improper and untimely opinions by Mr. Mayfield in keeping with the pretrial schedule as ordered by the Court.  VMware objects to Mr. Mayfield's testimony to the extent his testimony is related to any evidentiary issues (including, but not limited to, motions *in limine*) raised by VMware in the parties' proposed Pretrial Order.  VMware objects to Mr. Mayfield's opinions as untimely under the Scheduling Order, including for the reasons that they could have been included in a full and fair affirmative report and that his report is not proper rebuttal to the opinions of Dr. Pham.  VMware further objects to the testimony of Mr. Mayfield to the extent he lacks the requisite expertise to offer his opinions, and his opinions will be more prejudicial than helpful to the jury.  VMware further objects to Mr. Mayfield's testimony as being based on improper legal standards.  VMware objects to Mr. Mayfield's opinions to the extent they are inconsistent with the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702 and has filed a *Daubert* motion to exclude such opinions.

    **ii.**   <u>Non-expert witnesses</u>

        **a.**   Fact Witnesses Densify Will Call At Trial

**(1)**   Riyaz Somani

  **(a)** VMware reserves the right to object to the witness's testimony that is beyond the subjects identified for the witness in Cirba's initial disclosures or was not otherwise disclosed in discovery by Cirba, despite an obligation to do so.

**(2)**     Andrew Hillier

    **(a)** VMware reserves the right to object to the witness's testimony that is beyond the subjects identified for the witness in Cirba's initial disclosures or was not otherwise disclosed in discovery by Cirba, despite an obligation to do so.

**(3)**     Gerry Smith

    **(a)** VMware reserves the right to object to the witness's testimony that is beyond the subjects identified for the witness in Cirba's initial disclosures or was not otherwise disclosed in discovery by Cirba, despite an obligation to do so.

          **b.**     Fact Witnesses Densify May Call At Trial

**(1)**     Scott Browne (live)

    **(a)** VMware reserves the right to object to the witness's testimony that is beyond the subjects identified for the witness in Cirba's initial disclosures or was not otherwise disclosed in discovery by Cirba, despite an obligation to do so.

**(2)**     Chuck Tatham (live)

    **(a)** VMware reserves the right to object to the witness's testimony that is beyond the subjects identified for the witness in Cirba's initial disclosures or was not otherwise disclosed in discovery by Cirba, despite an obligation to do so.

**(3)**     Jeff Pauze (live)

    **(a)** VMware reserves the right to object to the witness's testimony that is beyond the subjects identified for the witness in Cirba's initial disclosures or was not otherwise disclosed in discovery by Cirba, despite an obligation to do so.

**(4)**    Ray Boots (live)

    **(a)** VMware reserves the right to object to the witness's testimony that is beyond the subjects identified for the witness in Cirba's initial disclosures or was not otherwise disclosed in discovery by Cirba, despite an obligation to do so.

**(5)**    Henry Jurgens (live)

    **(a) VMware objects** to Cirba calling Mr. Jurgens live as he was not properly disclosed and VMware reserves the right to object to the witness's testimony, including, but not limited to, testimony that is beyond the subjects identified for the witness in Cirba's initial disclosures or was not otherwise disclosed in discovery by Cirba, despite an obligation to do so.

**(6)**    Michael Hein (live)

    **(a)    VMware objects** to Cirba calling Mr. Hein live as he is outside the trial subpoena power of the Court, Cirba declined to proceed with his deposition after noticing him, and he is not identified in Cirba's interrogatory responses.

**(7)**    Sunny Dua (live or by prior testimony)

    **(a) VMware objects** to the extent that Cirba intends to call Mr. Dua live as he is outside the trial subpoena power of the Court.

**(8)**    Ajay Singh (live testimony or by prior testimony)

    **(a) VMware objects** to the extent that Cirba intends to call Mr. Singh live as he is outside the trial subpoena power of the Court.

**(9)**    Monica Sharma (live testimony or by prior testimony)

    **(a) VMware objects** to the extent that Cirba intends to call Ms. Sharma live as she is a third party outside the trial subpoena power of the Court.

**(10)**    David Overbeek (live testimony or by prior testimony)

    **(a) VMware objects** to the extent that Cirba intends to call Mr. Overbeek live as he is outside the trial subpoena power of the Court.

**(11)**    Pat Gelsinger (live testimony or by prior testimony)[6]

    **(a) VMware** objects to the extent that Cirba intends to call Mr. Gelsinger live as he is outside the trial subpoena power of the Court.

**(12)**    Raghu Raghuram (by prior testimony)

**(13)**    Greg Lavender (by prior testimony)

**(14)**    Chandra Prathuri (live or by prior testimony)

    **(a) VMware objects** to the extent that Cirba intends to call Mr. Prathuri live as he is outside the trial subpoena power of the Court.

**(15)**    Alex Wang (live or by prior testimony)

    **(a) VMware objects** to the extent that Cirba intends to call Mr. Wang live as he is outside the trial subpoena power of the Court.

**(16)**    Taruna Gandhi (live or by prior testimony)

    **(a) VMware Objects** to the extent that Cirba intends to call Ms. Gandhi live as she is outside the trial subpoena power of the Court.

---

[6] Densify does not agree that Pat Gelsinger should be permitted to testify at trial.  However, because he has been identified on VMware's witness list as a live witness, Densify reserves the right to call him should he be permitted to testify.

**(17)** Chris Wolf (live) [7]

    **(a) VMware objects** to the extent that Cirba intends to call Mr. Wolf live as he is outside the trial subpoena power of the Court and is an untimely addition to Cirba's Witness List.

    **B.**    **List of Witnesses Defendant Expects to Call**

VMware identifies the following witnesses whom it will or may call live or by prior testimony at trial, depending on the witness's availability. VMware reserves the right to call additional witnesses necessitated by the Court's pretrial or trial rulings or in response to Cirba's trial witnesses.

    **i.**    <u>Expert Witnesses</u>

        **a.**    Below are the expert witnesses VMware will call as live witnesses at trial, along with a disclosure of the precise subject matter on which it will ask the Court to recognize each witness's expertise:

**(1)** Jason Nieh

    **(a)** Dr. Nieh is a technical expert with expertise in virtualization technology. Dr. Nieh will testify consistent with his expert reports, which may include testimony regarding issues of non-infringement of the '687 and '367 patents, invalidity of the '687 and '367 patents, the state of the prior art, persons of ordinary skill in the art, and their knowledge at the time of the invention. Dr. Nieh may also rebut any opinions offered by Dr. Madisetti, Mr. Bergman, or Mr. Mayfield on matters within his areas of expertise.

---

[7] Densify does not agree that Chris Wolf should be permitted to testify at trial. However, because he has been identified on VMware's witness list as a live witness, Densify reserves the right to call him should he be permitted to testify.

**i) Densify objects** to Dr. Nieh's testimony to the extent such testimony is objectionable under one or more of Fed R. Evid. 702, 703, 611, 401, 402, 403, and/or is otherwise improper under applicable rules of evidence. Densify objects to the extent that Dr. Nieh's opinions are inconsistent with the claim language the Court's claim construction as not relevant and unduly prejudicial and confusing for the jury.  Densify objects to Dr. Nieh's testimony to the extent it relies upon telemetry data or conversations with Carl Waldspurger as set forth in Densify's Motions *in Limine*.  Densify objects to Dr. Nieh's testimony to the extent his testimony is related to any evidentiary issues (including, but not limited to, Motions *in Limine*) raised by Densify.  Densify objects to the extent Dr. Nieh intends to offer opinions that were not fully disclosed in his expert reports, or opinions disclosed in his expert reports that are objectionable as based on facts not disclosed in discovery and based on undisclosed, inaccurate, or misleading simulations.  Densify objects to Dr. Nieh's opinions to the extent they are inconsistent with the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702. Because Dr. Nieh has not yet been deposed, Densify reserves the right to supplement these objections after that deposition has been completed.

**(2)**     Paul Meyer

**(a)** Mr. Meyer is an economics expert with expertise in evaluating damages with respect to intellectual property disputes.  Mr. Meyer will testify consistent with his expert report, which may include testimony regarding issues of damages measurements and

reasonable royalty analysis.  Mr. Meyer may also rebut any opinions offered by Dr. Madisetti, Mr. Bergman, or Mr. Mayfield on matters within his areas of expertise.

**i)** **Densify objects** to Mr. Meyer's testimony to the extent Mr. Meyer intends to offer opinions that were not fully disclosed in his expert report.  Densify further objects to Mr. Meyer's testimony to the extent such testimony is objectionable under one or more of Fed R. Evid. 702, 703, 611, 401, 402, 403, and/or is otherwise improper under applicable rules of evidence. Densify objects to Mr. Meyer's testimony to the extent it relies upon telemetry data as set forth in Densify's Motion *in Limine*. Densify objects to Mr. Meyer's testimony to the extent his testimony is related to any evidentiary issues (including, but not limited to, Motions *in Limine*) raised by Densify.  Densify objects to the extent Mr. Meyer intends to offer opinions that were not fully disclosed in his expert reports.  Densify intends to file a Daubert motion to exclude improper opinions of Mr. Meyer in keeping with the pretrial schedule as ordered by the Court. Densify objects to Mr. Meyer's opinions to the extent they are inconsistent with the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702.  Because Mr. Meyer has not yet been deposed, Densify reserves the right to supplement these objections after that deposition has been completed.

**(3)** Michel Pham

**(a)** Dr. Pham is an expert in the areas of trademarks, marketing, branding, and consumer behavior, especially with regard to how consumers make judgments and decisions and how they respond to marketing information and communications.  Dr. Pham will testify

consistent with his expert report, which may include testimony regarding whether the terms "densify," "densifying," and "densification" are descriptive and to what extent Cirba has achieved commercial strength with respect to these terms based on certain objective external indicators.  Dr. Pham may also rebut any opinions offered by Dr. Madisetti, Mr. Bergman, or Mr. Mayfield on matters within his areas of expertise.

i) **Densify objects** to Dr. Pham's testimony to the extent such testimony is objectionable under one or more of Fed R. Evid. 702, 703, 611, 401, 402, 403, and/or is otherwise improper under applicable rules of evidence. Densify objects to Dr. Pham's testimony to the extent it is improper expert testimony, as set forth in its *Daubert* motion. Densify objects to Dr. Pham's testimony to the extent his testimony is related to any evidentiary issues (including, but not limited to, Motions *in Limine*) raised by Densify.  Densify objects to the extent Dr. Pham's intends to offer opinions that were not fully disclosed in his expert reports.  Densify objects to Dr. Pham's opinions to the extent they are inconsistent with the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702.

ii. Fact Witnesses

a.    Fact Witnesses VMware Will Call At Trial[8]

_____

[8] Densify contends that witnesses identified by VMware as "Will Call" must be called at trial. The parties agreed to distinguish between "May Call" and "Will Call," and have done so throughout their drafts and exchanges of this Pretrial Order.  Densify objects to any attempt by VMware to treat a "Will Call" witness as a "May Call" witness.  Twenty-four hours before the Pretrial Order was due to be uploaded for filing, VMware first notified Densify that it was backing out of the previous agreement to identify "Will Call" witnesses.  As a result, Densify does not have deposition designations for these witnesses and has been otherwise prejudiced in its trial presentation.  Therefore, if VMware is not required to call these witnesses, then Densify should be permitted to submit deposition designations.  **VMware's Response**: VMware has

**(1)**   Kit Colbert (live)

**(a) Densify Objects** to Mr. Colbert because he was not properly disclosed in discovery.

**(2)**   Carl Waldspurger (live)

**(a) Densify Objects** to Mr. Waldspurger because he was not properly disclosed in

discovery, and as set forth in Densify's Motion *in Limine*.

**(3)**   Ajay Singh (live)

**(4)**   Chandra Prathuri (live)

**(a) Densify Objects** to Mr. Prathuri to the extent he seeks to testify about telemetry data or

on opinions improper for a fact (non-expert) witness.

**(5)**   Taruna Gandhi (live)

**(6)**   Chris Wolf (live)

**(a) Densify Objects** to Mr. Wolf because he was not properly disclosed in discovery.

**b.**   Fact Witnesses VMware May Call At Trial

**(1)**   Pat Gelsinger (live) – testimony will be limited to the subject matter on which he was

deposed

**Densify Objects** to Mr. Gelsinger because he was not properly disclosed in discovery.

Densify also objects to the live testimony of Mr. Gelsinger on grounds to be detailed in

Densify's Motion *in Limine*.

---

made a good faith effort to identify witnesses it intends to call at trial.  Obviously, VMware's
witness list may change depending on pretrial rulings by the Court, Plaintiffs' presentation of
their case, or procedural restrictions such as time limits.

**(2)**    Alex Wang (live)

**(3)**    Andrew Hiller (live or by prior testimony)

**(4)**    Riyaz Somani (live or by prior testimony)

**(5)**    Gerry Smith (live or by prior testimony)

**(6)**    Henry Jurgens (live)

**(7)**    Tom Yuyitung (live or by prior testimony)

**(8)**    Chuck Tatham (live or by prior testimony)

**(9)**    Scott Browne (live or by prior testimony)

**(10)**   Yama Habibzai (live or by prior testimony)

**(11)**   Jeff Pauze (live or by prior testimony)

**(12)**   Ray Boots (live or by prior testimony)

**(13)**   Kleber Carraro (by prior testimony)

**(14)**   Monica Sharma (by prior testimony)

### C.    Testimony by Deposition

#### i.    By Plaintiff

Densify designated deposition testimony for the below witnesses, in keeping with D.I. 373.

**(1)**    Pat Gelsinger

**(2)**    Raghu Raghuram

**(3)**    Greg Lavender

**(4)**    Chandra Prathuri

**(5)**    Alex Wang

**(6)**    Taruna Gandhi

#### ii.    By Defendant

      **a.**    VMware's list of witnesses it may or will call by deposition may be found above.  VMware's affirmative deposition designations were exchanged on December 16, in keeping with D.I. 373.

17.    Plaintiffs' deposition designations are attached as **Exhibit 6**.  Defendant's deposition designations are attached as **Exhibit 7**.  This pretrial order contains the maximum universe of deposition designations, counter-designations, counter-counter-designations, and objections to admission of deposition testimony; none of the foregoing shall be supplemented without approval of all parties or leave of the Court, on good cause shown.  The parties further agree that they may use each other's designated testimony.

18.    Unless otherwise agreed to between the parties, the party offering deposition testimony (other than for the purpose of impeachment or cross examination) shall identify the deposition testimony intended to be offered from previously-exchanged designations by 6:00 p.m.[9] four calendar days prior to the testimony being offered into the record.  The party receiving the designations shall inform the opposing party of any objections and counter-designations by 6:00 p.m. three and a half calendar days prior to the testimony being offered into the record.  The party offering the deposition testimony shall inform the opposing party of any objections to counter-designations and of any counter-counter designations by 6:00 p.m. two calendar days prior to the testimony being offered into the record.  The opposing party shall inform the party offering the deposition testimony of any objections to counter-counter designations by 8:00 p.m. two calendar days prior

---

[9] All times are Eastern Standard time.

the testimony being offered into the record, and the parties will meet-and-confer by 9:00 p.m. that same day.

19. If there are objections that remain to be resolved, the party calling the witness by deposition shall, no later than two (2) calendar days before the witness is to be called at trial, submit, on behalf of all parties: (i) a copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, counter-counter-designations, and pending objections; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (i.e., no more than one sentence per objection) of the basis for the objection and the offering party's response to it.  Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the deposition testimony or waiver of any objection to the use of the deposition testimony.

20. If applicable, a party's designation of a page and line from a particular transcript shall be automatically deemed to include any errata indicated for that page and line in the attached errata sheets.

21. The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designations and counter-counter-designations, and shall provide a final version of the video to the other party the night before it is to be shown to the jury or state in writing that the deposition testimony will be instead read into the record.  All irrelevant and redundant material, including colloquy between counsel and objections, will be eliminated when the deposition is read or viewed at trial.

22.     When the witness is called to testify by deposition at trial, the party calling shall

provide the Court with two copies of the transcript of the designations, counter-

designations, and counter-counter-designations that will be read or played.  The

parties will be charged for all time that elapses from the time the witness is called

until the next witness is called, according to the proportions to be provided by the

parties.

23.     For those witnesses whose depositions or prior trial testimony will be played or

read, the parties shall be permitted to make brief transition statements to introduce

the witnesses by name, position or title, and/or the company to which he or she is

associated, the time for which shall be charged to the party offering the witness's

testimony, unless otherwise agreed to by the parties.  However, counsel shall not

be permitted to argue or comment on the evidence during transition statements.

24.     Deposition designations, counter-designations, and counter-counter-designations

from a single deposition will be introduced at trial together in the sequence in

which the testimony originally occurred.  If there are designations from more than

one deposition of a witness, the designations will be played in chronological

order.

### D.     <u>Impeachment with Prior Inconsistent Testimony</u>

25.     The parties agree that any exhibit or prior testimony used only for purposes of

impeachment need not be disclosed on the list of exhibits or deposition designations contained in

this pretrial order.

26.     Pursuant to Fed. R. Evid. 613, deposition and other testimony or statements not

specifically identified on a party's deposition designation list or exhibit list may be used at trial

for the purpose of impeachment, if otherwise competent for such purpose.  The parties agree that in connection with efforts to impeach a witness (whether an expert or fact witness) with prior testimony, [**Densify proposes**:  no further language.  Plaintiffs do not agree there should be objections based on lack of completeness or inconsistency.  Instead, these issues can be handled on redirect.]  [**VMware proposes:** objections for incompleteness and/or lack of inconsistency are permitted.**]**

### E.    <u>Objections to Expert Testimony</u>

27.    The parties request that the Court rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, with that time being charged to the party losing the argument on such objections.

28.    Only opinions fully disclosed pursuant to Federal Rule of Civil Procedure 26 may be presented at trial.  To the extent not otherwise ruled upon pre-trial, the Court should address such issues at trial and if necessary, through post-trial motions and submissions.

29.    The parties request that the Court rule at trial on objections to expert testimony that is not proper rebuttal testimony, taking time from the parties' trial presentation to argue and decide such objections, with that time being charged to the party losing the argument on such objections.

## VI.    EXHIBITS

### A.    <u>Exhibits</u>

30.    The parties' joint list of trial exhibits is attached as **Exhibit 8**.

31.    Densify's list of pre-marked exhibits to be offered at trial and VMware's objections thereto are attached hereto as **Exhibit 9**.  Densify reserves the right to modify this list

to exclude exhibits should Densify prevail on its motions to exclude telemetry evidence or other motions for exclusion.

32.     VMware's list of pre-marked exhibits to be offered at trial and Plaintiffs' objections thereto are attached hereto as **Exhibit 10**.  VMware reserves the right to modify this list in light of the Court's rulings.

33.     Except for demonstrative exhibits, and exhibits to be used solely for impeachment, and Rule 1006 exhibits[10], this pretrial order contains the maximum universe of exhibits to be used in any party's case, whether on direct examination or cross-examination, as well as all objections to the admission of such exhibits, neither of which shall be supplemented without approval of all parties or leave of the Court, on good cause shown [**Densify's Proposal:** no additional language.  Densify does not agree that supplementation of the exhibit lists is appropriate after the Pretrial Order deadline of January 2, and VMware's supplementation after that date without good cause is prejudicial.] [**VMware's Proposal**: after January 7].  A party may offer any exhibit appearing on either party's exhibit list, either in direct examination of its own witness or on cross-examination of an adverse witness.  Exhibits not listed will not be admitted unless good cause is shown.

---

[10] The Parties agree that Rule 1006 exhibits need not be included on a party's pre-trial exhibit list and will be disclosed with sufficient and reasonable notice for review and/or objection, but at least [**Densify Proposes:** three days, so the parties have time to investigate them.  (Densify does not agree that VMware's proposed disclosure of Rule 1006 exhibits with one day advance notice is consistent with any section of this Pretrial Order or the Court's standard Pretrial Order.)] [**VMware Proposes:** one day (consistent with IV.B.2 below and the Court's standard Patent Pretrial Order IV.B)] in advance of its anticipated use (as provided herein), provided that any exhibits from which a particular Rule 1006 exhibit is derived have been disclosed on the parties' exhibit lists (including any supplements thereto).  The parties will include any such Rule 1006 exhibits on the final exhibit list provided to the Court after trial.

34.     No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit.  At some point before the completion of the witness's testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number. Exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence.  Once admitted, counsel may publish exhibits to the jury without requesting to do so.

35.     A party will identify exhibits to be used in connection with direct examination [**Densify proposes**: , excluding Rule 1006 exhibits, by 7:00 pm the night before their intended use, and objections will be provided no later than 9:00 p.m. before their intended use, consistent with the Court's standard Patent Pretrial Order.] **[VMware proposes:**, including Rule 1006 exhibits, by 6:00 pm the night before their intended use, and objections will be provided no later than 8:00 p.m. before their intended use, consistent with the Court's standard Patent Pretrial Order].  If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the stand.  Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

36.     The previous paragraph's procedures regarding disclosure of exhibits do not apply to exhibits used for impeachment or cross examination of a witness.

37.     Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness and moved into evidence as provided above.

38.     The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

39.     The parties stipulate that all exhibits produced by any party or third party by subpoena are deemed authentic in this case to the extent the documents were created by the producing party.

40.     On or before the first day of trial, each party will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list corresponding to their respective final exhibit lists. Plaintiff shall provide a completed AO Form 187 exhibit list for all joint exhibits.

**B.      Demonstrative Exhibits**

41.     The parties will exchange demonstratives and a list of exhibits that they intend to use in their opening statements by 8:00 p.m. two nights before opening statements.  The parties will provide any objections to such demonstratives or exhibits by 12:00 p.m. (noon) on the day before opening statements.

42.     A party will provide demonstrative exhibits to be used in connection with direct examination by 6:00 p.m. the day before their intended use, and objections will be provided not later than 8:00 p.m. the night before their intended use.  If any of the demonstratives changes after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

43.     The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF or other electronic form labeled with the exhibit or demonstrative number.  Any demonstrative that includes an animation, flash file, or similar moving image shall be exchanged in a manner sufficient to permit the receiving party to see the

moving images.  Exchange of large boards is not required, and these demonstrative exhibits may be exchanged in 8½" x 11" format with the PDF/electronic exhibits being exchanged at that same time.  In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony, and which contain no additional markings, commentary, or alterations, are not required to be provided to the other side in advance of their use.

44.     The above procedures regarding disclosure of demonstratives do not apply to exhibits used for impeachment or cross examination of a witness, none of which need to be provided to the other side in advance of their use.

45.     If good-faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention prior to the opening statements or prior to the applicable witness being called to the witness stand.  Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of a demonstrative or waiver of objection to the demonstrative.  Nothing in the foregoing is a waiver of any objection to the testimony of a witness in connection with the demonstrative.

### C.     Source Code

46.     The parties will meet and confer in advance of the pretrial conference to discuss appropriate procedures for the use and admission of source code at trial and discuss their proposals at the conference.

## VII.   DAMAGES

### A.     Densify's Position

47.     At trial Densify will seek damages in the form of reasonably royalties, lost profits, enhanced damages and/or other damages specified herein.

#### ii.     Claims I and II For Patent Infringement

48.     Densify contends that pursuant to 35 U.S.C. §284, VMware owes Densify damages for VMware's infringement of the patents-in-suit.  With respect to its First Claim for Relief for infringement of the '687 Patent and its Second Claim for Relief for infringement of the '367 Patent, Densify will ask the jury to award damages through trial in the form of reasonable royalties to Densify for VMware's infringement of the patents-in-suit in at least the following amounts:

| | | |
|---|---|---|
| Royalty for the *'687 Patent* for infringement *regarding DRS* and the Accused Products that interoperate with DRS | ██████ | |
| Royalty for the *'687 Patent* for infringement regarding *vROps 7/8* and the Accused Products that interoperate with vROps 7/8 | ██████ | |
| Royalty for the *'367 Patent* for infringement of *vROps 6.2 and later*. | ████████ | |
| **Total** | ████████ | |

49.     Densify may further seek an award of lost profits, to the extent not duplicative of reasonable royalty damages, associated with VMware's infringement of the '687 Patent and '367 Patent in an amount to be proven at trial to the extent supported by testimony.

50.     Densify will further seek an award of pre-judgment interest.  Densify will also seek an award of post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and/or Federal Rule of Civil Procedure, Rule 54 or other applicable law.  Densify also seeks attorneys' and costs fees pursuant to 35 U.S.C. § 285 or other applicable law.  Moreover, due to the deliberate and willful infringement and exceptional case circumstances, Densify also seeks enhanced damages to be determined by the Court.  35 U.S.C. § 284.

51.     Further, to the extent an injunction is not granted for some or all of the infringing conduct, Densify will seek an ongoing royalty for the life of the '687 and '367 Patents, respectively, in an amount to be determined by the Court.  35 U.S.C. § 283.

### iii.    Claims III Through V

52.    For Claims III through V, Densify will further seek an award of damages through trial for VMware's infringement of the Densify marks in the amount of ███████.  Densify will further seek an award of other damages to be proven at trial as well as pre-judgment interest. Densify will also seek an award of post-judgment interest, costs, and disbursements as justified under applicable law.

53.    Moreover, for Claim III, Densify will show that VMware's infringement of Densify's rights under the Lanham Act was deliberate, willful, or intended to deceive, meriting enhanced damages and attorneys' fees.

54.    Also, for Claim IV, Densify will show that VMware has willfully engaged in deceptive trade practices in violation of Delaware law, and is entitled to attorneys' fees on that basis. Densify will further show that VMware has infringed Densify's common law and statutory rights and is thus entitled to enhanced damages under Delaware Code Title 6 § 2532 and other applicable law.

### B.    **VMware's Position**

55.    As Cirba will be unable to prove infringement of any valid patent or protectable trademarks, Cirba is entitled to no damages or any other remedy.  Cirba also will not be able to show that VMware's alleged infringement was willful.

56.    In the event (1) one or more of the asserted claims is found infringed and not invalid; or (2) one or more of the asserted marks is found protectable and infringed, and VMware's use is not a fair use, Cirba should be precluded from seeking lost profits.  Cirba's expert has alleged that lost profits are not reasonably calculable and has declined to present a lost

profits damages theory on that basis.  Moreover, as a matter of law, Cirba IP, Inc. may not recover any alleged lost profits sustained by Cirba Inc.

57.    Cirba should also be precluded from seeking willful infringement (and thus enhanced damages) or pre-suit indirect infringement of the asserted patents because Cirba lacks evidence of pre-suit knowledge of the asserted patents pursuant to the 2015 February 2015 Nondisclosure Agreement.

## VIII.   BIFURCATED TRIAL

58.    The parties are not seeking a bifurcated trial. The Court previously ordered that VMware's counterclaims proceed on a separate schedule and the Court has set trial for those counterclaims for September 13, 2021.   This pretrial order shall govern only the remainder of the case with respect to Plaintiffs' claims against VMware and VMware's associated affirmative defenses and counterclaims for declaratory judgment of non-infringement, invalidity, and fair use.

59.    This pretrial order may not address all issues solely related to Plaintiffs' request for a permanent injunction.  To the extent that proceedings related to that request become necessary, the parties reserve the right to supplement this pretrial order to include evidence that may be relevant solely to such proceedings.

## IX.     MOTIONS IN LIMINE

60.    Per the Court's Scheduling Order as amended, attached hereto as **Exhibit 11** are the parties' motions *in limine* and responses. Exhibits 11A through 11C are Plaintiffs' motions *in limine* and responses, and Exhibits 11D through 11F are Defendant's motions *in limine* and responses.

X.    **DISCOVERY**

61.    Each party has completed fact discovery.  Expert discovery is ongoing.

XI.    **NUMBER OF JURORS**

62.    There shall be eight jurors. The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading *voir dire* to the jury panel in the courtroom, continuing by meeting with jurors individually in chambers or at sidebar and there addressing any challenges for cause, and concluding back in the courtroom with peremptory strikes.

XII.    **NON-JURY TRIAL**

63.    [**Plaintiffs Propose:** Densify has requested a permanent injunction.  The parties propose that the Court set a briefing schedule relating to the permanent injunction after the trial has been completed, as appropriate.  Densify intends to present facts relating to its request for the permanent injunction as it is trying the case to the jury and the witnesses are present.  Both parties reserve the right to present additional evidence post-trial as needed for the Court's permanent injunction determination.]  [**VMware Proposes:**  VMware objects to any presentation of facts to the jury that pertain only to Plaintiffs' request for permanent injunction.  The parties will be on the clock and should address only those claims that are being tried to the jury.  For example, if Cirba intends to argue that it is entitled to an injunction because it has a lost a major customer, that evidence should not be presented to the jury.  The only reason for presenting such evidence to the jury would be to inflame passions and to generate sympathy for Cirba.  If, in connection with permanent injunction briefing, there are additional facts such as purportedly losing a customer due to infringement, such evidence can be presented by declaration or, in the alternative, the Court can hold a short evidentiary hearing after the jury trial.]

### XIII.   LENGTH OF TRIAL

64.     The trial will be timed.  Unless otherwise ordered, time will be charged to a party

for its opening statement, direct and redirect examinations of witnesses it calls,

cross-examination of witnesses called by any other party, closing argument, and its argument on

any motions for judgment as a matter of law.  With respect to argument on objections raised

(outside the presence of the jury) to another party's exhibits and demonstrative exhibits, time

shall be charged according to the amount of time each party spends making its arguments.

65.     The Courtroom Deputy will keep a running total of trial time used by counsel.  If

any party uses all of its allotted trial time, the Court will terminate that party's trial presentation.

66.     Considering the Court's procedures for counting time, and considering the nature

and extent of the parties' disputes, the parties request 36 hours for their trial presentation.

### XIV.   MOTIONS FOR JUDGMENT AS A MATTER OF LAW

67.     The parties will make short oral presentations of their motions for judgment as a

matter of law (JMOL) at the earliest break following the close of a party's case-in-chief on a

particular claim or defense, and outside of the presence of the jurors.  [**Densify's position**: the

parties may supplement their oral presentation post-trial] [**VMware's position**: Within 24 hours

of any such oral presentation, the party moving for JMOL may supplement in writing its oral

JMOL].  If warranted, the parties may renew such motions at the appropriate time later in the

trial or post-trial.

### XV.   AMENDMENTS OF THE PLEADINGS

68.     [**VMware Proposal:**  VMware's Answer and Counterclaims to Densify's First

Amended Complaint should be amended to conform to the evidence that Cirba Inc. lacks

standing to sue for infringement of the asserted patents in this action.  To the extent that the

Court wants to resolve this issue pre-trial, VMware proposes the following short briefing schedule: VMware files a 5 page, single-spaced letter brief on January 8, 2020, Cirba files a 5 page, single-spaced answering letter brief on January 11, 2020, and VMware files a 3 page, single-spaced responsive letter brief on January 9, 2020.**]**

[**Densify Proposal:** Densify does not believe it is necessary or appropriate to amend the Answer and Counterclaims. Given that VMware has waited until this point to raise the issue with the Court, Densify suggests that it be addressed post-trial if helpful to the Court given Densify's limited resources. If pretrial briefing is necessary, it would be appropriate for Densify to have an equivalent number of pages for briefing as VMware has.]

## XVI.   ADDITIONAL MATTERS

69.     As noted above, VMware contests Cirba Inc.'s standing to sue. The parties disagree on the proposal above regarding a briefing schedule.

70.     The parties anticipate that the majority of the trial will be open to the public and not sealed unless a party specifically requests that a particularly sensitive portion be sealed. If a party makes such a request, subject to the Court's approval and for good cause shown, the courtroom shall be cleared of those individuals not qualified to hear such confidential information under the Protective Order entered in this case, except that each party's corporate representative(s) may remain in the courtroom throughout the entirety of trial subject to Rule 615 of the Federal Rules of Evidence. The parties may show particular circumstances as appropriate to exclude party representatives other than the corporate representative designated as the party's representative under Rule 615 of the Rules of Evidence.

71.     [**Densify proposes:** The parties should follow the Court's normal procedure for cases at this stage.] [**VMware proposes:** subject to the approval of the Court, the provision in

the scheduling order for abbreviated briefing on any motion (D.I. 174, ¶ 20) shall not apply from this point forward.]

72.     The parties provide the following list of additional issues requiring resolution prior to trial:

### a.     Densify's List of Issues

73.     VMware has stated its intention to present to the jury that it has filed counterclaims for patent infringement in this case and that it owns other patents (beyond those used for its prior art defenses).  Such information about counterclaims (which have been severed and are not part of this case) and other patents are irrelevant to this trial.  Presenting them will be confusing to the jury and unduly prejudicial, suggesting incorrectly that VMware counterclaims and other patents somehow affect its liability or have any bearing on the issues to be decided by the jury.  VMware should not be permitted to discuss its counterclaims and patents (other than as relevant to its prior art defenses).

74.     VMware has indicated it intends to present its patent eligibility defense (35 U.S.C. §101) to the jury.  Densify's understanding is that the Court has already rejected this defense.  (D.I. 137, D.I. 138 at 201:7-202:7.)  Specifically, Densify understands that the Court determined that the '687 patent is patent eligible based on the patent itself as a matter of law, and that there are no additional factual issues to be tried.

75.     As noted above, Densify seeks a permanent injunction in connection with its patent and trademark claims.  Densify understands that the Court will make a determination as to the permanent injunction, as appropriate, after the completion of the jury trial.  For efficiency because most of the necessary witnesses will be present, Densify intends to present evidence relating to the permanent injunction at the same time as its damages presentation.  Densify

suggests that the Court set a schedule for any post-trial briefing on the permanent injunction at the conclusion of the jury trial.

76.     The Court has requested additional briefing on claim construction.  To the extent claim constructions change or new constructions are issued, Densify may need to amend or update some of its infringement and invalidity theories.

77.     Densify is not repeating here the issues set forth in its motions *in limine*, which are included with this pretrial order.  Those are issues that remain to be decided by the Court.

78.     Densify has notified certain third parties of the possibility that their confidential information may be disclosed at trial.  To the extent that any of the third parties wish to seal their confidential information at trial, Densify would like the Court's guidance on the preferred procedures for the same.

### a.     VMware's List of Issues

79.     VMware objects to Plaintiffs' request that the Court refer to Cirba Inc. and Cirba IP, Inc. collectively as "Densify" at trial before the jury and in the pre-trial order submissions.  It is factually inaccurate to refer to both Plaintiffs as "Densify" when only Cirba Inc. does business under the name "Densify."  Nor do Plaintiffs have a registered trademark on the name "Densify." The only word that the two Plaintiffs have in common is "Cirba."  It would also be confusing and prejudicial to refer to Plaintiffs as "Densify" when the asserted marks at issue (which VMware contests that Plaintiffs are entitled to) are variants of the words Densify and include "Densify," "Densifying," and "Densification."  To avoid such factual inaccuracy, confusion, and prejudice, VMware proposes that Plaintiffs shall be referred to collectively as "Cirba" or "Plaintiffs."  That is especially important in documents that the Court reads or presents to the jury, such as the Statement of the Case, Verdict Form, or Jury Instructions.  To be clear, VMware

does not object to the Court referring to Plaintiffs by their company names, as reflected in the case caption.

80.     VMware objects to any presentation of evidence related solely to Plaintiffs' requested permanent injunction, such as evidence of purportedly losing a large customer due to the alleged infringement.  Such a presentation would be irrelevant and needlessly confusing for a jury that is not considering permanent injunction and highly prejudicial to VMware.  VMware has also submitted a motion *in limine* to exclude such irrelevant and prejudicial information.

81.     VMware anticipates that Cirba will seek to introduce speculative and inadmissible evidence of confusion to support its trademark claims.  Such evidence may include hearsay evidence of actual confusion, speculative lay testimony that consumers are likely to be confused, and speculative and/or unqualified expert testimony that confusion is likely.  To the extent not otherwise ruled upon pre-trial, the Court should address such issues at trial and if necessary, through post-trial motions and submissions.

82.     Given Plaintiffs' recently revised Bergman Report, served on December 27, 2019, VMware understands that Plaintiffs are no longer seeking to introduce evidence regarding sales of the accused products to U.S. government entities.  To the extent that Plaintiffs attempts at a later date to introduce evidence, VMware reserves the right to object that Cirba is not entitled to a remedy for any alleged infringement based on such sales pursuant to 28 U.S.C. § 1498.

83.     VMware anticipates that Cirba will seek to introduce evidence regarding VMware's total revenues for its accused products, despite the fact that such evidence will unduly prejudice the jury.  To the extent not otherwise ruled upon pre-trial, the Court should address such issues at trial and if necessary, through post-trial motions and submissions.

84.     Counsel for Cirba has represented that Cirba will not pursue infringement under a doctrine of equivalents theory.  To the extent that Cirba attempts at a later date to introduce evidence regarding infringement under a doctrine of equivalents theory, VMware reserves the right to object to such evidence at least because Cirba's infringement expert did not articulate such a theory in his expert reports.

85.     The parties should be held to their Rule 26 disclosures and should not be permitted to offer testimony beyond the scope disclosed in timely served expert reports. VMware objects to the extent that Plaintiffs seek to offer testimony beyond the bounds of Rule 26, including:

      **a.**     To the extent that Plaintiffs intend to rely on lay opinion testimony, such as from Plaintiffs' late disclosed "consultant" Eric Forister. Plaintiffs failed to disclose any such lay opinions as part of their expert or damages disclosures under Rule 26.

      **b.**     Dr. Madisetti brought 17 pages of "technical notes" to his December 27 deposition that had not been previously produced. The 17 pages of unproduced "technical notes" and any testimony pertaining to those notes should be disallowed at trial.

      **c.**     Dr. Madisetti has shifted his infringement theories since his expert report, offering at least two previously undisclosed theories for the first time during his deposition that VMware's expert did not have time to fully consider: that Claims 3 and 7 are directed to transforming or managing existing virtual environments with "existing guests" and that every single VM has previously been

moved from its current host.  Dr. Madisetti should be precluded from offering opinions not fully disclosed in his expert report.

**d.**    VMware anticipates that Cirba may seek to introduce new opinions through its infringement or invalidity expert related to the construction of the terms "virtualized environment," "rule sets," and "platform."  Dr. Madisetti's new opinions may require additional claim construction.  To the extent not otherwise ruled upon pre-trial, the Court should address such issues at trial and if necessary, through post-trial motions and submissions.

86.    VMware reserves the right to amend or update its noninfringement, invalidity, or damages theories or defenses in light of any ruling by the Court, including the pending claim construction dispute.

87.    VMware has informed Plaintiffs' counsel that VMware will not introduce evidence of VMware's counterclaims, so Plaintiffs' objection on this point is moot.

88.    VMware does not repeat here all the issues set forth in its *Daubert* motions or the motions *in limine* included with this pretrial order.

## XVII.  SETTLEMENT

89.    The parties hereby certify that they have engaged in a good faith effort to explore the resolution of the controversy by settlement.  The parties exchanged initial term sheets and attended a mediation conference before Judge Burke on December 20.  To date, the parties have been unable to reach a resolution.

**IT IS HEREBY ORDERED** that this order shall control the subsequent course of the

action, unless modified by the Court to prevent manifest injustice.

APPROVED AS TO FORM AND SUBSTANCE:

Dated: January 2, 2020

   */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

OF COUNSEL:

Courtland L. Reichman (*pro hac vice*)
Shawna Ballard (*pro hac vice*)
Jennifer P. Estremera (*pro hac vice*)
Kate Falkenstien (*pro hac vice*)
Ariel C. Green (*pro hac vice*)
Reichman Jorgensen LLP
100 Marine Parkway, Suite 300
Redwood Shores, California 94065
(650) 623-1401
creichman@reichmanjorgsensen.com
sballard@reichmanjorgsensen.com
jestremera@reichmanjorgensen.com
kfalkenstien@reichmanjorgensen.com
agreen@reichmanjorgensen.com

Christine E. Lehman (*pro hac vice*)
Reichman Jorgensen LLP
818 Connecticut Ave NW, Suite 850
Washington, DC 20006
(202) 894-7310
clehman@reichmanjorgensen.com

Gary J. Toman (*pro hac vice*)
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
(404) 876-2700
gtoman@wwhgd.com

   */s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

OF COUNSEL:

Arturo J. Gonzalez
Michael A. Jacobs
Richard S. J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
agonzalez@mofo.com
mjacobs@mofo.com
rhung@mofo.com

Bita Rahebi
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
brahebi@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202-5638
(303) 592-2204
sllewellyn@mofo.com

*Attorneys for Defendant VMware, Inc.*

Khue V. Hoang (*pro hac vice*)
Wesley L. White (*pro hac vice*)
Reichman Jorgensen LLP
100 Park Avenue, Suite 1600
New York, NY 10017
(212) 381-1965
khoang@reichmanjorgensen.com
wwhite@reichmanjorgensen.com

*Attorneys for Plaintiffs*
*Cirba Inc.(d/b/a Densify) and Cirba IP, Inc.*

Date: _____, 2020         _____

UNITED STATES DISTRICT JUDGE

# EXHIBIT 1
# (Uncontested Facts – Joint)

**EXHIBIT 1**
**JOINT STATEMENT OF UNCONTESTED FACTS[1,2]**

The following facts are not disputed or have been agreed to or stipulated to by the parties:

### A. The Parties

1.      Cirba, Inc. (d/b/a Densify) is a Canadian privately-owned corporation headquartered in Markham, Ontario. Densify's principal place of business is located at 400 – 179 Enterprise Boulevard Markham, Ontario L6G 0E7 Canada.

2.      Cirba IP, Inc. is a Canadian privately-owned corporation headquartered in Markham, Ontario. Cirba IP is located at 400 – 179 Enterprise Boulevard Markham, Ontario L6G 0E7 Canada.

3.      Cirba IP, Inc. is a wholly owned subsidiary of Cirba, Inc. Cirba IP, Inc. owns all right, title, and interest in and to the patents asserted against VMware in this case.

4.      Cirba Inc.[34] was founded in 1999.

---

[1] By Oral Order dated October 15, 2019 (D.I. 225), the Court severed VMware, Inc.'s patent infringement counterclaims and directed the parties to submit a proposed scheduling order for the severed counterclaims on December 13, 2019.  Accordingly, the parties have not included in this submission their positions with respect to VMware, Inc.'s patent infringement counterclaims.  Densify does not agree that this footnote statement should be read to the jury.

[2] The parties have not set forth herein uncontested facts uniquely related to Cirba's claim for a permanent injunction.  If needed, the parties will supplement this Exhibit to set forth such facts in advance of any proceedings related to such claim.  Densify does not agree that this footnote statement should be read to the jury.

[3] VMware does not consent to referring to Plaintiffs as "Densify" before the jury and will contest such attempts.  For the purposes of this joint statement of facts uncontested by any party, "Plaintiffs" should be used.

[4] Densify disagrees that Defendant has any right to object to Densify's company name being read to the jury and requests that the Court refer to Plaintiffs as Densify throughout.  Further, Densify disagrees with VMware's position that there is factual inaccuracy or prejudice to VMware in using the name Densify.  In fact, the opposite is true, and it would be inaccurate and prejudicial to Densify *not* to refer to them by the name Densify.

5.      VMware, Inc. is a publicly traded corporation organized and existing under the laws of the State of Delaware.  VMware's headquarters are located at 3401 Hillview Ave, Palo Alto, California.

6.      VMware was founded in 1998.

7.      [**Densify proposal:** Densify] [**VMware proposal:** Plaintiffs] filed the present lawsuit against VMware on April 25, 2019.

8.      Neither party contests that for purposes of [**Densify proposal:** Densify's] [**VMware proposal:** Plaintiffs'] claims against VMware in this action, the Court has personal jurisdiction over VMware and venue is proper.

### B.  Patents-in-Suit

#### i.  The '687 Patent

9.      United States Patent No. 8,209,687 (the "'687 patent") is entitled "Method and System for Evaluating Virtualized Environments."

10.     [**Densify proposal:** Densify] [**VMware proposal:** Plaintiffs have] asserted claims 3 and 7 of the '687 patent in this action.

11.     The application leading to the '687 patent, United States Patent Application No. 12/201,323, was filed on August 29, 2008.

12.     On June 26, 2012, the United States Patent and Trademark Office issued the '687 patent.

13.     Tom Silangan Yuyitung and Andrew Derek Hillier are the named inventors of the '687 Patent.

14.     VMware does not have a license to the '687 Patent.

#### ii. The '367 Patent

2.      United States Patent No. 9,654,367 (the "'367 Patent") is entitled "System and Method for Determining and Visualizing Efficiencies and Risks in Computing Environments."

3.      [**Densify proposal:** Densify] [**VMware proposal:** Plaintiffs] have asserted claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 Patent in this action.

4.      The '367 Patent was issued by the United States Patent and Trademark Office on May 16, 2017.

5.      Andrew Derek Hillier is the named inventor of the '367 Patent.

6.      The application leading to the '367 patent, United States Patent Application No. 14/180,438, was filed on February 14, 2014.

7.      VMware does not have a license to the '367 Patent.

EXHIBIT 2
(Contested Facts – Densify)

**EXHIBIT 2**
**DENSIFY'S STATEMENT OF FACTS TO BE LITIGATED AT TRIAL**

The following statement of contested facts that remain to be litigated is based on the parties' pleadings, documentary and testimony evidence, and on Densify's current understanding of VMware's claims and defenses.  Densify reserves the right to modify or supplement the issues of fact to be litigated in light of any pretrial rulings by the Court. Densify contends that the issues of fact (or mixed questions of fact and law) that remain to be litigated at trial and decided by the jury are as follows:

**I.     STATEMENT OF ISSUES OF FACT**

**A.     Standing**

1. ████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████ VMware has raised this issue.  Densify includes

it here for completeness, but does not agree it needs to be tried.

**B.     Infringement**

2.     Whether VMware has infringed, is infringing, or is likely in the future to infringe, directly or indirectly, Claims 3 and 7 of the '687 Patent.

3.     Whether VMware has infringed, is infringing, or is likely in the future to infringe, directly or indirectly, Claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 Patent.

**C.     Willful Infringement**

4.     Whether VMware has willfully infringed the '687 Patent, including claims 3 and/or 7.

1

5. Whether VMware has willfully infringed the '367 Patent, including claims 1, 2, 4-5, 9, 11, 13, 15-17, and/or 19.

6. Whether VMware acted despite an objectively high likelihood that its actions constituted infringement of the '687 Patent, including claims 3 and/or 7.

7. Whether VMware acted despite an objectively high likelihood that its actions constituted infringement of the '367 Patent, including claims 1, 2, 4-5, 9, 11, 13, 15-17, and/or 19

8. Whether the objectively defined risk was either known or should have been known to VMWare.

**D.    Validity**

9. Whether VMware can prove that references asserted by VMware are prior art to the '687 Patent.

10. The differences between the claimed inventions of the '687 Patent and the prior art.

11. Whether VMware can prove that any Asserted Claim of the '687 Patent is invalid as anticipated by the Hillier, Raman, VirtualCenter 2, Mateo, Ji, Chambers, or Wahlhert references (or other references VMware is permitted to raise).

12. Whether VMware can prove that any Asserted Claim of the '687 Patent is invalid as obvious in view of the Hillier, Raman, VirtualCenter 2, Mateo, Ji, Chambers, or Wahlhert references (or other references VMware is permitted to raise).

13. Whether objective evidence of non-obviousness tends to show that the Asserted Claims of the '687 Patent are not obvious, the extent of any proffered evidence of non-obviousness, and whether a nexus exists between the evidence and the claimed inventions.

14. Whether VMware can prove that references asserted by VMware are prior art to the '367 Patent.

15.     The differences between the claimed inventions of the '367 Patent and the prior art.

16.     Whether VMware can prove that any Asserted Claim of the '367 Patent is invalid as anticipated by the vCenter Operations 1.0, vCenter Operations Standard Evaluator's Guide, Barber, Bailey, Barnard, Cannon, O'Sullivan, Wong, or Akorri BalancePoint references (or other references VMware is permitted to raise).

17.     Whether VMware can prove that any Asserted Claim of the '367 Patent is invalid as obvious in view of the vCenter Operations 1.0, vCenter Operations Standard Evaluator's Guide, Barber, Bailey, Barnard, Cannon, O'Sullivan, Wong, or Akorri BalancePoint references (or other references VMware is permitted to raise).

18.     Whether objective evidence of non-obviousness tends to show that the Asserted Claims of the '367 Patent are not obvious, the extent of any proffered evidence of non-obviousness, and whether a nexus exists between the evidence and the claimed inventions.

19.     The scope and content of the prior art for each Asserted Patent.

20.     The level of ordinary skill in the art for each Asserted Patent.

21.     Whether the prior art references or combinations alleged by VMware are enabled.

22.     Whether VMware can prove that a person of ordinary skill would be motivated to combine the references relied on by VMware in its obviousness combinations with a reasonable expectation of success.

23.      Whether VMware can show by clear and convincing evidence that claims 1,2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent are invalid under 35 U.S.C. 112 for lack of written description.

**E.      Damages and Injunctive Relief**

24.      The total amount of damages that Densify is entitled to as compensation for VMware's infringement of the '687 Patent.

25.      The appropriate measure of damages as compensation to Densify for VMware's infringement of the '687 Patent.

26.      The total amount of enhanced damages that Densify is entitled to for VMware's willful infringement of the '687 Patent.

27.      The total amount of damages that Densify is entitled to as compensation for VMware's infringement of the '367 Patent.

28.      The appropriate measure of damages as compensation to Densify for VMware's infringement of the '367 Patent.

29.      The total amount of enhanced damages that Densify is entitled to for VMware's willful infringement of the '367 Patent.

30.      Whether Densify is entitled to a permanent injunction, including whether Densify is likely to be irreparably harmed by VMWare's wrongful conduct, the balance of equities favors entry of a permanent injunction, and a permanent injunction is in the public interest.

31.      Whether Densify is entitled to an ongoing royalty or other damages or an accounting in relation to ongoing infringement, to the extent an injunction has not been issued.

**F.      Trademark**

32.      Whether Densify owns all right, title, and interest in and to the trademark and service marks including "DENSIFY," "DENSIFICATION," and "DENSIFYING" (collectively, the "Densify Trademarks").

33.    Whether Densify has used the Densify Trademarks in connection in the U.S. in interstate commerce in connection with its goods and services since at least as early as 2015.

34.    Whether the Densify Trademarks have come to be associated exclusively with a single source, specifically, Densify and its products and services.

35.    Whether the Densify Trademarks embody the substantial goodwill Densify has built in its company and its well-regarded products.

36.    Whether Plaintiffs possess trademark rights in the word Densify and formatives thereof.

37.    Whether VMware's use of the Densify Trademarks is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of VMware with Densify, or as to the origin, sponsorship or approval of VMware's goods, services, or commercial activities by Densify.

38.    Whether such conduct was deliberate, willful, and/or intended to cause confusion, mistake, or deception.

39.    Whether VMware's use of Densify Trademarks has created a likelihood of consumer confusion as to VMware's products use of Densify's products or services, VMware's association with Densify or its products or services, or is substantially the same as Densify's products or services.

40.    Whether VMware has passed off its goods and services as those of Densify or otherwise caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval of its products or its affiliation with, connection with, association with, or certification by Densify.

41.    Whether VMware has committed deceptive trade practices under Delaware law.

5

42.     Whether VMware's actions constitute common law trademark infringement.

## II.     STATEMENT OF INTENDED PROOF

Densify will offer the following proof at trial:

### A.     Infringement

43.     Proof that VMware has literally infringed, is literally infringing, or is likely in the future to infringe, through direct and indirect infringement, Claims 3 and 7 of the '687 Patent by performing the claimed methods and inducing others to perform the claimed methods, in this District and in the United States, including through the use of the Accused Products.

44.     Proof that VMware has literally infringed, is literally infringing, or is likely in the future to infringe, through direct and indirect infringement, Claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 Patent by making, using, selling, offering to sell, and/or importing in this District and into the United States products and/or methods covered by one or more claims, including the Accused Products.

### B.     Willful Infringement

45.     Proof that VMware performed the claimed methods and induced others to perform the claimed methods, in this District and in the United States, including through the use of the Accused Products despite an objectively high likelihood that its actions constituted infringement of the '687 Patent.

46.     Proof that the objectively defined risk was known and/or should have been known to VMware.

47.     Proof that VMware made, used, sold, offered to sell, and/or imported the products and/or methods covered by one or more claims, including the Accused Products despite an objectively high likelihood that its actions constituted infringement of the '367 Patent.

6

48.     Proof that the objectively defined risk was either known or should have been known to VMWare.

**C.     Validity**

49.     Proof of the patents-in-suit.

50.     Proof rebutting VMware's assertion that references asserted by VMware are prior art to the '687 Patent.

51.     Proof rebutting VMware's assertion that non-patent and non-publication references relied on VMware are corroborated.

52.     Proof rebutting VMware's assertion that the prior art references or combinations alleged by VMware are enabled.

53.     Proof rebutting VMware's assertion that any of the Asserted Claims of the '687 Patent are invalid as anticipated by the prior art.

54.     Proof rebutting VMware's assertion that any of the Asserted Claims of the '687 Patent are invalid as obvious in view of the prior art, including proof that a person of ordinary skill would not be motivated to combine the references relied on by VMware, and proof of objective indicia of non-obviousness.

55.     Proof rebutting VMware's assertion that references asserted by VMware are prior art to the '367 Patent.

56.     Proof rebutting VMware's assertion that any of the Asserted Claims of the '367 Patent are invalid as anticipated by the prior art.

57.     Proof rebutting VMware's assertion that any of the Asserted Claims of the '367 Patent are invalid as obvious in view of the prior art, including proof that a person of ordinary skill

would not be motivated to combine the references relied on by VMware, and proof of objective indicia of non-obviousness.

58.     Proof rebutting VMware's assertion that any of the Asserted Claims of the '367 Patent are invalid for lack of written description.

**D.     Damages and Injunctive Relief**

59.     Proof supporting damages no less than a reasonable royalty reflecting the value VMware realized by infringing Claims 3 and 7 of the '687 Patent that fairly compensates Densify for VMware's infringement.

60.     Proof of the profits Densify would have made but for VMware's infringement of the '687 Patent, to the extent not duplicative of reasonable royalty damages.

61.     Proof of Densify's damages as compensation for VMware's infringement of the '687 Patent.

62.     Proof that Densify is entitled to enhanced damages for VMware's willful infringement of the '687 Patent.

63.     Proof supporting damages no less than a reasonable royalty reflecting the value VMware realized by infringing Claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 Patent that fairly compensates Densify for VMware's infringement.

64.     Proof of the profits Densify would have made but for VMware's infringement of the '367 Patent.

65.     Proof of Densify's damages as compensation for VMware's infringement of the '367 Patent.

66.     Proof that Densify is entitled to enhanced damages for VMware's willful infringement of the '367 Patent.

67.     Proof that Densify is entitled to a permanent injunction, including that Densify is likely to be irreparably harmed by VMWare's wrongful conduct, the balance of equities favors entry of a permanent injunction, and a permanent injunction is in the public interest.

68.     Proof that Densify is entitled to an ongoing royalty or other damages or an accounting in relation to ongoing infringement.

**E.     Trademark**

69.     Proof that Densify owns all right, title, and interest in and to the trademark and service marks including "DENSIFY," "DENSIFICATION," and "DENSIFYING" (collectively, the "Densify Trademarks").

70.     Proof that Densify has used the Densify Trademarks in connection in the U.S. in interstate commerce in connection with its goods and services since at least as early as 2015.

71.     Proof that the Densify Trademarks have come to be associated exclusively with a single source, specifically, Densify and its products and services.

72.     Proof that the Densify Trademarks embody the substantial goodwill Densify has built in its company and its well-regarded products.

73.     Proof that Plaintiffs possess trademark rights in the word Densify and formatives thereof.

74.     Proof that VMware's use of the Densify Trademarks is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of VMware with Densify, or as to the origin, sponsorship or approval of VMware's goods, services, or commercial activities by Densify.

75.     Proof that VMware's conduct was deliberate, willful, and/or intended to cause confusion, mistake, or deception.

76.     Proof that VMware's use of Densify Trademarks has created a likelihood of consumer confusion as to VMware's products use of Densify's products or services, VMware's association with Densify or its products or services, or is substantially the same as Densify's products or services.

77.     Proof that VMware has passed off its goods and services as those of Densify or otherwise caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval of its products or its affiliation with, connection with, association with, or certification by Densify.

78.     Proof that VMware has committed deceptive trade practices under Delaware law.

79.     Proof that VMware's actions constitute common law trademark infringement.

**F.     Other**

80.     Proof that Densify's recovery of costs is not limited under 35 U.S.C. § 288.

81.     Proof that Densify, if it is the prevailing party, has proven that it is entitled to attorneys' fees and/or costs, and the amount. 35 U.S.C. § 285.

# Exhibit 3

# VMWARE, INC'S STATEMENT OF CONTESTED FACTS

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

## EXHIBIT 3

## DEFENDANT'S STATEMENT OF CONTESTED FACTS[1]

Pursuant to Rule 26(a)(3), VMware provides the following statement of contested facts

that remain to be litigated at trial.  VMware bases this statement on the parties' pleadings, the

parties' documentary and testimonial evidence, VMware's current understanding of Cirba's

claims and defenses, and the Court's rulings to date.  VMware reserves the right to revise,

amend, supplement, or modify its statement of contested facts based upon any pretrial rulings by

the Court or to address any additional issues, arguments, evidence, or other developments in the

case, including meet and confers or other negotiations between the parties, and pending and

anticipated motions.  VMware further reserves the right to supplement this statement to rebut or

otherwise address Cirba's identification of contested facts.  Should the Court determine that any

issue identified in this statement is more properly an issue of law, VMware incorporates those

issues by reference into its Statement of Issues of Law.  VMware contends that the issues of fact

(or mixed questions of law and fact) that remain to be litigated at trial are set forth below.  To the

extent the Court will determine certain factual issues instead of the jury, they are also included

below.

---

[1] By Oral Order dated October 15, 2019 (D.I. 225), the Court severed VMware, Inc.'s
patent infringement counterclaims and directed the parties to submit a proposed scheduling order
for the severed counterclaims on December 13, 2019.  Accordingly, the parties have not included
in this submission their positions with respect to VMware, Inc.'s patent infringement
counterclaims.

1

## I.     STATEMENT OF ISSUES OF FACT

### A.     Standing[2]

1.     Whether Cirba IP, Inc. is the owner of the patents asserted against VMware in this case and has standing to sue VMware for infringement of the patents asserted against VMware in this case.

2.     ████████████████████████████████

████████████████████████████████████████████

██████████████████████

### B.     Infringement

#### 1.     U.S. Patent No. 8,209,687

3.     Whether Cirba can show by a preponderance of the evidence that VMware has directly infringed each asserted claim under 35 U.S. § 271(a) by making, using, selling, or offering to sell accused products in the United States in a way that literally satisfies all of the limitations of each of claims 3 and 7 of U.S. Patent No. 8,209,687 (the "'687 patent").

4.     Whether Cirba can show by a preponderance of the evidence that an entity other than VMware directly infringes each asserted claim by using the accused products in the United States in a way that literally satisfies all of the limitations of each of claims 3 and 7 of the '687 patent, as necessary for both 35 U.S.C § 271(b) and 35 U.S.C § 271(c).

5.     Whether Cirba can show that VMware actively induces any entity's direct infringement, as necessary under 35 U.S.C § 271(b).

6.     Whether Cirba can show that VMware had knowledge that the alleged induced acts constitute patent infringement, as necessary under 35 U.S.C. § 271(b).

---

[2] As set forth in the cover pleading, VMware has proposed a letter briefing schedule for pre-trial resolution of the standing issue should the Court wish to resolve this issue prior to trial.

2

7.     Whether Cirba can show that VMware contributed to any entity's direct infringement by supplying in the United States any component that is a material part of the invention, was especially made, or adapted for use in a manner that would infringe the '687 patent when supplied, and that is not a staple article of commerce capable of substantial non-infringing use, as necessary under 35 U.S.C. § 271(c).

8.     Whether Cirba can show that VMware knew that the combination for which its components were especially designed was both patented and infringing, as necessary under 35 U.S.C. § 271(c).

9.     Whether Cirba alleges infringement of the '687 patent under the doctrine of equivalents.[3]

10.    Whether Cirba can show that any alleged infringement by VMware was willful. including whether VMware willfully copied the method disclosed in the '687 patent from information received or analyzed during acquisition discussions.[4]

11.    Whether on August 19, 2011, the United States Patent and Trademark Office issued a non-final rejection rejecting claims 1-9 of the '687 patent.  Claims 1, 3, and 7 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Khandekar (U.S. Patent No. 7,577,722) in view of Guheen (U.S. Patent Appl. Pub. No. 2004/0107125).

---

[3] Counsel for Cirba has represented that Cirba will not pursue infringement under a doctrine of equivalents theory.  To the extent that Cirba attempts at a later date to introduce evidence regarding infringement under a doctrine of equivalents theory, VMware reserves the right to object to such evidence at least because Cirba's infringement expert did not articulate such a theory in his expert reports.

[4] VMware has a filed a motion in limine excluding evidence or argument related to willful infringement and pre-suit indirect infringement based on the parties' NDA.

3

12.     Whether on December 19, 2011, Cirba amended the claims, including claims 3 and 7, to add the limitation "evaluating each virtual guest against each virtual host and other virtual guests using one or more rule sets pertaining to said technical, business and workload constraints to determine guest-host placements."

### 2.     U.S. Patent No. 9,654,367

13.     Whether Cirba can show by a preponderance of the evidence that VMware has directly infringed each asserted claim under 35 U.S.C. §271(a) by making, using, selling, or offering to sell the accused products in the United States in a way that literally satisfies all of the limitations of each of claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of U.S. Patent No. 9,654, 367 (the "'367 patent").

14.     Whether Cirba can show by a preponderance of the evidence that an entity other than VMware directly infringes each asserted claim by making, using, selling, or offering to sell the accused products in a way that literally satisfies all of the limitations of each of claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent, as necessary for both 35 U.S.C § 271(b) and 35 U.S.C § 271(c).

15.     Whether Cirba can show that VMware actively induces any entity's direct infringement, as necessary under 35 U.S.C § 271(b).

16.     Whether Cirba can show that VMware had knowledge that the alleged induced acts constitute patent infringement, as necessary under 35 U.S.C. § 271(b).

17.     Whether Cirba can show that VMware contributed to any entity's direct infringement by supplying in the United States any component that is a material part of the invention, was especially made, or adapted for use in a manner that would infringe the '367

4

patent when supplied, and that is not a staple article of commerce capable of substantial non-infringing use, as necessary under 35 U.S.C. § 271(c).

18.     Whether Cirba can show that VMware knew that the combination for which its components were especially designed was both patented and infringing, as necessary under 35 U.S.C. § 271(c).

19.     Whether Cirba alleges infringement of the '367 patent under the doctrine of equivalents.[5]

20.     Whether Cirba can show that any alleged infringement by VMware was willful, including whether VMware willfully copied the method disclosed in the '367 patent from information received or analyzed during acquisition discussions.[6]

### C.      Invalidity

#### 1.      U.S. Patent No. 8,209,687

21.     Whether the following references are prior art (alone or in combination) to the '687 patent under:

    a.   35 U.S.C. § 102(a):

        a.   "A Quantitative and Analytical Approach to Server

             Considerations," by Andrew Hillier (Hillier);

    b.   35 U.S.C. § 102(b):

---

[5] Counsel for Cirba has represented that Cirba will not pursue infringement under a doctrine of equivalents theory.  To the extent that Cirba attempts at a later date to introduce evidence regarding infringement under a doctrine of equivalents theory, VMware reserves the right to object to such evidence at least because Cirba's infringement expert did not articulate such a theory in his expert reports.

[6] VMware has a filed a motion in limine excluding evidence or argument related to willful infringement and pre-suit indirect infringement based on the parties' NDA.

5

      a.   "A Quantitative and Analytical Approach to Server Considerations," by Andrew Hillier ("Hillier");

      b.   "Policy Driven Heterogeneous Resource Co-Allocation with Gangmatching," by Rajesh Raman, Miron Livny, and Marvin Solomon ("Raman"); and/or

      c.   VirtualCenter 2.

   c.  35 U.S.C. § 102(e):

      a.   U.S. Patent No. 8,347,297 ("Mateo");

      b.   U.S. Patent No. 8,667,500 ("Ji");

      c.   U.S. Patent No. 8,875,266 ("Chambers"); and/or

      d.   U.S. Patent Appl. Pub. No. 2007/0271560 ("Wahlert").

22.    Whether the prior art references and/or combinations alleged by VMware are enabled.

23.    Whether VMware can prove by clear and convincing evidence that claims 3 and 7 of the '687 patent are anticipated by the prior art in light of at least the following references:

   d.   "A Quantitative and Analytical Approach to Server Considerations," by Andrew Hillier (Hillier);

   e.   "Policy Driven Heterogeneous Resource Co-Allocation with Gangmatching," by Rajesh Raman, Miron Livny, and Marvin Solomon ("Raman");

   f.   VirtualCenter 2

   g.   U.S. Patent No. 8,347,297 ("Mateo");

   h.   U.S. Patent No. 8,667,500 ("Ji");

6

    i.   U.S. Patent No. 8,875,266 ("Chambers");

    j.   U.S. Patent Appl. Pub. No. 2007/0271560 ("Wahlert").

24.    Facts underlying whether VMware can prove by clear and convincing evidence that the alleged inventions claimed in claims 3 and 7 of the '687 patent would have been obvious to one of ordinary skill in the art at the time of the alleged invention in light of the state of the art and/or the following prior art references or combinations of references:

    a.   Hillier;

    b.   Raman;

    c.   Virtual Center 2;

    d.   Mateo;

    e.   Ji;

    f.   Chambers; and/or

    g.   Wahlert.

25.    Facts underlying the Court's ultimate determination concerning the obviousness of the alleged inventions claimed in claims 3 and 7 of the '687 patent, as set forth in *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966):

    a.   The scope and content of the prior art;

    b.   The level of ordinary skill in the art;

    c.   The differences between the alleged inventions of the asserted claims of the '687 patent and the prior art; and

    d.   Objective evidence of non-obviousness.

26.    Facts underlying whether claims 3 and 7 of the '687 patent are invalid under 35 U.S.C. §101.

### 2.     U.S. Patent No. 9,654,367

27.     Whether the following references are prior art (alone or in combination) to the

'367 patent:

    a.  35 U.S.C. § 102(a):

        a.  vCenter Operations 1.0;

        b.  vCenter Operations Standard Evaluator's Guide; and/or

        c.  U.S. Patent Appl. Pub. No. 2011/0161858 ("Barber").

    b.  35 U.S.C. § 102(b):

        a.  U.S. Patent Appl. Pub. No. 2006/0277206 ("Bailey");

        b.  U.S. Patent No. 6,810,367 (Barnard");

        c.  U.S. Patent Appl. Pub. No. 2009/237404 ("Cannon"); and/or

        d.  "Akorri BalancePoint: End-to-End Visibility Across Virtualized

           Servers and Dell Equallogic iSCSI SANs" ("Akorri

           BalancePoint").

    c.  35 U.S.C. § 102(e):

        a.  U.S. Patent Appl. Pub. No. 2013/0007760 ("O'Sullivan");

        b.  U.S. Patent Appl. Pub. No. 2011/0161858 ("Barber");

        c.  U.S. Patent Appl. Pub. No. 2011/0261055 ("Wong").

28.     Whether the prior art references and/or combinations alleged by VMware are

enabled.

29.     Whether VMware can prove by clear and convincing evidence that claims 1, 2,

4-5, 9, 11, 13, 15-17, and 19 of the '367 patent are anticipated by the prior art in light of at least

the following references:

a.   vCenter Operations 1.0;

b.   vCenter Operations Standard Evaluator's Guide;

c.   U.S. Patent Appl. Pub. No. 2011/0161858 ("Barber");

d.   U.S. Patent Appl. Pub. No. 2006/0277206 ("Bailey");

e.   U.S. Patent No. 6,810,367 (Barnard");

f.   U.S. Patent Appl. Pub. No. 2009/237404 ("Cannon");

g.   U.S. Patent Appl. Pub. No. 2013/0007760 ("O'Sullivan");

h.   U.S. Patent Appl. Pub. No. 2011/0261055 ("Wong"); and/or

i.   "Akorri BalancePoint: End-to-End Visibility Across Virtualized Servers and Dell Equallogic iSCSI SANs" ("Akorri BalancePoint").

30.    Facts underlying whether VMware can prove by clear and convincing evidence that the alleged inventions claimed in claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent would have been obvious to one of ordinary skill in the art at the time of the alleged invention, in light of the state of the art and/or the following prior art references or combinations of references:

- vCenter Operations 1.0;

- vCenter Operations Standard Evaluator's Guide;

- Barber;

- Bailey;

- Barnard;

- Cannon;

- O'Sullivan;

- Wong; and/or

9

- Akorri BalancePoint.

31.    Facts underlying the Court's ultimate determination concerning the obviousness of the alleged inventions claimed in claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent, as set forth in *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966):

    a.    The scope and content of the prior art;

    b.    The level of ordinary skill in the art;

    c.    The differences between the alleged inventions of the asserted claims of the '367 patent and the prior art; and

    d.    Objective evidence of non-obviousness.

32.    Whether VMware can show by clear and convincing evidence that claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent are invalid under 35 U.S.C. §112, for lack of written description.

33.    Facts underlying whether claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent are invalid under 35 U.S.C. §101.

## D.    Accused Products

34.    Whether the VMware products that are accused of infringement of claims 1, 2, 4, 5, 9, 11, 13, 15, 16, 17, and 19 of the '367 patent are vROps versions 6.2 through 7.5 (alone or as part of vRealize Suite, VMware Cloud Foundation, or vCloud Suite).

35.    Whether Cirba accuses VMware's DRS product of infringing any asserted claim of the '367 patent.

36.    Whether Cirba accuses VMware's vRA product of infringement to the extent it is sold, operates, and functions completely separately and independently from VMware's vROps, DRS, vCenter, and/or VMware Cloud on AWS.

10

37.     Whether Cirba accuses VMware's vRO product of infringement to the extent it is sold, operates, and functions completely separately and independent from vROPs, DRS, vCenter, and/or VMware Cloud on AWS.

38.     Whether Cirba was aware that VMware had an offering known as "DRS" at least as of 2006.

39.     Whether Cirba was aware that VMware had an offering known as vCenter Operations ("vCOps") at least as of April 2011.

40.     Whether vCOps was the precursor to vROps.

41.     Whether DRS as it existed before the filing of the '687 patent infringes the '687 patent.

42.     Whether DRS can be used without performing all of the steps that Cirba accuses as infringing the '687 patent.

43.     Whether Cirba can dispute that DRS did not infringe until the introduction of VM-host affinity rules in 2010.

44.     Whether Cirba relies on interacting with vCenter for its VMware customers.

45.     Whether Cirba's technology recommends updating DRS affinity and anti-affinity rules in vCenter Server.

> **E.     Trademark Claims (Lanham Act, Deceptive Trade Practices, Common Law Infringement)**

46.     Whether Cirba operated under the trade name Cirba until July 2017.

47.     Whether Cirba's software was SaaS-based prior to its May 2016 launch of the website at Densify.com.

11

48.     Whether Cirba owns all right, title, and interest in and to the "DENSIFY,"

"DENSIFICATION," and "DENSIFYING" trademarks and service marks (collectively, the

"Asserted Marks").

49.     Whether Cirba has used the Asserted Marks in the United States in interstate

commerce in connection with its goods and services since at least as early as 2015.

50.     Whether the Asserted Marks have come to be associated exclusively with a single

source, specifically, Cirba and its products and services.

51.     Whether the Asserted Marks embody goodwill Cirba has built in its company and

its products.

52.     Whether Cirba uses each of the Asserted Marks as a source identifier.

53.     On what date, if any, Cirba began using each of the Asserted Marks as a source

identifier.

54.     On what date, if any, Cirba began using each of the Asserted Marks on software

or labels for software.

55.     On what date, if any, Cirba began using each of the Asserted Marks in commerce

that may lawfully be regulated by Congress.

56.     Whether each of the Asserted Marks is merely descriptive.

57.     Whether each of the Asserted Marks had secondary meaning prior to VMware's

earliest use of the Asserted Marks.

58.     Whether VMware's use of each of the Asserted Marks is likely to cause confusion

as to the source of VMware's or Cirba's goods or services.

59.     Whether VMware uses the Asserted Marks in good faith.

12

60.     Whether VMware uses the Asserted Marks to describe its own goods and services.

61.     Whether VMware uses the Asserted Marks as source identifiers.

62.     Whether Cirba owns any federal registrations for trademarks that include the words "densify," "densifying," or "densification."

63.     Whether the words "densify," "densifying," and "densification" appeared in Cirba's software prior to its May 2016 launch of the website at Densify.com.

64.     Whether, on August 14, 2018, Cirba filed Application Serial No. 88/078,131 with the United States Patent and Trademark Office seeking to register the word "densify" as a trademark.

65.     Whether Cirba claimed July 2017 as its date of first use of the "densify" trademark in Application Serial No. 88/078,131.

66.     Whether Cirba coined the words "densify," "densifying," or "densification."

67.     Whether Cirba was the first to use the words "densify," "densifying," or "densification."

68.     Whether the word "densify" appears in the Merriam-Webster's Collegiate Dictionary, Merriam-Webster.com, CollinsDictionary.com, The Oxford American College Dictionary, Shorter Oxford English Dictionary, TheFreeDictionary.com, Lexico.com, YourDictionary.com, and Wordnik.com.

69.     Whether the word "densification" appears in the Merriam-Webster's Collegiate Dictionary, Merriam-Webster.com, CollinsDictionary.com, The Oxford American College Dictionary, the FreeDictionary.com, Lexico.com, YourDictionary.com, Vocabulary.com, and Wordnick.com.

13

70.    Whether one definition for the word "densify" is "to make denser: compress."

71.    Whether Cirba's Terms of Use page at Densify.com state that Cirba has trademark rights in the words "densifying" or "densification."

72.    Whether Cirba's Terms of Use page at Densify.com states that Cirba has trademark rights in the word "densify."

73.    Whether Cirba does uses a TM symbol following its use of the words "densifying" or "densification" in marketing materials.

74.    Whether Cirba has filed an application with the USPTO seeking to register "densifying" or "densification" as trademarks.

75.    Whether Cirba is aware of any specific person or company that has experienced confusion because of VMware's use of the words "densify," "densifying," or "densification" in marketing documents.

76.    Whether Cirba used "densify" as a verb in its marketing materials before July 2017.

77.    Whether Cirba used "densify" as a verb in its marketing materials after July 2017.

78.    Whether Cirba used "densifying" and "densification" as nouns in its marketing materials before July 2017.

79.    Whether Cirba used "densifying" and "densification" as nouns in its marketing materials after July 2017.

80.    Whether the words "densify," "densifying," and "densification" appear on the user interface for vRealize Operations.

81.    Whether the words "densify," "densifying," and "densification" appear as a name or indicator of any feature within vRealize Operations.

14

F.      **Damages / Remedies**

1.      **Patent Claims**

82.      Whether Cirba may seek actual damages for VMware's alleged direct and indirect infringement of the asserted patents in the form of a reasonable royalty.

83.      In the event DRS is found to infringe the asserted claims of the '687 patent, whether Cirba may recover a reasonable royalty under an appropriate analysis consistent with the mandate of *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120–21 (S.D.N.Y. 1970), and if so, the amount.

84.      In the event vROps is found to infringe the asserted claims of the '687 patent, whether Cirba may recover a reasonable royalty under an appropriate analysis consistent with the mandate of *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120–21 (S.D.N.Y. 1970), and if so, the amount.

85.      In the event vROps is found to infringe the asserted claims of the '367 patent, whether Cirba may recover a reasonable royalty under an appropriate analysis consistent with the mandate of *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120–21 (S.D.N.Y. 1970), and if so, the amount.

86.      In the event vROps is found to infringe the asserted claims of the '687 patent, whether Cirba can prove by a preponderance of the evidence that they have provided the notice required under 35 U.S.C. § 287(a) in order to recover damages for infringement occurring prior to the filing of the action.

87.      In the event vROps is found to infringe the asserted claims of the '367 patent, whether Cirba can prove by a preponderance of the evidence that they have provided the notice required under 35 U.S.C. § 287(a) in order to recover damages for infringement occurring prior to the filing of the action.

15

88.     Whether Cirba seeks damages under a lost profits theory.

89.     In the event one or more of the asserted claims is found infringed and not invalid, the date(s) on which VMware first indirectly infringed each of the patents-in-suit.

90.     Whether Cirba seeks damages in the District of Delaware for any alleged infringement pursuant to 28 U.S.C. § 1498.

91.     In the event one or more of the asserted claims is found infringed and not invalid, whether the Court finds the case is exceptional and that Cirba may recover its attorneys' fees and costs, and if so, the amounts.

92.     In the event one or more of the asserted claims is found infringed and not invalid, whether Cirba has shown that VMware's proven infringement was egregious.

93.     In the event one or more of the asserted claims is found infringed and not invalid, whether the Court finds that Cirba may recover enhanced damages for willful infringement, and if so, the amounts.

94.     Whether Cirba is precluded under the February 2015 Nondisclosure Agreement from seeking a willfulness finding, enhanced damages, or pre-suit indirect infringement.

95.     Whether Cirba is precluded under the February 2015 Nondisclosure Agreement from presenting evidence or proof that VMware was aware of the patents-in-suit (as a result of analysis or discussion relating to a potential transaction with Cirba) for the purpose of showing (i) actual or constructive notice or knowledge of the patents-in-suit or infringement of, or intent to infringe, the patents-in-suit under any applicable patent laws, including with respect to theories or willfulness, contributory infringement or inducement; or (ii) an allegation of infringement of any of the patents.

96.     In the event one or more of the asserted claims is found infringed and not invalid, whether Cirba may recover, and the amount of, any prejudgment and post-judgment interest.

97.     In the event one or more of the asserted claims is found infringed and not invalid, whether Cirba has proven its right to a permanent injunction and if so, the form of the permanent injunction.

98.     Whether the Court finds that the case is exceptional, and VMware may recover its costs and attorneys' fees.

99.     Whether Cirba has met its burden of proof on any additional contested issues of law that it raises.

## 2.     Trademark Claims

100.    In the event one or more of the Asserted Marks is found protectable and infringed, and VMware's use is not a fair use, whether, subject to the equities, Cirba may recover a reasonable royalty based on a hypothetical negotiation, and if so, the amount.

101.    Whether Cirba seeks damages under a lost profits theory.

102.    In the event one or more of the Asserted Marks is found protectable and infringed, and VMware's use is not a fair use, whether the Court finds that Cirba may recover its costs.

103.    In the event one or more of the Asserted Marks is found protectable and infringed, and VMware's use is not a fair use, whether the Court finds that Cirba may recover enhanced damages, and if so, the amount.

104.    In the event one or more of the Asserted Marks is found protectable and infringed, and VMware's use is not a fair use, whether the Court finds that the case is exceptional and that Cirba may recover its attorneys' fees, and if so, the amount.

17

### 3. Costs

105.    In the event that Cirba is found to be the prevailing party in this action, whether

Cirba may recover costs under Federal Rule of Civil Procedure 54(d)(1) and D. Del. LR 54.1 and

the amount of costs to which it is entitled.

106.    In the event that VMware is found to be the prevailing party in this action,

Whether VMware may recover costs under Federal Rule of Civil Procedure 54(d)(1) and D. Del.

LR 54.1 and the amount of costs to which it is entitled.

## II.    STATEMENT OF INTENDED PROOF

107.    VMware will offer the following proof at trial.

### B.    Non-infringement

#### 1.    The '687 patent

108.    If Plaintiffs have advanced a viable claim for infringement under the doctrine of

equivalents, proof that prosecution history estoppel and ensnarement preclude infringement of

claims 3 and 7 of the '687 patent.

109.    Rebuttal of any evidence offered by Cirba that VMware has literally directly

infringed one or more of claims 3 and 7 of the '687 patent by making, using, selling, or offering

to sell the accused products.

110.    Rebuttal of any evidence offered by Cirba that VMware has actively induced

infringement of one or more of claims 3 and 7 of the '687 patent in the United States by

allegedly actively inducing users to literally and directly infringe one or more asserted claims.

111.    Rebuttal of any evidence offered by Cirba that VMware has contributed to any

entity's literal and direct infringement by supplying in the United States any component that is a

material part of the invention, was especially made or adapted for use in a manner that would

18

infringe the '687 patent when supplied, and that is not a staple article of commerce capable of substantial non-infringing use.

112.   Rebuttal of any evidence offered by Cirba that users of the accused products in the United States have directly infringed one or more of claims 3 and 7 of the '687 patent.

113.   Rebuttal of any evidence offered by Cirba that VMware specifically intended to cause the allegedly infringing acts of users of the accused products.

114.   Rebuttal of any evidence offered by Cirba that VMware's alleged infringement of the '687 patent was willful.

115.   Rebuttal of any evidence offered by Cirba that VMware's alleged infringement of the '687 patent has harmed Cirba, or that Cirba may recover any damages or injunctive relief at trial.

## 2.   The '367 patent

116.   If Plaintiffs have advanced a viable claim for infringement under the doctrine of equivalents, proof that prosecution history estoppel and ensnarement preclude infringement of claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent.

117.   Rebuttal of any evidence offered by Cirba that VMware has literally and directly infringed one or more of claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent by making, using, selling, or offering to sell the accused products.

118.   Rebuttal of any evidence offered by Cirba that VMware has contributed to infringement of one or more of claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent under 35 U.S. § 271(c) by supplying components that have no other substantial non-infringing use.

119.   Rebuttal of any evidence offered by Cirba that VMware has actively induced infringement of one or more of claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent in the

United States by allegedly actively inducing users to literally and directly infringe one or more asserted claims.

120.     Rebuttal of any evidence offered by Cirba that users of the accused products in the United States have directly infringed one or more of claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent.

121.     Rebuttal of any evidence offered by Cirba that VMware specifically intended to cause the allegedly infringing acts of users of the accused products.

122.     Rebuttal of any evidence offered by Cirba that VMware's alleged infringement of the '367 patent was willful.

123.     Rebuttal of any evidence offered by Cirba that VMware's alleged infringement of the '367 patent has harmed Cirba, or that Cirba may recover any damages or injunctive relief at trial.

### C.     Invalidity

124.     Proof that the prior art references, products, systems, and prior inventions asserted against the patents-in-suit are prior art under 35 U.S.C. § 102.

125.     Proof that the prior art references, products, systems, and prior inventions asserted against the patents-in-suit are prior art under 35 U.S.C. § 103.

126.     Proof of the scope and content of the prior art asserted against the patents-in-suit.

127.     Proof of the level of ordinary skill in the art at the time of the alleged inventions of the patents-in-suit.

### 1.     The '687 patent

128.     Proof that claims 3 and 7 of the '687 patent are anticipated by the prior art identified in VMware's invalidity contentions and invalidity expert report.

129.    Proof that claims 3 and 7 of the '687 patent are obvious over the prior art, alone or in combination, identified in VMware's invalidity contentions and invalidity expert report.

130.    Proof that claims 3 and 7 of the '687 patent are invalid for failing to meet the requirements of 35 U.S.C. § 101.

131.    Rebuttal of any evidence offered by Cirba of alleged objective indicia of non-obviousness for claims 3 and 7 of the '687 patent.

132.    Rebuttal of any evidence offered by Cirba that a nexus allegedly exists between any objective indicia of non-obviousness and claims 3 and 7 of the '687 patent.

### 2.    The '367 patent

133.    Proof that claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent are anticipated by the prior art identified in VMware's invalidity contentions and invalidity expert report.

134.    Proof that claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent are obvious over the prior art, alone or in combination, identified in VMware's invalidity contentions and invalidity expert report.

135.    Proof that claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent are invalid for failing to meet the written description requirement of 35 U.S.C. § 112.

136.    Proof that claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent are invalid for failing to meet the requirements of 35 U.S.C. § 101.

137.    Rebuttal of any evidence offered by Cirba of alleged objective indicia of non-obviousness for claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent.

21

138.    Rebuttal of any evidence offered by Cirba that an alleged nexus exists between any objective evidence of non-obviousness and claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 patent.

### D.    Trademark Claims

139.    Proof that VMware uses the Asserted Marks in good faith.

140.    Proof that VMware uses the Asserted Marks to describe its own goods and services.

141.    Proof that VMware never used the Asserted Marks as source identifiers.

142.    Rebuttal of any evidence offered by Cirba that the Asserted Marks are distinctive, including inherently distinctive.

143.    Rebuttal of any evidence offered by Cirba that the Asserted Marks had secondary meaning prior to VMware's earliest use of the claimed trademarks.

144.    Rebuttal of any evidence offered by Cirba that its use of "DENSIFYING" or "DENSIFICATION" ever had a source-identifying function.

145.    Rebuttal of any evidence offered by Cirba that VMware's use of each of the Asserted Marks is likely to cause consumer confusion.

146.    Rebuttal of any evidence offered by Cirba that VMware's alleged infringement of its Asserted Marks has harmed or continues to harm Cirba, including rebuttal to Cirba's contention that such use has caused irreparable harm.

147.    Rebuttal of any evidence offered by Cirba that VMware's alleged infringement was willful.

### E.    Other Affirmative Defenses

148.    Proof that Cirba's recovery of costs is limited under 35 U.S.C. § 288.

22

149.    Proof that this is not an exceptional case in Cirba's favor, and that Cirba may not recover, in whole or in part, any of its attorneys' fees or costs.

# EXHIBIT 4
# (Contested Issues of Law - Densify)

## EXHIBIT 4
## DENSIFY STATEMENT OF ISSUES OF LAW

Plaintiffs Cirba Inc.'s (d/b/a Densify) and Cirba IP, Inc.'s (collectively, "Densify" or "Plaintiffs") identify the following issues of law which remain to be litigated, with a citation to authorities relied upon. This statement is based on the arguments Densify expects to make as well as its understanding of the arguments that Defendant VMware, Inc. ("VMware" or "Defendant") is likely to make. If VMware seeks to introduce different legal arguments, Densify reserves the right to supplement this statement. This statement is based on the current status of the case and the Court's rulings to date. Densify reserves the right to modify or supplement this statement in response to subsequent rulings by the Court. Should the Court Densify incorporates such issues by reference into its Statement of Issues of Fact That Remain to Be Litigated (Exhibit 2). To the extent that Densify Statement of Issues of Fact That Remain to Be Litigated contains issues that the Court deems to be issues of law, those issues are incorporated herein by reference. The authority cited herein is not exhaustive; any party may rely on authority not cited in this statement.

## A.    Standing

### i.    Issues of Law

1.    Whether Cirba Inc. has standing to sue VMware over the patents asserted in this case.[1]

### ii.    Relevant Authority

Federal patent law governs whether a plaintiff has standing to bring a patent infringement action. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1336–37 (Fed. Cir. 2007). Standing is a question of law. *MHL Tek, LLC v. Nissan Motor Co.*, 655 F.3d 1266, 1273-74 (Fed. Cir. 2011).

---

[1] VMware has raised this issue.  Densify includes it here for completeness, but does not agree it needs to be tried.

"Standing to sue is a threshold requirement in every federal action. Standing must be present at the time suit is brought." *Sicom Systems, Ltd. v. Agilent Technologies, Inc.*, 427 F.3d 971, 975–76 (Fed. Cir. 2005). A patent infringement action must be brought by all co-owners. *Advanced Video Technologies LLC v. HTC Corporation*, 879 F.3d 1314, 1319 (Fed. Cir. 2018). Exclusive licensees who have received "all substantial rights" in the patent may bring suit in their own name; exclusive licensees having received less than "all substantial rights" must prosecute any infringement suit as a co-plaintiff with the patent owner; nonexclusive or bare licensees generally have no standing to participate in an infringement suit. *Alfred E. Mann Foundation For Scientific Research v. Cochlear Corp.*, 604 F.3d 1354, 1359–60 (Fed. Cir. 2010). An exclusive license is "a license to practice the invention … accompanied by the patent owner's promise that others shall be excluded from practicing it within the field of use wherein the licensee is given leave." *Textile Productions, Inc. v. Mead Corp.*, 134 F.3d 1481, 1484 (Fed. Cir. 1998).

## B.     Infringement

### i.     Issues of Law

2.     Whether VMware has infringed, is infringing, or is likely in the future to infringe, directly or indirectly, Claims 3 and 7 of the '687 Patent.

3.     Whether VMware has infringed, is infringing, or is likely in the future to infringe, directly or indirectly, Claims 1, 2, 4-5, 9, 11, 13, 15-17, and 19 of the '367 Patent.

### ii.     Relevant Authority

Densify bears the burden of proving patent infringement by a preponderance of the evidence. *Advanced Cardiovascular Sys., Inc. v, Scimed Life Sys., Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001). Densify must show that it is more likely than not that VMware infringes the asserted claims. *Warner-Lambert Co. v. Teva Pharm., USA, Inc.*, 418 F.3d 1326, 1341 (Fed. Cir. 2005). The infringement analysis involves two steps. *Markman v. Westview Instruments, Inc.*, 52

F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). The first step is to define the disputed the terms of the patent consistent with how those terms would be understood by a person of ordinary skill in the art. *Id.*; *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc). This Court construed the disputed claim terms in its November 26, 2019 Memorandum Opinion and Order. *See* D.I. 355. The second step in the infringement analysis is to compare the accused product with the properly construed claims. *Markman*, 52 F.3d at 976. *See generally* 35 U.S.C. §271. To infringe a method claim, all steps of the claimed method must be performed. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009).

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To prove inducement of infringement, the patentee must []show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement. *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016). This requires showing (1) a third party directly infringed the asserted patents; (2) the defendant induced those infringing acts; and (3) the defendant knew the acts it induced constituted infringement. *Id.*

Infringement may be shown through direct evidence as well as circumstantial evidence. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009); *Moleculon Res. Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272 (Fed. Cir. 1986) ("It is hornbook law that direct evidence of a fact is not necessary."). "Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Moleculon*, 793 F.2d at 1272 (quoting *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330 (1960)); *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 1 F. App'x 879, 884–85 (Fed. Cir. 2001); *see also Mickowski v. Visi-Trak Corp.*, 36 F. Supp. 2d 171, 182, (S.D.N.Y. 1999), *aff'd*, 230 F.3d

1379 (Fed. Cir. 2000) ("Although proof that a defendant has actively induced infringement requires proof that another has directly infringed the patent in suit, such direct infringement may be established by circumstantial evidence of extensive sales by defendant of a product capable of use to practice the patented method and distribution by defendant of an instruction manual teaching the patented method."); *Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*, No. CV 11-484-RGA, 2014 WL 4695765, at *7 (D. Del. Sept. 12, 2014) (Stark, J.).

**C.     Willful Infringement**

   **i.     Issues of Law**

   4.     Whether VMware has willfully infringed the '687 Patent.

   5.     Whether VMware has willfully infringed the '367 Patent.

   **ii.     Relevant Authority**

The Supreme Court has held that "subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1933 (2016). "[P]unishment should generally be reserved for egregious cases typified by willful misconduct." *Halo*, 136 S.Ct. at 1934. "Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). "[C]ulpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo*, 136 S.Ct. at 1933.

"Proof of an objectively reasonable litigation-inspired defense to infringement is no longer a defense to willful infringement." *WBIP*, 829 F.3d at 1341. Willful infringement is a fact question that a plaintiff must prove by the "preponderance of the evidence." *Halo*, 136 S.Ct. at 1934. The Federal Circuit opined that "[w]e do not interpret Halo as changing the established law that the factual components of the willfulness question should be resolved by the jury."

4

*WBIP*, 829 F.3d at 1341. "Willfulness of behavior is a classical jury question of intent," *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1250 (Fed. Cir. 1989), that "[b]y its nature . . . hinges both on the fact finder's assessments of the credibility of witnesses and on the fact finder drawing inferences from the evidence presented to it." *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 557 (D. Del. 2011). As such, the "intent-implicating question willfulness" is "peculiarly within the province of the fact finder." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006).

**D.     Validity**

### *Prior Art*

**i.      Issues of Law**

6.      Whether each reference asserted against the '687 Patent is "prior art" under 35 U.S.C. §§ 102(a), (b), (e), and or 103.

7.      Whether each reference asserted against the '367 Patent is "prior art" under 35 U.S.C. §§ 102(a), (b), (e), and or 103.

8.      Whether each asserted reference or combination is enabled.

**ii.     Relevant Authority**

To be considered prior art (whether the references is asserted as anticipatory art under § 102 or obviousness art under § 103), a reference must have been sufficiently accessible to the public interested in the art before the critical date. I*n re Omeprazole Patent Litig. v. Apotex Corp.*, 536 F.3d 1361, 1381 (Fed. Cir. 2008). "For prior art to anticipate because it is 'known,' the knowledge must be publicly accessible." *Minnesota Min. & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1306 (Fed. Cir. 2002). Likewise, "[f]or purposes of anticipation, a use must be accessible to the public." *Id*. "Although 'public use' for purposes of § 102(b) is defined differently from 'use' for purposes of § 102(a), both require actual use by someone at some

point." *Id*. at 1307. A document "may be deemed a printed publication upon a satisfactory showing that it has been disseminated or otherwise made available to the extent that persons interested and of ordinary skill in the subject matter or art, exercising reasonable diligence can locate it and recognize and comprehend therefrom the essentials of the claimed invention without need of further research or experimentation." *Massachusetts Inst. of Tech. v. AB Fortia, et al.*, 774 F.2d 1104, 1109 (Fed. Cir. 1985) (quoting *In re Wyer*, 655 F.2d 221, 226 (CCPA 1981). "The proponent of the publication bar must show that prior to the critical date the reference was sufficiently accessible, at least to the public interested in the art, so that such a one by examining the reference could make the claimed invention without further research or experimentation." *In re Hall*, 781 F.2d 897, 899 (Fed. Cir. 1986).

"In order to anticipate, a prior art disclosure must also be enabling, such that one of ordinary skill in the art could practice the nvention without undue experimentation." *Novo Nordisk v. Bio-Tech. General*, 424 F.3d 1347 (Fed. Cir. 2005). "Enablement of prior art requires that the reference teach a skilled artisan to make or carry out what it discloses in relation to the claimed invention . . . [A] prior art reference need not enable its full disclosure; it only needs to enable the portions of its disclosure alleged to anticipate the claimed invention." *In re Antor Media Corp.*, 689 F.3d 1282, 1290 (Fed. Cir. 2012). "If a patentee presents evidence of nonenablement that a trial court finds persuasive, the trial court must then exclude that particular prior art patent in any anticipation inquiry, for then the presumption has been overcome." *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1355 (Fed. Cir. 2003).

See generally 35 U.S.C. §§ 101, 102, 103, 282(a).

**_Anticipation_**

### i.      Issues of Law

9.      Whether VMware can prove by clear and convincing evidence that any Asserted Claim of the '687 Patent is invalid as anticipated by the prior art.

10.      Whether VMware can prove by clear and convincing evidence that any Asserted Claim of the '367 Patent is invalid as anticipated by the prior art.

### ii.      Relevant Authority

The patents-in-suit are presumed valid. 35 U.S.C. § 282(a). To overcome that presumption of validity, a party challenging a patent must prove facts supporting a determination of invalidity by "clear and convincing evidence." *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242 (2011). "Clear and convincing evidence has been described as evidence which proves in the mind of the trier of fact 'an abiding conviction that the truth of [the] factual contentions are [sic] highly probable.'" *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 830 (Fed. Cir. 1991) (alterations in original) (*quoting Colorado v. New Mexico*, 467 U.S. 310, 316 (1984)). Further, "[e]ach claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim." 35 U.S.C. § 282(a).

Under § 102, a patent can be invalid if it was invented by another before the patentee. 35 U.S.C. § 102. Invalidity for anticipation "requires that the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation." *Advanced Display Sys. Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000) (citations omitted). Anticipation requires that the reference must disclose the invention "without any need for picking, choosing, and combining various disclosures not

directly related to each other by the teachings of the cited reference." *In re Arkley*, 455 F.2d 586, 587-88 (C.C.P.A 1972) ("Such picking and choosing may be entirely proper in the making of a 103, obviousness rejection, where the applicant must be afforded an opportunity to rebut with objective evidence any inference of obviousness which may arise from the similarity of the subject matter which he claims to the prior art, but it has no place in the making of a 102, anticipation rejection.").

Under § 102(g), a patent can be found invalid only if before the priority date, "the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it." 35 U.S.C. § 102(g); *Apotex USA, Inc. v. Merck & Co., Inc.*, 254 F.3d 1031, 1035 (Fed. Cir. 2001). The party seeking to challenge a patent based on § 102(g) prior invention must prove its defense by clear and convincing evidence. *Z4 Technologies, Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1352 (Fed. Cir. 2007). To be prior art under § 102(g), an invention must have been conceived and reduced to practice, and not abandoned, suppressed or concealed. *International Glass Co. v. U. S.*, 408 F.2d 395, 402 (Ct. Cl. 1969). Testimony by a witness, standing alone, is insufficient to prove conception; some form of corroboration must be shown. *Price v. Symsek*, 988 F.2d 1187, 1194 (Fed. Cir. 1993). Corroboration may be in the form of testimony from other persons, drawings or models with adequate time identification, or any other documentation that fixes the time of invention. *Id*. at 1194–95. "In order to establish an actual reduction to practice, the inventor must prove that: (1) he constructed an embodiment or performed a process that met all the limitations . . . and (2) he determined that the invention would work for its intended purpose." *Cooper v. Goldfarb*, 154 F.3d 1321, 1327 (Fed. Cir. 1998). Abandonment, suppression, and concealment may be established by proving that the inventor actively suppressed his invention from the public in order to prolong the period during

8

which the invention is secret. *Paulik v. Rizkalla*, 760 F.2d 1270, 1273 (Fed. Cir. 1985) (en banc). Evidence that the inventor intended to wait to disclose his invention until his company was ready to manufacture it supports a finding of intentional suppression. *Young v. Dworkin*, 489 F.2d 1277, 1281–82 (C.C.P.A.1974).

### *Obviousness*

#### i. Issues of Law

11.    Whether VMware can prove by clear and convincing evidence that any Asserted Claim of the '687 Patent is invalid as obvious by the prior art.

12.    Whether VMware can prove by clear and convincing evidence that any Asserted Claim of the '367 Patent is invalid as obvious by the prior art.

#### ii. Relevant Authority

Section 103 of Title 35 of the United States Code provides, in relevant part, that:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

35 U.S.C. § 103(a); *see also Wyers v. Master Lock Co.*, 616 F.3d 1231, 1237 (Fed. Cir. 2010), *cert. denied*, 131 S. Ct. 1531 (2011).

> Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented.

*KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406, 127 S. Ct. 1727, 1734 (2007) (*quoting Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966)). Before finding a patent claim as invalid for obviousness, a court must consider all of these factors. *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 663 (Fed. Cir. 2000).

"[A] patent composed of several elements is not proved obvious merely by demonstrating that each element was, independently, known in the prior art." *KSR Int'l*, 550 U.S. at 418. "[I]nventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known." *Id.* at 418-19. Where a challenger seeks to invalidate a patent based on obviousness, it must demonstrate "by clear and convincing evidence" that a "skilled artisan would have had reason to combine the teaching of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success from doing so." *In re Cyclobenzapine Hydrochloride Extended Release Capsule Patent Litig.*, 676 F.3d 1063, 1068-69 (Fed. Cir. 2012) (*citing Proctor & Gamble Co. v. Teva Pharm. USA, Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009)); *PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342, 1360 (Fed. Cir. 2007).

The obviousness analysis takes place at the time of the invention, and focuses on evidence existing before the time of the invention. *See KSR Int'l*, 550 U.S. at 420. The use of hindsight is prohibited in the obviousness analysis. *Id.* at 421 ("A factfinder should be aware, of course, of the distortion caused by hindsight bias and must be cautious of arguments reliant upon x post reasoning."); *accord Innogenetics, N. V. v. Abbott Labs.*, 512 F.3d 1363, 1374 n.3 (Fed. Cir. 2008) (hindsight should not be relied upon to post-hoc create a reason for combining references when such reason would not have been known before the claimed invention);

*Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1343 (Fed. Cir. 2000) (using "the claimed invention itself as a blueprint for piecing together elements in the prior art to defeat the patentability of the claimed invention" is impermissible hindsight reasoning) (citation omitted).

An obviousness determination is made "from the viewpoint of a person of ordinary skill [not the inventor] in the field of the invention." *Arkie Lures, Inc. v. Gene Larew Tackle, Inc.*, 119 F.3d 953, 956 (Fed. Cir. 1997). The obviousness analysis must avoid using the teachings of the patent-in-suit because "[t]he invention must be viewed not with the blueprint drawn by the inventor, but in the state of the art that existed at the time." *Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1138 (Fed. Cir. 1985). Therefore, "[i]t is critical that the question of obviousness not be viewed in the light of the accomplished result." *BOC Health Care, Inc. v. Nellcor Inc.*, 892 F. Supp. 598, 603 (D. Del. 1995) (internal quotation marks and citation omitted). Evidence must be provided that a "skilled artisan, confronted with the same problems as the inventor and with no knowledge of the claimed invention, would select the elements from the cited prior art references for combination in the manner claimed." *In re Rouffet*, 149 F.3d 1350, 1357 (Fed. Cir. 1998).

### ***Patent Eligibility***

**i.       Issues of Law**

13.      Whether VMware can prove by clear and convincing evidence that any Asserted Claim of the '687 Patent is invalid under 35 U.S.C. § 101.

14.      Whether VMware can prove by clear and convincing evidence that any Asserted Claim of the '367 Patent is invalid under 35 U.S.C. § 101.

### ii.        Relevant Authority

The Court rejected VMware's motion to dismiss the '687 patent claims asserted in the preliminary injunction phase of this case under § 101. *See* D.I. 137.

The Supreme Court has established a two-step test to determine whether a patent is eligible under 35 U.S.C. § 101. At step one, the court must determine whether the claims as a whole are directed to an abstract idea ("Alice step one"). *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014). If the claims are not directed to an abstract idea, the § 101 inquiry ends. *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 127, 1262 (Fed. Cir. 2017). If the court finds the claims are directed to an abstract idea, the analysis turns to step two to determine whether the claims contain an "inventive concept" that "transform[s] that abstract idea into a patent-eligible invention." ("Alice step two"). *Alice*, 134 S. Ct. at 2357.

The specification is highly relevant to the *Alice* inquiry. *See, e.g., Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1304 (Fed. Cir. 2018) (finding a pioneering 'behavior-based' approach to virus scanning "[wa]s disclosed in the '844 patent's specification"); *Visual Memory*, 867 F.3d at 1255, 1259-60 (reviewing the specification and determining that the claims encompassed the improvement in computer capabilities, and were therefore patent-eligible). In addition to the specification, the prosecution history, as part of the public record, may also be relevant particularly when an examiner's notice of allowance addresses the "specific technique" that underscores a claim's patent-eligibility. *See Ancora Techs., Inc. v. HTC Am., Inc.*, 908 F.3d 1343, 1348-49 (Fed. Cir. 2018); *see also Uniloc USA, Inc. v. ADP, LLC*, No. 2018-1132, 2019 WL 2245938, at *5 (Fed. Cir. May 24, 2019) (non-precedential).

At step one, the Federal Circuit's cases make clear that software-based innovations can make non-abstract improvements to computer technology when they are focused on "an improvement in computer functionality itself, not on economic or other tasks for which a

12

computer is used in its ordinary capacity." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1336 (Fed. Cir. 2016). "[T]he self-referential table database found patent eligible in *Enfish* did more than allow computers to perform familiar tasks with greater speed and efficiency; it actually permitted users to launch and construct databases in a new way." *Finjan*, 879 F.3d at 1305.

In *Alice* step two, the analysis turns to "a search for an "inventive concept" — i.e., an element or ordered combination of elements that is "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Amdocs v. Openet Telecom, Inc.*, 841 F.3d 1288, 1293-1294 (Fed. Cir. 2016) (citations omitted). "The preemption concern arises when the claims are not directed to a specific invention and instead improperly monopolize 'the basic tools of scientific and technological work.'" *McRO, Inc.*, 837 F.3d at 1314.

## E.  Damages and Injunctive Relief

### ***Damages and Enhanced Damages***

#### i.  Issues of Law

15.  Whether Densify is entitled to damages under 35 U.S.C. § 284.

16.  Whether Densify is entitled to enhanced damages under 35 U.S.C. § 284.

17.  Whether Densify is entitled to a royalty or damages for VMware's ongoing infringement. 35 U.S.C. § 284.

18.  Densify also seeks attorneys' and costs fees pursuant to 35 U.S.C. § 285 or other applicable law.

19.  Whether Densify is entitled to an award of pre-judgment interest, post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and/or Federal Rule of Civil Procedure, Rule 54 or other applicable law.

20.     Whether Densify is entitled to an ongoing royalty or other damages or an accounting in relation to ongoing infringement, to the extent an injunction has not been issued.

**ii.     Relevant Authority**

Upon a finding of infringement, the patentee shall be awarded "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. "[T]he amount of a prevailing party's damages is a finding of fact on which the plaintiff bears the burden of proof by a preponderance of the evidence." *Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991).

The *Panduit* test establishes the basic, traditional framework for analyzing lost profits:

> To obtain as damages the profits on sales he would have made absent the infringement, i. e., the sales made by the infringer, a patent owner must prove: (1) demand for the patented product, (2) absence of acceptable noninfringing substitutes, (3) his manufacturing and marketing capability to exploit the demand, and (4) the amount of the profit he would have made.

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978). When there are multiple competitors in a market, a patentee is entitled to lost profits based on the infringing sales apportioned according to its "share of the market." *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F. 2d 1573, 1578-80 (Fed. Cir. 1989).

"The statute is unequivocal that the district court must award damages in an amount no less than a reasonable royalty." *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d at 1381-82 (Fed. Cir. 2003); *see also Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1327 (Fed. Cir. 1987) ("The requirement to determine actual damages is not diminished by difficulty of determination."). The reasonable royalty may be based on the "supposed result of hypothetical negotiations between the plaintiff and defendant." *Transocean Offshore Deepwater Drilling, Inc.*

14

*v. Maersk Drilling USA, Inc.*, 699 F.3d 1340, 1357 (Fed. Cir. 2012). "While the Federal Circuit has not prescribed a specific methodology for calculating a reasonable royalty, courts rely upon the fifteen factors set forth in *Georgia–Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y.1970)." *St. Clair Intellectual Prop. Consultants, Inc. v. Canon, Inc.*, CIV.A. 03-241 JJF, 2004 WL 2213562 (D. Del. Sept. 28, 2004). "[I]n conducting the hypothetical negotiation, the Court is permitted to look to events and facts that occurred after the infringement began." *Mobil Oil Corp. v. Amoco Chemicals Corp.*, 915 F. Supp. 1333, 1353 (D. Del. 1994).

Even if evidence presented at trial falls short of supporting a party's specific royalty estimate, "the fact finder is still required to determine what royalty is supported by the record." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1327-28 (Fed. Cir. 2014) (citing cases). "[T]he factual determination of a reasonable royalty, however, need not be supported, and indeed, frequently is not supported by the specific figures advanced by either party. . . . [T]he district court may reject the extreme figures proffered by the litigants as incredible and substitute an intermediate figure as a matter of its judgment from all of the evidence." *SmithKline Diagnostics*, 926 F.2d at 1167-68.

Reasonable royalty damages are not limited to specific instances where direct infringement has been shown and can be proven by circumstantial evidence. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1334–35 (Fed. Cir. 2009) ("On the other hand, we have never laid down any rigid requirement that damages in all circumstances be limited to specific instances of infringement proven with direct evidence. Such a strict requirement could create a hypothetical negotiation far-removed from what parties regularly do during real-world licensing negotiations."); *see also GlaxoSmithKline LLC v. Glenmark Pharm. Inc.*, No. CV 14-877-LPS-

CJB, 2017 WL 8948975, at *12 (D. Del. May 30, 2017), *report and recommendation adopted*, No. CV 14-877-LPS-CJB, 2017 WL 2536468 (D. Del. June 9, 2017); *Sentius Int'l, LLC v. Microsoft Corp.*, No. 5:13-CV-00825-PSG, 2015 WL 451950, at *11 (N.D. Cal. Jan. 27, 2015).

A patentee should also be entitled to an accounting of damages for post-verdict sales of products found to infringe the patents-in-suit. In patent cases, post-verdict accounting is standard practice. *See Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 2001 U.S. Dist. LEXIS 23416, *52-65 (D. Nev. Aug. 1, 2001) (describing numerous instances of accountings in patent cases); *see also, e.g., Edwards Lifesciences AG v. CoreValve, Inc.*, No. 08–91–GMS, 2011 WL 446203, at *16 (D. Del. Feb. 7, 2011), *aff'd in part, remanded in part*, 699 F.3d 1305 (Fed. Cir. 2012) ("The court will grant . . . an accounting of the number of [infringing] devices made, used, sold ... through the date of the order accompanying this memorandum."). Courts in this District have permitted additional discovery to properly complete a post-trial accounting of damages. *TruePosition Inc. v. Andrew Corp.*, No. Civ. 05–747–SLR, 2009 WL 1651042, at *1 n. 2 (D. Del. June 10, 2009), *aff'd*, 389 Fed. Appx. 1000 (Fed. Cir. 2010).

Section 284 provides for enhanced "damages up to three times the amount found or assessed." 35 U.S.C. § 284. "District courts enjoy discretion in deciding whether to award enhanced damages, and in what amount." *Halo*, 136 S.Ct. at 1932. In determining whether to award enhanced damages, a Court should consider "egregiousness of the defendant's conduct based on all the facts and circumstances." *Read Corp. v. Portec Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992), *abrogated in part on other grounds by Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 975 (Fed. Cir. 1995). Despite that there is no "rigid formula for awarding enhance damages under § 284," *Halo*, 136 S. Ct. at 1934, the factors courts consider when determining whether an infringer's behavior was egregious include "(1) whether the infringer deliberately

copied the invention; (2) whether the infringer, when aware of the patent, investigated and formed a good faith belief of invalidity or noninfringement; (3) the infringer's behavior as a party to litigation; (4) defendant's size and financial condition; (5) closeness of the case; (6) duration of defendant's misconduct; (7) remedial action by the defendant; (8) defendant's motivation for harm; and (9) whether defendant attempted to conceal its misconduct." *Boston Scientific Corp. v. Cordis Corp.*, 838 F. Supp. 2d 259, 278 (D. Del. 2012) (citing *Read*, 970 F.2d at 826-828), *aff'd*, 497 F. App'x 69 (Fed. Cir. 2013). The plaintiff must prove enhanced damages by a "preponderance of the evidence." *Halo*, 136 S.Ct. at 1934.

### *Permanent Injunction*

**i.    Issues of Law**

21.    Whether Densify is entitled to a permanent injunction. 35 U.S.C. § 283.

**ii.    Relevant Authority**

To obtain a permanent injunction, a plaintiff that has proven infringement must show "(1) irreparable injury in the absence of an injunction, (2) inadequacy of compensatory remedies at law, (3) a balance of hardships favoring an injunction, and (4) consistency of an injunction with the public interest." *Texas Advanced Optoelectronic Solutions, Inc. v. Renesas Electronics America, Inc.*, 895 F.3d 1304, 1331 (Fed. Cir. 2018) (*citing eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). It is not necessary that a patentee be able to prove specific past damages in order to be entitled to an injunction preventing future harm. *See, e.g.*, *Liqwd, Inc. v. L'Oreal USA, Inc.*, 720 F. Appx. 623 (Fed. Cir. 2018) (remanding denial of injunction because the relevant inquiry is whether the requirements were met at the time of the injunction).

**F.    Trademark**

### *Federal Trademark Claims*

### i.     Issues of Law

22.     Whether VMware has committed unfair competition in violation of, and whether Densify is entitled to damages under, 15 U.S.C. § 1125(a).

23.     Whether VMware's violation of 15 U.S.C. § 1125(a) was willful or intended to cause confusion, mistake or deception, and therefore enhanced damages should be awarded.

24.     Whether Densify is entitled to injunctive relief under 15 U.S.C. § 1125(a) based on VMware's unfair competition.

### ii.     Relevant Authority

"Federal trademark infringement, 15 U.S.C. § 1114(1)(a), and a false designation of origin claim, known more broadly as federal unfair competition, 15 U.S.C. § 1125(a)(1)(A), are measured by identical standards." *Louis Vuitton Malletier & Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 580 (E.D. Pa. 2002). Under these standards, a plaintiff must prove that: (1) it owns the mark; (2) the mark is valid and legally protectable; and (3) defendant's use of the mark to identify goods or services is likely to create confusion. *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000); *New Balance Athletics, Inc. v. USA New Bunren Int'l Co. Ltd. LLC*, No. CV 17-1700 (MN), 2019 WL 6528043, at *5 (D. Del. Dec. 4, 2019).

A valid and legally protectable mark must be "distinctive," which may be shown in two ways. Some marks are, by their very nature, considered distinctive. 2 McCarthy on Trademarks § 11:2. Such inherently distinctive marks include ones that are arbitrary or fanciful, such as APPLE for computers or SHELL for gasoline, *id.* at § 11:11, as well as ones that are suggestive of a product's function but not descriptive such as PENGUIN for freezers or SAMSON for weight training machines, *id.* at § 11:67. On the other hand, marks that are merely descriptive of the product are not inherently distinctive and secondary meaning must be proven before such a

name will be protectable. *Id.* at 11:2; *see Commerce Nat'l Ins. Servs., Inc. v. Commerce Ins. Agency, Inc.*, 214 F.3d 432, 438 (3d Cir. 2000) ("If the mark has not been federally registered . . . then validity depends on proof of secondary meaning, unless the unregistered or contestable mark is inherently distinctive." *Parks LLC v. Tyson Foods, Inc*, 863 F.3d 220, 230 (3d Cir. 2017) (internal quotation marks omitted)).

A trademark can be part of a company name.  *See generally Sanofi-Aventis v. Advancis Pharm. Corp*., 453 F. Supp. 2d 834, 846 (D. Del. 2006) ("Aventis" name functioned as a trademark even after merger with Sanofi).  "A name may function as both a trade name and a service mark." *Accu Pers., Inc. v. AccuStaff, Inc*., 823 F. Supp. 1161, 1170 (D. Del. 1993).  "The determination of whether a company name is being used 'as a service mark is a question of fact to be determined from the manner of use . . . These critical factors can be determined only by careful scrutiny of the exact manner in which the term is used by the applicant in its advertising media.' 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 19:88 (5th ed. 2019)." *Kars 4 Kids, Inc. v. Am. Can!*, No. 314CV7770PGSDEA, 2019 WL 1755912, at *11 (D.N.J. Apr. 18, 2019).  "It should be noted that § 43(a) of the Lanham Act provides protection for trade names as well as registered and unregistered marks; a trade name is the name used by an organization to identify its business, a trademark distinguishes its goods and a service mark distinguishes its services. Although a trade name as such is not registrable under the Lanham Act, it is nevertheless protected under the Act." *Delaware Valley Fin. Grp., Inc. v. Principal Life Ins. Co*., 640 F. Supp. 2d 603, 618 (E.D. Pa. 2009) (internal citations and quotation marks omitted).

A likelihood of confusion exists "when the consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different

product or service identified by a similar mark." *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 292 (3d Cir. 1991) (*quoting Scott Paper Co. v. Scott's Liquid Gold, Inc.*, 589 F.2d 1225, 1229 (3d Cir.1978)). To determine whether a likelihood of confusion exists, courts consider ten factors:

> (1) the degree of similarity between the owner's mark and the alleged infringing mark;
>
> (2) the strength of the owner's mark;
>
> (3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase;
>
> (4) the length of time the defendant has used the mark without evidence of actual confusion arising;
>
> (5) the intent of the defendant in adopting the mark;
>
> (6) the evidence of actual confusion;
>
> (7) whether the goods, though not competing, are marketed through the same channels of trade and advertised through the same media;
>
> (8) the extent to which the targets of the parties' sales efforts are the same;
>
> (9) the relationship of the goods in the minds of consumers because of the similarity of function;
>
> (10) other facts suggesting that the consuming public might expect the prior owner to manufacture a product in the defendant's market, or that he is likely to expand into that market.

*New Balance*, 2019 WL 6528043, at *5 (*quoting Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 463 (3d Cir. 1983)). No single factor is determinative. *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 709 (3d Cir. 2004).

Damages under Federal trademark law are governed by 15 U.S.C § 1117, which states:

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section

1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

A reasonable royalty can serve as remedy to a trademark owner, depending on the facts and circumstances of the case. *See, e.g., Coryn Grp. II, LLC v. O.C. Seacrets, Inc.*, No. CIV WDQ-08-2764, 2010 WL 1375301, at *8 (D. Md. Mar. 30, 2010); *A & L Labs., Inc. v. Bou-Matic, LLC*, No. CIV.02-4862(PAM/RLE), 2004 WL 1745865, at *2 (D. Minn. Aug. 2, 2004), *judgment clarified*, No. CIV.02-4862 PAM/RLE, 2004 WL 2730099 (D. Minn. Nov. 29, 2004), *aff'd*, 429 F.3d 775 (8th Cir. 2005), and aff'd, 429 F.3d 775 (8th Cir. 2005); *Koninkijke Philips Elecs. N.V. v. Hunt Control Sys., Inc.*, No. CV113684SRCCLW, 2016 WL 3545529, at *29 (D.N.J. June 29, 2016).

Courts apply the same four-factor test as in patent cases to determine whether to issue a permanent injunction for trademark infringement. However, a "permanent injunction is the usual and normal remedy once trademark infringement has been found in a final judgment." 5 McCarthy on Trademarks and Unfair Competition § 30:1 (5th ed.).

### ***State Trademark/Unfair Competition Claims***

21

**i.      Issues of Law:**

25.     Whether VMware's conduct constitutes deceptive trade practices under Delaware Code Title 6 § 2532 and therefore Densify is entitled to damages.

26.     Whether VMware's acts constitute an exceptional case and have been committed willfully, and therefore entitle Densify to reasonable attorney's fees under Delaware Code Title 6 § 2533(b).

27.     Whether Densify is entitled to injunctive relief under Delaware law based on VMware's deceptive trade practices. Delaware Code Title 6 § 2533(a).

**ii.     Relevant Authority:**

Under Delaware Code Title 6 § 2532, a plaintiff can prove unfair competition if a defendant's goods or services cause "likelihood of confusion." "In order to prevail in an action under [§ 2532], a complainant need not prove competition between the parties or actual confusion or misunderstanding." *Id.*

Delaware Code Title 6 § 2533(c) provides that:

> The relief provided in this section is in addition to remedies otherwise available against the same conduct under the common law or other statutes of this State. If damages are awarded to the aggrieved party under the common law or other statutes of this State, such damages awarded shall be treble the amount of the actual damages proved.

Under § 2533(a), a plaintiff "likely to be damaged by a deceptive trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable. Proof of monetary damage, loss of profits, or intent to deceive, is not required." Del. Code. Title 6 § 2533(a). "The court in exceptional cases may award reasonable attorneys' fees to the prevailing party. Costs or attorneys' fees may be assessed

against a defendant only if the court finds that defendant has willfully engaged in a deceptive trade practice." *Id.* at § 2533(b).

## G.     Attorneys' Fees and Costs

### i.       Issues of Law

28.     Whether Densify, if it is the prevailing party, has proven that it is entitled to attorneys' fees and/or costs, and the amount. 35 U.S.C. § 285.

### ii.      Relevant Authority

Section 285 of Title 35 of the United States Code provides for the awarding of "reasonable attorney fees to the prevailing party" when the case is determined to be exceptional. To be a "prevailing party," a party "must win a dispute within the case in favor of it that materially alters the legal relationship between the parties at the time of the judgment." *Parallel Iron LLC v. NetApp Inc.*, No. CV 12-769-RGA, 2014 WL 4540209, at *3 (D. Del. Sept. 12, 2014). In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014), the Supreme Court held that "[a]n 'exceptional' case, then, is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case or the unreasonable manner in which the case was litigated.)" The Supreme Court added: "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion." *Id.*; *see also id.* ("As in the comparable context of the Copyright Act, '[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised in light of the considerations we have identified."). Further, the prevailing party must prove entitlement to attorney fees under § 285 by a preponderance of the evidence. *Id.* at 1758; *see also Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. CV 11-1175-RGA, 2014 WL 4675002, at *2 (D. Del. Sept. 12, 2014). In the Third Circuit, the same test under *Octane Fitness* is used to determine

exceptional cases in trademark cases as in patent cases. *See Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) ("We believe that the [Supreme] Court [in Octane] was sending a clear message that it was defining "exceptional" not just for the fee provision in the Patent Act, but for the fee provision in the Lanham Act as well.").

Federal Rule of Civil Procedure 54 states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Supreme Court has explained that "prejudgment interest should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983). Prejudgment interest is not a penalty but "serves to make the patent owner whole, for damages properly include the foregone use of money of which the patentee was wrongly deprived." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996). Accordingly, awarding "prejudgment interest is the rule, not the exception." *Id.* "[P]rejudgment interest should be awarded from the date of infringement to the date of judgment." *Nickson Indus., Inc. v. ROL Mfg. Co., Ltd.*, 847 F.2d 795, 800 (Fed. Cir. 1988) (citing Gen. Motors, 461 U.S. at 656). Section 1961(a) of Title 28 of the United States Code states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."

"Postjudgment interest is awarded on monetary judgments recovered in all civil cases," including ones for patent infringement. *Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347 (Fed. Cir. 1999). Post-judgment interest is governed by regional circuit law. *Id.* at 1348. Interest begins to accrue on the date of the entry of judgment. *Loughman v. Consol-Pennsylvania Coal Co.*, 6 F.3d 88, 97 (3d Cir. 1993). Courts in this district routinely award post-judgment interest in patent infringement cases. *See nCUBE Corp. v. SeaChange Int'l, Inc.*, 313 F. Supp. 2d

361, 392 (D. Del. 2004), *aff'd*, 436 F.3d 1317 (Fed. Cir. 2006) (awarding post-judgment interest to patentee for defendant's willful infringement); *TruePosition Inc. v. Andrew Corp.*, 611 F. Supp. 2d 400, 414 (D. Del. 2009), *aff'd*, 389 F. App'x 1000 (Fed. Cir. 2010) (awarding post-judgment interest for patent infringement).

Pursuant to Federal Rule of Civil Procedure 54(d), costs should be allowed to the prevailing party. Under 28 U.S.C. § 1920, the prevailing party may recover the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in this case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. *See also* D. Del. LR 54.1.

# Exhibit 5

# VMWARE, INC'S STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED

**EXHIBIT 5[1]**

**VMWARE'S STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED**

VMware identifies the following issues of law that remain to be litigated based on the arguments it currently expects to make at trial as well as VMware's current understanding of the arguments that Plaintiffs are likely to make at trial. Should the Court determine that any issue identified in this list is more properly an issue of fact, VMware incorporates those issues by reference into VMware's Statement of Issues of Fact to be litigated. By identifying an issue in this statement, VMware does not concede that the issue is not factual and does not require trial by jury. The Court's decision on various motions, including pending *Daubert* motions, motions for summary judgment, and motions *in limine*, may change these issues, and VMware reserves the right to amend or supplement this statement.  If Plaintiff attempts to introduce or introduces different or additional legal arguments to those identified below, VMware reserves its right to contest those legal arguments and to present rebuttal evidence.

    **I.**    **STANDING[2]**

        **A.**    **Issues**

- ███████████████████████████████████████████████

    and/or

- ███████████████████████████████████████████████ .

---

[1] By Oral Order dated October 15, 2019 (D.I. 225), the Court severed VMware, Inc.'s patent infringement counterclaims and directed the parties to submit a proposed scheduling order for the severed counterclaims on December 13, 2019.  Accordingly, the parties have not included in this submission their positions with respect to VMware, Inc.'s patent infringement counterclaims.

[2] As set forth in the cover pleading, VMware has proposed a letter briefing schedule for pre-trial resolution of the standing issue should the Court wish to resolve this issue prior to trial.

### B.      Legal Authority

"Standing must be present at the time the suit is brought." *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975-76 (Fed.Cir.2005). If a plaintiff lacks standing at that time, the Court lacks subject matter jurisdiction and the case must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). *See generally Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). The party "bringing the action bears the burden of establishing that it has standing." *Sicom*, 427 F.3d at 976.

Standing is "comprised of both constitutional and prudential components." *Oxford Assocs. v. Waste Sys. Auth. E. Montgomery Cty.*, 271 F.3d 140, 145 (3d Cir. 2001). The requirement of constitutional standing derives from the Article III "case" or "controversy" requirement, compelling "a plaintiff to demonstrate that he or she suffered [i] 'injury in fact,' that [ii] the injury is 'fairly traceable' to the actions of the defendant, and that [iii] the injury will likely be redressed by a favorable decision." *Id.* "[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010). Prudential standing requires, among other things, that a litigant assert his or her own legal rights and not rely on the rights or interests of third parties. *See Hill ex rel. Hill v. Pa. Dep't of Corr.*, 521 F. App'x 39, 40 (3d Cir. 2013) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

A patent license that grants a licensee a right to make, use, or sell the patented article, but does not grant the licensee a right to exclude others, is only a bare license. *WiAV*, 631 F.3d at 1265 ("a so-called 'bare licensee' holds nothing more than a promise from the patentee that the patentee will not sue the licensee for practicing the patented invention"). "A nonexclusive license confers no constitutional standing on the licensee to bring suit or even to join a suit with

the patentee because a nonexclusive licensee suffers no legal injury from infringement." *Sicom*, 427 F.3d at 976.  Whether the license includes the term "exclusive" is "not controlling." *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1484 (Fed. Cir. 1998) ("The use of the word 'exclusive' is not controlling; what matters is the substance of the arrangement").  "The grant of a bare license to sell an invention in a specified territory, even if it is the only license granted by the patentee, does not provide standing without the grant of a right to exclude others." *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1553 (Fed. Cir. 1995).  Being "the parent of a wholly owned subsidiary" is insufficient to confer standing. *LTI Holdings Inc. v. Lippert Components Mfg. Inc.*, No. 3:15-CV-232 JVB, 2015 WL 5125172 at *1 (N.D. Ind. Sept. 1, 2015) (citing *DePuy, Inc. v. Zimmer Holdings, Inc.*, 384 F. Supp. 2d 1237, 1238 (N.D. Ill. 2005) (Posner, J., sitting by designation)).

## II.    PATENT INFRINGEMENT

### A.    Issues

- Whether VMware has directly infringed any of the asserted claims of the patents-in-suit;

- Whether VMware has literally infringed any of the asserted claims of the patents-in-suit;

- Whether VMware has actively induced infringement of any of the asserted claims of the patents-in-suit;

- Whether VMware has contributorily infringed any of the asserted claims of the patents-in-suit;

- Whether VMware willfully infringed any of the asserted claims of the patents-in-suit;

- Whether the trier of fact can infer infringement of the '367 patent based on subsequent remedial measures taken by VMware, such as VMware's subsequent removal of the dashboard that allegedly infringes the '367 patent;

- Whether, in the absence of expert testimony or evidence on infringement under the doctrine of equivalents, Plaintiffs have any legally viable claim regarding infringement under a doctrine of equivalents theory[3];

- Whether, if Plaintiffs have asserted a viable claim for infringement under the doctrine of equivalents, prosecution history estoppel precludes Plaintiffs' doctrine of equivalents theory[4]; and/or

- Whether, if Plaintiffs have asserted a viable claim for infringement under the doctrine of equivalents, VMware has infringed under the doctrine of equivalents[5].

### B.  Legal Authority

Although infringement is a question of fact, limitations on the applicability of the doctrine of equivalents—including whether a patentee is estopped from asserting the doctrine of equivalents based on statements or amendments made during prosecution, whether a finding of equivalence would vitiate a claim limitation, and whether a finding of equivalence would ensnare the prior art—are questions of law.[6]

### 1.  Direct Infringement

"[I]t is axiomatic that the *patentee* bears the burden of proving infringement." *Ultra-Tex Surfaces, Inc. v. Hill Bros. Chem. Co.*, 204 F.3d 1360, 1364 (Fed. Cir. 2000) (emphasis in

---

[3] Counsel for Cirba has represented that Cirba will not pursue infringement under a doctrine of equivalents theory.  To the extent that Cirba attempts at a later date to introduce evidence regarding infringement under a doctrine of equivalents theory, VMware reserves the right to object to such evidence at least because Cirba's infringement expert did not articulate such a theory in his expert reports.

[4] *See infra* note 3.

[5] *See infra* note 3.

[6] *See infra* note 3.

sf-4143228

original). Infringement must be proven by a preponderance of the evidence. *Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1367 (Fed. Cir. 2004). To determine whether a patentee has met this burden, courts apply a two-part test: "First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process." *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1315 (Fed. Cir. 1998) (citation omitted).

"To show infringement of a patent, a patentee must supply sufficient evidence to prove that the accused product or process contains, either literally or under the doctrine of equivalents, every limitation of the properly construed claim." *Seal-Flex, Inc. v. Athletic Track & Court Constr.*, 172 F.3d 836, 842 (Fed. Cir. 1999). The patentee fails to carry its burden "when two scenarios are equally likely" because "no jury could determine which one was more likely than not." *Mosel Vitelic Corp. v. Micron Tech., Inc.*, No. CIV.A. 98-449-GMS, 2000 WL 1728346, at *2 (D. Del. Mar. 14, 2000).

Under Supreme Court law, a method claim "is not infringed unless all the steps are carried out." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014); *see also Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use."); *see also Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993) (holding that "[t]he sale of [an apparatus capable of performing a claimed process is] not a direct infringement because a method or process claim is directly infringed only when the process is performed"); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1374 (Fed. Cir. 1991) (holding method claims were not directly infringed by the mere sale of an apparatus capable of performing the claimed process). "The Federal Circuit has held that

'[i]nfringement of process inventions is subject to the 'all-elements rule' whereby each of the claimed steps of a patented process must be performed in an infringing process, either literally or by an equivalent of that step.'" *Monsanto Co. v. Syngenta Seeds, Inc.*, 431 F. Supp. 2d 482, 486 (D. Del. 2006), *aff'd*, 503 F.3d 1352 (Fed. Cir. 2007) (quoting *Canton Bio-Medical, Inc. v. Integrated Liner Techs., Inc.*, 216 F.3d 1367, 1370 (Fed. Cir. 2000)). Additionally, "[a] method claim is directly infringed only by one practicing the patented method." *Id*.; *see also Gen. Foods Corp. v. Studiengesellschaft Kohle mbH*, 972 F.2d 1272 (Fed. Cir. 1992). Each step of the claimed method must be performed in the United States for direct infringement to occur. *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1317-18 (Fed. Cir. 2005)

### a.    Literal Infringement

Literal infringement requires the presence of each limitation, exactly as written in the claim. *See DeMarini Sports, Inc. v. Worth, Inc*., 239 F.3d 1314, 1331 (Fed. Cir. 2001) ("Literal infringement of a claim occurs when every limitation recited in the claim appears in the accused device, i.e., when the properly construed claim reads on the accused device exactly." (internal quotation marks and citation omitted)). "If even one limitation is missing or not met as claimed, there is no literal infringement." *Mas-Hamilton Grp. v. LaGard, Inc.*, 156 F.3d 1206, 1211 (Fed. Cir. 1998) (citation omitted).

### b.    Infringement Under the Doctrine of Equivalents[7]

Under the doctrine of equivalents, "a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." *Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 523 F.3d 1304,

---

[7] *See infra* note 3.

1312 (Fed. Cir. 2008); *see also Toro Co. v. White Consol. Indus, Inc.*, 266 F.3d 1367, 1370 (Fed. Cir. 2001) ("To infringe a claim under the doctrine of equivalents, an accused device must include an equivalent for each literally absent claim limitation.").  To prove equivalence, the patentee must "show[] that the difference between the claimed invention and the accused product [is] insubstantial." *Stumbo v. Eastman Outdoors, Inc.*, 508 F.3d 1358, 1364 (Fed. Cir. 2007). "One way of doing so is by showing on a limitation by limitation basis that the accused product performs substantially the same function in substantially the same way with substantially the same result" as the corresponding limitation claimed in the patent. *Id.* The doctrine of equivalents must be applied to each individual element of a claim, not to the invention as a whole.  *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997).  A patentee must present "particularized testimony and linking argument" to support a theory of infringement under the doctrine of equivalents. *Am. Calcar, Inc. v. Am. Honda Motor Co.*, 651 F.3d 1318, 1338-39 (Fed. Cir. 2011).

Prosecution history estoppel stands "as a legal limitation on the doctrine of equivalents." *Warner-Jenkinson,* 520 U.S. at 30.  Prosecution history estoppel "prevents a patentee from recapturing through the doctrine of equivalents the subject matter that the applicant surrendered during prosecution." *Integrated Tech. Corp. v. Rudolph Techs., Inc.*, 734 F.3d 1352, 1356 (Fed. Cir. 2013).  Prosecution history estoppel may bar the patentee from relying on the doctrine of equivalents if, during prosecution, the patentee made a narrowing amendment to satisfy any requirement of the Patent Act.  "[A] narrowing amendment made for a reason of patentability" creates a presumption that the patentee has "surrender[ed] the entire territory between the original claim limitation and the amended claim limitation." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1365 (Fed. Cir. 2003) (en banc).  The patentee may

7

overcome that presumption only by demonstrating that "the equivalent would have been unforeseeable at the time of the amendment," "the rationale underlying the amendment bore no more than a tangential relation to the equivalent in question," or "there was some other reason suggesting that the patentee could not reasonably be expected to have described the insubstantial substitute in question." *Id.* (alterations in original).

Similarly, a patentee may be barred from relying on the doctrine of equivalents if, during prosecution, the patentee made arguments that effectively narrowed the scope of the patent claims. "[A]rguments made during prosecution without amendments to claim language—if sufficient to evince a clear and unmistakable surrender of subject matter—may estop an applicant from recapturing that surrendered matter under the doctrine of equivalents." *Sextant Avionique, S.A. v. Analog Devices, Inc*., 172 F.3d 817, 828 n.3 (Fed. Cir. 1999); *see also Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc*., 103 F.3d 1571, 1578 (Fed. Cir. 1997) ("Arguments and amendments made to secure allowance of a claim, especially those distinguishing prior art, presumably give rise to prosecution history estoppel."); *Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 951-52 (Fed. Cir. 1993) ("The essence of prosecution history estoppel is that a patentee should not be able to obtain, through the doctrine of equivalents, coverage of subject matter that was relinquished during prosecution to procure issuance of the patent.")

The doctrine of equivalents also may not be relied on if a finding of infringement by equivalents "would entirely vitiate a particular claim element." *Warner-Jenkinson,* 520 U.S. at 39 n.8; *see also Moore U.S.A., Inc. v. Standard Register Co*., 229 F.3d 1091, 1106 (Fed. Cir. 2000) (explaining that "all claim limitations are not entitled to an equal scope of equivalents . . . [and] many limitations warrant little, if any, range of equivalents" and holding that allowing a "minority . . . to be equivalent to a majority would vitiate the ['majority'] requirement"); *Impulse*

sf-4143228

*Tech. Ltd. v. Microsoft Corp.*, No. 11-586-RGA, 2015 WL 5568616, at *3 (D. Del. Sept. 22, 2015) (applying claim vitiation where "[t]he accused product operates in essentially the opposite fashion of that described in the claims").

Additionally, the doctrine of "[e]nsnarement bars a patentee from asserting a scope of equivalency that would encompass, or 'ensnare,' the prior art*." DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1322 (Fed. Cir. 2009).  If a hypothetical patent claim, constructed on the basis of the patentee's doctrine of equivalents theory to literally cover the accused device, would be unpatentable as anticipated or obvious, then "the patentee has overreached, and the accused device is noninfringing as a matter of law." *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371, 1380 (Fed. Cir. 2001).  "[T]he burden of persuasion that the hypothetical claim does not ensnare the prior art remains with the patentee." *Streamfeeder, LLC v. Sure-Feed Sys., Inc.*, 175 F.3d 974, 983 (Fed. Cir. 1999).  Ensnarement is a question of law to be decided by the Court, not the jury.  *DePuy Spine*, 567 F.3d at 1324.

## 2.  Indirect Infringement – Induced Infringement

"Whoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  "A person *induces* infringement under § 271(b) by actively and knowingly aiding and abetting another's direct infringement." *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 675 (Fed. Cir. 1990) (emphasis original).  Induced infringement requires proof of actual infringement by a third party.  Thus, "[i]n order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002) (citations omitted).  This requires showing that the alleged infringer had "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances,*

*Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011); *see also Commil USA, LLC v. Cisco Sys., Inc.*, 135 S.

Ct. 1920, 1928 (2015) (explaining that indirect infringement "requires proof the defendant knew

the [accused] acts were infringing"). "[I]nducement requires evidence of culpable conduct,

directed to encouraging another's infringement, not merely that the inducer had knowledge of the

direct infringer's activities." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)

(en banc) (citing *Metro- Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936-37

(2005)). "The failure of an infringer to obtain the advice of counsel with respect to any allegedly

infringed patent, or the failure of the infringer to present such advice to the court or jury, may not

be used to prove that the accused infringer . . . intended to induce infringement of the patent." 35

U.S.C. § 298.

### 3.        Indirect Infringement – Contributory Infringement

Section 271(c) defines the acts that constitute contributory infringement as the sale, offer

to sell, or import of a product that can be used in a patented method if the product is "not a staple

article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C.

§ 271(c). To establish liability for contributory infringement, a patentee must prove the

following four elements: (1) the accused infringer sold or offered to sell in the United States, or

imported into the United States, a component of a patented device of composition, or a material

or apparatus that is a component for use in practicing a patented process; (2) the component is a

material part of the invention; (3) the accused party knew that the component was especially

made or adapted for use in a manner that would infringe the patent when the party sold, offered

or imported the component; and (4) the component is not a staple article of commerce capable of

substantial non-infringing use. *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir.

2010).

Contributory infringement requires proof of direct infringement by a third party and also requires that the accused product have "no use except through practice of the patented method." *Sony Corp. of Am. v. Universal Int'l City Studios, Inc.*, 464 U.S. 417, 441 (1984) ("Unless a commodity has no use except through practice of the patented method, the patentee has no right to claim that its distribution constitutes contributory infringement." (citation and internal quotation marks omitted)).  "[A] violator of § 271(c) must know 'that the combination for which his component was especially designed was both patented and infringing.'"  *Global-Tech*, 563 U.S. at 763 (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co..*, 377 U.S. 476, 488 (1964)).

### 4. Willful Infringement

In order to demonstrate willful infringement, Plaintiffs must prove by a preponderance of the evidence that VMware infringed "deliberate[ly], in a "consciously wrongful" manner, and "without any reason to suppose [its] conduct [was] arguably defensible."  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932-33 (2016); *see also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (willful infringement is a question of fact).  "To determine whether an accused infringer's conduct was subjectively willful, the Court must 'measure[] the accused infringer's culpability . . . against the knowledge of the actor at the time of the challenged conduct."  *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, Nos. 09-80-LPS, 11-742-LPS, 2016 WL 6542726, at *15 (D. Del. Oct. 31, 2016) (citations omitted.).  An accused infringer's conduct may only be found to amount to willful infringement if it is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."  *Halo Elecs.*, 136 S.Ct. at 1392.

Awareness of the patents-in-suit, without more, cannot establish willful infringement. *See Vehicle IP, LLC v. AT&T Mobility LLC*, 227 F. Supp. 3d 319, 331 (D. Del. 2016) ("Vehicle

IP does not identify other evidence, beyond pre-suit knowledge of the patent, that could show that the TCS Defendants' infringement was 'egregious,' 'deliberate,' 'wanton,' or otherwise characteristic of the type of infringement that warrants the Court exercising its discretion to impose the 'punitive' sanction of enhanced damages."); *Greatbatch Ltd. v. AVX Corp.*, No. 13-723-LPS, 2016 WL 7217625, at *3 (D. Del. Dec. 13, 2016) ("[A] party's pre-suit knowledge of a patent is not sufficient, by itself, to find 'willful misconduct' of the type that may warrant an award of enhanced damages."); *see also Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1332-33 (Fed. Cir. 2004) (affirming JMOL of no willfulness despite stipulation that defendant had knowledge of the asserted patents); *Ajinomoto Co. v. Archer-Daniels-Midland Co.*, 228 F.3d 1338, 1351-52 (Fed. Cir. 2000) (affirming finding of no willfulness despite defendant's knowledge of asserted patent); *see also* VMware's Motion *in Limine* No. 3 and the cases discussed therein relating to willful infringement.

## 5.    Remedial Measures

There is a strong public policy that encourages parties to take remedial action to avoid further alleged harm. *Vardon Golf Co. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 652 (N.D. Ill. 1994). Parties would be discouraged from taking such remedial measures if they could then be used against them in litigation. *Werner v. Upjohn Co.*, 628 F.2d 848, 853 (4th Cir. 1980), *cert. denied*, 449 U.S. 1080, (1981); *see also Vardon Golf Co.*, 156 F.R.D. at 653 ("Allowing evidence of subsequent remedial measures to be discovered by [plaintiff] would create a disincentive for [defendant] to discontinue the infringing conduct.")

This incentive applies in patent cases just like in any other case: modifications made to a product after the defendant learns of a patent, or is accused of infringement, are inadmissible to suggest culpable conduct such as willfulness. Both the Federal Circuit and courts in this district have acknowledged that Federal Rule of Evidence 407 applies to issues of culpability in patent

cases. *Pall Corp v. Micron Separations, Inc.*, 66 F.3d 1211, 1221 (Fed. Cir. 1995) (finding that because the redesign was not relied upon to find culpability for the prior infringement, and because the court declined to find willfulness for that prior infringement, Rule 407 was not violated); *Johns Hopkins Univ. v. Alcon Labs. Inc.*, No. 15-525, 2018 WL 4178159, at *19 (D. Del. Aug. 30, 2018) (finding that Rule 407 only applies to remedial measures actually taken, not a redesign to avoid patent infringement that was only contemplated). A number of other districts have excluded evidence of redesign as this is "precisely the type of evidence that Federal Rule of Evidence 407 is designed to preclude." *Deflecto, LLC v. Dundas *Jafine Inc*., No. 13-0116-CV-W-ODS, 2015 WL 9413148, at *2 (W.D. Mo. Dec. 22, 2015) (granting motion *in limine* to exclude evidence of redesign as evidence that defendant knew the previous product infringed); *see also Interactive Health LLC v. King Kong USA, Inc.*, No. CV 06-1902-VBF(PLAX), 2008 WL 11339129, at *8 (C.D. Cal. July 24, 2008) (applying Rule 407 to exclude evidence pertaining to alleged willful patent infringement); *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. 9:09-CV-176, 2011 WL 7563868, at *3 (E.D. Tex. Sept. 23, 2011) (granting motion *in limine* to exclude evidence of accused infringer's redesign of accused product as evidence of infringement); *Mikkelsen Graphic Eng'g Inc. v. Zund Am., Inc.*, No. 07-C-0391, 2011 WL 1330782, at *11 (E.D. Wis. Apr. 7, 2011), *aff'd in part, vacated in part on other grounds,* 541 F. App'x 964 (Fed. Cir. 2013) (holding that an act qualifying as a "subsequent remedial measure" was "not admissible to prove culpable conduct.")

## III.   CLAIM CONSTRUCTION

### A.   Issues

- Whether additional claim construction of the terms "virtualized environment," "rule sets," "virtual to virtual (V2V) transformation, "data set," "virtualized platform," and "using one more rule sets pertaining to said technical, business and workload constraints"

13

is necessary in light of newly disclosed opinions in the expert report of Plaintiffs' expert Dr. Madisetti.

### B.  Legal Authority

It is beyond dispute that claim construction issues are to be decided by the court. It is thus improper for an expert witness to testify before the jury regarding claim construction. *CytoLogix Corp. v. Ventana Med. Sys., Inc*., 424 F.3d 1168, 1172 (Fed. Cir. 2005)

"It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (internal quotation marks omitted).  "'[T]here is no magic formula or catechism for conducting claim construction.'  Instead, the court is free to attach the appropriate weight to appropriate sources 'in light of the statutes and policies that inform patent law.' " *SoftView LLC v. Apple Inc.*, 2013 WL 4758195, at *1 (D. Del. Sept. 4, 2013) (quoting *Phillips*, 415 F.3d at 1324) (alteration in original).  When construing patent claims, a court considers the literal language of the claim, the patent specification, and the prosecution history.  *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977–80 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).  Of these sources, "the specification is always highly relevant to the claim construction analysis.  Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Phillips*, 415 F.3d at 1315 (internal quotation marks omitted).

"[T]he words of a claim are generally given their ordinary and customary meaning.... [Which is] the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, *i.e.*, as of the effective filing date of the patent application." *Id.* at 1312–13 (citations and internal quotation marks omitted).  "[T]he ordinary meaning of a claim term is its meaning to [an] ordinary artisan after reading the entire patent." *Id.* at 1321 (internal quotation marks omitted).  "In some cases, the ordinary meaning of claim language as

14

understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Id.* at 1314.

When a court relies solely upon the intrinsic evidence—the patent claims, the specification, and the prosecution history—the court's construction is a determination of law. *See Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015). The court may also make factual findings based upon consideration of extrinsic evidence, which "consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises." *Phillips*, 415 F.3d at 1317–19 (internal quotation marks omitted). Extrinsic evidence may assist the court in understanding the underlying technology, the meaning of terms to one skilled in the art, and how the invention works. *Id.* Extrinsic evidence, however, is less reliable and less useful in claim construction than the patent and its prosecution history. *Id.*

## IV.   PATENT INVALIDITY

### A.   Issues

- Whether the asserted claims of the '367 Patent are anticipated by the prior art under 35 U.S.C. § 102;

- Whether the asserted claims of the '367 Patent are invalid as obvious over the prior art under 35 U.S.C. § 103;

- Whether the asserted claims of the '367 Patent are unpatentable under 35 U.S.C. § 101 as directed to abstract ideas;

- Whether the asserted claims of the '367 Patent are invalid under 35 U.S.C. § 112 for failing to satisfy the written description requirement;

- Whether Plaintiffs meet their burden of production of evidence of secondary considerations of non-obviousness with respect to any of the asserted claims of the '367 patent, and have established a nexus between those secondary considerations and the alleged inventions of the claims of the '367 Patent;

- Whether the asserted claims of the '687 Patent are anticipated by the prior art under 35 U.S.C. § 102;

- Whether the asserted claims of the '687 Patent are invalid as obvious over the prior art under 35 U.S.C. § 103;

- Whether the asserted claims of the '687 Patent are unpatentable under 35 U.S.C. § 101 as directed to abstract ideas; and/or

- Whether Plaintiffs meet their burden of production of evidence of secondary considerations of non-obviousness with respect to any of the asserted claims of the '687 patent, and have established a nexus between those secondary considerations and the alleged inventions of the claims of the '687 Patent.

    **B.**    **Legal Authority**

        **1.**    **Presumption of Validity**

A patent is presumed to be valid. 35 U.S.C. § 282. This presumption places the burden of persuasion on the party challenging validity. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 100 (2011). Patent invalidity must be proven by "clear and convincing" evidence. *Microsoft*, 564 U.S. at 95. However, "new evidence supporting an invalidity defense may 'carry more weight' in an infringement action than evidence previously considered by the PTO." *Id*. at 110. "Simply put, if the PTO did not have all material facts before it, its considered judgment may lose significant force." *Id*. at 1111. The presumption of validity and the clear and convincing burden

sf-4143228

of proof are "static and in reality different expressions of the same thing—a single hurdle to be cleared." *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258 (Fed. Cir. 2004) (citations omitted.)  Thus, the presumption of validity "does not constitute 'evidence' to be weighed against the challenger's evidence." *Id.* at 1258-59 (quoting *Avia*, 853 F.2d at 1562).

While Section 282 requires an invalidity defense to be proven by clear and convincing evidence, "the challenger's burden to persuade the jury of its invalidity defense by clear and convincing evidence may be easier to sustain" when a party relies on prior art not before the Patent Office during prosecution.  *Microsoft*, 564 U.S. at 111; *see also SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1355-56 (Fed. Cir. 2000) ( explaining that "[w]hile the presentation at trial of a reference that was not before the examiner does not change the presumption of validity, the alleged infringer's burden may be more easily carried because of this additional reference").  The Supreme Court has recognized that "if the PTO did not have all material facts before it, its considered judgment may lose significant force."  *Microsoft*, 564 U.S. at 111.

### 2.    What Constitutes Prior Art

Whether an allegedly invalidating reference is prior art is "a question of law based on underlying facts."  *Minton v. Nat'l Ass'n of Sec. Dealers, Inc.*, 336 F.3d 1373, 1376 (Fed. Cir. 2003); *see also TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004) ("Whether a reference was published prior to the critical date, and is therefore prior art, is a question of law based on underlying fact questions.").

Public use and public knowledge requirements to qualify as prior art under §§ 102 (a) and (b) are not demanding standards.  *See Nat'l Research Dev. Corp. v. Varian Assocs., Inc.*, 822 F. Supp. 1121, 1129 (D.N.J. 1993), *aff'd in part, vacated in part*, 17 F.3d 1444 (Fed. Cir. 1994) ("[i]t does not take much to trigger the 'public use' statutory bar to a patent"); *see also New*

*Railhead Mfg., L.L.C. v. Vermeer Mfg. Co.*, 298 F.3d 1290, 1297 (Fed. Cir. 2002) ("The statutory phrase 'public use' does not necessarily mean open and visible in the ordinary sense.").  Indeed, public use includes "any use" of a device "by a person other than the inventor who is under no limitation, restriction or obligation of secrecy to the inventor." *Baxter Int'l, Inc. v. COBE Labs., Inc.*, 88 F.3d 1054, 1058 (Fed. Cir. 1996) (holding use of centrifuge in a laboratory where co-workers and visitors saw it in operation qualified as "public use"); *see also Clock Spring,L.P. v. Wrapmaster, Inc.*, 560 F.3d 1317, 1328 (Fed. Cir. 2009) (holding public use requirement satisfied where "during the 1989 demonstration, all elements of the repair method in claim 1 of the [] Patent were performed"); *Adenta GmbH v. OrthoArm, Inc.*, 501 F.3d 1364, 1372 (Fed. Cir. 2007) (display of bracket at "1994 Florida trade show" is public use); *Beachcombers v. WildeWood Creative Prods., Inc.*, 31 F.3d 1154, 1159-60 (Fed. Cir. 1994) (displaying an invention at a dinner party is public use).

While § 102(b) uses slightly different language (i.e., "public use"), the same standard governs whether a reference is "known or used by others" under § 102(a).  *See Ormco Corp.*, 463 F.3d at 1305-06 (reversing finding of no "use by others" under § 102(a) because "Dr. Truax promoted his system to other orthodontists through seminars and clinics and distributed his instruction sheet at those clinics").

Dissemination and public accessibility are the touchstones to the legal determination whether a prior art reference is a printed publication.  *See Suffolk Techs., LLC v. AOL Inc.*, 752 F.3d 1358, 1364 (Fed. Cir. 2014).  "A given reference is 'publicly accessible' upon a satisfactory showing that such document has been disseminated or otherwise made available to the  extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it." *Id.* (quoting *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 511

F.3d 1186, 1194 (Fed. Cir. 2008)).  Dissemination and public accessibility, however, are not distinctly required, either individually or as a pair, for a printed publication reference.  *See Suffolk*, 752 F.3d at 1365 (finding that "a printed publication need not be easily searchable after publication if it was sufficiently disseminated at the time of its publication").  And the Federal Circuit has found "the question to be resolved in a 'printed publication' inquiry is the extent of the reference's accessibility to at least the pertinent part of the public, of a perceptible description of the invention, in whatever form it may have been recorded." *In re  Klopfenstein*, 380 F.3d 1345, 1348 (Fed. Cir. 2004).

### 3.	Anticipation

An alleged invention must be new to satisfy the requirements of patentability.  *See C.R. Bard, Inc. v. M3 Sys., Inc*., 157 F.3d 1340, 1349 (Fed. Cir. 1998). A patent is not new or novel, however, if it was disclosed in a Section 102 prior art reference.  *See generally* 35 U.S.C. § 102. A reference anticipates if it is shown "that each element of the claim in issue is found, either expressly or under principles of inherency, in a single prior art reference, or that the claimed invention was previously known or embodied in a single prior art device or practice." *Minn. Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc*., 976 F.2d 1559, 1565 (Fed. Cir. 1992).  "Under the principles of inherency, if the prior art necessarily functions in accordance with, or includes, the claims limitations, it anticipates." *Leggett & Platt, Inc. v. VUTEk, Inc*., 537 F.3d 1349, 1354 (Fed. Cir. 2008) (internal quotation marks omitted).  "Inherent anticipation does not require that a person of ordinary skill in the art at the time would have recognized the inherent disclosure [of the prior art reference]." *Abbott Laboratories v. Baxter Pharmaceutical Products, Inc*., 471 F.3d 1363, 1368 (Fed. Cir. 2006) (internal quotation marks omitted).  The Federal Circuit's "cases have consistently held that a reference may anticipate even when the relevant properties of the thing disclosed were not appreciated at the time.") *Id.* at 1367.

"The disclosure in an assertedly anticipating reference must be adequate to enable possession of the desired subject matter." *Elan Pharms., Inc. v. Mayo Found. for Med. Educ. & Research*, 346 F.3d 1051, 1055 (Fed. Cir. 2003).  "For a prior-art reference to be enabling, it need not enable the claim in its entirety, but instead the reference need only enable a single embodiment of the claim." *In re Morsa*, 803 F.3d 1374, 1377 (Fed. Cir. 2015).  Anticipatory enablement is a less demanding standard than enablement under Section 112.  In particular, anticipatory enablement does not require "actual performance" of the enabling disclosure.  *Novo Nordisk Pharms., Inc. v. Bio-Tech. Gen. Corp.*, 424 F.3d 1347, 1355 (Fed. Cir. 2005); *In re Antor Media Corp.*, 689 F.3d 1282, 1290 (Fed. Cir. 2012); *Schering Corp. v. Geneva Pharm.*, 339 F.3d 1373, 1380 (Fed. Cir. 2003) (explaining that "[a]nticipation does not require the actual creation or reduction to practice of the prior art subject matter" and "information arising after the critical date may show that the claimed subject matter, as disclosed in a prior art reference, 'was in the public's possession.'") (quoting *Bristol–Myers Squibb Co. v. Ben Venue Labs., Inc.,* 246 F.3d 1368, 1379 (Fed.Cir.2001).  "Rather, anticipation only requires that those suggestions be enabled to one of skill in the art." *Kennametal, Inc. v. Ingersoll Cutting Tool Co*., 780 F.3d 1376, 1383 (Fed. Cir. 2015) (quoting *Novo Nordisk*, 424 F.3d at 1355).  The "knowledge of the art" at the critical or priority dates of the '687 and '367 patents is relevant to that inquiry.  *Iovate Health Scis., Inc. v. Bio-Engineered Supplements & Nutrition, Inc*., 586 F.3d 1376, 1383 (Fed. Cir. 2009); *see also Novo Nordisk*, 424 F.3d at 1356 (finding anticipatory enablement based on what "would have been understood by one of ordinary skill in the art").  Even assuming a disclosure is not enabling, and thus fails to anticipate, the "disclosure can still qualify as prior art in determining obviousness under 35 U.S.C. § 103, *independent of enablement*." *In re Antor*, 689 F.3d at 1292 (emphasis added); s*ee also Symbol Techs. Inc. v. Opticon Inc.*, 935 F.2d 1569,

1578 (Fed.Cir.1991) ("[A] non-enabling reference may qualify as prior art for the purpose of determining obviousness under § 103.").

A district court should presume that prior art printed publications, as well as patents, are enabled. *Lambda Optical Sols. LLC v. Alcatel Lucent USA Inc.*, Civil Action No. 10-487-RGA, 2015 WL 5734427, at *1 (D. Del. Sept. 30, 2015); *see also Robocast, Inc. v. Apple Inc.*, 39 F.Supp. 3d 552, 565 (D. Del 2014) (holding that "a district court should presume that a prior art printed publication is enabled"). The patentee bears the "burden of proving the nonenablement" of the prior art, which means the patentee must overcome the presumption of enablement by a preponderance of the evidence. *See Lambda Optical Sols. LLC v. Alcatel-Lucent USA, Inc.*, No. CV 10-487-RGA-CJB, 2017 WL 4002148, at *4 (D. Del. Mar. 31, 2017) report and recommendation adopted, No. 110CV00487RGACJB, 2017 WL 4002141 (D. Del. Sept. 11, 2017) (citing *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1355 (Fed. Cir. 2003); *Cubist Pharms., Inc. v. Hospira, Inc*., 75 F. Supp. 3d 641, 661, 661 n.10 (D. Del. 2014). Finally, "both claimed and unclaimed materials disclosed in a [prior art] patent are presumptively enabling." *In re Antor Media Corp*., 689 F.3d at 1287; *see also Cubist Pharms., Inc. v. Hospira, Inc*., 75 F. Supp. 3d 641, 661, 661 n.10 (D. Del. 2014); *Robocast, Inc. v. Apple Inc*., 39 F. Supp. 3d 552, 565 (D. Del. 2014).

### 4.     Obviousness

Section 103 of the Patent Act (pre-AIA) provides:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

35 U.S.C. § 103(a). "[O]bviousness is a matter of law based on findings of underlying fact." *Sanofi-Synthelabo v. Apotex, Inc.*, 550 F.3d 1075, 1085 (Fed. Cir. 2008). The underlying factual considerations include:

> the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented.

*KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007) (quoting *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966)); *see also ABT Sys., LLC v. Emerson Elec. Co.*, 797 F.3d 1350, 1357 (Fed. Cir. 2015). Obviousness can be established by noting that "there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims." *KSR*, 550 U.S. at 419-20. Furthermore, it is not only the specific problem motivating the patentee that is relevant, but rather "any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements in the manner claimed." *Id*. In addition, because "[a] person of ordinary skill is also a person of ordinary creativity," he will be able to "fit the teachings of multiple patents together like pieces of a puzzle," regardless of whether each piece of prior art was designed to solve the problem at hand. *Id*. at 420-21; *see also Leapfrog Enters., Inc. v. Fischer-Price, Inc.*, 485 F.3d 1157, 1161-62 (Fed. Cir. 2007).

Obviousness is to be judged under "an expansive and flexible approach" driven by "common sense," and a non-obvious combination requires "more than the predictable use of prior art elements according to their established functions." *KSR*, 550 U.S. at 415-18. This flexible standard expands the obviousness analysis beyond just "published articles and the

sf-4143228

explicit content of issued patents." *Id*. at 419.  As the Supreme Court has articulated, a patent

that merely combines "familiar elements according to known methods is likely to be obvious

when it does no more than yield predictable results." *Id*. at 416 (recognizing that when a patent

claims a structure already known in the prior art that is altered by the mere substitution of one

element for another known in the field, the combination must do more than yield a predictable

result).  Similarly, where a person of ordinary skill in the art simply pursues "known options"

from a "finite number of identified, predictable solutions," obviousness under Section 103

results.  *Id*. at 421.

Secondary considerations, if present, are also relevant to the obviousness analysis. *ABT*,

797 F.3d at 1361.  Simultaneous or near-simultaneous invention by others is a particularly

important secondary consideration that supports holding the claimed invention obvious. *See*

*Geo. M. Martin Co. v. Alliance Mach. Sys. Int'l LLC*, 618 F.3d 1294, 1305-06 (Fed. Cir. 2010)

("Independently made, simultaneous inventions, made 'within a comparatively short space of

time,' are persuasive evidence that the claimed apparatus 'was the product only of ordinary . . .

skill.'") (quoting *Concrete Appliances Co. v. Gomery*, 269 U.S. 177, 184 (1925)).  Other

secondary considerations include commercial success, licensing, praise, long-felt but unmet

need, failure of others, unexpected results, teaching away, and copying.  *See KSR*, 550 U.S. at

406 ("Such secondary considerations as commercial success, long felt but unsolved needs,

failure of others, etc., might be utilized to give light to the circumstances surrounding the origin

of the subject matter sought to be patented." (quoting *Graham*, 383 U.S. at 17-18)).  In order for

these objective indicia of nonobviousness "to be accorded substantial weight, its proponent must

establish a nexus between the evidence and the merits of the claimed invention." *SIBIA*

*Neurosciences*, 225 F.3d at 1359 (quoting *In re GPAC Inc.*, 57 F.3d 1573, 1580 (Fed. Cir. 1995).

However, even if secondary considerations exist, they cannot overcome a "strong prima facie case of obviousness." *Wyers v. Master Lock Co*., 616 F.3d 1231, 1246 (Fed. Cir. 2010).

One consideration that is not relevant to the obviousness inquiry is enablement.  Even "'[a] non-enabling reference may qualify as prior art for the purpose of determining obviousness,'" *ABT*, 97 F.3d at 1360 n.2 (quoting *Symbol Techs., Inc. v. Opticon, Inc*., 935 F.2d 1569, 1578 (Fed. Cir. 1991), "and even 'an inoperative device . . . is prior art for all that it teaches.'"  *Id*. (quoting *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989)); *see also Antor Media*, 689 F.3d at 1292.

Obviousness is judged from the perspective of a person having ordinary skill in the art at the time the alleged invention was made.  *Takeda Chem. Indus., Ltd. v. Alphapharm Pty., Ltd*., 492 F.3d 1350, 1354-55 (Fed. Cir. 2007) ("An invention is not patentable, *inter alia*, 'if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art'" (quoting 35 U.S.C. § 103(a))).  A person of ordinary skill is a hypothetical person who is "presumed to be aware of all the pertinent prior art." *Standard Oil Co. v. Am. Cyanamid Co*., 774 F.2d 448, 454 (Fed. Cir. 1985).

### 5.      Prior Art Under 35 U.S.C. § 102(e)

The Federal Circuit has addressed the requirements that must be met in order for an issued patent to claim the benefit of the filing date of an earlier-filed provisional application for prior art purposes in *Dynamic Drinkware, LLC v. National Graphics, Inc.*, 800 F.3d 1375, 1378 (Fed. Cir. 2015).  For a patent to claim priority from the filing date of its provisional application, it must satisfy 35 U.S.C. § 119(e)(1), which provides that "[a]n application for patent filed under section 111(a) or section 363 for an invention disclosed in the manner provided by section 112(a) [] in a provisional application filed under section 111(b), by an inventor or inventors named in

the provisional application, shall have the same effect, as to such invention, as though filed on

the date of the provisional application filed under section 111(b)."   In other words, for purposes

of prior art under Section 102(e), a prior art reference needs to have one claim supported in its

provisional application in order to be entitled to the provisional filing date.  *See Dynamic*

*Drinkware*, 800 F.3d at 1378.

### 6.    Written Description

A patent claim is invalid if the patent does not contain an adequate written description of

the claimed invention. Section 112 of the Patent Act provides that "[t]he specification shall

contain a written description of the invention, and of the manner and process of making and

using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art . . .

to make and use the same."  35 U.S.C. § 112(a).  The written description must reasonably convey

"to those skilled in the art that the inventor had possession of the claimed subject matter as of the

filing date."  *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en

banc). Specifically, the written description must "clearly allow persons of ordinary skill in the art

to recognize that [the inventor] invented what is claimed."  *Id.* (citation omitted); *see also In re*

*Gosteli*, 872 F.2d 1008, 1012 (Fed. Cir. 1989); *LizardTech, Inc. v. Earth Res. Mapping, Inc.*, 424

F.3d 1336, 1345 (Fed. Cir. 2005) ("[The written description] must describe the invention

sufficiently to convey to a person of skill in the art that the patentee had possession of the

claimed invention at the time of the application, i.e., that the patentee invented what is

claimed.").  In determining whether a specification contains an adequate written description,

"one must make an 'objective inquiry into the four corners of the specification from the

perspective of a person of ordinary skill in the art.'"  *Boston Sci. Corp. v. Johnson & Johnson*,

647 F.3d 1353, 1366 (Fed. Cir. 2011) (citing *Ariad*, 598 F.3d at 1351).  "A broad claim is invalid

[for lack of adequate written description] when the entirety of the specification clearly indicates

that the invention is of a much narrower scope." *Carnegie Mellon Univ. v. Hoffman-La Roche Inc.*, 541 F.3d 1115, 1127 (Fed. Cir. 2008) (quoting *Cooper Cameron Corp. v. Kvaerner Oilfield Prods., Inc.*, 291 F.3d 1317, 1323 (Fed. Cir. 2002); *see also Atlantic Res. Mktg. Sys., Inc. v. Troy*, 659 F.3d 1345, 1354-55 (Fed. Cir. 2011) (invalidating claims covering gun accessory without "receiver sleeve attachment point" because specification disclosed only accessory with such an attachment point); *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, 1378 (Fed. Cir. 2009) ("[A] person of skill in the art would not understand the inventor . . . to have invented a spikeless medical valve."); *LizardTech*, 424 F.3d at 1345 (invalidating a claim that was "directed to creating a seamless array of DWT coefficients generically" because the specification taught only "a particular method" of creating such a seamless array). Whether a patent claim satisfies the written description requirement is a question of fact. *Ariad*, 598 F.3d at 1351.

### 7.     Unpatentability Under 35. U.S.C. § 101

As the Supreme Court held in *Alice*, "abstract ideas are not patentable." *Alice Corporation v. CLS Bank International*, 573 U.S. 208, 216 (2014) (quotation and citation omitted). *Alice* established a two-step test for determining patent eligibility. First, the court determines whether the claims are "directed to" a patent-ineligible abstract idea. *Id*. at 217-18. If so, the court considers the claim limitations to assess whether they transform the claim into a patent-eligible application of the abstract idea. *See id.*

Patents that seek to claim "certain independently abstract ideas that use computers as tools," but without offering any "improvement in computers as tools," are invalid for lack of patentable subject matter. *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016). The use of "generic" computer components to implement an abstract idea "do[es] not render the claims any less abstract." *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1367-68 (Fed. Cir. 2015). Moreover, the "mere automation of manual processes

using generic computers does not constitute a patentable improvement in computer technology." *Credit Acceptance Corp. v. Westlake Servs.*, 859 F.3d 1044, 1055 (Fed. Cir. 2017). Ideas that could be implemented mentally or via pencil and paper remain abstract even when automated using computer software or hardware. *See, e.g.*, *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1372 (Fed. Cir. 2011) (claims that "can be performed in the human mind, or by a human using a pen and paper," are directed to an "unpatentable mental process[]"); *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1147 (Fed. Cir. 2016).

As both the Federal Circuit and courts in this District have repeatedly held, "collecting information, analyzing it, and displaying certain results of the collection and analysis" are "a familiar class of claims 'directed to' a patent-ineligible concept." *Elec. Power*, 830 F.3d at 1353; *see also Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1378, 1384-85 (Fed. Cir. 2019) (collecting and analyzing market data abstract, quoting *Elec. Power*); *SAP Am., Inc. v. Investpic*, LLC, 898 F.3d 1161, 1167 (Fed. Cir. 2018) (collecting and analyzing financial data abstract, quoting Elec. Power); *Interval Licensing LLC v. AOL, Inc*., 896 F.3d 1335, 1344-45 (Fed. Cir. 2018) (collecting cases); *Search & Soc. Media Partners, LLC v. Facebook, Inc*., 346 F. Supp. 3d 626, 634-35 (D. Del. 2018) (in context of social computer network, "collecting, analyzing, and displaying information, without more, is an abstract idea"), reconsideration denied, 2019 WL 581616, at *6-7 (D. Del. Feb. 13, 2019); *Uniloc USA, Inc. v. ADP, LLC*, Nos. 2018-1132, 2018-1346, 2018-1448, 2019 WL 2245938, at *9 (Fed. Cir. May 24, 2019) (claim directed to abstract idea of "license management method that indicates a user's authorization to access an application").

An abstract idea does not become patent-eligible when "the claims simply instruct the practitioner to implement the abstract idea with routine, conventional activity," such as through a

"general purpose computer." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715-16 (Fed. Cir. 2014). The Federal Circuit has confirmed repeatedly that implementation via conventional computer components does not add an inventive concept. *See Credit Acceptance*, 859 F.3d at 1056 ("user terminal" not inventive); *Content Extraction & Transmission LLC v. Wells Fargo Bank Nat. Ass'n.*, 776 F.3d 1343, 1347-48 (Fed. Cir. 2014) ("memory" not inventive); *Smart Sys. Innovations, LLC v. Chicago Transit Auth.*, 873 F.3d 1364, 1374-75 (Fed. Cir. 2017) ("interface" and "memory" not inventive); *SAP Am.*, 898 F.3d at 1170 ("generic parallel processing components . . . on which the claimed method could run" not inventive).

Such "off-the-shelf, conventional computer, network, and display technology for gathering, sending, and presenting the desired information" cannot overcome Alice step 2. *Elec. Power*, 830 F.3d at 1355; *accord In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 615 (Fed. Cir. 2016)("[V]ague, functional descriptions of server components are insufficient to transform the abstract idea into a patent-eligible invention."); *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1338-39 (Fed. Cir. 2017) (claims requiring only conventional computer components invalid).

Indeed, "the prohibition against patenting abstract ideas cannot be circumvented by attempting to limit the use of [the idea] to a particular technological environment." *Alice*, 573 U.S. at 222-23 (quoting *Bilski v. Kappos*, 561 U.S. 593, 610-11 (2010)). This is true even if applying the abstract idea in a particular technological environment was novel. *Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1263 (Fed. Cir. 2016) ("[T]he fact that some of those steps had not previously been employed in the art was not sufficient, standing alone, to confer patent eligibility upon the claims at issue." (quotation and citation omitted)). The Federal Circuit has repeatedly reaffirmed this principle. In *BSG Tech LLC v. Buyseasons, Inc.*, the court

explained that "it is irrelevant whether [analyzing and evaluating data] may have been non-routine or unconventional as a factual matter." 899 F.3d 1281, 1291 (Fed. Cir. 2018). "As a matter of law, narrowing or reformulating an abstract idea does not add 'significantly more' to it." *Id.* Likewise, in addressing claims to the novel display of profit-and loss values on a trading screen, the court held that "a claimed invention's use of the ineligible concept to which it is directed cannot supply the inventive concept." *Trading Techs.*, 921 F.3d at 1385 (even if the claims recited a novel display of P&L values on a trading screen) (quotation and citation omitted); *see also SAP Am.*, 898 F.3d at 1169-70 (limiting claims for "an advance in mathematical techniques in finance" to the particular field of "investment information" did not confer patent eligibility); *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 774 (Fed. Cir. 2019) (making electric vehicle charging stations "network-controlled" did not provide the inventive concept even if unconventional, as "network control is the abstract idea itself").

This Court, too, has recognized that limiting or applying an abstract idea to a particular technological context is not enough to confer patent eligibility. For example, in *Search & Social Media Partners*, that the claims were limited to the technological context of a social network was insufficient to make them patentable. 346 F. Supp. 3d at 637. Likewise, in *Citrix Sys., Inc. v. AVI Networks, Inc.*, the allegedly novel, unconventional use of dynamic response time could not "provide an inventive concept," "no matter how beneficial when applied in a technical context." 363 F. Supp. 3d 511, 523 (D. Del. 2019).

## V.      TRADEMARK PROTECTABILITY

### A.      Issues

- Whether the "DENSIFY," "DENSIFICATION," and "DENSIFYING" trademarks and service marks (collectively, the "Asserted Marks") are protectable; and/or

29

- Whether the Asserted Marks are used in commerce within the meaning of the Lanham Act, 15 U.S.C. § 1127.

## B.    Legal Authority

To establish that a mark is protectable, a plaintiff must show that it is (a) inherently distinctive, or (b) has acquired distinctiveness.  *Barnes Grp. Inc. v. Connell Ltd. P'ship*, 793 F. Supp. 1277, 1295 (D. Del. 1992); *see A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 222 (3d Cir. 2000) ("to qualify for Lanham Act protection, a mark must either be suggestive, arbitrary, or fanciful, or must be descriptive with a demonstration of secondary meaning").  Moreover, where the mark "does not appear on the PTO's principal register," the plaintiff has the burden of proving the existence of a protectable mark.  *E.T. Browne Drug Co. v. Cococare Prods., Inc.*, 538 F.3d 185, 191 (3d Cir. 2008).

The requirement that a plaintiff establish a protectable mark is also present for Delaware common law trademark infringement claims and claims under the Delaware Deceptive Trade Practices Act ("DTPA").  *Keurig, Inc. v. Sturm Foods, Inc.*, No. CIV. 10-841-SLR, 2012 WL 4049799, at *9 (D. Del. Sept. 13, 2012), judgment entered 2012 WL 12896333 (D. Del. Nov. 2, 2012), and aff'd, 732 F.3d 1370 (Fed. Cir. 2013), and aff'd, 732 F.3d 1370 (Fed. Cir. 2013).

### 1.    Determination of Mark Protectability

### a.    Use as a Source Identifier

A trademark is "any word, name, symbol, or device" that is used "*to identify and distinguish* [a person's] goods."  *See* 15 U.S.C. § 1127 (emphasis added).  It must be "placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto."  *Id*.  Mere advertising does not constitute trademark use.  *In re Siny Corp.*, 920 F.3d 1331, 1335 (Fed. Cir. 2019).  Further, "to be protected as a valid trademark, a designation must create 'a separate and distinct commercial impression, which ... performs the

sf-4143228

trademark function of identifying the source of the merchandise to the customers.'" *Rock and Roll Hall of Fame v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir.1998) (citation omitted); *see also MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 341 (4th Cir. 2001) (holding use of the phrase "Intelligence Everywhere" not trademark use where phrase was largely used in text, because "[u]se of a trademark to identify goods and services and distinguish them from those of others 'does not contemplate that the public will be required or expected to browse through a group of words, or scan an entire page in order to decide that a particular word, separated from its context, may or may not be intended, or may or may not serve to identify the product'" (citation omitted)).

### b.    Inherent Distinctiveness

Trademarks are considered on a continuum from descriptive to suggestive to arbitrary, and finally, fanciful. *Hershey Co. & Hershey Chocolate & Confectionery Corp. v. Promotion in Motion, Inc.*, No. 07-CV-1601 (SDW), 2013 WL 12157828, at *11 (D.N.J. Jan. 18, 2013).  A descriptive mark "immediately convey[s] 'the intended purpose, function or use of the goods; the size of the goods, the class of users of the goods, a desirable characteristic of the goods, or the end effect upon the user.'" *Rockland Mortg. Corp. v. Shareholders Funding, Inc.*, 835 F. Supp. 182, 189 (D. Del. 1993) (citation omitted); *contra see Dranoff-Perlstein Assocs. v. Sklar*, 967 F.2d 852, 858 (3d Cir. 1992) (mark is descriptive where "little imagination is necessary" to convey idea of the service provided under the mark).  A descriptive mark is not inherently distinctive and cannot be protected absent a showing of acquired distinctiveness, or secondary meaning. *A & H Sportswear*, 237 F.3d at 222.  In contrast, suggestive, arbitrary, and fanciful marks are considered inherently distinctive and do not require a showing of secondary meaning to be protectable. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 786 (1992).

31

### c.    Secondary Meaning

Courts in the Third Circuit look to the *Commerce* factors to determine whether a mark has achieved secondary meaning: "(1) the extent of sales and advertising leading to buyer association; (2) length of use; (3) exclusivity of use; (4) the fact of copying; (5) customer surveys; (6) customer testimony; (7) the use of the mark in trade journals; (8) the size of the company; (9) the number of sales; (10) the number of customers; and, (11) actual confusion." *Commerce Nat'l Ins. Servs., Inc. v. Commerce Ins. Agency*, Inc., 214 F.3d 432, 438 (3d Cir. 2000).  Where a purported mark is highly descriptive, a higher evidentiary burden governs.  *Am. Infrastructure v. Zachry Const. Corp.,*, No. CIV-08-2701, 2010 WL 5464765, at *14 (E.D. Pa. Dec. 28, 2010) ("[T]he more descriptive the term, the greater the evidentiary burden to establish secondary meaning." (citation omitted)); *E.T. Browne Drug Co.*, 538 F.3d at 199 (evidentiary bar "must be placed somewhat higher" when "the challenged term is particularly descriptive" (citation omitted)); *Commerce Nat. Ins. Servs.*, 214 F.3d at 440-41 ("commonplace, descriptive term[s] used by a variety of businesses in a variety of contexts . . . the evidentiary bar [for secondary meaning] must be placed somewhat higher").

## VI.    TRADEMARK INFRINGEMENT

### A.    Issues

- Whether VMware infringed the Asserted Marks in violation of the Lanham Act, 15 U.S.C. § 1125(a);

- Whether VMware infringed the Asserted Marks in violation of Delaware common law;

- Whether VMware engaged in a "deceptive trade practice" within the meaning of Delaware Code Title 6 § 2532; and/or

- Whether Cirba can rely on hearsay evidence of actual confusion to establish trademark infringement.

## B.    Legal Authority

To prove trademark infringement, a plaintiff must demonstrate that (1) the asserted mark

is protectable; (2) owned by the plaintiff; and (3) the defendant's use of the mark is likely to

cause confusion "as to the affiliation, connection, or association of such person with another

person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial

activities by another person." 15 U.S.C. § 1125(a)(1)(A); *A & H Sportswear*, 237 F.3d at 210–

11 (citing *Commerce Nat'l Ins. Servs.,* 214 F.3d at 437); *Arrowpoint Capital Corp. v. Arrowpoint

Asset Mgmt., LLC*, 793 F.3d 313, 319 (3d Cir. 2015).  The plaintiff bears the burden of proof on

trademark infringement.  *A & H Sportswear*, 237 F.3d at 210-11 (citing *Am. Home Prods. Corp.

v. Barr Labs., Inc.*, 834 F.2d 368, 371 (3d Cir. 1987)).

Courts within the Third Circuit apply a non-exhaustive list of *Lapp* factors to determine

whether confusion is likely: "(1) the degree of similarity between the owner's mark and the

allegedly infringing mark; (2) the strength of the owner's mark; (3) the price of the goods and

other factors indicating the care and attention one expects would be given when making a

purchase; (4) the length of time the alleged infringer has used the mark without evidence of

actual confusion arising; (5) the intent of the alleged infringer in adopting the mark; (6) the

evidence of actual confusion; (7) whether the goods are marketed through the same channels; (8)

the extent to which the target markets are the same; (9) the perceived relationship of the goods,

whether because of their near-identity, similarity of function, or other factors; and (10) other

facts suggesting that the prior owner might be expected to expand into the alleged infringer's

market." *Arrowpoint Capital Corp.*, 793 F.3d at 319.

The same test is applied to Delaware common law trademark infringement claims and to

DTPA claims. *See, e.g.*, *Schering-Plough Healthcare Prods., Inc. v. Neutrogena Corp.*, 702 F.

Supp. 2d 266, 272 (D. Del. 2010); *Keurig*, 2012 WL 4049799, at *9.

33

Hearsay is not evidence of confusion. *See Versa Products Co., Inc. v. Bifold Co. (Mfg.) Ltd.*, 50 F.3d 189, 212 (3d. Cir. 1995) (holding that the district court erred in relying on hearsay evidence for the proposition that there was actual confusion, noting that evidence of being advised of confusion at trade shows was "pure hearsay," and that "[t]he hearsay evidence constitutes no evidence of confusion.")

## VII.   TRADEMARK FAIR USE

### A.   Issues

- Whether VMware's use of the asserted trademarks constitutes a fair use.

### B.   Legal Authority

Fair use, which provides a complete defense to claims of trademark infringement, protects a party using words in good faith to describe its products, and not to indicate source. *See KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 112 (2004) (defendant asserting fair use does not bear the burden on likelihood of confusion, which rests with the plaintiff);15 U.S.C. §§ 1115(a), (b)(4) (enumerating defenses to infringement of registered marks "which might have been asserted if such mark had not been registered").

Fair use also provides a complete defense to Delaware common law and DTPA claims. *See Venetianaire Corp. of Am. v. A & P Imp. Co.*, 429 F.2d 1079, 1081 (2d Cir. 1970) ("'fair use' defense explicitly described in [§ 1115(b)(4)] approximates a statutory restatement of the corresponding common law defense"); *ACCU Pers., Inc. v. AccuStaff, Inc.*, 846 F. Supp. 1191, 1214 (D. Del. 1994) (DTPA "simply codifies the state common law of unfair competition," which has substantially similar standards to federal trademark law).

## VIII.   PATENT DAMAGES AND REMEDIES

### A.      Issues

- If one or more of the asserted claims of the patents-in-suit is/are found to be valid and infringed, whether Plaintiffs are entitled to monetary damages and the amount of damages based upon a reasonable royalty;

- If one or more of the asserted claims of the patents-in-suit is/are found to be valid and infringed, whether the Federal Rules of Evidence and the entire market value rule prohibit presentation of evidence to the jury of VMware's total revenues or profits of the accused products;

- If one or more of the asserted claims of the patents-in-suit is/are found to be valid and infringed, whether, in the absence of expert testimony applying the *Panduit* factors, Cirba has any legally viable claim to lost profits;

- Whether Cirba IP, Inc. may recover any alleged lost profits sustained by Cirba Inc.;

- If one or more of the asserted claims of the patents-in-suit is/are found to be valid and infringed, whether Cirba has a legally viable claim to damages absent evidence of the extent of alleged infringing use of the claimed methods;

- If one or more of the asserted claims of the patents-in-suit is/are found to be valid and infringed, whether Cirba has a legally viable claim to damages for induced infringement under 35 § U.S.C. 271(b) absent correlation of inducement-related damages to a claim of VMware's alleged first knowledge of and intent for such inducement.

- If one or more of the asserted claims of the patents-in-suit is/are found to be valid and infringed, whether Plaintiffs are entitled to any pre-suit damages pursuant to 35 U.S.C. § 287;

- If one or more of the asserted claims of the patents-in-suit is/are found to be valid and infringed, whether the 2015 non-disclosure agreement precludes a finding of pre-suit knowledge based on access provided under, and information provided pursuant to, the agreement, including the impact on willfulness/pre-suit damages, enhancement of damages, and/or fees;

- If one or more of the asserted claims of the patents-in-suit is/are found to be valid and infringed, whether Plaintiffs are entitled to a finding that this case is exceptional under 35 U.S.C. § 285 and whether Plaintiffs are entitled to an award of attorneys' fees;

- If one or more of the asserted claims of the patents-in-suit is/are found to be valid and infringed and VMware is found to have willfully infringed one or more of the asserted claims of the patents-in-suit, whether Plaintiffs are entitled to enhanced damages.

- If one or more of the asserted claims of the patents-in-suit is/are found to be valid and infringed, whether Plaintiffs are entitled to injunctive relief.

### B.    Legal Authority

Upon a finding of patent infringement, the patentee shall be awarded "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."  35 U.S.C. § 284.  The amount of a prevailing patentee's damages is a finding of fact on which the patentee bears the burden of proof by a preponderance of the evidence.  *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002); *see also SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991).  "[A] patentee may not claim, as its own damages, the lost profits of a related company."  *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 778 F.3d 1365, 1375 (Fed.Cir.2015), *vacated on other grounds, Medtronic*

sf-4143228

*Sofamor Danek USA, Inc. v. NuVasive, Inc.*, ⸻ U.S. ⸻, 136 S.Ct. 893, 193 L.Ed.2d 785

(2016).  Related companies "may not enjoy the advantages of their separate corporate structure

and, at the same time, avoid the consequential limitations of that structure—in this case, the

inability of the patent holder to claim the lost profits of its non-exclusive licensee."  *Poly-Am.,*

*L.P. v. GSE Lining Tech., Inc.*, 383 F.3d 1303, 1307 (Fed. Cir. 2004).

### 1.      Reasonable Royalty Damages

A reasonable royalty is the amount that the defendant would have paid for a license to the

asserted patents if the parties had negotiated a license at the time of first alleged infringement.

*See LaserDynamics, Inc. v. Quanta Comput., Inc.,* 694 F.3d 51, 60 & n.2 (Fed. Cir. 2012).  This

is often referred to as the "hypothetical negotiation." *See, e.g., Transocean Offshore Deepwater*

*Drilling, Inc. v. Maersk Drilling USA, Inc.*, 699 F.3d 1340, 1357 (Fed. Cir. 2012).  "While the

Federal Circuit has not prescribed a specific methodology for calculating a reasonable royalty,

courts rely upon the fifteen factors set forth in *Georgia-Pacific Corp. v. United States Plywood*

*Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)."  *St. Clair Intellectual Prop. Consultants, Inc.*

*v. Canon, Inc.*, No. Civ.A. 03-241 JJF, 2004 WL 2213562, at *2 (D. Del. Sept. 28, 2004*); see*

*also Ericsson, Inc. v. D- Link Sys., Inc.*, 773 F.3d 1201, 1231 (Fed. Cir. 2014).  A reasonable

royalty must be calculated as of the date infringement began, but the Court may consider events

and facts that occurred after the infringement began.  *St. Clair Intellectual Prop. Consultants*,

2004 WL 2213562, at *2. "[A] reasonable royalty analysis requires a court to hypothesize, not to

speculate."  *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010).  "At all times,

the damages inquiry must concentrate on compensation for the economic harm caused by

infringement of the claimed invention . . . Thus, the trial court must carefully tie proof of

damages to the claimed invention's footprint in the market place."  *Id.*; *see also Ericsson*, 773

F.3d at 1226 ("What is taken from the owner of a utility patent (for purposes of assessing

damages under § 284) is only the patented technology, and so the value to be measured is only the value of the infringing features of an accused product.").

"The entire market value rule is an expression of the requirement of apportionment.  The rule 'is designed to account for the contribution of the patented feature to the entire product.'" *Sonos, Inc. v. D & M Holdings Inc.*, 297 F. Supp. 3d 501, 514 (D. Del. 2017) (citation omitted). Under this rule, the ultimate finding of a royalty rate "must reflect the value attributable to the infringing features of the product, and no more." *Id.*  (citing *Ericsson*, 773 F.3d at 1226).  "Thus, the entire market value rule ordinarily prohibits the presentation of evidence to a jury that uses the entire market value of a multi-component product, which includes both patented and unpatented features, as the royalty base in calculating royalty damages." *Id.*  at 514-515 (citation omitted).  Accordingly, "[the patentee] must separate [the patented improvement's] results distinctly from those of the other parts, so that the benefits derived from it may be distinctly seen and appreciated.").  *Commonwealth Sci. & Indus. Research Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1302 (Fed. Cir. 2015).  The second justification is based on the "important evidentiary principle that care must be taken to avoid misleading the jury by placing undue emphasis on the value of the entire product." *Id.* (citation omitted).  As the Federal Circuit noted, admissibility of opinions under Rule 702 "does not, however, imply that it would be proper for [an expert] to publish the entire revenue or profit or an accused device to the jury at trial." *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, Nos. 2:14-cv-911-JRG-RSP, 2:14-cv-912-JRG-RSP, 2016 WL 4523883, at *4 (E.D. Tex., Aug. 26, 2016).  "While it is appropriate for [the expert] to use entire revenue and profit figures to calculate profit margins in his expert report, it may be inappropriate as an evidentiary matter for him to present these figures to the jury." *Id.*

## 2.      Apportionment

Under Title 35, Section 284 of the United States Code, damages awarded for patent

infringement "must reflect the value attributable to the infringing features of the product, and no

more." *Ericsson*, 773 F.3d at 1226.  "When the accused infringing products have both patented

and unpatented features, measuring [the value of the patented technology] requires a

determination of the value added by such features . . . . The essential requirement is that the

ultimate reasonable royalty award must be based on the incremental value that the patented

invention adds to the end product." *Id.*  "No matter what the form of the royalty, a patentee must

take care to seek only those damages attributable to the infringing features."  *VirnetX, Inc. v.

Cisco Sys., Inc.*, 767 F.3d 1308, 1326 (Fed. Cir. 2014).

"Where small elements of multi-component products are accused of infringement,

calculating a royalty on the entire product carries a considerable risk that the patentee will be

improperly compensated for non-infringing components of that product." *LaserDynamics,* 694

F.3d at 67.  Thus, a reasonable royalty must be based not on the entire product, but instead on the

"smallest salable patent-practicing unit." *Id.*  This principle—called apportionment—is "the

governing rule" "where multi-component products are involved." *Ericsson*, 773 F.3d at 1226.

## 3.      Pre-Suit Damages

Under 35 U.S.C. § 287, a patentee "making, offering for sale, or selling within the United

States any patented article . . . or importing any patented article into the United States," may

recover "no damages" unless (1) the accused infringer "was notified of the infringement and

continued to infringe thereafter," or (2) the patentee marked any articles covered by the

patents-in-suit in compliance with the statute's marking requirements.  Otherwise, a patentee may

only recover pre-suit damages if it has never made, sold, offered for sale, or imported any

articles covered by the patent-in-suit.  The patentee bears the "burden of pleading and proving at

39

trial that [it] complied with the statutory requirements" of 35 U.S.C. § 287.  *Maxwell v. J. Baker, Inc.,* 86 F.3d 1098, 1111 (Fed. Cir. 1996.)

### 4.    Enhancement Under 35 U.S.C. § 284.

Under certain circumstances where the defendant has engaged in reprehensible behavior or bad faith, "the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284.  As the Supreme Court recently clarified in *Halo Elecs.*, 136 S. Ct. 1923, the only sort of "willful misconduct" that can warrant enhanced damages is conduct that is "egregious" – for example, "the 'wanton and malicious pirate' who intentionally infringes another's patent—with no doubts about its validity or any notion of a defense—for no purpose other than to steal the patentee's business." *Id.* at 1932, 1936; *see also id.* at 1932 (explaining that enhanced damages are "not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior").  "The district court has the discretion to decide whether the case is sufficiently egregious to warrant enhancing damages and to decide the amount of enhancement that is warranted (up to the statutory limit of treble damages)." *WBIP*, 829 F.3d at 1342.  Even "a finding of willfulness does not require an award of enhanced damages; it merely permits it." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007) (en banc), *abrogated on other grounds, Halo Elecs.*, 136 S. Ct. 1923; *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1274 (Fed. Cir. 1999); *Funai Elec. Co. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1376-77 (Fed. Cir. 2010) (affirming denial of enhanced damages after a jury finding of willfulness); *Greatbatch Ltd.*,  2016 WL 7217625, at *6 ("A finding of willfulness may be necessary—but is not a sufficient—condition to permit the Court to exercise its discretion.")  Enhanced damages represent a "'punitive' or 'vindictive' sanction" reserved for "egregious" or "malicious" misdeeds. *Halo Elecs.*, 136 S. Ct. at 1392.

Courts consider several factors when determining whether an infringer has acted in bad faith and whether damages should be increased.  They include: "(1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; … (3) the infringer's behavior as a party to the litigation; (4) defendant's size and financial condition; (5) closeness of the case; (6) duration of defendant's misconduct; (7) 'remedial action by the defendant; (8) defendant's motivation for harm; and (9) whether defendant attempted to conceal its misconduct. *Liquid Dynamics Corp. v. Vaughn Co., Inc.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006) (citations omitted).  The Supreme Court has "eschew[ed] any rigid formula for awarding enhanced damages under § 284." *Halo Elecs.*, 136 S. Ct. at 1934.

To show willfulness, a patentee must prove that the alleged infringer acted without a "reasonable basis for believing it had a right to do the acts." *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1565 (Fed. Cir. 1983) ("[M]ore is necessary to support a finding of 'willfulness' than that the infringing acts were not inadvertent. The court must determine that the infringer acted in disregard of the patent, that is, that the infringer had no reasonable basis for believing it had a right to do the acts.") A party's pre-suit knowledge of a patent is not sufficient, by itself, to find "willful misconduct" of the type that may warrant an award of enhanced damages. *Vehicle IP*, 227 F. Supp. 3d at 331.  "Nor is there a universal rule that to avoid willfulness one must cease manufacture of a product immediately upon learning of a patent, or upon receipt of a patentee's charge of infringement, or upon the filing of suit.  Exercising due care, [a] party may continue to manufacture and may present what in good faith it believes to be a legitimate defense without

risk of being found on that basis alone a willful infringer." *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990) (citation omitted.)

### 5.    Attorneys' Fees Under 35 U.S.C. § 285.

The court in exceptional cases may award reasonable attorneys' fees to the prevailing party.  35 U.S.C. § 285.  "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).  A prevailing party must establish its entitlement to fees under Section 285 by a preponderance of the evidence.  *Id*. at 1758.

Under 35 U.S.C. § 285, "in exceptional cases [the Court] may award reasonable attorney fees to the prevailing party."  The purpose of § 285 is to provide discretion where it would be grossly unjust that the winner be left to bear the burden of its own counsel fees, which prevailing litigants normally bear.  *Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1364 (Fed. Cir. 1990). Inequitable conduct, either alone or in conjunction with trial conduct, may constitute the basis for an award of attorney fees under 35 U.S.C. §285.  *A.B. Chance Co. v. RTE Corp.*, 854 F.2d 1307, 1312 (Fed. Cir. 1988); s*ee also Nilssen v. Osram Sylvania Inc.*, 528 F.3d 1352, 1357 (Fed. Cir. 2008); *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1370 (Fed. Cir. 1999).  Inequitable conduct must, as a matter of law, be taken into account in deciding a request for attorney fees. *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 182 F.3d 1356, 1360 (Fed. Cir. 1999).

sf-4143228

## IX.    TRADEMARK DAMAGES AND REMEDIES

### A.    Issues

- Whether, subject to the principles of equity, Plaintiffs are entitled to actual damages if one or more of the Asserted Marks is found to be protectable and infringed;

- Whether, subject to the principles of equity, Plaintiffs are entitled to enhanced damages under 15 U.S.C. § 1117 if one or more of the Asserted Marks is found to be protectable and infringed;

- Whether Plaintiffs are entitled to a finding that this case is exceptional under 15 U.S.C. § 1117; and/or

- Whether Plaintiffs are entitled to an award of attorneys' fees.

### B.    Legal Authority

When a violation of Section 43(a) is found, the Lanham Act provides that, subject to the principles of equity, the plaintiff shall be entitled to "recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action," as so assessed by the Court. 15 U.S.C. § 1117(a).  Such award shall be "based on either actual damages to the plaintiff or actual profits of the infringer, measurable in dollars and cents," as the award would otherwise "constitute a penalty rather than compensation contrary to the express language of the statute." *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 607 (3d Cir. 1978) (citation omitted).  Similar principles apply to claims for Delaware common law trademark infringement.  *See, e.g.*, *Air Reduction Co. v. Airco Supply Co.*, 258 A.2d 302, 303 (Del. Ch. 1969) (damages not awarded where "the parties hereto do not manufacture or sell the same products, and no precise evidence of tangible damages was proffered by plaintiff at trial"); *Chase Manhattan Bank, USA, N.A. v. Freedom Card, Inc.*, 333 F. Supp. 2d 239, 245 n.13 (D. Del. 2004), aff'd in part sub nom. *Freedom Card, Inc. v. JPMorgan Chase & Co.*, 432 F.3d 463 (3d Cir. 2005) ("same standards

43

apply to [third-party plaintiff's] claims for trademark infringement and unfair competition under Delaware and New York law" as for its Lanham Act claim).

### 1.    Reasonable Royalty Damages

"A royalty is a measure of damages for past infringement, often used in patent cases and in the context of trade secrets, but its use in trademark has been atypical." *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 166 F.3d 197, 208 (3d Cir. 1999).  Where courts award royalties for trademark infringement, it is typically in the context of "use of a product beyond authorization, and damages were measured by the license the parties had or contemplated." *See id.* at 208-209 (assembling cases); *see also Koninkijke Philips Elecs. N.V. v. Hunt Control Sys., Inc.*, No. CV-11-3684 (SRC)(CLW), 2016 WL 3545529, at *29 (D.N.J. June 29, 2016) (denying availability of reasonable royalty where plaintiff has not cited evidence to show "that there is a licensing agreement between the parties, that the parties negotiated a license at any point, or that [plaintiff] has in fact licensed its trademark to anyone").

### 2.    Enhanced Damages

"In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount," insofar as such sum "shall constitute compensation and not a penalty."  15 U.S.C. § 1117(a).  The Lanham Act "assumes an evidentiary basis for the award of some actual damages." *Caesars World, Inc. v. Venus Lounge, Inc.*, 520 F.2d 269, 273 (3d Cir. 1975) ("Three times zero is zero.").

The DTPA permits trebling of damages actually proven "under the common law or other statutes of this State," such that an award of actual damages is "a prerequisite to any award of treble damages."  *ACCU Pers., Inc. v. AccuStaff, Inc.*, 846 F. Supp. 1191, 1216 (D. Del. 1994) (citing 6 Del.C. § 2533(c)).

sf-4143228

3. **Attorneys' Fees**

"The court in exceptional cases may award reasonable attorney fees to the prevailing

party." 15 U.S.C. § 1117(a).  Under Third Circuit law, a court may find a case to be exceptional

where "(a) there is an unusual discrepancy in the merits of the positions taken by the parties or

(b) the losing party has litigated the case in an 'unreasonable manner.'" *Fair Wind Sailing, Inc.*

*v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) (following *Octane Fitness,* 134 S. Ct. 1749 ).

District courts must undertake a "case-by-case exercise of their discretion, considering the

totality of the circumstances," to determine whether litigation positions or tactics are exceptional.

*Id*. (citation omitted).  The DTPA states that courts may award reasonable attorneys' fees "only

if the court finds that defendant has wilfully [sic] engaged in a deceptive trade practice." 6

Del.C. § 2533(b).

## X.     LIMITATION OF DAMAGES

### A.     Issues of Law

- Whether Plaintiffs' claim for damages related to Claims I (VMware's infringement of the
  '687 patent) and II (VMware's infringement of the '367 patent) are limited under 35
  U.S.C. § 286.

### B.     Legal Authority

35 U.S.C. § 286 provides that "[e]xcept as otherwise provided by law, no recovery shall

be had for any infringement committed more than six years prior to the filing of the complaint or

counterclaim for infringement in the action."

## XI.    INJUNCTIVE RELIEF

### A.     Issues of Law

- Whether Plaintiffs have shown that they are entitled to a permanent injunction against
  VMware on either patent or trademark claims.

sf-4143228

### B.    Legal Authority

"[T]he decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity."  *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 394 (2006).  A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  "A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *Id*. at 391; *see also Ferring Pharms., Inc. v. Watson Pharms., Inc.,* 765 F.3d 205, 214, 216 (3d Cir. 2014), holding modified by *Reilly v. City of Harrisburg*, 858 F.3d 173 (3d Cir. 2017) ("although *eBay* in particular arose in the patent context, its rationale is equally applicable in other contexts, including cases arising under the Lanham Act") ("there is no presumption of irreparable harm afforded to parties seeking injunctive relief in Lanham Act cases").  A patentee's prolonged or undue delay in commencing legal proceedings and seeking injunctive relief evinces a lack of irreparable harm.  *See Apple, Inc. v. Samsung Elecs. Co*., 678 F.3d 1314, 1325-26 (Fed. Cir. 2012).

## XII.    EXPERT TESTIMONY

### A.    Issues of Law

- Whether expert testimony that was not fully disclosed pursuant to Federal Rule of Civil Procedure 26 may be presented at trial.

- Whether expert testimony from experts that are not qualified pursuant to Federal Rules of Evidence 702 and 703 may be presented at trial; and/or

sf-4143228

- Whether testimony from rebuttal experts that is not proper rebuttal pursuant to Federal Rule of Civil Procedure 26 may be presented at trial.

### B. Legal Authority

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(D), parties must disclose expert testimony "at the times and in the sequence that the court orders." Rebuttal expert testimony is limited to "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii). If a party "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," it must supplement or correct its disclosure. Fed. R. Civ. P. 26(e)(1)(A). "However, parties may not use their obligation to supplement as an excuse to violate the clear terms of a Scheduling Order, unilaterally buying themselves additional time to make disclosures, thereby unduly prejudicing other parties and potentially delaying the progress of a case." *Abbott Labs. v. Lupin Ltd.*, No. CIV-09–152-LPS, 2011 WL 1897322, at *3 (D. Del. May 19, 2011). When expert testimony is not timely disclosed, the court has the authority to exclude it from evidence. *See United States v. 68.94 Acres of Land*, 918 F.2d 389, 396 (3d Cir. 1990).

Exclusion of expert opinion and testimony may occur under Rules 37 or 16(f). Under Rule 16(f), the court may impose sanctions if, inter alia, a party or its attorney "fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Under Rule 37(c)(1), a party that fails to comply with Rule 26(a) or (e) (regarding failure to disclose or supplement) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts in the Third Circuit consider five factors when deciding whether to preclude evidence

47

under Rule 37: (1) the prejudice to or surprise of the party against whom the evidence is offered;

(2) the ability of that injured party to cure the prejudice; (3) the likelihood of disruption of trial;

(4) the bad faith or willfulness involved in not complying with the disclosure rules; and (5) the

importance of the evidence to the proffering party ("the Meyers factors").  *See Konstantopoulos*

*v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home*

*Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)).  "Courts must . . . be mindful that the

'exclusion of critical evidence is an "extreme" sanction, not normally to be imposed absent a

showing of willful deception or "flagrant disregard" of a court order by the proponent of the

evidence.'"  *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 506 (D. Del. 2005)

(citation omitted)

The admissibility of expert evidence is governed by Rules 702 and 703 of the Federal

Rules of Evidence.  "Rule 702 was amended in response to *Daubert* and cases applying it,

including *Kumho Tire.*"  *Micro Chem., Inc. v. Lextron, Inc.,* 317 F.3d 1387, 1391 (Fed. Cir.

2003) (emphasis in original) (citing *Kumho Tire Co., Ltd. v. Carmichael,* 119 S. Ct. 1167, 1175

(1999)).

Rule 702 states:  "A witness who is qualified as an expert by knowledge, skill,

experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of

fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case."

Fed. R. Evid. 702.

sf-4143228

Rule 703 states: "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.  But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect. Fed. R. Evid. 703."

Under these rules, a district court may exclude evidence that is based upon unreliable principles or methods, legally insufficient facts and data, or where the reasoning or methodology is not sufficiently tied to the facts of the case.  *See, e.g., Kumho Tire,* 119 S. Ct. at 1175 (the gate-keeping inquiry must be tied to the particular facts of the case); *i4i Ltd. Partnership v. Microsoft Corp.,* 598 F.3d 831, 857 (Fed. Cir. 2010) (stating that "*Daubert* and Rule 702 are safeguards against unreliable or irrelevant opinions, not guarantees of correctness" (emphasis in original)).  But the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court.  *Apple Inc. v. Motorola, Inc.,* 757 F.3d 1286, 1314 (Fed. Cir. 2014), *overruled en banc in part not relevant here, Williamson v. Citrix Online, LLC,* 792 F.3d 1339, 1349 (Fed. Cir. 2015).  Indeed, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  *Daubert v. Merrell Dow Pharms., Inc.*, 113 S. Ct. 2786, 2798 (1993).

sf-4143228

EXHIBIT 6
(Deposition Designations - Densify)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and CIRBA IP, INC., | Civil Action No. 1:19-cv-00742-LPS |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| VMWARE, INC., | |
| Defendant. | |

## EXHIBIT 6 - DENSIFY'S DEPOSITION DESIGNATIONS

Plaintiff Densify identifies the following deposition designations which it plans to use in its case-in-chief.  Densify reserves the right to revise, amend, or supplement these designations as necessitated by the Court's pretrial or trial rulings; VMware's trial designations, exhibits, or arguments; or to address any additional developments in the case.  Densify further reserves the right to provide designations for use in its rebuttal case and to use any portion of any deposition transcript for the purposes of impeachment.  All irrelevant and redundant material will be eliminated from the deposition designations below when the designations are read to or viewed by the jury.

**Defendant's Objection Key**

| Code | Objection | Rule |
|---|---|---|
| F | Lacks foundation | Fed. R. Evid. 104, 602, 901(a) |
| H | Hearsay | Fed. R. Evid. 103(c), 801- 802 |
| 106 / IC | Incomplete | Fed. R. Evid. 106 |
| LC | Calls for legal conclusion | Fed. R. Evid. 103(c) |
| E or 701/702 | Calls for expert opinion, improper opinion testimony of a lay witness | Fed. R. Evid. 103(c), 701-702 |
| MIS | Misstates or mischaracterizes document or testimony | Fed. R. Evid. 103(c), 611(a) |

| 403 | Prejudicial (danger of unfair prejudice, confusion of the issues, or misleading the jury outweighs probative value) | Fed. R. Evid. 403 |
|---|---|---|
| CS | Calls for speculation/Speculation | Fed. R. Evid. 602, 701 |
| PRIV | Privileged | Fed. R. Evid. 501, 502; Fed. R. Civ. P. 26 |
| 401/402 | Relevance | Fed. R. Evid. 401-402 |
| ARG | Argumentative/Leading | Fed. R. Civ. P. 611(a); 611(c) |
| V/A | Vague and Ambiguous or Misleading | |
| COM | Compound | |
| AFN | Assumes Facts Not in Evidence | |
| HYPO | Incomplete hypothetical | |
| 602 | Lack of personal knowledge | Fed. R. Evid. 602 |
| LC | Calls for a legal conclusion | |
| AA | Asked and answered | |
| S | Outside the scope of 30(b)(6) designation | |
| D | Duplicative/Cumulative | |
| A / 901 | Lack of authentication or identification | Fed. R. Evid. 901-903 |
| 1002 | Not the best evidence | Fed. R. Evid. 1002 |
| 1006 / IS | Improper Summary | Fed. R. Evid. 1006 |

**Sunny Dua - November 21, 2019**

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 5:9-11 | | | | | |
| 6:24-7:2 | | | | | |
| 13:6-16 | 106 | 13:17-18 | | | |
| 13:19-21 | 106 | 13:17-18 | | | |
| 14:10-15:16 | | | | | |
| 19:6-14 | 106 | 19:15-20:4 | | 20:5-20:7 | IMP |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 20:11-16 | 106 | 20:17-18; 20:21-21:21; 22:2-3; 22:18; 22:21-24 | 20:21-21:2- Speculation | 22:4-22:6; 22:9-22:9; 22:11-22:11; 22:13-22:16; 23:2-23:4 | 22:4-22:6: F, COM 22:9-22:9: F, COM 22:11-22:11: F 22:13-22:16: F |
| 25:6 | V/A, 106 | 24:11-17; 24:20-25:2 | Relevance | 25:3-25:5 | |
| 25:8 | V/A | 24:11-17; 24:20-25:2 | Relevance | 25:3-25:5 | |
| 25:12-26:15 | LC, MIS | 24:11-17; 24:20-25:2 | Relevance | 25:3-25:5 | |
| 26:18-21 | LC | | | | |
| 26:24-27:4 | LC | | | | |
| 27:6-10 | | | | | |
| 27:12-28:5 | 106 | 28:6-9; 28:11-13 | Relevance | | |
| 28:15-17 | 106 | 28:18-22; 28:25-29:1 | Relevance | | |
| 29:21-30:3 | 106 | 30:14-15; 30:18-22; 30:24-25 | Relevance; 30:24-30:25- Speculation | | |
| 31:2-15 | | | | | |
| 35:13-21 | | | | | |
| 36:3-20 | | | | | |
| 37:11-13 | F, CS | | | | |
| 37:16-19 | F, CS | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 37:21-24 | F, CS | | | | |
| 46:10-47:6 | 106 | 44:15-21; 45:16-20; 45:22-23; 47:7-9; 47:12-48:12; 48:15-49:15; 49:18 | 45:16-20 and 45:22-23-Not proper counter; 47:12-48:10-Not responsive; 48:15-49:15-Speculaiton, offering expert opinion | 45:11-45:14 | |
| 50:5-51:2 | HYPO, V/A; 106 | 50:1-4 | | | |
| 53:10-54:2 | | 52:11-14; 52:16-17; 55:16-18; 55:21-56:13; 56:15-16 | 52:16-17 and 56:15-16-Speculation, lacks personal knowledge; All-not proper counter | | |
| 57:16-58:19 | MIS | | | | |
| 58:22-60:2 | | | | | |
| 60:4-7 | 106 | 60:8-14 | Relevance | | |
| 65:25-66:10 | F, H, CS; 106 | 66:11; 66:13-14; 67:15-22; 67:25-68:12 | Not proper counter | | |
| 70:19-21 | | | | | |
| 71:15-72:3 | V/A, CS, H, AFN | | | | |
| 72:6-12 | V/A, CS, H, AFN | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 72:14-73:8 | 106 | 73:9-10; 73:12-17 | Speculation | | |
| 73:20-74:9 | | | | | |
| 75:20-23 | | | | | |
| 76:7-8 | | | | | |
| 80:17-82:4 | 106 | 82:5-6; 82:9-12; 82:14-83:4; 83:10-11; 83:14-17; 84:5-7; 84:10-21 | 83:14-17 and 84:10-21-Not responsive | | |
| 83:5-9 | 106 | 82:5-6; 82:9-12; 82:14-83:4; 83:10-11; 83:14-17; 84:5-7; 84:10-21 | 83:14-17 and 84:10-21-Not responsive | | |
| 84:22-85:4 | 106 | 82:5-6; 82:9-12; 82:14-83:4; 83:10-11; 83:14-17; 84:5-7; 84:10-21 | 83:14-17 and 84:10-21-Not responsive | | |
| 87:4-88:7 | | | | | |
| 91:25-92:17 | | | | | |
| 93:11-94:2 | | | | | |
| 95:3-18 | | | | | |
| 95:24-96:8 | 106 | 96:9-14; 96:17-20; 97:7; 97:9-11 | Not proper counter; 96:17-20 and 97:9-11-Not responsive | 96:22-96:23; 97:1-97:5 | 96:22-96:23: V/A, F, AA 97:1-97:5: V/A, F, AA |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 100:1-4 | | | | | |
| 100:7-10 | | | | | |
| 101:4-5 | V/A, H | | | | |
| 101:7 | V/A, H | | | | |
| 101:9-11 | | | | | |
| 102:1-11 | Document speaks for itself, H | | | | |
| 102:14-18 | MIS | | | | |
| 102:20-23 | MIS | | | | |
| 106:20-21 | F | | | | |
| 106:24-107:2 | F | | | | |
| 107:4-8 | F | | | | |
| 107:10-16 | F, 106 | 107:25-108:1; 108:5; 108:10-21 | 108:5 and 108:16-21-Speculation | 108:7-108:8 | |
| 111:10-12 | V/A, 401/402 | | | | |
| 111:14-16 | V/A, 401/402 | | | | |
| 111:18-112:8 | 106 | 112:9-16 | | | |
| 112:17-19 | | | | | |
| 112:22-113:3 | | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 113:11-14 | | | | | |
| 114:24-115:7 | V/A, 106 | 114:11-23 | | | |
| 115:9-11 | V/A | | | | |
| 115:13-17 | F | | | | |
| 115:19 | F | | | | |
| 116:5-18 | | | | | |
| 116:22-25 | 106 | 117:1-4 | | | |
| 117:15-118:10 | 106 | 118:11-119:16 | | 119:17-119:20 | |
| 125:21-23 | | | | | |
| 126:6 | V/A, F | | | | |
| 126:8-11 | V/A, F | | | | |
| 127:3-12 | | | | | |
| 127:21-128:17 | | | | | |
| 130:10-13 | | | | | |
| 131:3-11 | | | | | |
| 131:25-132:7 | | | | | |
| 133:1-7 | 106 | 133:8-9 | Relevance | | |
| 133:10-134:8 | F, 106 | 133:8-9 | Relevance | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 134:10 | F | | | | |
| 137:18-138:16 | | | | | |
| 140:14-141:16 | | | | | |
| 143:6-14 | 106 | 143:15-24 | Relevance | | |
| 144:7-11 | 106 | 144:12-23 | Relevance | | |
| 145:2-12 | | | | | |
| 146:20-148:10 | V/A | | | | |
| 148:12-16 | V/A | | | | |
| 150:14-25 | | | | | |
| 151:19-21 | | | | | |
| 152:6-21 | | | | | |
| 152:23-153:1 | 106 | 153:3-5; 153:7-8 | Non-responsive | | |
| 153:16-154:7 | 106 | 154:8-13; 155:6-157:25; 158:3-19; 158:22-160:12; 160:21-162:23; 163:5-164:1; 164:7-165:12; 165:20-166:9; 166:11-167:11; | All except the first-not proper counter, unrelated; 157:22-24-Leading; 158:17-19-Vague, Leading; 160:10-12-Leading, Vague; 160:21-23-Lack of | 168:15-168:16 | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| | | 167:14-19; 167:21-25; 168:2-13; 168:18; 168:20; 168:23-169:17; 169:21-170:11; 170:13-171:3; 171:8-172: 20; 172:22; 173:6-174:10; 174:17-24 | personal knowledge; 163:19-21 and 23-25-Leading; 165:9-11-Calls for expert opinion; 166:8-9-Misstates testimony; 167:9-11-Misstates evidence; 167:18-19-Leading; 167:24-25-Lacks personal knowledge; 168:9-13-Misleading; 168:18-Lacks personal knowledge, calls for expert testimony; 172:14-17-Misleading; 172:19-20-Lacks personal knowledge; 174:4-9-Misleading, misstates the evidence, leading | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 175:19-20 | MIS, 403 | | | | |
| 175:23-176:2 | MIS, 403, 106 | 176:3-10, 177:24-178:1; 178:3-8 | Not proper counter; | 177:15-177:23; 178:10-178:11; 178: 13-178:19 | 177:15-23: H 178: 13-19: AA |
| 179:4-12 | | | | | |
| 179:15-24 | MIS, 401/402, 403 | | | | |
| 180:2-13 | MIS, 401/402, 403, 104 | 180:17-25 | Not proper counter | 181:1-181:3 | 106, missing answer |
| 181:8-20 | | | | | |
| 182:4-183:6 | 106 | 183:11-14; 183:21-23; 184:6-8; 184:10; 184:12-14; 184:16; 184:18-19 | Not proper counter; 183:21-23-Calls for expert opinion; 184:6-8 and 12-14 and 18-Speculation, calls for expert testimony | 183:15-183:17; 183:19-183:19 | 183:15-17: V/A 183:19: V/A |

**Taruna Gandhi - November 20, 2019**

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 8:19-21 | | | | | |
| 11:10-13 | | | | | |
| 12:2-7 | 401/402 | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 12:11-16 | 401/402 | | | | |
| 15:1-6 | | | | | |
| 15:15-17 | | | | | |
| 15:20-16:3 | | | | | |
| 16:6-17:16 | | | | | |
| 17:19-18:25 | | | | | |
| 19:5-19 | | | | | |
| 21:10-13 | V/A | | | | |
| 21:15-21 | V/A | | | | |
| 21:23-22:24 | 602 | | | | |
| 23:2-5 | 602 | | | | |
| 23:7-11 | | | | | |
| 23:13-16 | | | | | |
| 23:18-24:6 | | | | | |
| 24:13-25:3 | V/A | | | | |
| 25:5-7 | V/A | | | | |
| 25:13-17 | | | | | |
| 25:22-26:10 | V/A | | | | |
| 26:12-13 | V/A | | | | |
| 26:15-25 | V/A | | | | |
| 27:2-14 | V/A | | | | |
| 27:16-28:13 | V/A, CS | | | | |
| 28:15-17 | V/A | | | | |
| 28:19-29:1 | | | | | |
| 29:6-7 | V/A | | | | |
| 29:9-14 | V/A | | | | |
| 30:5-6 | V/A | | | | |
| 30:9-17 | V/A | | | | |
| 31:10-20 | V/A, CS, 106 | 31:6-31:9 | | | |
| 31:23-32:5 | V/A, CS | | | | |
| 32:7-14 | 401/402/403 | | | | |
| 32:18-33:3 | | | | | |
| 33:6-22 | | | | | |
| 33:25-36:10 | H | | | | |
| 36:18-40:21 | | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 40:25-41:20 | V/A | | | | |
| 41:24-42:5 | V/A | | | | |
| 42:7-18 | | | | | |
| 42:23-43:10 | V/A, 106 | 43:11-43:15 | Speculation | 43:20-44:13 | IMP; S; CS; V/A |
| 43:16-19 | V/A | | | | |
| 46:6-14 | | | | | |
| 48:14-25 | 401/402, H | | | | |
| 49:5-7 | 401/402 | | | | |
| 49:12-50:2 | 401/402, H, 602, CS | | | | |
| 50:4-12 | 401/402, H, 602, CS | | | | |
| 50:14-17 | 401/402, H | | | | |
| 51:25-52:13 | 401/402, H, 602, CS | | | | |
| 52:16-53:1 | 401/402, H, 602, CS | | | | |
| 53:8-14 | 401/402, H | | | | |
| 55:1-5 | 401/402, H | | | | |
| 55:14-19 | 401/402, 106, 602 | 55:6-55:13 | Non-responsive | | |
| 56:14-22 | V/a | | | | |
| 56:24-57:4 | V/A | | | | |
| 57:6-58:12 | | | | | |
| 58:19-59:8 | | | | | |
| 59:22-60:20 | 106 | 60:21-61:3 | Non-responsive | | |
| 61:16-21 | | | | | |
| 62:5-64:13 | 106, H, AFN, V/A, CS | 61:22-62:4 | Non-responsive | | |
| 64:16-18 | V/A, CS | | | | |
| 64:20-24 | 401/402, 403 | | | | |
| 65:3-66:10 | H | | | | |
| 66:13-69:3 | 401/402, H | | | | |
| 69:8-9 | | | | | |
| 69:15-70:6 | 401/402/403, H | | | | |

12

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 70:14-17 | MIS, 403 | | | | |
| 70:19-23 | | | | | |
| 70:25-71:2 | | | | | |
| 71:6-8 | | | | | |
| 71:15-75:7 | 401/402, H, 602 | | | | |
| 75:15-76:2 | 401/402, H | | | | |
| 76:6-77:16 | 401/402, 602 | | | | |
| 77:24-78:18 | 401/402 | | | | |
| 78:20 | 106, 401/402 | 78:19 | Relevance | | |
| 79:6-12 | | | | | |
| 79:14-16 | | | | | |
| 79:18-22 | | | | | |
| 79:24-80:8 | 602, V/A, CS | | | | |
| 80:11-18 | | | | | |
| 80:20-81:13 | | | | | |
| 81:20-82:1 | 106 | | | | |
| 82:21-25 | 106 | 82:2-4, 82:7-9, 82:11-20 | 82:7-20: Nonresponsive | | |
| 83:7-8 | F, 602, V/A | 83:1-2, 83:4-5 | Relevance | | |
| 83:10-13 | F, 602, V/A | | | | |
| 83:19-84:9 | 401/402, H, 602 | | | | |
| 84:16-85:10 | 401/402, H, 602, V/A, AFN | | | | |
| 85:13-15 | | | | | |
| 87:2-15 | 401/402, V/A, CS, 602, H, F | | | | |
| 87:18-23 | 401/402, V/A, CS, 602, H, F | | | | |
| 87:25-88:5 | 401/402, V/A, CS, 602, H, F | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 88:8-89:12 | 401/402, V/A, CS, 602, H, F | | | | |
| 89:19-90:3 | | | | | |
| 90:7-25 | 401/402, V/A, CS | | | | |
| 91:3-5 | 401/402, V/A, CS | | | | |
| 91:7-21 | 106 | 91:22-92:1 | Not proper Counter/Beyond scope of designation; 92:1-92:1: non-responsive | | |
| 92:2-93:13 | 401/402, 106 | 93:15-17 | | | |
| 92:15-17 | | | | | |
| 93:19-94:1 | V/A, 602, CS, AFN, 403 | | | | |
| 94:4-7 | V/A, 602, CS, AFN, 403 | | | | |
| 94:9-12 | V/A, 602, CS, AFN, 403 | | | | |
| 94:21-25 | H | | | | |
| 95:14-17 | H | | | | |
| 95:20-96:6 | H | | | | |
| 96:9-97:2 | H | | | | |
| 97:8-12 | F | | | | |
| 97:16-22 | H | | | | |
| 98:1-21 | H, 602, F | | | | |
| 98:24-99:14 | H, 602, F, V/A, CS | | | | |
| 99:17-21 | H, 602, F, V/A, CS | | | | |
| 99:23-24 | 401/402 | | | | |
| 100:3-13 | 401/402, H, MIS, 602, F | | | | |

14

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 100:15-18 | 401/402, H, MIS, 602, F | | | | |
| 100:22-101:11 | 106, 401/402, H, 602, V/A, CS, F | 100:20-21 | | | |
| 101:1-11 | | | | | |
| 101:14-15 | 106, 401/402, H, 602, V/A, CS | | | | |
| 101:17-102:14 | 401/402, V/A, CS, H, 602, F, MIS | | | | |
| 102:17-19 | 401/402, H, 602, V/A, AFN, CS | | | | |
| 102:25:103:1 | 401/402, H, F, V/A | | | | |
| 103:3 | H, F, V/A | | | | |
| 103:5-15 | 401/402, H, F, V/A | | | | |
| 104:4-105:20 | 401/402, 106, CS | 106:1, 106:3-7 | | 106:9-106:9 | |
| 105:23-24 | 401/402, 106, CS | | | | |
| 106:10-109:8 | 106, 401/402 | 109:9-12 | Not proper Counter/Beyond scope of designation | | |
| 109:17-110:7 | 401/402 | | | | |
| 110:9-111:6 | 401/402 | | | | |
| 111:17-112:4 | 401/402 | | | | |
| 112:6-17 | 401/402, H | | | | |
| 112:23-113:9 | 401/402, H | | | | |
| 113:11-18 | F, A, 401/402 | | | | |
| 114:12-14 | 106, V/A, 401/402, H | 114:15 | | | |
| 114:17-19 | V/A, 401/402 | | | | |

15

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 114:21-116:11 | 401/402, H, 602 | | | | |
| 116:20-23 | V/A, 401/402, H, 602 | | | | |
| 116:25-117:1 | V/A, 401/402, H, 602 | | | | |
| 117:3-7 | 401/402, H, 602, CS | | | | |
| 117:9-11 | 401/402, H, 602 | | | | |
| 118:6-9 | H, V/A, 401/402, CS, AFN, LC | | | | |
| 118:12-22 | H, V/A, 401/402, CS, AFN, LC | | | | |
| 119:1-19 | 106, 401/402 | 119:20-120:2 | Not proper Counter/Beyond scope of designation | | |
| 121:17-122:10 | 106, 401/402 | 121:3-15 | | | |
| 123:4-11 | 401/402, 602, V/A, HYPO | | | | |
| 123:14-124:3 | 401/402, 602, V/A, HYPO | | | | |
| 124:5-15 | 401/402, 602, V/A, HYPO | | | | |
| 124:17-125:3 | 401/402, 602, V/A, HYPO | | | | |
| 125:5-14 | 401/402, 602, V/A, HYPO | 125:15-126:5, 126:8-13, 126:22-24 | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 127:3-15 | 106, 401/402, V/A, 602, CS, HYPO | 127:1-2 | Relevance; Not proper Counter/Beyond scope of designation | | |
| 127:18-23 | 401/402, V/A, 602, CS, HYPO | | | | |
| 128:5-129:2 | 401/402, H, 602, F | | | | |
| 129:10-13 | 401/402, 602 | | | | |
| 129:15-19 | 401/402, 602 | | | | |
| 129:21-131:8 | 401/402, H, 602, F | | | | |
| 132:3-14 | 401/402, H, 602, F | | | | |
| 132:17-21 | 401/402, H, 602, F | | | | |
| 132:23-133:3 | 401/402, H, 602, F | | | | |
| 133:12-18 | 401/402, H, 602, F | | | | |
| 133:25-134:7 | 401/402, V/A, H, 602, F | | | | |
| 134:10-13 | 401/402, V/A, H, 602, F | | | | |
| 134:15-135:12 | 401/402, V/A | | | | |
| 135:15-20 | 401/402, V/A | | | | |
| 135:23-126:18 | 401/402 (presumed to be 135:23-136:18) | | | | |
| 136:24-137:4 | 401/402 | | | | |
| 138:21-139:9 | 401/402 | | | | |

17

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 139:10-19 | 401/402 | | | | |
| 139:21-140:6 | 106, 401/402, H | 140:13-22 | Not proper Counter/Beyond scope of designation | 140:7-140:12 | |
| 140:23-141:16 | 106, 401/402, H | 141:17-22 | Not proper Counter/Beyond scope of designation | | |
| 144:21-23 | 401/402, H | | | | |
| 145:2-145:24 | 401/402, CS, 602, H | 148:10-16 | | | |
| 146:2-20 | 401/402, V/A, CS, 602, H | 148:10-16 | | | |
| 146:23-147:2 | 401/402, V/A, CS, H, 602 | | | | |
| 147:6-148:9 | 106, 401/402, 602, H, CS | 148:10-16 | | | |
| 148:18-21 | 401/402 | | | | |
| 150:11-17 | 401/402 | | | | |
| 150:19-21 | 401/402 | | | | |
| 151:12-23 | 401/402 | | | | |
| 152:6-153:3 | 401/402 | | | | |
| 153:10-19 | 401/402, V/A, AFN | | | | |
| 153:23-24 | 401/402, V/A, AFN | | | | |
| 154:1-2 | 401/402, V/A, AFN | | | | |
| 154:4-5 | 401/402, V/A, AFN | | | | |
| 154:9-10 | 401/402 | | | | |
| 154:13-17 | 401/402 | | | | |
| 155:6-25 | 401/402, CS, H | | | | |
| 156:2-3 | 401/402, CS, H | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 156:5-13 | 401/402, 602, H | | | | |
| 156:19-157:2 | 401/402, CS, AFN, 602, H | | | | |
| 157:5-10 | 401/402, CS, AFN, 602, H | | | | |
| 157:12-158:3 | 401/402, CS, 602, H | | | | |
| 158:5-8 | 401/402, CS, 602, H | | | | |
| 158:10-159:7 | 401/402, CS, V/A, H, 602, 106 | 159:15-18; 159:20-24 | | | |
| 159:9-13 | 401/402, CS, V/A, H, 602, 106 | 159:15-18; 159:20-24 | | | |
| 160:1-25 | 401/402, CS, H, 602 | | | | |
| 161:2-162:13 | 401/402, 106 | 162:14-18 | | | |
| 162:19-164:2 | 401/402, V/A, H, 602 | | | | |
| 164:4-6 | 401/402, V/A, H, 602 | | | | |
| 164:8-168:10 | 401/402/403, V/A, H, 602, CS | | | | |
| 168:13-19 | 401/402 | | | | |
| 168:21-169:5 | 401/402/403, V/A, H, 602, MIS, CS | | | | |
| 169:8-11 | 401/402/403, V/A, H, 602, CS | | | | |
| 169:13-170:20 | 401/402 | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 171:3-172:8 | 106, 401/402 | 172:9-11 | 403-cumulative | | |
| 172:11-13 | 106, omitted question | | | | |
| 172:15-21 | 106, omitted question, 401/402 | 172:14 | Relevance | | |
| 173:5 | 401/402 | | | | |
| 173:7-14 | 401/402, V/A | | | | |
| 173:17-19 | 401/402, V/A | | | | |
| 173:21-24 | 401/402, V/A | | | | |
| 174:1-4 | 401/402, V/A | | | | |
| 174:8-175:17 | 401/402, H, CS | | | | |
| 175:19-21 | 401/402, H, CS | | | | |
| 175:23-24 | 401/402, V/A, CS | | | | |
| 176:2-3 | 401/402, V/A, CS | | | | |
| 176:16-18 | 401/402, H | | | | |
| 176:25-177:7 | 401/402, H | | | | |
| 177:9-23 | 106, 401/402, H, 602, CS | 177:8 | | | |
| 177:25-178:8 | 401/402, H, 602, CS | | | | |
| 178:10-18 | 401/402, H | | | | |
| 178:20-179:8 | 401/402 | | | | |
| 179:10-15 | 401/402, H | | | | |
| 179:19-180:14 | 401/402, H, 602 | | | | |
| 180:20-181:1 | 106, 401/402, H | | | | |
| 181:10-12 | 401/402, H | 181:2-10 | | | |
| 181:17-19 | 401/402, H | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 181:23-182:3 | 401/402 | | | | |
| 182:11-14 | 106, 401/402, H, omitted answer | 182:15 | | | |
| 182:20-183:5 | 401/402, H | 184:12-14, 184:17-20, 185:13-186:12 | 185:13-186:12: omitted question | 184:22-185:10 | |
| 186:13-15 | 106, 401/402/403, H, CS | 184:12-14, 184:17-20, 185:13-186:12 | 185:13-186:12: omitted question | 184:22-185:10 | |
| 186:19-22 | 106, 401/402/403, H, CS | 184:12-14, 184:17-20, 185:13-186:12 | 185:13-186:12: omitted question | 184:22-185:10 | |
| 187:5-10 | 106, 401/402, H | | | | |
| 187:13-14 | 401/402, V/A | 187:11-12 | | | |
| 187:16-20 | 401/402, V/A | | | | |
| 187:22-24 | 401/402 | | | | |
| 188:4-20 | 106, 401/402, H | | | | |
| 188:22-189:7 | 106, 401/402, H, 602, CS | 188:21 | Relevance; 403-wasting time | | |
| 189:9-16 | 401/402, 602, CS | | | | |
| 189:18-23 | 401/402, V/A, CS | | | | |
| 190:1-6 | 401/402, V/A, CS | | | | |
| 190:8-191:17 | 401/402, H, 602, CS | | | | |
| 191:19-23 | 401/402, 602, CS | | | | |
| 191:25-192:9 | 401/402 | | | | |
| 192:12-22 | 401/402, H, 602, CS, AFN | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 192:25-193:1 | 401/402, H, 602, CS, AFN | | | | |
| 193:3-8 | 401/402, H, 602, CS, AFN | | | | |
| 193:11-13 | 401/402, H, 602, CS, AFN | | | | |
| 194:11-21 | 106, 401/402 | 194:22-195:6 | | | |
| 195:7-196:1 | 401/402, H, 602 | | | | |
| 196:5-11 | 106, 401/402, 602, H, V/A, question omitted | 196:2 | | | |
| 196:13-15 | 401/402, 602, H, V/A, CS | 196:24-197:2 | 197:3-5; 197:7-8 | | |
| 196:17-22 | 401/402, 602, H, V/A, CS | 196:24-197:2 | 197:3-5; 197:7-8 | | |
| 197:14-20 | 401/402, H, 602 | | | | |
| 198:24-199:21 | 401/402, H, 602, V/A | | | | |
| 199:24-200:1 | 401/402, H, 602, V/A | | | | |
| 200:4-6 | 401/402, H, 602, V/A | | | | |
| 200:9-10 | 401/402, H, 602, V/A | | | | |
| 200:12-18 | 106, 401/402/403, H, 602 | 200:19-25 | Nonresponsive | | |
| 201:1-2 | 106, 401/402/403, H, 602, CS | 200:19-25 | Nonresponsive | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 201:4-5 | 106, 401/402/403, H, 602, CS | 200:19-25 | Nonresponsive | | |
| 201:14-202:12 | 106, 401/402, H, 602 | 202:22-203:3 | | | |
| 203:9-15 | 106, 401/402, H, 602 | 203:16-25 | | | |
| 203:20-25 | 106, 401/402, H, 602 | | | | |
| 204:3-205:4 | 401/402, H, 602, CS, AFN, MIS | | | | |
| 205:7-9 | 401/402, H, 602, CS, AFN | | | | |
| 205:11-12 | 401/402, H, 602, CS, AFN | | | | |
| 205:15 | 401/402, H, 602, CS, AFN | | | | |
| 205:17-18 | 401/402, H, 602 | | | | |
| 205:21-206:9 | 401/402, H, 602, V/A, CS | | | | |
| 206:12-14 | 401/402, H, 602, V/A, CS | | | | |
| 206:18-20 | 401/402, H, 602, V/A, CS | | | | |
| 206:22-25 | 401/402, H, 602, V/A, CS | | | | |
| 207:2-3 | 401/402, H, 602, V/A, CS | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 207:5 | 401/402, H, 602, V/A, CS | | | | |
| 207:7-23 | | 215:4-13, 215:23-216:13 | 215:23-216:5: Not proper counter/Beyond scope of designation 216:2-13: cumulative | | |
| 207:25 | 106, question omitted | 207:24 | Relevance; 403-wasting time | | |
| 208:5-209:9 | V/A, CS | 215:4-13, 215:23-216:13 | 215:23-216:5: Not proper counter/Beyond scope of designation 216:2-13: cumulative | | |
| 209:12-14 | V/A, CS | | | | |
| 209:22-24 | V/A, CS | | | | |
| 210:2-9 | V/A, CS | | | | |
| 210:11-13 | | | | | |
| 210:16-21 | | | | | |
| 210:23-211:1 | | | | | |
| 211:4-9 | | | | | |
| 211:11-12 | | | | | |
| 211:15-21 | | | | | |
| 212:6-18 | 401/402 | | | | |
| 212:25-213:6 | 401/402, V/A | | | | |
| 213:8-10 | 401/402, V/A | | | | |
| 213:12-214:5 | 401/402 | | | | |
| 214:17-20 | | | | | |
| 215:14-22 | 106 | 215:4-13, 215:23-216:13 | 215:23-216:5: Not proper counter/Beyond | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| | | | scope of designation 216:2-13: cumulative | | |

**Pat Gelsinger - November 25, 2019**

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 8:7-9 | | | | | |
| 8:12-13 | | | | | |
| 9:23-11:15 | 106 | 11:17-12:11 | | 12:12-13:12 | 401/402 |
| 13:13-16:7 | | | | | |
| 16:24-17:1 | | | | | |
| 17:12-18:16 | 106 | 17:2-11; 18:17-19:7 | | | |
| 19:8-17 | 106 | 19:18-20:1 | | | |
| 20:7-21:1 | V/A, F, H, 106 | 23:16-24:21; 24:22-24; 25:1-25 | | | |
| 21:4-11 | V/A, F, H, 106 | 23:16-24:21; 24:22-24; 25:1-25 | | | |
| 21:13-22:4 | V/A, F, H, 106 | 23:16-24:21; 24:22-24; 25:1-25 | | | |
| 22:8-19 | V/A, F, H, 106 | 23:16-24:21; 24:22-24; 25:1-25 | | | |
| 22:22-23:15 | 106 | 23:16-24:21; 24:22-24; 25:1-25 | | | |
| 26:4-5 | | | | | |
| 29:12-19 | F, CS, H, 106 | 26:10-29:11 | | | |
| 29:22-30:9 | 106 | 26:10-29:11 | | | |
| 30:12-20 | H, 106 | 26:10-29:11; 30:10-11 | | | |
| 30:23-32:10 | H, V/A, MIS, 106 | 26:10-29:11 | | | |
| 32:14-34:8 | MIS, H, 106 | 26:10-29:11 | | | |
| 34:10-35:6 | F, V/A, CS, 106 | 26:10-29:11 | | | |
| 35:8-10 | | 26:10-29:11 | | | |
| 37:10-13 | | | | | |
| 40:7-41:5 | V/A, F, H, 106 | 37:16-39:9 | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 41:7-42:10 | V/A, CS, F, H, 106 | 37:16-39:9 | | | |
| 42:12-14 | V/A, CS, F 106 | 37:16-39:9 | | | |
| 42:16-43:16 | 106 | 37:16-39:9 | | | |
| 45:14-46:25 | 106 | 43:17-18; 44:6-45:13 | | | |
| 47:8-9 | | | | | |
| 47:17-48:8 | H, F, CS | | | | |
| 48:10-50:8 | H, F, CS, MIS, V/A, AFN | | | | |
| 50:10-18 | | | | | |
| 50:21-52:1 | F, CS, V/A, MIS, AFN | | | | |
| 52:3-52:12 | F, CS, MIS, V/A, 106 | 57:19-22; 58:4-11 | | | |
| 52:14-53:9 | F, CS, MIS, V/A, AFN, 106 | 57:19-22; 58:4-11 | | | |
| 53:11-23 | 106 | 57:19-22; 58:4-11 | | | |
| 54:5-8 | F, CS, MIS, V/A, AFN, 106 | 57:19-22; 58:4-11 | | | |
| 54:11-24 | F, CS, MIS, V/A, AFN, 106 | 57:19-22; 58:4-11 | | | |
| 55:2-23 | F, CS, MIS, V/A, AFN, 106 | 57:19-22; 58:4-11 | | | |
| 56:1-9 | F, CS, MIS, V/A, AFN, 106 | 57:19-22; 58:4-11 | | | |
| 56:12-57:8 | 106 | 57:19-22; 58:4-11 | | | |
| 57:10-18 | 106 | 57:19-22; 58:4-11 | | | |
| 58:12-22 | | | | | |
| 59:6-14 | | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 59:17-60:19 | 106 | 60:20-61:5; 61:24-62:17 | Speculation | | |
| 61:6-15 | 106 | 61:24-62:17 | | | |
| 62:21-22 | | | | | |
| 63:14-64:13 | H, V/A, MIS, F, CS, 106 | 62:23-63:2 | | | |
| 64:17-19 | MIS, F, CS, 106 | 62:23-63:2 | | | |
| 64:22-67:3 | H, V/A, MIS, F, CS, AFN, 106 | 62:23-63:2 | | | |
| 67:5-68:13 | H, V/A, MIS, F, CS, AFN, 403, 106 | 62:23-63:2 | | | |
| 70:6-7 | | | | | |
| 71:4-72:13 | H, V/A, MIS, F, CS, AFN, 106 | 69:2-70:3; 70:8-18; 72:16-17 | | | |
| 72:18-22 | MIS, F, CS, AFN, 106 | 69:2-70:3; 70:8-18 | | | |
| 73:1-75:5 | | 69:2-70:3; 70:8-18 | | | |
| 75:7-76:22 | H, V/A, F, CS, AFN, 401/402, 403, MIS, 106 | 69:2-70:3; 70:8-18 | | | |
| 76:24-77:3 | H, V/A, MIS, F, CS, AFN, 403, 401/402, 106 | 69:2-70:3; 70:8-18 | | | |

**Greg Lavender - November 13, 2019**

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 8:21-24 | | | | | |
| 11:14-19 | | | | | |
| 12:15-24 | 106 | 13:24-14:7; 14:17-20; 15:7-16 | 13:24-14:7 Not proper counter; 14:17-20 Not proper counter, relevance; 15:7-16 Not proper counter, relevance | | |
| 15:24-25 | | | | | |
| 16:12-25 | 106 | 17:1-9; 18:2-9 | 17:5-9 Not proper counter | | |
| 30:13-31:5 | 106 | 31:6-15 | | | |
| 40:1-24 | F, 106 | 37:25-38:6; 49:9-50:7; 183:2-184:9; 184:16-185:3; 185:5-20 | 37:25-38:6 Not proper counter; 49:9-50:7 Not proper counter, Nonresponsive; 183:2-184:9 Lack of personal knowledge; 184:16-185:3 Not proper counter, Vague; 185:5-20 Not proper counter, Foundation, Lack of personal knowledge | | |
| 41:21-42:16 | E, F, 106 | 42:23-43:7 | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 45:16-46:10 | 106 | 46:12-16 | | | |
| 47:6-47:25 | 106 | 48:1-5 | 48:1-5 Lack of personal knowledge, speculation | 48:19-49:8 | 106:question omitted; 401/402, 403 |
| 51:1-18 | V/A, 106 | 59:14-60:4; 60:24-61:1 | 59:14-60:4 Not proper counter, lack of personal knowledge; | | |
| 51:20-52:12 | | | | | |
| 61:19-62:23 | | | | | |
| 65:21-66:4 | 106 | 66:5-9 | Speculation | 66:10-11; 66:13-14 | CS |
| 67:2-6 | | | | | |
| 70:22-24 | | | | | |
| 72:1-73:10 | F, 602, H | | | | |
| 80:11-82:14 | | | | | |
| 82:25-83:18 | | | | | |
| 84:3-85:24 | F | | | | |
| 87:1-88:5 | | | | | |
| 88:18-19 | | | | | |
| 90:2-91:16 | F; 602; H | | | | |
| 107:2-108:3 | | | | | |
| 108:6-16 | 106 | 108:17-109:14 | Nonresponsive, Not proper counter | | |
| 109:15-22 | | | | | |
| 115:12-21 | | | | | |
| 121:15-122:4 | 106 | 122:5-22 | Vague, Nonresponsive, Lack of personal knowledge | | |
| 124:1-4 | 106 | 124:5-19 | | | |
| 124:20-125:11 | | | | | |
| 127:2-129:8 | F | | | | |
| 130:14-131:6 | | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 143:5-7 | F | | | | |
| 143:23-144:6 | H; F; 602 | | | | |
| 144:9-146:11 | F; H; 602 | | | | |
| 146:13-24 | F; H; 602 | | | | |
| 149:4-5 | F | | | | |
| 153:9-13 | F; H; 602 | | | | |
| 153:15-155:4 | F; H; 602 | | | | |
| 155:7-156:5 | F, HYPO; H, 602 | | | | |
| 158:3-7 | F; 602; hearsay, 106 | 183:2-184:9; 184:16-185:3; 185:5-20 | 183:2-184:9 Not proper counter, Lack of personal knowledge; 184:16-185:3 Not proper counter, Vague; 185:5-20 Not proper counter | | |
| 158:9-159:23 | F; 602; hearsay, 106 | 183:2-184:9; 184:16-185:3; 185:5-20 | 183:2-184:9 Not proper counter, Lack of personal knowledge; 184:16-185:3 Not proper counter, Vague; 185:5-20 Not proper counter | | |
| 165:25-166:18 | 106 | 166:19-25 | | | |
| 167:20-168:1 | | | | | |
| 169:17-170:2 | 106 | 170:3-6 | Not proper counter | | |
| 180:5-7 | | | | | |
| | | | | | |
| 5:5-5:9 | | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 28:11-13 | 106 | 28:14-17; 29:6-8 | 28:14-17 Not proper counter | | |
| 28:18-29:1 | 106 | 28:14-17; 29:6-8 | 28:14-17 Not proper counter | | |
| 29:9-19 | | | | | |
| 30:1-12 | 106 | 39:22-40:7 | Not proper counter | | |
| 40:19-24 | 106 | 40:18 | Not proper counter | | |
| 44:8-23 | V/A | | | | |
| 44:25-45:5 | V/A | | | | |
| 45:7-46:4 | V/A | | | | |
| 46:8-24 | V/A | | | | |
| 47:2-8 | V/A | | | | |
| 47:23-25 | F | | | | |
| 48:3-15 | F | | | | |
| 48:18-49:2 | | | | | |
| 49:4-18 | F | | | | |
| 49:25-50:1 | V/A | | | | |
| 50:4-20 | V/A | | | | |
| 61:14-16 | | | | | |
| 62:2-9 | | | | | |
| 62:11-13 | | | | | |
| 62:15-16 | | | | | |
| 62:19-22 | | | | | |
| 76:23-77:2 | 106 | 78:4-20; 78:24-79:1; 80:2-3; 80:7-8; 80:10-12; 80:16-23; 110:21-24 | 78:4-20 Not proper counter; 78:24-79:1 Not proper counter; 80:2-3 Not proper counter, Vague, Ambiguous, Calls for legal conclusion; | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| | | | 80:7-8 Not proper counter, Vague, Ambiguous, Calls for legal conclusion; 80:10-12 Not proper counter, Vague, Ambiguous, Calls for legal conclusion; 80:16-23 Not proper counter, Vague, Ambiguous, Calls for legal conclusion | | |
| 80:25-81:1 | | | | | |
| 81:3 | | | | | |
| 81:5-82:4 | 106 | 82:5-83:25; 84:2-8; 85:12-15; 85:18-86:1; 89:1-2; 89:5-14 | 82:5-83:25 Not proper counter, Lack of personal knowledge, Speculation; 84:2-8 Not proper counter, Lack of personal knowledge, speculation; 85:12-15 Not proper counter, Lack of personal knowledge, Speculation; 85:18-86:1 | 86:19-86:24 | IMP; 401/402 |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| | | | Not proper counter, incomplete, hearsay; 89:1-2 Not proper counter; 89:5-14 Not proper counter | | |
| 88:2-4 | | | | | |
| 88:7-11 | | | | | |
| 88:13-25 | | 89:1-2; 89:5-14 | 89:1-2 Not proper counter; 89:5-14 Not proper counter | | |
| 90:22-91:4 | V/A | | | | |
| 91:7-11 | V/A | | | | |
| 91:13-15 | V/A | | | | |
| 91:17-92:17 | V/A, 106 | 92:25-93:2; 93:6-11; 93:13-15; 93:17-21; 93:25-94:2; 94:5-18; 106:22-25; 107:4-17; 205:24-206:3; 206:8-19; 206:21-23; 207:1-5; 207:7-8; 207:11-16; 207:18-208:14; 208:18-209:2 | 106:22-25 Incomplete; 206:8-19 Asked and answered; 206:21-23; 207:1-5 Nonresponsive; 207:11-16 Nonresponsive | 105:7-106:21 | IMP; 401/402; H; CS |
| 94:24-95:4 | V/A | | | | |
| 95:8-19 | V/A | | | | |
| 97:23-98:2 | V/A, 401/402 | | | | |
| 98:4-14 | V/A, 401/402 | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 103:19-105:21 | | | | | |
| 108:14-19 | V/A, F | | | | |
| 108:24-109:5 | V/A, F | | | | |
| 111:12-14 | V/A, F, 106 | 112:22-113:14; 113:16-20; 115:13-14; 115:16-20 | 112:22-113:14 Not best evidence; 113:16-20 Not best evidence; 115:16-20 Not best evidence | | |
| 111:17-22 | V/A, F, 106 | 112:22-113:14; 113:16-20; 115:13-14; 115:16-20 | 112:22-113:14 Not best evidence; 113:16-20 Not best evidence; 115:16-20 Not best evidence | | |
| 111:25-112:8 | V/A, F | | | | |
| 112:13-112:21 | 106 | 112:22-113:14; 113:16-20; 115:13-14; 115:16-20 | 112:22-113:14 Not best evidence; 115:16-20 Not best evidence | | |
| 116:25-117:1 | F | | | | |
| 117:4-9 | F | | | | |
| 117:11-12 | F; 602 | | | | |
| 117:14-21 | F; 602 | | | | |
| 119:3-5 | 106 | 211:6-18; 211:21 | Not proper counter | | |
| 119:8-13 | 106 | 211:6-18; 211:21 | Not proper counter; Improper summary; Mischaracteri | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| | | | zes testimony; Prejudicial | | |
| 119:18-120-9 | | | | | |
| 120:11-19 | F | | | | |
| 120:24-121:5 | F | | | | |
| 121:7-17 | F | | | | |
| 121:19-23 | V/A, 106 | 122:5-8 | Nonresponsive | | |
| 122:1 | 106 | 122:5-8 | Nonresponsive | | |
| 123:4-124:25 | | | | | |
| 126:5-126:7 | V/A, 106 | 127:12-15; 127:18-25; 128:18-20; 128:22-129:2; 129:4-130:6 | | 130:7-130:13 | |
| 126:11-16 | V/A, 106 | 127:12-15; 127:18-25; 128:18-20; 128:22-129:2; 129:4-130:6 | | 130:7-130:13 | |
| 143:9-10 | | | | | |
| 143:23-144:2 | 106 | 143:21-22 | | | |
| 144:5-13 | 106 | 143:21-22 | | | |
| 144:17-20 | 106 | 143:21-22 | | | |
| 144:22-23 | 106 | 143:21-22 | | | |
| 144:25-145:12 | | | | | |
| 152:16-17 | 106 | 152:21-25 | | | |
| 156:25-159:3 | V/A | 163:10-18 | 163:12-18 Not proper counter, incomplete | 163:19-164:6 | 401/402; H; CS |
| 159:6-163:9 | V/A | 163:10-18 | 163:12-18 Not proper counter, incomplete | 163:19-164:6 | 401/402; H; CS |
| 167:13-14 | | | | | |
| 169:7-18 | V/A | | | | |
| 169:21-24 | V/A | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 170:1-13 | 106 | 170:14-19 | Speculative | | |
| 170:20-21 | 106 | 171:10-12; 171:15-172:6 | | | |
| 170:24-171:2 | 106 | 171:10-12; 171:15-172:6 | | | |
| 171:4-9 | 106 | 171:10-12; 171:15-172:6 | | | |
| 173:3-8 | 106 | 210:11-211:18; 211:21; 212:3-13 | 210:11-211:18 Nonresponsive, Speculative, Assumes facts, Incomplete hypothetical, Not proper counter; 211:21 Not proper counter; 212:3-13 Incomplete | | |
| 173:19-174:2 | 106 | 174:3-7; 210:11-211:18; 211:21; 212:3-13 | 210:11-211:18 Nonresponsive, Speculative, Assumes facts, Incomplete hypothetical, Not proper counter; 211:21 Not proper counter; 212:3-13 Incomplete | 174:10-174:19 | 106; 401/402 |
| 174:23-175:12 | 106 | 174:21-22; 175:13-21 | Not proper counter, Incomplete | 174:10-174:19 | 106; 401/402 |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 175:22-24 | 106 | 175:25-176:8 | Not proper counter, Incomplete | | |
| 176:9-16 | 106 | 176:17-18; 176:21-177:1 | 176:21-177:1 Speculative, Not proper counter | | |
| 177:3-21 | | 210:11-211:18; 211:21; 212:3-13 | 211:18 Nonresponsive, Speculative, Assumes facts, Incomplete hypothetical, Not proper counter; 211:21 Not proper counter; 212:3-13 Incomplete, Not proper counter | | |
| 181:18-20 | | | | | |
| 182:3-20 | F, V/A | | | | |
| 182:24-183:6 | | | | | |
| 183:8-22 | F, V/A | | | | |
| 184:10-14 | V/A, 106 | 185:13-186:19 | | | |
| 184:17-21 | V/A, 106 | 185:13-186:19 | | | |
| 184:23-185:5 | V/A, 106 | 185:13-186:19 | | | |
| 185:8-11 | V/A, 106 | 185:13-186:19 | | | |
| 203:22-23 | F, 106 | 204:20-22; 204:24-205:2 | | | |
| 203:25-204:10 | F, 106 | 204:20-22; 204:24-205:2 | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 204:12-19 | F, 106 | 204:20-22; 204:24-205:2 | | | |
| 205:9-13 | | | | | |
| 209:4-6 | V/A; E | | | | |
| 209:9-17 | V/A; E | | | | |

**David Overbeek - October 30, 2019**

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 11:16-18 | | | | | |
| 12:14-15 | | | | | |
| 12:18-22 | 106 | 12:23-25 | | | |
| 13:6-9 | 401/402, 106 | 13:10-11; 13:13-22; 13:24-14:10 | Compound Vague | | |
| 15:11-12 | V/A | | | | |
| 15:14-20 | | | | | |
| 17:20-25 | F | | | | |
| 19:22-25 | 106 | 18:24-19:8; 19:9-21 | Assumes facts; Lacks personal knowledge | 20:17-20:23 | |
| 20:3-9 | COM | | | | |
| 24:7-9 | F, 106 | 24:10-11; 24:13 | Compound | 24:5-24:6 | |
| 24:15-17 | | | | | |
| 30:5-6 | V/A, F, 106 | 29:13; 29:15-30:4 | Vague; Lacks personal knowledge | Not proper counter | |
| 30:8-10 | V/A, F, 106 | 29:13; 29:15-30:4 | Vague; Lacks personal knowledge | Not proper counter | |
| 30:12-16 | V/A, F, 106 | 29:13; 29:15-30:4 | Vague; Lacks personal knowledge | Not proper counter | |
| 34:17 | V/A | | | | |
| 34:19-23 | | | | | |
| 34:25-35:2 | MIS, 106 | | | | |
| 35:5-7 | | | | | |
| 35:17-23 | MIS, 106 | 35:24-36:3; 36:5-6 | Relevance | Not proper counter | |
| 36:8-9 | V/A | | | | |
| 36:11-13 | | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 39:18-20 | CS | | | | |
| 39:23-40:4 | | | | | |
| 40:13-16 | AFN, F, V/A, 602 | | | | |
| 40:19-21 | | | | | |
| 41:16-17 | MIS. AFN, F, V/A, 602 | | | | |
| 41:19-21 | 106 | 41:22-25 | | | |
| 42:2-42:11 | F, 106 | 42:12-16; 42:19-24 | Vague; assumes facts; speculation | | |
| 49:16-17 | V/A, CS, 106 | 43:21-44:3, 49:15 | | 44:11-44:15 | CS |
| 49:20-22 | | | | | |
| 55:9-10 | F | | | | |
| 55:12 | 106 | 55:13-16; 55:19-20 | | | |
| 55:22-56:2 | V/A, F, 602, H | | | | |
| 56:4-11 | 602, H | | | | |
| 56:20-24 | 106 | 56:25; 57:3-6 | Relevance | | |
| 63:3-9 | 106 | 63:19-21 | | 63:22-63:24 | 106 |
| 64:7-8 | F, AFN, 106 | 64:14-17 | | | |
| 64:11-12 | 106 | 64:14-17 | | | |
| 64:18-19 | V/A, 602, H | | | | |
| 64:21-22 | | | | | |
| 64:24-65:6 | Document speaks for itself, 602, H | 65:7-10; 65:13-15, 65:19-21 | Non-responsive | | |
| 68:15-22 | MIS, V/A, F | | | | |
| 68:25-69:6 | F, V/A, 602, H | | | | |
| 69:8 | | | | | |
| 71:17-23 | | | | | |
| 72:7-12 | V/A, F | | | | |
| 72:23-73:9 | V/A, F | | | | |
| 73:11-12 | | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 73:14-18 | 106 | 73:19-25 | Non-responsive | | |
| 74:18-19 | V/A, F | | | | |
| 74:21-23 | | | | | |
| 74:25-75:2 | 106 | 75:3-5 | Non-responsive | | |
| 77:22-78:3 | | | | | |
| 78:10-16 | V/A, 106 | 78:17-18; 78:21-79:6 | Vague; assumes facts | | |
| 79:10-11 | V/A, F, AFN, 602, H | | | 79:7-79:9 | |
| 79:14-16 | 106 | 79:17-19; 79:21 | | | |
| 80:14-20 | 106 | 81:2-5 | Relevance | | |
| 81:6-8 | 106 | 81:2-5; 81:10-11 | Relevance | | |
| 83:24-84:7 | V/A, F, COM, 602 | | | | |
| 84:10-12 | | | | | |
| 87:13-15 | V/A, 106 | 86:21-87:12 | Not proper counter | | |
| 87:19 | | | | | |
| 88:18-19 | V/A, AFN, 602 | | | | |
| 88:21-25 | CS | | | | |
| 89:4-8 | | | | | |
| 89:10-11 | 602 | | | | |
| 89:13-14 | | | | | |
| 92:5-12 | | | | | |
| 92:14 | | | | | |
| 92:16-24 | | | | | |
| 93:8-15 | V/A, F, 106 | 93:16-19; 93:22-94:4 | Non-responsive | | |
| 94:6-8 | V/A, F, 602 | 94:9-10 | Not proper counter; attorney speaking | | |
| 94:11-12 | | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 100:15-101:5 | Document speaks for itself | | | | |
| 101:9 | | | | | |
| 101:11-13 | 106 | 101:14-18; 101:20-102:3 | | | |
| 102:18-103:2 | V/A, F, MIS, 602 | | | | |
| 103:5-9 | | | | | |
| 103:18-104:6 | V/A, F | | | | |
| 113:8-13 | | | | | |
| 113:15-114:5 | | | | | |
| 114:14-24 | V/A, F, 106 | 115:2-3 | Relevance | | |
| 115:4-6 | V/A | | | | |
| 115:8-10 | | | | | |
| 115:12-13 | | | | | |
| 115:15-22 | V/A, F, 602, 106 | 116:2-4 | | | |
| 125:8-17 | V/A, F, 602 | | | | |
| 129:12-21 | | | | | |
| 130:18-131:3 | | | | | |
| 143:14-144:4 | | | | | |
| 146:5-9 | | | | | |
| 146:22-147:2 | | | | | |
| 149:13-18 | F, V/A, MIS, 602, H | | | | |
| 149:21 | | | | | |
| 153:7-15 | 602, H | | | | |
| 154:9-10 | V/A, F, CS, AFN, 602 | | | | |
| 154:13-14 | | | | | |
| 154:18-22 | 106 | 154:23-155:3 | Relevance | | |
| 155:4-7 | | | | | |
| 156:3-7 | 602, H, 106 | 156:8-13 | Non-responsive | | |
| 156:14-15 | CS, VA, F, 602, H | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 154:19-20 | | | | | |
| 189:24-190:19 | 106 | 190:20-191:4; 191:6-7 | | 191:9-191:13 | |
| 192:3-7 | COM, V/A, F | | | | |
| 192:10-13 | 106 | 192:14-18; 192:20-21 | Relevance; Non-responsive | | |
| 192:23-193:14 | 602, V/A, F, CS | | | | |
| 193:16-17 | | | | | |
| 194:3-11 | V/A, F, 602 | | | | |
| 193:13-18 | | | | | |
| 196:9-15 | V/A, F | | | | |
| 198:19-199:8 | 602, 106 | 199:9-10; 199:12-20 | Relevance | | |
| 228:8-16 | 106 | 157:15-158:10; 158:13-159:7; 161:11-162:2; 163:15-16; 163:18-164:6; 227:23-228:6 | Not proper counter; Relevance; non-responsive; attorney speaking | | |
| 230:3-16 | V/A, F, 602, 106 | 157:15-158:10; 158:13-159:7; 161:11-162:2; 163:15-16; 163:18-164:6; 227:23-228:6 | Not proper counter; Relevance; non-responsive; attorney speaking | | |
| 231:3-8 | | | | | |
| 231:19-25 | 602, H | | | | |

**Chandra Prathuri - November 26, 2019**

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 5:11-13 | | | | | |
| 6:3-8 | 106 | 6:9-11 | Not Proper Counter/Beyond Scope of Designation; attorney speaking | | |
| 6:13-21 | F, 106 | 6:22-24 | Not Proper Counter/Beyond Scope of Designation; attorney speaking | | |
| 7:16-24 | 401 | | | | |
| 8:24-9:15 | | | | | |
| 10:1-11:5 | 401/402, 403, F | | | | |
| 11:9-13 | 401/402, 403, F | | | | |
| 11:15-16 | 401/402, 403, F | | | | |
| 11:18-21 | 401/402, 403, F | | | | |
| 11:23 | 401/402, 403, F | | | | |
| 12:1-3 | 401/402, 403, F | | | | |
| 12:10-12 | 401/402, 403, F | | | | |
| 12:15-13:10 | 401/402, 403, F | | | | |
| 13:16-22 | 401/402, 403, F | | | | |
| 13:25 | 401/402, 403, F | | | | |
| 14:3-10 | 401/402, 403, F | | | | |
| 14:12-13 | H, 401/402, 403, E, F | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 14:16-15:2 | 401/402, 403, E, F | | | | |
| 15:4-6 | 401/402, 403, E, F | | | | |
| 15:9-12 | 401/402, 403, E, F | | | | |
| 15:14-17 | 401/402, 403, F | | | | |
| 15:20-16:1 | 401/402, 403, F | | | | |
| 16:3-4 | 403, E | | | | |
| 16:8-14 | 403, E | | | | |
| 16:16-17 | 401/402, 403, E, F | | | | |
| 16:20-17:4 | 401/402, 403, E, F, 106 | 17:6-7; 17:9-10 | Not Proper Counter/Beyond Scope of Designation; attorney speaking; Relevance | 17:6-17:7; 17:9-17:10 | |
| 17:18-19 | 401/402, 403, E, F | | | | |
| 17:22-18:6 | 401/402, 403, E, F | | | | |
| 18:17-19:7 | 401/402, 403, E, F | | | | |
| 19:10-11 | 401/402, 403, E, F | | | | |
| 19:13-14 | 403, E, F | | | | |
| 19:17-22 | 403, E, F | | | | |
| 20:17-18 | 401/402, 403, E, F | | | | |
| 20:21-21:6 | 401/402, 403, E, F | | | | |
| 21:8-11 | E | | | | |
| 21:13-15 | E | | | | |
| 21:17-19 | H, 401/402, 403, E, F | | | | |
| 21:23-22:9 | 401/402, 403, E, F | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 22:20-23:14 | 401/402, 403, F | | | | |
| 23:16-17 | 401/402, 403, F, 106 | 23:19; 23:21-23 | Not Proper Counter/Beyond Scope of Designation | 23:25-24:3; 24:6-24:15 | MIS, CS |
| 24:16-25:17 | 401/402, F | | | | |
| 25:20-26:3 | 401/402, F | | | | |
| 26:5-7 | 401/402, F | | | | |
| 26:10-17 | 401/402, F | | | | |
| 26:19-21 | 401/402 | | | | |
| 26:23-27:11 | 401/402, 403 | | | | |
| 27:13-19 | 401/402 | | | | |
| 27:22-28:2 | 401/402 | | | | |
| 28:4-13 | 401/402, F | | | | |
| 28:20-22 | H, 401/402, F | | | | |
| 28:25-29:16 | H, 401/403 | | | | |
| 29:19-30:3 | | | | | |
| 30:11-12 | | | | | |
| 30:16-24 | | | | | |
| 31:1-2 | | | | | |
| 31:5-7 | | | | | |
| 31:18-20 | | | | | |
| 31:23-32:5 | F, S, V/A | | | | |
| 32:7-12 | E, S, V/A, C | | | | |
| 32:15-33:12 | E, S, V/A, C | | | | |
| 33:14-17 | E, S, V/A, C | | | | |
| 33:21-34:11 | E, S, V/A, C | | | | |
| 34:13-23 | | | | | |
| 35:4-10 | | | | | |
| 36-3 | V/A | | | | |
| 36:5-19 | V/A | | | | |
| 36:21-22 | V/A | | | | |
| 36:24-37:8 | V/A | | | | |
| 37:18-38:17 | F | | | | |
| 38:19-39:2 | | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 39:4-5 | | | | | |
| 39:8-12 | | | | | |
| 38:20-22 | | | | | |
| 38:25-40:7 | V/A, F | | | | |
| 40:9-10 | | | | | |
| 40:13-20 | E, S, V/A | | | | |
| 40:24-41:17 | | | | | |
| 41:19-46:2 | | | | | |
| 46:11-13 | V/A | | | | |
| 46:16-18 | V/A | | | | |
| 46:20-47:2 | F, V/A | | | | |
| 47:5-9 | F, V/A | | | | |
| 47:11-12 | F, S | | | | |
| 47:16-24 | F, S | | | | |
| 48:1-3 | F, V/A, S | | | | |
| 48:6-16 | F, V/A, S | | | | |
| 48:19-49:1 | F, V/A/, S | | | | |
| 49:3-19 | F, V/A | | | | |
| 49:22-25 | F, V/A | | | | |
| 50:2-8 | F, V/A | | | | |
| 50:11-19 | F, V/A | | | | |
| 50:21-23 | V/A, C | | | | |
| 50:25-51:3 | V/A, COM | | | | |
| 51:5-7 | COM | | | | |
| 51:10-25 | COM | | | | |
| 52:2-11 | F, V/A | | | | |
| 52:13-24 | F, V/A | | | | |
| 53:1-8 | HYPO, V/A | | | | |
| 53:11-14 | HYPO, V/A | | | | |
| 53:16 | V/A | | | | |
| 53:18-19 | V/A | | | | |
| 54:2-9 | E, S, HYPO, COM, V/A | | | | |
| 54:13-15 | E, S, HYPO, COM, V/A | | | | |
| 54:17-18 | MIS | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 54:20-22 | MIS | | | | |
| 54:24-55:4 | F, V/A, COM | | | | |
| 55:7-12 | F, V/A, COM | | | | |
| 55:14-18 | MIS, AA | | | | |
| 55:21-56:4 | MIS, AA | | | | |
| 56:7-15 | MIS, AA | | | | |
| 56:24-57:3 | F, CS, V/A | | | | |
| 57:5-10 | F, CS, V/A | | | | |
| 57:14-25 | AFN | | | | |
| 58:2-4 | AFN | | | | |
| 58:6-7 | V/A, S | | | | |
| 58:9-13 | V/A | | | | |
| 58:15-16 | F, S | | | | |
| 58:18-19 | F, S | | | | |
| 58:21-22 | V/A, AFN | | | | |
| 58:25-59:2 | V/A, AFN | | | | |
| 59:4-11 | F, CS | | | | |
| 59:14-18 | F, CS | | | | |
| 60:2-4 | F, CS | | | | |
| 60:7-13 | F, HYPO | | | | |
| 60:15-16 | V/A, COM, S, CS | | | | |
| 60:18-21 | V/A, COM, CS | | | | |
| 60:23-24 | AFN, CS, V/A | | | | |
| 61:1-3 | AFN, CS, V/A | | | | |
| 61:5-6 | AFN, CS, V/A | | | | |
| 61:8-12 | AFN, CS, V/A | | | | |
| 61:14 | CS, V/A | | | | |
| 61:16-20 | CS, V/A | | | | |
| 61:24-25 | V/A, MIS, HYPO | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 62:4-10 | V/A, MIS, HYPO | | | | |
| 62:21-24 | V/A, CS, HYPO | | | | |
| 63:2-5 | V/A, CS, HYPO | | | | |
| 63:7-64:2 | V/A, CS, HYPO | | | | |
| 64:5-22 | V/A, CS | | | | |
| 64:24-65:1 | V/A, CS, HYPO | | | | |
| 65:4-11 | V/A, CS, HYPO | | | | |
| 65:13-15 | AA | | | | |
| 65:17-23 | AA | | | | |
| 65:25-66:2 | AA, HYPO, CS | | | | |
| 66:5-13 | AA, HYPO, CS | | | | |
| 66:15-19 | CS, HYPO | | | | |
| 66:22-67:1 | CS, HYPO | | | | |
| 67:3-5 | AA | | | | |
| 67:7-12 | AA | | | | |
| 67:14-16 | V/A, F | | | | |
| 67:18-68:8 | V/A, F | | | | |
| 68:10-12 | AA, V/A | | | | |
| 68:15-18 | AA, V/A | | | | |
| 68:20 | AA, V/A | | | | |
| 68:23-69:1 | AA, V/A | | | | |
| 69:18-20 | V/A, AA | | | | |
| 69:23-70:2 | V/A, AA | | | | |
| 70:4-9 | S, V/A | | | | |
| 70:18-71:14 | F, V/A, HYPO, COM | | | | |
| 71:17-21 | F, V/A, HYPO, COM | | | | |
| 71:23-72:4 | V/A, HYPO | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 72:7-10 | V/A, HYPO | | | | |
| 72:12-13 | AA, V/A, CS, HYPO | | | | |
| 72:17-20 | AA, V/A, CS, HYPO | | | | |
| 72:22-23 | HYPO | | | | |
| 73:1-4 | HYPO | | | | |
| 73:6-11 | MIS | | | | |
| 73:15-74:7 | | | | | |
| 74:14-24 | | | | | |
| 75:7-16 | F | | | | |
| 75:18-21 | F | | | | |
| 75:23-76:20 | V/A | | | | |
| 76:22-77:2 | V/A | | | | |
| 77:4-8 | | | | | |
| 77:12-15 | | | | | |
| 77:19-22 | | | | | |
| 77:24-78:8 | | | | | |
| 78:10-18 | V/A, F, CS | | | | |
| 78:21-24 | V/A, F, CS | | | | |
| 79:1-2 | S, F | | | | |
| 79:4-7 | S, F | | | | |
| 79:9-14 | MIS | | | | |
| 79:17-20 | MIS | | | | |
| 79:22-24 | S, AA | | | | |
| 80:2-10 | S, AA | | | | |
| 80:12-13 | CS, AA | | | | |
| 80:16-22 | CS, AA | | | | |
| 80:24-81:2 | F, CS | | | | |
| 81:4-10 | F, CS | | | | |
| 81:12-13 | MIS, AFN, AA | | | | |
| 81:16-82:1 | MIS, AFN, AA | | | | |
| 82:3-18 | COM, V/A, S | | | | |
| 82-21-83:3 | COM, V/A, S | | | | |

51

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 83:8-84:5 | AFN, F, S | | | | |
| 84:8-13 | AFN, F, S | | | | |
| 84:15-23 | F, CS, S | | | | |
| 85:1-9 | F, CS, S | | | | |
| 85:11-12 | CS, F, HYPO, V/A, S | | | | |
| 85:16-20 | CS, F, HYPO, V/A, S | | | | |
| 85:22-24 | AFN, V/A | | | | |
| 86:2-5 | AFN, V/A | | | | |
| 86:7-12 | PRIV regarding clawed-back documents | | | | |
| 87:14-23 | | | | | |
| 88:6-24 | AFN, F, S, CS | | | | |
| 89:3-8 | AFN, F, S, CS | | | | |
| 89:10-11 | V/A, CS, F | | | | |
| 89:14-18 | V/A, CS, F | | | | |
| 90:1-2 | V/A | | | | |
| 90:4-7 | V/A | | | | |
| 90:9-10 | S | | | | |
| 90:12-17 | S | | | | |
| 90:21-23 | | | | | |
| 91:2-92:2 | | | | | |
| 92:6-7 | | | | | |
| 92:11-24 | V/A | | | | |
| 93:1-16 | V/A | | | | |
| 93:18-25 | | | | | |
| 94:4-95:2 | MIS, F | | | | |
| 95:6-8 | MIS, F | | | | |
| 95:10-20 | F | | | | |
| 95:23-24 | F | | | | |
| 96:1-13 | AFN | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 96:15-23 | AFN | | | | |
| 97:2-7 | | | | | |
| 97:17-24 | MIS, AFN, F, CS, S | | | | |
| 98:3-7 | MIS, AFN, F, CS, S, 106 | 98:9-10; 98:12-13 | 98:12-13: Speculation | | |
| 98:15-21 | CS, F, S, document speaks for itself | | | | |
| 98:25-99:7 | CS, F, S, document speaks for itself | | | | |
| 99:10-100:8 | F, COM, | | | | |
| 100:10-24 | F, COM | | | | |
| 101:1-10 | F, AFN, CS | | | | |
| 101:13-102:3 | F, AFN, CS | | | | |
| 102:15-22 | | | | | |
| 103:1-104:8 | F, COM, 106 | 104:9-18 | 104:16-18: Not Proper Counter/Beyond Scope of Designation | | |
| 104:19-105:20 | 106 | 104:9-18 | | | |
| 106:4-107:19 | HYPO, CS | | | | |
| 107:22-24 | HYPO, CS | | | | |
| 108:1-23 | V/A, AFN | | | | |
| 109:3-111:13 | | | | | |
| 111:17-117:18 | V/A | | | | |
| 117:22-120:24 | | | | | |
| 121:3-19 | V/A, CS | | | | |
| 121:22-122:3 | V/A, CS | | | | |
| 122:6-11 | MIS, AFN, F, CS | | | | |
| 122:15-123:6 | MIS, F, CS, S, AFN | | | | |
| 123:9-13 | F, CS, S, A/V | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 123:15-16 | COM, AFN | | | | |
| 123:19-23 | COM, AFN | | | | |
| 123:25-124:2 | COM, V/A, S | | | | |
| 124:5-12 | COM, V/A, S | | | | |
| 124:14-16 | MIS, document speaks for itself, F, AFN, 403 | | | | |
| 124:20-25 | MIS, document speaks for itself, F, AFN, 403 | | | | |
| 125:4-126:2 | | | | | |
| 126:12-17 | V/A, F, 106 | 126:18-20 | | | |
| 126:24-127:3 | | | | | |
| 127:11-19 | F | | | | |
| 127:21-25 | F, 106 | 128:1-6 | Nonresponsive | | |
| 128:14-20 | | | | | |
| 128:25-131:5 | | | | | |
| 131:14-132:24 | | | | | |
| 133:3-136:22 | V/A | | | | |
| 136:25-138:2 | | | | | |
| 138:21-140:11 | | | | | |
| 140:18-141:20 | COM, AFN | | | | |
| 141:24-143:18 | V/A, HYPO | | | | |
| 143:21-144:3 | V/A, HYPO | | | | |
| 144:5-8 | COM, V/A, F | | | | |
| 144:10-16 | COM, V/A, F | | | | |
| 144:18-147:8 | COM, MIS | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 147:11-16 | MIS | | | | |
| 147:18-19 | A/V | | | | |
| 147:21-23 | V/A | | | | |
| 147:25-148:17 | V/A, F, CS, 106 | 149:13-150:19 | Not Proper Counter/Beyond Scope of Designation | | |
| 151:14-152:7 | AFN, V/A, F, H | | | | |
| 152:10-12 | AFN, V/A, F, H | | | | |
| 152:14-153:7 | V/A, document speaks for itself, MIS, H | | | | |
| 153:10-17 | V/A, document speaks for itself, MIS, H | | | | |
| 153:19-154:1 | MIS, document speaks for itself, V/A, H, 401/402 | | | | |
| 154:4-7 | MIS, document speaks for itself, V/A, H, 401/402 | | | | |
| 154:9-156:13 | document speaks for itself, V/A, H, 401/402 | | | | |
| 156:15-21 | document speaks for itself, V/A, H, 401/402 | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 156:23-162:15 | V/A, H, 401/402, COM | | | | |
| 162:17-163:1 | V/A, H, 401/402, COM | | | | |
| 163:3-4 | V/A, H, 401/402, HYPO | | | | |
| 163:8-9 | V/A, H, 401/402, HYPO | | | | |
| 163:13-25 | F, document speaks for itself, 401/402, H | | | | |
| 164:3-7 | F, document speaks for itself, 401/402, H | | | | |
| 164:9-165:5 | V/A, COM, F, document speaks for itself, H | | | | |
| 165:8-20 | V/A, COM, F, document speaks for itself, H | | | | |
| 165:22-24 | V/A, F, document speaks for itself | | | | |
| 166:2-6 | V/A, F, document speaks for itself | | | | |
| 166:8-22 | V/A, F, 401/402 | | | | |
| 166:24-167:11 | V/A, F, 401/402 | | | | |
| 167:13-25 | AFN, F, CS, H | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 168:5-9 | AFN, F, CS, H | | | | |
| 168:11-12 | V/A, E, S | | | | |
| 168:15-169:15 | V/A, E, S | | | | |
| 169:17-170:8 | H, E, LC | | | | |
| 170:12-22 | F | | | | |
| 170:24-171:3 | F | | | | |
| 171:5-6 | V/A, S | | | | |
| 171:8-9 | V/A, S | | | | |
| 171:11-172:16 | CS, HYPO, V/A, H, | | | | |
| 172:19-173:2 | CS, HYPO, V/A, H | | | | |
| 173:4-11 | CS, HYPO, V/A, H | | | | |
| 173:15-174:12 | V/A, 401/402 | | | | |
| 174:14-22 | AA, V/A, 401/402 | | | | |
| 174:24-175:1 | AA | | | | |
| 175:3-13 | AA | | | | |
| 175:15-17 | AA, AFN | | | | |
| 175:20-25 | AA, AFN | | | | |
| 176:2-8 | F, S | | | | |
| 176:11-15 | F, S | | | | |
| 176:17-178:7 | V/A, CS, HYPO, S | | | | |
| 178:10 | V/A, CS, HYPO, S | | | | |
| 178:13-23 | V/A, CS, HYPO, S | | | | |
| 179:2-18 | CS, F, S, H | | | | |
| 179:21-180:1 | CS, F, S, H | | | | |
| 180:3-4 | F, document speaks for itself, CS | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 180:7-13 | F, document speaks for itself, CS | | | | |
| 180:17-181:9 | | | | | |
| 181:11-17 | | | | | |
| 182:4-16 | 401/402/403 | | | | |
| 182:21-186:10 | | | | | |
| 187:1-188:1 | | | | | |
| 188:4-15 | | | | | |
| 188:17-21 | | | | | |
| 188:24-189:8 | | | | | |
| 189:10-19 | HYPO, AFN, S, V/A, CS | | | | |
| 189:22-190:2 | HYPO, AFN, S, V/A, CS | | | | |
| 190:4-5 | V/A | | | | |
| 190:7-13 | V/A | | | | |
| 190:17-191:16 | | | | | |
| 191:19-193:3 | | | | | |
| 193:5-14 | | | | | |
| 193:16-194:9 | 401/402, 403 | | | | |
| 194:11-15 | 401/402, 403 | | | | |
| 194:17-20 | | | | | |
| 194:24-195:14 | 403, AFN, H | | | | |
| 195:16-24 | 403, AFN, H | | | | |
| 196:1:10 | V/A, 401/402 | | | | |
| 196:12-13 | V/A, 401/402 | | | | |
| 196:15-197:3 | V/A, 401/402, H, CS | | | | |
| 197:8-198:9 | | | | | |
| 199:1-8 | F, S, H, 403 | | | | |
| 199:12-23 | F, S, H, 403 | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 199:24-200:1 | CS, HYPO, H | | | | |
| 200:4-11 | CS, HYPO, H | | | | |
| 200:15-201:2 | | 201:4-5 | | | |
| 201:7-19 | F | | | | |
| 201:23-202:1 | F, 106 | | | | |
| 202:5-19 | 106 | 203:6 (at "Earlier..")-16; 203:18-204:3; 204:5-14 | All: Not Proper Counter/Beyond Scope of Designation<br><br>203:15-16: Leading 204:1-3: Leading 204:11-14: Relevance | | |
| 204:21-205:7 | | | | | |
| 205:9-18 | | | | | |
| 205:20-21 | | | | | |
| 205:23-206:4 | 106 | 206:6-24 | All: Not Proper Counter/Beyond Scope of Designation<br><br>206:22-14: Nonresponsive | | |

**Rangarajan Raghuram - November 26, 2019**

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 8:16-17 | | | | | |
| 8:22 | | | | | |
| 10:24-11:9 | 106 | 11:10-18 | | | |
| 11:24-12:12 | 106 | 12:13 | | | |
| 12:14-18 | 106 | 12:13 | | | |
| 12:21-13:6 | | | | | |
| 13:9-10 | | | | | |
| 13:13-14:12 | 106 | 14:13-14 | | | |
| 14:15-15:1 | 106 | 14:13-14 | | | |
| 15:3-17 | | | | | |
| 15:20-16:19 | | | | | |
| 16:21-17:25 | 401/402, 403 | | | | |
| 18:3-6 | V/A | | | | |
| 18:9-25 | V/A, 401/402, 403, H, F | | | | |
| 19:5-7 | V/A, 401/402, 403, H, F | | | | |
| 19:10-20:22 | V/A, 401/402, 403, H, F | | | | |
| 20:24-21:8 | V/A, 401/402, 403, H, F, MIS | | | | |
| 21:10-22:4 | V/A, 401/402, 403, H, F | | | | |
| 22:7-13 | V/A, 401/402, 403, H, F | | | | |
| 22:15-22 | V/A, 401/402, 403, H, F | | | | |
| 22:24-23:18 | V/A, 401/402, 403, H, F | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 23:20-23 | V/A, 401/402, 403, H, F | | | | |
| 23:25-24:3 | MIS, 403, 401/402, F, V/A | | | | |
| 24:7-8 | V/A, 401/402, 403, H, F | | | | |
| 24:10-15 | V/A, 401/402, 403, H, F | | | | |
| 24:17-20 | V/A, 401/402, 403, F | | | | |
| 24:22-25:2 | V/A, 401/402, 403, H, F | | | | |
| 25:4-8 | V/A, 401/402, 403, F, H | | | | |
| 25:10 | V/A, 401/402, 403, F | | | | |
| 25:15-26:10 | V/A, 401/402, 403, 106 | 25:11-14 | | | |
| 26:12-18 | V/A, 401/402, 403 | | | | |
| 26:20-25 | V/A, 401/402, 403 | | | | |
| 27:19-25 | | | | | |
| 28:2-12 | | | | | |
| 28:14-18 | 106 | 28:13 | Relevance | | |
| 28:25-29:5 | V/A | | | | |
| 29:7-15 | V/A, 403 | | | | |
| 29:18-22 | | | | | |
| 30:1-2 | F, V/A, 403, MIS | | | | |
| 30:5-17 | F, V/A, 403, F, | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| | MIS | | | | |
| 30:19 | | | | | |
| 30:21-31:1 | V/A | | | | |
| 31:3-25 | | | | | |
| 32:12-24 | | | | | |
| 33:2-21 | | | | | |
| 34:2-36:12 | | | | | |
| 36:22-23 | PRIV | | | | |
| 37:7 | | | | | |
| 37:14-38:3 | | | | | |
| 38:8-12 | | | | | |
| 38:15-16 | | | | | |
| 38:18-20 | | 38:17 | Relevance; attorney speaking | | |
| 38:22-40:19 | V/A | | | | |
| 40:21-24 | | | | | |
| 41:2-42:-12 | V/A, F | | | | |
| 42:14-17 | | | | | |
| 42:20-22 | | | | | |
| 42:25-43:5 | V/A, 106 | 42:23-24 | Non-responsive | | |
| 43:7-10 | | | | | |
| 43:14-16 | 106 | 43:17-18 | Relevance | | |
| 43:19-44:1 | V/A, F | | | | |
| 44:3-17 | V/A | | | | |
| 44:19-20 | V/A | | | | |
| 44:22-45:11 | | | | | |
| 45:14-15 | | | | | |
| 45:17 | 106 | 45:18 | Relevance; non-responsive | | |
| 45:19-21 | | | | | |
| 45:24-46:3 | V/A, F | | | | |
| 46:5-20 | V/A, F | | | | |
| 46:22-48:8 | V/A | | | | |
| 48:10-15 | V/A | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 48:17-19 | | | | | |
| 48:24-49:5 | F | | | | |
| 49:7-13 | F | | | | |
| 49:15-20 | F | | | | |
| 49:22-25 | | | | | |
| 50:10-13 | | | | | |
| 50:23-24 | | | | | |
| 51:2-3 | | | | | |
| 51:17-21 | V/A | | | | |
| 52:4-7 | | | | | |
| 52:12-13 | | | | | |
| 52:17-25 | | | | | |
| 53:2-4 | V/A, F, LC, 403 | | | | |
| 53:6-10 | | | | | |
| 53:12-13 | | | | | |
| 53:15-23 | | | | | |
| 54:5 | | | | | |
| 54:7-20 | 403, LC, V/A, F, CS, 106 | 54:21-23 | | | |
| 54:24-55:13 | 403, LC, V/A, F, CS | | | | |
| 55:16-22 | V/A | | | | |
| 55:25-56:1 | | | | | |
| 56:6-7 | F, V/A | | | | |
| 56:9-14 | V/A, F | | | | |
| 56:16-58:3 | V/A, AFN, F, CS | | | | |
| 58:6-8 | V/A, AFN, F, 403 | | | | |
| 58:11-59:24 | V/A, F, CS, 403 | | | | |
| 60:2-3 | | | | | |
| 60:10-13 | 106 | 60:14-15 | | 60:16 | |
| 60:17-18 | | | | | |
| 60:22-61:11 | | | | | |
| 61:13-14 | | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 61:16-20 | | | | | |
| 61:22-62:5 | | | | | |
| 62:8-12 | V/A, LC, 403 | | | | |
| 62:16-18 | MIS, V/A | | | | |
| 62:21-63:1 | V/A, F, 401/402, 403 | | | | |
| 63:3-13 | 403, LC, V/A, F, CS | | | | |
| 64:3-17 | LC, F, 403, 106 | 63:14-64:2 | Nonsensical designation | 63:15-64:2 | |
| 64:22-65:4 | V/A | | | | |
| 65:6-13 | | | | | |
| 65:15-68:18 | V/A, LC, F, CS, 401/402, 403 | | | | |
| 68:24-25 | | | | | |
| 69:6-71:4 | V/A, 401/402, 403, AFN, F, 106 | 69:1-5 | Relevance; attorney speaking | | |
| 71:18-19 | | | | | |
| 71:22-72:7 | V/A, AFN, F, MIS, 106 | 71:20-21; 72:8 | Relevance; attorney speaking | | |
| 72:16-24 | F, MIS, V/A | | | | |
| 73:2 | | | | | |
| 73:9-11 | | | | | |
| 73:15-19 | 106 | 73:20 | | | |
| 73:21-74:2 | F, V/A | | | | |
| 74:4-15 | V/A, F | | | | |
| 74:17-19 | | | | | |
| 74:22-75:5 | | | | | |
| 75:7-12 | | | | | |
| 75:18-23 | | | | | |
| 76:1-3 | | | | | |
| 76:6-12 | 106 | 77:8-10 | Not proper counter | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 76:19-77:4 | 106 | 76:13-18; 77:5; 77:8-10 | | | |
| 77:6-7 | | | | | |
| 77:13-14 | | | | | |
| 77:18-78:4 | F, V/A | | | | |
| 78:6-79:22 | V/A, AFN, F | | | | |
| 79:25-80:4 | | | | | |
| 80:7-81:1 | | | | | |
| 81:4-5 | V/A | | | | |
| 81:7-13 | | | | | |
| 81:15-82:2 | | | | | |
| 82:8-83:2 | V/A, F | | | | |
| 83:4-8 | ARG, 403, 401/402 | | | | |
| 83:10-19 | V/A, F | | | | |
| 83:23-25 | | | | | |
| 84:3-9 | | | | | |
| 84:14-85:11 | 106 | 84:10-13 | | | |
| 85:13-87:7 | | | | | |
| 87:11-22 | 401/402, 403 | | | | |
| 88:3-4 | | | | | |
| 88:8-15 | | | | | |

**Monica Sharma - November 22, 2019**

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| | | | | | |
| 5:9-11 | | | | | |
| 7:9-11 | | | | | |
| 8:20-23 | | | | | |
| 10:12-11:9 | F, V/A | | | | |
| 11:12-17 | F, V/A | | | | |
| 11:23-12:11 | F, 106 | 12:12-20 | Nonresponsive | | |
| 12:21-13:4 | F, V/A | | | | |
| 13:18-14:8 | | | | | |
| 15:17-18:22 | | | | | |
| 19:2-20:10 | 106 | 20:11-13 | | | |
| 20:14-21:25 | | | | | |
| 22:17-22 | V/A | | | | |
| 22:25-23:15 | V/A | | | | |
| 24:17-23 | | | | | |
| 25:3-13 | | | | | |
| 25:23-26:14 | | | | | |
| 26:17-27:24 | F, CS | | | | |
| 28:1-11 | CS | | | | |
| 28:20-29:3 | | | | | |
| 29:7-9 | 106 | 29:10-14 | | | |
| 29:15-31:6 | CS | | | | |
| 31:8-9 | CS | | | | |
| 31:11-33:10 | F, CS | | | | |
| 33:14-34:5 | F, CS, 106 | 34:6-22 | | | |
| 34:23-35:16 | | | | | |
| 35:23-36:2 | 106 | 36:3-7 | | | |
| 36:17-37:19 | | | | | |
| 37:21-41:5 | F, CS | | | | |
| 41:22-24 | | | | | |
| 42:1 | | | | | |
| 42:4-43:16 | V/A, F, CS | | | | |
| 43:19-44:5 | F, CS | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 44:9-10 | V/A, F, CS | | | | |
| 44:12-44:18 | V/A, F, CS | | | | |
| 44:20-46:11 | | | | | |
| 46:19-47:22 | | | | | |
| 48:13-49:4 | | | | | |
| 49:11-52:5 | F | | | | |
| 52:15-18 | F | | | | |
| 52:21 | | | | | |
| 52:23-53:1 | F | | | | |
| 53:4-5 | F, 602 | | | | |
| 53:7-11 | F, 602 | | | | |
| 53:18-54:13 | | | | | |
| 54:22-23 | V/A, F, CS | | | | |
| 54:25-55:6 | V/A, F, CS | | | | |
| 55:15-25 | | | | | |
| 56:13-58:9 | F, COM, H | | | | |
| 58:12-21 | F, COM, H | | | | |
| 58:23-59:3 | H, 106 | 59:4-19 | Not Proper Counter/Beyond Scope of Designation | | |
| 59:24-60:6 | H, 106 | 60:7-23; 61:3-19 | | 60:24-61:2 | H |
| 61:22-62:1 | V/A, CS, hearsay | | | | |
| 62:11-64:22 | 106 | 64:23-65:4 | | | |
| 65:11-66:21 | F, CS | | | | |
| 66:24-68:15 | F, CS | | | | |
| 68:18-25 | F, CS, 106 | 69:2-8; 69:11-70:24 | Nonresponsive; 403-wasting time Relevance | | |
| 73:7-15 | 106 | 73:16-18 | 403-cumulative | | |
| 73:19-74:8 | | | | | |
| 75:3-77:5 | F, CS | | | | |
| 77:18-79:14 | F, CS | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 79:17-23 | F, CS | | | | |
| 80:1-81:1 | F, CS | | | | |
| 81:20-25 | 106 | 81:10-19 82:1-4 | Not Proper Counter/Beyond Scope of Designation | | |
| 83:8-83:17 | | | | | |
| 85:8-21 | | | | | |
| 86:3-88:5 | F, CS | | | | |
| 88:12-90:6 | F, CS | | | | |
| 90:14-93:11 | F, CS, V/A | | | | |
| 93:14-18 | F, CS, V/A | | | | |
| 93:20-23 | F, CS, V/A | | | | |
| 93:14-18 | F, CS, V/A | | | | |
| 93:20-23 | F, CS, V/A | | | | |
| 94:7-15 | F, CS, V/A | | | | |
| 94:17-97:11 | CS | | | | |
| 100:10-100-21 | V/A | | | | |
| 100:24-101:13 | V/A | | | | |
| 101:20-24 | | | | | |
| 102:7-23 | F, CS | | | | |
| 103:17-104:10 | | | | | |
| 104:23-105:19 | | | | | |
| 106:4-12 | F, CS | | | | |
| 106:17-19 | F, CS | | | | |
| 106:21-108:17 | | | | | |
| 109:1-3 | F, CS | | | | |
| 109:5-7 | F, CS | | | | |
| 109:9-15 | F, CS | | | | |
| 109:18-20 | F, CS | | | | |
| 109:22-110:15 | 106 | 110:16-111:5 | 110:21-22: not proper counter; | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| | | | attorney speaking | | |
| 111:20-23 | | | | | |
| 112:16-113:6 | | | | | |
| 113:25-114:15 | | | | | |
| 114:17-116:10 | V/A, F, CS | | | | |
| 116:13-117:4 | V/A, F, CS | | | | |
| 117:6-118:15 | | | | | |
| 118:23-119:7 | | | | | |
| 123:19-124:3 | | | | | |
| 124:8-125:1 | | | | | |
| 125:12-127:7 | | | | | |
| 127:9-11 | | | | | |
| 128:9-129:1 | | | | | |
| 129:2-14 | | | | | |
| 129:17-131:1 | | | | | |
| 131:4-22 | F, CS | | | | |
| 132:5-14 | | | | | |
| 133:24-135:22 | F, CS | | | | |
| 135:25-136:2 | F, CS | | | | |
| 136:4-137:6 | F, CS | | | | |
| 137:20-138:7 | | | | | |
| 138:17-139:10 | | | | | |
| 139:20-140:21 | | | | | |
| 141:1-20 | 106 | 140:22-25; 141:21-142:1, 142:9-143:1 | 142:14-15: not proper counter; attorney speaking<br><br>142:9-143:1: Not Proper Counter/Beyo | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| | | | nd Scope of Designation | | |
| 143:3-8 | V/A | | | | |
| 143:10-13 | V/A | | | | |
| 143:15-24 | | | | | |
| 144:8-18 | | | | | |
| 144:22-145:1 | | | | | |
| 145:3-12 | CS | | | | |
| 145:17-146:3 | | | | | |
| 147:1-149:5 | CS | | | | |
| 149:21-24 | AA; CS, 106 | 149:13-19 | 149:17-18: not proper counter; attorney speaking | | |
| 150:2-6 | AA; CS | | | | |
| 150:10-153:7 | CS | | | | |
| 153:10-155:3 | | | | | |
| 155:10-157:6 | | | | | |
| 157:22-158:15 | | | | | |
| 158:18-159:1 | | | | | |
| 160:21-24 | | | | | |
| 161:5-10 | 106 | 161:11-163:14 | Not Proper Counter/Beyond Scope of Designation | | |

**Alex Wang - November 11, 2019**

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 5:5-5:9 | | | | | |
| 28:11-13 | 106 | 28:14-17; 29:6-8 | 28:14-17 Not proper counter | | |
| 28:18-29:1 | 106 | 28:14-17; 29:6-8 | 28:14-17 Not proper counter | | |
| 29:9-19 | | | | | |
| 30:1-12 | 106 | 39:22-40:7 | Not proper counter | | |
| 40:19-24 | 106 | 40:18 | Not proper counter | | |
| 44:8-23 | V/A | | | | |
| 44:25-45:5 | V/A | | | | |
| 45:7-46:4 | V/A | | | | |
| 46:8-24 | V/A | | | | |
| 47:2-8 | V/A | | | | |
| 47:23-25 | F | | | | |
| 48:3-15 | F | | | | |
| 48:18-49:2 | | | | | |
| 49:4-18 | F | | | | |
| 49:25-50:1 | V/A | | | | |
| 50:4-20 | V/A | | | | |
| 61:14-16 | | | | | |
| 62:2-9 | | | | | |
| 62:11-13 | | | | | |
| 62:15-16 | | | | | |
| 62:19-22 | | | | | |
| 76:23-77:2 | 106 | 78:4-20; 78:24-79:1; 80:2-3; 80:7-8; 80:10-12; 80:16-23; 110:21-24 | 78:4-20 Not proper counter; 78:24-79:1 Not proper counter; 80:2-3 Not proper counter, Vague, | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| | | | Ambiguous, Calls for legal conclusion; 80:7-8 Not proper counter, Vague, Ambiguous, Calls for legal conclusion; 80:10-12 Not proper counter, Vague, Ambiguous, Calls for legal conclusion; 80:16-23 Not proper counter, Vague, Ambiguous, Calls for legal conclusion | | |
| 80:25-81:1 | | | | | |
| 81:3 | | | | | |
| 81:5-82:4 | 106 | 82:5-83:25; 84:2-8; 85:12-15; 85:18-86:1; 89:1-2; 89:5-14 | 82:5-83:25 Not proper counter, Lack of personal knowledge, Speculation; 84:2-8 Not proper counter, Lack of personal knowledge, speculation; 85:12-15 Not proper counter, Lack of personal | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| | | | knowledge, Speculation; 89:1-2 Not proper counter; 89:5-14 Not proper counter | | |
| 88:2-4 | | | | | |
| 88:7-11 | | | | | |
| 88:13-25 | | 89:1-2; 89:5-14 | 89:1-2 Not proper counter; 89:5-14 Not proper counter | | |
| 90:22-91:4 | V/A | | | | |
| 91:7-11 | V/A | | | | |
| 91:13-15 | V/A | | | | |
| 91:17-92:17 | V/A, 106 | 92:25-93:2; 93:6-11; 93:13-15; 93:17-21; 93:25-94:2; 94:5-18; 106:22-25; 107:4-17; 205:24-206:3; 206:8-19; 206:21-23; 207:1-5; 207:7-8; 207:11-16; 207:18-208:14; 208:18-209:2 | 206:8-19 Asked and answered; 206:21-23; 207:1-5 Nonresponsive; 207:11-16 Nonresponsive | | |
| 94:24-95:4 | V/A | | | | |
| 95:8-19 | V/A | | | | |
| 97:23-98:2 | V/A, 401/402 | | | | |
| 98:4-14 | V/A, 401/402 | | | | |
| 103:19-105:21 | | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 108:14-19 | V/A, F | | | | |
| 108:24-109:5 | V/A, F | | | | |
| 111:12-14 | V/A, F, 106 | 112:22-113:14; 113:16-20; 115:13-14; 115:16-20 | 112:22-113:14 Not best evidence; 113:16-20 Not best evidence; 115:16-20 Not best evidence | | |
| 111:17-22 | V/A, F, 106 | 112:22-113:14; 113:16-20; 115:13-14; 115:16-20 | 112:22-113:14 Not best evidence; 113:16-20 Not best evidence; 115:16-20 Not best evidence | | |
| 111:25-112:8 | V/A, F | | | | |
| 112:13-112:21 | 106 | 112:22-113:14; 113:16-20; 115:13-14; 115:16-20 | 112:22-113:14 Not best evidence; 115:16-20 Not best evidence | | |
| 116:25-117:1 | F | | | | |
| 117:4-9 | F | | | | |
| 117:11-12 | F; 602 | | | | |
| 117:14-21 | F; 602 | | | | |
| 119:3-5 | 106 | 211:6-18; 211:21 | Not proper counter | | |
| 119:8-13 | 106 | 211:6-18; 211:21 | Not proper counter; Improper summary; Mischaracterizes testimony; Prejudicial | | |
| 119:18-120-9 | | | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 120:11-19 | F | | | | |
| 120:24-121:5 | F | | | | |
| 121:7-17 | F | | | | |
| 121:19-23 | V/A, 106 | 122:5-8 | Nonresponsive | | |
| 122:1 | 106 | 122:5-8 | Nonresponsive | | |
| 123:4-124:25 | | | | | |
| 126:5-126:7 | V/A, 106 | 127:12-15; 127:18-25; 128:18-20; 128:22-129:2; 129:4-130:6 | Speculation | | |
| 126:11-16 | V/A, 106 | 127:12-15; 127:18-25; 128:18-20; 128:22-129:2; 129:4-130:6 | Speculation | | |
| 143:9-10 | | | | | |
| 143:23-144:2 | 106 | 143:21-22 | | | |
| 144:5-13 | 106 | 143:21-22 | | | |
| 144:17-20 | 106 | 143:21-22 | | | |
| 144:22-23 | 106 | 143:21-22 | | | |
| 144:25-145:12 | | | | | |
| 152:16-17 | 106 | 152:21-25 | | | |
| 156:25-159:3 | V/A | 163:10-18 | | | |
| 159:6-163:9 | V/A | 163:10-18 | | | |
| 167:13-14 | | | | | |
| 169:7-18 | V/A | | | | |
| 169:21-24 | V/A | | | | |
| 170:1-13 | 106 | 170:14-19 | Speculative | | |
| 170:20-21 | 106 | 171:10-12; 171:15-172:6 | | | |
| 170:24-171:2 | 106 | 171:10-12; 171:15-172:6 | | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| 171:4-9 | 106 | 171:10-12; 171:15-172:6 | | | |
| 173:3-8 | 106 | 210:11-211:18; 211:21; 212:3-13 | 210:11-211:18 Nonresponsive, Speculative, Assumes facts, Incomplete hypothetical, Not proper counter; 211:21 Not proper counter; 212:3-13 Incomplete | | |
| 173:19-174:2 | 106 | 174:3-7; 210:11-211:18; 211:21; 212:3-13 | 210:11-211:18 Nonresponsive, Speculative, Assumes facts, Incomplete hypothetical, Not proper counter; 211:21 Not proper counter; 212:3-13 Incomplete | | |
| 174:23-175:12 | 106 | 174:21-22; 175:13-21 | Not proper counter, Incomplete | | |
| 175:22-24 | 106 | 175:25-176:8 | Not proper counter, Incomplete | | |
| 176:9-16 | 106 | 176:17-18; 176:21-177:1 | 176:21-177:1 Speculative, | | |

| Densify's Designations | VMware's Objections | VMware's Counter Designations | Densify's Objections to Counter Designations | Densify's Counter-Counter Designation | VMware's Objections to Counter-Counters |
|---|---|---|---|---|---|
| | | | Not proper counter | | |
| 177:3-21 | | 210:11-211:18; 211:21; 212:3-13 | 211:18 Nonresponsive, Speculative, Assumes facts, Incomplete hypothetical, Not proper counter; 211:21 Not proper counter; 212:3-13 Incomplete, Not proper counter | | |
| 181:18-20 | | | | | |
| 182:3-20 | F, V/A | | | | |
| 182:24-183:6 | | | | | |
| 183:8-22 | F, V/A | | | | |
| 184:10-14 | V/A, 106 | 185:13-186:19 | | | |
| 184:17-21 | V/A, 106 | 185:13-186:19 | | | |
| 184:23-185:5 | V/A, 106 | 185:13-186:19 | | | |
| 185:8-11 | V/A, 106 | 185:13-186:19 | | | |
| 203:22-23 | F, 106 | 204:20-22; 204:24-205:2 | | | |
| 203:25-204:10 | F, 106 | 204:20-22; 204:24-205:2 | | | |
| 204:12-19 | F, 106 | 204:20-22; 204:24-205:2 | | | |
| 205:9-13 | | | | | |
| 209:4-6 | V/A; E | | | | |
| 209:9-17 | V/A; E | | | | |

# Exhibit 7

# VMWARE, INC'S DEPOSITION DESIGNATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CIRBA INC. (d/b/a DENSIFY)
and CIRBA IP, INC.,

               *Plaintiffs,*

    v.

VMWARE, INC.,

               *Defendant.*

C.A. No. 19-742-LPS

## EXHIBIT 7 - DEFENDANT'S DEPOSITION DESIGNATIONS

Dated: January 2, 2020

OF COUNSEL:

Arturo J. González
Michael A. Jacobs
Richard S. J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
agonzalez@mofo.com
mjacobs@mofo.com
rhung@mofo.com

Bita Rahebi
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
brahebi@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202-5638
(303) 592-2204
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for VMware, Inc.*

1

Defendant VMware identifies the following deposition designations which it plans to use in its case-in-chief.  VMware reserves the right to revise, amend, or supplement these designations as necessitated by the Court's pretrial or trial rulings; Cirba's trial designations, exhibits, or arguments; or to address any additional developments in the case.   VMware further reserves the right to provide designations for use in its rebuttal case and to use any portion of any deposition transcript for the purposes of impeachment.  All irrelevant and redundant material will be eliminated from the deposition designations below when the designations are read to or viewed by the jury.

**Defendant's Key to Objections to Counter-Designations**

| Code | Objection | Rule |
|------|-----------|------|
| F | Lacks foundation | Fed. R. Evid. 104, 602, 901(a) |
| H | Hearsay | Fed. R. Evid. 103(c), 801- 802 |
| 106 / IC | Incomplete | Fed. R. Evid. 106 |
| LC | Calls for legal conclusion | Fed. R. Evid. 103(c) |
| E or 701/702 | Calls for expert opinion, improper opinion testimony of a lay witness | Fed. R. Evid. 103(c), 701-702 |
| MIS | Misstates or mischaracterizes document or testimony | Fed. R. Evid. 103(c), 611(a) |
| 403 | Prejudicial (danger of unfair prejudice, confusion of the issues, or misleading the jury outweighs probative value) | Fed. R. Evid. 403 |
| CS | Calls for speculation/Speculation | Fed. R. Evid. 602, 701 |
| PRIV | Privileged | Fed. R. Evid. 501, 502; Fed. R. Civ. P. 26 |
| 401/402 | Relevance | Fed. R. Evid. 401-402 |
| ARG | Argumentative/Leading | Fed. R. Civ. P. 611(a); 611(c) |
| V/A | Vague and ambiguous or misleading | |
| COM | Compound | |
| AFN | Assumes facts not in evidence | |
| HYPO | Incomplete hypothetical | |
| 602 | Lack of personal knowledge | Fed. R. Evid. 602 |
| AA | Asked and answered | |
| S | Outside the scope of 30(b)(6) designation | |
| D | Duplicative/cumulative | |
| A / 901 | Lack of authentication or identification | Fed. R. Evid. 901-903 |

2

| 1002 | Not the best evidence | Fed. R. Evid. 1002 |
|---|---|---|
| 1006 / IS | Improper summary | Fed. R. Evid. 1006 |
| IMP | Improper counter designation | |

---

**Ray Boots (November 22, 2019)**

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 11:11-11:13 | | | | | |
| 12:16-12:19 | | | | | |
| 12:23-12:25 | | | | | |
| 13:9-13:17 | | | | | |
| 22:22-23:20 | | 22:1-22:19 | IMP | | |
| 28:5-28:8 | | | | | |
| 28:20-29:8 | | 26:25-27:7 | | | |
| 29:25-30:4 | | 29:10-29:24 | IMP | | |
| 51:10-52:6 | | | | | |
| 53:12-53:16 | | 53:19-53:21; 53:23-54:24 | IMP, 602 | | |
| 58:8-59:8 | Leading Vague | 56:3-56:10; 57:24-58:7 | | | |
| 67:10-67:12 | | 67:13-68:23 | IMP | | |
| 68:24-69:1 | | | | | |
| 69:8-69:23 | | 69:24-70:11 | IMP, 602 | | |
| 71:2-71:6 | Vague | | | | |
| 74:8-74:12 | | 73:15-74:4; 301:25-302:16 | IMP, 602 (73:15-74:4)<br><br>IMP, 602, 401/402 (301:25-302:16) | | |
| 86:6-86:12 | Vague Lack of Personal Knowledge | | | | |
| 86:14-86:25 | | | | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 87:17-87:20 | Misleading Misquoting the witness Lack of Personal Knowledge | | | | |
| 87:22-88:4 | | | | | |
| 88:6-88:11 | Misleading Lack of Personal Knowledge | | | | |
| 92:10-92:18 | | 92:19-92:24 | | | |
| 92:25-93:3 | | 93:18-93:25 | | | |
| 94:3-94:5 | Assuming facts not in evidence | | | | |
| 94:7-94:7 | | | | | |
| 98:21-99:10 | | | | | |
| 101:6-101:10 | | 100:18-101:5 | IMP, INC | 100:7-16 | |
| 102:14-102:19 | | 102:20-103:5 | IMP, 602 | | |
| 103:6-103:17 | | | | | |
| 105:1-105:7 | | 104:14-104:25 | IMP, 401/402 | | |
| 105:18-106:13 | | 105:8-105:17 | | | |
| 109:6-109:9 | | 108:19-109:5; 109:10-109:17 | 602 (109:10-17) | | |
| 111:17-111:21 | | | | | |
| 113:23-114:4 | | | | | |
| 114:10-114:14 | | | | | |
| 115:14-115:16 | | 115:8-115:13 | | | |
| 115:24-116:4 | | 115:19-115:23 | | | |
| 117:2-117:6 | | | | | |
| 117:8-117:13 | | | | | |
| 118:10-118:19 | | 118:3-118:9 | | | |
| 118:21-118:23 | | | | | |
| 118:25-119:6 | | | | | |
| 120:21-120:23 | | 120:24-121:19 | IMP, 602 | | |
| 121:20-122:4 | | | | | |
| 123:2-123:6 | | 123:7-123:15 | 602 | | |
| 126:7-127:6 | | | | | |
| 127:15-127:19 | Leading Vague | | | | |

4

sf-4158205

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 127:21-128:6 | | 128:8-128:9; 128:11-128:19; 128:21-129:7; 129:9-129:24 | 602 (128:11-19; 128:21-129:7; 129:9-24) | | |
| 137:21-138:2 | Argumentative | | | | |
| 138:4-138:6 | | | | | |
| 138:18-138:22 | | 138:8-138:10; 138:12-138:16; 138:23-138:25; 139:2-139:2 | 602 (139:2) | | |
| 141:5-141:20 | | 140:22-141:4 | | | |
| 152:11-152:18 | | | | | |
| 154:18-154:25 | | 154:10-154:17 | 602 | | |
| 155:13-155:16 | | 155:1-155:12 | 602 | | |
| 163:1-163:17 | | 163:18-163:25 | 602 | | |
| 164:1-164:5 | | 164:6-164:14 | 602 | | |
| 164:15-165:22 | Leading Misquotes the witness | 305:17-306:9; 306:12-306:14 | IMP | | |
| 165:24-165:25 | | 166:1-166:11; 167:3-167:5; 167:7-167:22 | IMP (167:3-5; 167:7-22) | | |
| 167:24-168:3 | | | | | |
| 168:13-169:20 | | 168:9-168:12 | 602 | 169:21-25; 170:2-7 | |
| 171:3-171:10 | | 170:23-171:2 | | | |
| 171:15-171:21 | | | | | |
| 183:6-183:14 | | 181:16-183:5 | IMP, 602 | | |
| 185:21-186:3 | | 183:15-183:17; 183:19-184:4; 184:10-184:20; 184:22-185:11; 185:15-185:20 303:20-305:5 305:10-305:14 | IMP, 602 | | |
| 186:7-186:14 | | 186:15-186:16 | | | |
| 187:10-188:4 | | 303:4-303:19 | IMP, 602 | | |
| 192:22-193:11 | | | | | |
| 195:3-195:16 | | | | | |

5

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 196:18-197:10 | | | | | |
| 198:9-198:17 | Foundation Hearsay | | | | |
| 198:19-198:20 | | | | | |
| 199:20-199:23 | Speculation Lacks personal knowledge | 198:22-198:24; 199:1-199:18 | | | |
| 199:25-200:2 | | | | | |
| 200:4-200:7 | Leading | | | | |
| 200:9-200:18 | | | | | |
| 201:21-202:5 | | | | | |
| 202:12-202:20 | | | | | |
| 204:1-204:4 | Lacks personal knowledge Leading | 203:17-203:23 | | | |
| 204:6-204:12 | | 306:16-307:22; 307:25-308:6; 308:9-308:14; 308:17-308:21 | IMP | | |
| 204:14-205:18 | | | | | |
| 205:21-206:3 | | 206:6-206:7; 206:9-206:9 | | | |
| 208:10-208:24 | | | | | |
| 209:7-209:10 | | | | | |
| 209:20-209:24 | | 209:25-210:4 | | | |
| 212:23-213:4 | | 212:14-212:22 | | | |
| 213:6-214:19 | | | | | |
| 217:5-217:8 | | | | | |
| 222:23-223:11 | | | | | |
| 223:13-224:2 | | 224:3-225:1 308:23-309:5; 309:8-309:25; 310:3-310:6 | IMP, 401/402 (308:23-309:5)  IMP, 401/402, H (309:8-25; 310:3-6) | | |
| 226:21-226:25 | Leading Vague | 225:11-225:15; 225:17-226:5; 226:7-226:19 | IMP | | |
| 227:2-227:3 | | | | | |

6

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 227:5-227:24 | Speculation Leading | | | | |
| 228:1-228:10 | | | | | |
| 228:14-228:19 | | 228:20-229:12 | | | |
| 229:13-229:14 | Misstates testimony Vague Leading | | | | |
| 229:16-229:19 | | | | | |
| 229:21-230:13 | | | | | |
| 232:20-233:7 | | | | | |
| 236:16-236:21 | | | | | |
| 237:3-237:24 | Foundation Leading | | | | |
| 238:1-238:5 | | | | | |
| 238:10-238:18 | | | | | |
| 238:24-239:2 | | 239:3-239:9 | 602 | | |
| 239:18-240:1 | | 240:2-240:15 | 602, H | | |
| 240:18-240:22 | | 240:23-241:13 | | | |
| 242:8-242:13 | | | | | |
| 242:25-243:4 | Leading Foundation Misleading | 242:14-242:24 | H | | |
| 243:6-243:11 | | 243:13-245:1 | 602, H | | |
| 245:7-245:13 | | | | | |
| 245:17-245:20 | | | | | |
| 245:22-245:24 | | | | | |
| 246:8-247:21 | | 247:22-248:2 | | | |
| 251:9-251:11 | | | | | |
| 251:20-252:9 | | 252:20-252:23; 252:25-253:16 | 602 (252:25-253:16) | | |
| 257:3-257:17 | | 257:18-258:7 | 602, H | | |
| 258:8-259:5 | | | | | |
| 259:12-260:9 | | | | | |
| 260:13-260:16 | Leading Misstates testimony | | | | |
| 260:18-260:23 | | | | | |
| 261:14-261:18 | | | | | |

7

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 262:14-262:17 | | 262:18-262:19; 262:21-263:1 | | | |
| 264:12-265:1 | | 263:18-263:25 | | | |
| 265:14-265:17 | | | | | |
| 265:20-266:4 | | 266:5-266:12 | 602 | | |
| 266:13-266:20 | | | | | |
| 267:7-267:23 | | | | | |
| 268:6-268:13 | | | | | |
| 270:11-271:4 | | | | | |
| 272:17-273:17 | | | | | |
| 273:21-273:24 | | | | | |
| 274:6-274:14 | | 274:15-275:3 | | | |
| 275:21-275:23 | | | | | |
| 277:5-278:1 | | 278:2-278:9 | | | |
| 279:16-280:3 | | | | | |
| 280:9-281:11 | | | | | |
| 282:1-282:14 | | | | | |
| 283:3-283:9 | | 283:10-283:19 | | | |
| 283:20-283:23 | | | | | |
| 285:14-286:3 | | | | | |
| 286:24-287:19 | | | | | |
| 287:23-288:3 | | | | | |
| 288:13-288:18 | | | | | |
| 289:14-289:21 | | 288:19-289:3; 291:10-291:24 | F (288:19-289:3) IMP, H (291:10-24) | | |
| 292:17-293:5 | | | | | |
| 293:7-293:10 | Foundation Speculation Leading | | | | |
| 293:12-293:13 | | | | | |
| 293:21-294:2 | | | | | |
| 294:4-294:14 | | | | | |
| 294:20-295:12 | | | | | |
| 295:22-296:8 | | | | | |
| 296:10-296:13 | | | | | |
| 296:21-297:13 | | | | | |

sf-4158205

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 297:15-297:15 | Foundation Speculation Leading | 297:17-297:24 | 602 | | |

**Scott Browne (November 19, 2019)**

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 10:7-10:18 | | 12:20-12:22 | 401/402, IMP | | |
| 17:13-17:25 | | 15:2-17:12, 18:1-18:13, 19:2-19:5, 19:16-19:19, 20:7-20:11, 20:18-20:21 22:13-23:5 25:24-26:9 114:20-117:24 | 401/402, IMP (15:2-17:2; 18:1-13; 19:2-5; 19:16-19; 20:7-11)  401/402, IMP, IC (20:18-21; 22:13-23:5)  401/402 (25:24-26:9)  401/402, IMP, CS (114:20-117:24) | 18:14-19:1; 20:10-17; 23:6; 26:24-27:2 | |
| 22:3-22:12 | | 19:6-19:14 19:20-20:6 20:22-21:12 21:24-22:2 | 401/402, IMP, 602, CS | 21:13-23 | |
| 24:24-25:4 | | | | | |
| 25:17-25:23 | | 25:5-25:7 | 401/402 | | |
| 28:14-28:18 | Personal knowledge | | | | |
| 28:22-28:25 | | 29:1-29:6 | 401/402, 602, CS | | |
| 29:7-29:12 | Personal knowledge Speculation | 29:13-29:22 | 401/402, IMP, 602, CS | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 38:11-38:14 | Vague Foundation | 36:1-37:22 38:5-38:10 | 401/402, IMP, CS (36:1-37:22) 401/402, IMP (38:5-10) | | |
| 38:16-38:21 | Vague Foundation | 38:22-40:19 41:4-41:22 | 401/402, IMP | 41:23-42:8 | |
| 47:14-47:19 | Vague Foundation | 42:9-43:9 | 401/402, IMP, CS | | |
| 54:16-54:19 | Vague Foundation | 53:25-54:15 | 401/402, 602, CS, H | | |
| 54:21-54:22 | Vague Foundation | | | | |
| 54:24-55:11 | 55:8-55:11: Foundation Vague Confusing | 38:16-40:19 41:4-41:22 | 401/402, IMP | 41:23-42:8 | |
| 55:13-55:20 | Foundation Vague Speculation | | | | |
| 58:11-58:16 | | 84:7-84:21 | 401/402, IMP, 602, CS | | |
| 58:18-58:23 | Vague Foundation | | | | |
| 59:8-59:12 | Vague Mischaracterizes testimony | 84:7-84:21 | | | |
| 70:16-70:21 | Foundation | 59:21-59:25 60:8-60:17 | 401/402, IMP (59:21-25) 401/402, IMP, 602, CS (60:8-17) | 60:18-61:2 | |
| 71:23-72:7 | 30(b)(6) (outside designated topics) Foundation | 71:7-71:9 71:11-71:22 | | | |
| 74:8-74:25 | 30(b)(6) (outside designated topics) Foundation Relevance | 74:3-74:7 | 401/402, IMP | | |
| 87:24-88:14 | | | | | |

10

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 90:15-92:2 | Foundation Vague | 90:7-90:14 | | | |
| 92:5-92:5 | | | | | |
| 92:21-92:23 | 30(b)(6) (outside designated topics) Expert opinion Personal knowledge Vague | | | | |
| 92:25-92:25 | 30(b)(6) (outside designated topics) Expert opinion Personal knowledge Vague | | | | |
| 93:2-93:5 | 30(b)(6) (outside designated topics) Expert opinion Personal knowledge Vague Foundation | 90:7-90:10 | | | |
| 97:18-98:9 | | | | | |
| 100:5-100:9 | | | | | |
| 101:24-102:10 | | 102:11-102:21 | 401/402, IMP, 602 | | |
| 102:24-103:7 | 30(b)(6) (outside designated topics) Legal conclusion Personal knowledge | | | | |
| 105:25-106:25 | Foundation Vague | 103:8-103:9 103:13-104:23 | 401/402, IMP (103:8-9) 401/402, IMP, CS (103:13-104:23) | | |

11

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 107:15-107:22 | Compound Vague Foundation Expert opinion | 107:1-107:14 108:3-108:12 | 401/402, 602, CS (107:1-14) | | |
| 123:7-123:11 | | | | | |
| 123:13-123:19 | | | | | |
| 124:7-124:10 | 30(b)(6) (outside designated topics) Vague Foundation | 111:13-111:20 | 401/402, IMP | | |
| 124:13-124:14 | 30(b)(6) (outside designated topics) Vague Foundation | 111:13-111:20 | 401/402, IMP | | |
| 124:17-125:14 | 30(b)(6) (outside designated topics) Vague Foundation | | | | |
| 125:25-126:8 | 30(b)(6) (outside designated topics) Relevance Vague | 125:15-125:17[1] 125:22-125:23 | <u>NOTE</u>:  125:15-122:17 is an improper designation | | |
| 126:24-127:8 | 30(b)(6) (outside designated topics) Legal conclusion Relevance Vague | | | | |
| 128:23-128:24 | 30(b)(6) (outside designated topics) Relevance Vague | | | | |

---

[1] VMware assumes Cirba's counter designation of "125:15-122:17" should be interpreted as "125:15-125:17" but requests clarification should this not be case.

sf-4158205

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 129:2-129:2 | 30(b)(6) (outside designated topics) Relevance Vague | 125:15-125:17 | | | |
| 129:8-130:9 | 30(b)(6) (outside designated topics) Relevance Vague Expert opinion Speculation | 125:15-125:17 130:12-130:23 | 401/402, 602, CS (130:12-23) | | |
| 130:24-131:1 | Vague Argumentative Foundation | | | | |
| 131:3-133:24 | 131:3-131:10: Vague Argumentative Foundation | 36:1-36:13 | | | |
| 144:3-146:2 | 30(b)(6) (outside designated topics) 145:22-146:2: Speculation Expert opinion vague | | | | |
| 146:4-146:11 | 30(b)(6) (outside designated topics) Speculation Expert opinion vague | 146:12-146:24 | | | |
| 147:4-147:23 | 30(b)(6) (outside designated topics) Expert opinion | 147:24-147:24 | 401/402, 403 | | |
| 147:25-148:4 | 30(b)(6) (outside designated topics) Expert opinion | 147:24-147:24 | 401/402, 403 | | |

13

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 152:6-152:24 | | 151:15-151:20 152:25-153:18 | 401/402, IMP (151:15-20) 401/402, IMP, 602, CS (152:25-153:18) | 151:21-152:5 | |
| 157:17-158:4 | 30(b)(6) (outside designated topics) Foundation Vague | 157:7-157:16 | 401, 402, IMP | | |
| 190:19-190:23 | | | | | |
| 191:16-192:14 | 30(b)(6) (outside designated topics) Expert opinion Personal knowledge 191:12-191:14: Vague Mischaracterizes testimony | | | | |
| 192:16-192:18 | 30(b)(6) (outside designated topics) Expert opinion Personal knowledge Vague Mischaracterizes testimony | | | | |
| 205:5-205:10 | | | | | |
| 205:18-205:24 | | 205:25-206:7 | 401/402, IMP | | |
| 230:16-230:21 | Foundation Vague | 229:19-230:15 | 401/402, IMP, CS | | |
| 233:21-234:6 | 30(b)(6) (outside designated topics) Foundation | 233:3-233:20 | 401/402, IMP, 602, CS | | |

14

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 236:17-236:20 | 30(b)(6) (outside designated topics) Foundation Vague Speculation | | | | |
| 236:22-237:7 | 30(b)(6) (outside designated topics) Foundation Vague Expert opinion Speculation | 206:19-206:21 206:24-207:18 | IMP (206:19-21)<br><br>401/402, IMP, CS, 403, 602 (206:24-207:18) | | |
| 237:20-238:2 | 30(b)(6) (outside designated topics) Foundation Vague Relevance | 237:8-237:19 | 401/402, 602, CS | | |
| 243:8-244:22 | 30(b)(6) (outside designated topics) | | | | |
| 245:1-245:3 | 30(b)(6) (outside designated topics) | | | | |
| 245:13-245:19 | 30(b)(6) (outside designated topics) | | | | |
| 266:2-266:5 | 30(b)(6) (outside designated topics) Foundation Vague Personal Knowledge | 261:9-262:17 263:6-263:18 264:10-265:6 265:18-266:1 | 401/402, IMP (261:9-262:17)<br><br>401/402, IMP, 602, H, CS (263:6-18)<br><br>401/402, IMP, CS (264:10-265:6)<br><br>401/402, IMP, 602, CS (265:18-266:1) | 263:21-264:9; 265:7-17 | |

15

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 266:7-266:7 | 30(b)(6) (outside designated topics) Foundation Vague Personal Knowledge | 261:9-262:17 263:6-263:18 264:10-265:6 265:18-266:1 | 401/402, IMP (261:9-262:17)<br><br>401/402, IMP, 602, H, CS (263:6-18)<br><br>401/402, IMP, CS (264:10-265:6)<br><br>401/402, IMP, 602, CS (265:18-266:1) | | |
| 270:8-270:10 | 30(b)(6) (outside designated topics) Foundation Vague Mischaracterizes testimony | 261:9-262:17 263:6-263:18 266:22-267:10 | 401/402, IMP (261:9-262:17; 266:22-267:10)<br><br>401/402, IMP, 602, H, CS (263:6-18) | 267:11-16 | |
| 270:12 (at "But…") - 270:15 | 30(b)(6) (outside designated topics) Foundation Vague Mischaracterizes testimony | 261:9-262:17 263:6-263:18 266:22-267:10 | 401/402, IMP (261:9-262:17; 266:22-267:10)<br><br>401/402, IMP, 602, H, CS (263:6-18) | 267:11-16 | |
| 286:10-286:25 | 30(b)(6) (outside designated topics) Foundation Vague | 261:9-262:17 263:6-263:18 264:10-264:20 286:5-286:9 | 401/402, IMP (261:9-262:17; 286:5-9)<br><br>401/402, IMP, 602, H, CS (263:6-18)<br><br>401/402, IMP, CS (264:10-20) | | |
| 298:9-298:14 | 30(b)(6) (outside designated topics) Foundation Speculation | 297:1-298:1 | 401/402, IMP, 602, H, CS | | |

**Kleber Carraro (November 5, 2019)***

*Densify objects to Carraro's testimony to the extent in response to questions asked by VMware's counsel, as VMware did not indicate it would be questioning the witness in advance of the deposition.

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 5:21-5:23 | | 5:24-6:5<br>8:23-9:2 | | | |
| 14:12-14:25 | | 12:4-14:11 | | | |
| 15:2-15:17 | | | | | |
| 17:18-17:24 | | | | | |
| 18:2-18:13 | | 18:14-18:23<br>19:2-19:17 | | | |
| 32:18-32:24 | | 32:25-33:8 | | | |
| 33:9-33:25 | | | | | |
| 42:16-43:19 | | 43:23-44:6; 44:9-44:10 | MIS, V/A(43:23-44:6) | | |
| 44:18-44:25 | | 44:12-44:16 | | | |
| 45:2-45:12 | | | | | |
| 68:4-68:25 | | 65:17-66:15;<br>66:17-66:17;<br>66:19-66:20;<br>66:23-67:12;<br>67:15-67:18;<br>67:20-67:20 | CS, 602, V/A, 403, IMP (65:17-66:15)<br><br>AFN, LC, CS, 602, V/A, 403, E, IMP (66:19-20; 67:15-18)<br><br>AFN, LC, CS, 602, V/A, 403, MIS, E, IMP (66:23-67:12) | | |
| 69:2-69:7 | | | | | |
| 69:9-69:9 | | | | | |
| 69:11-69:25 | | | | | |
| 70:2-70:2 | | | | | |
| 70:4-70:5 | | | | | |
| 70:7-70:8 | | | | | |
| 70:10-70:12 | | | | | |
| 70:14-70:14 | | | | | |
| 71:2-71:9 | | | | | |
| 71:11-71:11 | | | | | |

17

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 71:22-71:24 | | | | | |
| 72:2-72:2 | | | | | |
| 72:4-72:5 | | | | | |
| 72:7-72:8 | | | | | |
| 72:10-72:11 | | 72:13-72:16 | | | |
| 72:17-72:20 | | | | | |
| 72:22-72:22 | | | | | |
| 72:24-72:25 | | | | | |
| 73:4-73:4 | | | | | |
| 73:6-73:8 | | | | | |
| 73:10-73:16 | | | | | |
| 73:19-73:19 | | | | | |
| 73:24-74:2 | | | | | |
| 74:5-74:12 | | | | | |
| 78:8-79:2 | | | | | |
| 79:4-79:7 | | | | | |
| 79:9-79:9 | | | | | |
| 80:13-80:15 | | 79:19-79:21; 79:24-80:12 | V/A, 401/402, 403, CS, F, 602, IMP (79:19-21) | | |
| 80:18-80:22 | | 81:9-81:11; 81:13-81:14; 81:16-81:17; 81:20-81:21 | AFN, LC, CS, F, V/A, 403, IMP (81:9-11)<br><br>V/A, 401/402, 403, E, IMP (81:16-17) | 81:6-8; 81:23-25l 82:2-3; 82:6-14 | |
| 84:14-84:17 | | | | | |
| 84:20-84:20 | | | | | |
| 84:22-84:25 | | | | | |
| 85:3-85:6 | | | | | |
| 85:9-85:9 | | | | | |
| 98:13-98:16 | | | | | |
| 105:21-106:15 | | 105:4-105:7; 105:9-105:9; 105:11-105:12; 105:14-105:19; 106:16-106:25 | V/A, H, 401/402, 403, IMP (105:4-7)<br><br>V/A, AFN (106:16-25) | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 114:17-114:18 | | 114:9-114:11; 114:13-114:15; | LC, CS, V/A, HYPO, E (114:9-11) | | |
| 114:20-114:22 | | | | | |
| 114:24-114:25 | | 115:3-115:5 115:7-115:7 | LC, V/A, E (115:3-5) | | |
| 117:11-117:12 | Speculation Vague | | | | |
| 117:14-117:18 | Speculation Vague Unintelligible | | | | |
| 117:20-121:7 | Assumes facts Vague Speculation | | | | |
| 121:9-123:9 | | 123:12-124:3 | | | |
| 124:4-124:17 | | 124:18-124:21 | | | |
| 125:11-125:11 | Leading Speculation Lack of personal knowledge | 124:18-125:10 | | | |
| 125:13-125:16 | Leading Speculation Lack of personal knowledge | | | | |
| 125:18-125:18 | | | | | |
| 126:3-126:6 | | | | | |
| 126:15-127:16 | | | | | |
| 130:7-131:17 | | 129:24-130:6 | | | |
| 133:25-133:25 | | | | | |
| 134:2-134:15 | Vague | | | | |
| 134:17-134:25 | | | | | |
| 135:2-135:3 | | | | | |
| 137:9-137:16 | | 137:17-137:24; 138:2-138:4 | CS, 602, 403, IMP | 138:14-142:17; 142:25-143:24 | |
| 138:7-138:8 | | | | | |
| 138:14-138:25 | | | | | |
| 139:2-139:25 | | | | | |
| 140:2-142:17 | | | | | |

19

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 142:25-147:15 | | 147:16-147:19; 147:22-148:3 | | | |
| 148:4-148:18 | | | | | |
| 150:10-150:11 | Vague Speculation Lack of personal knowledge | | | | |
| 150:13-150:16 | | | | | |
| 152:14-152:21 | Misquoting the witness | 151:18-151:25; 152:7-152:10 | | | |
| 152:23-153:11 | Leading Vague Speculation | | | | |
| 153:13-153:23 | Vague Speculation | | | | |
| 153:25-154:21 | Leading | | | | |
| 154:23-154:24 | | | | | |
| 155:2-157:14 | Vague Speculation | | | | |
| 158:6-159:18 | Misquoting the witness | | | | |
| 159:20-160:22 | Lack of personal knowledge | 160:23-161:4 | CS, 602 | | |
| 161:5-161:9 | Speculation | | | | |
| 161:11 (at "If…")-161:15 | Speculation | | | | |
| 161:22-162:16 | | | | | |
| 162:25-163:5 | | | | | |
| 163:7-163:9 | | | | | |

**Yama Habibzai (October 30, 2019)**

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Objs.to Counter-Counter Designation |
|---|---|---|---|---|---|
| 11:23-11:25 | | | | | |
| 17:19-17:21 | | 17:22-18:3 44:2-46:3 46:21-47:12 | IMP, 401/402 (44:2-46:3; 46:21-47:12) | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Objs.to Counter-Counter Designation |
|---|---|---|---|---|---|
| 18:7-19:20 | | 19:21-21:7 29:9-31:22 | IMP, 401/402 | | |
| 21:9-21:25 | | 22:1-22:17 | | | |
| 21:12-21:21 | | 22:1-22:17 | | | |
| 24:19-25:11 | | 22:18-22:24 23:3-23:8 23:15-24:16 25:12-25:15 38:16-39:25 | IMP, 401/402 (23:15-24:16)<br><br>H, CS (25:12-15)<br><br>IMP (38:16-39:25) | 23:9-14 | |
| 25:16-25:25 | | 26:1-26:9 38:16-39:25 | IMP | | |
| 26:10-26:20 | | 27:3-27:7 | IMP, 401/402 | 27:15-22 | |
| 26:20-27:2 | | 27:3-27:7 | IMP, 401/402 | 27:15-22 | |
| 27:8-27:14 | | 27:3-27:7 | IMP, 401/402 | 27:15-22 | |
| 32:1-32:12 | | 32:13-33:21 36:11-37:14 | IMP (32:13-33:21) | 36:7-10 | |
| 35:25-36:6 | | | | | |
| 41:14-42:14 | | 22:18-22:24 23:3-23:8 | | | |
| 49:14-49:23 | | 48:19-48:22 48:24-49:12 164:23 (from "Why…")-166:11 173:8-173:21 | IMP (48:19-22; 48:24-49:12)<br><br>401/402, 403, IMP, CS, H (164:23-166:11)<br><br>IMP, 401/402, CS, H (173:8-21) | 48:15-18 | |
| 50:11-50:16 | Confusing Vague | 50:8-10 50:17-52:2 52:10-52:21 | IMP, 401/402 (50:147-52:2; 52:10-21) | | |
| 62:4-62:12 | | | | | |
| 63:20-64:23 | | 64:24-65:6 | CS, 602, H | | |
| 67:2-67:12 | | 65:7-65:8 66:6-67:1 67:13-68:1 | CS, H (66:6-67:1)<br><br>IMP, 401/402, H (67:13-68:1) | | |

21

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Objs.to Counter-Counter Designation |
|---|---|---|---|---|---|
| 72:20-73:11 | 73:8-73:11: Compound Mischaracterizes evidence | | | | |
| 73:13-73:16 | Misleading Mischaracterizes evidence Personal knowledge | | | | |
| 73:18-74:8 | | 47:13-47:18 | IMP, 401/402 | | |
| 74:16-75:3 | Personal knowledge | 75:4-75:8 | IMP, CS | | |
| 75:9-75:17 | | 75:4-75:8 | IMP, CS | | |
| 85:10-85:12 | Mischaracterizes testimony Vague | 83:24 (at "If…") - 84:12 84:22-85:9 | IMP, 401/402, 403 (83:24-84:12)  IMP, CS (84:22-85:9) | | |
| 85:14-85:20 | | | | | |
| 89:1-89:17 | 89:16-17: Foundation Speculation Mischaracterizes testimony | 77:12-77:25 78:24-79:7 79:15-80:25 82:1-82:10 88:19-88:25 | IMP, 401/402, H, CS (78:24-79:7; 79:15-80:25; 82:1-10) | | |
| 89:19-89:25 | Speculation Mischaracterizes testimony | | | | |
| 90:15-92:17 | 92:15-92:17: Vague Speculation | | | | |
| 92:20-93:23 | 93:22-23: Vague | | | | |
| 93:25-93:25 | Vague | 94:1-23 | 401/402, IMP | | |
| 95:16-95:19 | | | | | |
| 95:21-95:23 (to "…DSY00841615.") | | | | | |
| 96:1-96:12 | | 95:23 (at "Do you…") -95:25 | | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Objs.to Counter-Counter Designation |
|---|---|---|---|---|---|
| 96:14 (at "And if…")-97:12 | 97:10-12: Mischaracteriz es evidence Misleading Foundation | | | | |
| 97:14-98:20 | | 98:21-98:23 | IMP, 401/402 | | |
| 100:3-101:12 | | 101:13-101:18 | IMP, 401/402 | | |
| 106:17-106:20 | | 98:21-98:23 | IMP, 401/402 | | |
| 108:11-109:19 (to "…Yes.") | | 52:22-53:24 55:6 (at "How …)-55:14 109:19-110:15 111:7-112:3 | IMP, 401/402 (52:22-53:24; 55:6-14)<br><br>IMP, CS, H, 401/402 (109:19-110:15; 111:7-112:3) | | |
| 112:4-112:7 | | | | | |
| 115:9-117:14 | | 54:5-54:24 117:15-119:8 119:15-121:25 | IMP, 602 (54:5-24)<br><br>IMP, 401/402, H, CS (117:15-119:8; 119:15-121:5) | | |
| 122:18-123:6 | | 123:7-123:13 59:13-59:24 106:23-108:7 | IMP, 401/402, 602, CS (59:13-24)<br><br>IMP, 401/402 (106:23-108:7) | | |
| 125:22-127:6 | 127:4-127:6: Vague Mischaracteriz es testimony Foundation | 125:15-125:17 | | | |
| 127:8-128:21 | 127:8-127:10: Personal knowledge<br><br>128:21-128:21: Vague | | | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Objs.to Counter-Counter Designation |
|---|---|---|---|---|---|
| 128:23-129:8 | | 129:9-129:18 | IMP, 401/402, 403 | | |
| 130:11-130:15 | | 130:5-130:9 130:16-131:16 | | | |
| 131:17-131:19 (to "…attached.") | | | | | |
| 134:3-134:6 | | 133:17-134:2 | IMP, H, CS | 134:7-19 | |
| 135:6-136:4 | Expert opinion Foundation | 134:20-135:1 | | | |
| 139:9-140:6 | | 137:23-139:8 | IMP, CS, H | | |
| 142:4-142:14 | | 140:11-142:3 142:15-144:2 164:23-166:11 173:8-173:21 | IMP, 401/402 (142:15-144:2)  401/402, 403, CS, IMP, H (164:23-166:11)  IMP, 401/402, CS, H (173:8-21) | | |
| 144:10-144:14 (to "…management.") | | 50:17-52:2 144:14-144:25 | IMP, 401/402 | | |
| 176:17-178:22 | | 176:11-176:16 | | | |
| 179:6-179:22 | | 178:23-179:5 | | | |
| 180:21-181:1 | Personal knowledge | 181:2-181:14 | IMP, 401/402 | | |
| 184:13-185:23 | Hearsay Personal Knowledge Foundation | 184:9-184:12 185:24-185:24 | | | |
| 185:25-186:4 | Personal knowledge Foundation | 186:5-187:1 | H, CS | | |
| 194:4-194:6 | | | | | |
| 194:10-194:11 (to "…DSY0058030.") | | | | | |
| 194:12 (at "In this…")-194:22 | | 64:24-65:1 | CS, 602, H | | |
| 196:14-197:16 | | 196:13-196:13 197:17-197:18 197:19-199:5 | IMP, 401/402, 403 (197:19-199:5) | | |

sf-4158205

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Objs.to Counter-Counter Designation |
|---|---|---|---|---|---|
| 218:14-219:23 | | 219:25-220:10 | IMP, H, CS | | |
| 221:7-222:6 | | | | | |
| 222:9 (at ("I'll…")-222:14 (to "…DSY00576498.") | | | | | |
| 222:23-223:17 | Vague | 222:20-222:22 | | | |
| 233:1-233:6 | | | | | |
| 234:15-234:17 (to "…Yes.") | | 233:18-234:7 234:18-234:23 | CS (233:18-234:7) | | |
| 235:14-236:4 | Hearsay | 233:18-234:7 234:18-234:23 235:9-235:13 | CS (233:18-234:7) | | |
| 236:23-236:25 | Relevance | | | | |
| 237:1-238:21 | 237:3-237:6: Hearsay<br><br>237:7-237:18: Personal knowledge/Speculation<br><br>237:22-238:8: 403<br><br>238:18-238:21: Hearsay | | | | |
| 239:5-240:6 | 239:21-239:22, 240:2-240:3: Foundation | 156:12-156:20 | IMP, 401/402 | | |
| 242:2-242:5 | | | | | |
| 242:7-243:8 | | | | | |
| 243:15-243:18 | | 242:15-243:14 243:19-244:11 244:20-245:1 | H, CS (243:19-244:11) | | |
| 244:12-244:19 | Personal knowledge | 242:15-243:14 243:19-244:11 244:20-245:1 247:22-250:5 | H, CS (243:19-244:11)<br><br>IMP, H, CS (247:22-250:5) | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Objs.to Counter-Counter Designation |
|---|---|---|---|---|---|
| 250:8-252:9 | 403 | 252:10-252:12<br>252:16-253:9 | | | |
| 252:13-252:15 | 403 | 252:10-252:12<br>252:16-253:9 | | | |
| 256:22-257:8 | | | | | |
| 257:10-257:18 | | 257:19-258:6<br>258:10-258:24 | H (258:10-24) | | |
| 266:9-266:23 | Foundation | 259:1 (from "We'll…") - 259:25<br>264:2-266:8<br>266:24-268:5<br>269:15-279:9 | H, CS (259:1-25)<br><br>IMP, H, CS, 401/402, 403 (264:2-266:8)<br><br>IMP, H, CS, 401/402 (266:24-268:5; 270:14)<br><br>IMP, 401/402, H, CS, 602 (269:15-270:13)<br><br>IMP, H, CS (270:15-277:2) | | |
| 278:4-278:11 | | | | | |
| 279:6-279:13 | 279:9-279:12: Personal knowledge | | | | |
| 279:16-280:1 | | 19:21-21:7 | IMP, 401/402 | | |
| 280:11-280:18 | Legal conclusion<br>Vague | | | | |
| 280:25-281:6 | Legal conclusion<br><br>281:4-281:6: Relevance | | | | |
| 281:15-281:18 | Legal conclusion<br>Vague | | | | |
| 281:20-282:17 | Legal conclusion<br>Vague | 282:18-283:18 | IMP, 403, CS, H | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Objs.to Counter-Counter Designation |
|---|---|---|---|---|---|
| 283:19-284:20 | 284:16-20: Relevance | | | | |
| 285:7-285:11 | Relevance | 285:12-285:15 | IMP, CS, 401/402, 403 | | |
| 285:16-286:12 | Relevance 286:10-286:12: Vague Legal Conclusion Misleading | 285:12-285:15 | IMP, CS, 401/402, 403 | | |
| 286:14-286:17 | Vague Legal Conclusion Misleading | | | | |
| 289:8-290:1 | | 290:5-290:14 | IMP, 401/402 | | |
| 294:24-297:17 | 294:24-296:22: Relevance<br><br>296:8-10: Personal knowledge<br><br>297:16-297:17: Foundation | | | | |
| 296:1-296:2 | Relevance | | | | |
| 296:3-296:22 | Relevance<br><br>296:8-10: Personal knowledge | | | | |
| 296:23-297:15 | | | | | |
| 297:19-297:19 | Foundation | | | | |

27

**Andrew Hillier (July 17, 2019)**

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 8:24-9:3 | | 9:7-9:13 | | | |
| 10:13-10:25 | | 11:8-11:14 | | 11:1-7 | |
| 12:12-13:4 | | 13:10-14:1 23:21-23:24 | | 14:2-9 | |
| 40:18-41:10 | | 29:12-29:20[2] 31:11-31:20 | <u>NOTE</u>: 29:12-19:20 is an improper designation | 29:12-30:21; 36:24-38:14 | |
| 42:18-43:21 | | 43:22-43:24 47:12-47:20 | CS, 602, LC, E, 403, IMP (47:12-20) | 43:25-44:9; 45:1-5 | |
| 56:1-57:18 | Vague | 48:23-49:4 | | | |
| 57:22-58:8 | | | | | |
| 59:17-62:22 | Vague Foundation | | | | |
| 62:25-64:2 | | 64:3-64:19 | CS, 602, E, 403, IMP | | |
| 64:20-65:6 | | 65:7-65:21 | CS, 602, E, 403, IMP | | |
| 66:20-71:5 | Vague Speculation | 71:8-71:9 | | | |
| 71:11-74:20 | Vague | | | | |
| 74:23-75:8 | | 75:9-75:11 | | | |
| 75:19-76:14 | | 76:15-76:19 | CS, E, 602 | | |
| 76:20-79:10 | Foundation | | | | |
| 79:13-83:4 | | | | | |
| 83:7-83:19 | | 84:13-85:4 | | 83:21-84:12; 85:5-23 | |
| 85:24-87:5 | Speculation | 87:6-87:10 | | | |
| 87:11-89:5 | Relevance | | | | |
| 92:1-93:7 | Foundation Speculation | | | | |
| 93:10-98:2 | Speculation | | | | |
| 98:5-103:23 | | 106:20-107:17 | CS, 602, E, 403 | 107:18-20; 107:23-108:25; 109:4-22 | |
| 109:23-109:24 | Scope (30b6) | | | | |

---

[2] VMware assumes Cirba's counter designation of "29:12-19:20" should be interpreted as "29:12-29:20," but requests clarification should this not be case.

sf-4158205

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 110:3-110:6 | Scope (30b6) | | | | |
| 110:8-110:12 | Scope (30b6) Speculation | | | | |
| 110:14-110:20 | Scope (30b6) Speculation | | | | |
| 110:23-110:23 | Scope (30b6) Speculation | 110:25-111:13 | | | |
| 119:6-119:24 | | 119:3-119:5 119:25-120:4 | | | |
| 125:12-125:17 | | 125:9-125:11 | | | |
| 129:6-130:3 | Speculation | 128:25-129:5 | | | |
| 130:6-130:7 | Speculation | | | | |
| 135:24-136:13 | Scope (30b6) Vague Speculation | | | | |
| 136:17-136:25 | Scope (30b6) Speculation | | | | |
| 137:23-138:23 | Scope (30b6) Vague Foundation | | | | |
| 139:2-139:5 | Scope (30b6) Vague Foundation | 139:6-139:15 | | | |
| 139:16-139:20 | | | | | |
| 142:8-142:17 | | 142:18-143:24 | | | |
| 144:9-144:19 | Misleading Foundation | 143:25-144:8 | | | |
| 144:22-144:24 | | | | | |
| 146:7-146:10 | | 146:11-146:19 | V/A, 403, IMP | 147:11-19 | |
| 145:2-145:8 | | | | | |
| 147:20-148:7 | | | | | |
| 154:25-155:5 | Scope (30b6) Relevance | | | | |
| 159:2-160:1 | | 156:12-156:16 | | | |
| 161:24-163:6 | Scope (30b6) Vague Speculation | 161:9-161:23 | | | |
| 163:9-163:16 | Scope (30b6) Speculation | | | | |

29

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 163:19-163:22 | Scope (30b6) Compound Speculation Foundation | | | | |
| 164:1-164:9 | Scope (30b6) Speculation | | | | |
| 164:14-165:8 | Scope (30b6) Speculation | | | | |
| 165:11-166:1 | Scope (30b6) Speculation Foundation | | | | |
| 166:4-166:7 | Scope (30b6) Speculation Foundation | | | | |
| 167:14-167:25 | Speculation | | | | |
| 169:4-169:21 | | 168:20-169:3 | | | |
| 170:1-170:14 | | | | | |
| 173:20-173:23 | | | | | |
| 174:17-174:24 | | 174:25-175:5 | | | |
| 175:7-176:20 | Compound Vague Speculation | | | | |
| 176:23-177:2 | | | | | |
| 177:5 (at "I'm…")-177:7 | | | | | |
| 177:11-178:2 | | | | | |
| 178:5-181:8 | Scope (30b6) Legal conclusion Foundation Vague | | | | |
| 181:25-185:18 | Scope (30b6) Legal conclusion Foundation | | | | |
| 185:21-185:21 | Scope (30b6) Compound Vague | | | | |
| 191:10-192:9 | | | | | |
| 193:1-193:13 | | 192:18-192:25 | | | |

30

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 199:15-199:18 | Scope (30b6) Foundation | 194:1-194:4 197:19-197:21 | | | |
| 199:25-200:8 | Scope (30b6) Foundation Speculation | | | | |
| 200:16-201:10 | Scope (30b6) Foundation Speculation | 201:11-201:18 | CS | | |
| 201:20-203:6 | | | | | |
| 205:23-206:13 | | | | | |
| 206:25-207:3 | Foundation Vague | | | | |
| 207:6-207:13 | | 207:14-207:18 | | | |
| 211:25-213:13 | | | | | |
| 232:6-234:11 | Vague | | | | |
| 234:14-234:16 | | | | | |
| 234:18-235:11 | Speculation | | | | |
| 241:6-242:6 | | 241:4-241:5 242:7-242:11 | CS, E, 403, IMP (242:7-11) | 242:12-14 | |
| 244:6-245:7 | Scope (30b6) | | | | |
| 247:4-247:7 | Foundation Speculation | | | | |
| 247:10-248:4 | | 248:5-248:8 | E, 403, CS, IMP | | |
| 250:14-251:2 | | | | | |
| 252:3-254:18 | | 254:19-255:11 | CS, 602, 403, IMP | | |
| 260:3-260:14 | | 260:15-260:19 | | | |
| 260:23-261:24 | | 260:20-260:22 | | | |
| 281:3-281:9 | | 281:10-281:16 | CS, 602, E, LC, 403, IMP | | |
| 281:17-281:20 | Foundation Speculation | | | | |
| 281:23-282:5 | Foundation Vague Legal conclusion | | | | |
| 282:8-283:10 | Foundation Speculation | | | | |
| 283:13-283:15 | | | | | |
| 295:9-295:15 | | | | | |

**Andrew Hillier (October 31, 2019)**

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 309:8-309:11 | | 309:12-309:19 | | | |
| 324:10-326:24 | Legal conclusion Vague | 324:6-324:9 | | | |
| 327:1-327:12 | Legal conclusion Vague Foundation | | | | |
| 327:15-328:16 | Legal conclusion Vague | | | | |
| 328:18-329:2 | | 329:12-329:20 | LC, 401/402, 403, CS, E, IMP | 329:3-9 | |
| 339:2-339:14 | Hypothetical Vague | 336:1-336:4 ("Sure.") | LC, E. 401/402, 403, CS, IMP | | |
| 339:16-340:2 | Misstates testimony Hypothetical Vague | | | | |
| 340:5-340:8 | | | | | |
| 341:22-341:25 | | 342:1-342:14 | LC, E, 401/402, 403, CS, IMP | | |
| 345:22-347:14 | Legal conclusion Vague Compound | 351:20-352:2 | | | |
| 347:16-348:7 | Vague | | | | |
| 348:9-351:4 | | 351:5-351:5 | | | |
| 361:9-361:18 | Vague | | | | |
| 361:20-361:25 | | 362:1-362:25 | | | |
| 371:18-371:20 | | 373:2-373:16 | CS, LC, E, 401/402, 403, IMP | | |
| 377:15-378:3 | | 378:4-378:6 | | | |
| 378:15-378:19 | | 378:7-378:14 | | | |
| 381:24-382:7 | | 382:8-382:20 | LC, E, 401/402, 403, CS, IMP | 382:21-383:8 | |
| 394:18-394:23 | Legal conclusion Vague | 393:21-393:25 394:4-394:16 | | | |

32

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 395:1-395:17 | | | | | |
| 397:4-403:21 | | | | | |
| 404:1-404:23 | | | | | |
| 417:8-419:22 | | 419:23-420:15 | CS, 403 | | |
| 421:11-422:7 | | 422:8-422:8 | | | |
| 422:14-424:22 | Vague | | | | |
| 424:24-427:14 | | 427:15-427:20 | CS, 403 | 427:21-25 | |
| 436:2-436:6 | Scope (30b6) | 435:21-436:1 436:7-436:12 | LC, E, 401/402, 403, CS, IMP (435:21-436:1)  V/A, LC, E, 403, IMP (436:7-12) | 437:22-438:2; 438:4-6; 438:8-16; 438:19-439:1 | |
| 439:2-439:6 | | 439:7-439:16 | CS | | |
| 439:17-439:18 | Legal conclusion Vague Expert testimony | | | | |
| 439:20-439:22 | | 439:24-440:10 | LC, E, CS, 401/402, 403, IMP | | |
| 442:23-444:23 | | | | | |
| 476:25-477:23 | Scope (30b6) Hypothetical Vague | 476:10-476:17 | | | |
| 477:25-478:19 | Scope (30b6) Hypothetical Vague | | | | |
| 478:21-478:25 | | | | | |
| 479:1-479:11 | | | | | |

33

**Jeff Pauze (November 22, 2019)**

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 10:19-11:3 | | | | | |
| 11:5-12:4 | | | | | |
| 12:14-12:20 | | | | | |
| 13:20-13:22 | | | | | |
| 15:5-16:17 | | | | | |
| 16:22-19:6 | | 16:18-16:21; 19:7-19:14 | | | |
| 19:18-22:10 | | 22:11-22:22 | | | |
| 23:11-23:22 | | | | | |
| 24:6-26:18 | Vague Misleading | 23:23-24:5 | 401/402 | | |
| 26:21-27:2 | Speculation Lack of personal knowledge | | | | |
| 27:4-28:7 | | | | | |
| 28:19-30:5 | Speculation Lack of personal knowledge | | | | |
| 30:8-30:9 | Speculation Lack of personal knowledge | | | | |
| 30:11-30:13 | Speculation Lack of personal knowledge | | | | |
| 30:17-30:20 | Speculation Lack of personal knowledge | | | | |
| 30:22-30:24 | | | | | |
| 31:13-31:23 | | | | | |
| 32:4-32:10 | | | | | |
| 33:3-35:20 | Hearsay Lack of personal knowledge | | | | |

34

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 37:14-39:12 | Hearsay Lack of personal knowledge | 39:13-40:4 | H, 401/402, 403 | | |
| 40:5-40:14 | | | | | |
| 40:17-40:20 | Misleading | | | | |
| 40:24-40:25 | Misleading | | | | |
| 41:2-41:19 | Lack of personal knowledge | | | | |
| 42:3-43:15 | Hearsay Compound Vague Misleading | | | | |
| 43:18-44:15 | Nonresponsive | | | | |
| 44:18-45:16 | Speculation Lack of personal knowledge | | | | |
| 45:18-46:17 | Lack of personal knowledge | | | | |
| 46:21-46:25 | | | | | |
| 47:8-47:17 | | | | | |
| 47:19-47:24 | | | | | |
| 49:14-49:25 | | | | | |
| 50:5-50:15 | | | | | |
| 50:18-51:21 | Speculation | | | | |
| 52:15-53:21 | | 51:25-52:14 | | 53:22-54:14 | |
| 56:1-59:10 | | 55:25 | | | |
| 60:16-60:20 | | | | | |
| 61:11-61:22 | | 61:25-62:5 | | | |
| 62:6-63:20 | | | | | |
| 63:24-63:25 | | | | | |
| 64:1-65:1 | | | | | |
| 66:1-66:9 | | | | | |
| 66:12-66:20 | | | | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 66:25-67:25 | Speculation Lack of personal knowledge Misstates testimony Misleading | | | | |
| 68:3-68:8 | | | | | |
| 68:10-68:15 | Speculation Lack of personal knowledge Misstates testimony Misleading | | | | |
| 68:17-69:21 | | | | | |
| 70:2-70:8 | | | | | |
| 70:13-70:19 | | | | | |
| 70:25-72:5 | | 73:6-73:14 | | | |
| 72:15-72:17 | | 72:6-72:14 | | | |
| 73:17-74:2 | | 72:18-73:16 | | | |
| 74:6-75:19 | | | | | |
| 76:3-77:4 | | | | | |
| 78:4-78:15 | | | | | |
| 78:17-79:8 | | 79:9-79:12 | | 79:13-19; 79:21-81:5 | |
| 81:6-83:20 | | 83:21-84:1 | | | |
| 84:2-84:5 | | 84:6-84:10 | | | |
| 84:11-85:7 | | 85:15-85:18 | 106 | 85:8-14 | |
| 86:10-87:24 | Speculation Lack of personal knowledge | | | | |
| 91:12-92:20 | | 92:21-93:4 | | | |
| 93:14-94:11 | | | | | |
| 94:22-97:23 | | 94:16-94:21 | 106 | 94:12-15 | |
| 98:9-100:11 | | | | | |
| 100:15-100:19 | | | | | |
| 100:22-101:14 | | 101:17-103:19 | IMP, 401/402 | 103:20-104:4 | |
| 104:10-105:13 | | 106:2-106:11 | IMP, 401/402 | | |

36

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 106:12-108:12 | Foundation Speculation Lack of personal knowledge | 108:13-108:16 | | | |
| 109:9-110:23 | | 108:17-108:22 | 401/402, 602, CS | | |
| 113:21-115:13 | | 113:11-113:20; 115:14-115:18 | IMP, 602, 401/402 (113:11-20)  401/402 (115:14-18) | 115:21-116:1 | |
| 116:19-118:6 | | | | | |
| 118:13-120:4 | Speculation Lack of personal knowledge | | | | |
| 120:8-120:15 | | | | | |
| 121:5-122:4 | Speculation Lack of personal knowledge | | | | |
| 122:7-122:15 | | | | | |
| 123:4-123:7 | Speculation Lack of personal knowledge | | | | |
| 123:15-123:17 | | | | | |
| 123:20-124:16 | Relevance Speculation Lack of personal knowledge Hearsay | | | | |
| 124:21-124:25 | Relevance Speculation Lack of personal knowledge | 124:17-124:20 | 602, CS | | |
| 125:3-125:4 | | | | | |
| 125:22-126:4 | | | | | |

37

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 126:16-127:21 | Relevance Foundation Lack of personal knowledge Hearsay | 127:22-128:8 | | | |
| 128:23-129:18 | Relevance Hearsay | | | | |
| 130:5-131:7 | Relevance Lack of personal knowledge | | | | |
| 131:13-132:13 | Relevance Misleading | | | | |
| 133:5-133:14 | Relevance Foundation Lack of personal knowledge | | | | |
| 134:5-135:5 | Relevance | | | | |
| 135:10-135:24 | Relevance Speculation Lack of personal knowledge | | | | |
| 136:1-137:7 | Relevance | | | | |
| 138:9-139:6 | Relevance | 139:7-139:19 | | 139:20-21 | |
| 140:11-140:16 | | | | | |
| 140:18-140:21 | | | | | |
| 141:2-142:2 | Relevance Hearsay | | | | |
| 142:12-142:22 | Relevance Lack of personal knowledge | 142:23-143:2 | | | |
| 143:3-144:22 | Relevance Lack of personal knowledge Hearsay | | | | |

38

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 144:25-145:11 | Relevance Lack of personal knowledge Hearsay | | | | |
| 146:7-147:12 | | | | | |
| 147:16-149:4 | Speculation Lack of personal knowledge Hearsay | 149:5-149:16 | | | |
| 149:18-149:23 | | | | | |
| 149:25-151:2 | Relevance Hearsay | | | | |
| 151:6-152:14 | Relevance Misleading Hearsay | | | | |
| 152:20-155:1 | Speculation Lack of personal knowledge Relevance Misleading Hearsay | | | | |
| 155:4-155:5 | Speculation Lack of personal knowledge Relevance | | | | |
| 155:7-155:12 | Speculation Lack of personal knowledge Relevance Hearsay | | | | |
| 156:3-156:8 | | | | | |
| 156:10-156:25 | | | | | |
| 157:4-157:14 | | | | | |
| 157:20-159:13 | Speculation Lack of personal knowledge | 157:15-157:19 | 401/402, D | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 159:17-161:4 | Speculation Lack of personal knowledge Relevance Hearsay | 161:5-161:16 | | | |
| 161:18-162:24 | Speculation Lack of personal knowledge Relevance Hearsay | | | | |
| 163:1-165:15 | Speculation Lack of personal knowledge Relevance Misleading Hearsay | | | | |
| 165:18-165:25 | Relevance | | | | |
| 166:2-166:7 | | | | | |
| 166:9-167:9 | | 167:10-167:12 | 106 | 167:13 | |
| 167:14-168:1 | | | | | |
| 168:13-169:11 | Relevance Hearsay | 169:12-169:14 | 401/402 | | |
| 169:17-170:21 | Lack of personal knowledge Relevance Hearsay | | | | |
| 171:22-172:6 | | 172:7-172:9 | | | |
| 172:10-172:20 | | | | | |
| 172:25-174:1 | Relevance | | | | |
| 174:4-174:8 | | | | | |
| 174:9-175:21 | Hearsay | 175:22-175:24 | | | |
| 175:25-177:13 | Hearsay | 177:14-178:2 | IMP, 401/402 | | |
| 178:5-180:3 | Hearsay | 180:4-180:11 | 106, 401/402, 602 | 180:12-15 | |
| 180:16-180:20 | | 180:23-181:1 | | | |
| 181:23-182:22 | | 182:23-182:25 | 401/402 | | |
| 183:1-184:9 | | 184:10-184:15 | 401/402 | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 184:16-186:5 | Hearsay | 186:6-186:11 | 401/402 | | |
| 186:20-188:3 | Hearsay | | | | |
| 190:3-190:15 | | 190:16-190:17 | | 190:22-24 | |
| 190:18-190:21 | | | | | |
| 190:25-191:20 | | | | | |
| 192:4-193:17 | | | | | |
| 196:21-197:21 | Hearsay Relevance Lacks personal knowledge | | | | |
| 197:22-198:18 | Hearsay Relevance Lacks personal knowledge | | | | |
| 198:25-199:21 | Hearsay Relevance Lacks personal knowledge | | | | |
| 216:16-217:23 | | | | | |
| 218:4-221:6 | | | | | |
| 221:8-222:10 | | | | | |
| 222:12-223:16 | | 223:17-224:5 | IMP, 401/402, 403, H | | |
| 224:8-226:10 | | | | | |
| 227:12-228:10 | Lack of personal knowledge | 226:11-227:11; 228:11-228:14 | 401/402 (226:11-227:11) | | |
| 228:18-228:22 | | | | | |
| 228:25-229:21 | | | | | |
| 229:25-230:25 | | 231:1-231:14 | 401/402 | | |
| 232:14-232:21 | Lack of personal knowledge | 232:3-232:13 | 106; 401/402 | 231:21-232:2 | |
| 234:22-237:5 | Relevance Hearsay | | | | |
| 237:13-238:16 | Relevance Hearsay Speculation Lack of personal knowledge | 238:17-238:23 | 401/402 | | |

41

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 238:24-239:8 | Relevance Hearsay | | | | |
| 239:11-240:19 | Relevance Speculation Lack of personal knowledge | 240:20-240:22 | 401/402 | | |
| 240:23-242:10 | Relevance | | | | |
| 242:16-242:24 | Relevance | | | | |
| 243:3-243:7 | Relevance | 243:1-243:2 | 106 | 242:25-243:2 | |
| 244:5-244:15 | | | | | |
| 246:10-246:22 | | | | | |
| 247:8-248:10 | | 246:23-247:7 | 401/402 | | |
| 248:18-249:9 | | 248:11-248:14 | 401/402 | | |
| 250:1-251:7 | | | | | |
| 251:16-252:13 | | | | | |
| 252:20-253:4 | | | | | |
| 253:6-254:17 | | | | | |
| 255:1-256:4 | | | | | |
| 256:23-257:14 | | | | | |
| 257:19-259:18 | | | | | |
| 259:21-261:2 | | 261:3-261:13 | IMP | | |
| 261:14-261:15 | | 261:16-261:18 | | | |
| 261:19-263:9 | | 263:10-263:17 | 401/402 | | |
| 263:18-264:17 | | | | | |
| 269:9-270:3 | | 270:4-270:6 | 401/402 | | |
| 270:10-271:10 | | 271:11-271:15; 271:17-271:23; 271:25-272:3; 272:5-272:8 | IMP, 401/402 (271:11-15; 271:17-23; 271:25-272:3)  IMP, 401/402, 403 (272:5-8) | | |
| 273:3-273:10 | | 273:11-273:13; 273:16-273:24 | IMP, 401/402, 403, 106 | 274:12-19 | |
| 274:1-274:11 | | | | | |
| 282:16-282:22 | | | | | |
| 284:1-284:2 | | | | | |
| 284:4-284:12 | | | | | |
| 287:20-288:25 | | | | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 292:15-294:8 | Foundation Speculation Lacks personal knowledge | 285:3-287:19; 289:6-289:13; 289:16-290:5; 290:7-292:14; 294:9-294:19 | IMP, 401/402, 602, CS (285:3-287:19; 289:6-13; 289:16-290:5; 290:7-292:14)  401/402 (294:9-19) | 284:13-285:2 289:1-5 | |
| 294:22-299:10 | Foundation Speculation Lacks personal knowledge | 285:3-287:19; 289:6-289:13; 289:16-290:5; 290:7-292:14; | IMP, 401/402, 602, CS (285:3-287:19; 289:6-13; 289:16-290:5; 290:7-292:14) | | |
| 300:6-300:10 | | 300:3-300:10 | | | |
| 302:5-302:13 | | | | | |

**Gerry Smith (October 25, 2019)**

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 13:11-13:13 | | | | | |
| 19:24-20:7 | | 41:17-43:4 | IMP, 401/402 | | |
| 50:9-50:9 | | | | | |
| 50:23-52:7 | | 52:8-52:18 | IMP, 401/402 | | |
| 54:14-56:15 | | 56:16-57:23 | IMP, 401/402, 403 | | |
| 57:24-58:15 | | 58:16-58:24 | IMP, 403, CS | | |
| 58:25-59:3 | | | | | |
| 63:10-64:2 | Beyond scope of 30(b)(6) topics | 64:3-64:9; 65:11-67:12 | | | |
| 67:13-67:17 | Beyond scope of 30(b)(6) topics | 67:18-68:22 | H, CS, IMP, 401/402 | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 70:23-70:24 | Relevance; beyond the scope of the 30(b)(6) topics | 70:18-70:22; 70:24-71:10 | | | |
| 80:3-80:19 | Relevance; speculation/lack of personal knowledge; beyond the scope of the 30(b)(6) topics; hearsay | 82:17-83:6 | IMP, CS, 602, 401/402, 403 | 83:7-84:7 | |
| 89:8-90:1 | | 90:2-90:9 | IMP, 401/402, 403 | | |
| 90:10-90:17 | Misleading (F.R.E. 403) | 90:18-91:12 | IMP, 401/402, CS, 602 | | |
| 91:13-91:22 | Misleading (F.R.E. 403); beyond the scope of the 30(b)(6) topics | 91:23-92:2 | IMP, 401/402, 403, H, CS | | |
| 93:15-95:22 | | 95:22-96-7 | | | |
| 96:8-97:2 | Beyond the scope of the 30(b)(6) topics | | | | |
| 100:21-101:13 | Beyond the scope of the 30(b)(6) topics | 99:13-100:20; 101:14-101:23 | IMP, H, CS, 602, 403 (99:13-100:20)  IMP, 401/402, 403 (101:14-23) | | |
| 106:3-106:21 | | | | | |
| 109:12-110:24 | Relevance; beyond the scope of the 30(b)(6) topics | 108:17-109:11 | | | |
| 111:14-112:15 | | 112:16-113:2 | IMP, H, CS | | |
| 115:2-116:5 | Relevance | 116:6-117:3 | IMP, 401/402, 403, H | 117:4-23 | |
| 118:16-119:8 | | | | | |
| 119:15-119:22 | | | | | |
| 120:4-121:7 | | 121:8-121:19 | | | |

44

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 121:20-121:24 | | | | | |
| 127:4-127:19 | | | | | |
| 128:18-130:14 | Hearsay | | | | |
| 133:15-133:20 | Relevance; misleading (F.R.E. 403) | 132:20-133:9; 133:21-134:25 | H, CS, 602 (132:20-133:9)  IMP, 401/402, 403 (133:21-134:25) | | |
| 136:10-136:13 | | 136:14-136:19 | | | |
| 155:16-155:25 | Misleading (F.R.E. 403) | | | | |
| 170:8-170:19 | | | | | |
| 173:20-175:19 | Lacks personal knowledge | | | | |
| 177:18-177:20 | Mischaracterize prior testimony; misleading (F.R.E. 403) | | | | |
| 177:24-178:13 | Non-responsive | 178:15-179:14 | IMP, 401/402, 403, H, CS, 602 | | |
| 180:24-181:2 | Incomplete, misleading (F.R.E. 403) | 181:17-182:6 | | | |
| 184:17-185:13 | Lacks personal knowledge | | | | |
| 191:20-191:24 | Legal conclusion | | | | |
| 192:8-192:8 (at "…not.") | Legal conclusion; incomplete/ Misleading (F.R.E. 403) | 192:8-192:12 | IMP, 401/402, CS, 602 | | |
| 192:14-192:24 | Legal conclusion | | | | |
| 193:2-193:17 | Legal conclusion | | | | |
| 193:21-193:25 | Legal conclusion | | | | |
| 194:10-194:15 | | 194:16-194:18 | | 194:19-195:8 | |

45

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 195:9-195:11 | Lacks personal knowledge | 195:12-196:3 | | | |
| 196:10-196:13 | | 196:14-196:24 | | | |
| 196:25-198:4 | Speculation, lacks personal knowledge | 198:5-198:21 | | | |
| 199:13-199:15 | | 199:16-200:21 | IMP, 401/402, 403, CS, H | | |
| 201:12-202:3 | | 202:4-202:11 | | | |
| 203:10-207:13 | Speculation, lacks personal knowledge; misleading (F.R.E. 403) | 207:14-208:8 | | | |
| 208:9-208:22 | | | | | |
| 209:13-209:20 | Relevance | | | | |
| 210:1-210:5 | Legal conclusion | | | | |
| 210:11-210:19 | Relevance | | | | |
| 214:5-214:7 | | | | | |
| 214:9-215:16 | Legal conclusion | | | | |
| 215:20-216:3 | | 216:4-216:8 | | 216:18:21 | |
| 216:9-216:17 | | | | | |
| 220:14-220:19 | | 217:25-220:13 | IMP, H, 401/402 | | |
| 221:14-222:2 | | 220:20-221:13 | CS, H | | |
| 222:25-223:6 | | 222:3-222:24; 223:14-224:7 | CS, H (222:3-24) | | |
| 229:10-229:15 | Speculation, lacks personal knowledge | 229:16-230:3 | IMP, CS, 403, 401/402 | | |
| 231:10-231:14 | | 231:15-232:8 | IMP, 401/402, 403 | | |
| 234:1-234:9 | | | | | |
| 234:11-234:11 | | | | | |
| 234:13-235:2 | | | | | |
| 236:6-236:8 | | 236:11-236:18 | 401/402, 403 | | |
| 236:19-238:9 | Vague, misleading (F.R.E. 403) | | | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 238:11-239:5 | Vague, misleading (F.R.E. 403) | | | | |
| 239:7-240:6 | | | | | |
| 241:21-242:11 | | | | | |
| 244:10-244:16 | | 244:17-245:4 | IMP, 401/402 | | |
| 245:5-245:18 | | 245:19-245:24 | IMP, 401/402, 403 | | |
| 260:3-260:15 | | | | | |
| 261:8-262:10 | | 260:16-261:7; 262:11-262:25 | H, CS (260:16-261:7)<br><br>401/402, H, CS (262:11-25) | | |
| 263:1-263:17 | Speculation, lack of personal knowledge | 263:18-263:20 | | | |
| 263:21-264:3 | | | | | |
| 267:14-268:1 | | 266:21-267:13 | | 265:10-266:10; 266:13-20 | |
| 268:7-270:1 | | | | | |
| 270:7-270:24 | | 270:25-271:11 | H, CS, 403 | | |
| 271:12-271:14 | | | | | |

**Riyaz Somani (July 9, 2019)**

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 8:14-8:15 | | | | | |
| 11:7-11:17 | | 10:16-11:2 | Nonresponsive, CS (speculation), F | | |
| 13:15-13:19 | Scope | | | | |
| 13:24-14:13 | Scope | | | | |
| 14:15-15:3 | Scope | | | | |
| 15:7-16:7 | Scope | | | | |
| 16:11-16:15 | | | | | |

47

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 16:19-16:19 | | | | | |
| 18:8-21:2 | Scope Relevance Confusing Nonresponsive | | | | |
| 21:4-21:20 | Scope Relevance | | | | |
| 23:16-23:25 | Scope | | | | |
| 26:20-27:4 | Scope | | | | |
| 28:25-29:16 | Scope Lack of personal knowledge | | | | |
| 29:25-30:13 | Scope Lack of personal knowledge Nonresponsive | | | | |
| 33:7-33:10 | Misleading Vague Speculation | 31:10-31:24; 32:23-33:3; 33:21-34:9 | IMP, H, CS, 403 (31:10-24)<br><br>401/402, CS, H, F (32:23-33:3)<br><br>IMP, 401/402, 403 (33:21-34:9) | 34:20-23 | |
| 35:9-35:13 | | | | 36:3-6 | |
| 37:4-37:15 | | | | | |
| 41:17-41:21 | | 41:5-41:12 | IMP, H, 401/402, 403, S | | |
| 43:11-44:4 | | | | | |
| 44:10-47:20 | Misleading Lack of personal knowledge Confusing | | | | |
| 49:9-49:12 | Speculation | 49:18-50:2 | IMP, CS, 401/402, F | | |
| 49:14-49:16 | Speculation | 49:18-50:2 | IMP, CS, 401/402, F | | |
| 51:1-51:9 | Speculation Confusing | | | | |
| 51:11-51:17 | Speculation Confusing | | | | |

48

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 51:19-51:25 | Speculation Confusing | | | | |
| 55:24-56:9 | | | | | |
| 57:23-57:25 | Scope | | | | |
| 58:2-59:1 | Misleading Confusing Scope | | | | |
| 59:3-60:24 | Misleading Confusing Scope | | | | |
| 61:7-63:15 | | | | | |
| 63:17-64:3 | Misleading Confusing Scope Speculation | | | | |
| 64:21-64:22 | | | | | |
| 64:25-65:10 | | | | | |
| 65:15-65:19 | | | | | |
| 68:25-69:2 | | | | | |
| 69:8-69:8 | | | | | |
| 69:19-69:23 | | | | | |
| 72:5-72:8 | Scope | | | | |
| 72:24-73:12 | Scope Misleading | 72:22-72:23 | | | |
| 76:5-76:8 | | | | | |
| 76:10-76:19 | | | | | |
| 76:21-77:11 | Confusing Vague Speculation | | | | |
| 77:13-77:16 | Confusing Vague Speculation | | | | |
| 77:18-78:25 | Confusing Vague Speculation | | | | |
| 80:17-80:19 | | 79:15-79:22; 79:23-80:5 | IMP, 401/402, 403, CS | | |
| 80:21-81:2 | | 79:15-79:22; 79:23-80:5 | IMP, 401/402, 403, CS | | |

49

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 81:4-85:17 | Lack of personal knowledge Foundation Speculation | 79:15-79:22; 79:23-80:5 | IMP, 401/402, 403, CS | | |
| 92:15-93:10 | Lack of personal knowledge Foundation Scope | | | | |
| 93:16-93:21 | | | | | |
| 94:8-95:2 | | | | | |
| 96:1-96:10 | Speculation Lack of personal knowledge Nonresponsive | | | | |
| 97:4-97:5 | Confusing Vague Nonresponsive Misleading | | | | |
| 97:7-97:12 | Confusing Vague Nonresponsive Misleading | | | | |
| 97:19-98:24 | Lack of personal knowledge Foundation | | | | |
| 99:1-99:9 | | | | | |
| 99:11-99:18 | | | | | |
| 99:24-100:8 | Nonresponsive Scope | | | | |
| 100:14-100:19 | Nonresponsive Scope | | | | |
| 100:24-101:6 | Nonresponsive Scope | | | | |
| 101:13-101:21 | Nonresponsive Scope | | | | |
| 102:3-102:8 | Nonresponsive Scope | | | | |
| 102:14-102:25 | Nonresponsive Scope | | | | |
| 103:5-103:5 | Nonresponsive Scope | | | | |
| 107:20-107:23 | | | | | |

sf-4158205

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 108:17-109:18 | Speculation | 108:12-108:14 | IMP, 401/402. 403, F | | |
| 109:20-114:5 | Speculation | 108:12-108:14 | IMP, 401/402. 403, F | | |
| 114:15-114:21 | | | | | |
| 116:14-117:16 | Scope Foundation | | | | |
| 117:18-119:3 | Scope Foundation | | | | |
| 119:5-119:8 | Nonresponsive Scope | | | | |
| 119:14-120:19 | Nonresponsive Scope | | | | |
| 121:14-122:11 | Scope Misleading Relevance Vague Confusing | | | | |
| 122:13-122:19 | Scope Relevance Confusing | | | | |
| 124:11-126:19 | Foundation Scope | | | | |
| 130:8-130:15 | Misleading | | | | |
| 130:17-131:14 | Misleading | | | | |
| 133:11-133:12 | | | | | |
| 133:20-133:21 | | | | | |
| 137:3-137:8 | Foundation Lack of personal knowledge | | | | |
| 138:2-139:12 | | | | | |
| 139:24-140:7 | Misleading Confusing Vague | 139:13-139:23 | 401/402, 403, 602 | | |
| 140:19-143:3 | | | | | |
| 143:9-145:11 | Foundation Speculation | | | | |
| 145:15-145:24 | | | | | |
| 147:15-147:17 | | | | | |
| 147:18-148:18 | | | | | |
| 149:1-149:5 | | | | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 149:7-149:23 | | | | | |
| 152:12-153:14 | | | | | |
| 156:18-157:21 | Foundation | | | | |
| 158:2-158:13 | Nonresponsive Relevance Scope | | | | |
| 159:17-159:24 | | | | | |
| 163:21-163:24 | Vague Confusing | 164:3-164:15 | 401/402, 403, 602 | | |
| 182:8-182:25 | | | | | |
| 192:8-192:15 | | 187:1-187:10; 187:24-188:9; 190:5-192:2 | IMP, H, 401/402, 403, 602 (187:1-10)<br><br>IMP, 401/402, 403, 602 (187:24-188:9)<br><br>IMP, H, 602, 401/402, 403, CS (190:5-192:2) | | |
| 192:19-193:12 | | | | | |
| 194:9-198:14 | Speculation | | | | |
| 198:17-198:25 | Lack of personal knowledge Speculation | | | | |
| 202:22-203:3 | | | | | |
| 222:4-225:19 | Foundation Lack of personal knowledge Confusing Misleading | | | | |
| 228:15-228:20 | | 227:20-228:11 | IMP, nonresponsive, 401/402, 403, H, 602, CS | | |
| 230:23-232:19 | Lack of personal knowledge Foundation Speculation | | | | |
| 242:2-242:11 | | | | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 242:13-243:11 | | 243:12-243:20[3] | NOTE: 243:12-234:20 is an improper designation<br><br>IMP, H, 401/402, CS, 602 | | |
| 243:21-243:25 | | 243:12-243:20[4] | NOTE: 243:12-234:20 is an improper designation<br><br>IMP, H, 401/402, CS, 602 | | |
| 245:2-248:7 | | | | | |
| 248:23-250:7 | Misleading Confusing | | | | |
| 250:10-251:1 | Hearsay | | | | |

**Riyaz Somani (July 18, 2019)**

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 267:19-268:2 | Scope | | | | |
| 270:4-270:16 | Scope<br>Lack of personal knowledge<br>Foundation | | | | |
| 271:21-272:14 | Scope<br>Foundation<br>Lack of personal knowledge<br>Vague | | | | |
| 272:20-272:24 | Scope | | | | |

---

[3] VMware assumes Cirba's counter designation of "243:12-234:20" should be interpreted as "243:12-243:20," but requests clarification should this not be case.

[4] VMware assumes Cirba's counter designation of "243:12-234:20" should be interpreted as "243:12-243:20," but requests clarification should this not be case.

sf-4158205

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 273:3-273:13 | Scope | | | | |
| 273:15-274:1 | Scope Lack of personal knowledge | | | | |
| 274:3-274:4 | Scope | | | | |
| 274:6-274:13 | Scope Lack of personal knowledge | | | | |
| 274:21-275:1 | Scope Lack of personal knowledge | | | | |
| 275:3-275:18 | Scope Lack of personal knowledge | | | | |
| 276:11-276:14 | Scope Lack of personal knowledge | | | | |
| 276:16-276:19 | Scope Lack of personal knowledge | | | | |
| 276:23-277:1 | Scope | | | | |
| 277:3-277:9 | Scope | | | | |
| 277:12-277:15 | Scope | | | | |
| 277:17-277:25 | Scope | | | | |
| 278:2-278:4 | Scope | | | | |
| 278:6-279:1 | Scope Lack of personal knowledge | | | | |
| 279:8-279:9 | Scope | | | | |
| 279:11-279:13 | Scope Lack of personal knowledge | | | | |
| 279:15-279:18 | Scope Misleading | | | | |
| 279:22-280:7 | Scope | | | | |
| 280:9-280:10 | Scope | | | | |
| 280:16-280:19 | Scope Misleading | | | | |
| 280:21-281:5 | Scope Lack of personal knowledge | | | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 281:7-281:18 | Scope Lack of personal knowledge Speculation | | | | |
| 281:20-282:5 | Scope Lack of personal knowledge Speculation | | | | |
| 282:21-282:23 | Scope | | | | |
| 282:25-283:4 | Scope Confusing Misleading | | | | |
| 283:6-283:12 | Scope | | | | |
| 283:14-283:22 | Scope | | | | |
| 284:12-284:18 | Scope | | | | |
| 284:20-285:23 | Scope | | | | |
| 285:25-286:7 | Scope Lack of personal knowledge | | | | |
| 286:9-286:10 | Scope Lack of personal knowledge | 286:12-286:17; 286:19-288:4; 288:6-288:21 | IMP, 401/402, 403 (286:12-17; 286:19-288:4)<br><br>IMP, 401/402, 403, H, 602 (288:6-21) | | |
| 288:23-289:4 | Scope | | | | |
| 289:6-289:8 | Scope Lack of personal knowledge | | | | |
| 289:10-289:12 | Scope | | | | |
| 289:14-289:18 | Scope Lack of personal knowledge Speculation | | | | |
| 289:20-290:9 | Scope Lack of personal knowledge Speculation | | | | |
| 290:19-291:9 | Lack of personal knowledge | | | | |
| 291:17-291:24 | | | | | |

55

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 292:13-292:21 | | | | | |
| 295:13-297:3 | Hearsay Lack of personal knowledge | | | | |
| 297:8-298:2 | Lack of personal knowledge Speculation | | | | |
| 298:6-299:6 | Speculation | | | | |
| 300:2-300:21 | | | | | |
| 301:5-302:8 | | | | | |
| 302:22-305:7 | Misleading Vague Confusing | | | | |
| 305:19-305:22 | Scope | | | | |
| 306:23-307:2 | | | | | |

**Riyaz Somani (November 14, 2019)**

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 321:17-321:23 | | | | | |
| 322:14-324:25 | Misleading Confusing | | | | |
| 325:21-326:24 | | | | | |
| 327:2-327:6 | | | | | |
| 327:12-327:22 | Hearsay Lack of personal knowledge | | | | |
| 328:8-328:11 | | | | | |
| 350:19-350:23 | Speculation Confusing Vague Hearsay | | | | |
| 351:2-352:8 | | | | | |
| 357:15-358:9 | | | | | |
| 360:6-360:15 | Hearsay | | | | |
| 365:4-365:20 | | | | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 366:11-366:12 | | 366:13-366:15 | 401/402, H, 602, CS | | |
| 367:19-368:1 | | 368:2-368:6; 368:12-20 | IMP, Nonresponsive, 401/402, 602, H, CS (368:2-6)<br><br>IMP, H, 602, 401/402, 403 (368:12-20) | 368:7-11; 368:21-24 | |
| 371:6-371:7 | | | | | |
| 372:14-372:17 | | 371:16-372:13 | IMP, H, 401/402, 403, CS, 602 | 371:12-15 | |
| 374:10-375:1 | | | | | |
| 375:22-375:24 | | 376:5-376:9; 376:15-376:22 | IMP, H, 401/402, 403, CS, 602, non-responsive (376:5-9)<br><br>IMP, H, 401/402, 403, CS, 602 (376:15-22) | 376:23-24 | |
| 377:7-377:9 | | 377:10-377:12 | IMP, H, 401/402, 403, CS, 602 | 377:12-21 | |
| 381:5-381:12 | | | | | |
| 381:16-381:22 | | | | | |
| 382:13-382:23 | | | | | |
| 387:2 (at "And…")-387:7 | | 386:2-386:20 | IMP, H, 401/402, 403, CS, 602 | 386:21-387:1 | |
| 389:15-389:19 | | 388:9-389:7 | IMP, H, 401/402, 403 | | |
| 390:4-390:11 | | 390:12-391:3; 394:14-395:13 | IMP, H, 401/402, 403, CS, 602 | 391:4-5; 391:9-10; 391:22-392:17; 393:1-4; 393:7-9 | |

57

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 400:20-401:4 | | 401:5-401:23 | IMP, 401/402, 403, CS, 602, non-responsive | 402:4-8; 402:10 | |
| 403:20-403:23 | Calls for legal conclusion | | | | |
| 404:1-404:10 | Calls for legal conclusion | | | | |
| 408:10-408:16 | | | | | |
| 414:24-415:6 | Foundation | 415:7-415:10 | 401/402, 403, 602 | | |
| 418:18 (at "When…')-418:22 | | | | | |
| 419:6-419:8 | | 419:9-419:17 | IMP, 401/402, 403, CS, 602 | | |
| 419:23-420:1 | | 419:9-419:17 | IMP, 401/402, 403, CS, 602 | | |
| 423:12-423:15 | | 424:7-424:7; 424:9-424:11; 424:16-425:6 | | | |
| 423:17-423:18 | | | | | |
| 423:20-423:20 | | | | | |
| 425:7-425:15 | | | | | |
| 428:22-429:18 | Confusing Misleading | 427:7-428:6; 429:19-430:9[5] | NOTE:  429:19-420:9 is an improper designation

IMP, H, CS, 401/402, 403, 602 | | |
| 435:7-435:13 | | | | | |
| 437:8-437:20 | Speculation Foundation | 437:21-438:15 | IMP, 401/402, 403, CS, 602 | | |
| 445:23-448:10 | | | | | |
| 457:1-457:5 | | | | | |
| 457:9-459:16 | Vague | | | | |
| 459:23-460:7 | | | | | |
| 469:4-470:6 | | | | | |

[5] VMware assumes Cirba's counter designation of "429:19-420:9" should be interpreted as "429:19-430:9," but requests clarification should this not be the case.

sf-4158205

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 483:25-484:11 | | | | | |
| 506:22-508:6 | | | | | |
| 508:11-508:23 | | | | | |
| 509:1-509:11 | | | | | |
| 510:13-511:11 | | 511:12-511:17; 512:8-512:18 | IMP, 401/402, 403, 602 (511:12-17)<br><br>IMP, H, 401/402, 403, CS, 602 (512:8-18) | 511:18-20; 511:24-512:1 | |
| 515:1-515:9 | | | | | |
| 522:18-523:3 | | | | | |
| 524:22-525:2 | | | | | |
| 525:4-525:15 | | | | | |
| 532:15-532:22 | | | | | |
| 532:23-533:22 | Speculation | | | | |
| 534:2-534:12 | | | | | |
| 535:2-535:10 | | | | | |
| 536:1-536:14 | | 536:15-536:23 | IMP, H, 401/402, 403, CS, 602 | | |
| 553:5-553:13 | | | | | |
| 553:22-554:5 | | | | | |
| 554:8-555:18 | | 600:15-601:4 | IMP, 401/402, 403, CS, 602, non-responsive | | |
| 556:5-558:20 | | | | | |
| 570:22-570:25 | | | | | |
| 571:2-571:3 | | | | | |
| 585:13-586:5 | Misleading Confusing Speculative | | | | |

59

**Chuck Tatham (November 6, 2019)**

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 11:1-11:3 | | | | | |
| 17:5-17:15 | | 17:16-18:15 38:20-39:6 | IMP, 401/402 | | |
| 21:17-22:2 | | 20:25-21:2 | IMP, 401/402 | | |
| 22:8-22:12 (to "…players.") | | 22:12-23:1 | 401/402 | | |
| 29:11-29:17 | | 29:4-29:10 29:18-20 | | | |
| 29:25-30:4 | | 29:21-29:24 | | | |
| 30:22-31:24 | | | | | |
| 33:17-33:20 | | 33:14-33:16 33:25-34:18 | 401/402 (33:14-16)  IMP, 401/402, 403 (33:25-34:18) | | |
| 42:8-42:23 | Foundation Misleading | 43:17-44:21 45:8-45:16 | IMP, 401/402, 403, CS, 602, H (43:17-44:21) IMP, 401/402, 403 (45:8-16) | | |
| 54:15-54:23 | | | | | |
| 55:16-55:25 | Relevance | | | | |
| 59:17-59:24 | Vague Foundation | 58:18-59:4 59:13-59:16 | IMP, 401/402, H, 106 (58:18-59:4) | 59:5-12 | |
| 60:1-60:4 | | | | | |
| 69:11-69:25 | Lack of personal knowledge | 67:21-67:24 68:7-68:11 68:22-68:25 | IMP, 401/402, 602, CS (67:21-24; 68:22-25)  IMP, 401/402, CS, 602, H (68:7-11) | 68:12-17 | |
| 87:1-88:19 | | 86:19-86:22 88:20-89:5 | 401/402 (86:19-22)  401/402, 403 (88:20-89:5) | | |
| 91:2-91:5 | Vague Foundation | | | | |

60

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 91:7-91:9 | | | | | |
| 91:11-91:13 | Vague Foundation | | | | |
| 91:15-91:15 | | | | | |
| 98:7-98:13 | | | | | |
| 98:15-100:8 | Vague | | | | |
| 100:10-100:22 | Vague | | | | |
| 100:24-101:3 | | 101:5-101:16 | | | |
| 101:17-101:22 | | | | | |
| 108:10-108:22 | | 107:24-108:9 | 401/402 | | |
| 115:8-115:24 | Misleading Speculation | 115:25-116:3 116:6-116:7 118:8-118:18 | 106 (116:6-7) 401/402 (118:8-18) | 116:8-11 (116:6-116:7); 118:19-119:2 | |
| 120:18-120:21 | Misleading Argumentative | | | | |
| 120:23-121:3 (to "…provides.") | | 121:4-121:4 | | | |
| 121:22-125:5 | Vague Misleading | | | | |
| 125:7-125:11 | Vague Foundation | | | | |
| 125:13-126:12 | Hearsay Foundation | | | | |
| 126:14-126:15 | | | | | |
| 126:17-127:2 | | 127:3-127:16 | 401/402 | | |
| 127:17-128:10 | | 268:15-270:1 | IMP, 401/402, 403, H, 602 | | |
| 129:16-130:24 | Foundation Speculation | | | | |
| 131:1-131:3 | | | | | |
| 154:14-154:20 | | | | | |
| 154:22-155:1 | | 155:2-155:8 | 401/402 | | |
| 155:18-155:25 | | 156:1-156:6 | H, 401/402 | | |
| 156:7-158:4 | | | | | |
| 158:6-158:22 | | | | | |
| 161:15-162:3 | | 162:4-162:13 | 401/402: IMP | | |
| 162:14-162:21 | | | | | |
| 163:4-163:10 | | 163:11-163:23 | 401/402 | | |
| 170:13-171:4 | | | | | |

61

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Designation |
|---|---|---|---|---|---|
| 177:20-178:23 | | 177:11-177:19 178:24-178:25 | IMP, 401/402, 403 (177:11-19) | | |
| 180:21-181:2 | Relevance | 179:13-180:3 180:5-180:20 | IMP, 401/402, H, CS (179:13-180:3) IMP, 401/402, H (180:5-20) | | |
| 181:8-181:11 | | 181:3-181:7 | | | |
| 220:9-220:13 | | 219:25-220:8 | | | |
| 220:15-220:25 | | | | | |
| 222:12-222:18 | Speculation | 222:7-222:11 222:19-222:23 | | | |
| 222:24-223:9 | | 223:10-223:17 | | | |
| 223:18-224:19 | | 225:2-225:10 | IMP, 401/402, 403 | | |
| 242:13-242:16 | | | | | |
| 242:18-242:23 | Foundation | 242:24-243:23 | | | |
| 245:18-247:9 | Foundation | 244:17-245:17 | 401/402, H | | |
| 262:1-262:5 (to ("…yes.") | Misleading Relevance | 262:5-262:7 | | | |
| 262:7 (at "It's….")-262:9 | Misleading Relevance | | | | |

**Tom Yuyitung (October 18, 2019)**

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Desigantion |
|---|---|---|---|---|---|
| 7:24-8:7 | | | | | |
| 9:18-9:20 | Relevance | 9:21-9:24 | | | |
| 10:24-15:20 | | 16:5-16:21 | | 16:22-17:20; 18:10-19:24 | |
| 21:22-23:21 | Foundation | | | | |
| 24:4-25:7 | | 25:8-25:8 | IMP, 401/402 | | |
| 25:9-28:19 | Legal conclusion | | | | |
| 30:4-31:5 | | 29:15-30:3 31:6-31:12 | | 29:8-14 | |
| 31:13-32:21 | | | | | |
| 33:4-33:23 | | | | | |

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Desigantion |
|---|---|---|---|---|---|
| 34:19-34:25 | Vague<br>Legal conclusion<br>Includes atty obj. | | | | |
| 35:2-35:13 | Vague<br>Legal conclusion<br>Foundation | | | | |
| 35:15-38:6 | Legal conclusion | | | | |
| 39:14-39:17 | Vague<br>Legal conclusion<br>Foundation | | | | |
| 39:19-40:18 | Legal conclusion | 40:19-41:1 | | | |
| 42:8-42:16 (to "…system.") | Legal conclusion | 41:21-42:7[6]<br>42:16-42:21 | NOTE: 41:21-41:7 is an improper designation | | |
| 42:22-43:13 | | | | | |
| 44:6-45:12 | | 43:24 ("So, for…")-44:5 | | 43:14-23 | |
| 45:23-45:25 | | | | | |
| 46:10-47:3 | | 46:1-46:6 | | | |
| 50:9-51:12 | | 51:13-51:15 | | 53:23-54:11 | |
| 57:4-57:8 | | 56:4-56:9<br>56:15-57:3 | | 56:10-14 | |
| 59:2-59:24 | | 58:18-59:1 | | | |
| 63:13-64:1 | | | | | |
| 64:17-66:5 | Vague<br>Hypothetical | | | | |
| 66:7-66:21 | | | | | |
| 69:3-71:10 | Relevance<br>Misstates testimony<br>Vague | | | | |
| 71:12-72:23 | Relevance | | | | |
| 73:10-74:4 | Relevance<br>Vague | | | | |
| 74:6-75:5 | Relevance | | | | |

[6] VMware assumes Cirba's counter designation of "41:21-41:7" should be interpreted as "41:21-42:7," but requests clarification should this not be case.

| Designation | Objection | Counter Designation | Obj. to Counter Designation | Counter-Counter Designation | Obj. to Counter-Counter Desigantion |
|---|---|---|---|---|---|
| 75:13-75:20 | Relevance Vague | | | | |
| 75:22-76:11 | Legal conclusion | | | | |
| 77:7-81:16 | Foundation | 81:17-81:23 | | 81:24-82:10 | |
| 82:11-87:9 | | 87:10-87:12 | 401/402 | | |
| 87:13-95:10 | Foundation | | | | |

64

# EXHIBIT 8
# (Joint List of Trial Exhibits - Joint)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and CIRBA IP, INC., | C.A. No. 19-742-LPS |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| VMWARE, INC., | |
| Defendant. | |

**EXHIBIT 8 – [PROPOSED] JOINT EXHIBIT LIST**

Given time limitations, the parties were not able to agree on a Joint Proposed Exhibit List, but will continue their efforts in the weeks before trial.

EXHIBIT 9
(Densify's Trial Exhibits
and VMware's Objections)

Redacted In Its Entirety

# Exhibit 10

# VMWARE, INC'S TRIAL EXHIBIT LIST

Redacted In Its Entirety