## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and CIRBA IP, INC., | |
| *Plaintiffs,* | C.A. No. 19-742-LPS |
| v. | |
| VMWARE, INC., | |
| *Defendant.* | |

## DENSIFY'S STATUS REPORT

Pursuant to the Court's Oral Order (Jan. 24, 2020 Trial Tr. at 1929:6-23)[1] and the Scheduling Order dated September 9, 2019 (D.I. 174), Densify submits this Joint Status Report to address how it believes this case should proceed, to identify the post-trial motions and issues on which it intends to seek relief, and to propose a form of judgment[2] to enter on the jury's verdict and the Court's rulings to date.

This case was tried to a jury beginning on January 13, 2020, and on January 24, 2020, the jury returned a verdict in favor of Plaintiffs Cirba Inc. (d/b/a Densify) and Cirba IP, Inc. (collectively, "Plaintiffs" or "Densify") and against Defendant VMware, Inc. ("VMware") on claims 3 and 7 of U.S. Patent No. 8,209,687, and claims 1, 9, 13, and 17 of U.S. Patent No. 9,654,367. The parties expect to address the appealability of the judgment under Rule 54(b) in response to and after the Court's post-trial rulings. With respect to the post-trial motions and issues

---

[1] Densify prepared a joint status report and sent it to VMware more than 24 hours in advance of the deadline. The parties met and conferred on Thursday, January 30 regarding the status report. At 4:08 pm, VMware sent Densify a revised joint status report containing over eight pages of new content and argument including a new proposed schedule for expedited briefing. Due to the last-minute and extensive nature of VMware's changes, the parties are unable to file the joint status report requested by the Court by the 6 p.m. deadline.

[2] Densify's Proposed Judgment is filed contemporaneously herewith.

on which Densify intends to seek relief, Densify submits below its positions and proposed schedule for briefing the motions and issues.

## I.      DENSIFY'S POST-TRIAL ISSUES

Without waiver of any form of relief Densify may be entitled to seek, Densify intends to file, at the appropriate times, motions for (1) costs, (2) attorneys' fees, (3) pre-judgment interest, (4) post-judgment interest, (5) enhanced, treble damages, (6) permanent injunction, and (7) ongoing royalties.   With respect to these motions, the parties jointly propose the following schedule and page limits on briefing:

- Any post-trial motion and its opening brief shall be filed no later than 28 days after the Court's entry of judgment on the jury's verdict;

- Any answering brief in opposition shall be filed no later than 28 days after the post-trial motion is filed; and

- Any reply brief in support of a post-trial motion shall be filed no later than 14 days after the answering brief in opposition is filed.

- The parties shall have a total of 25 pages for any opening brief addressing all post-trial motions.  The parties shall have a total of 25 pages for any opposition brief responding to post-trial motions.  The parties shall have a total of 12 pages for the reply brief on post-trial motions.

- Densify proposes that the deadline for Densify's motion for entitlement to attorneys' fees is extended by 14 days pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), so that it is due as noted above along with Densify's motions no later than 28 days after the Court's entry of final judgment, with a further extension pursuant to Federal Rule of Civil Procedure 54(d)(2)(B) for Densify to address any particular amount of fees to which it may be entitled after the Court decides Densify's motion for attorneys' fees.

11505980/1

## II.   DENSIFY'S RESPONSE TO VMWARE'S POST-TRIAL ISSUES[3]

### 1.   Standing Issue

VMware should not be permitted to derail the post-trial schedule with its late and meritless standing argument. Should VMware want to continue to raise this argument, it must include it in the post-trial briefing. This Court's procedures limit each side to 20 pages "regardless of how many motions are filed" post-trial. Additionally, VMware should not be permitted to force Densify into another rapid briefing schedule on an issue that will not impact the case outcome. VMware's delay tactics mirror those during the PI phase when it attempted to stop all case progress during its Section 101 defense briefing, which the Court rightfully rejected.

### 2.   VMware's Contemplated Post-Trial Motions

VMware did not alert Densify of its post-trial motions until after 4pm on the day the joint status report was due. Thus, while Densify currently does not respond point-by-point on these motions, it intends to oppose each one and does not waive its right to object to VMware's motions under Rule 50(b) as being improper for failure to raise as a Rule 50(a) motion during trial.

### 3.   Proposed Page Limits for Post-Trial Motions

Densify disagrees that 40 pages of briefing are necessary for post-trial motions. The Court's procedures explicitly state that each side is limited to 20 pages "regardless of how many motions are filed." That VMware intends to file more than nine Rule 50(b) motions in addition to its standing argument does not mean that it should be entitled to double the page limits in this case. As stated previously, Densify would agree to page limits of 25 pages.

---

[3] As discussed previously, VMware did not notify Densify of most of these issues until 4:08 PM on the date this status report was due.

11505980/1

### 4.    Densify's Post-Trial Motions

VMware for the first time argues that Densify's post-trial motions should all be deferred until after VMware's own post-trial motions are decided. This is manifestly unfair and would have the effect of further delaying Densify's entitlement to its monetary and injunctive relief by months. As it has throughout this litigation, VMware is trying to play procedural games to increase its leverage. The Court has frequently set post-trial schedules where the parties each brief their respective post-trial motions simultaneously such that any hearings and orders can address both sets of issues in a timely manner. VMware's attempt to – yet again – derail the schedule should be rejected.

## III.    PROPOSED SCHEDULING ORDER ON COUNTERCLAIMS

**Densify's Position:** Densify intends to seek leave to file a supplemental pleading alleging that VMware infringes Densify's recently-issued (on December 31, 2019) U.S. Patent No. 10,523,492.  Densify notes that VMware has also asserted four additional patents against the same Densify product in the Eastern District of Virginia.  Those patent infringement claims are the subject of a motion to dismiss and/or transfer to this district, which will be heard on February 21, 2020.  Should VMware's additional claims be transferred to this district, Densify expects to request modification of the proposed scheduling order.

**Densify's Response to VMware's New Positions:** Densify disagrees with VMware's position (that VMware raised for the first time just 2 hours before the joint report deadline) that Densify's newly issues patent should be severed from the counterclaim schedule. VMware argues that progress has been made on its counterclaims such that adding a new patent would cause delay. This is not the case. The parties have ample time in their newly proposed schedule for Densify's patent to be added to the case. Indeed, the proposed counterclaim schedule is nowhere near as compressed as Densify's original claim schedule, and in that case VMware

argued forcefully that adding its own 4 patents after months of discovery would not derail the schedule, forcing Densify to expend significant resources drafting a motion to sever VMware's claims, a reply brief, and prepare for an argument on the issue. Further, VMware's position that the action in the E.D. Va. should not be combined with this case is against the weight of authority and logic. That case is against the same Densify product and would be proceeding in the same court at the same time. Should the case be transferred, Densify believes that an adjustment to the counterclaim schedule would be warranted and intends to seek relief at the appropriate time.

Dated: January 31, 2020

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (No. 3726)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Plaintiffs*