IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and CIRBA IP, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> VMWARE, INC., <br><br> *Defendant*. | C.A. No. 19-742-LPS |

**VMWARE'S STATUS REPORT**

VMware submits this status report pursuant to the Court's Oral Order (Jan. 24, 2020 Trial Tr. at 1929:6-23) and the Scheduling Order dated September 9, 2019 (D.I. 174).[1]

**A.    Standing Issue**

Now that trial on Cirba's claims has concluded, the Court should resolve the standing issue and defer entry of judgment in the interim, consistent with authority in this Circuit. *See, e.g., Impax Labs, Inc. v. Lannett Holdings, Inc.*, No. 1-14-cv-00984, D.I. 169 (D. Del. Mar. 29, 2017) (ordering parties to submit proposed final judgment after ruling on post-trial briefing on standing) (Andrews, J.); *Medtronic Sofamor Danek USA, Inc. v. Globus Med., Inc.*, No. 2:06-cv-04248-NS, D.I. 323 (E.D. Pa. July 17, 2009) (entering final judgment on same day as order dismissing three plaintiffs for lack of standing following post-trial briefing). While the Court had previously deferred resolution of the standing issue until after trial (D.I. 460 ¶ 16 ("With respect to the dispute at PTO ¶ 68, the Court ADOPTS Densify's position and will consider, if

---

[1] Counsel for Cirba informed counsel for VMware at 5:37pm today that Cirba will submit its own status report and proposed judgment instead of filing a joint status report.

necessary, any dispute as to the standing of one of the two Plaintiffs only after trial."), the standing issue is now ripe for adjudication.

As VMware noted in the Pretrial Order, Cirba Inc. lacks standing to sue VMware for infringement of the asserted patents. (D.I. 439 ¶ 68; *id*. at Ex. 3 at 2; *id*. at Ex. 5 at 1-3.) Specifically, the March 21, 2016 license agreement between Cirba IP Inc. ("Cirba IP") and Cirba Inc. does not grant Cirba Inc. the right to exclude others under the asserted patents. (PTX-1249 at 2-3.) Cirba Inc. thus is merely a bare and non-exclusive licensee. *See WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010) ("[A] so-called 'bare licensee' holds nothing more than a promise from the patentee that the patentee will not sue the licensee for practicing the patented invention." (citing *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1031 (Fed. Cir. 1995))).

VMware proposes the following expedited briefing schedule to address the standing issue before the Court enters judgment:

- VMware files a 5 page, single-spaced letter brief on February 7, 2020;
- Cirba files a 5 page, single-spaced answering letter brief on February 12, 2020; and
- VMware files a 3 page, single-spaced responsive letter brief on February 14, 2020.

**B.     VMware's Contemplated Post-Trial Motions**

Without waiving any form of relief that may be available to VMware, VMware currently contemplates renewing its motions for judgment as a matter of law under Rule 50(b) or, in the alternative, seeking a new trial under Rule 59. The grounds on which such motions may be prosecuted include, without limitation, and incorporating those grounds set forth during the trial:

**No Direct Infringement of the '687 Patent**

Cirba failed to carry its burden to prove by a preponderance of the evidence that VMware has directly infringed method claims 3 and 7 of the '687 patent under Section 271(a).

More specifically, Cirba failed to show that VMware directly infringed method claim 3 by carrying out limitation step 3(b), "determining which of said existing virtual servers are most suitable for conversion from one virtualized platform to another virtualized platform," based on the "analyzing" claim limitation step 3(a). For example, although Cirba relied on vCenter upgrades as allegedly satisfying this limitation, Cirba adduced no evidence to show that upgrading vCenter requires or uses DRS.

Cirba failed to show that VMware directly infringed method claim 3 by carrying out limitation step 3(c), "providing a mapping from said one platform to said another platform to facilitate said transformation." For example, although Cirba relied on vCenter upgrades as allegedly satisfying this limitation, Cirba adduced no evidence to show that upgrading vCenter involves a "transformation" or "mapping" between two platforms.

