# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and CIRBA IP, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> VMWARE, INC., <br><br> *Defendant.* | C.A. No. 19-742-LPS |

**LETTER TO THE HONORABLE LEONARD P. STARK FROM KENNETH L. DORSNEY RE: TRIAL TESTIMONY OF DR. VIJAY MADISETTI**

Kenneth L. Dorsney (#3726)
kdorsney@morrisjames.com
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
kdornsey@morrisjames.com

*Attorneys for Cirba Inc. and Cirba IP, Inc.*

Dated: January 30, 2020

**Morris James** LLP

Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

January 30, 2020

**VIA CM/ECF & HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Court for District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19
Wilmington, DE 19801-3555

RE:   *Cirba Inc. (d/b/a Densify), et al. v. VMware, Inc.*,
      **C.A. No. 19-742-LPS**

Dear Chief Judge Stark:

Densify writes in response to VMware's letter filed with the Court on January 14, 2020, purportedly relating to concerns that Dr. Madisetti "may attempt to bootstrap in new opinions to those the Court has already permitted or otherwise attempt to offer new opinions." (D.I. 496).

First, any alleged concerns expressed by VMware in its letter are now moot, given that Dr. Madisetti has in fact testified consistent with the boundaries established by the Court in the January 7, 2020 pre-trial conference (i.e., limiting Dr. Madisetti's opinions to only those disclosed "in any of his declarations, depositions, reports, up to, and including [the December 27th] deposition.").

Second, Densify takes issue with, and would like to note for the record, VMware's repeated and ongoing pattern of unreasonable and unnecessary conduct over the course of this litigation, including but not limited to its repeated attempts to interrupt Dr. Madisetti's trial preparation and trial presentation itself.

For example, after 5pm (ET) on Christmas Eve, VMware sent correspondence via e-mail with vague and threatening statements concerning Dr. Madisetti's upcoming deposition on December 27, demanding he be able to answer a long list of questions without taking time to consult his expert reports (which run over a thousand pages including the accompanying exhibits and claim charts). Ex. 1. In an attempt to address any potential concerns raised by VMware and streamline the forthcoming deposition, Dr. Madisetti worked throughout the next two days, including the Christmas holiday itself, to prepare summary notes for his deposition concerning VMware's voluminous source code that he reviewed and cited in his expert reports. Another example would be the January 14, 2020 letter itself, filed in the middle of his trial testimony, which again contained numerous unfounded concerns, such as VMware's contention that "Dr. Madisetti raised two new infringement theories at his deposition—one relating to 'initial placement' and one relating to 'multiple iterations.'" Those theories were expressly disclosed, along with relevant VMware source code, in Dr. Madisetti's November 29, 2019 opening expert report concerning infringement. (*See, e.g.*, November 29, 2019 Expert Report of Dr. Vijay Madisetti, Ex. 5 at 4 ("DRS is an integral feature of vCenter, which is part of VMware vSphere which is server virtualization software. Further, vSphere includes management software, vCenter Server (of which DRS is a part) for ***initial placement*** of VMs and to continuously move VMs to alternative hosts within a cluster to load balance the hosts and enforce placement constraints as shown in the picture below.") (emphasis added); *id.* at 37 ("For example, the DRS Combinations validate an existing virtualized environment (e.g., datacenter,



Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

customer datacenter, cluster, vSphere environment, vCenter environment, etc.) by using functions to *initial place* two or more virtual machines on one or more virtual hosts, such as '**Initial Placement**' or 'Placement.'") (emphasis added); *id.* at 139 ("For example, the DRS Combinations perform *multiple iterations* for multiple VMs and multiple host to be evaluated for technical, business, and workload constraints.") (emphasis added).) And VMware explored at length Dr. Madisetti's timely disclosure of those same theories during his December 27, 2019 deposition prior to trial. (*See, e.g.*, December 27, 2019 Madisetti Dep. Tr. at 116:12-118:12 (multiple iterations); *id.* at 145:11-152:22 (initial placement); *id.* at 279:9-280:18 (initial placement).)

Moreover, VMware objected repeatedly throughout Dr. Madisetti's rebuttal testimony on January 22, 2020. In fact, VMware's very first objection to an alleged "new opinion" during Dr. Madisetti's rebuttal testimony—which concerned workload constraints, evaluation of VM migrations, and filtering—was properly overruled by the Court as it was properly disclosed in Dr. Madisetti's November 29, 2019 opening expert report, as well as during his December 27th deposition. (*See, e.g.*, Cirba v. VMWare January 22, 2020 Trial Tr. – Volume G at 1602:25-1611:12; DDX-8 at 26; November 29, 2019 Expert Report of Dr. Vijay Madisetti, Ex. 5 at 93 ("For example, Citation 11 describes in the highlighted portion a 'DRS load- balancing algorithm' (described in Algorithm 1) that 'aims to minimize cluster-wide imbalance, Ic, by evaluating all possible single-VM migrations, many filtered quickly in practice, and selecting the move that would reduce Ic the most.' Thus, DRS performs evaluations using the rules sets defined by the load balancing algorithm by evaluation each of the VMs (of the plurality) and hosts."); December 27, 2019 Madisetti Dep. Tr. at 268:11-269:23.) VMware even objected to Dr. Madisetti being given a chance to respond to Dr. Nieh's completely new "mailbox" analogy, which was overruled by the Court minutes later. (*See* Cirba v. VMWare January 22, 2020 Trial Tr. – Volume G at 1612:18-1613:9).

