# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

**LEONARD P. STARK**
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
844 N. KING STREET
UNIT 26
WILMINGTON, DE 19801-3555

February 10, 2020

**VIA CM/ECF**
All Counsel of Record

    Re:    *Cirba Inc., et al. v. VMware, Inc.*, C.A. No. 19-742-LPS

Dear Counsel:

    I have completed my review of the parties' recent status reports and proposed orders. (D.I. 568, 569, 570, 571, 572) Based on the parties' identification of issues on which each intends to seek post-trial relief, and my familiarity with those issues gained through nine months of expedited litigation (including, of course, trial), I have formed tentative views as to how any motions, including those challenging the jury verdict, are likely to come out. Those inclinations have informed my decision as to how this matter should proceed. I thought it would be beneficial for you to know my tentative views of the proposed motions, in the hope that this will make briefing and resolution of those motions more efficient for you and for me. It is my further hope that the parties will strongly consider making a renewed effort to resolve their disputes without the need of further litigation.

## Densify's Post-Trial Motions

    I have decided that Densify's proposed motions should be briefed on the same schedule as VMware's motions. Among the reasons for this is that I expect it is unlikely I am going to be persuaded by VMware to alter the verdict.

    My current inclinations with respect to Densify's motions are to award Densify costs, pre- and post-judgment interest, and ongoing royalties but to deny attorney's fees (it does not seem to me that this case is exceptional within the meaning of 35 U.S.C. § 285), enhanced damages (it does not seem to me that VMware has been shown to have acted egregiously), or a permanent injunction.

## VMware's Post-Trial Motions

    I agree with Densify that only a small expansion of the Court's standard page limits is warranted. I also agree with Densify that there is no special urgency to VMware's standing motion. It can be briefed at the same time and within the same page limits I am setting for the other post-trial motions.

My current inclinations are to deny all requested relief with respect to infringement, invalidity, and damages for both the '687 and '367 patents. It seems to me at the moment that the jury could have reasonably credited all of Dr. Madisetti's testimony and opinions. Further, VMware chose not to present a damages expert, and the jury could have reasonably credited all of Densify's expert's testimony and opinions. Finally, while I have no present inclination with respect to whether sufficient evidence was presented to support the finding of willful infringement of the '687 patent, I am inclined to enter judgment as a matter of law of no willful infringement of the '367 patent.

At present I see no basis to believe that VMware should be granted a new trial. While a reasonable jury could have sided with VMware on at least most of the disputed issues, it does not seem likely that VMware will be able to meet its burden to show that a new trial is warranted.

### Judgment and Dismissal Orders

I will today be docketing a judgment order and an order dismissing each sides' dropped claims with prejudice. I have resolved in those orders the issues on which the parties did not reach agreement.

I have largely adopted VMware's proposal, as it more accurately tracks the jury's findings. Densify's proposal (*see, e.g.*, D.I. 569 at 2), by contrast, in at least one instance (no invalidity as to the '367 patent) includes a statement about an issue that was not actually presented to the jury.

On the stipulation of dismissal, the Court agrees with Densify that it should continue to refer to both plaintiffs collectively as "Densify." Neither plaintiff should be permitted to bring its dismissed claims against VMware, nor should VMware be permitted to bring its dismissed invalidity counterclaims against either plaintiff. Should the Court's ruling on the forthcoming standing motion necessitate modification of the stipulation of dismissal (or any other order), any party may request such modification at an appropriate time.

### Scheduling Order Regarding VMware's Infringement Counterclaims

The Court has previously provided the parties with certain dates, including the trial date of September 13, 2021, for the schedule for handling VMware's counterclaims for infringement of VMware's U.S. Patent Nos. 8,875,266, 10,069,752, and 8,336,049. The Court will also be entering the parties' agreed-upon proposed schedule with respect to other dates and limitations relating to those counterclaims.

The Court will determine whether to allow Densify to add claims for infringement of its newly-issued U.S. Patent No. 10,523,492, and whether to add to the existing schedule any claims that may be transferred here from the Eastern District of Virginia, if the Court is asked to do so. The Court's inclination going forward will be to handle any remaining disputes the parties have according to a single schedule, even if that requires extending the schedule (and the already-given trial date) to make that happen.

### Inclinations Are Not an Order

I would like to emphasize that the views expressed in this letter are merely my present inclinations, based principally on my recollection of the trial and the parties' submissions during and after trial. My views are subject to change after I review the full briefing on any motions that are filed. I will only be able to make final decisions after receiving the forthcoming briefing and, if necessary, conducting oral argument. Nevertheless, and particularly because I think the parties should seriously consider whether they can resolve their disputes without many more years of litigation, I thought it would be useful for you to know my present impressions.

### Alternative Dispute Resolution

Whether or not my ultimate orders in this case end up being fully consistent with my present inclinations, it seems to me inescapable that the parties are on track to litigate their disputes in this Court for many, many years. As the parties understand, the expedited attention I have given this case to date (and particularly getting to trial within nine months of the case being filed) is highly unusual. I did that for reasons explained when I denied Densify's motion for a preliminary injunction. It seems now that those reasons no longer exist. As importantly, I am deeply skeptical that I can continue to prioritize this case above the 600-odd other cases I have on my docket. The parties should not expect that I will be expediting any further portions of this case.

And regardless of what happens in this Court over the next several years, the parties will have their opportunity to further litigate in the Court of Appeals.

It seems that the only alternative to many, many years of further litigation, with no certainty as to the substance or timing of outcomes, is for the parties to renew their efforts to resolve their disputes. The parties, and their products, have worked together in the past. I will be asking Magistrate Judge Burke to again offer his assistance to the parties and I urge the parties to take another serious look at resolving their disputes through Court-sponsored mediation or any other form of alternative disputed resolution.

Sincerely,

Leonard P. Stark
Chief Judge
United States District Court for the District of Delaware