# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CIRBA INC. (d/b/a DENSIFY)
and CIRBA IP, INC.,

                Plaintiffs,

    v.

VMWARE, INC.,

                Defendant.

Civil Action No. 1:19-cv-00742-LPS

## DENSIFY'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION FOR CONSOLIDATION

Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Plaintiffs*

Dated: March 20, 2020

11593829/1

# TABLE OF CONTENTS

Table of Contents .................................................................................................................... ii

Table of Authorities ............................................................................................................... iii

Introduction ............................................................................................................................ 1

I. Background ........................................................................................................................... 1

II. Legal Standards .................................................................................................................. 5

III. Argument ......................................................................................................................... 5

    A. Consolidation Would Promote Judicial Efficiency. .................................................... 6

    B. Consolidation Would Not Prejudice VMware. ............................................................ 8

IV. Conclusion ........................................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Abbott Diabetes Care, Inc. v. Dexcom, Inc.*,
No. 06-514, 2007 WL 2892707 (D. Del. Sept. 30, 2007)...........................................................5

*Bayer Pharma AG v. Macleods Pharms., Ltd.*,
No. 15-464, 2016 WL 1450771 (D. Del. Apr. 12, 2016)...........................................................5

*Eastman Chem. Co. v. AlphaPet Inc.*,
No. 09-971, 2011 WL 7121180 (D. Del. Dec. 29, 2011) ..........................................................5

*Project Lifesaver Int'l v. JJCK, LLC*,
No. 10-1143, 2011 WL 2619073 (D. Del. July 1, 2011) ..........................................................5

*SZ DJI Tech. Co., Ltd v. Autel Robotics USA LLC*,
No 16-706, 2018 WL 1316203 (D. Del. Mar. 14, 2018) ..........................................................5

*In re TMI Litig.*,
193 F.3d 613 (3d Cir. 1999).......................................................................................................5

**Other Authorities**

Federal Rules of Civil Procedure Rule 42(a).............................................................................1, 5

## INTRODUCTION

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Densify respectfully requests that the Court consolidate the current action (C.A. No. 19-742) with related case C.A. No. 20-272, which was recently transferred to this District from the Eastern District of Virginia and reassigned to Your Honor on March 18, 2020. The two cases involve the same parties, many of the same accused products, and the same underlying technology. As a natural consequence, the cases will involve many of the same witnesses, documents, and source code. Consolidating the cases will streamline discovery and promote the efficient use of judicial resources. Because there has been relatively limited activity on what remains of the current action (VMware's counterclaims were severed and stayed in September 2019 and were only reinstated last month), consolidation would not lead to significant delay or unduly prejudice VMware. VMware has informed Densify that it opposes consolidation, and instead would have the Court and the parties litigate the same technology across separate trials. There is no reasonable basis for the cases to proceed along such a fractured schedule.

## I.   BACKGROUND

On April 25, 2019, Densify filed this lawsuit against VMware in the District of Delaware for patent infringement and trademark-related claims.[1] (D.I. 1.) On May 6, 2019, Densify moved for a preliminary injunction to halt VMware's infringement of the '687 Patent pending a trial on the merits. (D.I. 11.) After the parties completed 12 weeks of expedited discovery, the Court held a full-day preliminary injunction hearing on August 6, 2019. While the Court denied

---

[1] The patents asserted in Densify's complaint were U.S. Patent No. 8,209,687 (the "'687 Patent") and U.S. Patent No. 9,654,367 (the "'367 Patent").

the preliminary injunction, it determined there was sufficient cause to expedite the trial proceedings, and scheduled trial for five months later, beginning on January 13, 2020. (D.I. 137.)

After the trial had been scheduled, VMware for the first time raised the possibility of asserting counterclaims for patent infringement. On August 20, 2019, VMware served its Answer and Counterclaims, which asserted that Densify's sole product infringed four VMware patents.[2] (D.I. 150.)  While Densify's lawsuit was filed in April, VMware did not assert its counterclaims until one day before its proposed expedited case schedule was due, on August 20. VMware sought to combine its counterclaims with the expedited trial on Densify's claims for the stated reason that "the best defense is a good offense." (D.I. 164 at 16.)

On August 27, 2019, Densify moved to sever VMware's counterclaims so that it could realistically accommodate the Court's expedited trial schedule.  (D.I. 156 at 7.)  VMware opposed the motion and asserted that the claims should be tried together because "the practicing or accused products ... and subject matter overlap" and because the asserted claims implicated the same witnesses and documents.  (*Id.* at 7-8.)  VMware argued that trying the claims separately would "lead to needless inefficiencies" and would "waste party and judicial resources."  (*Id.* at 1.)

On September 20, 2019, the Court granted Densify's motion to sever and ordered that VMware's counterclaims proceed in a separate action. (D.I. 194.)  While the Court acknowledged that there was a "significant overlap in the evidence" between the asserted claims (9-19 Tr. at 12:21), it granted the motion to ensure that both parties could accommodate the expedited trial schedule.  (*Id.* at 10:25.)  In granting the motion to sever, the Court explained that

---

[2] VMware asserted infringement claims on U.S. Patent Nos. 8,875,266 (the "'266 patent");10,069,752 (the "'752 patent"); 8,336,049 (the "'049 patent"); and 9,521,151 (the "'151 patent").

it adopted an expedited schedule because Densify would likely suffer irreparable harm under a normal schedule. (*Id.*at 10:12-19.) The same risk of harm did not and does not exist with respect to VMware's counterclaims. (*See id.* at 11:9-19 (finding no significant prejudice to VMware).) The Court later set a tentative trial date of September 2021 for VMware's counterclaims. (D.I. 578.).

