## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and CIRBA IP, INC., | |
| *Plaintiffs*, | C.A. No. 19-742-LPS |
| v. | |
| VMWARE, INC., | |
| *Defendant*. | |

## LETTER TO THE HONORABLE LEONARD P. STARK FROM ANNE SHEA GAZA RE: DEFENDANT VMWARE'S POST-TRIAL MOTION TO STRIKE CIRBA'S NOTICES AND CORRECTED NOTICES OF LODGING

Dated:  May 1, 2020

OF COUNSEL:

Arturo J. González
Michael A. Jacobs
Richard S. J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
agonzalez@mofo.com
mjacobs@mofo.com
rhung@mofo.com

Deanne E. Maynard
Brian R. Matsui
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW Suite 6000
Washington, D.C. 20006
(202) 887-1500
dmaynard@mofo.com
bmatsui@mofo.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

Attorneys for VMware, Inc.

Seth P. Waxman
Thomas G. Saunders
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
seth.waxman@wilmerhale.com
thomas.saunders@wilmerhale.com

William F. Lee
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
william.lee@wilmerhale.com

Dear Chief Judge Stark:

VMware requests that the Court strike Cirba's Notices and Corrected Notices of Lodging of Jim Bergman's and Vijay Madisetti's demonstratives from the January 2020 trial (D.I. 691; D.I. 692; D.I. 708; D.I. 709) (Exs. A-D).  Substantial portions of these submissions were never shown to the jury or relied on by Cirba at trial.  Cirba's purpose for lodging over-inclusive sets of its demonstratives appears to be to confuse the record on appeal.  But with the trial record long since closed and post-trial briefing completed, it is improper for Cirba to try to supplement the record with supplemental demonstrative slides and unadmitted exhibits now.  Accordingly, the Notices and Corrected Notices of Lodging should be stricken and the demonstrative slides they reference should be deemed outside the district court record.

## I.    Cirba's Improper Notices of Lodging and Parties' Meet-and-Confer

On April 14, 2020, nearly three months after trial, Cirba filed Notices of Lodging that purported to attach "a true and correct copy of the demonstrative slides presented to the jury by Densify during the January 16-17, 2020 direct examination of Jim Bergman" (Ex. A at 1) and "a true and correct copy of the demonstrative slides presented to the jury by Densify during the January 14-15 [] and January 22, 2020 direct examination of Dr. Vijay Madisetti" (Ex. B at 1).[1]

On April 20, VMware informed Cirba that "based on [its] review of the trial transcript, your representation that these sets of lodged demonstratives were 'presented to the jury' during trial is incorrect."  (Ex. E at 5.)  VMware identified to Cirba several slides that Dr. Madisetti and Mr. Bergman had skipped during their trial testimony, "including slides citing to unadmitted exhibits."  (*Id.*)  VMware requested that Cirba "withdraw these sets of lodged demonstratives," "correct the above misrepresentation to the Court immediately," and "specify the trial transcript supporting" that the slides were shown to the jury.  (*Id.*)

Cirba filed its Corrected Notices of Lodging on April 21.  These notices purported to attach "a true and correct copy of the demonstrative slides provided to the Court and used in connection with the examination of Jim Bergman" (Ex. C at 1) and "a true and correct copy of the demonstrative slides provided to the Court and used in connection with the examination of Dr. Vijay Madisetti" (Ex. D at 1).  Later that day, VMware informed Cirba that it "continue[d] to object" and requested a meet and confer.  (Ex. E at 3-4.)

The parties met and conferred on April 23.  Cirba admitted that it could not identify which demonstratives within the lodged slide decks were or were not shown to the jury.  Instead, Cirba suggested that *any* materials available to its experts on the witness stand or otherwise provided to the Court were properly part of the trial record.  Per Cirba, it did not matter whether a demonstrative was actually shown to the jury or otherwise referred to and relied on by Cirba at trial.  As a compromise and to avoid motion practice, VMware asked if Cirba would identify the demonstrative slides actually shown to the jury to avoid confusion on appeal.  Cirba refused.

---

[1] Unlike Cirba, VMware promptly and properly lodged its demonstrative slides actually shown to the jury during trial.  (D.I. 510 (Kit Colbert's demonstratives lodged on Jan. 21); D.I. 511 (Vijay Madisetti's demonstratives (cross-exam) lodged on Jan. 21); D.I. 523 (opening demonstratives lodged on Jan. 21); D.I. 540 (Jason Nieh's demonstratives lodged on Jan. 23); D.I. 542 (Carl Waldspurger's demonstratives lodged on Jan. 23); D.I. 543 (Chandra Prathuri's demonstratives lodged on Jan. 23); D.I. 554 (closing demonstratives lodged on Jan. 29).)

Even after VMware provided Cirba with legal authority for its position as Cirba requested, Cirba failed to withdraw the Notices and Corrected Notices of Lodging or to identify which of the slides were actually shown to the jury.[2]

## II.     Slides Not Shown to the Jury Are Not Part of the Record and Should Be Stricken

Courts consistently hold that material not shown to the decision-maker when it reached its decision is not part of the record on appeal.  *See, e.g.*, *Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1165 (3d Cir. 1986) (holding the record improperly included deposition testimony that was not before the district court "at the time its final decision was rendered").  As the Federal Circuit has explained, the party seeking to rely on "demonstratives" shown "to the jury" has the "burden to assure that the record captures the substance" of what was presented.  *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 32 n.16 (Fed. Cir. 2012).

So too here.  Mr. Bergman testified on January 16-17, and Dr. Madisetti testified on January 14-15 and 22.  During their testimony, the witnesses skipped various slides in their demonstrative decks.  (*See, e.g.*, D.I. 589 at 460:7-462:1 (skipping 46 slides in Madisetti demonstrative related to claims 13 and 16 of the '367 patent); D.I. 590 at 592:4-19 (skipping 27 slides in Madisetti demonstrative related to claim 3 of the '687 patent); D.I. 591 at 941:3-4 (skipping the "next slide" in the Bergman demonstrative); D.I. 592 at 1020:6-10 (skipping slide 89 in Bergman demonstrative).)

