IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIRBA INC. (d/b/a DENSIFY)
and CIRBA IP, INC.,

   *Plaintiffs*,

v.

VMWARE, INC.,

   *Defendant*.

C.A. No. 19-742-LPS

**VMWARE'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE,
OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY BRIEF**

Dated: May 4, 2020

OF COUNSEL:

Arturo J. González
Michael A. Jacobs
Richard S. J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
agonzalez@mofo.com
mjacobs@mofo.com
rhung@mofo.com

Deanne E. Maynard
Brian R. Matsui
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW Suite 6000
Washington, D.C. 20006
(202) 887-1500
dmaynard@mofo.com
bmatsui@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for VMware, Inc.*

Seth P. Waxman
Thomas G. Saunders
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
seth.waxman@wilmerhale.com
thomas.saunders@wilmerhale.com

William F. Lee
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
william.lee@wilmerhale.com

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. VMWARE'S REPLY BRIEF REBUTTED THE ARGUMENTS MADE IN CIRBA'S OPPOSITION ................................................................................................ 1

III. THE COURT SHOULD DENY CIRBA LEAVE TO FILE ITS SUR-REPLY, WHICH STILL FAILS TO OVERCOME ITS LACK OF PROOF ................................ 2

IV. VMWARE'S MARKING ARGUMENT IS NOT WAIVED ......................................... 4

V. CONCLUSION ................................................................................................................ 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
    6 F.3d 1523 (Fed. Cir. 1993)......................................................................................................3

*In re Fleming Co., Inc.*,
    316 B.R. 809 (D. Del. 2004).......................................................................................................1

*Int'l Bus. Machs. Corp. v. The Priceline Grp. Inc.*,
    No. 15-137-LPS-CJB, 2016 WL 626495 (D. Del. Feb. 16, 2016) ........................................ 2-3

*Siemens Med. Solutions USA, Inc. v. Humedica, Inc.*,
    No. 14-880-LPS-CJB, 2015 WL 1738186 (D. Del. Apr. 8, 2015) ...........................................2

*Wilmot v. Marriott Hurghada Mgmt., Inc.*,
    No. 15-618-RGA-MPT, 2016 WL 2599092 (D. Del. May 5, 2016) .........................................1

**Other Authorities**

D. Del. LR 7.1.3(c)(2).....................................................................................................................2

I.      **INTRODUCTION**

Cirba's motion to exclude VMware's reply or, in the alternative, to file a sur-reply confirms that it is has an incurable failure of proof on patent marking. VMware's opening brief explained that the sparse evidence on marking at trial could not satisfy Cirba's statutory burden. In its reply brief, VMware responded to Cirba's argument that it allegedly met its burden by marking through its website. Consistent with the argument in VMware's opening brief that Cirba both factually and legally failed to meet Cirba's burden, VMware's reply brief addressed the specific arguments Cirba raised in its opposition. That is the purpose of a reply brief.

Now, Cirba seeks to file a 5-page sur-reply to respond to VMware's 1.5-page reply arguments. With its proposed sur-reply filed three months after trial, Cirba submits a recent website printout that it argues it could "easily" have presented to the jury. But having never identified this website printout on its exhibit list, Cirba should hardly be heard now to complain that it did not get a chance to submit it into evidence. And regardless, this printout does not show that Cirba properly marked, even if it were considered.

II.     **VMWARE'S REPLY BRIEF REBUTTED THE ARGUMENTS MADE IN CIRBA'S OPPOSITION**

The Court should deny Cirba's motion to strike, as VMware's reply brief properly reasserted VMware's position and rebutted the arguments in Cirba's opposition. *In re Fleming Co., Inc.*, 316 B.R. 809, 815 n.3 (D. Del. 2004) (denying motion to strike because "everything in [the] reply memorandum is either in the original brief or in response to [the opposition brief]"); *Wilmot v. Marriott Hurghada Mgmt., Inc.*, No. 15-618-RGA-MPT, 2016 WL 2599092, at *4 (D. Del. May 5, 2016) ("arguments in a reply brief responsive to positions and new information raised in an opposition brief do not violate D. Del. LR 7.1.3(c)(2)" (citation omitted)).

