Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

May 8, 2020

<u>VIA CM/ECF</u>
The Honorable Leonard P. Stark
United States District Court for District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19
Wilmington, DE 19801-3555

      RE:    *Cirba Inc. (d/b/a Densify), et al. v. VMware, Inc.,*
               C.A. No. 19-742-LPS

Dear Chief Judge Stark:

      Densify writes in response to VMware's letter of May 1, 2020 (D.I. 732), which seeks to strike Densify's lodging of demonstratives from the record.

      Densify has simply lodged the demonstratives provided to the Court during trial. Densify noted in the cover pleading that it was lodging the slides "provided to the Court and used in connection with the examination" of the experts, also noting that "[t]he record indicates which slides were used for the examination during trial." VMware lodged its demonstrative slides, and Densify simply did the same. There is nothing inaccurate about Densify's filing, and the record on appeal speaks for itself.

**I.    BACKGROUND**

      Since trial, VMware has burdened the Court and Densify with multiple requests for unnecessary relief. First, VMware insisted that the Court prioritize resolution of its argument that Cirba Inc. lacks standing before any other post-trial briefing could be completed. (D.I. 570.) The Court summarily rejected that proposal. (D.I. 574.) Next, VMware filed a 589-page plea to mount a fishing expedition into the basis for statements in Densify's closing argument. (D.I. 584.) The Court summarily denied that request as well. (D.I. 599.) VMware then sought to delay completion of post-trial briefing again, this time arguing a response to Densify's opening brief required immediate depositions and document production. (D.I. 638, 646.) The Court again denied VMware's request, and slightly adjusted the briefing schedule in light of COVID-19. (D.I. 651.)

      This time, VMware accuses Densify of attempting to "confuse the record on appeal" by lodging electronic copies of demonstratives that Densify provided to the Court during trial in paper format. (D.I. 732 at 3.) In January 2020, VMware electronically lodged on the Court's docket the demonstrative slides it claims to have used at trial. (D.I. 510, 511, 523, 523.1, 540, 541, 542, 543, 554.) On April 14, 2020, Densify lodged electronic versions of the demonstratives provided to the Court in hard copy during trial. (D.I. 691, 692.) After VMware

500 Delaware Avenue, Suite 1500   |   Wilmington, DE 19801-1494   **T** 302.888.6800   **F** 302.571.1750
**Mailing Address**   P.O. Box 2306   |   Wilmington, DE   www.morrisjames.com
11673664/1

objected to the lodging, Densify modified its cover pleadings to state that Densify was lodging the demonstrative slides "provided to the Court and used in connection with the examination" of the expert witness, and that "[t]he record indicates which slides were used for the examination during trial." (D.I. 708, 709).[1]

## II.    THE TRIAL RECORD HAS NOT BEEN AFFECTED.

At no point has Densify tried to "confuse" the trial record, as VMware asserts. (D.I. 732 at 3.) The demonstratives lodged with the Court are the same demonstratives it provided at trial to both the Court and VMware. In the corrected filing, Densify made clear that "[t]he record indicates which slides were used for the examination during trial." (D.I. 708 at 2, 709 at 2.) For purposes of post-trial proceedings and appeal, the trial record speaks for itself. Whether slides were used at trial is a matter of the trial transcript, and is not addressed in Densify's cover pleading. Densify provided the complete deck to the Court during trial, and therefore lodged the complete deck for whatever weight it is worth.

By contrast, VMware's lodging of demonstratives overtly confuses the record. VMware filed several notices of lodging in this case. (D.I. 510, 511, 523, 523.1, 540, 541, 542, 543, 554.) In addition to lodging demonstratives used during opening and closing arguments (*i.e.*, demonstratives that are not even tied to testimony made under oath), VMware made the bold claim that it had attached only slides that were *presented to the jury*. The trial transcript is not at all clear that these demonstratives were shown to the jury.

With respect to the demonstratives VMware allegedly used during Dr. Madisetti's cross-examination (D.I. 511), the trial record does not expressly refer to any particular slide. (*See* Trial Tr. 614:24-618:23.) Similarly, the word "slide" is not mentioned even once during VMware's opening statement. (*See* Trial Tr. 191:9-227:6.) Only VMware's unsworn notice of lodging says the slides (D.I. 523) were shown to the jury. As for the demonstratives allegedly used with Dr. Nieh, despite lodging 162 slides (D.I. 540, 540-1, 541), the word "slide" is mentioned only 64 times in Dr. Nieh's testimony. (*See* Nieh Trial Tr. 1-105.) VMware's unsworn statement is the only thing supporting the use of all 162 slides. As for Dr. Waldspurger's examination (D.I. 542), only slides one and two appear to be referenced in the trial testimony. (Trial Tr. 1197:17-18, 1198:12.) Only VMware's unsworn statement supports the notion that any other slide was used. With respect to the demonstratives used with Chandra Prathuri (D.I. 543), only the first and last slides appear to be referenced in the trial transcript. (*See* Trial Tr. 1409:2-1446:15.) Again, only VMware's unsworn statement that the second slide was used supports its lodging. Finally, although counsel referenced a few "slides" in his closing argument, he did not identify them. (*See* Trial Tr. 1807:3-7, 1841:22-24.) The trial transcript certainly does not reflect use of the 157 slides VMware contends were used during its closing argument. (*Compare* Trial Tr. 1806:17-1872:18, *with* D.I. 554.)

