

Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

May 18, 2020

**VIA CM/ECF**
The Honorable Leonard P. Stark
United States District Court for District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19
Wilmington, DE 19801-3555

   RE: *Cirba Inc. (d/b/a Densify), et al. v. VMware, Inc.,*
      **C.A. No. 19-742-LPS**

Dear Chief Judge Stark:

  Densify writes to request that the parties be permitted to submit supplemental letter briefing on an infringement issue that was discussed at length during the recent oral argument on VMware's motion for judgment as a matter of law.

  VMware's written motion for judgment as a matter of law (D.I. 602) raised over twenty arguments, many in only cursory fashion, in seeking to overturn the verdict in whole or part. Given the sequencing of the briefing and page limitations, Densify has had only a limited opportunity to submit briefing and record citations on an issue that was particularly emphasized in VMWare's presentation, and in the Court's questions, at the hearing: whether the '687 patent's limitations were met within a particular virtualized environment.

  To the extent the Court has lingering questions, Densify believes that additional briefing focused on this issue could be helpful to the Court.  Specifically, Densify respectfully requests an opportunity to file a three page letter brief with specific record citations supporting the jury's determination that the '687 patent's limitations were met within <u>a particular virtualized environment</u>.  In particular, the briefing would provide citations to Professor Madisetti's testimony and exhibits showing how DRS is programmed to operate when business affinity or anti-affinity rules are enabled.  His testimony and the admitted exhibits show that <u>the virtualized environment for DRS is the cluster</u>, and when a business rule is enabled, DRS necessarily compares each of the VMs to each host and the other VMs in the cluster using business, technical, and workload constraints.  Thus, combined with the evidence of customers (or VMware) enabling business constraints as affinity or anti-affinity rules, the Madisetti testimony shows that the way DRS works is to evaluate each VM against each host and other VMs within the cluster (which is to say, the virtualized environment) using business, technical, and workload constraints – *i.e.*, he details how, with business rules enabled, DRS operates to meet the limitations of the patent.  Densify seeks leave to submit record citations and a brief explanation to assist the Court's review of this issue, if it would be helpful to the Court.

2090386

500 Delaware Avenue, Suite 1500   |   Wilmington, DE 19801-1494   T 302.888.6800   F 302.571.1750
**Mailing Address**   P.O. Box 2306  |  Wilmington, DE 19899-2306   www.morrisjames.com
11686184/1

Morris James LLP

The Honorable Leonard P. Stark
May 18, 2020
Page **2** of **2**

      Accordingly, Densify respectfully requests an opportunity to file a three page letter brief on this issue if the Court would find this information helpful in its review of the record. VMWare could file a comparable three-page letter on this issue either simultaneously or in response as the Court prefers.

      Respectfully,

      */s/ Kenneth L. Dorsney*

      Kenneth L. Dorsney (#3726)
      kdorsney@morrisjames.com

cc: All counsel of record (via CM/ECF and electronic mail)