## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CIRBA INC. (d/b/a DENSIFY)
and CIRBA IP, INC.,

                  *Plaintiffs*,

      v.

VMWARE, INC.,

                *Defendant*.

C.A. No. 19-742-LPS



**PUBLIC REDACTED VERSION**

### LETTER TO THE HONORABLE LEONARD P. STARK FROM ANNE SHEA GAZA
### RE: CIRBA'S REQUEST TO SUPPLEMENT POST-TRIAL BRIEFING

Dated: May 20, 2020
Redacted Version: May 27, 2020
OF COUNSEL:

Arturo J. González
Michael A. Jacobs
Richard S. J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
agonzalez@mofo.com
mjacobs@mofo.com
rhung@mofo.com

Deanne E. Maynard
Brian R. Matsui
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW Suite 6000
Washington, D.C. 20006
(202) 887-1500
dmaynard@mofo.com
bmatsui@mofo.com

Seth P. Waxman
Thomas G. Saunders
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
seth.waxman@wilmerhale.com
thomas.saunders@wilmerhale.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for VMware, Inc.*

William F. Lee
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
william.lee@wilmerhale.com

Dear Chief Judge Stark:

VMware opposes Cirba's request for further briefing on VMware's non-infringement JMOL motion (D.I. 745).[1]

Cirba's assertion that it "has had only a limited opportunity to submit briefing and record citations" is false. (*Id.* at 1.) Cirba has had ample opportunity to do so via (1) its 25-page answering brief on April 3 (D.I. 672), (2) its proposed 5-page sur-reply brief on April 20 (D.I. 703), (3) the "slides or other materials" that the Court invited the parties to submit by May 14 (D.I. 702) (but which Cirba elected to forgo), and (4) during the May 15 hearing itself.

The record also refutes Cirba's claim that it had no way of knowing that an "existing virtualized environment" was at issue. "[W]hether the '687 patent's limitations were met within a particular virtualized environment" (D.I. 745 at 1) was front and center at trial and in VMware's post-trial motion. VMware devoted over five pages to this issue in its opening brief. (D.I. 712 at 2-7.) VMware explained that Cirba had failed to show that anyone had enabled enough optional features (*e.g.*, sufficient VM-VM DRS rules), so that each VM in an "existing virtualized environment" is evaluated against each host and other VMs using the three required constraints. (*See, e.g.*, *id.* at 4 ("To prove infringement, Cirba needed to show that VMware or its customers created a VM-VM DRS rule 'based on a business parameter,' as opposed to other parameter types, or enabled FT for *every* VM in the virtualized environment." (emphasis in original)).)

In response, Cirba devoted nearly four pages to arguing that VMware and its customers used the purported infringing features. (D.I. 672 at 5-8.) And it focused almost two of these pages to addressing the specific "virtualized environment" issue, using ███ environment as its primary example. (*Id.* at 7-8.) In its reply, VMware pointed to Cirba's multiple failures of proof, as confirmed by its silence on VMware's core showing and the lack of record support for Cirba's arguments, including its inability to identify any "existing virtualized environment" showing infringement. (*See* D.I. 715 at 2-3.)

Seeking to further respond to VMware's post-trial motions, Cirba then moved for leave to file a proposed sur-reply. (D.I. 703.) Although the basis of its motion was VMware's alleged "entirely new arguments" on reply (*id.* at 1), Cirba sought to supplement only its briefing on marking.[2] It did not seek leave to further address the already well-briefed issue "whether the '687 patent's limitations were met within a particular virtualized environment." (D.I. 745 at 1.)

On Thursday afternoon, before last Friday's hearing, VMware provided its hearing slides to Cirba and the Court. VMware's slides walked through the parties' post-trial briefing and again noted that Cirba never identified any specific "virtualized environment" to which its infringement analysis applied. (Ex. A (VMware Hrg. Slides at 18-20).) Cirba, by contrast, declined the Court's invitation to submit slides or other materials for the hearing. (May 15, 2020 Hrg. Tr. at 4:14-16.)

---

[1] Cirba did not meet and confer with VMware before filing its request for leave to submit supplemental briefing. *See* D. Del. LR 7.1.1. (D.I. 745.)

[2] VMware continues to oppose Cirba's request for leave as stated in its opposition. (D.I. 736.)

1

During the hearing itself, Cirba struggled to identify any record citations in response to the Court's repeated and pointed requests for trial evidence of a "virtualized environment" that was assessed for infringement.  (*Id.* at 34:10-12 ("Give me an example of where there was testimony about a particular existing virtualized environment in which the claims were practiced."); *id.* at 35:2-7 ("[P]lease answer directly as you can the criticism that we see in the briefing and that we have heard today about ███ and how we don't know where you are drawing the line to tell us what the precise virtualized environment is so we don't know which machines and which hosts to look to."); *id.* at 36:16-19 ("[S]hould I understand that if I think the way that defendants have articulated what you need to show to support a finding of infringement on the virtualized environment component and the each-to-each, that you have not met that burden?").)

When the Court asked Cirba whether its briefing had cited all of the evidence that was needed, Cirba twice answered "Yes":

> THE COURT: If I go through all the evidence you cited in your answering brief in response to VMware's motion, are you confident that I will find sufficient evidence to support your infringement theory by looking at that evidence?
>
> MS. LEHMAN: Yes. Yes, we are, Your Honor.

(*Id.* at 40:1-6.)

