IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY), and CIRBA IP, INC., <br><br> *Plaintiffs/Counter-Defendants,* <br><br> v. <br><br> VMWARE, INC., <br><br> *Defendant/Counter-Plaintiff.* | C.A. No. 19-742-LPS |

# JOINT INTERIM STATUS REPORT

Pursuant to Paragraph 15 of the February 2, 2020 Scheduling Order (D.I. 578), Plaintiffs and Counter-Defendants Cirba IP, Inc. and Cirba Inc. d/b/a Densify (collectively, "Densify" or "Cirba") and Defendant and Counter-Plaintiff VMware, through undersigned counsel, hereby submit the following Joint Interim Status Report addressing the nature of the matters in issue and the progress of discovery to date.

## I. PENDING POST-TRIAL MOTIONS ON CIRBA'S CLAIMS

**Parties' Post-Trial Motions.** The parties filed and briefed several post-trial motions. VMware filed post-trial motions seeking (1) JMOL of non-infringement and invalidity of the '687 patent; (2) JMOL of non-infringement of the '367 patent; (3) JMOL of no willful infringement; (4) JMOL, remittitur, and/or new trial on damages; (5) a new trial; and (6) dismissal of Cirba Inc. as a co-plaintiff for the claims on the '367 and '687 patents for lack of standing.  (D.I. 601, 712.)  Densify filed post-trial motions seeking (1) a permanent injunction; (2) ongoing royalties; (3) enhanced damages for willful infringement; (4) pre-judgment interest; (5) post-judgment interest; and (6) supplemental damages, and an accounting and reporting. (D.I. 604, 605.)

On May 15, 2020, the Court heard oral argument on the parties' post-trial motions. (D.I. 758.) On June 3, the Court granted VMware's Motion to Dismiss Cirba Inc. for Lack of Standing. (D.I. 752.) On the same day, the Court ordered the parties to submit supplemental briefing. (*Id*. at 11.) The parties have completed their supplemental briefing. (D.I. 754, 755, 761, 762, 766, 767.)

**Densify's Motion for Reargument and Reconsideration.** On June 17, 2020, Densify filed a Motion for Reargument and Reconsideration of the June 3 Order dismissing Cirba Inc. (D.I. 756.) On July 1, VMware filed an Opposition to Densify's Motion for Reargument and Reconsideration. (D.I. 777.) The motion has been fully briefed.

**VMware's Motion to Strike.** VMware filed a Motion to Strike Densify's Notices of Lodging and Corrected Notices of Lodging on May 1. (D.I. 731.) On May 8, Densify filed a response opposing VMware's motion. (D.I. 739.) On May 11, VMware filed a reply in support of its motion. The motion has been fully briefed. (D.I. 742.)

**VMware's Motion to Seal and Redact the Post-Trial Hearing Transcript.** VMware filed a Motion to Seal and Redact Limited Portions of the Post-Trial Hearing Transcript (D.I. 731) on July 9. (D.I. 785.) Densify intends to oppose VMware's motion.

## II. DISCLOSURES AND DISCOVERY RELATING TO VMWARE'S COUNTERCLAIMS

VMware asserted four patents in its counterclaims against Densify. The deadline for substantial completion of document production regarding these counterclaims is August 20, 2020. (D.I. 578 at ¶ 8(b).) The close of fact discovery is December 18, 2020. (*Id*. ¶ 8(a).)

### A. Joint Positions:

#### 1. Source Code Inspection

In light of the COVID-19 pandemic and the resulting federal, state, and local restrictions

and orders, the parties are negotiating additional terms governing the source code review, including implementing social distancing and other safety requirements.

VMware has requested access to Densify's source code in New York City where VMware's source code review expert is located (*e.g.*, at Densify's outside counsel's office Reichman Jorgensen LLP or VMware's outside counsel's office Morrison & Foerster LLP in New York City). The parties have met and conferred and Densify has agreed to investigate options to make its source code available in New York City, including its outside counsel's office in New York City. The parties will continue to confer on the logistics of the source code inspection.

        **B.**    **VMware's Positions:**

            **1.**    **Cirba's Document Production and Discovery Responses**

Cirba has not produced all of its core technical documents relating to the accused Cirba products. On April 6, 2020, in response to deficiencies identified by VMware regarding Cirba's core technical documents production, Cirba stated that it was working to collect additional "core technical documents." To date, Cirba has not produced any additional technical documents.

On June 30, 2020, VMware sent a letter to Cirba detailing deficiencies in its responses to VMware's counterclaim interrogatories and document requests and requesting a meet and confer. Cirba has not yet responded to VMware's letter but indicated that it would provide its availability to meet and confer this or next week.

            **2.**    **Cirba's Deficient Invalidity Contentions**

VMware served its Initial Infringement Contentions on September 6, 2019. Cirba served its Initial Invalidity Contentions on March 19, 2020 and Supplemental Invalidity Contentions on April 4. VMware identified numerous deficiencies in Cirba's Initial and Supplemental Invalidity Contentions, which Cirba agreed to further supplement by June 30. Cirba did not supplement by

that date.

