**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY), and CIRBA IP, INC., <br><br> *Plaintiffs/Counter-Defendants,* <br><br> v. <br><br> VMWARE, INC., <br><br> *Defendant/Counter-Plaintiff.* | C.A. No. 19-742-LPS |

**JOINT INTERIM STATUS REPORT**

Pursuant to Paragraph 15 of the February 2, 2020 Scheduling Order (D.I. 578), Plaintiffs and Counter-Defendants Cirba IP, Inc. and Cirba Inc. d/b/a Densify (collectively, "Densify" or "Cirba") and Defendant and Counter-Plaintiff VMware, Inc. ("VMware"), through their respective undersigned counsel, submit the following Joint Interim Status Report addressing the nature of the matters in issue and the progress of discovery to date.

**I.  PENDING POST-TRIAL MOTIONS ON CIRBA'S CLAIMS**

**Parties' Post-Trial Motions.**  The parties filed and briefed several post-trial motions. VMware filed post-trial motions seeking (1) JMOL of non-infringement and invalidity of the '687 patent; (2) JMOL of non-infringement of the '367 patent; (3) JMOL of no willful infringement; (4) JMOL, remittitur, and/or new trial on damages; (5) a new trial; and (6) dismissal of Cirba Inc. as a co-plaintiff for the claims on the '367 and '687 patents for lack of standing.  (D.I. 601, 712.)  Densify filed post-trial motions seeking (1) a permanent injunction; (2) ongoing royalties; (3) enhanced damages for willful infringement; (4) pre-judgment interest; (5) post-judgment interest; (6) supplemental damages; and (7) an accounting and reporting.  (D.I. 604, 605.)

sf-4366673

On May 15, 2020, the Court heard oral argument on the parties' post-trial motions. (D.I. 758.) On June 3, the Court granted VMware's Motion to Dismiss Cirba Inc. for Lack of Standing. (D.I. 752 at 3.) On the same day, the Court ordered the parties to submit supplemental briefing. (*Id.* at 11-12.) The parties have completed their supplemental briefing. (D.I. 754, 755, 761, 762, 766, 767.)

On July 21, 2020, VMware filed a Notice of Subsequent Authority. (D.I. 798.) On July 30, Cirba filed a Response to VMware's Notice of Subsequent Authority. (D.I. 807.)

**Densify's Motion for Reargument and Reconsideration.** On June 17, 2020, Densify filed a Motion for Reargument and Reconsideration of the June 3 Order dismissing Cirba Inc. (D.I. 756.) On July 1, VMware filed an Opposition to Densify's Motion for Reargument and Reconsideration. (D.I. 777.) The motion has been fully briefed.

**VMware's Motion to Strike.** VMware filed a Motion to Strike Densify's Notices of Lodging and Corrected Notices of Lodging on May 1, 2020. (D.I. 731, 732.) On May 8, Densify filed a response opposing VMware's motion. (D.I. 739.) On May 11, VMware filed a reply in support of its motion. (D.I. 742.) The motion has been fully briefed.

**VMware's Motion to Seal and Redact the Post-Trial Hearing Transcript.** VMware filed a Motion to Seal and Redact Limited Portions of the Post-Trial Hearing Transcript (D.I. 758) on July 9, 2020. (D.I. 785.) On July 23, Densify filed an opposition. (D.I. 799.) On July 30, VMware filed a reply in support of its motion. (D.I. 806.) The motion has been fully briefed.

II.     **DISCOVERY RELATING TO VMWARE'S COUNTERCLAIMS**

VMware asserted four patents in its counterclaims against Densify. (D.I. 150.) The deadline for substantial completion of document production regarding these counterclaims was

2

September 11, 2020.  (D.I. 812.)  The close of fact discovery is December 18, 2020.  (D.I. 578 ¶ 8(a).)

As explained below, the parties have several current disputes relating to discovery.  The parties have agreed to meet and confer weekly in an attempt to resolve these disputes and will present disputes to the Court promptly if they cannot be resolved.

