IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY), and CIRBA IP, INC., <br><br> *Plaintiffs/Counter-Defendants,* <br><br> v. <br><br> VMWARE, INC., <br><br> *Defendant/Counter-Plaintiff.* | C.A. No. 19-742-LPS <br><br> (Consolidated) |

**JOINT STATUS REPORT REGARDING DISCOVERY**

Pursuant the Court's Oral Order (D.I. 1120), Cirba IP, Inc. ("Cirba IP") and Cirba Inc. d/b/a Densify ("Cirba Inc." and together with Cirba IP, "Densify" or "Cirba") and VMware, Inc., through their respective undersigned counsel, have met and conferred and submit the following Joint Status Report addressing the parties' discovery disputes.

Discovery is ongoing. The deadline for substantial completion of document production was December 6, 2021. (D.I. 1003 ¶ 9(b).) The parties have submitted a stipulated extension of the deadline for supplementation/amendment to written discovery responses to January 21, 2022. (D.I. 1118.) The close of fact discovery is April 29, 2022. (D.I. 1003 ¶ 9(a).)

I. **DISCOVERY DISPUTES IN VMWARE'S MOTION TO COMPEL (D.I. 1097)**

**Cirba's ESI Search Terms**

The parties agree that: (1) the issue relating to Cirba's ESI search terms raised in VMware's motion to compel (D.I. 1121) is ripe and not moot; and (2) no further briefing is necessary. The hit count information reported in Cirba's opposition is not the de-duped, unique hit count information that VMware requested in its motion to compel. (*Id.* at 3.) Densify's position is that the hit count information provided in its opposition shows it has already produced

tens of thousands of documents relevant to VMware's claims and that further ESI search terms hitting on hundreds of thousands of documents is not necessary or proportional to the needs of the case. VMware disagrees, as explained in its motion to compel. (*Id*.)

**Cirba's Alleged Inequitable Conduct**

Interrogatory No. 36: Cirba states that it has provided a fulsome response and does not have any additional non-privileged and non-expert information to provide in response to VMware's Interrogatory No. 36, but that if additional information is discovered, it will promptly supplement its responses. VMware disagrees that Cirba's response is sufficient for the reasons stated in VMware' motion to compel. (D.I. 1121 at 1.) For example, Cirba refuses to even state whether it acted in good faith or complied with its duty of candor to the PTO. (*Id*.) VMware therefore believes that this issue is ripe and not moot and no further briefing is necessary.

RFP No. 215: Cirba represents that it has substantially completed its production in response to RFP No. 215 and is not withholding any non-privileged, responsive documents. In light of Cirba's representation, VMware agrees that this issue is not ripe for resolution at this time.

Cirba's Privilege log: The parties agree that the dispute over Cirba's privilege log relating to inequitable conduct discovery is ripe and not moot. VMware believes that Cirba should be obligated to provide a privilege log addressing limited issues relating to VMware's inequitable conduct defense. It is appropriate for the privilege log to identify documents post-dating Cirba's April 25, 2019 filing of its complaint, as Cirba's '459 and '492 patents were issued after the lawsuit was filed. (D.I. 1121 at 2.) Post-filing communications relevant to VMware's inequitable conduct defense therefore are relevant for privilege log purposes. (*Id*.) VMware does not seek a privilege log for all post-filing communications. In view of the deposition of

Cirba's prosecution counsel Brett Slaney scheduled on January 25, 2022, Cirba should be obligated to produce a privilege log immediately to avoid the potential need to re-depose Mr. Slaney. Densify disagrees because this is directly contradictory to the parties' negotiated ESI order, but contends that if Densify is required to log post-complaint documents, so too must VMware. Densify further disagrees that it is required to serve now a separate privilege log relating to VMware's inequitable conduct allegations prior to a date being agreed upon for mutual exchange of the parties' privilege logs. Mr. Slaney has already provided a privilege log for his documents well in advance of his deposition, and there is no need for Densify's privilege log to be served to complete Mr. Slaney's deposition. The parties believe that no further briefing is necessary.

<u>Slaney's Production</u>: Mr. Slaney represents that he has completed his document production in response to the subpoena. In light of Mr. Slaney's representation, VMware agrees that this issue is not ripe for resolution at this time.

<u>Slaney's Privilege log</u>: Mr. Slaney represents that his privilege log in response to the subpoena is complete. Mr. Slaney's counsel also states that the temporal limit in the ESI Order (D.I. 982 ¶ 1(e)(ii)) does not apply to third parties and thus it did not impose a temporal limit on Mr. Slaney's privilege log. In light of Mr. Slaney's representation, VMware agrees that this issue is not ripe for resolution at this time.

