IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and CIRBA IP, INC., <br><br> *Plaintiffs and Counter-Defendants*, <br><br> v. <br><br> VMWARE, INC., <br><br> *Defendant and Counter-Plaintiff*. | C.A. No. 19-742-LPS <br><br> (CONSOLIDATED) <br><br> **REDACTED - PUBLIC VERSION** <br> **(filed January 18, 2022)** |

**LETTER BRIEF TO SPECIAL MASTER SHAW FROM ANNE SHEA GAZA IN SUPPORT OF VMWARE'S MOTION TO COMPEL**

Docketed: January 10, 2022 (per D.I. 1120)

Dated: November 30, 2021

| | |
|---|---|
| OF COUNSEL: <br><br> Arturo J. González <br> Michael A. Jacobs <br> Richard S. J. Hung <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, CA 94105 <br> (415) 268-7000 <br> agonzalez@mofo.com <br> mjacobs@mofo.com <br> rhung@mofo.com <br><br> Bita Rahebi <br> MORRISON & FOERSTER LLP <br> 707 Wilshire Boulevard <br> Los Angeles, CA 90017 <br> (213) 892-5200 <br> brahebi@mofo.com <br><br> Scott F. Llewellyn <br> MORRISON & FOERSTER LLP <br> 4200 Republic Plaza <br> 370 Seventeenth Street <br> Denver, CO 80202-5638 <br> (303) 592-2204 <br> sllewellyn@mofo.com | YOUNG CONAWAY STARGATT & TAYLOR, LLP <br><br> Anne Shea Gaza (No. 4093) <br> Robert M. Vrana (No. 5666) <br> Samantha G. Wilson (No. 5816) <br> Rodney Square <br> 1000 North King Street <br> Wilmington, DE 19801 <br> (302) 571-6600 <br> agaza@ycst.com <br> rvrana@ycst.com <br> swilson@ycst.com <br><br> *Attorneys for VMware, Inc.* |

Dear Special Master Shaw:

VMware requests an order compelling discovery from Cirba relating to its inequitable conduct and responsive documents hitting on VMware's proposed ESI search terms.

I.  **CIRBA'S REFUSAL TO PRODUCE INEQUITABLE CONDUCT DISCOVERY**

VMware served Interrogatory No. 36, RFP No. 215, and a subpoena to Cirba's patent agent, Brett Slaney, months ago. (Exs. 1, 3, 5.) Each seeks discovery at the heart of VMware's inequitable conduct and unclean hands defenses. VMware believes that the named inventors and Mr. Slaney committed inequitable conduct during prosecution of the '492 and '459 patents. (D.I. 1009, ¶¶ 144-302.) They intentionally withheld non-cumulative, material information including: (i) the very existence of this litigation; (ii) VMware's prior art and invalidity analyses in the litigation; and (iii) relevant reexamination and *inter partes* review proceedings. (*Id.*)

Despite VMware's repeated requests, Cirba still has not provided this discovery. Cirba does not contest that the discovery sought is relevant and proportional to the needs of the case, in which Cirba is seeking hundreds of millions of dollars in alleged damages from VMware.

**ROG No. 36**. The interrogatory seeks Cirba's "factual and legal bases supporting or refuting" inequitable conduct. (Ex. 1 at 6.) Cirba's response (Ex. 2 at 6-9) fails to explain (i) its decisions about which prior art to disclose during prosecution; (ii) whether and how it acted in good faith or on the advice of counsel; (iii) whether and how it complied with its duty of candor to the PTO; and (iv) the factual basis for its position that the withheld prior art is cumulative. (Ex. 6.) When confronted with these deficiencies, Cirba promised only to supplement its response "as appropriate." (Ex. 7; Ex. 8 at 3; Ex. 9 at 2; Ex. 10 at 1.) But Cirba still declines to identify what information it will provide as part of any supplement or when it will do so. (*Id.*)

**RFP No. 215**. RFP No. 215 seeks documents concerning the named inventors' and Mr. Slaney's knowledge, understanding, and review of the withheld information. These include documents regarding the circumstances under which he and Cirba first became aware of the withheld information and their subsequent knowledge and understanding. (Ex. 3 at 7.)

