IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIRBA INC. (d/b/a DENSIFY) and
CIRBA IP, INC.,

        Plaintiffs/Counter-Defendants,

        v.

VMWARE, INC.,

        Defendant/Counter-Plaintiff.

C.A. No. 19-742-GBW

(Consolidated)

UNSEALED ON 10/28/2022

---

Kenneth L. Dorsney, Cortlan S. Hitch, MORRIS JAMES LLP, Wilmington, Delaware; Gary J. Toman, WEINBERG WHEELER HUDGINS GUNN & DIAL, Atlanta, Georgia; Courtland L. Reichman, Shawna L. Ballard, Jennifer Estremera, Michael G. Flanigan, Christine E. Lehman, Adam Adler, Ariel Green, Connor S. Houghton, Aisha Mahmood Haley, Brian C. Baran, Philip J. Eklem, Naveed S. Hasan, Sarah O. Jorgensen, Jaime F. Cardenas-Navia, Wesley Lanier White, Khue V. Hoang, Peter T. Mastroianni, REICHMAN JORGENSEN LEHMAN & FELDBERG LLP, Washington, DC; Paul D. Clement, Andrew C. Lawrence, CLEMENT & MURPHY, PLLC, Alexandria, Virginia; Julie M.K. Siegal, KIRKLAND & ELLIS LLP, Washington, DC

*Counsel for Plaintiffs/Counter-Defendants*

Anne Shea Gaza, Robert M. Vrana, Samantha G. Wilson, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware; Arturo J. González, Michael A. Jacobs, Richard S. J. Hung, Bita Rahebi, Yue Li, MORRISON & FOERSTER LLP, San Francisco, California; William F. Lee, Thomas G. Saunders, Seth P. Waxman, WILMER CUTLER PICKERING HALE AND DORR LLP, Boston, Massachusetts

*Counsel for Defendant/Counter-Plaintiff*

## **MEMORANDUM OPINION**

October 26, 2022
Wilmington, Delaware

<br>

GREGORY B. WILLIAMS
U.S. DISTRICT JUDGE

Pending before this Court is Plaintiffs/Counter-Defendants Cirba Inc. ("Inc.") and Cirba IP, Inc.'s ("IP") Motion to Update the Case Caption or Substitute the Parties (D.I. 1327),[1] and Defendant/Counter-Plaintiff VMware, Inc.'s ("VMware") opposition thereto (D.I. 1351). For the reasons set forth below, the Court will deny Inc. and IP's Motion to Update the Case Caption or Substitute the Parties.

## I.    BACKGROUND

Inc. and IP filed this patent infringement action in April 2019, alleging VMware willfully infringed U.S. Patent Nos. 8,209,687 and 9,654,367 ("the '687 patent" and "the '367 patent"). D.I. 1. VMware brought counterclaims alleging infringement of four of its own patents (D.I. 150), and shortly thereafter challenged Inc.'s standing to assert both the '687 patent and the '367 patent (D.I. 754 at 3-4). The Court deferred adjudication of VMware's challenge to Inc.'s standing until after trial. D.I. 460 ¶ 16. VMware also filed a separate action alleging infringement of four of its patents in the Eastern District of Virginia (No. 19-1334-TSE), which was later transferred to this District (No. 20-272). Inc. and IP filed counterclaims in that transferred action, alleging infringement of two additional patents.

After a January 2020 trial on Inc. and IP's claims related to the '687 patent and the '367 patent, the jury found that VMware willfully infringed both asserted patents and awarded approximately $237 million in damages. D.I. 550. VMware then renewed its motion to dismiss

---

[1] Plaintiffs' Motion to Update the Case Caption or Substitute the Parties was brought by the post-amalgamated "Cirba Inc." entity. *See* D.I. 1327 at 1 ("[T]he amalgamated entity Cirba Inc. is now the sole party on Cirba's side. . . . In the interest of clarity, Cirba Inc. moves to update the caption to reflect this new reality.").

