# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and CIRBA IP, INC., <br><br> *Plaintiffs/Counter-Defendants,* <br><br> v. <br><br> VMWARE, INC., <br><br> *Defendant/Counter-Plaintiff.* | C.A. No. 19-742-GBW <br><br> (CONSOLIDATED) <br><br> **PUBLIC REDACTED VERSION** |

**LETTER BRIEF TO THE HONORABLE GREGORY B. JUDGE WILLIAMS
FROM ANNE SHEA GAZA
REGARDING VMWARE'S MOTION TO STRIKE
THE EXPERT REPORTS OF DR. VIJAY MADISETTI**

Dated: November 21, 2022
Redacted Version: November 28, 2022

OF COUNSEL:

Arturo J. González
Michael A. Jacobs
Richard S.J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
agonzalez@mofo.com
mjacobs@mofo.com
rhung@mofo.com

Bita Rahebi
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
brahebi@mofo.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for VMware, Inc.*

SF-4963067

Dear Judge Williams:

Cirba's expert Dr. Madisetti has again, in his '687 patent expert reports, (1) belatedly added new infringement theories and (2) offered a litany of unexplained string cites. The new theories were not in Cirba's May 6, 2022 final infringement contentions or its July 27, 2022 proposed supplemental ones. (D.I. 1325.) The unexplained source code string cites violate F.R.C.P. 26(a)(2)'s requirement that he disclose the "basis and reasons" for his opinions. VMware sought to mitigate the prejudice at Dr. Madisetti's deposition, but Dr. Madisetti obfuscated. VMware thus moves to strike the new theories and unexplained string citations in his opening and reply reports (Exs. A, B) under the proposed Scheduling Order (D.I. 1407 ¶ 7) and F.R.C.P. 37(c)(1).

**Background.** Dr. Madisetti has repeatedly relied on previously undisclosed theories. At the 2019 preliminary injunction hearing, Judge Stark observed that Dr. Madisetti offered "new" and "conclusory" infringement opinions. (Ex. C, 193:3-11.) During a pre-trial deposition, he produced 30 pages of new analysis. (Ex. D, 9:21-11:16.) And at the 2020 trial, Judge Stark admonished Cirba for repeatedly seeking to introduce new opinions. (Ex. E, 1633:15-1635:7.)

On July 27, 2022, Cirba sought leave to amend its contentions, two months after the deadline. (D.I. 1325 ("MFL"); *see also* D.I. 1326, 1341, 1342, 1354.) Even those belated contentions, which VMware opposes as untimely, did not disclose the new theories that VMware seeks, here, to strike. VMware's brief opposing the MFL put Cirba on notice that unexplained source code citations were improper. (D.I. 1341 at 12.) Cirba's motion remains pending.

Dr. Madisetti's latest reports add more theories and, once again, contain unexplained string cites:

**New Theories in Opening and Reply Reports:** Dr. Madisetti newly (1) differentiates VMware's "vCLS" virtual machines ("VMs") from other VMs and opines that they are *not* "virtual guests" under claims 3 and 7 of the '687 patent and that DRS 2.0 evaluates vCLS VMs. (Ex. A ¶¶ 185, 195). He also (2) opines that DRS 2.0 uses the functions "▮▮▮▮▮▮▮" and "▮▮▮▮▮▮▮" (*id.* ¶¶ 127, 181, 192, 193), which he argues are rules pertaining to "workload constraints." And on reply, Dr. Madisetti (3) offers a new theory that VMware infringes even where DRS takes "shortcuts" by "skipping" certain functions. (Ex. B ¶¶ 39, 81.)

**Unexplained String Cites:** (4) Dr. Madisetti relies on bare citations to source code and documents that provide no notice of his infringement opinions. (*See, e.g.*, Ex. A, Ex. 18 at 38-39, 47-50, 95-96, 99-102, 143-147, 172-74, 195-99, 228, 231-34; *accord id*. Exs. 19-21.)

**Dr. Madisetti's New Theories and Bare String Cites Should be Stricken.** Cirba's shapeshifting theories and unexplained string cites are a transparent attempt to overcome what Judge Stark has previously described as "at best, weak" (D.I. 946 at 11) infringement evidence. Its expert's new theories are highly prejudicial and should be stricken. *See Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463 (D. Del. 2005), *rev'd on other grounds*, 543 F.3d 1306 (Fed. Cir. 2008) (citing *Meyers v. Pennypack*, 559 F.2d 894, 904-05 (3rd Cir. 1977), to exclude new expert opinions from trial). So too are his unexplained source code string cites, which fail to provide a "complete statement of all opinions the witness will express and the basis and reasons for them," F.R.C.P. 26(a)(2)(B)(i), and should thus likewise be stricken.

