IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and CIRBA IP, INC., <br><br> *Plaintiffs/Counter-Defendants*, <br><br> v. <br><br> VMWARE, INC., <br><br> *Defendant/Counter-Plaintiff.* | C.A. No. 19-742-GBW <br><br> (CONSOLIDATED) |

# VMWARE'S SUPPLEMENTAL BRIEF
# IN SUPPORT OF ITS RENEWED MOTION FOR STAY

Dated: March 8, 2023

OF COUNSEL:

Arturo J. González
Michael A. Jacobs
Richard S. J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
agonzalez@mofo.com
mjacobs@mofo.com
rhung@mofo.com

Bita Rahebi
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
(213) 892-5200
brahebi@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for VMware, Inc.*

Cirba opposes VMware's proposed stay of this action on the basis that the PTO has not issued a final rejection in the '687 reexamination. But it is Cirba's misuse of PTO procedure that has kept the final rejection from issuing. When VMware renewed its stay motion, it noted several tactics (*e.g.,* multiple petitions to the PTO Director) that Cirba has employed to keep the jury trial ahead of the PTO's cancellation of its claims. Cirba has persisted with those tactics since then, flouting regulations that a newly-admitted patent agent (let alone an expert practitioner like Cirba's) would know. As a result, the April 2023 trial remains scheduled to occur before the '687 reexamination ends—even though all asserted claims stand rejected. If the PTO ultimately cancels them, the April trial will have wasted party and judicial resources.

Cirba cannot have it both ways. It cannot manufacture delays as a shield to prolong the reexamination, while using those same delays as a sword to press this action forward.

**Background.** On September 16, 2022, VMware moved to stay this action pending various PTO proceedings, including on the '687 patent. (D.I. 1362.) The PTO has already canceled all claims for two other patents that Cirba has asserted. (D.I. 1254; D.I. 1496.) Fearing a similar outcome for the '687 patent, Cirba has repeatedly sought to delay its reexamination proceedings. (*See* D.I. 1363 at 4.) Cirba first petitioned to terminate the reexamination. (D.I. 1364 Ex. 4.) Although the PTO denied the petition, Cirba's filing delayed the proceedings by three months. (*Id.*) Cirba then sought reconsideration of its petition. (*Id.* Ex. 5.) Although the PTO again denied it, Cirba's filing again delayed the proceedings by six more months.

These delays together prolonged the '687 reexamination for at least nine months, despite the statutory requirement that reexaminations be conducted with "special dispatch." 35 U.S.C. § 305. When Cirba finally filed its substantive response on October 7, 2022, VMware (and the public) expected that the reexamination would resume with dispatch. That was too optimistic.

1

**Cirba's Recent Delays.**  On January 24, 2023, the PTO deemed Cirba's substantive response defective, based on its failure to follow rudimentary and well-known rules for reexamination proceedings.  Cirba inexplicably neglected to underline its new claims and identify written support for them, despite the clear requirements of 37 C.F.R. §§ 1.530(e) and (f).  (Liu Decl., filed herewith, Ex. A (Jan. 23, 2023 Notice of Defective Paper) at 3-4.)

Cirba's mistakes were conspicuous, to say the least.  The defective response was signed by James Carmichael, an experienced reexamination attorney.  (*Id*. Ex. B (Oct. 7, 2022 Response to Office Action) at 64.)  A former Examiner-in-Chief, PTAB judge, and PTO solicitor, Mr. Carmichael styles himself an expert witness on "PTO prosecution and post-grant procedures." (*Id*. Ex. C.)  Just last year, Mr. Carmichael boasted about the high volume of reexamination proceedings that his firm was handling.  (*Id.* Ex. D.)  He no doubt knew of Cirba's obligation to underline new claims and identify written description support.

Mr. Carmichael made these errors not only despite his stated expertise, but despite multiple reminders from the PTO.  Earlier in the '687 reexamination, the PTO reminded Cirba of the need to follow its rules for any new claims.  (*See id.* Ex. E (July 7, 2022 Office Action) at 39.)  Mr. Carmichael thus was on notice of Cirba's obligations in connection with this very reexamination.  Moreover, a year earlier in co-pending Reexamination No. 90/014,740 (in which Mr. Carmichael and his firm represent a different patent owner), the PTO specifically reminded Mr. Carmichael on January 25, 2022 that proposed new claims "must be underlined throughout pursuant to . . . 1.530(f)(2)."  (*Id.* Ex. F ('740 Reexam Action) at 2.)  That is the precise regulation that Cirba and Mr. Carmichael failed to follow here.  Notably, in the co-pending reexamination proceeding, Mr. Carmichael *did* attempt to identify written support for the new claims, confirming his awareness of that requirement.  (*Id.* Ex. G ('740 Reexam Response) at 15.)

