IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIRBA INC. (d/b/a DENSIFY) and
CIRBA IP, INC.,

    Plaintiffs/Counter-Defendants,

v.

C.A. No. 19-742-GBW

VMWARE, INC.,

    Defendant/Counter-Plaintiff.

## MEMORANDUM ORDER

Pending before the Court is Plaintiff and Counter-Defendant Cirba Inc. d/b/a Densify's ("Cirba")[1] Motion for Injunctive Relief. D.I. 1238. Cirba requests the following relief:

> An Order reinstating the jury verdict of January 24, 2020 (D.I. 549, 550); and
>
>     a. An Order permanently ENJOINING and RESTRAINING Defendant VMware, Inc. ("VMware") and its successors, assigns, officers, agents, servants, employees, attorneys, and those in active concert or participation with them from servicing, selling or offering for sale any products that the jury found to infringe or software not colorably different; or, in the alternative,
>
>     b. An Order preliminarily ENJOINING and RESTRAINING VMware and its successors, assigns, officers, agents, servants, employees, attorneys, and those in active concert or participation with them from servicing, selling or offering for sale any products that the jury found to infringe or software not colorably different.

*Id.* Defendant and Counter-Plaintiff VMware, Inc. ("VMware") opposes the Motion for Injunctive Relief. D.I. 1318. The Court considered the parties' briefing, D.I. 1239, 1318, 1336, and finds a

---

[1] This Court previously denied Cirba's request to update the case caption to reflect the amalgamation of Cirba Inc. d/b/a Densify and Cirba IP, Inc. into one entity. *See* D.I. 1396.

hearing on the Motion for Injunctive Relief is unnecessary. For the reasons below, the Court DENIES Cirba's Motion for Injunctive Relief.[2]

## I. LEGAL STANDARD

### a. Motion for Reconsideration

Motions for reconsideration are governed by Delaware Local Rule 7.1.5. *See, e.g., Helios Software, LLC v. Awareness Techs., Inc.*, C.A. Nos. 11-1259 & 12-081, 2014 WL 906346, at *1 (D. Del. Mar. 5, 2014). The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotations and citation omitted). While the decision to grant a motion for reconsideration is within the discretion of the district court, *see Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990), such motions are "sparingly granted." D. Del. L.R. 7.1.5; *see also TQ Delta LLC v. Time Warner Cable Inc.*, C.A. No. 15-615, D.I. 540 (D. Del. Nov. 22, 2022). "These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662, 2019 WL 2745723, at *1 (D. Del. July 1, 2019) (citations omitted). "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, C.A. No. 9-814, 2009 WL 5195928, at * 1 (D. Del. Dec. 30, 2009). "A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made

---

[2] The Court writes for the benefit of the parties and assumes their familiarity with this action.

its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice." *AgroFresh*, 2019 WL 2745723, at *1 (citing *Max's Seafood Café*, 176 F.3d at 677).

### b. Preliminary Injunction

Preliminary injunctive relief is an "extraordinary" remedy appropriate only in "limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted); *see also Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993) ("[A] preliminary injunction is a drastic and extraordinary remedy that is not to be routinely granted.") (citations omitted); *accord Cordis Corp. v. Medtronic, Inc.*, 780 F.2d 991, 996 (Fed. Cir. 1985) ("Only a viable threat of serious harm which cannot be undone authorizes exercise of a court's equitable power to enjoin before the merits are fully determined.") (internal quotations and citations omitted). However, the Patent Act expressly provides that courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

A movant for a preliminary injunction pursuant to 35 U.S.C. § 283 must establish: "(1) a reasonable likelihood of success on the merits; (2) irreparable harm if an injunction is not granted; (3) a balance of hardships tipping in its favor; and (4) the injunction's favorable impact on the public interest." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) (citation omitted). No one of these factors is dispositive; "'rather, the district court must weigh and measure each factor against the other factors and against the form and magnitude of the relief requested.'" *Id.* (quoting *Hybritech, Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 (Fed. Cir. 1988)). However, "a movant cannot be granted a preliminary injunction unless it establishes *both* of the first two factors, *i.e.*, likelihood of success on the merits and irreparable harm." *Id.* (emphasis in original) (citations omitted). Moreover, "[w]hile granting a preliminary injunction

requires analysis of all four factors, [] a trial court may . . . deny a motion based on a patentee's failure to show any one of the four factors—especially either of the first two—without analyzing the others[.]" *Jack Guttman, Inc. v. KopyKake Enters., Inc.*, 302 F.3d 1352, 1356 (Fed. Cir. 2002) (citations omitted); *see also Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc.*, 908 F.2d 951, 953 (Fed. Cir. 1990) ("If the injunction is denied, the absence of an adequate showing with regard to any one factor may be sufficient, given the weight or lack of it assigned the other factors, to justify the denial.").

