IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and<br>CIRBA IP, INC.,<br><br>　　　　Plaintiffs/Counter-Defendants,<br><br>　　　　　　　v.<br><br>VMWARE, INC.,<br><br>　　　　Defendant/Counter-Plaintiff. | C.A. No. 19-742-GBW<br><br>UNSEALED 4/24/2023 |

## MEMORANDUM ORDER

Defendant and Counter-Plaintiff VMware, Inc. ("VMware") moves to strike portions of Plaintiffs Cirba Inc.'s (d/b/a Densify) and Cirba IP, Inc. d/b/a Densify's ("Plaintiff" or "Cirba")[1] infringement expert's—Dr. Vijay Madisetti—reports as untimely and for failing to provide sufficient explanation (the "Motion to Strike"). D.I. 1408. The Court has reviewed the parties' briefing and accompanying exhibits, *see, e.g.*, D.I. 1409, 1410, 1411, 1412, 1494, 1499, and no hearing is necessary. For the reasons set forth below, the Court will grant-in-part and deny-in-part VMware's Motion to Strike.[2]

I.   **LEGAL STANDARD**

The Federal Rules of Civil Procedure require an expert witness to provide a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). If a party fails to provide this information, "the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was

---

[1] This Court previously denied Cirba's request to update the case caption to reflect the amalgamation of Cirba Inc. d/b/a Densify and Cirba IP, Inc. into one entity. *See* D.I. 1396.

[2] The Court writes for the benefit of the parties and assumes their familiarity with this action.

1

substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Both Cirba's infringement contentions and Dr. Madisetti's expert reports are disclosures subject to Rule 26(a).[3] This Court has applied the so-called *Pennypack* factors to "determine whether a failure to make timely disclosure of information required to be disclosed by court order or rule should lead to sanctions or should be regarded as harmless." *Lipocine Inc. v. Clarus Therapeutics, Inc.*, C.A. No. 19-622, 2020 WL 4794576, at *9 n.4 (D. Del. Aug. 18, 2020); *see id.* (declining to apply the *Pennypack* factors because the disclosure of "final invalidity contentions was not untimely"). The *Pennypack* factors are as follows:

> (1) the prejudice or surprise in fact of the party against whom the evidence would have been presented, (2) the ability of that party to cure the prejudice, (3) the extent to which the presentation of the evidence would disrupt the orderly and efficient trial of the case or other cases in the court, (4) bad faith or willfulness in failing to comply with the court's order, and (5) the importance of the excluded evidence.

*LabMD Inc. v. Boback*, 47 F.4th 164, 189 (3d Cir. 2022).

## II. DISCUSSION

### A. Dr. Madisetti's Theories on vCLS VMs and DRS 2.0

VMware seeks to exclude as untimely Dr. Madisetti's infringement opinions concerning U.S. Patent No. 8,209,687 ("the '687 patent") that (1) VMware's DRS 2.0 vCLS virtual machines ("VMs") are not "virtual guests," and (2) VMware's DRS feature evaluates the vCLS VMs against hosts (collectively, "Dr. Madisetti's vCLS VMs Theories"). D.I. 1409 at 1-2. Cirba responds that Dr. Madisetti's vCLS VMs Theories are proper because, although they were not explicitly addressed in Cirba's infringement contentions, they were offered in response to VMware's

---

[3] *See Intell. Ventures I LLC v. AT&T Mobility LLC*, C.A. Nos. 13-1668-LPS, 13-1669-LPS, 13-1670-LPS, 13-671-LPS, 13-1672-LPS, 2017 WL 658469, at *1 (D. Del. Feb. 14, 2017) (applying Rule 26(a) to initial infringement contentions); D.I. 1278 ¶ 2 (incorporating "the Court's Default Standard for Discovery"); D.I. 1489 ¶ 2 (same).

2

noninfringement contentions, which were served after Cirba's infringement contentions. D.I. 1494 at 1. In other words, Dr. Madisetti's vCLS VMs Theories are proper because Cirba's "infringement contentions were not required to anticipate VMware's every potential responsive non-infringement position." D.I. 1494 at 2.

Cirba, however, did not include Dr. Madisetti's vCLS VMs Theories in its infringement contentions, which were due before VMware's non-infringement contentions. *See* D.I. 1342, Ex. 1; D.I. 1410, Ex. A at Exs. 18-21; *see also* D.I. 1278 ¶¶ 7(e)-(f).[4] Cirba even concedes as much. *See* D.I. 1494 at 2 (Cirba disputing that "because [it] did not explicitly address VMware's counterarguments as to non-infringement in its opening infringement contentions, [Cirba's] expert is not permitted to address them in his report."); *see also id.* at 3 ("Nothing would have been different had [Cirba] anticipated VMware's non-infringement positions and specifically addressed them in its contentions."). Cirba cannot point to VMware's later filing to justify the absence of Dr. Madisetti's vCLS VMs Theories in its own infringement contentions. Indeed, it is Cirba's burden to prove infringement, including infringement of each claim element, not VMware's burden. *See CommScope Techs. LLC v. Dali Wireless Inc.*, 10 F.4th 1289, 1298 (Fed. Cir. 2021) ("The burden is on a patent owner to show that 'the properly construed claim reads on the accused device exactly.'") (quoting *Engel Indus., Inc. v. Lockformer Co.*, 96 F.3d 1398, 1405 (Fed. Cir. 1996)). Cirba had the obligation to disclose all of its infringement contentions on or before May 6, 2022. D.I. 1278 ¶ 7(e). Allowing Cirba to blame VMware's later-served noninfringement contentions for not timely disclosing Dr. Madisetti's vCLS VMs Theories would eviscerate Cirba's

---

[4] At the time the parties filed their letter briefing for the Motion to Strike, the operative scheduling order was D.I. 1278. When this case was reassigned, the Court ordered the parties to file an Amended Scheduling Order in accordance with Judge Williams' Form Scheduling Order. D.I. 1387. The Amended Scheduling Order had also set May 6, 2022, as the deadline for Cirba's final infringement contentions. D.I. 1489 ¶ 7(e).

3

obligation to provide adequate notice of its theories of infringement. *Wi-Lan Inc., v. Vizio, Inc.*, C.A. No. 15-788-LPS, 2018 WL 669730, at *1 (D. Del. Jan. 26, 2018) ("Infringement contentions must serve the purpose of providing notice to Defendants of Plaintiff's infringement theories beyond that which is provided by the mere language of the patent."). Moreover, Cirba cannot rely on its proposed supplemental infringement contentions, *see* D.I. 1325, to salvage its otherwise untimely infringement theories because the Court has already denied Cirba's Motion for Leave to Supplement its Infringement Contentions. *See* D.I. 1661. Thus, the Court concludes that Dr. Madisetti's vCLS VMs Theories were not timely disclosed in Cirba's infringement contentions.

The Court next addresses whether Cirba's untimely disclosures were nevertheless harmless under the *Pennypack* factors. At the outset, in "sophisticated, complex litigation involving parties represented by competent counsel," courts have "been less indulgent" in applying the *Pennypack* factors and "more willing to exclude evidence without a strict showing that each of the *Pennypack* factors has been satisfied." *Bridgestone Sports Co. v. Acushnet Co.*, C.A. No. 05-132, 2007 WL 521894, at *4 (D. Del. Feb. 15, 2007). There can be little doubt that this sprawling litigation, which has lasted nearly four years and has already proceeded once to trial, is "sophisticated [and] complex" or that these parties are represented by "competent counsel."

The first *Pennypack* factor is the prejudice or surprise to the party against whom the evidence is offered. Here, the prejudice VMware would suffer if Dr. Madisetti's vCLS VMs Theories were not stricken from Dr. Madisetti's expert reports favors exclusion. The Scheduling Order required Cirba to serve its final infringement contentions on or before May 6, 2022. D.I. 1278 ¶ 7(e). Cirba's final infringement contentions did not include theories that VMware's DRS 2.0 vCLS VMs are not "virtual guests," and/or that VMware's DRS feature evaluates the vCLS VMs against hosts. *See* D.I. 1342, Ex. 1; D.I. 1410, Ex. A at Exs. 18-21. Yet Cirba does not

4

dispute that it was aware of VMware's vCLS VMs for at least two years prior to serving its infringement contentions. *See* D.I. 1499 at 1; *see also* D.I. 1409 at 2 (citing D.I. 667 ¶ 17, D.I. 714 at 5). Moreover, Cirba does not dispute that Dr. Madisetti was in possession of VMware's source code—which purportedly reflects both VMware's vCLS VMs feature and the DRS 2.0 feature—since May 2021, a full year before Cirba's final infringement contentions were due. *See* D.I. 1499 at 1; *see also* D.I. 1409 at 3 (citing D.I. 1341 at 9-12). These facts highlight VMware's "surprise" when it later learned of Dr. Madisetti's vCLS VMs Theories in his opening expert report, although Cirba had the information necessary to assert Dr. Madisetti's vCLS VMs Theories in its infringement contentions. Furthermore, Cirba did not include Dr. Madisetti's vCLS VMs Theories when it sought leave to update its infringement contentions after VMware served its noninfringement contentions, *see* D.I. 1325; *see also* D.I. 1494 at 2 n.1 (Cirba's supplement infringement contentions "[were] not to rebut VMware's non-infringement positions"), which amplifies the prejudice and surprise suffered by VMware. Thus, the first factor favors exclusion.

The second and third *Pennypack* factors also favor exclusion. It is undisputed that expert discovery is closed, the deadlines for dispositive motions and *Daubert* motions have passed, and trial is set to begin in less than a month. Generally, such a late stage of litigation would factor against a party's ability to cure prejudice. *See TQ Delta, LLC v. 2Wire, Inc.*, C.A. No. 13-1835-RGA, 2019 WL 1529952, at *2 (D. Del. Apr. 9, 2019). Cirba notes that VMware did have an opportunity to cure any prejudice it suffered when it deposed Dr. Madisetti on October 26, 2022—after Dr. Madisetti had disclosed his vCLS VMs Theories in his opening expert report served on August 12, 2022—arguing that "[n]othing would have been different had [Cirba] anticipated

5

VMware's non-infringement positions and specifically addressed them in its contentions."[5] D.I. 1494 at 3. VMware also had an opportunity to rebut Dr. Madisetti's untimely vCLS VMs Theories in its rebuttal expert report of Dr. Jason Nieh. *See* D.I. 1412, Ex. G. While true that VMware may have availed itself to the general procedures for remedying prejudice suffered due to untimely disclosures, "it would be unjust to penalize [VMware] for doing its best under difficult circumstances." *Finjan, Inc v. Rapid7, Inc*, C.A. No. 18-1519-MN, 2020 WL 5798545, at *3 (D. Del. Sept. 29, 2020) (citing *Galderma Labs, L.P. v. Amneal Pharms., LLC*, C.A. No. 16-207-LPS, 2018 WL 508876, *2 (D. Del. Jan. 22, 2018) (noting that a party in this position is faced with "two bad options: either scramble to have an expert respond . . . or offer no response and risk not preserving an opinion for trial if the [ ] Motion to Strike [is] denied")). Accordingly, the second and third *Pennypack* factors weigh in favor of exclusion.

As to the fourth *Pennypack* factor, Courts have tended to reserve a finding that a party acted willfully or in bad faith for clear examples of such conduct. *See Withrow v. Spears*, 967 F. Supp. 2d 982, 1006 (D. Del. 2013) (collecting cases). Here, based on the present record, the Court cannot conclude that Cirba acted in "bad faith" when it failed to include Dr. Madisetti's vCLS VMs Theories in its infringement contentions. Cirba did know that it had an obligation to disclose its infringement theories earlier. D.I. 1278 ¶ 7(e). Cirba was also on notice of VMware's vCLS VMs for at least two years prior to serving its infringement contentions and had access to VMware's source code since May 2021. *See* D.I. 1499 at 1; *see also* D.I. 1409 at 2 (citing D.I. 667 ¶ 17, D.I. 714 at 5); *id.* at 3 (citing D.I. 1341 at 9-12). In that sense, the omission of Dr. Madisetti's vCLS VMs Theories was a "willful" decision and was not a responsible approach to

---

[5] Notably, Cirba argues that Dr. Madisetti's deposition had the opposite effect because Dr. Madisetti "aggravated the prejudice by evading attempts to explore his theories at deposition." D.I. 1409 at 3 (citing D.I. 1412, Ex. H at 97:1-114:25, 201:25-214:25).

6

its discovery obligations.  Moreover, the Court is not satisfied with Cirba's wanting explanation that it was "not required to anticipate VMware's every potential responsive non-infringement position" to justify its failure to adequately disclose Dr. Madisetti's vCLS VMs Theories.  *See* D.I. 1494 at 2; *see also ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 299 (3d Cir. 2012) (under the fourth *Pennypack* factor, courts may consider the non-movant's justifications for failing to timely disclose the relevant information).  However, on the other hand, there is no direct evidence of bad faith or a willful intent to sandbag VMware, although the Court notes the previous instances in which Cirba's conduct was questioned.  *See, e.g.*, D.I. 586 at 85-87 (in evaluating VMware's *Daubert* motion challenging whether Dr. Madisetti's untimely supplemental declarations disclosed "new" infringement theories, the Court required Cirba to "point to" where these infringement theories were in Cirba's *timely* disclosures); D.I. 1107 at 11-12 (in assessing whether Cirba should have supplemented its infringement contentions to apply the Court's claim construction, the Special Master warned Cirba "that the duty to supplement is self-executing, and that litigants who delay setting forth their full contentions until the deadline for final supplementation can face questions about diligence, prejudice, compliance with the Federal Rules, and good or bad faith").  Thus, this factor is, at best, neutral.

Finally, as to the fifth *Pennypack* factor, Cirba argues that excluding Dr. Madisetti's vCLS VMs Theories would effectively preclude Cirba "from addressing [VMware's] non-infringement argument as to a new alleged feature [VMware] introduced after trial to avoid infringement."  D.I. 1494 at 3 (excluding Dr. Madisetti's vCLS VMs Theories "would unfairly muzzle [Cirba] on a key position").  In other words, although Dr. Madisetti's vCLS VMs Theories were untimely, the issue of whether VMware's accused products practice this element of the asserted claims of the '687 patent is key to Cirba's infringement case.  While the Court recognizes the importance of Dr.

Madisetti's vCLS VMs Theories, the fact remains that Cirba violated the Scheduling Order when it admittedly failed to raise all of its infringement contentions at the appropriate time. This is not merely an instance where Cirba recently learned of VMware's alleged product changes and moved to amend or supplement its infringement contentions. Rather, the record shows that Cirba was aware of the new features VMware introduced after the first trial to avoid infringement for more than two years. *See, e.g.*, D.I. 667 ¶ 17; D.I. 714 at 5; *see also* D.I. 679. Moreover, Cirba did not include Dr. Madisetti's vCLS VMs Theories when it moved to supplement its infringement contentions in July 2022, even though Cirba was on notice of VMware's noninfringement position since May 2022. *See generally* D.I. 1326 at Exs. J-M. Therefore, on balance, this factor slightly favors exclusion.

Accordingly, given the above analysis of the *Pennypack* factors, the Court finds that the untimely disclosure of Dr. Madisetti's vCLS VMs Theories was not "harmless" and, thus, should be stricken from Dr. Madisetti's expert reports. Although the sanction here may be significant, *see Abbott Labs. v. Lupin Ltd.*, C.A. No. 09-152-LPS, 2011 WL 1897322, at *3 (D. Del. May 19, 2011), the importance of Dr. Madisetti's vCLS VMs Theories are not sufficient enough to outweigh the significant and not-reasonably-curable prejudice to VMware if the untimely theories are not stricken. *See, e.g., 360Heros, Inc. v. GoPro, Inc.*, C.A. No. 17-1302-MFK-CJB, 2022 WL 2063262, at *2 (D. Del. June 8, 2022); *St. Clair Intell. Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, C.A. No. 04-1436-LPS, 2012 WL 1015993, at *7 (D. Del. Mar. 26, 2012), *aff'd*, 522 F. App'x 915 (Fed. Cir. 2013). The Court, therefore, will grant VMware's Motion to Strike with respect to Dr. Madisetti's vCLS VMs Theories.

### B. Dr. Madisetti's DRS 2.0 Workload Constraint Theories

VMware also seeks to strike Dr. Madisetti's opinion that VMware's DRS 2.0 calls "HasCapacityFor" and "HasBasicCapacityFor," which are rules pertaining to "workload constraints," as untimely because this opinion was not disclosed in Cirba's infringement contentions. D.I. 1409 at 2. However, upon review of Cirba's infringement contentions and claim charts, the Court finds that Cirba provided adequate notice of its infringement theory that VMware's DRS 2.0 calls "HasCapacityFor" and "HasBasicCapacityFor," which are rules pertaining to "workload constraints." *See, e.g.*, D.I. 1326, Ex. J at 239, 243; *id.*, Ex. K at 235, 239; *id.*, Ex. M at 257, 265; *see also* D.I. 418-1 ("Dr. Madisetti's Opening Expert Report to the January 2020 Trial"), Ex. 5 at 139, 144; *id.*, Ex. 6 at 139, 143; *id.*, Ex. 8 at 178, 186-87. Cirba provided detailed claim charts mapping VMware's accused products' allegedly infringing functionality with specific functions of VMware's DRS Combinations to show how, in Cirba's view, each limitation of each asserted claim of the '687 patent is met. These contentions were sufficient to provide VMware notice of Dr. Madisetti's opinion that VMware's DRS 2.0 calls "HasCapacityFor" and "HasBasicCapacityFor," which are rules pertaining to "workload constraints." *See Wi-Lan Inc.*, 2018 WL 669730, at *1 ("Infringement contentions must serve the purpose of providing notice to Defendants of Plaintiff's infringement theories beyond that which is provided by the mere language of the patent. *Yet Plaintiff need not in its contentions actually prove its infringement case.*") (emphases added).

Thus, the Court will deny VMware's Motion to Strike with respect to Dr. Madisetti's opinion that VMware's DRS 2.0 calls "HasCapacityFor" and "HasBasicCapacityFor," which are rules pertaining to "workload constraints."

### C. Dr. Madisetti's Reply Theory on "Skipping"

VMware also seeks to strike Dr. Madisetti's opinion in his reply report that, despite "skipping" constraints, VMware's DRS "still evaluates 'in each case' each VM and host" for each constraint, because this opinion is purportedly new. D.I. 1409 at 2. Specifically, VMware contends that, because Dr. Madisetti has long been aware that VMware's noninfringement defense relies on DRS skipping rules, Dr. Madisetti has "no excuse for not disclosing this theory in his opening report." *Id.* (citing D.I. 1412, Ex. E at 614:24-618:20).[6] Cirba responds by arguing that Dr. Madisetti addressed the substance of "skipping" in his opening expert report when discussing "filtering," which Cirba asserts "is substantively the same thing . . ." D.I. 1494 at 4. The Court agrees with Cirba that Dr. Madisetti's opening expert report provided adequate notice of this infringement theory. While true that Dr. Madisetti's opening report never uses the word "skipping," it does generally explain how, in Dr. Madisetti's opinion, VMware's DRS evaluates each VM against each host and other VMs using rule sets pertaining to workload constraints which scores and filters compatibility. *See, e.g.*, D.I. 1410, Ex. A ¶ 192; *id.*, Ex. A at Ex. 18 at 120; *id.*, Ex. A at Ex. 19 at 118. Dr. Madisetti's opening report, thus, provides adequate notice of Dr. Madisetti's opinion that, regardless of DRS "skipping" constraints, VMware's DRS still infringes the claim limitation of the '687 patent. *See Wi-Lan Inc.*, 2018 WL 669730, at *1. Accordingly, the Court declines to strike this opinion in Dr. Madisetti's reply report because it was disclosed in Dr. Madisetti's opening report and, therefore, is not "new."

Even if Dr. Madisetti's opinion in his reply report was "new," the content at issue in his reply report appears to be proper rebuttal. *See* D.I. 1412, Ex. B ¶¶ 38-39, 46, 72-75, 80-81. Dr.

---

[6] Cirba incorrectly cites to D.I. 1412, Exhibit D—which clearly does not include the pincites it references—rather than Exhibit E.

Nieh's Rebuttal Report asserts that VMware's DRS does not infringe the '687 patent because "the available hosts are first filtered," meaning "some hosts are dropped from consideration before getting to the scoring or ranking phase." D.I. 1412, Ex. G ¶¶ 94-96. In Dr. Madisetti's reply report, he opines that VMware's DRS "uses this 'filter and score algorithm' to evaluates [sic] hosts initially and determine compatible VMs using 'technical, business and workload constraints' in a manner that still infringes the asserted '687 claims." *See* D.I. 1412, Ex. B ¶ 39. Thereafter, Dr. Madisetti provides multiple examples of VMware's source code that, in his opinion, still evaluates in each case each VM and host for each constraint, despite skipping constraints. *Id.* It is proper for a reply expert report to "contradict or rebut evidence on the same subject matter identified by the opposing party's expert report." *Pers. Audio, LLC v. Google LLC*, C.A. No. 17-1751-CFC-CJB, 2021 WL 765763, at *4 (D. Del. Feb. 19, 2021) (quoting *Withrow*, 967 F. Supp. 2d at 1001-02). In doing so, the reply expert report may cite to new evidence and data, so long as this is "offered to directly contradict or rebut the opposing party's expert." *Id.*

For the reasons stated above, the Court denies VMware's Motion to Strike as to Dr. Madisetti's purportedly "new" skipping theory.

### D. String Citations to Source Code and Documents

Finally, VMware moves to strike portions of Dr. Madisetti's expert reports which are allegedly "nothing more than lengthy string cites to source code and documents." D.I. 1409 at 2. VMware faults Cirba for purportedly failing to explain how the source code works, which precludes Dr. Madisetti from relying on these "lengthy string cites." *Id.* However, upon review of his expert reports, Dr. Madisetti provides extensive explanation as to how VMware's source code operates and how, in his opinion, each claim limitation of the asserted claims of the '687 patent is met. *See, e.g.*, D.I. 1410, Ex. A ¶¶ 111-155; *see generally id.*, Exs. 18-21. Following Dr.

11

Madisetti's explanation, he provides "additional exemplary documents [to] provide additional background information . . ." *See, e.g., id.*, Ex. A, Ex. 18 at 38-39, 47-50, 95-96, 99-102, 143-47, 172-74, 195-99, 228, 231-34; *accord id.* at Exs. 19-21. These citations to VMware's source code and documents provide additional context and are often cumulative of what Dr. Madisetti has already addressed in his detailed opinions. *Id.* There is nothing improper or prejudicial in citing to additional exemplary documents, especially where those documents provide context or are cumulative of a detailed explanation of a party's source code. Because Dr. Madisetti's report provides "the basis and reasons" for why he believes VMware's source code meets each claim limitation of the asserted claims of the '687 patent, *see* Fed. R. Civ. P. 26(a)(2)(B)(i), the Court denies VMware's Motion to Strike Dr. Madisetti's string citations to VMware's source code and other documents.

### III. CONCLUSION

For the reasons stated above, the Court grants-in-part and denies-in-part VMware's Motion to Strike the Expert Reports of Dr. Vijay Madisetti. *See* D.I. 1408.

Therefore, at Wilmington this 30th day of March 2023, **IT IS HEREBY ORDERED** that VMware's Motion to Strike the Expert Reports of Dr. Vijay Madisetti (D.I. 1408) is **GRANTED-IN-PART** and **DENIED-IN-PART**, and that paragraphs 185 and 195 of Dr. Madisetti's August 19, 2022 Opening Expert Report, Volume 2, are **STRICKEN**.

Because the Memorandum Order is filed under seal, the parties shall meet and confer and, no later than April 12, 2023, submit a joint proposed redacted version, accompanied by a supporting memorandum, detailing how, under applicable law, the Court may approve any requested redactions. In the absence of a timely, compliant request, the Court will unseal the entire order.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE