# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and CIRBA IP, INC.,<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>VMWARE, INC.,<br><br>Defendant/Counter-Plaintiff. | C.A. No. 19-742-GBW<br>(CONSOLIDATED) |

## MEMORANDUM ORDER[1]

Plaintiffs Cirba Inc. (d/b/a Densify) and Cirba IP, Inc. d/b/a Densify ("Plaintiff" or "Cirba")[2] assert U.S. Patent Nos. 8,209,687 (the "'687 patent") and 9,654,367 (the "'367 patent") against Defendant VMware, Inc. ("Defendant" or "VMware"). Cirba's patents relate to virtualization technology and management of virtual environments.

In January 2020, a jury found that VMware infringed the claims of the '687 and '367 patents, but was not liable for trademark infringement or for violating the Delaware Deceptive Trade Practices Act. D.I. 550. Post-trial, the Court dismissed plaintiff Cirba Inc. for lack of standing, vacated the jury's verdict, and ordered a new trial on the parties' patent disputes. D.I. 946. The Court has since denied Cirba's motion to reinstate the jury verdict and for preliminary injunctive relief. D.I. 1626.

---

[1] The Court writes for the benefit of the parties and assumes their familiarity with this action. All D.I. citations refer to C.A. No. 19-742-GBW unless otherwise noted.

[2] This Court previously denied Cirba's request to update the case caption or substitute the parties to reflect the amalgamation of Cirba Inc. d/b/a Densify and Cirba IP, Inc. into one entity. D.I. 1396.

Now, VMware seeks summary judgment on, *inter alia*, Cirba's trademark claims. D.I. 1415.[3] For the following reasons, the Court grants VMware's motion.

## I.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact is one that could lead a reasonable jury to find in favor of the nonmoving party." *Bletz v. Corrie*, 974 F.3d 306, 308 (3d Cir. 2020). "The court must review the record as a whole, draw all reasonable inferences in favor of the nonmoving party, and must not 'weigh the evidence or make credibility determinations.'" *Id.* (citation omitted). The Court must enter summary judgment if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [its] case, and on which [the non-moving] party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022) (quoting *Celotex*, 477 U.S. at 322). The Federal Circuit "reviews a district court's grant of summary judgment under the law of the regional circuit, here the Third Circuit." *Acceleration Bay LLC v. 2K Sports, Inc.*, 15 F.4th 1069, 1075 (Fed. Cir. 2021).

---

[3] Pursuant to the operative Scheduling Order, "[a]ny party that files more than one summary judgment motion shall number each motion to indicate the order in which the party wishes the Court to review its pending motions. . . . The Court will review the party's summary judgment motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined sua sponte by the Court, the Court will not review any lower ranked summary judgment motions filed by the party." D.I. 1489. VMware ranked "Motion for Summary Judgment No. 1 – No Trademark Claims" first, D.I. 1415.

## II.    DISCUSSION

Cirba cannot assert its trademark claims at the upcoming trial for two reasons. First, Cirba already litigated them. Cirba's first amended complaint asserts claims for unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), deceptive trade practices under Delaware law, and common law trademark infringement related to VMware's alleged misuse of Cirba's "DENSIFY," "DENSIFICATION," and "DENSIFYING" marks. D.I. 68 ¶¶ 122-59. In January 2020, a jury found VMware not liable for trademark infringement, under both the Lanham Act and state common law, and not liable for deceptive trade practices under Delaware law. D.I. 550. The Court entered judgment in favor of VMware and against Cirba on those claims. D.I. 577 at 2. When the Court ordered a new trial on the parties' patent claims, D.I. 946, Cirba concedes that it never sought a new trial on its trademark claims, D.I. 1509 ¶ 8. Accordingly, Cirba's previously litigated trademark claims are not part of the parties' new trial.

Second, although Cirba argues that it "now asserts a different claim under a different statutory section—this time, for infringement of a federally registered trademark under 15 U.S.C. § 1114," maintaining that "[a]fter trial, the PTO issued a registration of the DENSIFY mark," D.I. 1502 at 6, Cirba never pled this new claim. D.I. 1509 ¶¶ 3-5. Indeed, Cirba concedes it never sought to supplement its complaint to allege such a claim. D.I. 1509 ¶¶ 3-5. The deadline to amend pleadings has long expired. D.I. 1489 ¶ 3. Cirba does not address why it has good cause to amend its pleadings at this late stage—an argument it has now forfeited. *See Pharmacy Corp. of Am./Askari Consol. Litig.*, C.A. No. 16-1123-RGA, 2020 WL 3060366, at *3 (D. Del. June 9, 2020) (explaining that Rule 16(b)(4) "applies when a party moves to amend after the date set by the scheduling order" and provides that "[a] schedule may be modified only for good cause and with the judge's consent"); *Premier Comp Sols., LLC v. UPMC*, 970 F3d.316, 319 (3d Cir. 2020)

3

(discussing forfeiture).[4] Cirba does not argue that, despite its diligence, it was incapable of pursuing an amended complaint.

Instead, Cirba asks the Court to excuse its tardiness because "[t]he Court has discretion to include in the upcoming pretrial order claims that were not formally pleaded." D.I. 1502 at 7. The Court declines to excuse Cirba's unexplained non-compliance with the Scheduling Order and Federal Rules. *Pharmacy*, 2020 WL 3060366, at *3. Accordingly, Cirba's "new" trademark claims are not part of the parties' new trial.

### III. CONCLUSION

For the foregoing reasons, the Court grants VMware's motion for summary judgment on Cirba's trademark claims, D.I. 1415. The Court reserves decision on VMware's remaining motions for summary judgment.

\* \* \*

WHEREFORE, at Wilmington this 4th day of April, 2023, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment No. 1 – No Trademark Claims (D.I. 1415) is **GRANTED**.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[4] Cirba is aware of the good cause standard, citing to Rule 16(b)(4) in faulting VMware's for its purported violation of the Scheduling Order. *See generally* D.I. 1143.