# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and CIRBA IP, INC., | |
| Plaintiffs/Counter-Defendants, | C.A. No. 19-742-GBW (CONSOLIDATED) |
| v. | |
| VMWARE, INC., | |
| Defendant/Counter-Plaintiff. | |

## MEMORANDUM ORDER[1]

Currently pending before the Court is Defendant VMware, Inc.'s ("VMware") Motion for Judgment on the Pleadings as to claim 3 of U.S. Patent No. 8,209,687 ("the '687 patent") and claims 1, 2, 7, 10, 15, 38, and 41 of U.S. Patent No.10,951,459 ("the '459 patent"). D.I. 1433. After considering the parties' briefing, D.I. 1440, 1502, 1566, 1672, 1673, the Court denies VMware's Motion for Judgment on the Pleadings as to the '687 patent and denies without prejudice VMware's Motion for Judgment on the Pleadings as to the '459 patent.

## I.   LEGAL STANDARD

### a. Rule 12 (c)

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings "[a]fter pleadings are closed – but early enough not to delay trial." FED. R. CIV. P. 12(c). When evaluating a motion for judgment on the pleadings, the Court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most

---

[1] The Court writes for the benefit of the parties and assumes their familiarity with this action. All D.I. citations refer to C.A. No. 19-742-GBW unless otherwise noted.

1

favorable to the nonmoving party." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)).

"The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by reference." *Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp.2d 612, 617 (D. Del. 2008); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (explaining that any documents integral to pleadings may be considered in connection with Rule 12(c) motion). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Burlington Coat Factory*, 114 F.3d at 1420. Ultimately, a motion for judgment on the pleadings can be granted "only if no relief could be afforded under any set of facts that could be proved." *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

### b. 35 U.S.C. § 101

Patentability under 35 U.S.C. § 101 is a threshold legal issue. *Bilski v. Kappos*, 561 U.S. 593, 602 (2010). Section 101 inquiries "may be, and frequently [have] been, resolved on a Rule 12(b)(6) or (c) motion." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018).

Section 101 of the Patent Act defines patent-eligible subject matter. It states, "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court has held that there are exceptions to § 101. "Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (internal quotation marks and citation omitted). "[I]n applying the § 101 exception, [the court] must distinguish between patents that

claim the 'building blocks' of human ingenuity and those that integrate the building blocks into something more[] thereby 'transforming' them into a patent-eligible invention. The former 'would risk disproportionately tying up the use of the underlying' ideas, and are therefore ineligible for patent protection. The latter pose no comparable risk of pre-emption, and therefore remain eligible for the monopoly granted under our patent laws." *Id.* at 217 (cleaned up).

The Supreme Court's *Alice* decision established a two-step framework for determining patent-eligibility under § 101. In the first step, the court must determine whether the claims at issue are directed to a patent ineligible concept. *Id.* In other words, are the claims directed to a law of nature, natural phenomenon, or abstract idea? *Id.* If the answer to that question is "no," then the patent is not invalid for teaching ineligible subject matter under § 101. If the answer to that question is "yes," then the court proceeds to step two, where it considers "the elements of each claim both individually and as an ordered combination" to determine if there is an "inventive concept—i.e., an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Id.* at 217-18 (alteration in original). "A claim that recites an abstract idea must include 'additional features' to ensure that the [claim] is more than a drafting effort designed to monopolize the [abstract idea]." *Id.* at 221 (internal quotation marks and citation omitted). Further, "the prohibition against patenting abstract ideas cannot be circumvented by attempting to limit the use of [the idea] to a particular technological environment." *Id.* at 222 (quoting *Bilski*, 561 U.S. at 610-11). Thus, "the mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Id.* at 223. "The question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field," which underlies the second step of *Alice*, "is a question of fact. Any

3

fact, such as this one, that is pertinent to the invalidity conclusion must be proven by clear and convincing evidence." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

## II. DISCUSSION

### a. The '687 Patent

VMware argues that, under Rule 12(c), claim 3 of the '687 patent is patent ineligible under 35 U.S.C. § 101. D.I. 1440 at 26-37; D.I. 1672 at 1. This is not VMware's first attempt arguing to the Court that a claim in the '687 patent is patent ineligible under § 101. VMware first argued claims 2, 7, 13, and 16 of the '687 patent are invalid under § 101 in its Motion to Dismiss. D.I. 79, D.I. 80. On August 6, 2019, the Court denied VMware's Motion to Dismiss, D.I. 79, and found that those claims were not directed to an abstract idea because the asserted claims recite "a non-abstract improvement of computer technology which is patent eligible subject matter." D.I. 138 at 201:7-202:7. The Court reasoned:

> The [asserted] claims [of the '687 patent] are directed to the design of virtual environments to optimize the placement of virtual machines on servers. Optimization is achieved through a specific technique, evaluating each virtual machine against each server and other virtual machines based on technical business and workload constraints to provide a design for host-based placement of virtual machines.

*Id.* at 201:16-22. One month after the Court's decision, Plaintiffs Cirba Inc. (d/b/a Densify) and Cirba IP, Inc. (collectively, "Plaintiffs") asserted claim 3 of the '687 patent in their Initial Infringement Contentions to VMware. D.I. 1567, Ex. 69 at 2.

VMware again raised the issue of the patent eligibility of the '687 patent under § 101 in its Proposed Final Pretrial Order filed in the first trial. D.I. 439 ¶ 74. VMware requested that the Court allow it to present its patent eligibility defenses under § 101 as to claims 3 or 7 of the '687 patent to the jury. *Id.* The Court rejected VMware's request "as the Court has already ruled on and found no merit to that defense[.]" D.I. 460 ¶ 17.

4

This current motion is VMware's second attempt arguing before this Court that claim 3 of the '687 patent is invalid under § 101. Claim 3 of the '687 patent recites:

> 3. A method for performing a virtual to virtual (V2V) transformation for a plurality of existing virtual quests and hosts, said method comprising:
>
> analyzing said existing virtual quests and hosts based on technical, business and workload constraints by evaluating each virtual guest against each virtual host and other virtual guests using one or more rule sets pertaining to said technical, business and workload constraints to determine guest-host placements;
>
> based on said analyzing, determining which of said existing virtual servers are most suitable for conversion from one virtualized platform to another virtualized platform; and
>
> providing a mapping from said one platform to said another platform to facilitate said transformation.

'687 patent at claim 3.

First, the Court must determine whether claim 3 of the '687 patent is directed to an abstract idea. *Alice*, 573 U.S. at 217. VMware argues claim 3 is directed to the abstract idea of "collecting information about virtual machines; analyzing that information using a mathematical algorithm; and outputting the analysis results as . . . a 'mapping.'" D.I. 1673 at 1; *see also* D.I. 1440 at 30-32. VMware contends *Electric Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016) is most analogous to this case. D.I. 1673 at 1. The Federal Circuit found the asserted claims in *Electric Power* are not patent eligible because they "do not go beyond requiring the collection, analysis, and display of available information in a particular field, stating those functions in general terms, without limiting them to technical means for performing the functions that are arguably an advance over conventional computer and network technology." *Id.* at 1351. The Court disagrees with VMware that claim 3 of the '687 should meet the same fate as the asserted claims in *Electric Power*. Claim 3 of the '687 patent does more than merely collect, analyze, and display available

information. The method described in claim 3 seeks to solve "significant practical challenges in managing [distributed] systems for optimizing efficiency and to avoid redundancies and/or under-utilized hardware." '687 patent at 1:31-34. Claim 3 of the '687 patent analyzes the virtual guests and hosts, uses one or more rule sets pertaining to technical, business, and workload constraints, and "provid[es] a mapping from said one platform to said another platform to facilitate said transformation." *See id.* at claim 3. There is an "important common-sense distinction between ends sought and particular means of achieving them, between desired results (functions) and particular ways of achieving (performing) them." *Elec. Power Grp.*, 830 F.3d at 1356. Claim 3 of the '687 patent teaches particular ways to design virtual environments to optimize the placement of virtual machines on servers. In other words, claim 3 is directed towards a non-abstract technological improvement. *Packet Intel. LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1309 (Fed. Cir. 2020) (holding asserted claim patent eligible under § 101 because the "claimed invention presented a technological solution to a technological problem"); *SRI International, Inc. v. Cisco Systems, Inc.*, 930 F.3d 1295, 1303 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 1108 (2020) (holding the asserted claims were not directed to an abstract idea because they are "directed to using a specific technique—using a plurality of network monitors that each analyze specific types of data on the network and integrating reports from the monitors—to solve a technological problem arising in computer networks: identifying hackers or potential intruders into the network").

Because the Court finds that claim 3 of the '687 patent is not directed to an abstract idea at *Alice* step one, the Court does not need to consider whether claim 3 recites an inventive concept at *Alice* step two. *See CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358, 1371 (Fed. Cir. 2020). Accordingly, because claim 3 of the '687 patent is patent eligible under § 101, VMware's Motion for Judgment on the Pleadings as to the '687 patent is denied.

### b. The '459 Patent

On January 4, 2023, the Court granted the parties' Joint Stipulation and Order to sever and stay claims and defenses related to U.S. Patent No. 10,523,492 ("the '492 patent") and the '459 patent. D.I. 1583. In a Joint Status Report, the parties represented to the Court that VMware's Motion for Judgment on the Pleadings as to the '459 patent "need not be resolved at this time" in light of the parties' Joint Stipulation and Order. D.I. 1639 at 2. Accordingly, VMware's Motion for Judgment on the Pleadings as to the '459 patent is denied without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court denies VMware's Motion for Judgment on the Pleadings as to the '687 patent and denies without prejudice VMware's Motion for Judgment on the Pleadings as to the '459 patent. D.I. 1433.

\* \* \*

WHEREFORE, at Wilmington this 18th day of April, 2023, **IT IS HEREBY ORDERED** that:

1. VMware's Motion for Judgment on the Pleadings, D.I. 1433, as to claim 3 of the '687 patent is **DENIED**.

2. VMware's Motion for Judgment on the Pleadings, D.I. 1433, as to claims 1, 2, 7, 10, 15, 38, and 41 of the '459 patent is **DENIED WITHOUT PREJUDICE**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE