IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and CIRBA IP, INC., <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> VMWARE, INC., <br><br> Defendant/Counter-Plaintiff. | C.A. No. 19-742-GBW (CONSOLIDATED) <br><br> UNSEALED 4/25/2023 |

# MEMORANDUM ORDER[1]

Plaintiff Cirba Inc. (d/b/a Densify), as the successor-in-interest to Cirba IP, Inc. ("Plaintiff" or "Cirba")[2] asserts U.S. Patent Nos. 8,209,687 (the "'687 patent") and 9,654,367 (the "'367 patent") against Defendant VMware, Inc. ("Defendant" or "VMware"). In January 2020, a jury found that VMware infringed the asserted claims of the '687 and '367 patents. D.I. 550. Post-trial, the Court dismissed plaintiff Cirba Inc. for lack of standing, vacated the jury's verdict, and ordered a new trial on the parties' patent disputes. D.I. 946.

VMware now seeks summary judgment on, *inter alia*, no willful infringement of the '367 patent (D.I. 1420, the "Motion").[3] For the following reasons, the Motion is GRANTED.

---

[1] The Court writes for the benefit of the parties and assumes their familiarity with this action. All D.I. citations refer to C.A. No. 19-742-GBW unless otherwise noted.

[2] *See* D.I. 1719 (concluding plaintiff is "Plaintiff Cirba Inc. (d/b/a Densify), as the successor-in-interest to Cirba IP, Inc.").

[3] Pursuant to the operative Scheduling Order, "[a]ny party that files more than one summary judgment motion shall number each motion to indicate the order in which the party wishes the Court to review its pending motions. . . . The Court will review the party's summary judgment motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined sua sponte by the Court, the Court will not review any lower ranked summary judgment motions filed by the party." D.I. 1489. VMware

I.  **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine issue of material fact is one that could lead a reasonable jury to find in favor of the nonmoving party." *Bletz v. Corrie*, 974 F.3d 306, 308 (3d Cir. 2020). "The court must review the record as a whole, draw all reasonable inferences in favor of the nonmoving party, and must not 'weigh the evidence or make credibility determinations.'" *Id.* (citation omitted). The Court must enter summary judgment if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [its] case, and on which [the non-moving] party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022) (quoting *Celotex*, 477 U.S. at 322). The Federal Circuit "reviews a district court's grant of summary judgment under the law of the regional circuit, here the Third Circuit." *Acceleration Bay LLC v. 2K Sports, Inc.*, 15 F.4th 1069, 1075 (Fed. Cir. 2021).

II.  **DISCUSSION**

"The Federal Circuit has divided the enhanced-damages determination into two stages." *Extang Corp. v. Truck Accessories Grp., LLC*, C.A. No. 19-923-KAJ, 2022 WL 607868, at *1 (D. Del. Feb. 18, 2022) (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020)). First, willfulness, a jury issue, requires "no more than deliberate or intentional infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021)

---

ranked "Motion for Summary Judgment No. 1 – No Trademark Claims" first (D.I. 1415), which this Court granted (D.I. 1687). VMware ranked "Motion for Summary Judgment No. 2 – No Willful Infringement of U.S. Patent No. 9,654,367" second (D.I. 1420).

2

(internal quotation marks and citation omitted). To prevail on willfulness, the patentee must prove that the infringer had knowledge of the patent and that "the accused infringer had a specific intent to infringe at the time of the challenged conduct." *Extang*, 2022 WL 607868, at *1; *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021). Second, if the factfinder finds willfulness, "the district court then determines the level of enhanced damages by considering whether the accused infringer's conduct was 'egregious behavior' or 'worthy of punishment.'" *Id.* (citing *Eko*, 946 F.3d at 1378); *see also Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016).

### A. Pre-Suit Willfulness

VMware argues that Cirba has no evidence that VMware had pre-suit knowledge of the '367 patent, D.I. 1440 at 5. This Court agrees.

On April 25, 2019, Cirba filed its Complaint, asserting, *inter alia*, that VMware willfully infringes its '367 patent. D.I. 1. The '367 patent issued on May 16, 2017, D.I. 1510 ¶ 1. Cirba argues that the jury could infer pre-suit knowledge of the '367 patent based on pre-2017 discussions that allegedly show VMware's knowledge of the application that issued as the '367 patent.[4] *See, e.g.*, D.I. 1502 at 10; D.I. 1505 ¶ 5; D.I. 1510 ¶ 4; D.I. 1503-7, Ex. 90 at 734, 756; Ex. 86 at 88-90. But patent knowledge may not be inferred by a patent application alone. *See iFIT Inc. v. Peloton Interactive, Inc.*, C.A. No. 21-507-RGA, 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022) ("[A] patent application alone, however, is not enough to establish knowledge of the patent(s) that issued from that application."). Cirba contends that *iFit* "provides no answer for this case, where the volume of willfulness evidence is staggering." D.I. 1502 at 13. But characterizing

---

[4] Cirba does not dispute that it did not inform VMware of the issued '367 patent or its allegations of infringement of the '367 patent until filing this lawsuit. D.I. 1510 ¶ 3.

3

a "willfulness" evidentiary record as "staggering" does not relieve Cirba from identifying evidence from which a jury could infer *knowledge* of the patent. Cirba provides none.

Moreover, the "staggering" evidence upon which Cirba purportedly relies on not only predates the '367 patent's issuance (D.I. 1510 ¶¶ 1, 5),[5] but is also impermissibly rooted in VMware's intent to harm Cirba, Inc., a competitor that has since been dismissed for lack of standing and is no longer a party to this action. D.I. 752. Indeed, this Court recently granted VMware's Motion in Limine No. 1 to Exclude Irrelevant and Prejudicial Evidence Pertaining to Cirba, Inc., which held evidence of competitive harm to Cirba, Inc. inadmissible in view of both Judge Stark's December 2020 Order vacating the jury's verdict and ordering a retrial, and as unfairly prejudicial, misleading, and confusing under Federal Rule of Evidence 403. *See* D.I. 1719 at 11 ("As a result, when presenting argument and evidence pre-dating the 2022 amalgamation, Cirba must articulate the harm it suffered as a non-competitor rather than as a competitor."); *see also* D.I. 946 at 8-9 ("If Inc. had not been a party to the January trial, and IP had been the sole plaintiff," "much if not all of the evidence [Cirba] was permitted to present at the January trial about competition and harm would likely have been excluded.").

As a result, the Court's granting of VMware's motion *in limine* forecloses Cirba's reliance upon this so-called "staggering" evidence to support its willfulness claim. For example, Cirba argues that, "[i]n the 2020 trial, the jury found that VMware willfully infringed the '367 patent.

---

[5] Cirba argues that "[e]vidence that predates the patent's issuance is relevant to VMware's deliberate and intentional state of mind and may be used to support a finding of willfulness." D.I. 1502 at 11 (internal quotation marks omitted). But "allegations of willful infringement rely[ing] on actions taken when the prerequisite of knowledge is missing" cannot support a willfulness finding. *Ansell Healthcare Prod. LLC v. Reckitt Benckiser LLC*, C.A. No. 15-CV-915-RGA, 2018 WL 620968, at *8 (D. Del. Jan. 30, 2018); *see also Halo*, 579 U.S. at 105 ("[C]ulpability is generally measured against the knowledge of the actor at the time of the challenge conducted.").

There is no shortage of evidence that VMware's infringement was (and is) willful. The record paints a picture of VMware, a self-titled '800-pound gorilla,' with the market power and tools to take from Densify (an 'anklebiter') patented technology without consequences. And VMware did just that." D.I. 1502 at 9. Cirba also cites to evidence purportedly showing that VMware debated whether to "'buy vs. build' Densify's capabilities but ultimately chose to copy them," D.I. 1505 ¶ 7, that VMware used "'the guise of an investment' to copy Densify's technology," *id.* ¶ 8, and that "VMware was motivated to destroy Densify and acted egregiously," *id.* ¶ 9. Cirba's "David vs. Goliath" theme and the foregoing cited evidence is not admissible during the upcoming trial, D.I. 1719; FED. R. CIV. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.") and may not be relied upon to defeat summary judgment. Thus, on this record, "[t]here is no evidence that shows [VMware] subjectively believed [it was] infringing a valid patent." *Evolved Wireless, LLC v. Apple Inc.*, C.A. No. 15-542-JFB-SRF, 2019 WL 8128550, at *4 (D. Del. Feb. 19, 2019).

Accordingly, even if VMware had knowledge of the application that issued as the '367 patent, no reasonable juror could infer that VMware had knowledge of the '367 patent and "had a specific intent to infringe at the time of the challenged conduct." *Bayer*, 989 F.3d at 987.

### B. Post-Suit Willfulness

VMware argues that, once it obtained knowledge of the '367 patent through the filing of its Complaint in this action, its post-suit conduct was not egregious, deliberate, or wanton. D.I. 1440 at 7-8. This Court agrees.

Cirba argues that "VMware's multifront effort to gain unauthorized access to Densify's technology, copy it, poach customers, and 'destroy' the company qualifies as both intentional and

5

egregious." D.I. 1502 at 12. But as discussed *supra*, this argument and its predicate evidence is not admissible and cannot defeat summary judgment. D.I. 1719.

Cirba next argues that "[o]nly well after called to the mat in a lawsuit did VMware make any changes to avoid infringement (and then months later), and those changes do not negate as a matter of law VMware's previous culpable state of mind." D.I. 1502 at 12-13. But Cirba "has not shown how evidence that was found to be insufficient to support pre-suit willfulness can now support a cause of action for post-suit willfulness." *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, C.A. No. 19-1031-RGA-SRF, 2021 WL 4077778, at *14 (D. Del. Aug. 20, 2021), *report and recommendation adopted in relevant part*, D.I. 314 (D. Del. Sept. 16, 2021). And after the initiation of this action, Cirba does not dispute that, instead of perpetuating its alleged infringement, VMware removed its accused feature before trial. D.I. 1421 ¶¶ 6-7; D.I. 1510 ¶¶ 6-7. Accordingly, no reasonable juror could conclude that VMware acted willfully post-suit. *Evolved*, 2019 WL 8128550, at *4 ("Even if Evolved could rely solely on post-complaint conduct, such conduct must still rise to the level of a 'wanton and malicious pirate.'") (quoting *Halo*, 579 U.S. at 104).

### III.  CONCLUSION

For the foregoing reasons, the Court grants VMware's motion for summary judgment of no willful infringement of the '367 patent. The Court reserves decision on VMware's remaining motions for summary judgment.

\* \* \*

WHEREFORE, at Wilmington this  18th day of April, 2023, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment No. 2 – No Willful Infringement of U.S. Patent No. 9,654,367 (D.I. 1420) is **GRANTED**.

2. Because this Memorandum Order is filed under seal, the parties shall meet and confer and submit a joint proposed redacted version no later than seven (7) days after the date of this Memorandum Order. In the absence of a timely request compliant with applicable standards, the Court will unseal the entire Order.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE