IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and CIRBA IP, INC., | |
| Plaintiffs/Counter-Defendants, | C.A. No. 19-742-GBW (CONSOLIDATED) |
| v. | UNSEALED 4/25/2023 |
| VMWARE, INC., | |
| Defendant/Counter-Plaintiff. | |

### MEMORANDUM ORDER[1]

Plaintiff Cirba Inc. (d/b/a Densify), as the successor-in-interest to Cirba IP, Inc. ("Plaintiff" or "Cirba"),[2] asserts U.S. Patent Nos. 8,209,687 (the "'687 patent") and 9,654,367 (the "'367 patent") against Defendant VMware, Inc. ("Defendant" or "VMware"). In January 2020, a jury found that VMware infringed the claims of the '687 and '367 patents. D.I. 550. Post-trial, the Court dismissed plaintiff Cirba Inc. for lack of standing, vacated the jury's verdict, and ordered a new trial on the parties' patent disputes. D.I. 946.

VMware seeks summary judgment on, *inter alia*, non-infringement of the '687 patent (D.I. 1422, the "Motion").[3] For the following reasons, the Motion is denied.

---

[1] The Court writes for the benefit of the parties and assumes their familiarity with this action. All D.I. citations refer to C.A. No. 19-742-GBW unless otherwise noted.

[2] *See* D.I. 1719 (concluding plaintiff in this action is "Plaintiff Cirba Inc. (d/b/a Densify), as the successor-in-interest to Cirba IP, Inc.").

[3] Pursuant to the operative Scheduling Order, "[a]ny party that files more than one summary judgment motion shall number each motion to indicate the order in which the party wishes the Court to review its pending motions. . . . The Court will review the party's summary judgment motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined sua sponte by the Court, the Court will not review any lower ranked summary judgment motions filed by the party." D.I. 1489. VMware

I. **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine issue of material fact is one that could lead a reasonable jury to find in favor of the nonmoving party." *Bletz v. Corrie*, 974 F.3d 306, 308 (3d Cir. 2020). "The court must review the record as a whole, draw all reasonable inferences in favor of the nonmoving party, and must not 'weigh the evidence or make credibility determinations.'" *Id.* (citation omitted). The Court must enter summary judgment if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [its] case, and on which [the non-moving] party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022) (quoting *Celotex*, 477 U.S. at 322). The Federal Circuit "reviews a district court's grant of summary judgment under the law of the regional circuit, here the Third Circuit." *Acceleration Bay LLC v. 2K Sports, Inc.*, 15 F.4th 1069, 1075 (Fed. Cir. 2021).

II. **DISCUSSION**

VMware argues that "[a]ll of Cirba's '687 infringement theories hinge on VMware's [Distributed Resource Scheduler ("DRS")] feature" but "no reasonable jury could find that DRS evaluates each virtual guest (or VM) against each virtual host in each case using rule sets pertaining

---

ranked "Motion for Summary Judgment No. 1 – No Trademark Claims" first (D.I. 1415), which this Court granted (D.I. 1687), "Motion for Summary Judgment No. 2 – No Willful Infringement of U.S. Patent No. 9,654,367" second (D.I. 1420), which this Court granted (D.I. 1722), "Motion for Summary Judgment No. 3 – Non-Infringement of U.S. Patent No. 8,209,687" third (D.I. 1422), "Motion for Summary Judgment No. 4 – Failure to Mark for U.S. Patent No. 8,209,687" fourth (D.I. 1424), and "Motion for Summary No. 5 – No Induced Infringement of U.S. Patent No. 8,209,687" fifth (D.I. 1428).

to each of technical, business, and workload constraints," as claims 3 and 7 of the '687 patent require. D.I. 1440 at 8-9.[4]  The Court disagrees.

The parties' experts offer competing opinions on VMware's source code and whether VMware's DRS infringes claims 3 and 7 of the '687 patent, raising a genuine issue of material fact for the jury to decide. *TQ Delta, LLC v. 2wire, Inc.*, C.A. No. 13-1835-RGA, 2021 WL 3375900, at *9 (D. Del. Aug. 3, 2021) (denying summary judgment based on disputed analysis of source code). For example, in VMware's Concise Statement of Undisputed Facts filed in support of its Motion, VMware states that "DRS skips certain steps when evaluating VMs against some hosts," D.I. 1423 ¶ 13, and "[i]f a VM is incompatible with a host, DRS skips executing the functions that Cirba relies on as rules pertaining to 'workload constraints' when evaluating that VM with that host", *id.* ¶ 14. In support of those statements, VMware cites the opinion of its expert, Dr. Jason Nieh, who analyzed the source code and opined that "each VM is not evaluated against each virtual host and other VMs using at least rule sets for workload constraints because many hosts are skipped and VMs are grouped together instead of each VM being evaluated." D.I. 1423 ¶¶ 13-14 (citing D.I. 1441-2, Ex. 24 ¶ 130). Cirba disputes VMware's facts and Dr. Nieh's analysis by pointing to its expert, Dr. Vijay Madisetti, who analyzed VMware's source code and concluded:

> As the source code illustrates, DRS continues to evaluate each VM against each host and other VMs using one or more rule sets for 'each of technical, business and

---

[4] The Court previously construed "evaluating each virtual guest against each virtual host and other virtual guests using one or more rule sets pertaining to said technical, business and workload constraints" in claims 3 and 7 of the '687 patent to mean "evaluating each virtual machine against each virtual host and other virtual machines, in each case using one or more rule sets pertaining to each of technical, business and workload constraints," (the "Each-to-Each limitation"). *See* D.I. 1160 at 5. The Court explained that it was "persuaded that a [person of ordinary skill in the art ("POSA")] would understand *each* required evaluation must use one or more rule sets pertaining to all three constraints in order to satisfy the claim," *see id.* at 8 (emphasis added), and further clarified that its construction does not require that "*all* rule sets used in each evaluation must pertain to all three constraints," *id.* at 8 n.9 (emphasis added).

3

> workload constraints.' DRS does so by executing certain functions and finds shortcuts to determine the guest-host placement. As shown in Dr. Nieh's source code commented outputs, DRS continues to evaluate each VM against each host and other VMs by executing certain functions, although in some instances it does not have to execute the entire function, thereby skipping certain additional steps. DRS, however, still evaluates 'in each case' each VM and host, using one or more rule sets for 'each of technical, business and workload constraints.'

D.I. 1511 ¶¶ 13-14 (citing D.I. 1503-16, Ex. 216 ¶ 39).

VMware concedes the parties' expert opinions raise issues of fact. *See* D.I. 1413 (requesting appointment of a neutral expert or technical advisor at trial because Dr. Nieh and Dr. Madisetti "offer irreconcilable opinions about how the source code works" arguing that "two conflicting expert factual opinions about what code says (or does not say) cannot be true"). While VMware argues that whether Dr. Madisetti's "source code analysis and testimony do not adequately support his opinions" is "not material" because his opinions "do not apply the correct claim construction," D.I. 1563 ¶ 15, this Court has concluded Dr. Madisetti does not misapply or contradict the Court's claim construction. *See* D.I. 1724 (denying VMware's *Daubert* motion to exclude Dr. Madisetti's infringement opinions regarding the Each-to-Each limitation).

Accordingly, because the jury must resolve these factual disputes predicated on the experts' source code analyses and their credibility, summary judgment is denied. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) ("[I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.") (citations omitted).

### III. CONCLUSION

For the foregoing reasons, the Court denies VMware's motion of non-infringement of the '687 patent. Pursuant to D.I. 1489, VMware's remaining motions for summary judgment are denied.

\* \* \*

WHEREFORE, at Wilmington this 16th day of April, 2023, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment No. 3 – Non-Infringement of U.S. Patent No. 8,209,687 (D.I. 1422) is **DENIED**.

2. Defendant's Motion for Summary Judgment No. 4 – Failure to Mark for U.S. Patent No. 8,209,687 (D.I. 1424) is **DENIED**.

3. Defendant's Motion for Summary No. 5 – No Induced Infringement of U.S. Patent No. 8,209,687 (D.I. 1428) is **DENIED**.

4. Because this Memorandum Order is filed under seal, the parties shall meet and confer and submit a joint proposed redacted version no later than seven (7) days after the date of this Memorandum Order. In the absence of a timely request compliant with applicable standards, the Court will unseal the entire Order.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE