IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY), as the successor-in-interest to CIRBA IP, INC., <br><br> Plaintiff, <br><br> v. <br><br> VMWARE, INC., <br><br> Defendant. | C.A. No. 19-742-GBW <br> (CONSOLIDATED) |

## ORDER[1]

Having reviewed the Proposed Joint Pretrial Order (D.I. 1664) submitted by Plaintiff Cirba Inc. (d/b/a/ Densify), as successor-in-interest to Cirba IP, Inc. ( "Plaintiff" or "Cirba"),[2] and Defendant VMware, Inc. ("VMware" or "Defendant") regarding the jury trial scheduled to begin on April 24, 2023, **IT IS HEREBY ORDERED** that:

1. With respect to VMware's motion *in limine* number 2, VMware has not persuaded this Court that it should deviate from its prior ruling that "[t]he parties' 2015 nondisclosure agreement ('NDA') only precludes the parties from using as evidence 'the disclosure of the patents, the patent applications, or any related Confidential Information' that was exchanged '*in connection with* Recipient's due diligence analysis' in 2015." D.I. 460 (internal citations omitted). Indeed, VMware continues to "vastly overread[] its rights under the NDA, citing it as a basis to exclude all evidence of its pre-suit knowledge of the asserted patents and all evidence of how VMware responded to what was disclosed to it

---

[1] All D.I. citations refer to C.A. No. 19-742-GBW unless otherwise noted.

[2] *See* D.I. 1719 (concluding plaintiff in this action is "Plaintiff Cirba Inc. (d/b/a Densify), as the successor-in-interest to Cirba IP, Inc.").

1

pursuant to the NDA (including, for example, VMware internal discussions)." D.I. 1664, Ex. 16F at 263. However, pursuant to this Court's Memorandum Order granting VMware's motion *in limine* number 1, the Court reiterates, for the avoidance of doubt, that Cirba may not use a "buy vs. steal" narrative or any similar argument under Federal Rule of Evidence 403 and this Court's Order for a new trial. *See, e.g.*, D.I. 1719 at 15 ("Most importantly, Densify's overarching theme - that it was successfully competing with the much larger VMware, prompting VMware to try to buy Densify and (when that failed) ultimately to copy and steal Densify's better technology, a gambit that if not corrected by the jury would drive Densify out of business – would almost certainly not have been permitted, had IP been the sole plaintiff at trial.") (citing D.I. 946 at 4). Indeed, the probative value of any such "buy vs. steal" or similar argument is substantially outweighed by the risk of unfair prejudice. FED. R. EVID. 403. Accordingly, VMware's motion *in limine* number 2 is **DENIED**.

2. With respect to VMware's motion *in limine* number 3, VMware requests that the Court "exclude evidence or argument regarding irrelevant and prejudicial revenue or profit information." D.I. 1664, Ex. 16G at 285. VMware's motion *in limine* number 3 is **GRANTED-IN-PART** and **DENIED-IN-PART** as described herein. First, VMware's request for the Court to preclude Cirba from offering its lost profits theory at trial, *see id.*, is denied as moot. *See* D.I. 1724 at 13-15. Second, VMware's request to "exclude evidence or argument regarding VMware's total revenues or profits for the accused products (or for the company as a whole)," *see* D.I. 1664, Ex. 16G at 286, is granted to the extent Cirba seeks to introduce evidence or testimony regarding large number characterizations of VMware's revenues (by way of example only, $13.6 billion, $10.5 billion, $8 billion, $2.5

billion, or $1.46 billion figures related to VMware's revenues and anticipated growth). Under Federal Rule of Evidence 403, the minimal, if any, probative value of these enormously large numbers is substantially outweighed by the risk of unfair prejudice to VMware, including the risk of potentially skewing the jury's view of the appropriate damages and potentially awarding a high damages figure just because they think VMware can afford it. However, and subject to the Court's Memorandum Order granting VMware's motion *in limine* number 1, *see* D.I. 1719, the Court denies this request to the extent it seeks to exclude other evidence probative of Cirba's damages theory, including, by way of example only, the $550 million portion of annual vSphere revenue attributed to the accused DRS product, per unit-revenues and itemized revenue for the accused products that are not sold on a per-unit basis, and the 2015 Goldman Sachs' projections. *See* D.I. 1664, Ex. 16G at 342. Third, VMware's request to exclude evidence or testimony related to the Dell and Broadcom acquisitions is denied as moot. *See* D.I. 1664 ¶ 79 ("The parties have agreed that [Cirba is] precluded from presenting evidence or arguments revealing Dell's acquisition of EMC, Broadcom's offer to acquire VMware, and the dollar values associated with either acquisition."). Fourth, VMware's request to "exclude any reference to the parties' relative size that emphasize VMware's much larger size," D.I. 1664, Ex. 16G at 287, is denied. The Court has already precluded inflammatory references about the parties' relative sizes but did not categorically preclude "Cirba from moving to admit relevant facts probative of willful infringement, nonobviousness, and anticipation using non-prejudicial evidence via, for example, witness testimony or by party stipulation." *See* D.I. 1719 at 14-18. Similarly, and subject to the Court's Memorandum Order granting VMware's motion *in limine* number 1, *see* D.I. 1719, evidence regarding VMware's relative size may be

3

probative of Cirba's damages theory, and the purported prejudice proffered by VMware is not substantially outweighed by its probative value in proving willful infringement, nonobviousness, anticipation, and a reasonable royalty. Fifth, VMware's request to preclude Cirba from offering testimony of employee contributions, *see* D.I. 1664, Ex. 16G at 287, is denied. The alleged prejudice in painting Cirba in a sympathetic light is not substantially outweighed by the probative value such evidence may have in proving objective indicia of nonobviousness.

3. With respect to VMware's motion *in limine* number 4, VMware "seeks an order precluding Cirba from offering evidence of Inc.'s customers' statements regarding their use of, decisions to use, and benefits from using Inc's product." D.I. 1664, Ex. 16H at 580. VMware argues that such evidence is hearsay and should be excluded at trial. VMware's motion *in limine* number 4 is **DENIED**. At this time, "exclusion based on potential hearsay is premature[.]" *Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, C.A. No. 16-01702-BLF, 2018 WL 6439133, at *2 (N.D. Cal. Dec. 7, 2018). Whether this evidence "is inadmissible hearsay will depend on the precise testimony offered at trial, the context and purpose for which it is offered, and the foundation laid for it." *Finjan, Inc. v. Cisco Sys. Inc.*, C.A. No. 17-00072-BLF, 2020 WL 13180008, at *8 (N.D. Cal. June 5, 2020). This Court's ruling does not preclude VMware from raising evidentiary objections regarding Inc.'s customers' statements during trial.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

4