Cirba failed to show that VMware has directly infringed method claims 3 and 7 by carrying out each step of method claims 3 and 7, including the limitation "evaluating each virtual guest against each virtual host and other virtual guests using one or more rule sets pertaining to said technical, business and workload constraints." For example, Cirba adduced no evidence to show that VMware carried out this claim limitation by evaluating *each* virtual guest against *each* virtual host in the virtualized environment. Cirba also failed to present evidence identifying a set of features in the accused products that collectively perform this "evaluating" step. For example, for Dr. Madisetti's Group 1, Cirba collectively identified optional features of the accused products including DRS rules, Fault Tolerance (FT), High Availability (HA), and Storage DRS (sDRS). Cirba, however, did not specify which or how many virtual machines must use these features or how the features must be configured (*e.g.*, what types of DRS rules are needed) for

infringement to occur. Cirba further failed to show that VMware uses any specific combination of features (*e.g.*, a combination of DRS Rules, HA, FT, and sDRS) together in the infringing manner to perform this "evaluating" step. Cirba also failed to present evidence showing that the features relied upon for limitation 7(b) use the "data sets" obtained in limitation 7(a), as required by limitation 7(b).

**No Indirect Infringement of the '687 Patent**

Cirba waived all contributory patent infringement claims under Section 271(c) by failing to assert them in the Pretrial Order and at trial and presenting no evidence on that issue.

Cirba failed to present evidence sufficient for a reasonable jury to find VMware actively induced the direct infringement of claims 3 and 7 of the '687 patent by third parties, under Section 271(b). As a threshold matter, Cirba failed to present sufficient evidence that any third parties, including VMware's customers, directly infringed either claim 3 or 7. Furthermore, Cirba failed to present sufficient evidence that VMware caused any of its customers to directly infringe either claim 3 or 7 of the '687 patent. Cirba also failed to present sufficient evidence that VMware had the specific intent to induce infringement of the '687 patent by third parties, including VMware's customers. For example, Cirba failed to present evidence that VMware teaches its customers to implement any combination of DRS rules, FT, HA, and sDRS that results in infringement of claims 3 or 7. In addition, Cirba failed to present evidence sufficient to find that VMware either knew or was willfully blind to the fact that any of its customer's actions constituted infringement of claims 3 or 7 of the '687 patent.

**No Willful Infringement of the '687 Patent**

Cirba failed to carry its burden to prove by a preponderance of the evidence that VMware willfully infringed claims 3 and 7 of the '687 patent.

More specifically, Cirba failed to present evidence sufficient for a reasonable jury to find that VMware intentionally or knowingly infringed claims 3 and 7 of the '687 patent. In addition, Cirba failed to present evidence sufficient for a reasonable jury to find VMware's conduct was egregious, willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or otherwise conduct sufficient to find VMware willfully infringed the '687 patent.

**Invalidity of the '687 Patent**

VMware proved by clear and convincing evidence that, assuming infringement had been shown, Virtual Center 2 (DRS 2006) invalidates claims 3 and 7 of the '687 patent as it teaches each and every limitation recited in claims 3 and 7 and renders any differences obvious.

**No Direct Infringement of the '367 Patent**

Cirba failed to carry its burden to prove by a preponderance of the evidence that VMware directly infringed claims 1, 9, 13, and 17 of the '367 patent under Section 271(a).

More specifically, Cirba failed to carry its burden to prove by a preponderance of the evidence that the '367 Accused Products meet the following limitations of the patent—claim limitations 1(b), 1(c), and 1(e) and claim limitations 13(b), 13(c), and 13(e) of independent claims 1 and 13, respectively.

Claim limitations 1(b) and 13(b) of the '367 patent require: "obtaining at least one operational policy defining criteria to determine whether the utilization or performance of an entity is in an acceptable range relative to its capacity or performance limits." Claim limitations 1(c) and 13(c) of the '367 patent require: "computing at least one score quantifying efficiencies and/or risks associated with corresponding ones of the entities in the computing environment, based on the resource utilization or performance data, the capacity data, and the at least one operational policy." Claim limitations 1(e) and 13(e) require that the recited indicator "is positioned in the graphical representation according to the corresponding score such that the

positioned indicator shows in a spatial manner, relative efficiencies and/or risks for the corresponding entity by positioning the indicator in one of a first portion indicative of risk associated with having infrastructure in the computing environment that cannot service workload demands and meet criteria specified in the at least one operational policy, a second portion indicative of an amount of infrastructure in the computing environment that can service workload demands based on the at least one operational policy, or a third portion indicative of inefficiencies associated with having more than the required amount of infrastructure in the computing environment to service workload demands based on the at least one operational policy."

Cirba did not show that the accused products have and use the "operational policy" required by these claim limitations. In particular, Cirba did not show that the allocation ratio in the accused vROps products constitutes an "operational policy" as required by these claim limitations. Further, Cirba produced no evidence that versions 6.7 and 7.0 of the accused vROps product even have an "allocation ratio," leaving unrebutted testimony by Dr. Nieh that those vROps versions lack an "allocation ratio" – the only quantity Dr. Madisetti identified as an alleged "operational policy." (Jan. 21, 2020 Trial Tr. (Nieh) at 1368:17-1369:7.) Cirba also did not show that the accused products calculate a "score" based on an "operational policy" as required by these claim limitations. Cirba further did not show that the recited indicator in the accused vROps Workload Utilization Widget is placed in one of three portions according to the recited "operational policy" as claimed.

**No Indirect Infringement of the '367 Patent**

Cirba waived all contributory patent infringement claims under Section 271(c) by failing to assert them in the Pretrial Order and at trial and presenting no evidence on that issue.

**No Willful Infringement of the '367 Patent**

Cirba failed to carry its burden to prove by a preponderance of the evidence that VMware willfully infringed claims 1, 9, 13, and 17 of the '367 patent.

More specifically, Cirba failed to present evidence sufficient for a reasonable jury to find that VMware intentionally or knowingly infringed the asserted claims. Cirba adduced no evidence that VMware had knowledge of the '367 patent before this action was filed. In addition, Cirba failed to present evidence sufficient for a reasonable jury to find VMware's conduct was egregious, willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or otherwise conduct sufficient to find VMware willfully infringed the '367 patent.

**No Damages**

Cirba failed to carry its burden to prove its damages claims for both asserted patents by a preponderance of the evidence. Moreover, Cirba has not proven the amount of damages with reasonable certainty.

Cirba failed to limit its reasonable royalty calculation to only those circumstances in which the steps of the claimed method were performed. Cirba adduced no evidence that show any correlations between the damages amount and the extent to which the patented methods are performed in the accused products. Cirba did not show any quantification of use or testing by VMware for either the '687 patent or the '367 patent. Cirba's damages expert conceded at trial that he did not do the damages analysis for direct infringement (Jan. 17, 2020 Trial Tr. at 1032:9-14.) Cirba also failed to show evidence that customers purchasing the accused products used the patented method disclosed in the '687 patent, though it calculated damages using 100% of VMware's units sold as its royalty base. The resulting damages award is not limited by the number of instances of direct infringement.

Cirba failed to present evidence sufficient for a reasonable jury to determine the damages period for induced infringement of the '687 patent. For example, Cirba failed to present

evidence sufficient for finding inducement for DRS.  Cirba also failed to present evidence sufficient for finding that VMware had the requisite mental state for induced infringement related to any accused product.

Cirba failed to present evidence sufficient for a reasonable jury to award damages based only on the incremental value that the patented invention adds to the accused products.  For example, Cirba did not present sufficient evidence that 33 percent of the value of DRS should be attributed to the '687 patent.  The resulting damages award is excessive.

Cirba failed to present sufficient evidence to invoke the entire market value rule.  For example, Cirba did not show that the accused functionality in VMware's products is the basis for customer demand or that it creates the value of the component parts of the accused products.

Cirba failed to present sufficient evidence that the damages calculation properly deducted all necessary costs.  The resulting damages award is excessive.

The damages award for the '687 patent is speculative because it applies two, contradictory damages approaches to different accused products to calculate damages for the same patent.  Cirba presented no evidence that the use of inconsistent damages approaches was appropriate in calculating damages.

Additionally, the damages award for the '687 patent is speculative because Cirba failed to present evidence of comparable market transactions, such as valuations and financial information, in calculating damages.  Moreover, Cirba relied on speculative forward patent citation to determine the relative value of the '687 patent.

Cirba failed to present sufficient evidence that it properly marked its products and services.  Cirba failed to present evidence sufficient for a reasonable jury to determine the damages period for the asserted patents.

Cirba failed to present a reliable damages calculation for the '367 patent. Cirba's damages for the '367 patent arbitrarily elevate the experience of only one customer to decide on a reasonable royalty. The resulting damages award is speculative.

The damages award does not break down the damages attributable to each claim of the asserted patents. If liability fails on any such claim, VMware may seek relief from the damages award on that basis.

**Additional Grounds for a New Trial**

VMware also intends to move for a new trial on the grounds that the jury verdict was against the weight of evidence, the damages award was excessive, the trial was unfair and prejudicial.

### C. Proposed Briefing Schedule for Post-Trial Motions

Consistent with Federal Rules of Civil Procedure 50(b) and 59(b), VMware proposes the following briefing schedule apply for any motions filed under Rules 50(b) and/or 59(b):

- Any post-trial motions and the accompanying opening brief shall be filed no later than 28 days after the Court's entry of judgment;

- Any answering brief in opposition shall be filed no later than 21 days after the post-trial opening brief is filed; and

- Any post-trial reply brief shall be filed no later than 14 days after the post-trial answering brief is filed.

### D. Proposed Page Limits for Post-Trial Motions

Due to the complexity of the post-trial motions to be briefed, and the absence of earlier briefing on many of these issues prior to trial, VMware requests that the Court expand the page limitations set forth in paragraph 26 of the Scheduling Order. Accordingly, VMware requests the Court adopt the following page limitations for the parties' post-trial motions: 40 pages of opening briefs, 40 pages of answering briefs, and 20 pages of reply briefs.

VMware's proposal reflects the complexity and scope of this case, the expedited case schedule, the number and importance of post-trial issues to be resolved, and the limited scope of motions for summary judgment allowed in this case. (*See* Jan. 17, 2020 Trial Tr. at 1156:9-12 ("we have also talked about throughout how the right to move for summary judgment was very limited given the speed with which we moved to trial."); *id.* at 1157:4-8 ("I want to make sure you understand while frequently I will defer ruling on these motions, and they get renewed and resolved post-trial, this is not your typical case. This is a case in which we got to trial too quickly to have full-blown summary judgment practice.").)

### E. Cirba's Post-Trial Motions

VMware submits that it would be more efficient to defer Cirba's post-trial motions for (1) costs, (2) attorneys' fees[2], (3) pre-judgment interest, (4) post-judgment interest, (5) enhanced, treble damages, (6) permanent injunction, and (7) ongoing royalties until after the Court has resolved VMware's motions for judgment as a matter of law and/or new trial, particularly when VMware's motions for judgment as a matter of law would impact liability issues and thus render Cirba's post-trial motions moot. *See, e.g.*, *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, No. 12-540-LPS, D.I. 465 (D. Del. Aug. 28, 2015) (Oral Order) (deferring motions for permanent injunction, accounting and supplemental damages, pre-and post-judgment interests, attorney fees and costs after resolution of motions for judgment as a matter of law and/or a new trial); *CIF Licensing, LLC v. Agere Sys. LLC*, No. CA 07-170-LPS, 2012 WL 6085368, at *11 (D. Del. Dec. 3, 2012) (deferring plaintiff's post-trial motions, including motion for permanent injunction, after a trial on defendant's exhaustion defense, which could affect the judgment of liability).

---

[2] VMware requests an additional 14 days to respond to Cirba's motion for entitlement to attorneys' fees to the extent the Court grants Cirba's request to extend its motion by 14 days.

### F.  Stipulation of Dismissal and Order of Judgment

Each side has proposed its own judgment, and VMware's proposed judgment (**Exhibit A**) addresses the issues decided by the jury and the issues decided by the Court.  VMware intends to address the appealability of the judgment under Rule 54(b) in response to and after the Court's post-trial rulings.

**Claims or Defenses Dropped by the Parties**

VMware also proposes that the Court enter an Order on its Proposed Stipulation and Order of Dismissal (**Exhibit B**), which provides for the dismissal with prejudice of the following claims and/or defenses that were dropped by the parties and not presented to the jury:

- Cirba's claims against VMware for infringement of claims 2, 4, 5, 11, 15, 16, and 19 of the '367 patent under 35 U.S.C. ¶ 271;

- VMware's defense and counterclaim against Cirba that claims 1, 9, 13, and 17 of the '367 patent are invalid under 35 U.S.C. ¶¶ 102 and 103 based on the following references either alone, or in combination with each other—vCenter Operations 1.0; vCenter Operations Standard Evaluator's Guide; U.S. Patent Appl. Pub. No. 2011/0161858; U.S. Patent Appl. Pub. No. 2006/0277206; U.S. Patent No. 6,810,367; U.S. Patent Appl. Pub. No. 2009/237404; U.S. Patent Appl. Pub. No. 2013/0007760; U.S. Patent Appl. Pub. No. 2011/0261055; and "Akorri BalancePoint: End-to-End Visibility Across Virtualized Servers and Dell Equallogic iSCSI SANs"; and

- VMware's defense and counterclaim against Cirba that claims 3 and 7 of the '687 are invalid under 35 U.S.C. ¶¶ 102 and 103 based on the following references either alone, or in combination with Virtual Center 2 (2006 DRS) or each other — "A Quantitative and Analytical Approach to Server Considerations," by Andrew Hillier; "Policy Driven Heterogeneous Resource Co-Allocation with Gangmatching," by Rajesh Raman, Miron Livny, and Marvin Solomon; U.S. Patent No. 8,347,297; U.S. Patent No. 8,667,500; U.S. Patent No. 8,875,266; and U.S. Patent Appl. Pub. No. 2007/0271560.

(*See* Jan. 17, 2020 Trial Tr. at 1157:22-1158:13 (Cirba agreeing to drop infringement of claims 2, 4, 5, 11, 15, 16, and 19 of the '367 patent); Jan. 21, 2020 Trial Tr. at 1483:14-17 (VMware agreeing to drop invalidity defenses of the '367 patent).)

**Judgment Relating to the '687 and '367 Patents**

As discussed above, Cirba Inc. lacks standing to sue VMware for patent infringement. VMware therefore asks that the Court defer both entry of judgment and entry of the parties' stipulated dismissal until after the standing issue challenge has been resolved. VMware's drafts of the Proposed Judgment and Proposed Stipulation and Order of Dismissal with Prejudice assume that VMware is successful with its standing defense.

If the Court is inclined to enter judgment before resolution of the standing issue, VMware submits that its proposed form of judgment be entered as a non-final judgment in the interim, with execution on the judgment stayed under Rule 62(d).

By submitting its Proposed Judgment, VMware does not waive any arguments it may have on appeal and expressly reserves its right to appeal any and all adverse rulings, except for the dismissal of claims or defenses set forth in the Proposed Stipulation and Order of Dismissal with Prejudice. In addition, VMware submits that the judgment is subject to modification following the Court's consideration of the parties' post-trial motions and further to the Federal Rules of Civil Procedure and applicable law. Because VMware's counterclaims on its offensive counterclaims remain pending, any entry of judgment should not affect those counterclaims.

### G. Proposed Scheduling Order on VMware's Counterclaims

VMware's counterclaims remain pending before the Court. Filed herewith is the proposed scheduling order on these counterclaims from the parties.

VMware understands that Cirba intends to seek leave to file a supplemental pleading alleging that VMware infringes Densify's recently-issued (on December 31, 2019) U.S. Patent No. 10,523,492. VMware disagrees that Cirba's newly issued patent should be added to this action on the same schedule as VMware's deferred counterclaims. Cirba has already answered VMware's counterclaims (D.I. 182) and produced its core technical documents and sales figure related to VMware's counterclaim patents (D.I. 183). VMware's counterclaims also have been

delayed for many months while the proceedings on Cirba's '687 and '367 patents were expedited.

If VMware's Eastern District of Virginia action is transferred to this District, VMware also does not agree that the transferred action should necessarily be combined with this case. This is especially true if doing so would further delay the progress on VMware's deferred counterclaims in this action.

Should Your Honor have any questions or concerns regarding the foregoing or the attachments, counsel are available at the Court's convenience.

Dated: January 31, 2020

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/  Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I, Anne Shea Gaza, hereby certify that on January 31, 2020, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Kenneth L. Dorsney, Esquire
> Morris James LLP
> 500 Delaware Avenue, Suite 1500
> Wilmington, DE 19801
> *kdorsney@morrisjames.com*
>
> *Attorney for Plaintiffs/Counter-Defendants*

I further certify that on January 31, 2020, I caused the foregoing document to be served via electronic mail upon the above-listed counsel and on the following:

> Courtland L. Reichman, Esquire
> Shawna L. Ballard, Esquire
> Jennifer Estremera, Esquire
> Michael G. Flanigan, Esquire
> Joachim B. Steinberg, Esquire
> Kate Falkenstien, Esquire
> Ariel C. Green, Esquire
> Reichman Jorgensen LLP
> 100 Marine Parkway, Suite 300
> Redwood Shores, CA  94065
>
> Sarah O. Jorgensen, Esquire
> Reichman Jorgensen LLP
> 1201 West Peachtree Street, Suite 2300
> Atlanta, GA 30309
>
> Christine E. Lehman, Esquire
> Reichman Jorgensen LLP
> 818 Connecticut Ave., N.W., Suite 850
> Washington, DC 20006

24585493.1

Jaime F. Cardenas-Navia, Esquire
Wesley Lanier White, Esquire
Khue V. Hoang, Esquire
Reichman Jorgensen LLP
100 Park Avenue, Suite 1600
New York, NY 10017

*RJ_densify@reichmanjorgensen.com*

Gary J. Toman, Esquire
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
*gtoman@wwhgd.com*

Peter J. Ayers, Esquire
Law Office of Peter J. Ayers, PLLC
2200 Bowman Avenue
Austin, TX 78703
*peter@ayersiplaw.com*

*Attorneys for Plaintiffs/Counter-Defendants*

| | |
|---|---|
| Dated: January 31, 2020 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| | /s/ *Anne Shea Gaza* |
| | Anne Shea Gaza (No. 4093) |
| | Robert M. Vrana (No. 5666) |
| | Samantha G. Wilson (No. 5816) |
| | Rodney Square |
| | 1000 N. King Street |
| | Wilmington, Delaware 19801 |
| | *agaza@ycst.com* |
| | *rvrana@ycst.com* |
| | *swilson@ycst.com* |
| | |
| | *Attorneys for VMware, Inc.* |

24585493.1