Densify submits that VMware's January 14 letter, as well as its related conduct related to Dr. Madisetti, was unwarranted and unnecessary, and at this point moot.

Respectfully,

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (#3726)
kdorsney@morrisjames.com

cc: All counsel of record (via CM/ECF and electronic mail)

11503265/1

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (404) 609-1040
Fax: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Reichman Jorgensen LLP
818 Connecticut Ave NW, Suite 850
Washington, DC 20006
Telephone: (202) 894-7310
Fax: (650) 623-1449

Khue V. Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley L. White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Rahul Sarkar (*pro hac vice*)
rsarkar@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Park Avenue, Suite 1600
New York, NY 10017
Telephone: (212) 381-1965
Fax: (650) 623-1449

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna Ballard (*pro hac vice*)
sballard@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Michael G. Flanigan (*pro hac vice*)
mflanigan@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Kate Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Ariel C. Green (*pro hac vice*)
agreen@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Fax: (650) 623-1449

Gary J. Toman (*pro hac vice*)
gtoman@wwhgd.com
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
Telephone: (404) 876-2700
Fax: (404) 875-9433

Peter J. Ayers (*pro hac vice*)
peter@ayersiplaw.com
Law Office of Peter J. Ayers, PLLC
2200 Bowman Avenue
Austin, TX 78703
Telephone: (512) 771-3070
Fax: (512) 520-4459

*Attorneys for Plaintiffs*
*Cirba, Inc. and Cirba IP, Inc.*

# Exhibit 1

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI
SINGAPORE, TOKYO, WASHINGTON, D.C.

December 24, 2019

Writer's Direct Contact
(415) 268-7602
rhung@mofo.com

By Electronic Mail

Christine Lehman, Esq.
Reichman Jorgensen LLP
1615 M Street NW
Suite 300
Washington, DC  20036
clehman@reichmanjorgensen.com

Re:   *Cirba Inc., et al. v. VMware, Inc.*, C.A. No. 19-742-LPS (D. Del.)

Dear Christine:

I write regarding the upcoming deposition of Vijay Madisetti, scheduled for this Friday. We were quite troubled by his conduct at his July 12, 2019 deposition and at the July 28, 2019 preliminary injunction hearing, and we hope to avoid similar issues during his upcoming deposition.

At his prior deposition, Dr. Madisetti wasted enormous amounts of time (as much as ten minutes) reviewing documents under the pretext of needing to do so to answer simple, basic questions—only to then avoid answering them. (*See, e.g.*, Dep. Tr. at 171:19-174:22, 203:11-206:9.)

As the Court itself recognized, Dr. Madisetti also attempted to offer new opinions that went beyond the scope of his declarations for the first time at the hearing. (Prelim. Inj. Hrg. Tr. at 193:3-11.)

Dr. Madisetti's limited and cryptic opinions in his November 29, 2019 expert report, which he accompanies with lengthy string citations without further explanation, suggests that he may attempt the same here. Please be advised that we intend to ask Dr. Madisetti about at least the following topics at his deposition this Friday:

- **General Topics:**
    o How and when the source code functions he cites are called;
    o What specific evidence demonstrates that customers have used or are using the accused functions in the allegedly infringing manner; and

sf-4158933

**MORRISON | FOERSTER**

December 24, 2019
Page Two

- o   What specific evidence demonstrates that VMware has used the accused functionality in the allegedly infringing manner.
- **'687 Patent Specific Topics**
    - o   Whether his infringement theory requires the use of VM-host affinity or VM-host anti-affinity rules;
    - o   Whether his infringement theory requires the use of VM-VM affinity or VM-VM anti-affinity rules;
    - o   Whether his infringement theory requires the use of Agent VM, High Availability ("HA"), or Fault Tolerance ("FT") features;
    - o   What specific rule sets that he is relying on as pertaining to technical, business, and workload constraints;
    - o   What hosts and VMs does he include in the "virtualized environment" for his infringement theory;
    - o   Whether there are configurations of DRS that do *not* infringe;
    - o   What specific evidence demonstrates that customers have used or are using DRS in the allegedly infringing manner;
    - o   Why the prior art's disclosures of maintenance mode, resource pools, and host pinning do not satisfy the '687 patent's "business constraints" limitations;
    - o   What he understands are the differences between DRS 1.0 and DRS 2.0, in terms of their operation; and
    - o   How his Exhibits 5, 6, and 7 differ.
- **'367 Patent Specific Topics**
    - o   How any alleged "operational policy" is used to compute the required "score" and define the required "criteria"; and
    - o   How the "operational policy" in the O'Sullivan prior art reference allegedly differs from the "operational policy" in the claims.

Should Dr. Madisetti be unprepared to answer these and other questions, attempt to provide long-winded and non-responsive answers, try to enlarge upon his opinions or introduce new ones for the first time, or otherwise waste time at Friday's deposition, we intend to seek the Court's assistance during the deposition itself.

We also intend to seek our fees and costs for the deposition and for re-deposing him, if necessary.

Sincerely,

*[signature]*

Richard S.J. Hung

sf-4158933