Six days after the Court denied VMware's request for expedited treatment of its counterclaims, on October 21, 2019, VMware filed suit against Densify in the Eastern District of Virginia. (Case 2 D.I. 1.)[3] In Case 2, VMware alleges that Densify's product—the *same* product at issue in the Case 1 counterclaims—infringes four *additional*, unrelated patents.[4] (*See id.*) The patents at issue in Case 2 are different than the patents at issue in Case 1, but they involve the same underlying technology.

Densify, which has no connections to the Eastern District of Virginia, and which did not relish the idea of litigating the same technology simultaneously in two different parts of the country, filed a motion to dismiss Case 2 for lack of personal jurisdiction, or, in the alternative, to transfer Case 2 to the District of Delaware. (Case 2 D.I. 22.) Despite previously arguing that all claims should be tried together, VMware made an about-face, opposed the transfer motion, and asked the court to adopt a schedule that would involve at least *three* trials over the same technology. (*See* Case 2 D.I. 43.) Judge Ellis granted Densify's motion and transferred Case 2

---

[3] In this brief, "Case 1" refers to the case originally filed by Densify in the District of Delaware, C.A. No. 19-742. "D.I." refers to the docket numbers in Case 1. "Case 2" refers to the case originally filed by VMware in the Eastern District of Virginia, which was subsequently transferred to the District of Delaware as C.A. No. 20-272. The term "Case 2 D.I." refers to the docket numbers in Case 2.

[4] VMware alleged infringement of U.S. Patent Nos. 9,379,995 (the "'995 Patent"), 9,766,945 (the "'945 patent"), 10,025,638 (the "'638 Patent"), and 10,261,842 (the "'842 patent").

to the District of Delaware.  (Case 2 D.I. 64 at 6-8.)  The court's decision was based in large part on the substantive similarities between the asserted patents, and on the efficiencies that would be gained by trying Case 2 "alongside the claims concerning the same accused infringing product . . . ." (*See id.* at 6.)

Trial on Densify's '687 and '367 patents commenced as scheduled on January 13, 2020. On January 24, 2020, the jury returned a verdict in favor of Densify.  (D.I. 550.)  On January 31, 2020, Densify filed a status report.  At that time, Densify's motion to transfer Case 2 was still pending.  Accordingly, Densify noted that it would seek a modification of the Court's Scheduling Order if its transfer motion were granted.  (D.I. 568 at 4.)  Densify also informed the Court that it intended to assert a recently-issued patent against VMware, which was also likely to impact case scheduling.[5]  (*Id.*)

Now that the motion to transfer has been granted, Densify seeks to consolidate Case 1 and Case 2.  Densify's proposed consolidated schedule is attached to this motion as Exhibit A. The proposed schedule places all of the claims at issue across Cases 1 and 2 (including the soon-to-be-filed claims relating to Densify's '492 patent) on a single schedule, with an anticipated trial date in April 2022.

On March 10, 2019, Densify sent its proposed consolidated schedule to VMware for review. On March 11, 2019, the parties met and conferred, and Densify asked VMware if it would agree to a consolidated schedule.  On March 19, 2020, VMware stated that it would not. *See* Ex. B (March 19, 2020 e-mail from J. Cohen to K. Hoang).  Densify respectfully requests

---

[5] On December 31, 2019, the USPTO approved and issued a new patent to Densify, U.S. Patent No. 10,523,492 ("the '492 patent").  The claims of the newly-issued '492 patent relate to the same general subject matter as the patents asserted in Case 1 and Case 2.  Densify believes that VMware has infringed the '492 patent, and intends to assert the patent as a counterclaim in Case 2.

that the Court consolidate Case 1 and Case 2 and adopt Densify's proposed consolidated

schedule to avoid duplicative and unnecessary trials and discovery.

## II.    LEGAL STANDARDS

Under Rule 42(a), courts "have the authority to consolidate actions involving a common

question of law or fact." *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, No. 06-514, 2007 WL

2892707, at *3 (D. Del. Sept. 30, 2007).  "The purpose of consolidation is to streamline and

economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting

outcomes in cases involving similar legal facts and issues." *In re TMI Litig.*, 193 F.3d 613, 724

(3d Cir. 1999) (quotation omitted).  When deciding whether to consolidate an action, courts

"balance considerations of 'efficiency, expense, and fairness.'" *Project Lifesaver Int'l v. JJCK,*

*LLC*, No. 10-1143, 2011 WL 2619073, at *1 (D. Del. July 1, 2011) (quoting *Abbott*, 2007 WL

2892707, at *3).  In patent cases, courts typically grant motions to consolidate when the actions

at issue involve the same parties, technologies, patent applicants, accused products, and prior art.

*E.g.*, *SZ DJI Tech. Co., Ltd v. Autel Robotics USA LLC*, No 16-706, 2018 WL 1316203, at *1 (D.

Del. Mar. 14, 2018); *Abbott*, 2007 WL 2892707, at *4; *Eastman Chem. Co. v. AlphaPet Inc.*, No.

09-971, 2011 WL 7121180, at *2-9 (D. Del. Dec. 29, 2011); *see also Bayer Pharma AG v.*

*Macleods Pharms., Ltd.*, No. 15-464, 2016 WL 1450771, at *2 (D. Del. Apr. 12, 2016) ("In

patent infringement litigation, the efficiencies derived from pre-trial consolidation for claim

construction and discovery are clearly recognized ... .").

## III.    ARGUMENT

The cases at issue here are ideal candidates for consolidation.  The cases involve identical

parties, many of the same accused products, and the same underlying technology.  By extension,

discovery across the two cases will necessarily involve many of the same witnesses, documents,

and source code.  Consolidating the cases would streamline discovery and claim construction, and would allow the parties and the Court to avoid an unnecessary trial and potentially inconsistent rulings or verdicts.  At the same time, consolidation would not prejudice VMware— it would not cause any significant delay, nor would it affect any of VMware's substantive rights.

## A.    Consolidation Would Promote Judicial Efficiency.

Consolidation would promote efficiency and reduce expense at every step of litigation, from discovery through trial.  At the outset, it is worth pointing out the significant commonalities between the two actions:

- The cases involve the same parties: Densify and VMware.

- Many of the accused products—including Densify's *only* product—are the same across the two actions.[6]

- Seven of the eight patents asserted against Densify were filed by the same applicant—VMware.  The only remaining patent (the '151 patent, from Case 2) has since been assigned to VMware.

- Each of the patents asserted in the two cases relate to the same general subject matter—virtual machine placement and optimization.

- The asserted patents contain many of the same claim terms.  For example, the term "snapshot" appears in the asserted claims of the '752 patent (Case 1) and the '995 patent (from Case 2), and the term "virtual machine" appears in the asserted claims of the '266 and '049 patents (Case 1) as well as in the '842 and '945 patents (Case 2).

The similarities between Case 1 and Case 2 make it easy to see how consolidation would streamline proceedings at each step of the litigation.  Judge Ellis recognized as much when he granted Densify's motion to transfer Case 2 to the District of Delaware, stating that "[Case 2's]

---

[6] On March 10, 2020, VMware made a public announcement that it will be releasing vSphere 7.0 on May 1, 2020 (although on March 19, 2020, counsel for VMware informed Densify that vSphere 7.0 would be released in April 2020).  Densify has good cause to believe that vSphere 7.0 infringes the newly-issued '492 patent based on publicly available information. Since vSphere 7.0 has not yet launched, it was not an accused product in Case 1.  Aside from vSphere 7.0, the VMware accused products in case 2 will be largely identical to those in Case 1. And since Densify has just one product, all of VMware's claims necessarily relate to the same accused product.

consolidation with VMware's pending claims in the District of Delaware would also likely facilitate efficient, economical and expeditious pre-trial proceedings and discovery."  (Case 2 D.I. 64 at 7 (quotation omitted).)

There are numerous reasons why consolidation would promote judicial efficiency.  ***First***, the fact that the two cases involve the same parties, the same general subject matter, and many of the same accused products means there will be significant overlap in discovery between the two cases.  At a minimum, discovery in the two cases will implicate the same fact witnesses, financial data, source code, and development documents, and will likely involve the same expert witnesses.  Consolidating the cases would thus allow the parties to avoid engaging in duplicative discovery, and will allow the Court to manage discovery disputes in a more efficient and cost-effective manner.  ***Second***, the fact that many of the patents use the same claim language means the two cases lend themselves to a single claim construction.  ***Third***, a schedule that provides for two trials creates the possibility of inconsistent verdicts and, in particular, increases the risk that VMware would obtain a double recovery.  This problem is especially pronounced here, where, absent consolidation, each of two juries would have to apportion damages for a single infringing product across (up to) four patents, without accounting for the patents at issue in the parallel case.  ***Finally***, consolidating the two cases would eliminate an additional trial, along with the accompanying time and expense for both the parties and the Court.

VMware cannot be heard to dispute any of the efficiencies that would be gained by consolidating the two cases.  To the contrary, in opposing Densify's motion to sever VMware's counterclaim from the first trial, VMware explicitly acknowledged the benefits of having a single trial when doing so would have been to its benefit.  In fact, VMware said it best: "In view of the subject matter overlap, the relevant evidence (the allegedly infringing products, witnesses,

documents, and prior art) necessarily will overlap.  Accordingly, there is no basis for separate trials covering the overlapping factual and legal issues ...." (D.I. 164 at 1).[7]

## B.    Consolidation Would Not Prejudice VMware.

There is no downside to consolidation.  Consolidating Case 1 and Case 2 would only affect scheduling and would not affect either party's substantive rights.  Consolidation also would not lead to any meaningful delay.  Discovery on VMware's counterclaims is in its infancy—the parties have made initial disclosures as required by Rule 26 and by Delaware's default ESI order, and Densify has disclosed its initial invalidity contentions.  But neither party has made any new document productions or taken depositions in connection with any of the claims remaining in Case 1, claim construction has not yet begun in Case 1, and no discovery at all has been taken in Case 2.[8]  Accordingly, putting the cases on the same schedule would not result in any meaningful delay for either matter.

Consolidation also would not lead to a significant delay in the trial schedule.  As it stands, the Court issued a tentative trial date of September 2021 for VMware's Case 1 counterclaims, but no trial date has been set for Case 2.  Under Densify's proposed consolidated schedule, all claims would go to trial in April, 2022.  (*See* Ex. A).  The additional few months

---

[7] In the months leading up to the first trial, Densify sought to sever VMware's counterclaims in order to accommodate the Court's expedited trial schedule.  (*See* D.I. 156 at 7 ("Severance Is Necessary To Maintain The Court's Trial Schedule And Avoid Prejudice To Densify.")).  Since the parties are no longer operating under an expedited schedule, the rationale that justified severance no longer applies, and consolidation of VMware's various claims is appropriate.  In other words, Densify has a principled explanation as to why it supported severance before, but now supports consolidation. VMware, on the other hand, lacks a principled explanation as to why it currently opposes consolidation, given its previous efforts to obtain a single trial for all of the asserted claims and counterclaims.

[8] Some of the discovery that took place in connection with the already-completed trial may be relevant to some of the claims currently at issue in Case 1 and Case 2, but there is no reason to think that the discovery is more relevant to one case than the other.

ensures that the parties have enough time to pursue full discovery in connection with the four additional Case 2 patents, as well as Densify's '492 patent.  VMware has not identified any prejudice associated with the April 2022 date.

## IV.   CONCLUSION

For the foregoing reasons, Densify respectfully requests that the Court consolidate Case 1 and Case 2, and adopt its proposed consolidated schedule.

Dated: March 20, 2020

Respectfully submitted,

_/s/ Kenneth L. Dorsney_

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Reichman Jorgensen LLP
818 Connecticut Ave NW, Suite 850
Washington, DC 20006
Telephone: (202) 894-7310
Fax: (650) 623-1449

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (404) 609-1040
Fax: (650) 623-1449

Khue V. Hoang (*pro hac vice*)
khoang@reichmanjorgensen.com
Jaime Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley L. White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Rahul Sarkar (*pro hac vice*)
rsarkar@reichmanjorgensen.com
Reichman Jorgensen LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Fax: (650) 623-1449

Peter J. Ayers (*pro hac vice*)
peter@ayersiplaw.com
Law Office of Peter J. Ayers, PLLC
220 Bowman Avenue
Austin, TX 78703
Telephone: (512) 771-3070

Kenneth L. Dorsney (#3726)
kdorsney@morrisjames.com
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna Ballard (*pro hac vice*)
sballard@reichmanjorgsensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Michael G. Flanigan (*pro hac vice*)
mflanigan@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Kate Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Ariel C. Green (*pro hac vice*)
agreen@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Marine Parkway, Suite 300
Redwood Shores, California 94065
Telephone: (650) 623-1401
Fax: (650) 623-1449

Gary J. Toman (*pro hac vice*)
gtoman@wwhgd.com
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
Telephone: (404) 876-2700
Fax: (404) 875-9433

**ATTORNEYS FOR CIRBA INC.
(D/B/A DENSIFY) AND CIRBA IP, INC.**

# EXHIBIT A

**Proposed Consolidated Scheduling Order for VMware's Patent Infringement
Counterclaims, VMware's Transferred EDVA Claims, and Densify's '492 Patent
(C.A. Nos. 1:19-cv-000742-LPS and 1:20-cv-00272-MN)**

| ¶[1] | Event | Densify's Proposal | VMware's Proposal |
|---|---|---|---|
| **Pleadings** | | | |
| N/A | Answer to Complaint in 20-cv-00272-MN | **March 23, 2020** (D.I. 72, 20-cv-00272-MN) | |
| 2 | Joinder of parties | **May 7, 2020** | |
| **Initial Disclosures** | | | |
| 1 | Initial Disclosures | March 27, 2020 (Densify '492) (VMware '995, '945, '638, '842) | |
| 7(a) | P to identify accused products | April 20, 2020 (Densify '492) (VMware '995, '945, '638, '842) | |
| 7(b) | D to produce core technical documents | May 18, 2020 (supplement prior disclosures) | |
| 7(c) | P to product initial infringement contentions | June 17, 2020 | |
| 7(d) | D to produce initial invalidity contentions | July 17, 2020 | |
| **Claim Construction** | | | |
| N/A | Parties exchange list of claim construction terms | August 17, 2020 | |
| 12 | Parties exchange proposed constructions, and intrinsic evidence | August 31, 2020 | |
| 12 | Joint claim construction chart | October 15, 2020 | |
| 11 | Technology tutorial | November 16, 2020 | |

---

[1] All paragraph citations are to Scheduling Order for Counter-Plaintiff VMware, Inc.'s Patent Infringement Counterclaims. (D.I. 571, 578.)

| ¶[1] | Event | Densify's Proposal | VMware's Proposal |
|---|---|---|---|
| 11 | Comment on opposing party technology tutorial | December 7, 2020 | |
| 13 | Initial claim construction briefing | November 16, 2020 | |
| 13 | Responsive claim construction briefs | December 7, 2020 | |
| 13 | Reply claim constriction brief | December 21, 2020 | |
| 13 | Sur-reply claim construction brief | January 4, 2021 | |
| 13 | File joint claim construction brief | January 19, 2021 | |
| 15 | Interim status report (#1) | February 1, 2021 | |
| 14 | Claim construction hearing | February 15, 2021 | |
| 8(b) | Substantial completion of document production | March 1, 2021 | |
| **Final Disclosures** | | | |
| 16 | Final supplementation of accused products and invalidity references | No later than service of final infringement and invalidity contentions | |
| 7(e) | P to provide final infringement contentions | Earlier of 30 days after Court issues claim construction order OR May 17, 2021 | |
| 7(f) | D to provide final invalidity contentions | Earlier of 45 days after Court issues claim construction order OR June 1, 2021 | |
| 15 | Interim status report (#2) | June 15, 2021 | |
| 8(a) | Fact discovery deadline | July 1, 2021 | |
| **Expert Discovery** | | | |
| 8(f)(i) | Initial expert reports | August 30, 2021 | |

| ¶[1] | Event | Densify's Proposal | VMware's Proposal |
|------|-------|--------------------|--------------------|
| 8(f)(i) | Rebuttal expert reports | September 29, 2021 | |
| 8(f)(i) | Reply expert reports (from the party with initial burden of proof) | October 13, 2021 | |
| 8(f)(iv) | Completion of expert depositions | November 3, 2021 | |
| **Dispositive Motions** | | | |
| 17 | Case dispositive motion deadline (including *Daubert* motions) | December 3, 2021<br><br>(24 days after motion/brief for answering brief and 14 days after answering brief for replies) | |
| 17(c) | Case dispositive motion hearing | January 28, 2022 | |
| **Pretrial & Trial** | | | |
| 19 | Proposed pretrial order | March 7, 2022 | |
| 21 | Proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms | March 23, 2022 | |
| 19 | Pretrial conference | March 28, 2022 | |
| 22 | Trial | April 11, 2022 | |

# **EXHIBIT B**

| From: | Cohen, Jayson L. |
|---|---|
| To: | Khue V. Hoang; Wesley L. White; Nelson, R. Benjamin; Vrana, Robert; Wilson, Samantha; Gaza, Anne Shea; MoFo_VMware_Cirba |
| Cc: | RJ_Densify; Dorsney, Kenneth L.; Gary J. Toman Esq. (gtoman@wwhgd.com) |
| Subject: | RE: [EXT] RE: Cirba: March 11th Meet and Confer |
| Date: | Thursday, March 19, 2020 4:54:46 PM |

[EXTERNAL]
Khue,

We do not agree to a single consolidated schedule on all 9 patents.

Regards,
Jayson

JAYSON COHEN
Morrison & Foerster LLP
250 West 55th Street | New York, NY 10019-9601
P: +1 (212) 336-4068 | C: +1 (646) 329-4554
mofo.com

---

**From:** Cohen, Jayson L. <JCohen@mofo.com>
**Date:** Thursday, Mar 19, 2020, 2:24 PM
**To:** Khue V. Hoang <khoang@reichmanjorgensen.com>, Wesley L. White <wwhite@reichmanjorgensen.com>, Nelson, R. Benjamin <rbnelson@mofo.com>, Vrana, Robert <RVrana@ycst.com>, Wilson, Samantha <SWilson@ycst.com>, Gaza, Anne Shea <agaza@ycst.com>, MoFo_VMware_Cirba <MoFo_VMware_Cirba@mofo.com>
**Cc:** RJ_Densify <RJ_Densify@reichmanjorgensen.com>, Dorsney, Kenneth L. <KDorsney@morrisjames.com>, Gary J. Toman Esq. (gtoman@wwhgd.com) <gtoman@wwhgd.com>
**Subject:** RE: [EXT] RE: Cirba: March 11th Meet and Confer

Dear Khue,

The lack of parallelism in Cirba's response is apparent.  Cirba insists we respond within 24 hours, without further discussing the competing scheduling proposals, but Cirba has now put off responding to our straightforward disclosure and discovery questions on the counterclaims for weeks.  If you do not intend to respond by 5PM ET today as well—on Item Nos. 1-3 and 5-6 below, please let us know your availability to meet and confer tomorrow.  In any case we will have a response for you on the schedule by 5 pm ET.

Regards,
Jayson

**JAYSON COHEN**
Morrison & Foerster LLP
250 West 55th Street | New York, NY 10019-9601
**P:** +1 (212) 336-4068 | **C:** +1 (646) 329-4554

---

**From:** Khue V. Hoang <khoang@reichmanjorgensen.com>
**Sent:** Wednesday, March 18, 2020 7:29 PM
**To:** Cohen, Jayson L. <JCohen@mofo.com>; Wesley L. White <wwhite@reichmanjorgensen.com>; Nelson, R. Benjamin <rbnelson@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; MoFo_VMware_Cirba <MoFo_VMware_Cirba@mofo.com>
**Cc:** RJ_Densify <RJ_Densify@reichmanjorgensen.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>;

Gary J. Toman Esq. (gtoman@wwhgd.com) <gtoman@wwhgd.com>
**Subject:** RE: [EXT] RE: Cirba: March 11th Meet and Confer

Jayson,

We've met and conferred on the scheduling issue multiple times now, by phone and email, and the parties have shared competing schedules.  We don't believe there's a need for another call.  Please let us know simply whether VMware will or will not agree to a single consolidated schedule before Judge Stark by 5:00 PM (ET) tomorrow.  We note the reassignment of the transferred case to Judge Stark earlier today.

As for the other issues on your list, they are unconnected to the one above, and we will respond to them separately.

Thanks,
Khue

**From:** Cohen, Jayson L. <JCohen@mofo.com>
**Sent:** Wednesday, March 18, 2020 6:16 PM
**To:** Wesley L. White <wwhite@reichmanjorgensen.com>; Nelson, R. Benjamin <rbnelson@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; MoFo_VMware_Cirba <MoFo_VMware_Cirba@mofo.com>
**Cc:** RJ_Densify <RJ_Densify@reichmanjorgensen.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Gary J. Toman Esq. (gtoman@wwhgd.com) <gtoman@wwhgd.com>
**Subject:** RE: [EXT] RE: Cirba: March 11th Meet and Confer

[EXTERNAL]
Hi Wesley,

I understand Lily deferred the scheduling issues to me on your earlier meet and confer about depositions.  We are not available to meet and confer tomorrow at 5 pm ET due to other commitments, but we are available at 6 pm ET.  Before that, we would appreciate a response in writing to Item Nos. 1-3 and 5-6 below, which we discussed last week and which Cirba agreed to follow up on.

We can use my dial in:  800-650-4949,,,336-4068#.

Regards,
Jayson

**JAYSON COHEN**
Morrison & Foerster LLP
250 West 55th Street | New York, NY 10019-9601
**P:** +1 (212) 336-4068 | **C:** +1 (646) 329-4554

**From:** Wesley L. White <wwhite@reichmanjorgensen.com>
**Sent:** Wednesday, March 18, 2020 5:07 PM
**To:** Nelson, R. Benjamin <rbnelson@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; MoFo_VMware_Cirba <MoFo_VMware_Cirba@mofo.com>
**Cc:** RJ_Densify <RJ_Densify@reichmanjorgensen.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Gary J. Toman Esq. (gtoman@wwhgd.com) <gtoman@wwhgd.com>

**Subject:** [EXT] RE: Cirba: March 11th Meet and Confer

**- External Email -**

Ben,

Following up on this afternoon's meet and confer with your colleague Lily Li, please let us know by 5pm ET tomorrow (March 19th) whether VMware is willing to agree to a single schedule for a consolidated case.

Thanks,
Wesley

---

**From:** Wesley L. White <wwhite@reichmanjorgensen.com>
**Sent:** Wednesday, March 18, 2020 7:14 AM
**To:** Nelson, R. Benjamin <rbnelson@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; MoFo_VMware_Cirba <MoFo_VMware_Cirba@mofo.com>
**Cc:** RJ_Densify <RJ_Densify@reichmanjorgensen.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Gary J. Toman Esq. (gtoman@wwhgd.com) <gtoman@wwhgd.com>
**Subject:** RE: Cirba: March 11th Meet and Confer

Ben,

Thank you for your response, but we disagree with the creation of parallel schedules for VMware's counterclaims, the transferred patents, and the '492 patent – it is inefficient and not what Judge Stark said he wanted. The fact is, VMware's first 4 counterclaim patents have seen very little activity – that portion of the case has only been active for effectively less than two months.  Moreover, any concern with the practicality of trying 9 patents in a single trial is largely an issue of VMware's own making.  In light of this – all of which we believe has already been discussed during our last meet and confer – we intend to submit a single schedule for a consolidated case, in accordance with the Court's letter of February 10 (No. 19-742, D.I. 575).

We're available to meet and confer today after 4pm (ET).

Regards,

Wesley

---

**From:** Nelson, R. Benjamin <rbnelson@mofo.com>
**Sent:** Tuesday, March 17, 2020 7:22 PM
**To:** Wesley L. White <wwhite@reichmanjorgensen.com>; RJ_Densify <RJ_Densify@reichmanjorgensen.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Cc:** Vrana, Robert <RVrana@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; MoFo_VMware_Cirba <MoFo_VMware_Cirba@mofo.com>
**Subject:** RE: Cirba: March 11th Meet and Confer

[EXTERNAL]
Wesley,

We've reviewed your proposed consolidated schedule and are concerned about the practicality of trying 9 patents in a single trial. (Cirba itself recognized this issue during last week's meet and confer.) We're also

concerned that your schedule ignores the progress that the parties have made on VMware's counterclaims.

For these reasons, we would be willing to accept your proposal for an April 2022 trial on the transferred patents and the '492 patent in C.A. No. 20-272, provided that the parties retain the existing scheduling order for VMware's counterclaims in C.A. No. 19-742. We propose additional modifications to your proposed schedule below for the transferred patents and the '492 patent to minimize conflicts with the September 2021 trial date on the counterclaims.

We believe that parallel schedules will be less burdensome for the parties overall and that the parties will be able to take advantage of opportunities to coordinate discovery across the matters. If Cirba would like more time to prepare for the separate April 2022 trial, we would be open to discussing a later trial date in 2022.

Please let us know your thoughts. We're happy to hop on a call to discuss the schedule if it would be helpful.

Thanks,
Ben

| Event | Cirba's Proposal | VMware's Proposal (if different) |
|---|---|---|
| Answer to complaint | March 23, 2020 | |
| Initial disclosures | March 27, 2020 | |
| P to identify accused products | April 20, 2020 | |
| Joinder of parties | May 7, 2020 | |
| D to produce core technical documents | May 18, 2020 (supplement prior disclosures) | |
| P to produce initial infringement contentions | June 17, 2020 | |
| D to produce initial invalidity contentions | July 17, 2020 | |
| Parties exchange list of claim construction terms | August 17, 2020 | N/A |
| Parties exchange proposed constructions, and intrinsic evidence | August 31, 2020 | Sept. 10, 2020 – terms, constructions, and intrinsic evidence as in counterclaim schedule |
| Joint claim construction chart | October 15, 2020 | Sept. 17, 2020 |
| Technology tutorial | November 16, 2020 | Oct. 29, 2020 |
| Comment on opposing party technology tutorial | December 7, 2020 | Nov. 19, 2020 |
| Initial claim construction briefing | November 16, 2020 | Oct. 1, 2020 |
| Responsive claim construction briefs | December 7, 2020 | Oct. 22, 2020 |
| Reply claim constriction brief | December 21, 2020 | Nov. 5, 2020 |
| Sur-reply claim construction brief | January 4, 2021 | Nov. 19, 2020 |
| File joint claim construction | January 18, 2021 | Nov. 24, 2020 |

| brief | | |
|---|---|---|
| Interim status report (#1) | February 1, 2021 | Dec. 4, 2020 |
| Claim construction hearing | February 15, 2021 | Dec. __, 2020 |
| Substantial completion of document production | March 1, 2021 | January 15, 2021 |
| Final supplementation of accused products and invalidity references | No later than service of final infringement and invalidity contentions | No later than service of final infringement and invalidity contentions |
| P to provide final infringement contentions | Earlier of 30 days after Court issues claim construction order OR May 17, 2021 | Earlier of 30 days after Court issues claim construction order OR March 18, 2021 |
| D to provide final invalidity contentions | Earlier of 45 days after Court issues claim construction order OR June 1, 2021 | Earlier of 45 days after Court issues claim construction order OR April 2, 2021 |
| Interim status report (#2) | June 15, 2021 | April 9, 2021 |
| Fact discovery deadline | July 1, 2021 | May 21, 2021 |
| Initial expert reports | August 30, 2021 | June 9, 2021 |
| Rebuttal expert reports | September 29, 2021 | July 9, 2021 |
| Reply expert reports (from the party with initial burden of proof) | October 13, 2021 | July 30, 2021 |
| Completion of expert depositions | November 3, 2021 | Dec. 10, 2021 (commencing November 15, 2021) |
| Case dispositive motion deadline (including *Daubert* motions) | December 3, 2021 (24 days after motion/brief for answering brief and 14 days after answering brief for replies) | December 22, 2021; Jan. 21, 2022 (or 30 days to oppose to account for holidays); Feb. 4, 2022 (or 14 days to reply) |
| Case dispositive motion hearing | January 28, 2022 | February 11, 2022 |
| Proposed pretrial order | March 7, 2022 | April 1, 2022 |
| Proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms | March 23, 2022 | April 6, 2022 |
| Pretrial conference | March 28, 2022 | April 11, 2022 |
| Trial | April 11, 2022 | April 25, 2022 |

**From:** Wesley L. White <wwhite@reichmanjorgensen.com>
**Sent:** Friday, March 13, 2020 10:59 AM
**To:** Nelson, R. Benjamin <rbnelson@mofo.com>; RJ_Densify <RJ_Densify@reichmanjorgensen.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Cc:** Vrana, Robert <RVrana@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; MoFo_VMware_Cirba <MoFo_VMware_Cirba@mofo.com>
**Subject:** RE: Cirba: March 11th Meet and Confer

**- External Email -**

Ben,

Thank you for the discussion on Wednesday. I've included our clarifications in red below.

Regards,
Wesley

**From:** Nelson, R. Benjamin <rbnelson@mofo.com>
**Sent:** Thursday, March 12, 2020 9:01 PM
**To:** RJ_Densify <RJ_Densify@reichmanjorgensen.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Cc:** Vrana, Robert <RVrana@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; Gaza, Anne Shea <agaza@ycst.com>; MoFo_VMware_Cirba <MoFo_VMware_Cirba@mofo.com>
**Subject:** Cirba: March 11th Meet and Confer

[EXTERNAL]
Counsel,

Thank you for the discussion yesterday on the meet-and-confer.  Below is our understanding of next steps and the parties' positions on disputed issues.  In particular, for Item No. 4 below please confirm by Friday, March 13, whether you will change your position or if we are at an impasse.  We think this is an item the court would prefer not to hear and urge you to reconsider.

(1) **Paragraph 3 Disclosures**:  Cirba will amend its paragraph 3 disclosures by Friday, March 13th, to supply a tenth custodian and add additional data sources if necessary.  VMware raised the issue as to whether any of the currently identified custodians has documents detailing how Cirba's software, including its source code, implements the accused features.  Cirba will review and advise whether it has identified the appropriate ESI custodians. **[wlw]** As discussed on the Wednesday call, we are conferring with our client to determine whether a 10th custodian in fact exists, and whether there are any additional custodians relevant to VMware's inquiry re: technical knowledge. Similarly, we are conferring with our client to confirm that all relevant non-custodial data sources have already been disclosed. Unfortunately, this means we will not be able to amend Densify's Paragraph 3 responses until next week.

(2) **Core Tech Docs Production and Cirba's Responses to RFP Nos. 120, 121, and 125**:  Cirba is investigating whether it has non-public, unproduced documents detailing how Cirba's accused products are designed, implemented, and operate.  Cirba agreed to inform VMware by next week if Cirba has any such documents and, if so, to produce them as soon as possible.

(3) **Source Code Review**:  VMware renewed its request to review Cirba's source code, including versions of the accused products not previously produced for inspection.  Cirba agreed to state in writing by next week which versions it will produce and whether and which of its minor releases differ from its major releases for purposes of infringement.  VMware said it will review what Cirba provides and may request additional versions for inspection during discovery. **[wlw]** Densify understands the parties' agreement was to indicate which versions of the accused Densify Product we will produce and—to the extent we produce only major releases and not sub-versions—to certify which of Densify's minor releases differ from its major releases for purposes of VMware's infringement allegations.

VMware also asked Cirba if it would be willing to move the source code review from Delaware to New York.  Cirba stated that it could not host the source code review in its New York office, but would look into an alternate location in New York to host the review.  Cirba agreed to provide a further response on

this request on March 13th. **[wlw]** Densify is currently unable to identify any locations in New York where it can host the source code computers; as we discussed on the phone, our New York office is a transitional space with insufficient room to host review. Densify will of course continue to make its code available at its local counsel's offices in Wilmington, Delaware, in compliance with the Court's order.

(4)   **Requests for Production re: Counterclaims**:  Cirba stated its position for the first time that it has no obligation to produce documents in response to RFPs served on September 6, 2019, that Cirba understood to be directed to VMware's counterclaims.  These are RFP Nos. 112, 113, 117-123, 127, 129-145, 148-158, and 168.  Cirba stated that these RFPs are inoperative and that it would only respond (within 30 days) to any new RFPs, including identical RFPs, served by VMware.

VMware asks that Cirba reconsider its position and instead respond immediately.  Cirba stated, in its October 24, 2019 response to each of these RFPs (emphasis added):  "Plaintiffs will supplement its response and objections *to this request* at the appropriate time *under a Scheduling Order governing VMware's counterclaims.*  Plaintiffs may also supplement their response to this request *as discovery proceeds on VMware's counterclaims* and relevant information becomes available to Plaintiffs."  Given discovery has been open on the counterclaims since the scheduling order was entered over a month ago on February 10, as VMware explained in its February 24 letter, Cirba must now respond in full to these requests. **[wlw]** Densify does not dispute that discovery is open on VMware's counterclaims, but disagrees with VMware's position that its RFPs are operative. Indeed, from VMware's position, it would follow that the parties have no further interrogatories or requests for admission at their disposal. Nevertheless, Densify is willing to strike a reasonable compromise: we will treat the relevant RFPs as served today, without the need for re-service, and will respond per Rule 26 in no later than 30 days.

(5)   **Requests for Production Requiring Supplementation and Non-Production of Documents**:  Cirba stated that by Friday, March 13, it would inform VMware whether its position is that it has produced all documents responsive to these categories of RFPs identified in VMware's February 29, 2020 letter, or otherwise whether it intends to collect and produce additional documents, including any updated production in view of the passage of time.  Please let us know on a request by request basis so that we can understand Cirba's position in full. **[wlw]** We are continuing to confer with our client to confirm whether additional collection and production of documents is required responsive to each of VMware's numerous RFPs, and will provide a response next week.

(6)   **Working Samples**:  Cirba will investigate whether and how it can provide working samples of the accused on-prem and SaaS Cirba products for functional inspection and testing.  VMware indicated these software samples do not fall under the source code protections of the protective order, which should ease the logistics, but Cirba could designate such working samples under an "Attorney Eyes Only" confidentiality tier of the protective order.  Cirba inquired whether VMware products could be similarly made available for testing, and VMware agreed to consider any basis for such production articulated by Cirba.

(7)   **Proposed Consolidated Scheduling Order**:  The parties discussed Cirba's proposed consolidated scheduling order sent on Tuesday, March 10th, which proposed an April 2022 trial, but were unable to come to an agreement.  VMware proposed a trial in September 2021, consistent with the Court's scheduling order for VMware's counterclaims, and said it would be accommodating otherwise as to how to proceed on the transferred patents and Cirba's '492 patent, whether in the September trial or in a separate later trial.  VMware asked if Cirba will consider proceeding with a September trial.  Cirba said it will take a look at any specific proposal VMware provides in writing but expects to advocate for a consolidated trial on all nine patents in April 2022, as stated in Cirba's proposal. **[wlw]** Please provide a date certain by which VMware will provide a specific counterproposal to Densify's proposed schedule,

consistent with Judge Stark's directive in his February 10, 2020 letter to the parties. (D.I. 575.)

(8) **Joint Statement Pursuant to L.R. 81.2**:  VMware plans to send Cirba a draft of the joint statement. **[wlw]** Please provide a draft of the required joint statement by close of business Monday, March 16th, so that Densify has adequate time to review and provide edits to the required joint statement to the Court.

Thanks,
Ben

**R. BENJAMIN NELSON**
Associate | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7467
mofo.com | LinkedIn | Twitter

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.