Merely having "provided" (Exs. A-D) demonstrative slides to the Court for *potential* use with a witness is insufficient to make them part of the record.  The jury was the decision-maker as to disputed facts.  If the jury never even saw a demonstrative slide, that slide could have played no role in the jury's decision.  By definition, it is not part of the record.  *See Fassett*, 807 F.2d at 1165; *see also Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 681-82 (3d Cir. 2003) (portions of document not presented to district court in conjunction with summary judgment decision were not part of the appellate record).  Cirba should not be permitted to confuse the contents of the record by dumping demonstratives not shown to the jury and unadmitted exhibits onto the docket through a "notice of lodging."[3]

As the Court presided over the trial, it is in the best position to resolve any dispute about what was and was not shown to the jury.  The Federal Rules of Appellate Procedure contemplate that this Court should resolve "dispute[s] [as to] whether the record truly discloses what occurred in the district court."  *Fassett*, 807 F.2d at 1165; *see* Fed. R. App. P. 10(e)(1).  This is so even after the case has been appealed.  Fed. R. App. P. 10(e)(1).  Under Fed. R. App. P. 10(e)(2), "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified or forwarded: (A) on stipulation of the parties; (B) by the district court before or after the record has been forwarded; or (C) by the court of appeals."

---

[2] Although VMware provided its supporting authorities at Cirba's insistence before filing this motion, Cirba declined to (i) identify any contrary authorities, (ii) identify which slides actually had been shown to the jury, as requested by VMware in an effort to narrow the parties' disagreement, or (iii) otherwise withdraw the slides not shown to the jury from the record. (*See* Ex. E at 1-3.)

[3] Of course, neither party contends that these demonstrative exhibits were admitted into evidence. (D.I. 594 at 1647:12-17, 1653:8-20.)

For example, in *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co. Ltd.*, the court struck a "notice of filing" and "notice of intent" that sought to supplement the record with materials that the court "did not require or consider" in ruling on scheduling matters. No. 03-241-JJF, 2009 WL 10721048, at *2 (D. Del. Nov. 19, 2009). Similarly, in *Broadband iTV, Inc. v. Hawaiian Telcom, Inc.*, the court held that unpresented slides in "pre-prepared, unfiled slide packets" were not properly part of the record on appeal and that their inclusion would prejudice the opposing party because "[t]he full packets of hard copy slides handed to the Court . . . were not subjected to any evidentiary examination." Nos. 14-00169 ACK-RLP, 15-00131 ACK-RLP, D.I. 804 at 19-20 (D. Haw. Dec. 8, 2015) (Ex. F).

VMware thus moves to strike Cirba's Notices and Corrected Notices of Lodging (Exs. A-D). If the Court is not inclined to strike the entire Notices and Corrected Notices, VMware asks that the Court strike at least the following slides from the lodged demonstratives. Based on VMware's contemporaneous records, Cirba did not show these slides to the jury. As Cirba bears the burden to prove what actually was shown to the jury, VMware reserves the right to object to additional slides that Cirba cannot prove were shown to the jury.

- Bergman Demonstrative slides (Ex. A (filed at D.I. 691, Exhibit A)); Ex. C (filed at D.I. 708, Exhibit A)): 5, 12, 20-21, 25-26, 49, 61-62, 64-65, 67, 69-70, 72, 78, 80-87, 89, 91-93, 96-101, 103, and 105.

- Madisetti Demonstrative Set 1 (Ex. B (filed at D.I. 692, Exhibit A at 5-155)); Ex. D (filed at D.I. 709, Exhibit A at 5-155)): 8, 11-14, 21, 28, 34, 46, 53, 64-71, 74-78, 81-126, 128-40, 143-44, and 147-50.

- Madisetti Demonstrative Set 2 (Ex. B (filed at D.I. 692, Exhibit A at 156-394)); Ex. D (filed at D.I. 709, Exhibit A at 156-394)): 1, 2, 4, 10, 19, 21-22, 28-29, 31, 33, 36, 41-43, 47, 50, 52-54, 59, 62-63, 65-67, 71, 73-80, 85-87, 89-93, 95-96, 98-101, 103-13, 115-17, 119, 122-23, 125, 131-33, 135-38, 145-49, 152-55, 158-64, 167-69, 172-75, 178, 182, 185, 190-91, 193-94, 197, 199, 202-28, 231-34, and 237-38.[4]

Respectfully,

/s/ *Anne Shea Gaza*

Anne Shea Gaza (No. 4093)

Enclosures

cc:  All Counsel of Record (CM/ECF)

26446755

---

[4] The page numbers of the slides refer to those at the bottom right of the slides.

# EXHIBIT E

| | |
|---|---|
| **From:** | Li, Yue |
| **To:** | Jennifer Estremera; RJ_Densify; Dorsney, Kenneth; Toman, Gary |
| **Cc:** | MoFo_VMware_Cirba; Gaza, Anne Shea; Vrana, Robert; Wilson, Samantha |
| **Subject:** | RE: Cirba - Objections to Madisetti and Bergman Demonstratives |
| **Date:** | Wednesday, April 29, 2020 11:52:16 AM |

Jennifer,

We raised the issues with Cirba's improperly lodged demonstratives 1.5 weeks ago.  You had ample time to do research and let us know any authorities supporting your position.  During the meet and confer last Thursday, we also asked you to identify any authorities supporting your position and to identify demonstrative slides that you believe were actually shown to the jury.

We ask that you respond to our requests no later than 3pm EST tomorrow.

Regards,
Lily

**From:** Jennifer Estremera <jestremera@reichmanjorgensen.com>
**Sent:** Wednesday, April 29, 2020 11:16 AM
**To:** Li, Yue <YLi@mofo.com>; RJ_Densify <RJ_Densify@reichmanjorgensen.com>; Dorsney, Kenneth <kdorsney@morrisjames.com>; Toman, Gary <gtoman@wwhgd.com>
**Cc:** MoFo_VMware_Cirba <MoFo_VMware_Cirba@mofo.com>; Gaza, Anne Shea <agaza@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Wilson, Samantha <SWilson@ycst.com>
**Subject:** RE: Cirba - Objections to Madisetti and Bergman Demonstratives

- External Email -

Hi Lily,

Thanks for your email.  We'll be glad to look into this.  Given that there is no urgency, we'll get back to you after we take a look at the authority you've cited, but it won't be today.

Best,
Jennifer

Jennifer P. Estremera | 650.623.1407 | Reichman Jorgensen LLP

**From:** Li, Yue <YLi@mofo.com>
**Sent:** Tuesday, April 28, 2020 3:52 PM
**To:** Jennifer Estremera <jestremera@reichmanjorgensen.com>; RJ_Densify <RJ_Densify@reichmanjorgensen.com>; Dorsney, Kenneth <kdorsney@morrisjames.com>; Toman, Gary <gtoman@wwhgd.com>
**Cc:** MoFo_VMware_Cirba <MoFo_VMware_Cirba@mofo.com>; Gaza, Anne Shea <agaza@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Wilson, Samantha <SWilson@ycst.com>

**Subject:** RE: Cirba - Objections to Madisetti and Bergman Demonstratives

[EXTERNAL]
Counsel,

We write to follow up on our meet and confer on April 23, 2020 regarding Cirba's improperly lodged demonstratives.  Cirba had requested authorities supporting VMware's position that demonstrative slides not shown to the jury are not properly part of the record.  Those authorities include the following:

- *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1165 (3d Cir. 1986)
- *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 32 n.16 (Fed. Cir. 2012)
- *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 681-82 (3d Cir. 2003)
- *St. Clair Intellectual Property Consultants, Inc. v. Fuji Photo Film Co.*, No. 03-241-JJF, 2009 WL 10721048, at *2 (D. Del. Nov. 19, 2009)
- *Broadband iTV, Inc. v. Hawaiian Telcom, Inc.*, Nos. 14-00169 ACK-RLP, 15-00131 ACK-RLP, D.I. 804 at 19-20 (D. Haw. Dec. 8, 2015)
- Fed. R. App. P. 10(e)

To this end, we ask that you respond to the following by COB tomorrow:

1.  Provide any counter authorities; and
2.  Indicate Cirba's position on whether it will identify the slides it believes were actually shown to the jury or otherwise withdraw the slides not shown to the jury from the record, as previously discussed.

Regards,
Lily

---

**From:** Li, Yue
**Sent:** Wednesday, April 22, 2020 4:58 PM
**To:** 'Jennifer Estremera' <jestremera@reichmanjorgensen.com>; RJ_Densify <RJ_Densify@reichmanjorgensen.com>; Dorsney, Kenneth <kdorsney@morrisjames.com>; Toman, Gary <gtoman@wwhgd.com>
**Cc:** MoFo_VMware_Cirba <MoFo_VMware_Cirba@mofo.com>; Gaza, Anne Shea <agaza@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Wilson, Samantha <SWilson@ycst.com>
**Subject:** RE: Cirba - Objections to Madisetti and Bergman Demonstratives

Jennifer,

We are available for a meet and confer at 4pm PT tomorrow and will circulate a dial-in.

Thanks,
Lily

**From:** Jennifer Estremera <jestremera@reichmanjorgensen.com>
**Sent:** Wednesday, April 22, 2020 2:13 PM
**To:** Li, Yue <YLi@mofo.com>; RJ_Densify <RJ_Densify@reichmanjorgensen.com>; Dorsney, Kenneth <kdorsney@morrisjames.com>; Toman, Gary <gtoman@wwhgd.com>
**Cc:** MoFo_VMware_Cirba <MoFo_VMware_Cirba@mofo.com>; Gaza, Anne Shea <agaza@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Wilson, Samantha <SWilson@ycst.com>
**Subject:** RE: Cirba - Objections to Madisetti and Bergman Demonstratives

**- External Email -**

Hi Lily,

What we've filed with the Court is accurate, and we tried to accommodate the concerns you raised yesterday.  We're not aware of any authority supporting the proposition that we're obligated to withdraw our filing or lodge something different.  If you have any, please let us know.

We are not available for a meet and confer today but can be available late tomorrow afternoon or on Friday after 10:30am Pacific.

Best,
Jennifer

Jennifer P. Estremera | 650.623.1407 | Reichman Jorgensen LLP

---

**From:** Li, Yue <YLi@mofo.com>
**Sent:** Tuesday, April 21, 2020 9:54 PM
**To:** Jennifer Estremera <jestremera@reichmanjorgensen.com>; RJ_Densify <RJ_Densify@reichmanjorgensen.com>; Dorsney, Kenneth <kdorsney@morrisjames.com>; Toman, Gary <gtoman@wwhgd.com>
**Cc:** MoFo_VMware_Cirba <MoFo_VMware_Cirba@mofo.com>; Gaza, Anne Shea <agaza@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Cirba - Objections to Madisetti and Bergman Demonstratives

[EXTERNAL]
Counsel,

We continue to object to your Notices of Lodging of Mr. Bergman's and Dr. Madisetti's demonstratives filed on April 14 (D.I. 691 and D.I. 692), public redacted versions of the Notices of Lodging filed on April 21 (D.I. 706 and D.I. 707), and Corrected Notices of Lodging filed on April 21, 2020 (D.I. 708 and D.I. 709).

Your Corrected Notices of Lodging did not address the issues we raised in our email yesterday.  It is improper for Cirba to lodge purported demonstratives from its experts when they were in fact not

presented to the jury during trial (and thus were not part of the trial record).  Again, we ask that you withdraw these improperly lodged demonstratives immediately.

Please let us know when you are available for a meet and confer tomorrow (Wednesday).

Regards,
Lily

---

**From:** Jennifer Estremera <jestremera@reichmanjorgensen.com>
**Sent:** Tuesday, April 21, 2020 2:30 PM
**To:** Li, Yue <YLi@mofo.com>; RJ_Densify <RJ_Densify@reichmanjorgensen.com>; Dorsney, Kenneth <kdorsney@morrisjames.com>; Toman, Gary <gtoman@wwhgd.com>
**Cc:** MoFo_VMware_Cirba <MoFo_VMware_Cirba@mofo.com>; Gaza, Anne Shea <agaza@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Wilson, Samantha <SWilson@ycst.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Cirba - Objections to Madisetti and Bergman Demonstratives

**- External Email -**

Hi Lily,

Thank you for your email. We did not intend any confusion, and to that end we will file a corrected notices of lodging to clarify that the demonstratives are the slide decks provided to the Court and used in connection with examinations, and the record indicates which slides were used.

Also, we have redacted VMware's information from the demonstratives lodged on April 14 as you requested, and plan to lodge the redacted versions this afternoon.

Best,
Jennifer

Jennifer P. Estremera | 650.623.1407 | Reichman Jorgensen LLP

---

**From:** Li, Yue <YLi@mofo.com>
**Sent:** Monday, April 20, 2020 11:46 PM
**To:** RJ_Densify <RJ_Densify@reichmanjorgensen.com>; Dorsney, Kenneth <kdorsney@morrisjames.com>; Toman, Gary <gtoman@wwhgd.com>
**Cc:** MoFo_VMware_Cirba <MoFo_VMware_Cirba@mofo.com>; Gaza, Anne Shea <agaza@ycst.com>; Vrana, Robert <RVrana@ycst.com>; Wilson, Samantha <SWilson@ycst.com>
**Subject:** Cirba - Objections to Madisetti and Bergman Demonstratives

[EXTERNAL]
Counsel,

We object to your Notices of Lodging of Mr. Bergman's and Dr. Madisetti's demonstratives on April 14, 2020 (D.I. 691 and D.I. 692).

These Notices—filed nearly three months after the trial—state that Cirba "lodge[s] with the Court a true and correct copy of the demonstrative slides presented to the jury by Densify during the January 16-17, 2020 direct examination of Jim Bergman" (D.I. 691) and "a true and correct copy of the demonstrative slides presented to the jury by Densify during the January 14-15, 2020 and January 22, 2020 direct examination of Dr. Vijay Madisetti" (D.I. 692).

However, based on our review of the trial transcript, your representation that these sets of lodged demonstratives were "presented to the jury" during trial is incorrect.  For instance, during Dr. Madisetti's direct examination, you skipped numerous slides (including slides citing to unadmitted exhibits) from Dr. Madisetti's demonstratives and did not present them to the jury.  *See, e.g.*, Trial Tr. at 460:7-462:1 (skipping 46 slides related to claims 13 and 16 of the '367 patent); *id*. at 592:4-19 (skipping 27 slides related to claim 3 of the '687 patent).  Likewise, you skipped slides (including slides citing to unadmitted exhibits) from Mr. Bergman's demonstratives during his direct examination and did not present them to the jury.  *See, e.g.*, Trial Tr. at  941:3-4 ("I'm going to skip this next slide [related to purported software license savings for Citi] because I don't appear to have the exhibit in the binder."); *id*. at 1020:6-10.

We ask that you withdraw these sets of lodged demonstratives and correct the above misrepresentation to the Court immediately.  If you continue to take the position that the lodged demonstratives (D.I. 691 and D.I. 692) were presented to the jury, please specify the trial transcript supporting your position.  We have not been able to locate such support.

We also object to your request to file a public version of these demonstratives for the reasons discussed above.  In addition, the following slides contain VMware confidential or AEO information that should not be filed in pubic:

- Bergman demonstrative: pages 12, 14, 21, 25, 26, 56, 80, 89, 91, 96
- Madisetti demonstrative set 1: pages 48, 94, 101, 102, 107, 108, 116, 119, 124, 149
- Madisetti demonstrative set 2: pages 30, 31, 37, 41, 53, 54, 81, 94, 95, 100, 102, 103, 105-107, 116, 139, 151, 155-158, 167-169, 178-186, 189-190, 199, 209, 210, 214-217, 224-228, 234

Please let us know your position by COB tomorrow (Tuesday) PT.

Regards,
Lily

**LILY LI**

Associate | Morrison & Foerster LLP
755 Page Mill Road | Palo Alto, CA 94304-1018
**P:** +1 (650) 813-5689
mofo.com | LinkedIn | Twitter

=======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

=======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

=======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication. Thank you.

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

```
_____
                                )
Broadband iTV, Inc.,            )
                                )
            Plaintiff,          )
                                )
      v.                        )  Civil Nos. 14-00169 ACK-RLP,
                                )  15-00131 ACK-RLP
Hawaiian Telcom, Inc.,          )
                                )
            Defendant.          )
_____ )
                                )
Broadband iTV, Inc.,            )
                                )
            Plaintiff,          )
                                )
      v.                        )
                                )
Oceanic Time Warner Cable, LLC, )
and Time Warner Cable, Inc.,    )
                                )
            Defendants.         )
_____ )
```

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD**

For the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Supplement the Record, ECF No. 789.  Consistent with the Court's directions herein, Plaintiff shall submit to the Court by Monday, December 14, 2015 a true and accurate set of only those slides actually referred to by Plaintiff and Defendants during their oral presentations at the Court's June 4, 2015 and September 17, 2015 hearings.  If Defendants disagree with the slides submitted by

1

Plaintiff, they are DIRECTED to file objections by Monday,
December 21, 2015.  However, if there are any such objections,
the parties are DIRECTED to endeavor to resolve the same, thereby
avoiding the need for any Defendant to file an objection.  If
such objections are filed, the Court will schedule a hearing
promptly.  If no objections are filed, then Plaintiff shall add
the slides that it submits to the record on appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 9, 2014, Broadband iTV, Inc. ("BBiTV" or
"Plaintiff") filed a Complaint against Defendants Oceanic Time
Warner Cable, LLC, Time Warner Cable, Inc., Time Warner
Entertainment Company, LP[1] (collectively, "TWC"), and Hawaiian
Telcom, Inc. ("HTI") (collectively, "Defendants").  ECF No. 1.
The Complaint was amended on December 5, 2014.  Am. Compl., ECF
No. 100.

The Amended Complaint alleges that Defendants infringe
U.S. Patent No. 7,631,336 ("'336 Patent").  Id. ¶ 22.  The '336
Patent is entitled "Method for Converting, Navigating and
Displaying Video Content Uploaded from the Internet to a Digital
TV Video-on-Demand Platform."  It purports to disclose various
novel features related to the delivery of video-on-demand ("VOD")
content to a VOD server.  Id. ¶ 19, 21.  BBiTV is the exclusive

---

[1]Defendant Time Warner Entertainment Company, LP has since
been dismissed from this action.  ECF No. 94.

licensee of the '336 Patent.  <u>Id.</u> ¶ 18.

Pursuant to the parties' stipulation, the Court ordered the severance of the cases against TWC and HTI on April 16, 2015. However, the severed cases were consolidated "for all pre-trial purposes, including claim construction."  Stipulation and Order at 2, ECF No. 164.

The parties requested a claim construction hearing pursuant to <u>Markman v. Westview Instruments, Inc.</u>, 517 U.S. 370, 372 (1996), which the Court held on June 4, 2015.  The Court's claim construction hearing was preceded by a June 3, 2015 technology tutorial, which the parties agreed was to be held "off the record."  <u>See</u> Minutes of Hearing of June 3, 2015, ECF No. 244.

The parties employed Powerpoint slides during their oral presentations at the June 3, 2015 technology tutorial and the June 4, 2015 claim construction hearing.  As relevant to the instant motion, each side[2] handed the Court at the June 4, 2015 proceeding a pre-prepared packet of Powerpoint slides (printed in hard copy) that they anticipated potentially using during the hearing.[3]  Plaintiff's full packet of slides was 73 pages, and

---

[2]Defendants presented jointly at the Court's June 4, 2015 claim construction hearing.  This was in contrast to the Court's September 17, 2015 summary judgment hearing (discussed below), during which TWC and HTI presented separately.

[3]It is the Court's recollection that counsel also exchanged
(continued...)

Defendants' full packet of slides was 105 pages.  During the course of their oral arguments, counsel did not refer to all of the slides contained in their pre-prepared slide packets.  Those slides that were actually referenced by counsel during argument were simultaneously displayed to the Court and gallery on the courtroom document viewing screens.

        At the close of the June 4, 2015 claim construction hearing, the Court stated: "I take it both counsel are in agreement that the court can consider in its ruling these various slides that you've submitted?"  Plaintiff's counsel stated: "That's fine, Your Honor," and TWC's counsel stated: "Yes, Your Honor."  Transcript of Claim Construction Hearing at 98:13-17, ECF No. 258.

        The parties did not, however, request any evidentiary hearing or opportunity to respond in writing related to the content of the slides.  They did not file copies of the slides with the Clerk of the Court, serve copies of the slides on each other prior to the hearing, or include references to the slides in their claim construction briefs.  Opposing counsel therefore had a limited opportunity to respond orally (during the same proceeding) only to those slides actually referred to during the

---

        [3]/(...continued)
hard copy packets of their slides during the June 4, 2015 and September 17, 2015 hearings, although the hearing transcripts do not appear to reference such exchanges.

4

hearing.  The Court's copies of the slides were not included in
the transcript of the claim construction hearing, which became
available on June 12, 2015.  See ECF No. 258.  Court records
reflect that Plaintiff's counsel received a copy of the
transcript on June 25, 2015.

        The Court issued its 111-page Claim Construction Order
on June 24, 2015.  ECF No. 290.  The Order does not refer to any
of the parties' Powerpoint slides from the hearing; rather, it
cites to the parties' claim construction briefs and the evidence
in the record, along with the hearing transcript.  Plaintiff did
not raise any issue regarding the completeness of the record at
that time.

        On August 10, 2015, each Defendant filed a motion for
summary judgment on grounds of patent invalidity.  TWC's motion
argued that the '336 Patent is invalid due to (1) unpatentable
subject matter under 35 U.S.C. § 101, and (2)anticipation or
obviousness over prior art under 35 U.S.C. §§ 102, 103.  See
TWC's Motion for Summary Judgment Regarding Invalidity of U.S.
Patent No. 7,631,336, ECF No. 474.  HTI's motion relied
exclusively on the argument that the '336 Patent is directed to
unpatentable subject matter under 35 U.S.C. § 101.  See HTI's
Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 101,
ECF No. 463.

        The Court held a hearing on Defendants' motions for

summary judgment on September 17, 2015.  Once again, the parties
employed Powerpoint slides during their presentations and handed
the Court pre-prepared packets of Powerpoint slides (printed in
hard copy) that they anticipated potentially using during the
proceeding.  Plaintiff's full packet of slides was 100 pages,
TWC's two full packets of slides were a combined 103 pages, and
HTI's full packet of slides was 20 pages.  During the course of
their oral arguments, counsel did not refer to all of the slides
contained in their pre-prepared slide packets.  Those slides that
were actually referenced by counsel during argument were
simultaneously displayed to the Court and gallery on the
courtroom document viewing screens.  By Plaintiff's count, the
parties collectively referenced their Powerpoint slides
approximately sixty times during the course of their September
17, 2015 oral arguments.  See Mem. in Support of Mot. to Supp.
Record at 3, ECF No. 789-1; Reply at 4, ECF No. 802.

    Neither the parties nor the Court raised any discussion
of whether or how the Court could consider the parties'
Powerpoint slides at the September 17, 2015 hearing.  There also
was no evidentiary hearing or opportunity to respond in writing
related to the content of the slides.  The parties did not file
copies of the slides with the Clerk of the Court, serve copies of
the slides on each other prior to the hearing, or include
references to the slides in their summary judgment briefs or

Case 1:12-cv-00748-ACK-RLP   Document 733   Filed 05/01/20   Page 20 of 37   PageID #: 56858

Concise Statements of Fact in support thereof.  Accordingly, opposing counsel had a limited opportunity to respond orally (during the same proceeding) only to those slides actually referred to during the hearing.  The slides also were not included in the summary judgment hearing transcript, which became available on September 24, 2015.  See ECF No. 765.  Court records indicate that Plaintiff's counsel received a copy of the hearing transcript on September 25, 2015.

On September 29, 2015, the Court issued an Order Granting HTI's Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 101.  ECF No. 775.  The Court also issued on September 29, 2015 an Order Granting in Part and Denying in Part TWC's Motion for Summary Judgment Regarding Invalidity of U.S. Patent No. 7,631,336, ECF No. 776, in which it granted TWC's summary judgment motion on the ground of unpatentable subject matter under 35 U.S.C. § 101 but denied it on the grounds of anticipation or obviousness under 35 U.S.C. §§ 102, 103.

The foregoing Orders do not refer to any of the parties' Powerpoint slides from the foregoing hearings; rather, the Orders cite to the parties' briefs, Concise Statements of Fact, and the evidence in the record.  Plaintiff filed Notices of Appeal as to both Orders on October 9, 2015.  See Notice of

Appeal, ECF No. 778; Transmittal of Documents, ECF No. 779.[4/]

On November 2, 2015, Plaintiff filed the instant Motion to Supplement the Record.[5/] ECF No. 789. Plaintiff's motion requests to supplement the record in this case to include "Plaintiff and Defendants' Powerpoint presentation handouts distributed at the June 4, 2015 construction claim hearing; and Plaintiff and Defendants' Powerpoint presentation handouts distributed at the September 17, 2015 hearing" on Defendants' summary judgment motions.[6/]

The Court elected to decide the instant motion without a hearing, pursuant to Local Rule 7.2. See Minute Order of November 3, 2015, ECF No. 791. On November 16, 2015, TWC filed a

_____

[4/]Plaintiff's appeals were docketed in the U.S. Court of Appeals for the Federal Circuit under Case Numbers 16-1082 and 16-1083.

[5/]The Court observes that the instant motion is not the first instance of Plaintiff attempting to add materials to the record following the September 17, 2015 summary judgment hearing.
   In particular, Plaintiff's counsel sent a letter to the Court on September 22, 2015, offering to provide copies of certain infringement expert reports that were referenced briefly during the September 17, 2015 hearing but not included in the summary judgment briefing or, save for a few paragraphs of one report, available anywhere in the case record. See Letter of Paul Alston to Hon. Alan C. Kay, ECF No. 757.
   For the reasons set forth in its Minute Order of September 29, 2015, the Court declined Plaintiff's belated offer to provide copies of these reports. See Minute Order, ECF No. 774.

[6/]Plaintiff's motion does not request to supplement the record to include additional Powerpoint slides presented to the Court during the "off the record" June 3, 2015 technology tutorial.

Memorandum in Opposition to Plaintiff's Motion to Supplement the
Record ("Opp."), ECF No. 800, to which HTI filed a Joinder on
November 17, 2015, ECF No. 801.  Plaintiff filed a Reply
Memorandum in Support of Its Motion to Supplement the Record
("Reply") on November 23, 2015.  ECF No. 802.

### STANDARD

Plaintiff brings its motion to supplement the record
under Federal Rule of Appellate Procedure ("Rule") 10(e)(2),
which provides:

> (2) If anything material to either party is omitted
> from or misstated in the record by error or accident, the
> omission or misstatement may be corrected and a supplemental
> record may be certified and forwarded:
>> (A) on stipulation of the parties;
>> (B) by the district court before or after the
> record has been forwarded; or
>> (C) by the court of appeals.

Fed. R. App. P. 10(e)(2).

The Ninth Circuit construes Rule 10(e) "narrowly" and
normally "will not supplement the record on appeal with material
not considered by the trial court." Daly-Murphy v. Winston, 837
F.2d 348, 351 (9th Cir. 1987) (citations omitted).  The district
court may not "supplement the record with material not introduced
or with findings not made." U.S. v. Garcia, 997 F.2d 1273, 1278
(9th Cir. 1993).  The purpose of the rule is to allow a court to
correct omissions or misstatements to reflect "the record and
facts considered by the District Court," not to "introduce new
evidence." Inland Bulk Transfer Co. v. Cummins Engine Co., 332

9

F.3d 1007, 2023 (6th Cir. 2013) (citations omitted); see also Tamari v. Bache & Co., 838 F.2d 904, 907 (7th Cir. 1988) ("It is not permissible for a litigant to "put in part of his case in the trial and then, if he loses, put in the rest on appeal.").

## DISCUSSION

In the instant motion, Plaintiff requests that the Court supplement the record to include the full packets of hard copy Powerpoint slides given to it by the parties at the June 4, 2015 claim construction hearing and the September 17, 2015 summary judgment hearing. Defendants counter that the slides are not evidence properly introduced into the record and that Plaintiff has not demonstrated that the slides are "material" to any party, as required under Rule 10(e)(2). See Opp. at 2-5, ECF No. 800.[7]

For the reasons set forth below, the Court GRANTS in part and DENIES in part the instant motion. The Court GRANTS Plaintiff's motion to the extent of permitting a limited supplementation of the record under Rule 10(a)(2) to include only those Powerpoint slides actually referred to by counsel during their oral presentations at the Court's June 4, 2015 and

---

[7]Given the disposition of the instant motion, the Court does not presently undertake to resolve Defendants' additional complaint that Plaintiff attached inaccurate copies of the parties' Powerpoint slides as exhibits to its motion. As indicated below, Defendants subsequently will have the opportunity to dispute the number and contents of the slides to be added to the record.

September 17, 2015 hearings.[8]  To the extent that Plaintiff

seeks to add to the record any additional slides that were not

actually referred to during the parties' oral presentations,

however, such request is DENIED.

As set forth below, Plaintiff is directed to submit to

the Court by Monday, December 14, 2015 true and accurate copies

of those slides that were actually referred to by counsel during

the foregoing hearings.

### I. Only the Powerpoint Slides Actually Referred to During the Court's Hearings Were Adequately Introduced

First, the Court finds that only those slides actually

referred to by counsel during the Court's June 4, 2015 and

September 17, 2015 hearings qualify as "material [] introduced"

properly for purposes of inclusion in a supplemented record.

Garcia, 997 F.2d at 1278.  As noted above, the purpose of Rule

10(e)(2) is correcting misstatements or omissions to form an

accurate record, not facilitating the introduction of new

---

[8]For the sake of clarity, the Court notes that its reference
to "slides actually referred to by counsel" means those slides
that were actually displayed to the Court and gallery on the
Court's document viewing screens during the June 4, 2015 and
September 17, 2015 hearings, as supported by slide number or
similarly clear references in the relevant hearing transcripts.
The Court's reference does not include additional slides
that were not actually referenced during counsel's oral
presentations, notwithstanding their inclusion in the parties'
pre-prepared hard copy slide packets.

evidence.  See Inland Bulk Transfer Co., 332 F.3d at 2023;
Tamari, 838 F.2d at 907.

Courts have declined to supplement records under Rule
10(e)(2) with documents that were submitted informally and not
followed with sufficient opportunity to respond.  In vacating an
order to supplement a record under Rule 10(e)(2), the Sixth
Circuit specifically cautioned that record supplementation was
improper where the court "neither afforded Defendant the
opportunity to respond or comment . . . nor made factual findings
regarding the contents" of the document at issue.  U.S. v. Smith,
71 Fed. App'x 511, 519 (July 31, 2003).

Similarly, documents that "were submitted to chambers
and opposing counsel, but never docketed, are thus considered
never actually filed in the district court proceeding, and should
not be considered on appeal."  Robinson v. Sanctuary Record
Grps., Ltd., 589 F. Supp. 2d 273, 275 (S.D.N.Y. 2008) (declining
to supplement the record on appeal to include declarations
delivered to chambers prior to trial, where there was no showing
that the Court gave consideration to the declarations during
trial); see also Miro v. Plumbers & Pipefitters Nat'l Pension
Fund, 2002 WL 31357702 * 1 (S.D.N.Y. Oct. 17, 2002) (declining to
supplement the record on appeal to include an affidavit sent to
chambers by facsimile and not made part of the record before the
court ruled on defendants' summary judgment motion).

12

Defendants' argument on this issue likens the slides to jury trial demonstratives, which courts have explained are not evidence in the record. <u>See</u> Opp. at 2-3, ECF No. 800 (citing <u>Stoker v. Stemco, LP</u>, 571 Fed. App'x 326, 327 (5th Cir. 2014); <u>Baugh v. Cuprum S.A. DE C.V.</u>, 730 F.3d 701, 707 n.1 (7th Cir. 2013); <u>Core Wireless S.A.R.L. v. Apple, inc.</u>, No. 6:12-cv-100-JRG, 2015 WL 6694034 * 5 (E.D. Tex. Nov. 3, 2015)).

Plaintiff counters that the Court should "reject Defendants' attempt to conflate the Powerpoint slides at issue with trial demonstratives," because "the slides constitute legal and factual points supplementing counsels' oral argument during two critical hearings before this Court." Reply at 3, ECF No. 802.[9/]

Plaintiff's argument appears availing as to those slides actually referred to by counsel during the Court's hearings. Although the Court notes that even Plaintiff's counsel previously characterized a slide as "just a demonstrative" accompanying oral argument on June 4, 2015, Tr. 12:25-13:1, ECF No. 258, the Court finds that those Powerpoint slides that were

---

[9/]The Court observes that Plaintiff's selective citation to <u>Townsend v. Columbia Ops.</u>, 667 F.2d 844, 849 (9th Cir. 1982), omits several important distinguishing facts. In that case, the supplemental documents added to the record had been incorporated by the pleadings and submitted to the clerk at the request of the district court judge for filing. The documents also served as "the basis of the opinion dictated by the court at the end of the argument." <u>Id.</u> The same facts are not present here.

actually referenced by counsel during oral argument were thereby "introduced" during the Court's June 4, 2015 and September 17, 2015 hearings. Those slides were displayed to the Court and gallery during the proceedings and should be added to the record to provide continuing context for the transcripts.

In addition, the parties had an opportunity to respond during the foregoing hearings to the content of those slides that were actually referred to by counsel. This ameliorates the concern, highlighted by the Sixth Circuit, that record supplementation should not deprive litigants of "the opportunity to respond or comment." Smith, 71 Fed. App'x at 519.

The Court does not find the same to be true, however, with respect to those slides that were not actually referred to by counsel during the Court's June 4, 2015 and September 17, 2015 hearings. As set forth above, the parties' slides were not formally filed as evidence or briefing, and the parties lacked an opportunity to respond to the slides in writing. The slides also were not filed with the Clerk of the Court, served prior to the hearings, or referenced in the parties' briefs. Accordingly, the extent of the slides' "introduction" into the record appears to be coextensive with the scope of their presentation during oral argument. The fact that additional unpresented slides were included in the parties' pre-prepared slide packets for *potential*

14

use during the Court's hearings did not "introduce" them into the record.

Moreover, as noted above, opposing counsel only had a meaningful opportunity to respond orally (during the same proceedings) to those slides actually referred to by counsel and displayed to the Court and gallery at the June 4, 2015 and September 17, 2015 hearings. As to the remaining unpresented slides in the parties' pre-prepared slide packets, there was no ability to "respond or comment." Id.

Accordingly, the Court finds that only those slides actually referred to by counsel during the Court's June 4, 2015 and September 17, 2015 hearings qualify as "material []introduced" properly for purposes of inclusion in a supplemented record. Garcia, 997 F.2d at 1278. As an additional basis for its decision, however, the Court also concludes below that only those slides actually referred to by counsel during the foregoing hearings are "material" for purposes of record supplementation under Rule 10(e)(2).

## II. Only the Powerpoint Slides Actually Referred to During the Court's Hearings Are Material

Second, the Court concludes that Plaintiff has demonstrated the "materiality" of the parties' Powerpoint slides that were actually referred by counsel during the Court's June 4, 2015 and September 17, 2015 hearings. However, Plaintiff has not made such a demonstration as to the remaining unpresented

15

slides contained in the parties' pre-prepared slide packets. As set forth above, only "material" documents may be added to the record under the express terms of Rule 10(e)(2).

The Ninth Circuit construes Rule 10(e)(2) "narrowly" and normally "will not supplement the record on appeal with material not considered by the trial court." Daly-Murphy, 837 F.2d at 351. The rule's objective is to ensure a record on appeal that reflects "the record and facts considered by the District Court," not to "introduce new evidence." Inland Bulk Transfer Co., 332 F.3d at 2023.

Plaintiff argues with respect to "materiality" that the parties' Powerpoint slides "constitute material information that was presented to this Court but unfortunately omitted" from the record. Mem. in Support of Mot. to Supp. Record at 6, ECF No. 789-1. Defendants counter that the Court's Orders do not rely on the parties' slides and that it "is irrelevant that the parties shared the slides with the Court." See Opp. at 5, ECF No. 800.

As an initial matter, Plaintiff is incorrect to claim that the Court "confirmed with counsel" at the June 4, 2015 claim construction hearing "that it would consider the slides submitted." Reply at 4, ECF No. 802. The Court actually stated: "I take it both *counsel* are in agreement that the court *can* consider in its ruling these various slides that you've submitted?" Transcript of Claim Construction Hearing at 98:13-

16

17, ECF No. 258 (emphases added).  In addition, neither the Court
nor the parties raised any discussion of whether or how the
slides could be considered at the September 17, 2015 summary
judgment hearing.  While the slides that were referenced during
oral argument were considered by the Court, those that were not
referenced were not considered as evidence in support of the
Court's rulings.

As Defendants point out, the parties' Powerpoint slides
are not cited in either the Court's claim construction or summary
judgment Orders; rather, the Court cited to the parties' briefs,
Concise Statements of Fact, and exhibits thereto, as well as the
hearing transcripts.  This approach was consistent with Local
Rule 7.2(f) (requiring that motions be accompanied by "affidavits
or declarations sufficient to support material factual assertions
and by a memorandum of law"), Local Rule 56.1 (requiring that
summary judgment motions and oppositions thereto be accompanied
by statements of "all material facts" and noting that the court
"shall have *no independent duty to search and consider any part
of the court record* not otherwise referenced in the separate
concise statements of the parties" (emphasis added)), and Federal
Rule of Civil Procedure 56(c)(1)(A) (requiring parties to support
their summary judgment motions and oppositions thereto with
citations to "particular parts of *materials in the record*"
(emphasis added)).

17

Plaintiff argues that the slides should be added to the record because they will help "clarif[y] [the appellate court's understanding of the process by which the District Judge has reached the decision on appeal." Mem. in Support of Mot. to Supp. Record at 7, ECF No. 789-1 (citing Salinger v. Random House, Inc., 818 F.2d 252, 253 (2d Cir. 1987)).[10] Plaintiff suggests that this is because the parties refer to their slides in the June 4, 2015 and September 17, 2015 hearing transcripts, so the Court of Appeals "should not be left in the dark as to the substance of those slides." Reply at 4, ECF No. 802.[11]

The Court agrees with Plaintiff's argument but finds that it applies only to those slides actually referenced by counsel during the Court's hearings. Although the Court relied

---

[10] The Court pauses to observe that Salinger, cited by Plaintiff, is distinguishable from this case in several important respects. In that case, the appeals court supplemented the record to include the district court judge's "meticulously" color-coded copy of a trial exhibit that was marked "to reflect his view as to whether [a given] passage contained a [copyright] infringing quotation." 818 F.2d at 253. The district court judge had shared his marked copy of the exhibit with the parties at a chambers conference and twice ordered it to be made part of the record, from which it remained mistakenly omitted. See id.
The Court here did not order all of the parties' pre-prepared slides to be made part of the record or mark them to clarify its decisionmaking. To the contrary, the Court did not even cite to the parties' slides in its Orders.

[11] For example, as noted above, Plaintiff argues that the parties collectively referenced their Powerpoint slides approximately sixty times during the course of their September 17, 2015 oral arguments. See Mem. in Support of Mot. to Supp. Record at 3, ECF No. 789-1; Reply at 4, ECF No. 802.

on the parties' oral arguments in conjunction with the Powerpoint slides actually presented by counsel at that time, the Court was under no independent duty to consider in its rulings the myriad unpresented slides remaining in the parties' pre-prepared, unfiled slide packets. The Court observes that the parties also refrained from referring to any of their Powerpoint slides in their briefs or Concise Statements of Fact.

For the foregoing reasons, the Court finds that Plaintiff has demonstrated the materiality only of those slides actually referenced by counsel during the Court's claim construction and summary judgment hearings. Such slides were considered by the Court in the course of oral argument and will provide the Court of Appeals with context for the hearing transcripts. The parties' remaining unpresented slides, however, are not "material." See Daly-Murphy, 837 F.2d at 351 (finding it inappropriate to supplement the record on appeal with "material not considered by the trial court").

### III. Defendants Will Not Be Prejudiced By Record Supplementation to Include the Slides Actually Referred to During the Court's Hearings

The Court addresses one additional argument raised in the instant motion: that Defendants allegedly would not be prejudiced if the Court supplemented the record with the parties' Powerpoint slides at this juncture. See Mem. in Support of Mot. to Supp. Record at 7-8, ECF No. 789-1.

Although Rule 10(e)(2) does not expressly refer to the issue of prejudice, it appears that the Ninth Circuit has considered prejudice in the course of ruling on a Rule 10(e)(2) motion. <u>See</u> <u>Garcia</u>, 997 F.2d at 1278 (considering issue of prejudice to nonmovant in discussion of Rule 10(e)(2) and concluding that defendant was not prejudiced where district court supplemented record on appeal to include an "overlooked" written order that mistakenly was not filed following the district court's oral denial of a suppression motion).

Here, the Court finds that Defendants will not be prejudiced by the Court's limited addition to the record of those slides actually used by the parties during the June 4, 2015 and September 17, 2015 hearings. Counsel were able to view each party's slides as they were used during the course of the hearing presentations and had the opportunity to respond to those slides orally at that time.

However, as discussed above, not all of the parties' slides were actually used during their June 4, 2015 and September 17, 2015 presentations. The full packets of hard copy slides handed to the Court during those hearings were not subjected to any evidentiary examination. The parties also were not served with the complete sets of slides prior to the hearings or able to respond to them in writing. Accordingly, with respect to the parties' *unpresented* slides, record supplementation would pose a

possibility of prejudice to Defendants.  This concern is not eliminated, as Plaintiff urges, by the simple fact that "[Defendants] relied, too, on [] Powerpoint slides" at the Court's hearings.  Mem. in Support of Mot. to Supp. Record at 7, ECF No. 789-1.

## CONCLUSION

For the reasons explained above, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Supplement the Record, ECF No. 789.

By Monday, December 14, 2015, Plaintiff is DIRECTED to submit to the Court a true and accurate set of only those slides actually referred to by Plaintiff and Defendants during their oral presentations at the Court's June 4, 2015 and September 17, 2015 hearings.  If Defendants disagree with the contents or numbers of the slides submitted by Plaintiff, they are DIRECTED to file objections with the Court by Monday, December 21, 2015. However, if there are any such objections, the parties are DIRECTED to endeavor to resolve the same, thereby avoiding the need for any Defendant to file an objection.  If such objections are filed, the Court will schedule a hearing promptly.  If no objections are filed, then Plaintiff shall add the slides that it submits to the record on appeal.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, December 8, 2015.



_____

Alan C. Kay
Sr. United States District Judge

<u>Broadband iTV, Inc. v. Hawaiian Telcom, Inc. et al.</u>, Civ. Nos. 14-00169/15-00131 ACK-RLP, Order Granting in Part and Denying in Part Plaintiff's Motion to Supplement the Record.

## <u>CERTIFICATE OF SERVICE</u>

I, Anne Shea Gaza, hereby certify that on May 1, 2020, I caused to be electronically filed

a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF,

which will send notification that such filing is available for viewing and downloading to the

following counsel of record:

> Kenneth L. Dorsney, Esquire
> Morris James LLP
> 500 Delaware Avenue, Suite 1500
> Wilmington, DE 19801
> *kdorsney@morrisjames.com*
>
> *Attorney for Plaintiffs/Counter-Defendants*

I further certify that on May 1, 2020, I caused the foregoing document to be served via

electronic mail upon the above-listed counsel and on the following:

> Courtland L. Reichman, Esquire
> Shawna L. Ballard, Esquire
> Jennifer Estremera, Esquire
> Michael G. Flanigan, Esquire
> Joachim B. Steinberg, Esquire
> Kate Falkenstien, Esquire
> Ariel C. Green, Esquire
> Reichman Jorgensen LLP
> 100 Marine Parkway, Suite 300
> Redwood Shores, CA  94065
>
> Sarah O. Jorgensen, Esquire
> Reichman Jorgensen LLP
> 1201 West Peachtree Street, Suite 2300
> Atlanta, GA 30309
>
> Christine E. Lehman, Esquire
> Adam Adler, Esquire
> Reichman Jorgensen LLP
> 818 Connecticut Ave., N.W., Suite 850
> Washington, DC 20006

Jaime F. Cardenas-Navia, Esquire
Wesley Lanier White, Esquire
Khue V. Hoang, Esquire
Rahul Sarkar, Esquire
Reichman Jorgensen LLP
750 Third Avenue, Suite 2400
New York, NY 10017

*RJ_densify@reichmanjorgensen.com*

Gary J. Toman, Esquire
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
*gtoman@wwhgd.com*

Peter J. Ayers, Esquire
Law Office of Peter J. Ayers, PLLC
2200 Bowman Avenue
Austin, TX 78703
*peter@ayersiplaw.com*

*Attorneys for Plaintiffs/Counter-Defendants*

Dated:  May 1, 2020

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
*agaza@ycst.com*
*rvrana@ycst.com*
*swilson@ycst.com*

*Attorneys for VMware, Inc.*

2