VMware's opening and reply briefs advanced the same argument: Cirba failed to present

sufficient evidence at trial to meet its burden of proof that it complied with the legal requirements of the marking statute. In its opening brief, VMware correctly identified that the only evidence Cirba presented to the jury on marking was Gerry Smith's few short lines of testimony and argued that that proof was both factually and legally insufficient. (D.I. 712 at 18-19; D.I. 592 at 1060:23-1061:4.) In opposing VMware's post-trial motions, Cirba argued that marking through its website was sufficient to satisfy its statutory burden because its software product "is downloaded or accessed directly through a web application." (D.I. 672 at 16-17.)

VMware's reply reasserted that Cirba's evidence failed factually and legally. It observed that Cirba's opposition did not try to show it virtually marked under § 287(a) and then rebutted Cirba's claim that it nevertheless satisfied its burden by purportedly marking on its website. (D.I. 715 at 8; D.I. 672 at 16-17.) As to Cirba's assertion that its product was "downloaded or accessed directly through a web application" (D.I. 672 at 16), VMware's reply pointed out that Cirba's response cited evidence relating only to its SaaS product, not its "on-premises" product. (D.I. 715 at 8-9.) Unlike Cirba's reply, VMware cited only record evidence in support of its JMOL positions. VMware's reply was appropriate and complied with D. Del. LR 7.1.3(c)(2).

### III.    THE COURT SHOULD DENY CIRBA LEAVE TO FILE ITS SUR-REPLY, WHICH STILL FAILS TO OVERCOME ITS LACK OF PROOF

Because VMware's reply brief echoed its opening brief position that Cirba's proof failed to meet its burden on marking, Cirba's motion for leave to file a sur-reply should be denied. VMware's reply was "responsive to theories and arguments raised in [Cirba's] answering brief," such that a sur-reply is unwarranted. *Siemens Med. Solutions USA, Inc. v. Humedica, Inc.*, No. 14-880-LPS-CJB, 2015 WL 1738186, at *1 n.1 (D. Del. Apr. 8, 2015) (denying leave to file sur-reply); *Int'l Bus. Machs. Corp. v. The Priceline Grp. Inc.*, No. 15-137-LPS-CJB, 2016 WL 626495, at *1 n.1 (D. Del. Feb. 16, 2016) (denying leave to file sur-reply because reply

arguments either expounded on opening arguments or responded to plaintiff's answering brief).

No matter how much briefing Cirba submits, it cannot change that its trial evidence on marking consisted of two answers by Mr. Smith. Nor can it change the actual words of that testimony. Mr. Smith testified Cirba started marking in March 2015. (D.I. 592 at 1060:23-1061:4.) He never stated that any marking was continuous and consistent "*since* March 2015," as Cirba's sur-reply contends. (D.I. 703-1 at 3.) *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993) (requiring evidence of continuous and consistent marking).

Cirba provides no authority—and VMware is aware of none—allowing a party to survive JMOL by introducing in a sur-reply evidence that it never presented to the jury. Cirba surely cannot augment the trial record by attaching a webpage printed three months after trial. (D.I. 703-2.) The website printout in no way demonstrates, much less proves, that Cirba continuously and consistently marked on its website since March 2015. Nor does it show that any such webpage was sufficiently linked to the Densify product as to apprise the public of the patents the product actually practices.

As Cirba's opposition did not assert that it proved the requirements of the statute's virtual marking provision (D.I. 672 at 16-17), the submission of the webpage is particularly peculiar as it is entitled "Virtual Marking" and purports to comply with the "virtual patent marking provisions of Section 16 of the America Invents Act." (D.I. 703-2 at 1.) VMware's opening brief explained, however, those provisions would require proof of a cross-reference on the Densify product itself. (D.I. 712 at 18.) Cirba provided none.

Moreover, contrary to Cirba's representation, it could not have "easily" presented this document or other webpages to the jury. It did not include any webpages directed to this issue on its trial exhibit list, even though VMware had identified marking as an outstanding issue in

the Pretrial Order.  (D.I. 439, Ex. 5 at 35, 39-40.)

Cirba's attempt to characterize its late evidentiary submission as merely "corroborati[ng]" Mr. Smith's testimony misses the mark.  (D.I. 703 at 1, 4.)  As VMware explained both in its opening and reply briefs, the issue is whether Mr. Smith's trial testimony was sufficient to prove Cirba's compliance with the marking statute.  (D.I. 712 at 17-18; D.I. 715 at 8.)  Whether considered with or without Cirba's belated website printout, it was not.

### IV.     VMWARE'S MARKING ARGUMENT IS NOT WAIVED

Cirba repeats its argument that VMware waived its post-trial JMOLs by not moving when Cirba rested.  (D.I. 703 at 3-4; D.I. 703-1 at 4-5.)  VMware's reply addressed this argument.  (D.I. 715 at 10-11.)  If Cirba had a challenge founded in the Pretrial Order (which it did not), it waived it by not objecting when VMware made its pre-verdict Rule 50(a) motion.

### V.     CONCLUSION

The Court should deny Cirba's motion.  VMware's reply brief properly responded to Cirba's arguments that attempted to show it had met its statutory burden on marking.  Nothing in Cirba's proposed sur-reply can cure its failure to present sufficient evidence on marking.

Dated: May 4, 2020

OF COUNSEL:

Arturo J. González
Michael A. Jacobs
Richard S. J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
agonzalez@mofo.com
mjacobs@mofo.com
rhung@mofo.com

Deanne E. Maynard
Brian R. Matsui
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW Suite 6000
Washington, D.C. 20006
(202) 887-1500
dmaynard@mofo.com
bmatsui@mofo.com

Seth P. Waxman
Thomas G. Saunders
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
seth.waxman@wilmerhale.com
thomas.saunders@wilmerhale.com

William F. Lee
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
william.lee@wilmerhale.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for VMware, Inc.*

# CERTIFICATE OF SERVICE

I, Anne Shea Gaza, hereby certify that on May 4, 2020, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Kenneth L. Dorsney, Esquire
> Morris James LLP
> 500 Delaware Avenue, Suite 1500
> Wilmington, DE 19801
> *kdorsney@morrisjames.com*
>
> *Attorney for Plaintiffs/Counter-Defendants*

I further certify that on May 4, 2020, I caused the foregoing document to be served via electronic mail upon the above-listed counsel and on the following:

> Courtland L. Reichman, Esquire
> Shawna L. Ballard, Esquire
> Jennifer Estremera, Esquire
> Michael G. Flanigan, Esquire
> Joachim B. Steinberg, Esquire
> Kate Falkenstien, Esquire
> Ariel C. Green, Esquire
> Reichman Jorgensen LLP
> 100 Marine Parkway, Suite 300
> Redwood Shores, CA  94065
>
> Sarah O. Jorgensen, Esquire
> Reichman Jorgensen LLP
> 1201 West Peachtree Street, Suite 2300
> Atlanta, GA 30309
>
> Christine E. Lehman, Esquire
> Adam Adler, Esquire
> Reichman Jorgensen LLP
> 818 Connecticut Ave., N.W., Suite 850
> Washington, DC 20006

24585493.1

Jaime F. Cardenas-Navia, Esquire
Wesley Lanier White, Esquire
Khue V. Hoang, Esquire
Rahul Sarkar, Esquire
Reichman Jorgensen LLP
750 Third Avenue, Suite 2400
New York, NY 10017

*RJ_densify@reichmanjorgensen.com*

Gary J. Toman, Esquire
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
*gtoman@wwhgd.com*

Peter J. Ayers, Esquire
Law Office of Peter J. Ayers, PLLC
2200 Bowman Avenue
Austin, TX 78703
*peter@ayersiplaw.com*

*Attorneys for Plaintiffs/Counter-Defendants*

Dated: May 4, 2020

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
*agaza@ycst.com*
*rvrana@ycst.com*
*swilson@ycst.com*

*Attorneys for VMware, Inc.*

24585493.1