As VMware argued in its opening brief, "the party seeking to rely on 'demonstratives'

---

[1] Densify initially lodged its exhibits with different cover pleadings. VMware objected to the language used in the cover pleadings. Accordingly, Densify filed the corrected cover pleadings as set forth above in order to address VMware's stated concerns.

shown 'to the jury' has the 'burden to assure that the record captures the substance' of what was presented." (D.I. 732 at 4 (quoting *Whitserve*, 694 F.3d at 32 n.16).)  It is doubtful that VMware can accomplish this task based on the trial transcript.  In all events, this is not something needing fact findings by the Court as what slides were, in fact, shown to the jury.  The record speaks for itself, and the appellate court can rely on that record as permitted by the rules and cases.

### III. VMWARE'S CASES DO NOT SUPPORT ITS MOTION

VMware has not cited a single case controlling its motion.  Only two cited cases concern demonstratives.[2]  The first recites a standard that Densify met and the second is not relevant.  First, *Whitserve, LLC v. Computer Packages, Inc.*, says the party who wishes to rely on a data-driven demonstrative during an appeal must "assure that the record captures the substance of the data so presented" because the Federal Circuit will not "guess at what the jury saw."  694 F.3d 10, 32 n.16 (2012).  Densify met this burden by lodging electronic versions of the slides given to the Court and then pointing out the trial transcript reflects the slides used with the jury.

Second, *Broadband iTV, Inc. v. Hawaiian Telecom, Inc.*, No. 1:14-cv-00169-ACK-RLP (D. Haw. Dec. 8, 2015), is not relevant to VMware's motion.  That Court allowed the plaintiff to supplement the record with slides "actually referred to by counsel" during two hearings (claim construction and summary judgment), *id.* at 10, in part, because the only opportunity to review and respond to the slides occurred during the hearings themselves, *see id.* at 4, 6-7.  Here, the circumstances are different.  Pursuant to the Court's Pre-Trial Order, Densify provided every lodged demonstrative to VMware at least the night before it was used at trial.  (D.I. 439 ¶¶ 41-45.)  As the Court knows, VMware used that disclosure to object to demonstratives and evidence.  (*See, e.g.*, Trial Tr. at 559:16-583:12.)  No slide was shown until the Court resolved any outstanding issues between the parties.  Thus, unlike the defendant in *Broadband*, VMware cannot complain about a lack of evidentiary testing.  Indeed, if *any* party has been prejudiced by the lodging of demonstratives, it is Densify.  After all, *VMware* lodged 157 closing argument slides that Densify had no opportunity to contest until they were displayed to a jury.  (*See* D.I. 554.)  It further lodged slides used during cross-examination that Densify had no opportunity to review beforehand.  (*See* D.I. 439 ¶ 44, 511.)

### IV. CONCLUSION

Densify respectfully requests that the Court deny VMware's motion.  In all events, the same rules should apply to both parties — either the demonstratives can be filed, or they cannot

---

[2] The rest of VMware's authorities concern a party's attempt to introduce *evidence* that was not presented before a dispositive ruling or verdict, *see, e.g.*, *Fassett v. Delta Kappa Epsilon (N.Y.)*, 807 F.2d 1150, 1154, 1165 (3d Cir. 1986) (concluding the district court could not supplement the summary judgment record with new deposition testimony); *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 681-82 (3d Cir. 2003) (concluding portions of a memorandum not included in the record were not part of the record on appeal), and the Court's power to strike documents it neither asked for nor considered during a scheduling conference, *see St. Clair Intellectual Prop. Consultants, Inc. v. Fuji Photo Film Co., Ltd.*, 2009 WL 10721048, at *3 (D. Del. Nov. 19, 2009).

be filed.

                                                  Respectfully,

                                                  */s/ Kenneth L. Dorsney*

                                                  Kenneth L. Dorsney (#3726)
                                                  kdorsney@morrisjames.com

cc: All counsel of record (via CM/ECF and electronic mail)