Cirba's argument that "page limitations" hindered its ability to adequately address VMware's positions is both false (it had plenty of opportunities to address VMware's argument, as outlined above) and the result of its own decisions.  Cirba rejected VMware's proposal to extend the page limitations for post-trial motions.  (D.I. 570 at 9 (VMware proposing "40 pages of opening briefs, 40 pages of answering briefs, and 20 pages of reply briefs" "[d]ue to the complexity of the post-trial motions"); D.I. 568 at 3 (Cirba "disagree[ing]").)  Instead, Cirba insisted that only a small expansion of the Court's standard page limits was warranted.  (*Id.* at 3 (arguing that "VMware intends to file more than nine Rule 50(b) motions . . . does not mean" more page expansion is warranted, and proposing only 25 pages); *see also* D.I. 575 at 1.)  The Court adopted Cirba's proposal.  (D.I. 575 at 1; D.I. 574).  In view of its prior position, Cirba cannot justify expanding the page limitations now, especially as briefing (including sur-replies) and the hearing have already concluded.

Granting Cirba's request also would substantially prejudice VMware.  Believing that a large number of issues were ripe for post-trial review, VMware requested 40 pages for opening and answering briefs and 20 for replies, as noted above.  When that request was denied, VMware made difficult decisions about which arguments to raise, which arguments to drop, and how much space to afford each argument.  Under these circumstances, it would be unfair to give Cirba more pages and yet another opportunity to try to respond.

Cirba has had every opportunity to present its case.  Its request to submit supplemental briefing "with specific record citations" (D.I. 745 at 1) at this very late juncture only underscores the problems in its case.  It should not have been difficult for Cirba to point to a clear statement of its infringement theory in the trial record—if it had ever offered one.  It did not.

Moreover, its letter brief suggests that it intends to cobble together support for yet another new infringement theory never disclosed by its expert—not in expert reports, depositions, at trial, or post-trial briefs and declarations.  Instead, as in its brief in opposition to VMware's post-trial motions, Cirba presumably will provide the Court with still more lengthy and unexplained string citations to the trial record.  (*See, e.g.,* D.I. 672 at 6 (citing 28 pages of transcript and 9 exhibits without explanation).)  But four months after trial and two months after VMware filed its post-trial motions, it is far too late for Cirba to be conceiving of and pressing ill-defined new theories.

Cirba's request therefore should be denied.  *See United Access Technologies LLC v. AT&T Inc. et al.*, No. 1-11-cv-00338, D.I. 75 (D. Del. June 20, 2016) (Ex. B) (requiring a showing of "good cause for a supplemental brief" and "meet and confer").  If the Court is inclined to grant Cirba's request to file a 3-page supplemental brief, VMware requests permission to file a 5-page reply brief.  A longer reply is warranted for VMware to respond to Cirba's anticipated lengthy string citations, which historically have lacked pincites or substantive explanations as noted.

Respectfully,

/s/ *Anne Shea Gaza*

Anne Shea Gaza (No. 4093)

Enclosures

cc:  All Counsel of Record (CM/ECF)

## <u>CERTIFICATE OF SERVICE</u>

I, Anne Shea Gaza, hereby certify that on May 27, 2020, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Kenneth L. Dorsney, Esquire
> Morris James LLP
> 500 Delaware Avenue, Suite 1500
> Wilmington, DE 19801
> *kdorsney@morrisjames.com*
>
> *Attorney for Plaintiffs/Counter-Defendants*

I further certify that on May 27, 2020, I caused the foregoing document to be served via electronic mail upon the above-listed counsel and on the following:

> Courtland L. Reichman, Esquire
> Shawna L. Ballard, Esquire
> Jennifer Estremera, Esquire
> Michael G. Flanigan, Esquire
> Joachim B. Steinberg, Esquire
> Kate Falkenstien, Esquire
> Ariel C. Green, Esquire
> Reichman Jorgensen LLP
> 100 Marine Parkway, Suite 300
> Redwood Shores, CA  94065
>
> Sarah O. Jorgensen, Esquire
> Reichman Jorgensen LLP
> 1201 West Peachtree Street, Suite 2300
> Atlanta, GA 30309
>
> Christine E. Lehman, Esquire
> Adam Adler, Esquire
> Reichman Jorgensen LLP
> 818 Connecticut Ave., N.W., Suite 850
> Washington, DC 20006

Jaime F. Cardenas-Navia, Esquire
Wesley Lanier White, Esquire
Khue V. Hoang, Esquire
Rahul Sarkar, Esquire
Reichman Jorgensen LLP
750 Third Avenue, Suite 2400
New York, NY 10017

*RJ_densify@reichmanjorgensen.com*

Gary J. Toman, Esquire
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
*gtoman@wwhgd.com*

Peter J. Ayers, Esquire
Law Office of Peter J. Ayers, PLLC
2200 Bowman Avenue
Austin, TX 78703
*peter@ayersiplaw.com*

Paul D. Clement, Esquire
Julie M.K. Siegal, Esquire
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC.  20004
*paul.clement@kirkland.com*
*julie.siegal@kirkland.com*

*Attorneys for Plaintiffs/Counter-Defendants*

Dated:  May 27, 2020

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
1000 N. King Street
Wilmington, Delaware 19801
*agaza@ycst.com*
*rvrana@ycst.com*
*swilson@ycst.com*

*Attorneys for VMware, Inc.*

2