Now, nearly four months after serving deficient contentions, Cirba has yet to cure the deficiencies in its Initial Invalidity Contentions. Nor has Cirba identified any specific, similar deficiencies with VMware's Initial Infringement Contentions, despite VMware's request for such identification on June 17. VMware's Initial Infringement Contentions describe in detail how the accused Cirba Products infringe the asserted claims based on Cirba's discovery to date. As stated above, Cirba also has not produced additional non-public documents related to the accused Cirba products and features, including source code relevant to VMware's counterclaims.[1]

### 3. VMware's Document Collection and Production

VMware produced 353,126 documents in discovery regarding Cirba's claims for infringement. Although many of these documents are responsive to Cirba's requests for production regarding VMware's counterclaims, some of them are not relevant to VMware's counterclaims and would be highly prejudicial to VMware. VMware will address the irrelevance and prejudice of these documents if Cirba seeks to rely on them with respect to VMware's counterclaims.

Since the Court entered a scheduling order for VMware's counterclaims on February 10, 2020, VMware has collected and reviewed documents from its disclosed custodians and non-custodial databases and produced an additional 2,779 documents.

### 4. ESI Order

VMware proposed revisions to the parties' prior Stipulated Order for Discovery,

---

[1] VMware asked Cirba to produce its source code in its first set of document requests served on March 20, 2020. VMware then reiterated its request on July 2.

Including Discovery of Electronically Stored Information ("ESI"), on April 19, 2020. The parties have met and conferred twice and exchanged several emails regarding revisions to disclosure deadlines, the proper use of Relativity as a search engine, and the clawback provision.

The parties' disagreement centers on Cirba's demand that VMware use Relativity as a document collection tool on its non-custodial databases. VMware has been assessing the feasibility of using Relativity as a document collection tool in an effort to accommodate Cirba's demand. VMware anticipates informing Cirba of the results of that assessment shortly.

### C. Densify's Positions:

#### 1. Densify's Document Production and Discovery Responses

Densify produced 324,521 documents in discovery regarding its claims of infringement by VMware, many of which are also relevant to VMware's infringement counterclaims given Densify's small size and overlapping technical issues. Densify is working to identify and produce any additional responsive documents, including any additional core technical documents, but the manual and time-intensive process continues to be complicated by resource issues due to the COVID-19 pandemic.

Densify disagrees that its counterclaim interrogatories or document requests are deficient, and will meet and confer with VMware next week as previously indicated to address any alleged deficiencies more fulsomely.

#### 2. Densify's Invalidity Contentions

Densify served its Initial Invalidity Contentions on March 19, 2020 and Supplemental Invalidity Contentions on April 4, 2020. Densify maintains its disagreement that its invalidity contentions as served are deficient, and any supplementation to date has been consistent with its discovery obligations under the Federal Rules, this Court's Scheduling Order, and other applicable rules and orders. Densify will continue to supplement or amend its invalidity

contentions as discovery continues, including a planned supplement next week. Densify notes that VMware has steadfastly refused to supplement its initial contentions, which were served 10 months ago in September 2019, shortly after it filed its counterclaims. This is despite VMware having had the benefit of many months of discovery into Densify and its products, including its source code. VMware requested to review Densify's source code on July 2, and the parties are working out the logistics as described above (*see* § A ("Joint Positions")).

### 3.      VMware's Document Collection and Production

Despite responding to Densify's 1st set of document requests over a month ago on May 26, 2020, VMware had not produced any documents outside of 922 pages of its asserted patents and related file histories until 12:03pm today. Densify has not had an opportunity to review the substance of VMware's production today.

### 4.      ESI Order

Densify believes that the existing Stipulated Order for Discovery, Including Discovery of Electronically Stored Information ("ESI") negotiated between the parties and effective for the duration of Densify's infringement claims through trial, should equally govern VMware's infringement counterclaims (and any other applicable actions consolidated with this case). Densify emailed VMware on May 29, 2020 after the parties' most recent meet and confer on this issue, seeking agreement on issues including appropriate revisions to search term disclosure deadlines in light of the approaching deadline for substantial completion of document discovery. VMware has yet to respond.

## III.      CLAIM CONSTRUCTION AND TECHNOLOGY TUTORIALS

The parties filed their technology tutorials on June 25, 2020 (D.I. 770, 771), and their Joint Claim Construction Brief on July 9, 2020 (D.I. 788, 789). The parties also filed their respective responses to the other side's technology tutorial on July 9, 2020. (D.I. 781, 784.) The

claim construction hearing is currently scheduled for July 31, 2020 at 4 p.m. Eastern time. (D.I. 578 at 10.) The parties have requested that the hearing be held via teleconference or videoconference. (D.I. 792.)

### IV. DENSIFY'S PENDING MOTION TO CONSOLIDATE

#### A. VMware's Position:

On March 20, 2020, Cirba moved to consolidate this case with C.A. No. 20-272-LPS, which was transferred to this District on February 24, and reassigned to this Court on March 18 (the "transferred Virginia action"). (D.I. 639.) The consolidation motion briefing was completed on April 7. (D.I. 664, 675.) Although the Court previously noted its inclination to handle the parties' disputes according to a single schedule in February (D.I. 575 at 2), significant subsequent progress on VMware's patent counterclaims in this action further militates against consolidation. This includes the completion of claim construction briefing and the upcoming July 31 claim construction hearing on VMware's four patents in this case, as well as the imminent August 20 deadline for the parties to substantially complete document production.

Cirba Inc.'s purported counterclaim for infringement of the '492 patent in the transferred Virginia action (No. 20-272-LPS, D.I. 75 at 34) should not factor into the Court's resolution of Cirba's consolidation motion. As VMware has explained in its submissions relating to Cirba Inc.'s lack of standing (D.I. 754 at 3), that counterclaim should be dismissed. In the transferred Virginia action, VMware sued only Cirba Inc. for patent infringement, not Cirba IP, Inc. (No. 20-272-LPS, D.I. 1.) The '492 patent counterclaim should be dismissed in its entirety because: (1) Cirba Inc., as a bare licensee, lacks standing to assert the counterclaim; and (2) the patent owner, Cirba IP, could not have joined the counterclaim because only a defendant can assert a counterclaim. (*See* D.I. 754 at 3.) VMware intends to move to dismiss the '492 patent counterclaim after the Court has issued its additional rulings relating to standing.

7

As explained in VMware's Opposition to Cirba's Motion for Reargument and Reconsideration, Cirba's attempt to re-litigate Cirba Inc.'s lack of standing should be denied. (D.I. 777.)  Cirba cannot revive waived arguments on reconsideration, and the Court correctly dismissed Cirba Inc. as a co-plaintiff for lack of standing on the patent claims.  (*Id*.)  Cirba also has waived its argument to reform the licensing agreement.  (*Id*. at 9 n. 3.)

### B.      Densify's Position:

Considerations of efficiency, expense, and fairness continue to warrant consolidation of this case with C.A. No. 20-272-LPS, in light of the substantial overlap in terms of accused products, underlying technology, issues, and likely witnesses, documents, and source code.  The progress on VMware's patent counterclaims to date does not present a scenario where the case is sufficiently ripe so that the cases cannot be consolidated without adding undue delay.  As the Court previously recognized in its February 10, 2020 letter to counsel (D.I. 575), this is particularly a situation where consolidation would streamline discovery at a minimum, and potentially avoid unnecessary trial and/or inconsistent rulings or verdicts.  (*See* D.I. 575 at 2 ("The Court's inclination going forward will be to handle any remaining disputes the parties have according to a single schedule, even if that requires extending the schedule (and the already-given trial date) to make that happen.")

VMware's standing arguments also do not outweigh the considerations in favor of consolidation.  As Densify explained in its Motion for Reargument and Reconsideration of the June 3, 2020 Order, recent developments in Federal Circuit authority confer Inc. standing in this case and the transferred Virginia action.  And the Court further has additional options to address any perceived deficiency of standing under § 281, including reforming the licensing agreement to reflect the parties' intent to have a fully exclusive license.

Dated: July 10, 2020

OF COUNSEL:

Michael A. Jacobs
Richard S. J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
mjacobs@mofo.com
rhung@mofo.com

Bita Rahebi
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
brahebi@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202-5638
(303) 592-2204
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

 /s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for VMware, Inc.*

MORRIS JAMES LLP

 /s/ Kenneth L. Dorsney
Kenneth L. Dorsney (#3726)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
kdorsney@morrisjames.com

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (650) 623-1403
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna Ballard (*pro hac vice*)
sballard@reichmanjorgsensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Joachim B. Steinberg (*pro hac vice*)
jsteinberg@reichmanjorgensen.com
Michael G. Flanigan (*pro hac vice*)

clehman@reichmanjorgensen.com
Reichman Jorgensen LLP
1615 M Street, NW, Suite 300
Washington, DC 20036
Telephone: (202) 894-7311
Telecopier: (650) 623-1449

Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley L. White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Park Avenue, Suite 1600
New York, NY 10017
Telephone: (646) 921-1474
Telecopier: (650) 623-1449

mflanigan@reichmanjorgensen.com
Kate Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Reichman Jorgensen LLP
303 Twin Dolphin Drive, Suite 600
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

Gary J. Toman *(pro hac vice)*
GToman@wwhgd.com
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
Telephone: (404) 876-2700
Telecopier: (404) 875-9433

*Attorneys for Plaintiffs
Cirba, Inc. and Cirba IP, Inc.*