### A. Final Infringement and Invalidity Contentions

#### 1. VMware's Positions

VMware served its final infringement contentions on September 30, 2020.  (D.I. 835.)  On October 2, 2020, VMware served corrected infringement contentions correcting certain citations.  (D.I. 838.)  Contrary to Cirba's assertion, VMware's final infringement contentions—which span nearly 200 pages—are adequate and put Cirba on notice of VMware's infringement theories.  The contentions explain in detail, citing exemplary Cirba technical documentation and source code, how the accused Cirba products infringe each asserted claim on a limitation-by-limitation basis.  Any purported "deficiencies" Cirba points to in its October 23 letter are simply disagreements about VMware's infringement theories, which Cirba can address through its non-infringement contentions and expert discovery.  Cirba's assertion (*infra* II.A.2) that "[m]any of the issues included in Densify's October 23 letter are legacy issues that have carried over from VMware's initial contentions, which were served more than one year ago," lacks merit.  Cirba has never identified any specific deficiencies with VMware's initial contentions despite VMware's repeated requests.  (D.I. 844 at 3 n.2.)

Cirba served its final invalidity contentions on October 21, 2020.  (D.I. 861.)  Cirba's final invalidity contentions are deficient for several reasons, including Cirba's failures to: (1) identify the provision(s) of § 102 under which the majority of its references purportedly qualify

as prior art, let alone the factual basis for reaching that conclusion; (2) explain how its lengthy citations of references teach each and every claim limitation; (3) chart its purported secondary references for obviousness combinations; (4) identify specific obviousness combinations and motivations to combine; and (5) explain its invalidity contentions based on § 112 beyond boilerplate and conclusory attorney argument.  These deficiencies in Cirba's final invalidity contentions prejudice VMware's ability to defend the validity of its asserted patents.  The parties are, however, working on cooperatively resolving these issues and will alert the Court if they cannot do so.

### 2. Densify's Positions

Densify served its Final Invalidity Contentions on October 21, 2020.  VMware first notified Densify of purported deficiencies in Densify's Contentions on November 4, 2020.  While Densify disagrees that its final invalidity contentions as served are deficient, as they adequately put VMware on notice of Densify's invalidity theories (including claim charts that specify, on a limitation-by-limitation basis, how the asserted prior art invalidates each asserted claim) Densify will continue to work with VMware to resolve disputes wherever possible.

Densify received VMware's Final Infringement Contentions first on September 30, 2020 and then VMware's Corrected Final Infringement Contentions on October 2, 2020.  Densify notified VMware of deficiencies in these contentions on October 23, 2020.  Many of the issues included in Densify's October 23 letter are legacy issues that have carried over from VMware's initial contentions, which were served more than one year ago.  Densify notified VMware of these deficiencies several times, including by letter on April 8, July 22, and August 16, 2020, but the issues were not resolved in VMware's Final Contentions.  These deficiencies prejudice Densify's ability to defend its accused product from VMware's claims of infringement.  Densify

continues to work cooperatively with VMware in order to resolve these disputes.

### B. Cirba's Document Production and Discovery Responses

#### 1. VMware's Positions

The parties are working through a number of discovery issues, including follow-up to the Court's October 21, 2020 Order. (D.I. 860.) More specifically, through its Order, the Court ordered Cirba to (1) do "significantly more" to produce its responsive technical documents (*e.g.*, documents showing customer-specific configurations, policies, log files, DRS rules, and support documents such as Runbooks or equivalent documents); and (2) expand its temporal limit for production of documents relevant to invalidity, inducement, and willfulness. (D.I. 873 at 26:6-8, 27:10-13, 35:22-36:8.)

Despite this Order, Cirba still refuses to (1) identify all specific non-custodial sources containing responsive technical documents; (2) identify the specific types of technical documents within its possession, custody, or control; and (3) provide a date certain by which it will complete its production of all responsive technical documents. Cirba also refuses to provide a date certain by which it will complete its production of all responsive documents relevant to invalidity, inducement, and willfulness (*e.g.*, D.I. 844 at 2; *see also id.*, Ex. 1 (RFP Nos. 3, 6, 12-13, 17, 19, 25, 48, 53-57, 62, 68, 69, 71, 75, 86, 90, 107, and 119)).

Contrary to its assertion (*infra* § II.B.2), Cirba has not identified non-custodial sources containing customer-specific technical information, let alone the specific types of technical information within its possession, custody, or control. Although Cirba claims that it has collected responsive documents from JIRA (a task-tracking database), Confluence (an internal Wiki database), and Salesforce (a financial database), none of them appears to contain customer-specific technical information such as configuration settings, policies, DRS rules, log files,

5

recommendations, and usage information.

Cirba's production as to other categories also remains deficient. These include (i) documents showing usage of the accused products and features on a customer-by-customer basis (D.I. 844 at 1-2) and (ii) responsive documents hitting on VMware's proposed search terms (D.I. 844 at 2). Cirba also refuses to provide a date certain by which it will complete its production of these documents.

On October 30, Cirba served supplemental interrogatory responses to VMware Interrogatory Nos. 2 (managed services), 3 (bases for non-infringement contentions), and 9 (usage information). (D.I. 876.) Before this, the Court had found that Cirba's prior commitment to serve these supplemental responses mooted, in part, VMware's motion to compel supplementation. (*See* D.I. 860.) Cirba's supplemental responses, however, failed to cure the deficiencies that VMware has raised since June 30.

Substantial completion of document production was due almost two months ago and fact discovery closes in six weeks, but Cirba still has not provided fundamental discovery relevant to Cirba's direct and indirect infringement, its willfulness, and VMware's damages. Cirba's delayed discovery threatens to derail the case schedule and prejudices VMware's ability to take depositions and prepare for expert discovery and trial.

VMware is hopeful that the outstanding issues can be resolved through cooperation between the parties. Given the impending case deadlines, however, VMware intends to seek immediate relief from the Court should Cirba fail to (i) timely produce the Court-ordered and requested documents and (ii) immediately cure the deficiencies in its supplemental interrogatory

responses.[1]  The dates that VMware proposed for Cirba to complete its additional document productions are reasonable and not arbitrary in light of upcoming depositions, the imminent close of fact discovery, Cirba's persistent discovery delays over the past four months, and the Court's Order.

### 2. Densify's Positions

Densify has been working expeditiously to comply with the Court's order of October 21, 2020.  Since the teleconference with the Court, Densify has met and conferred with VMware four times to identify specific discovery issues.  Densify has also provided near-real time communications, expressly identifying its progress and timelines to VMware.  Densify is not refusing to produce documents and information, as VMware suggests.  It is working diligently and quickly on the expanded production in light of the Court's ruling.  This involves hundreds of thousands of additional documents and voluminous information, which takes time to complete under the best of circumstances.

Densify has produced approximately one thousand additional documents, including prior art documents (dating back to 2005), documents relating to Densify Runbooks, accused Densify features, and Densify's Managed Services offering.  Densify is preparing additional documents for production, including: (1) DRS rules embodied in PTX-3498, in Densify's possession, custody, or control, for all of Densify's U.S. customers; (2) Densify server log files; (3) additional documents reflecting Densify customer training materials; and (4) additional documents from the over 250,000 documents (including families) that hit on search terms

---

[1] VMware has requested that Cirba complete its production of the following documents by November 6: (i) all responsive technical documents; (ii) all responsive usage documents; and (iii) all responsive documents relevant to invalidity, inducement, and willfulness.  VMware has requested that Cirba complete its production of all responsive documents hitting on VMware's search terms by November 10.

Densify proposed to VMware in its initial discovery briefing (D.I. 844, Ex. 23).  Densify is working diligently with its client to produce any remaining documents as soon as possible, and continues to keep VMware updated on its progress, including during the parties' weekly meet and confers.  VMware's unilateral imposition on Densify for a November 10 deadline for production of all its documents is unreasonable given the scope of VMware's search terms and the fact that VMware has not even committed to *begin* production of additional documents until November 6.

>Addressing VMware's numbered points above:
>
>(1) <u>Densify has not refused to "identify specific non-custodial data sources and/or the types of technical and customer usage documents" in its possession custody or control</u>.  On October 30, 2020, Densify served supplemental responses to VMware's interrogatories addressing these issues.  Densify provided further details regarding documents in its possession, custody, or control and the means Densify pursued to identify and collect such documents in a letter to VMware that same day, memorializing the parties' October 28, 2020 meet and confer.
>
>(2) <u>Densify has not refused to "identify the specific types of technical documents within its possession, custody, or control."</u>
>
>(3) <u>Densify has not refused to explain when it can complete production.</u>  VMware provided a unilateral deadline of November 10, which is unreasonable.  The additional production arising out of the October 21 ruling will take time.  Densify already has made three productions since the Court's and plans to order another one this weekend, continuing on a rolling basis.  Densify is targeting substantial completion of document production by the end of November, possibly sooner.  Densify is expending significant time and resources to move as quickly as feasible.
>
>(4) <u>Densify has not refused to explain when it can complete production of responsive documents as to invalidity, inducement, and willfulness.  It is producing these documents as set out above.</u>

      **C.**    **VMware's Document Production and Discovery Responses**

          **1.**    **Densify's Positions**

As stated above, the parties continue to work through a number of discovery issues,

including follow-up to the Court's October 21, 2020 Order. (D.I. 860.) During that hearing, Densify mentioned that it may need to seek relief from the Court on several issues raised in its briefing, including VMware's eleventh hour production of testing documents. (D.I. 873 at 4:3-6:5.) VMware has continued to refuse to produce responsive documents and discovery, including: (1) the appropriateness of VMware's designated custodian from its sales organization; (2) VMware's production of vCenter and DRS development documents; (3) VMware's production of testing documents; (4) VMware's production of copying documents; (5) VMware's production of acquisition related documents (including 2007 acquisition discussions with VMware); and (6) VMware's process for selecting its custodians "most likely to have discoverable information" pursuant to the Delaware Default Standard for Discovery. Densify did not ask VMware to name 35+ additional ESI custodians. What Densify requested was that VMware: (1) identify the ten ESI custodians most likely to have discoverable information (as required by the ESI Order); and (2) collect responsive documents from non-ESI custodians in response to Densify's RFPs. Correspondence between the parties shows that Densify made these requests weeks prior to the October 21 teleconference.

Despite repeated requests and meet and confers spanning weeks since the October 21 teleconference, VMware has yet to provide its positions on these issues. VMware has also to date refused to commit to a date by which it will *begin* production of key documents, including documents from VMware's sales organization and its designated custodian, Mr. Tracy Waller. VMware has suggested that Densify should wait until it has an opportunity to review documents from its production before it disputes the designation of its custodians or the completeness of VMware's production, which severely prejudices Densify's ability to complete fact discovery as scheduled.

### 2.     VMware's Positions

One day after the October 21 discovery hearing, Cirba requested for the first time that VMware (1) name 35+ additional ESI custodians (many of which already have thousands of documents in the production) and (2) run 40+ additional search strings (only 14 of which Cirba asked to be run on a current VMware ESI custodian).[2]  Cirba then demanded a meet and confer on these new requests for the next day.  Despite Cirba's belated and disproportionate requests, the parties have already met and conferred twice.  VMware expects to continue discussions with Cirba next week.

Cirba has been unable to explain the relevance of, let alone good cause for, adding 35+ custodians on:  (i) VMware's alleged copying of Cirba's product; (ii) VMware's purported testing of Cirba's product; (iii) the parties' meetings in 2007; and (iv) the development of publicly available prior art (vCenter and DRS) that was already subject to extensive discovery relating to Cirba's infringement claims.  Nevertheless, VMware has been working expeditiously to assess Cirba's new requests in light of the December 18 close of fact discovery.  VMware has also already agreed to run 11 of Cirba's 14 proposed search strings for current custodians.

VMware named its sales director Tracy Waller as an ESI custodian pursuant to VMware's "offer to compromise" with Cirba by naming a custodian from its sales organization. (D.I. 860.)  VMware explained that Mr. Waller has developed substantial familiarity with VMware's sales practices related to VMware's products during his 14 years in VMware's sales organization, previously led and drove VMware's sales relationships, is familiar with various

---

[2] The parties previously briefed the issue of when Cirba asked VMware to add additional custodians and which custodians Cirba asked VMware to add.  That record speaks for itself.  (D.I. 853.)

aspects of the sales organization, and is aware of Cirba. One week ago, VMware informed Cirba that it anticipates beginning rolling productions of Mr. Waller's documents on November 6. Those productions have begun. On November 5, VMware confirmed that it anticipates substantially completing its production by November 13.

### D. Depositions

#### 1. VMware's Positions

On October 2, 2020, VMware served a 30(b)(6) deposition notice seeking a corporate deposition of Cirba on October 30. (D.I. 837.) VMware also served individual deposition notices for Cirba employees Riyaz Somani, Gerry Smith, Andrew Hillier, Ray Boots, Tom Yuyitung, Chuck Tatham, Scott Browne, and Rodney Botelho.[3]

When objecting to VMware's 30(b)(6) notice on October 28, Cirba refused to produce a corporate witness on certain topics relevant to VMware's claims and unilaterally limited other relevant deposition topics. The parties continue to meet and confer on Cirba's objections and unilateral limitations. If the parties cannot resolve these issues, VMware intends to seek the Court's assistance.

#### 2. Densify's Positions

On October 29, 2020, Densify served a 30(b)(6) deposition notice seeking a corporate deposition of VMware, as well as its objections and responses to VMware's 30(b)(6) deposition notice. (D.I. 875.) Densify recently served several 30(b)(1) notices, with additional notices expected to follow next week. VMware's statement above that it served individual deposition notices for certain Densify employees on October 26, 2020 is incorrect; VMware mistakenly

---

[3] VMware inadvertently filed the individual deposition notices in the parallel action 20-cv-00272 (discussed below) on October 26, 2020 and re-filed these notices in this Action on November 4, 2020. (D.I. 878, 879, 880, 881, 882, 883, 884, 885.)

served those notices in the parallel action 20-cv-00272 (discussed below) and only properly served the notices in this Action this week.  (D.I. 878, 879, 880, 881, 882, 883, 884, 885.) Densify has previously informed VMware that it is working with its client to provide its witnesses' availability for deposition with Densify's fiscal year-end having just concluded on October 31, 2020, and the parties continue to meet and confer on witness designation and availability for corporate depositions of both parties.  Densify is mindful of the fact that neither party wishes to have their witnesses deposed more than once in their cases, therefore Densify believes that both parties must commit to final productions with reasonable time to prepare their respective witnesses for depositions.  Densify remains concerned that VMware's deficient document production to date, combined with VMware's refusal to even commit to dates by which it will *begin* its production of critical categories of missing documents, prejudices Densify's ability to complete fact discovery within the remaining scheduled timeframe.

       Densify has not refused to provide its availability for the Rule 30(b)(6) deposition.  It has told VMware that it is obtaining dates.  Densify has not refused to provide a corporate witness on subjects properly subject to discovery.  It has objected where the discovery is not proper under the Federal Rules of Civil Procedure.

       **E.**    <u>Densify's Request for Extension of Deadlines</u>

          **1.**    **VMware's Positions**

       VMware's counterclaims have been pending since August 2019—for over 15 months. Despite this, and without meeting and conferring, Cirba raised the possibility of extending the case schedule for the first time today at 3:01pm, just before this interim status report was due.

       Cirba's slow-rolling production does not justify an extension to the schedule to resolve VMware affirmative counterclaims.  Despite VMware's repeated requests during the last four

months, Cirba still has not produced fundamental discovery relevant to Cirba's direct and indirect infringement, its induced infringement, and VMware's damages. But any further delays to the case schedule and to Cirba's production of Court-ordered and requested discovery will prejudice VMware's right to timely bring its counterclaims to trial.

As discussed in Section IV.A, significant subsequent progress on VMware's patent counterclaims in this action also militates against consolidation with the transferred Virginia action. Cirba's proposal for an eight-patent trial on a single schedule is unworkable, would confuse the jury, would prejudice VMware, and would overburden the Court.

VMware does not understand what "key documents" Cirba believes are missing. As discussed in Section II.C.2, VMware has already begun producing its new sales custodian's documents, including 9991 pages today, and anticipates substantially completing its production of such documents next week. The parties are also already discussing Cirba's additional custodian and search term requests, which Cirba first raised on October 22, only two weeks ago. VMware has timely provided its positions during the parties' meet and confers and in follow-up correspondence.

### 2. Densify's Positions

Densify is working diligently and cooperatively with VMware on discovery issues. It is "doing more" as the Court directed on October 21, and significantly increasing its production of documents and information. And it is attempting to dislodge documents from VMware, but it is slow going. VMware will not take positions in the meet and confer, which constantly pushes back the ability to seek relief from the Court. And VMware has not even committed to when it will start production of key documents.

Discovery currently is scheduled to close on December 18. Given the substantial volume

of discovery remaining as set forth above, this deadline is unrealistic. Densify believes that as a practical matter, discovery will need to be extended by a few months to enable the parties to complete their document productions and take depositions. There is no reason to cram twenty or more depositions into just a couple weeks during the holiday season and during a pandemic in a case that is not on a fast track for any particular reason. This need for additional time is underscored by the pending motion to consolidate the two cases between Densify and VMware. (D.I. 664, 675.) It makes little sense to depose both parties' witnesses, and third party witnesses, multiple times on the same set of issues. Densify believes it is practical to take these depositions once on all issues in order to conserve resources and minimize the burden on third parties. At a minimum, Densify requires additional time to obtain the needed documents from VMware in order to adequately defend itself. It plans to file a motion for extension of time after conferring with VMware to determine if both parties can come up with a realistic schedule.

### III.     CLAIM CONSTRUCTION

The Court held a claim construction hearing on August 7, 2020 (D.I. 820) and issued a claim construction Order on October 6, 2020. (D.I. 840.) The Court found "remote resource allocation module," a term recited in the independent claims of the '752 patent (claims 1 and 9) to be indefinite. (D.I. 840 at 3.)

In view of the Court's ruling, the parties agree that neither party will seek further discovery that is solely related to the '752 patent. VMware reserves its right to seek further discovery solely related to the '752 patent if it obtains a ruling that the term "remote resource allocation module" is not indefinite (whether before this Court or on appeal).

## IV. DENSIFY'S PENDING MOTION TO CONSOLIDATE

### A. VMware's Position:

On March 20, 2020, Cirba moved to consolidate this action with C.A. No. 20-272-LPS, which was transferred to this District on February 24, and reassigned to this Court on March 18 (the "transferred Virginia action"). (D.I. 639, 640.) The consolidation motion briefing was completed on April 7. (D.I. 664, 675.) Although the Court noted in February its inclination to handle the parties' disputes according to a single schedule (D.I. 575 at 2), significant subsequent progress on VMware's patent counterclaims in this action further militates against consolidation. Such progress includes the Court's claim construction rulings on VMware's four counterclaim patents in this action, the parties' service of final infringement and invalidity contentions, the past substantial completion deadline for document production, upcoming depositions, the imminent close of fact discovery on December 18, 2020, and the January 22, 2021 deadline to serve opening expert reports. By contrast, the transferred Virginia action has not had a Rule 16 conference and has no case schedule.

It would be overly burdensome for the Court and parties and confusing to the jury to try eight patents on the same schedule in the same trial, as Cirba proposes. Combined, the two cases involve eight patents covering different and complex virtual, cloud, and container technologies. Any jury considering eight patents likely would be overburdened and confused by the evidence. A single, consolidated trial also would prevent VMware from presenting its infringement case on seven patents persuasively, even if trial time limits were relaxed.

Cirba Inc.'s purported counterclaim for infringement of the '492 patent in the transferred Virginia action (No. 20-272-LPS, D.I. 75 at 34) should not factor into the Court's resolution of Cirba's consolidation motion. As VMware has explained in its submissions relating to Cirba

Inc.'s lack of standing (D.I. 754 at 3), that counterclaim should be dismissed. In the transferred Virginia action, VMware sued only Cirba Inc. for patent infringement, not Cirba IP, Inc. (No. 20-272-LPS, D.I. 1.) The '492 patent counterclaim should be dismissed in its entirety because: (1) Cirba Inc., as a bare licensee, lacks standing to assert the counterclaim (*see* D.I. 752); and (2) the patent owner, Cirba IP, could not have joined the counterclaim because only a defendant can assert a counterclaim. (*See* D.I. 754 at 3.) VMware intends to move to dismiss the '492 patent counterclaim after the Court has issued its additional rulings relating to standing.

Nor does Cirba's Motion for Reargument and Reconsideration of the standing issue for the '687 patent affect the dismissal of the '492 patent. As explained in VMware's Opposition to Cirba's Motion for Reargument and Reconsideration, Cirba's attempt to re-litigate Cirba Inc.'s lack of standing should be denied. (D.I. 777.) Cirba cannot revive waived arguments on reconsideration, and the Court correctly dismissed Cirba Inc. as a co-plaintiff for lack of standing on its patent claims. (*Id.*) Cirba also has waived its argument to reform the licensing agreement. (*Id.* at 9 n.3.) The same arguments apply to the '492 patent in the transferred Virginia action, which Cirba Inc. lacks standing to assert.

In addition, on October 1, 2020, VMware filed a petition for *inter partes* review of the '492 patent, requesting that the Patent Trial and Appeal Board find the '492 patent unpatentable. (No. 20-272-LPS, D.I. 95.)

### B. Densify's Position:

Considerations of efficiency, expense, and fairness continue to warrant consolidation of this case with C.A. No. 20-272-LPS, in light of the substantial overlap in terms of accused products, underlying technology, issues, and likely witnesses, documents, and source code. The progress on VMware's patent counterclaims to date does not present a scenario where the case is

16

sufficiently ripe so that the cases cannot be consolidated without adding undue delay. As the Court previously recognized in its February 10, 2020 letter to counsel (D.I. 575), this is particularly a situation where consolidation would streamline discovery at a minimum, and potentially avoid unnecessary trial and/or inconsistent rulings or verdicts. (*See* D.I. 575 at 2 ("The Court's inclination going forward will be to handle any remaining disputes the parties have according to a single schedule, even if that requires extending the schedule (and the already-given trial date) to make that happen.")

To date, the parties efforts have been focused on document production and other written discovery. Realistically, this discovery will be substantially the same for the new case pending consolidation, with only minimal additional written discovery necessary. Depositions have not begun in this case. It makes practical sense to depose the parties' witnesses only once given the issues in the two cases substantially overlap. It also does not make sense to impose a burden on third parties to take their depositions more than once. If the cases are consolidated, the timing of the other case can catch up within a few months. This ultimately will reduce the burden on the Court quite significantly, as well as on the parties and third parties. Densify continues to believe, as the Court earlier was inclined, that consolidation makes the most sense even if it requires extending the schedule of the trial date.

VMware's standing arguments also do not outweigh the considerations in favor of consolidation. As Densify explained in its Motion for Reargument and Reconsideration of the June 3, 2020 Order, recent developments in Federal Circuit authority confer Inc. standing in this case and the transferred Virginia action. And the Court further has additional options to address any perceived deficiency of standing under § 281, including reforming the licensing agreement to reflect the parties' intent to have a fully exclusive license. In any event, VMware's standing

concern can be easily rectified by adding Cirba IP, Inc. (the patent owner) to the case, which

Densify plans to do once that case moves forward.

Dated: November 6, 2020

|  | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| OF COUNSEL: | |
| Arturo J. González<br>Michael A. Jacobs<br>Richard S. J. Hung<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br>(415) 268-7000<br>agonzalez@mofo.com<br>mjacobs@mofo.com<br>rhung@mofo.com | /s/ *Anne Shea Gaza*<br>Anne Shea Gaza (No. 4093)<br>Samantha G. Wilson (No. 5816)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>agaza@ycst.com<br>swilson@ycst.com<br><br>*Attorneys for VMware, Inc.* |
| Bita Rahebi<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017<br>(213) 892-5200<br>brahebi@mofo.com | |
| Scott F. Llewellyn<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO 80202-5638<br>(303) 592-2204<br>sllewellyn@mofo.com | |

 

                                           MORRIS JAMES LLP

                                           /s/ *Kenneth L. Dorsney*
                                           Kenneth L. Dorsney (#3726)
                                           500 Delaware Avenue, Suite 1500
                                           Wilmington, DE 19801

Telephone: (302) 888-6800
kdorsney@morrisjames.com

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (404) 609-1040
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
Reichman Jorgensen LLP
818 Connecticut Avenue NW, Suite 850
Washington, DC 20006
Telephone: (202) 894-7310
Telecopier: (650) 623-1449

Jaime F. Cardenas-Navia (*pro hac vice*)
jcardenas-navia@reichmanjorgensen.com
Wesley L. White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Reichman Jorgensen LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Telecopier: (650) 623-1449

Peter J. Ayers (*pro hac vice*)
peter@ayersiplaw.com
Law Office of Peter J. Ayers, PLLC
220 Bowman Avenue
Austin, TX 78703
Telephone: (512) 771-3070

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna Ballard (*pro hac vice*)
sballard@reichmanjorgensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Michael G. Flanigan (*pro hac vice*)
mflanigan@reichmanjorgensen.com
Kate Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Reichman Jorgensen LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

Gary J. Toman *(pro hac vice)*
GToman@wwhgd.com
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
Telephone: (404) 876-2700
Telecopier: (404) 875-9433


*Attorneys for
Cirba, Inc. and Cirba IP, Inc.*