## II. OTHER DISCOVERY DISPUTES[1]

### A. VMware's Statement

The parties continue to confer to try to resolve disputes regarding the following discovery

---

[1] Densify did not understand the Court's order (D.I. 1120) to ask for the status of all discovery disputes, but instead only remaining disputes regarding VMware's motion to compel. However, because VMware has included additional, non-ripe discovery disputes, Densify also provides the

without burdening the Court:

- The original license and license amendment between Cirba Inc. and Cirba IP (e.g., communications, negotiations, intent, and tax planning or strategy) and Cirba Inc.'s standing;
- Communications with third parties relating to this litigation and documents concerning IBM;
- Certain technical discovery (e.g., conception, reduction to practice, and priority of Cirba's '459 and '492 patents, written description support for Cirba's '459 and '492 patents, Cirba's non-infringement contentions, and information about the accused Cirba products); and
- Certain damages discovery (e.g., Cirba's alleged irreparable harm, alleged lost sales/customers and other damages, sales and licenses of the accused Cirba products).

VMware may seek relief from the Court if the parties are unable to resolve any of these issues.

VMware disagrees that issues relating to its source code and technical documents are ripe for the Court's resolution. VMware has complied with the Special Master's Order (D.I. 1107 at 14-16), has responded to Cirba's technical RFPs served on November 12, 2021, and is in the process of reviewing and producing additional responsive, relevant technical documents. VMware also will consider supplementing its source code production after it has reviewed Cirba's forthcoming supplemental infringement contentions ordered by the Special Master. (*Id.* at 11.)

---

status of several of its own issues.

### B. Densify's Statement

Densify believes that VMware's continued refusal to provide relevant source code and technical documents for all Accused Products is a ripe dispute that is not moot. The parties have met and conferred on this issue multiple times, and Densify filed a motion to compel before the Special Master, which was denied without prejudice. The Special Master ordered VMware to attempt to resolve the dispute through the RFP process, by responding to Densify's requests by describing in detail, on a product-by-product basis, which types of documents it would produce for each Accused Product, including source code. (D.I. 1107 at 14-16). VMware has not done so, and continues to refuse to provide relevant documents and source code for most of the Accused Products. Densify intends to file a renewed motion to compel on this issue.

The parties are continuing to discuss whether they have a ripe and not moot dispute regarding VMware's refusal to run one of Densify's ESI search terms: ("hurdle rate" OR "return on investment" OR "ROI") w/25 (partnership OR acquis* OR acquir* OR develop*). Densify is hopeful that the parties can resolve this dispute without burdening the Court.

Dated: January 12, 2022

| | |
|---|---|
| MORRIS JAMES LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| /s/ *Cortlan S. Hitch* <br> Kenneth L. Dorsney (#3726) <br> Cortlan S. Hitch (#6720) <br> 500 Delaware Avenue, Suite 1500 <br> Wilmington, DE 19801 <br> Telephone: (302) 888-6800 <br> kdorsney@morrisjames.com <br> chitch@morrisjames.com | /s/ *Samantha G. Wilson* <br> Anne Shea Gaza (No. 4093) <br> Robert M. Vrana (No. 5666) <br> Samantha G. Wilson (No. 5816) <br> Rodney Square <br> 1000 North King Street <br> Wilmington, DE 19801 <br> (302) 571-6600 <br> agaza@ycst.com <br> rvrana@ycst.com <br> swilson@ycst.com |

OF COUNSEL (Plaintiff):

Courtland L. Reichman (*pro hac vice*)
creichman@reichmanjorgensen.com
Shawna Ballard (*pro hac vice*)
sballard@reichmanjorgsensen.com
Jennifer P. Estremera (*pro hac vice*)
jestremera@reichmanjorgensen.com
Michael G. Flanigan (*pro hac vice*)
mflanigan@reichmanjorgensen.com
Kate Falkenstien (*pro hac vice*)
kfalkenstien@reichmanjorgensen.com
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Telephone: (650) 623-1401
Telecopier: (650) 623-1449

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com
Reichman Jorgensen Lehman & Feldberg LLP
1201 West Peachtree, Suite 2300
Atlanta, GA 30309
Telephone: (404) 609-1040
Telecopier: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Adam Adler (*pro hac vice*)
aadler@reichmanjorgensen.com
Connor S. Houghton (*pro hac vice*)
choughton@reichmanjorgensen.com

OF COUNSEL (Defendant):

Michael A. Jacobs
Richard S. J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
mjacobs@mofo.com
rhung@mofo.com

Bita Rahebi
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
brahebi@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202-5638
(303) 592-2204
sllewellyn@mofo.com

*Attorneys for VMware, Inc.*

6

Reichman Jorgensen Lehman &
Feldberg LLP
1210 Rhode Island Ave. NW, 12th Floor
Washington, DC 20006
Telephone: (202) 894-7310
Telecopier: (650) 623-1449

Wesley L. White (*pro hac vice*)
wwhite@reichmanjorgensen.com
Reichman Jorgensen Lehman &
Feldberg LLP
750 Third Avenue, Suite 2400
New York, NY 10017
Telephone: (212) 381-1965
Telecopier: (650) 623-1449

*Attorneys for
Cirba Inc. and Cirba IP, Inc.*