But Cirba has not produced any responsive documents, nor has it indicated even when it will begin its production. Cirba also has unilaterally imposed two limits: (1) a temporal limitation restricting its production to documents created "on or after August 20, 2013"; and (2) "an ESI [only] search." (Ex. 4 at 2.) The former is improper, as Cirba conceded during the meet and confer that relevant documents may go back to 2006, when Cirba filed a related patent. (Ex. 10 at 2.) The latter is improper, as responsive documents may not only exist in its ESI.

**Slaney Subpoena**. VMware's subpoena seeks documents and deposition testimony from Mr. Slaney regarding Cirba's inequitable conduct. These include the decision to disclose or withhold prior art and whether Cirba acted in good faith during prosecution. (Ex. 5.)

But Mr. Slaney has produced no documents to date, despite Cirba's prior agreement. (Ex. 7; Ex. 8 at 3; Ex. 9 at 2; Ex. 10 at 2.) Nor has Cirba provided availability for Mr. Slaney's deposition. Cirba and Mr. Slaney should be ordered to do both immediately. As Mr. Slaney did not timely object to the subpoena, he has waived any objections. *See Pinchuk v. Chemstar*

1

*Prods*, No. 13-mc-306, 2014 WL 2990416, at *1 n.1 (D. Del. June 26, 2014) (failure to timely serve subpoena objections constitutes waiver absent "unusual circumstances or good cause"); *PHL Variable Ins. v. Alan Wollman*, No. 08-53, 2010 WL 2836388, at *1 (D. Del. July 16, 2010) (objections waived). His testimony also is relevant. *See Spine Sols., Inc. v. Medtronic Sofamor Danek*, No. 07-cv-2175, D.I. 85, at *6-7 (W.D. Tenn. Jan. 8, 2008) (ordering deposition as any unprivileged information regarding prosecution is relevant to inequitable conduct) (Ex. 11).

**Privilege Log.** As VMware seeks discovery regarding inequitable conduct, Cirba and Mr. Slaney are obligated to identify relevant, responsive information on a privilege log if Cirba claims a privilege or immunity from discovery. Fed. R. Civ. P. 26(b)(5)(A).

Cirba and Mr. Slaney have refused to produce privilege logs in response to Rog No. 36, RFP No. 215, and the subpoena. Although the ESI Order requires a privilege log only for documents pre-dating the complaint's April 25, 2019 filing date (D.I. 982 ¶ 1(e)(ii)), that temporal restriction should not apply here. That is because Cirba prosecuted and asserted the two patents long after that date. (D.I. 1009 ¶ 145 ('492 patent issued on December 31, 2019); ¶ 215 ('459 patent issued on March 16, 2021).) Cirba concedes this, agreeing that the ESI Order does not impose blanket exclusions. (Ex. 10 at 2.) But Cirba still refuses to explain what it will log and when. (*Id*.) Cirba should be required to log all responsive inequitable conduct information that it withholds on the basis of a privilege or immunity. While unnecessary, there is "good cause" in any event to modify the ESI Order for all of these reasons (D.I. 982 ¶ 1(a)).

## II.    CIRBA'S REFUSAL TO PRODUCE ESI

For months, Cirba has blocked discovery based on VMware RFPs relating to VMware's infringement claims on its newly-asserted '945, '638, and '995 patents and Cirba newly-introduced technologies. Although VMware proposed search terms seeking these documents months ago, Cirba has refused to review documents hitting on those terms, much less produce them. Claiming burden, Cirba refuses to provide even hit count information to substantiate its claims of burden, unless VMware pays Cirba's e-discovery costs. With the December 2021 substantial completion deadline looming, Cirba's refusal to produce these documents is prejudicial to VMware's ability to prove its claims and defend against Cirba's. VMware thus seeks an order requiring Cirba to run the disputed ESI terms and produce all responsive documents or face monetary sanctions and an adverse inference instruction.

After the Court consolidated the parties' claims in February 2020 (D.I. 968), VMware served RFPs seeking discovery on both parties' newly-asserted patents. Cirba's proposed search terms were overly narrow. They excluded accused features, patent-specific concepts, and relevant third-party products with which Densify interfaces. VMware proposed targeted modifications to Cirba's proposed terms and additional search terms, both intended to better capture the documents responsive to VMware's RFPs (Ex. 16 at 4-6) relating to:

- **Accused Cirba container technology** ('945 patent) responsive to RFP Nos. 175-178, 180-182, 187, 189-194, 196, 197 (VMware's modified terms 1-6);
- **Accused Cirba multi-cloud technology** ('638 patent) responsive to RFP Nos. 175-178, 180-182, 184, 185, 187, 196-197 (VMware's modified term 6 and new terms 2 and 6);
- **Accused Cirba resource pool/hierarchy technology** ('995 patent) responsive to RFP

      Nos. 175-178, 180-182, 186, 187, 196-197 (VMware's modified term 7 and new term 8);

- **Cirba's willful infringement** of VMware's patents and copying of VMware's products responsive to RFP Nos. 195-96 (VMware's modified terms 12-13 and new term 4);
- **Other core functionality** of the accused Densify product responsive to RFP Nos. 175 and 180 (VMware's new terms 5 and 7)[1]; and
- **Cirba's new patents and infringement claims** against container products responsive to RFP Nos. 201-206 and 208-211 (VMware's modified term 13 and new term 4).

Cirba does not dispute that these ESI terms are narrowly tailored to VMware's RFPs. Instead, it claims burden. At the same time, Cirba refuses to provide de-duplicated, unique hit counts to allow VMware to assess the purported burden. (Ex. 12; Ex. 13; Ex. 14 at 2; Ex. 15 at 1; Ex. 8 at 2; Ex. 16 at 1; Ex. 18 at 1; Ex. 20.) Cirba also refuses to de-duplicate the search term hits against its prior productions, despite the parties' agreement that re-producing prior productions is unnecessary. (Ex. 15 at 1; Ex. 16 at 2; Ex. 18 at 1.)

Despite Cirba's refusal to provide de-duplicated, unique hit counts, VMware narrowed its proposed search terms as a compromise. (*E.g.*, Ex. 16.) VMware also has attempted to help Cirba identify the potentially burdensome terms. Cirba has rebuffed VMware's overtures, instead cherry-picking "acceptable" sub-parts of VMware's search terms with low hit counts, ignoring most of the others, and "reject[ing]" the rest. (Exs. 17, 18.)

None of Cirba's excuses for stonewalling passes muster. Cirba's primary excuse is the alleged upfront cost of providing hit counts. Yet Cirba's refusal to provide this information, absent reimbursement, is inconsistent with its own prior demands that VMware provide this information gratis, which VMware obliged. (Ex. 19 at 6; Ex. 16 at 2.)

Although Cirba contends that a prior Order (D.I. 947) requires VMware to share certain discovery costs (Ex. 17 at 7), the Order is inapplicable. That Order concerned discovery on VMware's previously-asserted patents, and Judge Stark issued it before the case was consolidated. (*See* D.I. 873 at 25:4-27:18.) When Judge Stark issued that Order, discovery had not begun on the parties' newly-asserted patents. It thus does not apply to the latter patents.

Cirba also claims that it has already produced enough documents responsive to VMware's new RFPs, including those relating to containers and multi-cloud management. (Ex. 17 at 6.) But Cirba has pointed only to its total production volume. A search on Cirba's production confirms that it has produced little related to the new patents and technologies above. Cirba further asserts that its low damages exposure on VMware's patents is a reason to deny the requested discovery. (Ex. 17 at 6.) Cirba ignores that VMware's proposed ESI terms relate not only to VMware's new infringement claims and damages, but to Cirba's new infringement claims and damages and VMware's right to an injunction for Cirba's infringement. (Ex. 15 at 1-2.) Cirba cannot plausibly seek hundreds of millions of dollars in alleged damages from VMware, while simultaneously shirking its obligation to provide discovery relating to its own claims, its infringement of VMware's patents, and the availability of injunction against it.

---

[1] Cirba claims that VMware's search term 5 would hit on hundreds of thousands of new documents, but Cirba's core functionality has always been at issue. Either the search term would yield duplicate results and thus cause de minimis burden, or Cirba's prior production is deficient.

3

                          Respectfully,

                          /s/ *Anne Shea Gaza*

                          Anne Shea Gaza (No. 4093)

Enclosures (Exs. 1-20 & Proposed Order)
cc:  All Counsel of Record (via e-mail)

28865457.1

4