Inc. as a bare licensee lacking Article III standing. D.I. 712 at 25. After briefing, the Court

dismissed Inc. as a plaintiff for lack of Article III standing, holding that Inc. was "a bare licensee"

that "lack[ed] any right to exclude." D.I. 752 at 8. Inc. sought reconsideration in June 2020, which

the Court rejected on multiple grounds. D.I. 946. The Court held that, because Inc. lacked Article

III standing from the inception of the suit, the inclusion of Inc.-related evidence at trial, including

evidence of competitive harm, was sufficiently prejudicial to VMware to warrant a new trial. *Id.*

at 7-14. In January 2021, the Court denied Inc.'s motion to certify its standing orders for

interlocutory appeal. D.I. 961. Subsequently, the Federal Circuit denied Inc.'s petition for a writ

of mandamus, holding that Inc. failed to "demonstrate[] a clear and indisputable right to issuance

of the writ based on the district court's holding that Article III requires an injury to the plaintiff's

right to exclude." D.I. 1045 at 7.

The order for a new trial on the '687 and '367 patents was then consolidated with the case

transferred from the Eastern District of Virginia. D.I. 946; *see also* D.I. 1003. While this

consolidated action was moving towards a second jury trial, Inc. and IP amalgamated[2] under

Canadian law, fused into one post-amalgamated "Cirba Inc." D.I. 1242, Smith Decl. ¶ 17. The

post-amalgamated "Cirba Inc." now moves this Court to update the case caption to "CIRBA INC.

---

[2] An amalgamation under Canadian law serves a similar role as does a typical merger under U.S. law, except for one key difference which is relevant to this action. The material distinction is in what amalgamation leaves behind: unlike a merger in which all the merged entities cease to exist except the one that survives, a Canadian amalgamation is a fusion of two entities into one. Both entities survive but in a new form. *See* Business Corporations Act (Ontario), R.S.O. 1990, c B.16, §§ 174-179.

d/b/a DENSIFY, *Plaintiff/Counter-Defendant*, v. VMWARE, INC., *Defendant/Counter-Plaintiff*"
to reflect the amalgamation.[3]  D.I. 1327.  VMware opposes the motion.  D.I. 1351.

## II.  LEGAL STANDARD

### A.  Motion to Update or Amend the Case Caption

The Federal Rules of Civil Procedure offer little guidance regarding a party's request to
amend a case caption. *Hoemke v. Macy's W. Stores LLC*, No. 20-1317, 2020 WL 5229194, at *1
(D. Ariz. Sept. 2, 2020) (noting that "no federal . . . rule governs caption amendments.").  Indeed,
Federal Rule of Civil Procedure 10(a) only provides that "[e]very pleading must have a caption
with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint
must name all parties . . . ." Fed. R. Civ. P. 10(a).  Similarly, Federal Rule 7(b)(2) states that "[t]he
rules governing captions and other matters of form in pleadings apply to motions and other papers,"
but is silent as to the standard for evaluating a party's request to update a case caption.  *See* Fed.
R. Civ. P. 7(b)(2).  Finally, the District of Delaware Local Rules[4] mention case captions in the
context of the general rule that "[o]n the front cover of each brief, memorandum of points and

---

[3] In addition to the two arguments post-amalgamated Cirba Inc. raises in support of its motion—
which are addressed by the Court below—post-amalgamated Cirba Inc. also argues, in a footnote,
that it is "willing to supplement or amend its pleadings to reflect the amalgamation." D.I. 1328 at
5 n.3. While post-amalgamated Cirba Inc. fails to explicitly identify which procedural rule
supports its willingness, its Reply Brief suggests that such amendment would be made pursuant to
Federal Rule of Civil Procedure 15. *See* D.I. 1356 at 4-7. However, the Court ultimately needs
not address this footnote argument because "arguments raised in passing (such as, in a footnote),
but not squarely argued, are considered waived." *Samsung Elecs. Co. v. Netlist, Inc.*, No. 21-1453-
RGA, 2022 WL 3027312, at *5 (D. Del. Aug. 1, 2022) (quoting *John Wyeth & Brother Ltd. v.
Cigna Int'l Corp.*, 119 F.3d 1070, 1076, n.6 (3d Cir. 1997)).
[4] Although the District of Delaware Local Rules promulgate additional rules regarding the
requirements of a case caption in class action suits, *see* D. Del. LR 23.1, recording depositions,
*see* D. Del. LR 30.4(a)(4), jury demands in a pleading, *see* D. Del. LR 38.1, and removed cases,
*see* D. Del. LR 81.1, none of these rules provide guidance regarding the legal standard to amend a
case caption.

authorities, and appendix, there shall be the name of the Court, the caption of the case, the civil action number . . . ," but do not offer any further direction.  D. Del. LR 7.1.3(a)(1).

Although few courts have addressed a party's request that seeks only to amend a caption, these decisions shed some light as to the appropriate legal standard.  These courts have noted that "the caption of an action is only the handle to identify it" and that "the caption is chiefly for the court's administrative convenience." *See Hoemke*, 2020 WL 5229194, at *1; *see also Eberhard v. Old Republic Nat'l Title Ins. Co.*, No. 11-834, 2013 WL 12293449, at *5 (N.D. Ohio Sept. 13. 2013); *Gramm v. Deere & Co.*, No. 14-575, 2021 WL 8321873, at *1 (N.D. Ind. Nov. 15, 2021). Indeed, "it is well established that, in the context of federal court captions, the caption itself is normally not determinative of the identity of the parties or of the pleader's statement of claim." *France v. Touro Coll.*, No. 14-4613, 2016 WL 1105400, *5 (E.D.N.Y. Feb. 16, 2016), *report and recommendation adopted sub nom. Ueth France v. Touro Coll.*, 2016 WL 1117459 (E.D.N.Y. Mar. 21, 2016) (internal citations omitted); *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1321 (4th ed. 2021).  Thus, "[i]n the absence of authority to the contrary, it appears that whether to amend a case caption is within the Court's discretion and should be based on factors such as promoting clarity and avoiding confusion." *Hoemke*, 2020 WL 5229194, at *1.

**B.    Substitution of Parties under Federal Rule of Civil Procedure 25**

Federal Rule of Civil Procedure 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c).  This Rule does not alter the substantive rights of the parties, but rather is "merely a procedural device designed to facilitate the conduct of a case." *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71-72 (3d Cir. 1993).

5

The decision whether to make a substitution pursuant to Rule 25(c) lies within the discretion of the court. *Id.* at 72. By its very terms, Rule 25 does not require substitution upon a transfer of interest. *Id.* at 71; *see also Abbott Labs. v. Roxane Labs., Inc.*, No. 12-457-RGA-CJB, 2013 WL 2322770, at *4 (D. Del. May 28, 2013) ("Rule 25(c) does not require a party or a court to take any action."). Instead, a substitution under Rule 25 is appropriate when a district court, in the exercise of its discretion, finds that such substitution would "facilitate the conduct of a case." *Luxliner*, 13 F.3d at 71-72; *see also Abraxis BioScience, Inc. v. Navinta LLC*, No. 07-1251, 2009 WL 904043, at *5 (D.N.J. Mar. 30, 2009). If the court does not make such a finding, Rule 25 allows the case to be continued against the original party, and any judgment will be binding on the successor in interest, even if the successor is not named in the lawsuit. *Luxliner*, 13 F.3d at 71; *see also In re Plavix Mktg., Sales Practices & Prods. Litig.*, No. 11-6476, 2021 WL 5002715, at *12 n.9 (D.N.J. Oct. 28, 2021) ("[W]hen a defendant corporation has merged with another corporation, . . . the case may be continued against the original defendant and the judgment will be binding on the successor even if the successor is not named in the lawsuit." (quoting 7C Wright, Miller & Kane, Federal Civil Procedure § 1958 at 555 (2d ed. 1986)).

## III.   DISCUSSION

### A.   Motion to Update the Case Caption

Post-amalgamated Cirba Inc. moves this Court to update the case caption to reflect IP's amalgamation with Inc. in an effort to "promote clarity and efficiency" in a litigation that has spanned multiple years, one jury trial, and a petition to the Federal Circuit. D.I. 1328 at 5; D.I. 1356 at 1. Post-amalgamated Cirba Inc. concedes that the Federal Rules of Civil Procedure do not provide a mechanism for correcting or updating case captions, but such a formality is routinely granted *sua sponte* or at a party's request. D.I. 1328 at 5-6. Thus, it proposes that the case caption be amended as "CIRBA INC. d/b/a DENSIFY, *Plaintiff/Counter-Defendant*, v. VMWARE, INC.,

*Defendant/Counter-Plaintiff*" to reflect the reality of the amalgamation and the existence of a single post-amalgamated "Cirba Inc." *Id.;* D.I. 1356 at 1-3. VMware opposes post-amalgamated Cirba Inc.'s motion. D.I. 1351. VMware contends that allowing the proposed amendment not only violates Federal Rule of Civil Procedure 10 but would cause juror confusion and be prejudicial. *Id.* at 5-7.

Courts generally allow amendments or updates to captions when a party has been misnamed or its name is misspelled. *See, e.g.*, *Sharp v. Verizon Del. LLC*, No. 11-1209-RGA-CJB, 2014 WL 350089, at *1 n.1 (D. Del. Jan. 31, 2014), *report and recommendation adopted*, 2014 WL 707238 (D. Del. Feb. 21, 2014); *Williamson v. Correct Care Servs. LLC*, 2010 WL 5260787, at *1 (D. Del. Dec. 16, 2010); *Paatalo v. First Am. Title Co. of Montana*, No. 13-128, 2014 WL 858999, *2 (D. Mont. Mar. 5, 2014); *Susilo v. Wells Fargo Bank, N.A.*, No. 11-1814, 2012 WL 5179531, *3 (C.D. Cal. Oct. 16, 2012). Motions to amend a caption "to reflect changes in the entity's corporate form and name under Rule 15" are also generally granted, "particularly when the opposing party has not identified any way in which it would be prejudiced by granting the request." *See Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, No. 11-1623, 2016 WL 10839543, at *2 (D.D.C. Mar. 31, 2016); *Tabansi v. Prison Health Servs., Inc.*, No. 12-585, 2012 WL 6599016, at *3 (M.D. Pa. Dec. 18, 2012); *Gramm v. Deere & Co.*, 2021 WL 8321873, at *2 (N.D. Ind. Nov. 15, 2021). While updating the case caption is typically a "ministerial" task, *see Paleteria La Michoacana*, 2016 WL 10839543 at *5, the decision ultimately remains within the sound discretion of the Court based on considerations of clarity, efficiency, and avoiding confusion. *Hoemke*, 2020 WL 5229194, at *1.

At the outset, the Court disagrees with VMware's contention that post-amalgamated Cirba Inc.'s request to update the case caption violates Federal Rule of Civil Procedure 10. *See* D.I.

1351 at 5. Rule 10 provides that "a complaint must name all the parties." Fed. R. Civ. P. 10(a).

By operation of Canadian corporate law, Inc. and IP have amalgamated, meaning Inc. and IP have

fused and combined under one name, "Cirba Inc." *See* Business Corporations Act (Ontario),

R.S.O. 1990, c B.16, § 174; *see also R. v. Black & Decker Mfg. Co.*, [1975] 1 S.C.R. 411, 413,

417 (Can.) (the result of amalgamation "is to coalesce to create a homogeneous whole," akin to "a

river formed by the confluence of two streams."). As a result of the amalgamation, post-

amalgamated Cirba Inc. possesses all the property, rights, and privileges of Inc. and IP that existed

at the time of the amalgamation. *See* Business Corporations Act (Ontario), R.S.O. 1990, c B.16,

§ 179(b). Thus, requesting that the caption reflect the post-amalgamated "Cirba Inc." is not itself

a violation of Rule 10.

However, the Court, in its discretion, does not agree with post-amalgamated Cirba Inc. that

updating the case caption would promote clarity or efficiency, especially at this late juncture.[5]

Although neither party disputes that Inc. and IP have formally amalgamated into "Cirba Inc.,"

VMware has raised genuine concerns that updating the caption may confuse jurors as to which

party has what rights at which point in time. D.I. 1351 at 6-7. This is particularly true considering

the pre-amalgamated "Cirba Inc." (i.e., Inc.)—the party dismissed after the first jury trial for

lacking Article III standing, which was the basis for the Court to order a new trial (D.I. 752 at 9-

10)—shares an identical name with the post-amalgamated "Cirba Inc." To be sure, the Court's

decision does not preclude post-amalgamated Cirba Inc. from discussing or informing the jury

about Inc. and IP's amalgamation or the formation of post-amalgamated entity. But in the interest

of clarity and efficiency, the Court finds that the likelihood of jury confusion outweighs the

---

[5] Fact discovery is closed, expert discovery will be closed November 4, 2022, case dispositive motions are scheduled to be fully briefed by the end of 2022, and a 10-day jury trial is scheduled to begin in April 2023.

purported benefit of "formally acknowledging" the amalgamation by updating the case caption. *See* D.I. 1328 at 6.

Finally, the litany of cases post-amalgamated Cirba Inc. cites in support of its proposition that "[c]ourts routinely update captions in response to mergers or changes in an entity's form" are readily distinguishable. *See id.* at 6-7. In these cases, the motion to update the caption was predicated on the misidentification of a party (and was therefore unopposed), *see, e.g.*, *Tabansi*, 2012 WL 6599016, at *3; *1042 II Realty, Inc. v. PHH Mortg. Corp.*, 582 F. Supp. 3d 142, 144 n.1 (S.D.N.Y. 2022); *Wilson v. Twp. of W. Amwell*, No. 19-16039, 2021 WL 1699944, at *1 n.1 (D.N.J. Apr. 29, 2021), the defendant did not raise concerns of prejudice, *see Gramm*, 2021 WL 8321873, at *2, or the parties were ordered to stipulate to an amended case caption because the named plaintiff no longer existed, *see Serv. Sols. U.S., LLC v. Autel.US Inc.*, No. 13-10534, 2015 WL 401009, at *1 n.1 (E.D. Mich. Jan. 28, 2015). Here, unlike those cases, VMware both opposes post-amalgamated Cirba Inc.'s motion and raises genuine concerns of prejudice. For example, VMware asserts that updating the case caption may encourage post-amalgamated Cirba Inc. to advance arguments and evidence that blur the line between the competitive harms allegedly suffered by pre-amalgamated "Cirba Inc."—which were found to be prejudicial in the first jury trial because of Inc.'s later dismissal for lack of standing, ultimately warranting a new trial—and the post-amalgamated "Cirba Inc." D.I. 1351 at 1-2, 4, 6-7; *see also infra* Section III.b (discussing in detail VMware's prejudice arguments). These concerns, while best resolved at a later stage of litigation, are sufficient to warrant the Court to, in its discretion, deny post-amalgamated Cirba Inc.'s Motion to Update the Case Caption.

### B.   Motion to Substitute Pursuant to Rule 25(c)

Alternatively, post-amalgamated Cirba Inc. moves this Court to substitute the post-amalgamated "Cirba Inc." for IP (i.e., the pre-amalgamated "Cirba Inc.") pursuant to Federal Rule

of Civil Procedure 25(c). D.I. 1328 at 8-10. Specifically, it argues that "[w]hile the amalgamation already accomplished the same result by operation of law," substitution of Cirba Inc. for IP would facilitate this action by "promot[ing] clarity and efficiency without prejudicing VMware." *Id.* at 9-10. VMware vehemently disagrees, contending that the proposed substitution would create a high risk of juror confusion because the new case caption would solely read "Cirba Inc." without reference to whether that entity is the pre- or post-amalgamated "Cirba Inc." D.I. 1351 at 9-10. Thus, VMware asserts that jurors would have difficulty assessing "which entity had what rights, and when." *Id.* at 9. More importantly, VMware argues that substitution would be prejudicial because it would encourage post-amalgamated "Cirba Inc." to advance arguments and evidence of competitive harm against Inc., thereby repeating the error that justified a new trial. *Id.* at 6, 9-10. In response, post-amalgamated Cirba Inc. placates VMware's concerns, arguing that VMware is ignoring the reality of the amalgamation and that the facts of this case are the same as the first trial: "Inc. and IP were effectively operating together, IP was wholly owned and controlled by Inc.; and so harm to one was harm to the other." D.I. 1356 at 7-10 (citing D.I. 1239 at 6-7).

Although post-amalgamated Cirba Inc.'s Rule 25(c) Motion is grounded on the notion that substitution of post-amalgamated "Cirba Inc." for IP would facilitate this action, it fails to offer any explanation as to how such disposition would achieve these results. Instead, Inc. merely offers conclusory assertions that "substitution would promote clarity and efficiency without prejudicing VMware." D.I. 1328 at 10. In fact, the opposite is likely to occur were the post-amalgamated "Cirba Inc." substituted for IP.

VMware proffers legitimate concerns of jury confusion were substitution granted. For one, the new case caption would solely refer to Plaintiff/Counter-Defendant as "Cirba Inc.," without distinguishing between the pre- and post-amalgamated "Cirba Inc." D.I. 1351 at 9. Though it is

undisputed that the post-amalgamated entity is named "Cirba Inc.," the fact that its name is identical to the pre-amalgamated "Cirba Inc."—the party dismissed for lack of standing after the first jury trial—invites jury confusion as to which specific entity had purportedly been harmed and when that harm occurred.  Further, substituting post-amalgamated "Cirba Inc." in the case caption would not obviate the parties need to label and clarify each Cirba entity, *e.g.*, Inc., IP, and post-amalgamated Cirba Inc., to both the jury and this Court throughout the trial.

There also is an increased likelihood of prejudice against VMware were substitution granted.  While post-amalgamated Cirba Inc.'s brief advances the theme that Rule 25(c) is a mere "procedural" task, *see* D.I. 1328 at 9, the substance reads as a veiled attempt to reassert the substantive rights of Inc.—who was dismissed for lack of Article III standing.  For example, it contends that, because the amalgamation formalized the relationship between Inc. and IP, harm done to Inc. necessarily entails harm done to IP.  *Id.* at 10.  Post-amalgamated Cirba Inc.'s Preliminary Injunction briefing advances an identical argument:

> In addition, and independently, the Court should reinstate the verdict and issue a permanent injunction because Inc. and IP now have been merged into a single entity and succeed as to each other's rights. The central basis for the Court's new trial ruling was that with Inc. no longer a plaintiff on the patent claims, the trial may have been different—in particular, the jury may not have heard so much evidence of competitive harm to Inc. In light of the merger that justification lacks any basis. The evidence of competitive harms would have been identical.

D.I. 1336 at 6-7.

But these conclusions are predicated on reasserting the substantive rights of Inc.  Rule 25(c) cannot serve to revive the rights of a party dismissed for lack of Article III standing.  *Luxliner*, 13 F.3d at 71-72 ("substitution under Rule 25(c) does not ordinarily alter the substantive rights of parties").  A substituted party can assert *only* the rights of the original party.  *See Minn. Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985) (upon transferee joinder under

Rule 25, "[t]he merits of the case . . . are still determined vis-a-vis the originally named parties");

*MEI, Inc. v. JCM Am. Corp.*, No. 09-351, 2009 WL 3335866, at *4 (D.N.J. Oct. 15, 2009) ("A party joined under Rule 25 cannot assert its own substantive rights, only those of the original party."). While post-amalgamated Cirba Inc. is correct that captions neither confer jurisdiction or lead to the admission of evidence, *see* D.I. 1356 at 9, the Court cannot ignore the potential prejudice that VMware may face were post-amalgamated Cirba Inc. able to advance its now repeated attempt to assert the rights of a party dismissed for lacking standing.

Because the Court, in its discretion, finds that substituting post-amalgamated "Cirba Inc." for IP would not "facilitate the conduct of the litigation," *Luxliner*, 13 F.3d at 72, post-amalgamated Cirba Inc.'s alternative Motion to Substitute Pursuant to Rule 25(c) is denied.

The Court will issue an Order consistent with this Memorandum Opinion.