*(1) New Opening Report Theories Addressing vCLS VMs and DRS 2.0.* The '687 asserted claims require evaluating "each virtual guest." Judge Stark construed "virtual guests" as "virtual machines." (D.I. 357 at 1.) After the 2020 trial, VMware released a new "vCLS" VM feature in the accused products. (D.I. 714 at 5.) As VMware's DRS feature—the focus of Cirba's

infringement case—does not "evaluate" vCLS VMs against hosts at all, this modification further distanced DRS from infringement. In opposing Cirba's post-trial permanent injunction motion (D.I. 605), VMware long ago identified these product changes. (D.I. 714 at 5.) In its injunction briefings, Cirba never argued that the changed products infringe. (*See* D.I. 679, D.I. 1239.)

Dr. Madisetti now argues, however, that these DRS 2.0 vCLS VMs are *not* "virtual guests" for purposes of the '687 patent. He also argues that, regardless, DRS still evaluates them. (Ex. A ¶¶ 185, 195.) Cirba never made these arguments in its May 6, 2022 contentions or its July 25, 2022 proposed supplemental contentions. (*See generally* D.I. 1326, Exs. J–M.) Those supplemental contentions referred to vCLS VMs in passing, merely parroting claim language. They did not disclose an infringement theory that differentiated vCLS VMs from other VMs. (*See* Ex. E at 188-189.) Cirba has no excuse for not raising Dr. Madisetti's new theory earlier, as it has known about vCLS VMs since April 3, 2020. (D.I. 667 ¶ 17 (referring to vSphere 7.0's "highly available cluster services virtual machines," or vCLS VMs).)

The Court should strike his opinions differentiating vCLS VMs from the claims' VMs, including those opinions that vCLS VMs are not "virtual guests," and that DRS evaluates them.

*(2) New DRS 2.0 Workload Constraint Theories.* Dr. Madisetti also newly argues that DRS 2.0 calls the functions "███████████" and "███████████" and that these functions are rules pertaining to "workload constraints." (Ex. A ¶¶ 127, 181, 191-193.) Cirba never before set out in its contentions that these functions are rules for workload constraints in DRS 2.0. (*See generally* D.I. 1326, Exs. J–M.) The Court should strike Dr. Madisetti's opinions that these functions are evidence that VMware products using DRS 2.0 infringe.

*(3) New Reply Theory Addressing "Skipping."* On reply, Dr. Madisetti concedes that DRS "finds shortcuts" and "skip[s]" certain functions. (Ex. B ¶ 39 ("DRS continues to evaluate each VM against each host and other VMs by executing certain functions, although in some instances it does not have to execute the *entire* function, thereby skipping certain additional steps."); *accord id.* ¶ 81.) Despite "skipping" constraints, he nonetheless opines that DRS "still ***evaluates*** 'in each case' each VM and host" for each constraint. (*Id.* (emphasis in original); Ex. H, 180:7-18 (in deposition, confirming his opinion that skipping individual constraint rules is evaluation).)

This reply opinion is not proper. Dr. Madisetti has long known that VMware's non-infringement defenses rely on DRS skipping rules; he has no excuse for not disclosing this theory in his opening report. (*See* Ex. D at 614:24-618:20.) The Court should strike his opinion that DRS may infringe even when it skips the very functions that he identifies as the rules pertaining to each constraint. *See TQ Delta, LLC v. Adtran, Inc.*, CA No. 14-954-RGA, 2020 WL 4529865, at *1-2 (D. Del. July 31, 2020) (striking new theory by Dr. Madisetti on reply).

*(4) Unexplained Cites to Source Code and Documents.* Dr. Madisetti repeatedly presents "theories" that are nothing more than lengthy string cites to source code and documents. (*See, e.g.*, Ex. A, Ex. 18 at 38-39, 47-50, 95-96, 99-102, 143-147, 172-74, 195-99, 228, 231-34; *accord id.* Exs. 19-21.) Such unexplained string cites are improper in infringement contentions—much less expert reports. *See Rex Computing, Inc. v. Cerebras Sys. Inc.*, C.A. No. 21-525-MN (D. Del. July 8, 2022) (Oral Order) (Ex. F) (even *initial* contentions must "include descriptions of how the cited source code satisfies the corresponding claim limitation"). Dr. Madisetti has no excuse for not explaining how the source code works; he has had source code access (i) since October 2020 for vSphere 7.0's new DRS 2.0 algorithm and (ii) since May 2021 for vSphere 7.0.2 (reflecting the DRS 2.0 algorithm and vCLS VM feature).

By contrast, VMware's expert Dr. Nieh explained the source code in depth in his rebuttal report. (*See* Ex. G ¶¶ 100-138.) But rather than present counterarguments to Dr. Nieh's analysis, Dr. Madisetti merely alleges that "Dr. Nieh makes assumptions about the DRS 2.0 source code" in unidentified "places." (Ex. B ¶ 45.) The Court should strike Dr. Madisetti's string cites to source code and documents—and preclude his reliance on them.

**Failure to Disclose Was Not Harmless.** Cirba cannot show that the belated disclosure of new theories or the failure to explain source code and document citations is substantially justified or harmless. *See* F.R.C.P. 37(c)(1). The *Pennypack* factors all favor VMware. 559 F.3d at 904-05. And courts are "more willing to exclude evidence without a strict showing that each of the *Pennypack* factors has been satisfied" in "sophisticated, complex litigation involving parties represented by competent counsel." *Bridgestone Sports Co. v. Acushnet Co.*, CA No. 05-132-JJF, 2007 WL 521894, at *4 (D. Del. Feb. 15, 2007).

*Factor 1: Prejudice to VMware.* VMware produced all relevant source code by May 2021, but Cirba did not supplement its contentions in fact discovery. (D.I. 1341 at 9-12.) Nor did Cirba introduce Dr. Madisetti's new theories with its proposed supplement. (*See* D.I. 1326, Exs. J–M.)

The prejudice to VMware, amid expert discovery and mere months from trial, is self-evident. And Dr. Madisetti aggravated the prejudice by evading attempts to explore his theories at deposition. He refused, *e.g.*, to explain why a vCLS VM (*i.e.*, virtual machine) is not a "virtual machine." (*See* Ex. H, 201:25-214:25 ("Q. [D]o you have an opinion as to whether vCLS virtual machines are virtual machines? ... A. I mean, I would call them a particular term, system VMs. ... Q. Do you have any opinion, sir, as to whether a system VM is a virtual machine? ... A. I have not offered such an opinion. ... Q. And vCLS VM, sir, you don't know what the VM means in vCLS VM; is that right? A. As I said, I don't want to speculate.").) When asked the basis of his new DRS 2.0 "workload constraint" theory, he likewise refused. (*Id.*, 97:1-114:25 ("A. It is my opinion that ▮▮▮▮ calls ▮▮▮▮. ... Q. [P]lease show me, using the source code computer, where ▮▮▮▮ calls ▮▮▮▮? A. That may take a lot of time because I would have to trace all the different paths. ... Q. [P]lease show me in your report where you show that ▮▮▮▮ calls ▮▮▮▮. ... A. You have to refer to my claim charts, as well as my report, sir. That's all I can say.").)

*Factors 2 & 3: Inability to cure and disruption.* Expert discovery is over, and dispositive motions and *Daubert* motions are due tomorrow. Trial is months away. The prejudice cannot be cured without significantly interrupting the current schedule. *See Integra Lifesciences Corp. v. Hyperbranch Med. Tech., Inc.*, No. CA No.15- 819-LPS, 2017 WL 11558096, at *11 (D. Del. Dec. 11, 2017) (inability to cure without disrupting pre-trial process and the trial confirms harm).

*Factors 4 & 5: Bad faith and importance.* Cirba had two years to develop these theories. Dr. Madisetti's belated disclosures appear strategic and are par for the course. *See ViaTech Techs., Inc. v. Microsoft Corp.*, CA No. 17-570-RGA, 2021 WL 663057, at *5 (D. Del. Feb. 19, 2021) (striking Dr. Madisetti's opinions, and noting that "springing clearly new theories on a defendant" was not "in compliance with the scheduling order, the Rules, or expected standards of practice"). Nor are these new theories too important to strike; indeed, any consequences to Cirba are of its own making, due to its own belated disclosures. Even if they were "important to [Cirba], that is not sufficient to outweigh the significant and not-reasonably-curable prejudice to [VMware] were the Court to admit" them. *360Heros, Inc. v. GoPro, Inc.*, CA No. 17-1302-MFK, 2022 WL 2063262, at *2 (D. Del. June 8, 2022).

          Respectfully,

          /s/ *Anne Shea Gaza*

          Anne Shea Gaza (No. 4093)

cc:  All Counsel of Record (via e-mail)

Enclosure:  Exhibits A-H

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 28, 2022, a copy of the foregoing document was served on the persons listed below in the manner indicated:

**BY E-MAIL**

Kenneth L. Dorsney
Cortlan S. Hitch
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
kdorsney@morrisjames.com
chitch@morrisjames.com

Gary J. Toman
Weinberg Wheeler
Hudgins Gunn & Dial
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
gtoman@wwhgd.com

Paul D. Clement
Andrew C. Lawrence
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com
andrew.lawrence@clementmurphy.com

Julie M.K. Siegal
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
julie.siegal@kirkland.com

Courtland L. Reichman
Shawna L. Ballard
Jennifer Estremera
Michael G. Flanigan
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA  94065

Christine E. Lehman
Adam Adler
Connor S. Houghton
Aisha Mahmood Haley
Brian C. Baran
Philip J. Eklem
Naveed S. Hasan
Reichman Jorgensen Lehman & Feldberg LLP
1909 K St, NW, Suite 800
Washington, DC 20006

Sarah O. Jorgensen
Reichman Jorgensen Lehman & Feldberg LLP
1201 West Peachtree Street, Suite 2300
Atlanta, GA 30309

Jaime F. Cardenas-Navia
Wesley Lanier White
Khue V. Hoang
Peter T. Mastroianni
Reichman Jorgensen Lehman & Feldberg LLP
750 Third Avenue, Suite 2400
New York, NY 10017

RJ_densify@reichmanjorgensen.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for VMware, Inc.*