When Cirba finally elected to correct those simple errors, it took a full month to do so. (*See id.* Ex. H (Feb. 23, 2023 Response to Notice of Defective Paper).) There is no reason for it to have taken so long. Adding underlining is a ministerial task. Cirba also had been obligated to have identified its written description support back in October, when it offered the new claims. (*See, e.g., id.* Ex. I (MPEP § 2162).)

Cirba's latest delays, which have prolonged the '687 reexamination proceedings by at least another four months, were hardly inadvertent. Viewed in context, Cirba's earlier actions and its latest actions were part of a coordinated strategy to prolong the '687 reexamination. For example, petitions to terminate (like Cirba's at the start of the '687 reexamination) are rarely granted; VMware has been unable to locate single reexamination that was terminated as a result of such a petition in the last three years. (*See id.* ¶ 12.) Although Cirba and its attorneys should have understood the futility of its petition, they filed it anyway. Cirba then sought reconsideration of its denied petition and sued the PTO in federal district court action on its denied petition, despite the futility of those actions. (*See id.* Ex. J.) Cirba's strategy of delay could not be clearer.

**The Court Should Stay the Action Given Cirba's Delays.** Cirba is not just using procedural tools to delay the '687 reexamination proceeding. It is using the resulting delays—delays that it created—to try to convince the Court to deny VMware's stay motion. For example, in its opposition brief, Cirba argued that the reexamination had "not meaningfully progressed" and was "at exactly the same stage, with an initial rejection of the asserted claims" as the last time VMware moved to stay the case. (D.I. 1374 at 11-12; *see also id.* at 5-6.) As VMware noted on reply, Cirba was not only wrong about the reexamination's progress (the claims stand rejected), but it had also created the very delays to prevent finality. (*See* D.I. 1378 at 3-4.) Its recent delays underscore how it is using PTO procedure as both a sword—to oppose a stay—and a shield—to

3

keep the PTO from completing the reexamination.  Cirba's apparent goal is to stall long enough to secure a final judgment and damages on its invalid claims.

Indeed, the '687 reexamination proceedings should have ended by now, in view of the statistical likelihood that the PTO will cancel the asserted claims and their rejection in the latest Office Action.  (*See* D.I. 1363 at 9; D.I. 1378 at 3-4.)  But Cirba's procedural shenanigans have prolonged them by at least 13 months.  In comparison, the median pendency of *ex parte* reexamination proceedings in their entirety is only 19.3 months.  (*See* D.I. 1364 at Ex. 25, "Ex Parte Reexamination Filing Data – September 30, 2020" at 2.)

Based on the current timing of the reexamination, the Court will try Cirba's infringement claims and VMware's invalidity defenses for the '687 patent before the reexamination concludes, even though the asserted claims stand rejected in the PTO.  The Court should not reward Cirba's gamesmanship.  A stay would be a fair and economical way to nullify Cirba's delay tactics and conserve the Court's and the parties' resources by avoiding a likely unnecessary trial.  VMware thus respectfully reiterates its request that the Court stay these proceedings pending the completion of the '687 reexamination proceeding.

Dated: March 8, 2023

| | |
|---|---|
| OF COUNSEL:<br><br>Arturo J. González<br>Michael A. Jacobs<br>Richard S. J. Hung<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br>(415) 268-7000<br>agonzalez@mofo.com<br>mjacobs@mofo.com<br>rhung@mofo.com<br><br>Bita Rahebi<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017<br>(213) 892-5200<br>brahebi@mofo.com | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Robert M. Vrana*<br>Anne Shea Gaza (No. 4093)<br>Robert M. Vrana (No. 5666)<br>Samantha G. Wilson (No. 5816)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>agaza@ycst.com<br>rvrana@ycst.com<br>swilson@ycst.com<br><br>*Attorneys for VMware, Inc.* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 8, 2023, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY E-MAIL**

Brian E. Farnan
Michael J. Farnan
Farnan LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Gary J. Toman
Weinberg Wheeler
Hudgins Gunn & Dial
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
gtoman@wwhgd.com

Paul D. Clement
Andrew C. Lawrence
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com
andrew.lawrence@clementmurphy.com

Courtland L. Reichman
Shawna L. Ballard
Jennifer Estremera
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065

Christine E. Lehman
Adam Adler
Connor S. Houghton
Brian C. Baran
Philip J. Eklem
Naveed S. Hasan
Reichman Jorgensen Lehman & Feldberg LLP
1909 K St, NW, Suite 800
Washington, DC 20006

Sarah O. Jorgensen
Reichman Jorgensen Lehman & Feldberg LLP
1201 West Peachtree Street, Suite 2300
Atlanta, GA 30309

Jaime F. Cardenas-Navia
Khue V. Hoang
Peter T. Mastroianni
Reichman Jorgensen Lehman & Feldberg LLP
400 Madison Avenue, Suite 14D
New York, NY 10017

RJ_densify@reichmanjorgensen.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for VMware, Inc.*