## II. DISCUSSION

### a. Motion for Reconsideration

The first half of Cirba's Motion for Injunctive Relief briefing is essentially a motion for reconsideration. *See* D.I. 1239 at 15 ("[Cirba], of course, recognizes this Court's prior no-standing ruling. But courts retain the power to revisit rulings, especially when it comes to matters of Article III standing" (citations omitted)); D.I. 1336 at 6 ("There is especially good reason to revisit the prior [standing] ruling here . . ."); D.I. 1319-2, Ex. 26 ("Cirba Inc. intends to file a motion for a preliminary injunction [and] . . . [a]s part of the motion, it intends to revisit the standing ruling in light of the Federal Circuit's order."); *but see* D.I. 1239 at 15-16 ("Although Inc. does not agree this issue should be considered under the reconsideration standard . . . ."). Cirba's briefing amounts to a request that this Court reconsider both its conclusion that Inc. lacked Article III standing, and that VMware did not forfeit objecting to Inc.'s lack of standing on statutory grounds.[3] For the reasons stated below, the Court finds Cirba has failed to show that reconsideration is warranted.

---

[3] This Court and the Federal Circuit have previously held Inc. lacked Article III standing. *See* D.I. 752 at 3 (dismissing Inc. for lack of standing); D.I. 946 at 6 (denying motion for reconsideration or reargument of D.I. 752); D.I. 1045 at 12 (denying Inc.'s petition for a writ of mandamus). As to the question of whether VMware forfeited its objections to any statutory objections, this Court previously found that "VMware's challenge to the standing of Cirba Inc. . . . was timely even if it

4

First, Cirba has failed to point to any new intervening change in controlling case law since the Court's June 3, 2020 Memorandum Order (D.I. 752). *See generally* D.I. 1239, 1336. Cirba contends that decisions in *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), *Lone Star Silicon Innovations LLC v. Nanya Technology Corp.*, 925 F.3d 1225 (Fed. Cir. 2019), and *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065 (Fed. Cir. 2020) provide intervening changes in controlling case law. D.I. 1336 at 5. Cirba also argues there is "good reason" to revisit the Court's prior ruling "in light of the intervening Federal Circuit mandamus decision, the emerging clarity of the law from courts around the country, and the enormous saving of judicial resources if Inc. had Article III standing all along." *Id.* at 6.

Cirba cannot prevail on these arguments. *Lexmark*, *Lone Star*, and *Schwendimann* are not new and issued before this Court issued its June 3, 2020 Memorandum Order. *See Lexmark*, 572 U.S. at 188 (2014); *Lone Star*, 925 F.3d at 1225 (2019); *Schwendimann*, 959 F.3d at 1065 (2020).[4] "The availability of [*Lexmark, Lone Star*, and *Schwendimann*] before the Court ruled on the earlier motion means that [*Lexmark, Lone Star*, and *Schwendimann*] cannot be a change in the controlling law" to support reconsideration. *Search & Soc. Media Partners v. Facebook, Inc.*, C.A. No. 17-

---

was a statutory challenge and not a constitutional challenge." D.I. 994 at 44:24-45:1; *see also id.* at 44:9-15 ("Densify failed to make the argument that VMware's objections to standing were statutory and not constitutional until after I granted VMware's motion to dismiss. And there is, in my view, no good reason for Densify to have waited to make that argument. So I think Densify's arguments were untimely and forfeited."). On appeal, the Federal Circuit addressed the forfeiture issue and concluded that it "cannot say that the record before us compels a finding of forfeiture of a statutory objection." D.I. 1045 at 9. This Court finds that the Federal Circuit's discussion, *id.* at 9-12, did not disturb this Court's forfeiture finding. Thus, the Federal Circuit's mandamus decision is not controlling law for reconsideration purposes.

[4] *Schwendimann* issued on May 13, 2020 "two days before the Court heard argument on VMWARE's motion to dismiss," D.I. 946 at 4, and 21 days before the Court issued its June 3, 2020 Memorandum Order (D.I. 752).

5

1120, 2019 WL 581616, at *7 (D. Del. Feb. 13, 2019).[5] The Federal Circuit's mandamus decision did not change controlling case law, *see* D.I. 1045 at 8-9, the "emerging clarity" from other district courts are not intervening controlling authority, and saving judicial resources is not relevant to whether a Court should grant a motion for reconsideration. *See AgroFresh*, 2019 WL 2745723, at *1 (citing *Max's Seafood Café*, 176 F.3d at 677).

Second, Cirba has failed to show newly discovered evidence. Reconsideration may be appropriate when "new factual matters not previously obtainable have been discovered since the issue was submitted to the Court." *Brambles*, 735 F. Supp. at 1241. The amendment to the License Agreement or the merger do not satisfy the standard. *See ChromaDex, Inc. v. Elysium Health, Inc.*, C.A. No. 18-1434, 2021 WL 1648596, at *1 (D. Del. Apr. 27, 2021) (denying motion for reconsideration because amendment to contract and dissolution of a non-party after dismissal for lack of subject matter jurisdiction were "not previously obtainable").

Third, Cirba has failed to show that "the conclusion that Inc. lacks Article III standing is 'manifest error'" or there is a need to correct a clear error of law. D.I. 1239 at 16. Cirba argues that *Lexmark*, *Lone Star*, and *Schwendimann* "make clear that only injury-in-fact, not a violation of exclusionary rights, is necessary for Article III standing." D.I. 1336 at 5. The Federal Circuit, however, addressed this issue and ultimately found that *Lexmark*, *Lone Star*, and *Schwendimann* did not necessitate altering any precedent. D.I. 1045 at 8-9. The Federal Circuit wrote:

> It is not clear, however, that *Lexmark* and *Lone Star* also require us to alter our precedent holding (as the district court summarized it) that "the touchstone of constitutional standing in a patent infringement case is whether a party can establish

---

[5] Cirba also argues that it was prejudiced by VMware's forfeiture of any statutory deficit under 35 U.S.C. § 281. D.I. 1239 at 16 ("Had a statutory challenge been identified pre-trial, Inc. and IP would have fixed the scrivener's error in the 2016 License, which always was intended to be exclusive, *see, e.g.*, Smith Decl. ¶¶ 4–15, and the trial would have proceeded as it did, with the same outcome."). This issue, however, is not relevant to the Court's analysis when determining whether to grant a motion for reconsideration.

6

> that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." *Cirba*, 2020 WL 2992348, at *2 (citing *WiAV*, 631 F.3d at 1265). *Lexmark* and *Lonestar* warn against conflating statutory requirements with jurisdictional/standing requirements. These cases do not answer the question of whether an injury must be both "legally cognizable" and "concrete" or simply "concrete" for Article III standing. The same is true of *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065 (Fed. Cir. 2020), also relied on by Inc.

*Id.* As correctly pointed out by VMware, the Federal Circuit's decision "forecloses Cirba's argument that clear error warrants reconsideration." D.I. 1318 at 8. For the reasons stated above, Cirba has failed to show that reconsideration is warranted because there is no intervening change in controlling law, no new evidence, or a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café*, 176 F.3d at 677.[6]

### b. Preliminary Injunction

For the reasons below, the Court finds that Cirba is not entitled to preliminary injunctive relief as it has not met its burden of proving a likelihood of success on the merits and that it will suffer irreparable harm in the absence of a preliminary injunction. Thus, the motion is DENIED.[7]

---

[6] Cirba also requests the Court to reconsider its new trial order (D.I. 946) to reinstate the jury verdict. D.I. 1239 at 17-18. Cirba argues:

> Even without revisiting the Article III ruling, the jury's verdict should be reinstated because the principal basis for the new trial order no longer makes sense. That order was based on the notion that, with Inc. no longer in the case, the evidence of competitive harms at the second trial would have been different. Now that Inc. and IP have been amalgamated into a single entity, the evidence of harm would be identical to what the first jury heard.

D.I. 1336 at 6-7. Cirba, however, mischaracterizes the Court's new trial order. *See* D.I. 946. While the Court's new trial ruling was based in part on its standing ruling, *id.* at 11, the Court was clear that its decision for a new trial "is not based on any *singular event* at the January trial" and it was "the accumulation of events" that ultimately persuaded the Court to grant a new trial. *Id.* at 13-14 (emphasis added). Accordingly, the Court declines to issue an Order reinstating the jury verdict of January 24, 2020.

[7] Cirba previously filed a Motion for Preliminary Injunction on May 6, 2019. D.I. 11. This Court denied the motion on August 6, 2019. *See* D.I. 138 at 191:8-10.

7

### i. Likelihood of Success

When seeking a preliminary injunction in an infringement suit, the patentee "must show that it will likely prove infringement, and that it will likely withstand challenges, if any, to the validity of the patent." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed. Cir. 2009). As noted above, "[i]t frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129–130 (2d ed. 1995)) (emphasis deleted). "To make such a 'clear showing,' the moving party must put forth evidence supporting its claims, and neither attorney argument nor the allegations in the complaints suffice." *Vertigo Media, Inc. v. Earbuds Inc.*, C.A. No. 21-120, 2021 WL 4806410, at *5 (D. Del. Oct. 14, 2021).

Rather than brief why it will likely prove infringement, Cirba summarily states that it "is likely to succeed on the merits of its patent infringement claim because it already has," referring to the vacated verdict from the first trial. D.I. 1239 at 18; *see also* D.I. 1336 at 7 n.6 ("Inc. also noted that the fact that it prevailed in the previous trial establishes a likelihood of success on the merits."). This Court, however, granted VMware's motion for a new trial. *See* D.I. 946 at 17. "[I]t is quite clear, that the order granting the new trial has the effect of vacating the former judgment, and to render it null and void, and the parties are left in the same situation as if no trial had ever taken place in the cause." *United States v. Ayres*, 76 U.S. 608, 610 (1869). Thus, Cirba has made no "clear showing" that it will likely prove infringement. In fact, this Court previously found that Cirba's "evidence of infringement was, at best, weak." D.I. 946 at 11 (Memorandum Order granting VMware's motion for a new trial). Although the Court denied without prejudice

VMware's motion seeking judgment of non-infringement as a matter of law, it remarked that "it remains skeptical" whether the trial record contains sufficient evidence to support the infringement verdicts. *Id.* at 12. Thus, Cirba has failed to persuade the Court that it is likely to succeed in proving infringement.

### ii. Irreparable Harm

"A party seeking a preliminary injunction must establish that it is likely to suffer irreparable harm if the preliminary injunction is not granted and there is a causal nexus between the alleged infringement and the alleged harm." *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1368 (Fed. Cir. 2017) (citation omitted). Here, Cirba has failed to make a showing of irreparable harm.

Cirba argues that VMware's alleged infringement "has ravaged [Cirba's] business and decimated its client list and employees" and the "dismantling of [Cirba's] business and customer relationships cannot be repaired with monetary damages alone." D.I. 1239 at 18, 19; *see also id.* at 19 ("For [Cirba], the effect is clear: plummeting revenues, devastating layoffs, and a disappearing future.").

The Court finds Cirba's harms are speculative. One of Cirba's 30(b)(6) witnesses testified that the "quarterly revenue for 2022" for Cirba "is similar to Q2 of 2016." D.I. 1319-1, Ex. 16 at 156: 23-25. Although Cirba states that it has had "devastating layoffs," Cirba is "hiring right now." *See, e.g.*, D.I. 1319-2, Ex. 25 at 272:9. "A party seeking a preliminary injunction must establish that it is *likely* to suffer irreparable harm without an injunction. [] The mere possibility or speculation of harm is insufficient." *Koninklijke Philips N.V. v. Thales DIS AIS USA LLC*, 39 F.4th 1377, 1380 (Fed. Cir. 2022) (citations omitted) (emphasis in original). Thus, the Court finds that

9

Cirba has failed to meet its burden of establishing that it is likely to suffer irreparable harm without an injunction.

### iii. Remaining Factors

The Court need not address the other two factors—the balance of hardships and whether an injunction is in the public interest—given Cirba's failure to establish the likelihood of success on the merits factor and the irreparable harm factor. "[A] trial court need not make findings concerning the third and fourth factors if the moving party fails to establish either of the first two factors." *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 973-74 (Fed. Cir. 1996).

## III. CONCLUSION

WHEREFORE, at Wilmington this 9th day of March, 2023, **IT IS HEREBY ORDERED** that Cirba's Motion for Injunctive Relief (D.I. 1238) is **DENIED**. **IT IS ALSO HEREBY ORDERED** that, no later than Tuesday, March 14, 2023, the parties shall meet and confer and file a joint status report summarizing the pending issues that the Court must resolve prior to the April 2023 trial. This joint status report shall also summarize how the parties' Joint Stipulation and Order to sever and stay claims related to U.S. Patent Nos. 10,523,492 ("'492 patent) and 10,951,459 ("'459 patent") (D.I. 1583) impacts the Court's adjudication of any pending motions.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE